Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
3730 E. Broadway, Suite EF
Long Beach, CA 90803
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA,
# SOUTHERN DIVISION

| | |
|---|---|
| ALEXA CURTIN,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; DEPUTY EPSON, individually and as Deputy Sheriff for the Orange County Sheriff's Department; and DOES 1 through 50,<br><br>                Defendants, | **CASE No.: 8:16-CV-591**<br><br>**COMPLAINT FOR DAMAGES**<br><br>Violation of Civil Rights<br>(42 U.S.C. § 1983)<br>*Monell* Claim<br>(42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Amount demanded exceeds $25,000) |

1

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action for damages under the laws of the State of California, under 42 U.S.C. § 1983, the United States Constitution and common law principles, to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendment of the United States Constitution.

2. Venue is proper in the Court because the parties reside in, and all incidents, events and occurrences giving rise to this action occurred in, the County of Orange, California.

## PARTIES

3. Plaintiff, ALEXA CURTIN, ("CURTIN"), at all times herein mentioned, was a resident of the County of Orange, State of California.

4. Defendant, COUNTY OF ORANGE ("the County"), is a county organized and existing under the laws of the State of California and wholly located within the State of California. At all times herein mentioned, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Orange County Sheriff's Department, and particularly said Department's Patrol, Internal Investigations, Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs, and usages related to their dealings with the public, internal investigations, personnel supervision and meaningful records review and maintenance.

5. The Orange County Sheriff's Department ("the Department") is an operating department of the County. The Department is contracted with the City of Dana Point ("the City") to provide police services to the City.

6. Defendant DEPUTY EPSON is a Deputy Sheriff with the Orange County Sheriff's Department. He maintained this position at all times relevant to these claims. In doing the things alleged herein, Deputy Epson acted under color of

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  state law, and within the course and scope of his employment. To the best of
2  Plaintiff's recollection, Deputy Epson was the culprit involved in the April 2014
3  incident. Should it be determined through discovery that Plaintiff has misidentified
4  the culprit as Deputy Epson, Plaintiff will seek relief to amend this complaint to
5  name to identify the true culprit as a defendant in this matter. Thus, throughout the
6  preliminary allegations of this Complaint, Plaintiff will hereinafter refer to Deputy
7  Epson as "the Deputy."

8      7.    Defendant DOES 1 through 50 are not known or identified at this
9  time. On information and belief, Plaintiff alleges that each Doe is in some manner
10 responsible for the wrongs alleged herein, and that each such Defendant advised,
11 encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts
12 alleged herein. When the true names and capacities of said Defendants become
13 known, Plaintiff will seek relief to amend this complaint to show their true
14 identities in place of their fictitious names as DOES 1 through 50.

15     Defendants, and each of them, were the agents, employees and servants of
16 every other Defendant. Defendants acted in the course and scope of said agency,
17 service and employment at all relevant times.

18     8.    At all times relevant, each individual Defendant was acting within the
19 course and scope of their employment as Sheriff's deputies of the COUNTY, and
20 under the color of state law, and as the employee, agent and representative of each
21 and every other Defendant.

22     9.    Plaintiff is informed and believes and thereon alleges that each of the
23 Defendants designated as a DOE is intentionally and negligently responsible in
24 some manner for the events and happenings herein referred to, and thereby
25 proximately caused injuries and damages as herein alleged. The true names and
26 capacities of DOES 1 through 50, inclusive, and each of them, are not now known
27 to Plaintiff who therefore sues said Defendants by such fictitious names, and
28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

10. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## PRELIMINARY ALLEGATIONS

11. In the month of April 2014, Plaintiff was at the home of her then boyfriend located in Dana Point, California.

12. At some point that evening, Plaintiff and her then boyfriend, got into a verbal argument. During this argument, Plaintiff elected to leave and go home.

13. Plaintiff left the home and got into her vehicle and began to drive away.

14. Orange County Sheriff's deputies arrived just as Plaintiff was pulling away. One of those deputies initiated a traffic stop against Plaintiff, and Plaintiff pulled her vehicle over to the side of the road.

