LEWIS BRISBOIS BISGAARD & SMITH LLP
DANA ALDEN FOX, SB# 119761
   E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
   E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
   E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXA CURTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; DEPUTY EPSON, individually and as Deputy Sheriff for the Orange County Sheriff's Department; and DOES 1 through 50,<br><br>    Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br><br>**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>The Hon. Stephen V. Wilson<br><br>Trial Date:    None Set |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant COUNTY OF ORANGE ("COUNTY") hereby answers plaintiff ALEXA CURTIN'S First Amended Complaint (hereinafter "FAC") and pleads as follows:

### JURISDICTION AND VENUE

1. In answer to paragraph 1 of plaintiff's FAC, defendant admits that plaintiff is invoking jurisdiction pursuant to 42 U.S.C. § 1983. Defendant denies each and every remaining allegation contained therein as it is unintelligible.

2. In answer to paragraph 1 of plaintiff's FAC, defendant admits each and every allegation, except for the residence of plaintiff as defendant does not have

sufficient knowledge or information to form a belief as to the truth of the allegation, and on that basis denies such allegation contained therein.

## JURISDICTION AND VENUE

3. In answer to paragraph 3 of plaintiff's FAC, defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. In answer to paragraph 4 of plaintiff's FAC, defendant admits that the COUNTY was and is a duly organized public entity existing under the laws of the State of California. As to the remainder of plaintiff's allegations in said paragraph, such allegations are overbroad, vague, and ambiguous and thus defendant is unable to admit or deny the allegations and on that basis defendant denies each and every allegation in said paragraph.

5. In answer to paragraph 5 of plaintiff's FAC, defendant admits that the COUNTY's Sheriff's Department contracts with the City of Dana Point to provide police services.

6. In answer to paragraph 6 of plaintiff's FAC, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

7. In answer to paragraph 7 of plaintiff's FAC, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

8. In answer to paragraph 8 of plaintiff's FAC [erroneously identified as ¶ 6 in the FAC], defendant is without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

9. In answer to paragraph 9 of plaintiff's FAC [erroneously identified as ¶ 8 in the FAC], defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

10. In answer to paragraph 10 of plaintiff's FAC [erroneously identified as ¶ 9 in the FAC], defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

11. In answer to paragraph 11 of plaintiff's FAC [erroneously identified as ¶ 10 in the FAC], defendant denies each and every allegation contained therein with respect to the allegations made against this answering defendant. As to each unknown defendant(s), defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

12. In answer to paragraph 12 of plaintiff's FAC [erroneously identified as ¶ 11 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. In answer to paragraph 13 of plaintiff's FAC [erroneously identified as ¶ 12 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

Case 8:16-cv-00591-SVW-PLA   Document 12   Filed 07/22/16   Page 4 of 20   Page ID #:54

14. In answer to paragraph 14 of plaintiff's FAC [erroneously identified as ¶ 13 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. In answer to paragraph 15 of plaintiff's FAC [erroneously identified as ¶ 14 in the FAC], defendant denies each and every allegation contained therein.

16. In answer to paragraph 16 of plaintiff's FAC [erroneously identified as ¶ 15 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. In answer to paragraph 17 of plaintiff's FAC [erroneously identified as ¶ 16 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. In answer to paragraph 18 of plaintiff's FAC [erroneously identified as ¶ 17 in the FAC], defendant denies each and every allegation contained therein.

19. In answer to paragraph 19 of plaintiff's FAC [erroneously identified as ¶ 18 in the FAC], defendant denies each and every allegation contained therein.

20. In answer to paragraph 20 of plaintiff's FAC [erroneously identified as ¶ 19 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In answer to paragraph 21 of plaintiff's FAC [erroneously identified as ¶ 20 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In answer to paragraph 22 of plaintiff's FAC [erroneously identified as ¶ 21 in the FAC], defendant does not have sufficient knowledge or information to

form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.  defendant denies each and every allegation contained therein.