15. An Orange County Sheriff's Deputy approached Plaintiff while she was in her vehicle and began questioning her.

16. The Deputy searched Plaintiff's vehicle. Plaintiff had some of her clothing in her vehicle. While searching Plaintiff's vehicle the Deputy found some of Plaintiff's underwear and began inappropriately questioning Plaintiff about her underwear; asking if the underwear belonged to her, how many pairs she had, why she needed the underwear, etc.

17. Ultimately, the Deputy told Plaintiff that he had to leave to tend to another more pressing matter; but, that she was not free to leave. He ordered her to remain in her vehicle at that location.

18. Plaintiff complied with the Deputy's orders and stayed in her vehicle and tried to go to sleep.

1     19.    Approximately 20 minutes later, the Deputy that conducted the previous traffic stop of Plaintiff pulled up behind Plaintiff's vehicle. This time he was in his personal vehicle, and out of uniform.

      20.    The Deputy entered Plaintiff's vehicle and sat in the passenger seat. Plaintiff was still sitting in the driver seat of her vehicle. The Deputy began issuing orders to Plaintiff. Based on information and belief the Deputy said, "Since you are still here, I am going to fuck the shit out of you."

      21.    Based on information and belief, the Deputy stated to Plaintiff, "Show me your pussy." Plaintiff was afraid and feared for her own safety, and she complied with all of the Deputy's commands. Then the Deputy groped Plaintiff's vagina and digitally penetrated her while commenting on her anatomy.

      22.    The Deputy pulled his pants down and ordered Plaintiff to straddle him while he sat in the passenger seat of Plaintiff's vehicle. Plaintiff was still in fear for her safety and knew that many in law enforcement carry guns, even when out of uniform, complied with the Deputy's commands. While in this position, the Deputy had nonconsensual sexual intercourse with Plaintiff.

      23.    The deputy partially ejaculated inside of Plaintiff's vagina, and partially on the passenger seat of Plaintiff's vehicle.

      24.    The Deputy then pulled up his pants, and asked Plaintiff for her cellular phone number so he could text her and in order to do this again. Still afraid, Plaintiff gave the Deputy a wrong number. Then the Deputy returned to his personal vehicle and left.

      25.    Plaintiff was violated, traumatized, emotionally drained, in shock, and fearing for her own safety. Specifically, Plaintiff feared that given the Deputy's position, he would find her and harm her again.

      26.    Due to Defendants atrocious actions, Plaintiff has suffered physical and emotional injuries. Plaintiff's injuries continue.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

27. During all of the foregoing despicable actions, Plaintiff was unarmed, defenseless, and made no attempt to resist whatsoever.

28. The Defendants' conduct caused Plaintiff to fear for her life, and this is an ongoing daily fear.

29. Defendants, and each of them, acted under color of state law as law enforcement deputies of the Orange County Sheriff's Department.

30. The Defendants' actions were reckless and callously indifferent to the Plaintiff's federal and state protected rights.

31. The conduct against the Plaintiff was the result of the policy, practice and custom of the Orange County Sheriff's Department to inadequately supervise and discipline law enforcement officers who abuse their position as law enforcement officers in order to commit these heinous acts, and then rely on their status to shield themselves from any culpability.

32. The inadequate supervision and discipline of Sheriff's deputies by the County of Orange has led to the unnecessary and illegal violations of citizens' Constitutional rights.

33. The policy, practice and custom of the County of Orange is that when deputies violate a citizens' Constitutional rights, other deputies do not intervene to prevent the violations, do not arrest the deputy engaging in the illegal activity, and do not report the illegal activity.

34. The policy, practice and custom of the County of Orange with respect to allegations of Constitutional violations reported by citizens, is to conduct a minimal investigation designed to exonerate the deputy involved rather than discover the true facts of the incident.