23. In answer to paragraph 23 of plaintiff's FAC [erroneously identified as ¶ 22 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In answer to paragraph 24 of plaintiff's FAC [erroneously identified as ¶ 23 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. In answer to paragraph 25 of plaintiff's FAC [erroneously identified as ¶ 24 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. In answer to paragraph 26 of plaintiff's FAC [erroneously identified as ¶ 25 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. In answer to paragraph 27 of plaintiff's FAC [erroneously identified as ¶ 26 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

28. In answer to paragraph 28 of plaintiff's FAC [erroneously identified as ¶ 27 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on

that basis denies each and every allegation contained therein.

29. In answer to paragraph 29 of plaintiff's FAC [erroneously identified as ¶ 28 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

30. In answer to paragraph 30 of plaintiff's FAC [erroneously identified as ¶ 29 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31. In answer to paragraph 31 of plaintiff's FAC [erroneously identified as ¶ 30 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

32. In answer to paragraph 32 of plaintiff's FAC [erroneously identified as ¶ 31 in the FAC], defendant denies each and every allegation contained therein.

33. In answer to paragraph 33 of plaintiff's FAC [erroneously identified as ¶ 32 in the FAC], defendant denies each and every allegation contained therein.

34. In answer to paragraph 34 of plaintiff's FAC [erroneously identified as ¶ 33 in the FAC], defendant denies each and every allegation contained therein.

35. In answer to paragraph 35 of plaintiff's FAC [erroneously identified as ¶ 34 in the FAC], defendant denies each and every allegation contained therein..

36. In answer to paragraph 36 of plaintiff's FAC [erroneously identified as ¶ 35 in the FAC], defendant denies each and every allegation contained therein.

37. In answer to paragraph 37 of plaintiff's FAC [erroneously identified as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4846-8403-1541.1
6
DEFENDANT COUNTY OF ORANGE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

¶ 36 in the FAC], defendant denies each and every allegation contained therein.

38. In answer to paragraph 38 of plaintiff's FAC [erroneously identified as ¶ 37 in the FAC], defendant denies each and every allegation contained therein.

## INCORPORATION BY REFERENCE

39. In answer to paragraph 39 of plaintiff's FAC [erroneously identified as ¶ 38 in the FAC], defendant acknowledges that plaintiff is repleading her prior allegations and defendant denies said allegations to the extent previously denied.

## FIRST CAUSE OF ACTION

40. In answer to paragraph 40 of plaintiff's FAC [erroneously identified as ¶ 39 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41. In answer to paragraph 41 of plaintiff's FAC [erroneously identified as ¶ 40 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42. In answer to paragraph 42 of plaintiff's FAC [erroneously identified as ¶ 41 in the FAC], defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43. In answer to paragraph 43 of plaintiff's FAC [erroneously identified as ¶ 42 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

44. In answer to paragraph 44 of plaintiff's FAC [erroneously identified as ¶ 43 in the FAC], defendant denies each and every allegation contained therein. As

to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

## SECOND CAUSE OF ACTION

45. In answer to paragraph 45 of plaintiff's FAC [erroneously identified as ¶ 44 in the FAC], plaintiff's allegations are overbroad, vague, and ambiguous and thus defendant is unable to admit or deny the allegations and on that basis defendant denies each and every allegation in said paragraph.

46. In answer to paragraph 46 of plaintiff's FAC [erroneously identified as ¶ 45 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

47. In answer to paragraph 47 of plaintiff's FAC [erroneously identified as ¶ 46 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

48. In answer to paragraph 48 of plaintiff's FAC [erroneously identified as ¶ 47 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph.

49. In answer to paragraph 49 of plaintiff's FAC [erroneously identified as

¶ 48 in the FAC], defendant denies each and every allegation contained therein. As to unknown defendant(s), this answering defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every other allegation set forth in said paragraph. Defendant admits that plaintiff is seeking punitive and exemplary damages against the individual unknown defendant(s).