35. As a result of this code of silence adhered to by Orange County Sheriff's Deputies and the inadequate investigation of allegations of Constitutional violations, deputies reasonably conclude that their violation of citizens'

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Constitutional rights will not result in discipline, termination, or criminal prosecution against them.

36. The above policies and practices have resulted in a culture of violence and sexual exploitation in which the violations of Constitutional rights are accepted and customary parts of police work in the County of Orange.

37. The deputy's despicable actions constitute an unreasonable seizure of Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## INCORPORATION BY REFERENCE

38. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint, and by this reference incorporates the same into each cause of action herein.

## FIRST CAUSE OF ACTION

**(VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –**

**Unreasonable Seizure)**

**Against Defendants**

**DOES 1-25, inclusive.**

39. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants DOES 1 through 25 and each of them, intentionally and maliciously deprived Plaintiff of her rights secured to her by the Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable seizure of her person, even though no strong government interest compelled the need for the deputy to conduct such a seizure and sexual assault of Plaintiff.

40. At all times during the events described herein, Defendants DOES 1 through 25 and each of them assisted each other in performing the various action described and lent their physical presence and support and authority of their office

to each other during the event and engaged in a conspiracy to cover up the despicable conduct.

41. The unreasonable seizure by Defendants DOES 1 through 25 and each of them, deprived Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries. Plaintiff continues to experience pain and suffering from the injuries she sustained at the hands of Defendants.

43. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass, and oppress Plaintiff, with a conscious disregard of Plaintiff's constitutional rights and conscious and deliberate indifference to the risk of injury and death to Plaintiff, and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant COUNTY) in an amount as proved.

## SECOND CAUSE OF ACTION
## (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 –
## Substantive Due Process)
## Against Defendants DOES 1 through 25, inclusive.

44. Plaintiff has a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference with her person.

45. As a result of the unreasonable seizure and sexual assault of Plaintiff and the failure to intervene by Defendants DOES 1 through 25 and each of them, Plaintiff suffered horrible injuries. Defendants interfered with and permanently deprived Plaintiff of her constitutional rights to be free from such injuries.

46. As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries. Plaintiff continues to experience pain and suffering from the injuries she sustained at the hands of Defendants.

47. Defendants' actions, along with other undiscovered conduct, shock the conscience, and they acted with conscious and deliberate indifference to Plaintiff's constitutional rights, and with the purpose of depriving her of such rights, unrelated to any legitimate law enforcement objective.

48. Defendants, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiff with conscious disregard of Plaintiff's known rights and by reasons thereof, Plaintiff seeks punitive and exemplary damages from Defendants individually, (except COUNTY) in an amount according to proof.

## FOURTH CAUSE OF ACTION
**(UNLAWFUL CUSTOM AND PRACTICE UNDER 42 U.S.C. § 1983)**
**Against Defendants COUNTY, SNIFF, and DOES 26 through 50, inclusive.**

49. Plaintiff is informed and believes, and based thereon alleges, that in April of 2014, and for some time prior thereto, Defendants COUNTY, and DOES 26 through 50, inclusive, with deliberate indifference towards the civil rights of persons residing in or passing through the County of Orange, and/or the City of Dana Point, knowingly and willfully did maintain, enforce, and apply a custom, practice, policy and usage tending to encourage, promote, sanction, tolerate and ratify the abuse of authority, and the use of unreasonable seizure, unnecessary and

excessive force by law enforcement personnel they employed in the Orange County Sheriff's Department.

50. At all times herein mentioned, Defendants DOES 26 through 50, and each of them, were employees acting under Defendant COUNTY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth, and Fourteenth Amendments to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY.

51. Defendants COUNTY and DOES 26 through 50, inclusive, have demonstrated their deliberate indifference to widespread law enforcement abuses by failing and refusing to impartially investigate personnel complaints, failing to discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence.

52. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants COUNTY DOES 26 through 50 include, but are not limited to:

    a. Hiring and retaining law enforcement personnel, including Defendants DOES 1 through 25, who lack sufficient mental, emotional and intellectual character, temperament, capacity or disposition to exercise sound judgment when exercising their authority as peace officers;

    b. Defendants COUNTY and DOES 26 through 50 had knowledge, prior to and since this incident, of repeated allegations against its deputies of abuse and assaultive misconduct toward detainees and arrestees. Specifically, COUNTY and DOES 26 through 50 knew Defendants had in

10

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

the past committed acts of law enforcement abuse, dishonesty and prevarication;

    c.    Despite the COUNTY and DOES 26 through 50's knowledge of abuse and misconduct, it failed or refused to enforce established administrative procedures, to ensure the safety of detainees and arrestees;

    d.    Defendants COUNTY and DOES 26 through 50 failed to adequately train and educate deputies in the use of reasonable and proper search and seizure laws, use of force and failed to enforce the DEPARTMENT's written regulations with respect to search and seizure and use of force;

    e.    Defendants COUNTY and DOES 26 through 50, encouraged, condoned, failed to enforce the DEPARTMENT's written regulations with respect to the laws and procedures of detainment, arrest, and refused to re-train deputies who wrongfully detained citizens, arrested citizens without probable cause and who used arrests as punishments for perceived "contempt of cop" and for citizens' exercise of their First Amendment rights;

    f.    Defendants COUNTY and DOES 26 through 50 failed to adequately monitor and supervise the actions of deputies under their control and guidance;

    g.    Defendants COUNTY and DOES 26 through 50 refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Orange County Sheriff's deputies;

    h.    Defendants COUNTY and DOES 26 through 50 refused to adequately discipline individual deputies and employees found to have committed similar acts of abuse and misconduct;

11

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

      i.     Defendants COUNTY and DOES 26 through 50 rewarded deputies who displayed aggressive and abusive behavior towards detainees and arrestees;

      j.     Defendants COUNTY and DOES 26 through 50 reprimanded, threatened, intimidated, demoted and fired deputies who reported acts of abuse by other deputies;

      k.     Defendants COUNTY and DOES 26 through 50 condoned and encouraged a conspiracy of silence among their employees for the purpose of concealing and furthering wrongful and illegal conduct by their employees;

      l.     Defendants COUNTY and DOES 26 through 50 fostered and encouraged an atmosphere of lawlessness, abuse and unconstitutional misconduct, as to encourage their deputies to believe that improper arrest of residents of the County of Orange, and/or the City of Dana Point, or persons present therein, the warrantless and unreasonable search and seizure, the excessive and improper use of force, the submission of false police reports, and the commission of perjury was permissible and would be tolerated, and to believe that the unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

53. Said policies, procedures, customs and practices called for the COUNTY and its Sheriff's Department not to discipline, prosecute, or objectively and /or independently investigate or in any way deal with, or respond to, known incidents and complaints of excessive and improper use of force, false arrest, falsification of evidence, the preparation of false police reports to justify, cover up and conceal wrongful conduct by deputies of the Orange County Sheriff's Department. Defendants demonstrated their deliberate indifference to the unconstitutional conduct by their failure to adequately train and more closely supervise or re-train deputies and/or discipline or recommend prosecution of those

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

deputies who in fact improperly used such force, falsified evidence, submitted false and misleading police reports, and/or committed perjury.

54. Said policies, procedures, customs and practices also called for and led to the refusal by Defendants, and each of them, to investigate complaints of previous incidents of unreasonable and warrantless search and seizure, excessive and improper use of force, the filing of false police reports to conceal such misconduct, the falsification of evidence and perjury; and instead, officially claim that such incidents were justified and proper.

55. Said policies, procedures, customs and practices of Defendants, and each of them, evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff. This indifference was manifested by the failure to change, correct, revoke or rescind said policies, procedures, customs and practices in light of prior knowledge by Defendants, and each of them, and their subordinate policymakers, of indistinguishably similar incidents of unreasonable and warrantless search and seizure, sexual abuse, excessive and improper use of force, falsification of evidence, submission of false police reports and perjury.