### THIRD CAUSE OF ACTION
### (Erroneously identified as the Fourth Cause of Action in FAC)

50. In answer to paragraph 50 of plaintiff's FAC [erroneously identified as ¶ 49 in the FAC], defendant denies each and every allegation contained therein.

51. In answer to paragraph 51 of plaintiff's FAC [erroneously identified as ¶ 50 in the FAC], defendant denies each and every allegation contained therein.

52. In answer to paragraph 52 of plaintiff's FAC [erroneously identified as ¶ 51 in the FAC], defendant denies each and every allegation contained therein.

53. In answer to paragraph 53 of plaintiff's FAC [erroneously identified as ¶ 52 in the FAC], defendant denies each and every allegation contained therein.

54. In answer to paragraph 54 of plaintiff's FAC [erroneously identified as ¶ 53 in the FAC], defendant denies each and every allegation contained therein.

55. In answer to paragraph 55 of plaintiff's FAC [erroneously identified as ¶ 54 in the FAC], defendant denies each and every allegation contained therein.

56. In answer to paragraph 56 of plaintiff's FAC [erroneously identified as ¶ 55 in the FAC], defendant denies each and every allegation contained therein.

57. In answer to paragraph 57 of plaintiff's FAC [erroneously identified as ¶ 56 in the FAC], defendant denies each and every allegation contained therein.

58. In answer to paragraph 58 of plaintiff's FAC [erroneously identified as ¶ 57 in the FAC], defendant denies each and every allegation contained therein.

59. In answer to paragraph 59 of plaintiff's FAC [erroneously identified as ¶ 58 in the FAC], defendant denies each and every allegation contained therein.

60. In answer to paragraph 60 of plaintiff's FAC [erroneously identified as ¶ 59 in the FAC], defendant denies each and every allegation contained therein.

61. In answer to paragraph 61 of plaintiff's FAC [erroneously identified as ¶ 60 in the FAC], defendant denies each and every allegation contained therein.

62. In answer to paragraph 62 of plaintiff's FAC [erroneously identified as ¶ 61 in the FAC], defendant denies each and every allegation contained therein.

63. In answer to paragraph 63 of plaintiff's FAC [erroneously identified as ¶ 62 in the FAC], defendant denies each and every allegation contained therein.

64. In answer to paragraph 64 of plaintiff's FAC [erroneously identified as ¶ 63 in the FAC], defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

65. As a separate and distinct affirmative defense, defendant alleges that plaintiff's FAC fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

66. As a separate and distinct affirmative defense, defendant alleges that plaintiff's FAC fails to state a claim under 42 U.S.C. § 1983 for Fourth, and/or Fourteenth Amendment violations, and also fails to state a claim under 42 U.S.C. § 1983, upon which relief can be granted against defendant.

### THIRD AFFIRMATIVE DEFENSE

67. As a separate and distinct affirmative defense, defendant alleges that plaintiff consented to the act or omissions complained of in plaintiff's FAC.

### FOURTH AFFIRMATIVE DEFENSE

68. As a separate and distinct affirmative defense, this defendant is entitled to qualified immunity since there is no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in defendant's position could have believed his conduct was lawful.

**FIFTH AFFIRMATIVE DEFENSE**

69. As a separate and distinct affirmative defense, plaintiff's claims against defendant are barred because defendant has absolute immunity from the allegations set forth in plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

70. As a separate and distinct affirmative defense, plaintiff's claims against defendant are barred because defendant has sovereign immunity under the Eleventh Amendment of the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

71. As a separate and distinct affirmative defense, defendant alleges that plaintiff's Complaint, and each claim contained therein, is barred on the ground that defendant was not the cause of any alleged damage, injury, or loss to plaintiff, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

72. As a separate and distinct affirmative defense, defendant alleges that plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* §§ 335.1 and 342.

**NINTH AFFIRMATIVE DEFENSE**

73. As a separate and distinct affirmative defense, defendant alleges that plaintiff's claims are barred by the failure of plaintiff to commence the action within the time required by California *Government Code* §§ 911.2, 945.6, 950.2 and 950.6.