56. Defendants, and each of them, demonstrated their deliberate indifference to the civil rights of minority groups and other victims of the Orange County Sheriff's Department's unlawful arrest, falsified evidence, false and misleading police reports and false and perjurious testimony by ignoring the history and pattern of prior civil lawsuits alleging civil rights violations arising from such misconduct and the related payment of damages to such individual.

57. Defendants, and each of them, demonstrated their deliberate indifference by an absence of or by maintenance of a inadequate system of use of force tracking, and maintenance of an inadequate system of deputy discipline and independent and objective investigation by the COUNTY and its Sheriff's Department which failed to identify and investigate instances of false and wrongful detainments, false and unlawful arrests, unreasonable and warrantless searches and

13

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

seizures, sexual abuse, falsification of evidence, submission of false police reports and perjury.

58. Other system deficiencies which indicated and continue to indicate, a deliberate indifference to civil rights violations by deputies of the Orange County Sheriff's Department include:

    a. Preparation of investigative reports designed to vindicate and/or justify excessive and improper use of force, unreasonable and warrantless search and seizures, sexual abuse, falsification of police reports, and perjury;

    b. Preparation of investigative reports which uncritically rely solely on the word of Orange County Sheriff's deputies involved in wrongful detentions, unlawful arrests, sexual assault, or improper use of force which systematically fail to credit testimony by non-deputy witnesses;

    c. Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the deputies involved;

    d. Failure to maintain centralized department-wide systems for the tracking and monitoring of tort claims and lawsuits alleging wrongfule detentions, false arrests, sexual abuse, excessive and improper use of force, planting of evidence, perjury, abuse of authority, and other similar misconduct by individual deputies so as to identify those deputies who engage in a pattern of abuse of law enforcement authority and law enforcement misconduct.

59. Defendants, and each of them, also maintained a system of grossly inadequate training pertaining to lawful arrests, sexual abuse, reasonable use of force, law enforcement ethics, the law pertaining to searches and seizures, testifying in trial and perjury, the collection of evidence, and the preparation of police reports.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

60. Defendants, and each of them, demonstrated their deliberate indifference to the victims of the Orange County Sheriff's Department's wrongful detainment, unlawful arrests, sexual abuse, excessive and improper uses of force, and perjury by failing to implement a deputy discipline system which would conduct meaningful and independent investigations of citizen complaints of excessive force, falsified evidence, evidence tampering, authoring and filing of false and misleading police reports, and the presentation of false testimony at trial.

61. The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendants, and each of them, which caused, permitted and/or allowed under official sanction Defendants DOES 1 through 25, inclusive, to believe that excessive and improper uses of force, evidence falsification, false arrests, wrongful detainments, sexual abuse, and the filing of false and misleading police reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that defendants' deputies would improperly use force on arrestees, wrongfully detain citizens without reasonable suspicion, commit sexual abuse of detainees and arrestees, falsify evidence, abuse and improperly punish post-arrest detainees, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this State with whom said deputies would come into contact.

62. By reason of the aforesaid policies, customs, practices and usages, Plaintiff was deprived of her rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

63. As a legal result of Defendants' acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries. Plaintiff continues to experience pain and suffering from the injuries she sustained at the hands of Defendants.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

64. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered severe mental anguish, emotional distress, and financial losses, all to Plaintiff's damage in a sum according to proof.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Exemplary damages as provided by law, in an amount to be proved against each individual Defendant;
4. For Attorney's Fees pursuant to 42 U.S.C. § 1988;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

Dated:  March 30, 2016                              **Jass Law**

*[signature: Jeremy D Jass]*

                                                                    _____
                                                                    Jeremy Jass, Esq.
                                                                    *Attorney for Plaintiff*,
                                                                    ALEXA CURTIN

## **DEMAND FOR JURY TRIAL**

Plaintiff ALEXA CURTIN hereby demands a trial by jury.

Dated:  March 30, 2016                              **Jass Law**

_____
Jeremy Jass, Esq.
*Attorney for Plaintiff* ,
ALEXA CURTIN

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**