**TENTH AFFIRMATIVE DEFENSE**

74. As a separate and distinct affirmative defense, defendant alleges that the plaintiff's claims are barred by the failure of plaintiff to timely comply with the administrative claim provisions of California *Government Code* § 945.4.

**ELEVENTH AFFIRMATIVE DEFENSE**

75. As a separate and distinct affirmative defense, defendant alleges that

plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

76. As a separate and distinct affirmative defense, defendant alleges that plaintiff's Complaint, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

77. As a separate and distinct affirmative defense, defendant alleges that the Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

78. As a separate and distinct affirmative defense, defendant alleges that plaintiff is estopped by her own acts or omissions from recovery against this answering defendant for the claims asserted in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

79. Any injury to plaintiff was due to and caused by the negligence and omissions of plaintiff to care for herself, which carelessness and negligence and omissions were the proximate cause of the damage, if any, to plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

80. As a separate and distinct affirmative defense, defendant alleges that plaintiff's alleged damages, if any, contained in the Complaint, were caused by persons and/or entities other than this answering defendant who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealing with plaintiff, and that at all times, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of these answering defendant. Accordingly, any recovery against this answering defendant by plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

4846-8403-1541.1
12

DEFENDANT COUNTY OF ORANGE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

## SEVENTEENTH AFFIRMATIVE DEFENSE

81. As a separate and distinct affirmative defense, to the extent that plaintiff suffered any detriment, such detriment was caused or contributed to by plaintiff's negligence, and damages, if any, should be reduced in direct proportion to her fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

82. As a separate and distinct affirmative defense, defendant alleges that the conduct, if any, which is the subject of plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified. Further, all actions by defendant were in good faith and reasonable.

## NINETEENTH AFFIRMATIVE DEFENSE

83. As a separate and distinct affirmative defense, defendant alleges that it is not liable for the failure to discharge a mandatory duty in that they exercised reasonable diligence in the discharge of all duties.

## TWENTIETH AFFIRMATIVE DEFENSE

84. As a separate and distinct affirmative defense, defendant alleges that it is not liable in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

85. As a separate and distinct affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* §§ 818.2 or 821 for the adoption or failure to adopt or enforce any law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

86. As a separate and distinct affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* § 818.8.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

87. As a separate and distinct affirmative defense, defendant alleges that it

is not liable by operation of California *Government Code* § 820.2.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

88. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.4 for the execution or enforcement of the law by public officers exercising due care.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

89. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.6.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

90. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.8, in that the injuries and damages, if any, were caused by the acts or omissions of other persons, and not answering defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

91. As a separate and distinct affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* § 822.2 for misrepresentations by employees.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

92. As a separate and distinct affirmative defense, defendant alleges that on or about the time, date, and place alleged in plaintiff's Complaint, the conduct of plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

93. As a separate and distinct affirmative defense, defendant alleges that it is a subdivision of the State of California and state officials acting in their official capacity, and is therefore not liable for damages under title 42 U.S.C. § 1983.



### THIRTIETH AFFIRMATIVE DEFENSE

94. As a separate and distinct affirmative defense, defendant alleges that it is not liable for alleged violations by non-policymakers of civil or constitutional rights.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

95. As a separate and distinct affirmative defense, defendant alleges that all the causes of action set forth in plaintiff's Complaint are barred because plaintiff failed to take reasonable steps to mitigate her damages.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

96. As a separate and distinct affirmative defense, plaintiff has failed to comply with the California Tort Claims Act, including the proper presentation of claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

97. As a separate and distinct affirmative defense, defendant is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

98. As a separate and distinct affirmative defense, the Complaint, and each claim contained therein, is barred by the doctrines of collateral estoppel and *res judicata*.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

99. As a separate and affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* Title 1, Division 3.6, Part 2.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

100. As a separate and distinct affirmative defense, plaintiff's claims are barred by plaintiff's failure to comply with the administrative claim provisions of California *Government Code* § 910, et seq.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

101. As a separate and distinct affirmative defense, plaintiff's action is barred by the failure of plaintiff to join, in a timely fashion, indispensable and/or necessary parties to this action.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

102. As a separate and distinct affirmative defense, the public entity defendant is not legally responsible for the acts of employees not acting within the course and scope of their employment, and/or not acting in their capacity as Los Angeles County Sheriff's Deputies.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

103. As a separate and distinct affirmative defense, the actions of this defendant in all respects were reasonable, proper and legal.

## FORTIETH AFFIRMATIVE DEFENSE

104. As a separate and distinct affirmative defense, defendant's conduct did not cause the constitutional violations alleged in plaintiff's Complaint.

## FORTY-FIRST AFFIRMATIVE DEFENSE

105. As a separate and distinct affirmative defense, defendant is not liable pursuant to the doctrine of assumption of risk.

## FORTY-SECOND AFFIRMATIVE DEFENSE

106. As a separate and distinct affirmative defense, the conduct alleged in plaintiff's complaint did not violate an interest cognizable under 42 U.S.C. § 1983.

## FORTY-THIRD AFFIRMATIVE DEFENSE

107. As a separate and distinct affirmative defense, plaintiff's claims are barred by the doctrine of offset.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

108. As a separate and distinct affirmative defense, plaintiff's claims are barred by the doctrine of release.

///

## FORTY-FIFTH AFFIRMATIVE DEFENSE

109. As a separate and distinct affirmative defense, plaintiff's claims are barred by the doctrine of waiver.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

110. As a separate and distinct affirmative defense, plaintiff's claims are barred against defendant because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom or practice.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

111. As a separate and distinct affirmative defense, defendant contends that the damages, if any, should be in direct proportion to the fault of this defendant, if any, as provided by *Civil Code*, §§ 1431 to 1431.5.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

112. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

## FORTY-NINTH AFFIRMATIVE DEFENSE

113. As a separate and distinct affirmative defense, defendant alleges that plaintiff's FAC, and each and every claim contained therein, and any amendments thereto, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* Sections 335.1, 342 and *Government Code* Sections 911.2, 945.4, and 945.6, and 950.2.

## FIFTIETH AFFIRMATIVE DEFENSE

114. Other defenses may exist to plaintiff's Complaint, and defendant does not waive, but rather reserves the right to assert said defenses.

WHEREFORE, answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of her FAC, and that judgment be entered in favor of defendant;

2. That answering defendant recover its costs of suit incurred herein,

1 | including reasonable attorneys' fees; and
2 |     3.    For such other and further relief as the Court deems proper and just.

DATED: July 22, 2016        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ *Barry Hassenberg*
      Barry Hassenberg
      Attorneys for Defendant COUNTY OF ORANGE

4846-8403-1541.1

18

DEFENDANT COUNTY OF ORANGE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

## DEMAND FOR JURY TRIAL

Defendant COUNTY OF ORANGE respectfully demands a trial by jury on all claims in the within action as provided by *Federal Rules of Civil Procedure*, Rule 38(a) and (b).

DATED: July 22, 2016     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Barry Hassenberg*
Barry Hassenberg
Attorneys for Defendant COUNTY OF ORANGE

# FEDERAL COURT PROOF OF SERVICE

Alexa Curtin v. County of Orange; Deputy Epson - Case No. USDC No.: 8:16-cv-00591-SVW-PLA

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 22, 2016, I served the following document(s): DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Jeremy D. Jass, Esq.
JASS LAW
3730 E. Broadway, Suite EF
Long Beach, CA 90803
Tel: 562.340.6299; Fax: 562.340.6422
Email: Jeremy@jasslaw.com
*Attorneys for Plaintiff ALEXA CURTIN*

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 22, 2016, at Los Angeles, California.

*/s/ Lydia A. Dominguez*
Lydia A. Dominguez

4846-8403-1541.1