Jeremy D. Jass, SBN 279466
Jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXA CURTIN, | CASE NO. 8:16-cv-00591-SVW-PLA |
|---|---|
| Plaintiff, | The Hon. Stephen V. Wilson |
| vs. | **NOTICE OF MOTION AND LOCAL RULE 37-1 JOINT STIPULATION RE PLAINTIFF'S MOTION TO COMPEL** |
| COUNTY OF ORANGE; and DOES 1 through 50, | **DISCOVERY MATTER** |
| Defendants. | Date: March 14, 2017<br>Time: 10:00 a.m.<br>Ctrm: 6 |
| | Discovery Cut-Off:<br>Trial Date: April 25, 2017<br>PreTrial Conf.: April 17, 2017 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................... 2

    A.  Plaintiff's Statement ............................................. 2

        1.  Underlying Facts ........................................... 2

        2.  Deputy Caropino *Modus Operandi* ............... 3

    B.  Defendant's Statement ......................................... 5

II.  DISCOVERY AT ISSUE ............................................... 5

    A.  Interrogatories ..................................................... 6

    B.  Request for Production ........................................ 12

III.  PLAINTIFF'S CONTENTIONS ................................... 27

    A.  Defendants' "General Objections" Are Improper And Their Privilege Log Does Not Conform To The FRCP ................... 28

    B.  Defendants' Privilege Log Is Deficient ................ 29

        1.  Peace Officer Personnel Files Are Commonly Discoverable in 42  U.S.C § 1983 Actions ................... 30

            i.  Official Information Privilege Is Inapplicable ................. 32

            ii.  The Self-Critical Analysis Privilege Is Inapplicable In This Jurisdiction ............. 34

            iii.  The Privacy Objections Are Without Merit ............. 36

            iv.  The Attorney Client Privilege Is Inapplicable ................ 36

IV.   DEFENDANTS' CONTENTIONS ........................................................................ 38

A.    State Law Privileges Apply in Federal Question Cases ............................ 38

B.    Privilege and Privacy Rights re Peace Officer Personnel Records ........... 40

C.    Special Interrogatories in Dispute ........................................................... 47

      i.    Special Interrogatory No. 9 Dispute ................................................. 48

      ii.   Special Interrogatory Nos. 12, 14, 16, 18, 19, 20, 21, 22 and 23 ........ 49

D.    County's Privilege Log is Proper and in Compliance

      with theFed. R. Civ. Proc. .................................................................... 51

E.    Request for Production in Dispute ............................................................ 52

      i.    Request for Production Nos. 3, 4 ..................................................... 55

      ii.   Request for Production Nos. 5 .......................................................... 55

      iii.  Request for Production Nos. 6, 8, 17 ................................................ 56

      iv.   Request for Production Nos. 21, 28, 29 ............................................ 56

      v.    Request for Production Nos. 32, 33 .................................................. 57

      iv.   Request for Production Nos. 34, 35, 36, 37, 38,and 39 ...................... 58

V.    MEET AND CONFER ...................................................................................... 58

A.    Plaintiff ............................................................................................................ 58

A.    Defendant ........................................................................................................ 59

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 14, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 6 of the above-referenced Court, located at 312 North Spring Street, Los Angeles, California 90012, Plaintiff Alexa Curtin will, and hereby does, move the Court for an order compelling the Defendant County of Orange to permit inspection of documents and electronically stored information requested by Plaintiff on October 6, 2016.

This motion is based upon the attached Joint Stipulation Regarding Plaintiff's Motion for an Order Compelling Discovery, and attached exhibits, all pleadings, papers, and proceedings in this action, and such other matters as the Court deems proper.

This motion is made following the conference of counsel pursuant to L.R. 37-1, regarding issues relating to the motion, and prior communication between counsel.

Dated: February 17, 2017                    **Jass Law**

                                             _____
                                             Jeremy Jass, Esq.
                                             *Attorney for Plaintiff*,
                                             ALEXA CURTIN

# JOINT STIPULATION

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37-2.1, Plaintiff and Defendants, through their respective counsel of record, submit the following Joint Stipulation Re: Plaintiffs Motion to Compel Disclosures in Response to Plaintiffs Request for Production of Documents and Interogatories, Set One.

## I.   INTRODUCTION

### A.   Plaintiff's Statement

#### 1.   Underlying Facts

In the early morning hours of June 27, 2017 sheriff's deputies, including Deputy Caropino, responded to dispute between Ms. Curtin and her husband. After investigating, the deputies concluded no crime had occurred, and the couple should part ways for the night. Then, Deputy Caropino placed Ms. Curtin in his patrol car and drover her to her car.

Once there, he got her out of the patrol vehicle and further detained her. He searched her purse, vehicle, and contents of the vehicle including luggage and clothing. He asked Ms. Curtin why the panties he found were wet. He then told her that she was not free to leave and that if she did leave, "She would be in a lot of trouble," and that he was going to return.

Ms. Curtin followed Deputy Caropino's orders not to leave and waited in her car. After some time, Deputy Caropino returned and ordered Ms. Curtin to let him into her vehicle. He then said to Ms. Curtin, "Since you are still here, I am going to fuck the shit out of you." Deputy Caropino told Plaintiff, "Show me your pussy." Plaintiff was afraid and feared for her own safety, and she complied with all of Deputy Caropino's commands. Then Deputy Caropino groped Plaintiff's vagina and digitally penetrated her while commenting on her anatomy. Deputy Caropino then pulled his pants down and shoved Plaintiff's head down towards his genitals and forced her to orally copulate him despite her cries of pain.

Next, Deputy Caropino ordered Ms. Curtin to straddle him while he sat in the passenger seat of her vehicle. She was still in fear for her safety and knew that many in law enforcement carry guns, even when out of uniform, and complied with the Deputy

1 Caropino's commands. While in this position, the Deputy Caropino forced sexual
2 intercourse with Ms. Curtin.

3    Before leaving, Deputy Caropino then pulled up his pants, and asked Plaintiff for her
4 cellular phone number so he could text her and to do this again.  Still afraid, Plaintiff gave
5 Deputy Caropino an incorrect phone number.

6    Plaintiff was violated, traumatized, emotionally drained, in shock, and fearing for her
7 own safety. Specifically, Plaintiff feared that given the Deputy Caropino's position, he would
8 find her and harm her again. Due to Deputy Caropino's atrocious actions, Plaintiff has
9 suffered physical and emotional injuries. Plaintiff's injuries continue.

10    Ms. Curtin filed this action against Deputy Caropino and the County of Orange on or
11 about March 30, 2016.  Since that time, Plaintiff has become aware of two other victims of
12 Deputy Caropino's, whose attacks occurred under factual circumstances very similar to her
13 own.

14    2.    Deputy Caropino's *Modus Operandi*

15    Unfortunately for the community, Ms. Curtin was not the only person Deputy
16 Caropino sexually assaulted.  Very recently, a woman (hereinafter Jane Doe #1) contacted
17 plaintiff's counsel to relay her own encounter with Deputy Caropino. Ms. Doe #1 explained
18 that in June of 2013 Deputy Caropino sexually assaulted her in her vehicle while detaining
19 her during a DUI investigation.  Ms. Doe #1 complied with Deputy Caropino's commands
20 out of fear of harm to her person and out of fear that he would abuse his position to
21 wrongfully arrest her.

22    Ms. Doe #1 is prepared to testify that at about 1:00 a.m. in Dana Point, she was
23 heading home from Fred's Mexican Café.  On her way home she went through the drive
24 through of Del Taco and could see a Sheriff's Deputy standing at the cash register looking
25 at her. After eating her food, Ms. Doe #1 was pulled over leaving Del Taco. Deputy
26 Caropino walked up to her car and said, "I saw that look you gave me," and asked her if she
27 would ever date a cop.  Ms. Doe #1 said, "No."  Deputy Caropino then asked Ms. Doe #1 if

28

1  she had been drinking, she initially said no, but Deputy Caropino incessantly asked her again

2  if she had been drinking. She felt Deputy Caropino was doing this to scare her, and she was

3  in fact fearful of him. She then admitted that she had a couple of margaritas at Fred's

4  Mexican Café. At that point, Deputy Caropino told her that he had turned all of his recording

5  devices off, which further frightened Ms. Doe #1. Deputy Caropino then asked if Ms. Doe

6  #1 was "wet" and that he wanted to feel her. He then reached in through the driver side

7  window and forced his hand under her panties to fondle her genitals. Deputy Caropino then

8  said, "I want to fuck you right now," and told Ms. Doe #1 to follow him. Still fearful that

9  Deputy Caropino would harm her or take her to jail, she complied. She followed him to a

10  parking lot, where he parked his squad car next to hers and directed her to get into the

11  backseat of her car. He then engaged in non-consensual sexual intercourse with her in the

12  backseat of her car.  Before leaving, Deputy Caropino asked Ms. Doe #1 for her phone

13  number and she gave it to him. A few days later he started sending her vulgar threatening

14  text messages that Ms. Doe #1 did not reciprocate.

15       Through independent investigation, Plaintiff has found a prior government claim

16  filed against Deputy Caropino by another victim of his.The identity of this victim

17  (hereinafter Jane Doe #2) has yet to be ascertained, but we know that she filed a government

18  claim against the County of Orange and Deputy Caropino in late February of 2014. (See a

19  true and correct redacted copy of Government Claim dated February 27, 2014 attached as

20  "Exhibit A.") In her claim, this young woman states that while she was under arrest and

21  sitting in the back of a squad car, Deputy Caropino uncuffed her hands and forced her to

22  touch his penis through his uniform. Deputy Caropino intimidated her, coerced her, and

23  sexually assaulted her.  He then called and text messaged her once she was released from

24  custody and showed up at her home while on duty and in uniform to have nonconsensual

25  sex with her. She indicates that she suffered physical trauma, psychological trauma, fear,

26  intimidation, pain and suffering. She also included in her claim Deputy Caropino's badge

27  number and the report number of OCSD 13-173847.

28

4

1   It appears that the County received this claim on February 28, 2014, *four months*

2   *before Deputy Caropino raped Ms. Curtin, and failed to take any action to prevent Deputy*

3   *Caropino from committing additional sexual assaults.*

4   **B.      Defendants' Statement**

5   Plaintiff's argument that Deputy Caropino's "personnel file" might contain

6   information she wants does not give plaintiff *carte blanche* access to an individual's private,

7   personnel file as a matter of law.

8   As a preliminary note, the parties have met and conferred extensively on the issues

9   discussed in this Joint Statement[1].  Responding party, County of Orange ("County"), has in

10  good faith produced responsive documents to plaintiff in this matter.   County has also

11  provided a Privilege Log to plaintiff, which addresses in detail the documents which were

12  properly withheld under state and Federal laws protecting the privacy interest of employees.

13  Plaintiff continues to adhere to the false premise that County cannot assert state law

14  privileges in this "federal question" case.   To the contrary, Defendant's objections and

15  assertions of state law privileges are proper, and applicable to protect responding party's

16  rights and privileges under state and federal law.  Indeed, the Ninth Circuit Court explicitly

17  recognizes the applicability of state law privileges in federal question cases.  *Breed v. United*

18  *States Dist. Court*, 542 F.2d 1114, 1115 (9th Cir. 1976).  This dispute is further briefed in

19  Section IV [Defendant's Contentions].

20  **II.     DISCOVERY AT ISSUE**

21  On or about October 6, 2016, Plaintiff propounded Request for Production of

22  Documents, Set No. 1 and Interrogatories, Set No. 1. (See a true and correct copy of RPD.

23  Set One. is attached hereto as "Exhibit B." A true and correct copy of Interrogatories, Set

24  _____

25  [1] Defendant notes that Plaintiff's portion of the Joint Statement violates various
    Local Rules, namely, Local Rule 37-2.1 (introductory statement shall not exceed
26  three pages) and Local Rule 11-3.6, 11-3.7 (quotations shall be double spaced).  The
    Stipulation exceeding 10 pages in length also requires an indexed table of content
27  with headings or subheadings. A copy of the Order establishing the initial case
    schedule must also be attached to this Stipulation.  Local Rule 37-2.1.
28

1  One is attached hereto as "Exhibit C." A true and correct copy of Defendants' Response to

2  RPD, Set One, is attached hereto as "Exhibit D." And a true and correct copy of Defendants'

3  Response to Interrogatories, Set One, is attached hereto as "Exhibit E.")

4  The discovery sought information and documents relating to the personnel file of

5  Deputy Nicholas Lee Caropino, as well as internal affairs investigations and criminal

6  investigations that would include sexual misconduct, sexual assaults, inappropriate sexual

7  behavior while on duty, unjustified searches and seizures, citizen complaints, and discipline

8  imposed.  The discovery is needed for Plaintiff to prove her claims under 42 U.S.C. § 1983

9  (individual) and 42 U.S.C. § 1983 (municipal liability). F.R.E. 404(b), 415, 608(b); *See, e.g.,*

10  *Monell v. New York City Dept of Social Services,* 436 U.S. 658 (1978); *City of Canton v.*

11  *Harris,* 489 U.S. 378 (1989).  Plaintiff has a good-faith belief that Deputy Caropino has

12  serious issues in his personnel file. Plaintiff has already agreed to a protective order in this

13  matter.

14  Plaintiff contends the following are still at issue:

15  **A.      Interrogatories**

16  INTERROGATORY NO. 9:

17  "Identify" each person interviewed by ORANGE COUNTY SHERIFF's

18  DEPARTMENT personnel as part of the investigation for Case Number 16-

19  077964.

20  RESPONSE TO INTERROGATORY NO. 9

21  Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

22  overbroad as to scope and time. Defendant further objects to this interrogatory on the

23  grounds it seeks information which is confidential, privileged and protected on multiple

24  grounds, including but not limited to the attorney client privilege as codified in State and

25  Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

26  California Govt. Code §6254 and their corollaries in Federal statutory and decisional

27  authority; the right to privacy afforded by both the California and United States

28

Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

INTERROGATORY NO. 12:

For each policy identified in "Your" response to Interrogatory No. 11 above, "Identify" each and every instance in which an employee of the ORANGE COUNTY SHERIFF's DEPARTMENT violated said policy or procedure.

RESPONSE TO INTERROGATORY NO. 12

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

INTERROGATORY NO. 14:

For each policy identified in "Your" response to Interrogatory No. 13 above, "Identify" each and every instance in which an employee of the ORANGE COUNTY SHERIFF's DEPARTMENT violated said policy or procedure.

RESPONSE TO INTERROGATORY NO. 14

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and

1  Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

2  California Govt Code §6254 and their corollaries in Federal statutory and decisional

3  authority; the right to privacy afforded by both the California and United States

4  Constitutions; the Official Information Privilege; the Executive Privilege under Federal

5  decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

6  Privilege under California statutory and decisional law.

7  INTERROGATORY NO. 16:

8      For each policy identified in "Your" response to Interrogatory No. 15 above,

9  "Identify" each and every instance in which an employee of the ORANGE COUNTY

10  SHERIFF's DEPARTMENT violated said policy or procedure.

11  RESPONSE TO INTERROGATORY NO. 16

12  Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

13  overbroad as to scope and time. Defendant further objects to this interrogatory on the

14  grounds it seeks information which is confidential, privileged and protected on multiple

15  grounds, including but not limited to the attorney client privilege as codified in State and

16  Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

17  California Govt Code §6254 and their corollaries in Federal statutory and decisional

18  authority; the right to privacy afforded by both the California and United States

19  Constitutions; the Official Information Privilege; the Executive Privilege under Federal

20  decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel

21  Files Privilege under California statutory and decisional law.

22  INTERROGATORY NO. 18:

23      For each policy identified in "Your" response to Interrogatory No. 17 above,

24  "Identify" each and every instance in which an employee of the ORANGE COUNTY

25  SHERIFF's DEPARTMENT violated said policy or procedure.

26  RESPONSE TO INTERROGATORY NO. 18

27      Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

28

1  overbroad as to scope and time. Defendant further objects to this interrogatory on the

2  grounds it seeks information which is confidential, privileged and protected on multiple

3  grounds, including but not limited to the attorney client privilege as codified in State and

4  Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

5  California Govt Code §6254 and their corollaries in Federal statutory and decisional

6  authority; the right to privacy afforded by both the California and United States

7  Constitutions; the Official Information Privilege; the Executive Privilege under Federal

8  decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

9  Privilege under California statutory and decisional law.

10  INTERROGATORY NO. 19:

11      "Identify" the number of allegations or complaints of sexual misconduct by

12  ORANGE COUNTY SHERIFF's DEPARTMENT personnel in the last five years.

13  RESPONSE TO INTERROGATORY NO. 19

14      Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

15  overbroad as to scope and time. Defendant further objects to this interrogatory on the

16  grounds the tem' "sexual misconduct" is vague, ambiguous, and uncertain. Defendant

17  further objects to this interrogatory on the grounds it seeks information which is

18  confidential, privileged and protected on multiple grounds, including but not limited to the

19  attorney client privilege as codified in State and Federal statutes, California Evidence Code

20  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

21  Federal statutory and decisional authority; the right to privacy afforded by both the

22  California and United States Constitutions; the Official Information Privilege; the Executive

23  Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace

24  Officer Personnel Files Privilege under California statutory and decisional law.

25  INTERROGATORY NO. 20:

26      For each allegation or complaint identified in "Your" response to Interrogatory

27  No.19 above, "Identify" whether an investigation was conducted into the complaint or

28

1  allegation and "Describe" each and every component of the investigation, including its

2  outcome.

3  RESPONSE TO INTERROGATORY NO. 20

4      Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

5  overbroad as to scope and time. Defendant further objects to this interrogatory on the

6  grounds it seeks information which is confidential, privileged and protected on multiple

7  grounds, including but not limited to the attorney client privilege as codified in State and

8  Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

9  California Govt Code §6254 and their corollaries in Federal statutory and decisional

10  authority; the right to privacy afforded by both the California and United States

11  Constitutions; the Official Information Privilege; the Executive Privilege under Federal

12  decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

13  Privilege under California statutory and decisional law.

14      For each investigation identified in "Your" response to Interrogatory No. 20 above,

15  "Identify" any changes made to ORANGE COUNTY SHERIFF's DEPARTMENT policies

16  or procedures to ensure the prevention of future similar misconduct.

17  RESPONSE TO INTERROGATORY NO. 21

18      Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

19  overbroad as to scope and time. Defendant further objects to this interrogatory on the

20  grounds it calls for subsequent remedial measures. Defendant further objects to this

21  interrogatory on the grounds it seeks information which is confidential, privileged and

22  protected on multiple grounds, including but not limited to the attorney client privilege as

23  codified in State and Federal statutes, California Evidence Code § 1040, California Civil

24  Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and

25  decisional authority; the right to privacy afforded by both the California and United States

26  Constitutions; the Official Information Privilege; the Executive Privilege under Federal

27  decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

28

1  Privilege under California statutory and decisional law.

2  INTERROGATORY NO. 22:

3      For each change in ORANGE COUNTY SHERIFF's DEPARTMENT policies and

4  procedures identified in "Your" response to Interrogatory No. 21 above, "Identify" each

5  and every instance in which an employee of the ORANGE COUNTY SHERIFF's

6  DEPARTMENT violated said policy or procedure in the last five years.

7  RESPONSE TO INTERROGATORY NO. 22

8      Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

9  overbroad as to scope and time. Defendant further objects to this interrogatory on the

10 grounds it seeks information which is confidential, privileged and protected on multiple

11 grounds, including but not limited to the attorney client privilege as codified in State and

12 Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

13 California Govt Code §6254 and their corollaries in Federal statutory and decisional

14 authority; the right to privacy afforded by both the California and United States

15 Constitutions; the Official Information Privilege; the Executive Privilege under Federal

16 decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

17 Privilege under California statutory and decisional law.

18 INTERROGATORY NO. 23:

19     "Identify" any changes made the ORANGE COUNTY SHERIFF's DEPARTMENT

20 made to its policies or procedures to ensure the prevention of future misconduct, following

21 the Department's discovery of the sexual misconduct of Deputy Jennifer Tamara McClain,

22 on or about February 9, 2012.

23 RESPONSE TO INTERROGATORY NO. 23

24     Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and

25 overbroad as to scope and time. Defendant further objects to this interrogatory on the

26 grounds the tem' "sexual misconduct" is vague, ambiguous, and uncertain. Defendant further

27 objects to this interrogatory on the grounds it calls for subsequent remedial measures.

28

1  Defendant further objects to this interrogatory on the grounds it seeks information which is
2  confidential, privileged and protected on multiple grounds, including but not limited to the
3  attorney client privilege as codified in State and Federal statutes, California Evidence Code
4  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in
5  Federal statutory and decisional authority; the right to privacy afforded by both the
6  California and United States Constitutions; the Official Information Privilege; the Executive
7  Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace
8  Officer Personnel Files Privilege under California statutory and decisional law.

9  **B.    Requests for Production**

10  REQUEST FOR PRODUCTION NO. 3:

11  Please produce all DOCUMENTS, including but not limited to reports,
12  memoranda, audio recordings, video recordings, films, photographs, letters, and other
13  documents of any kind whatsoever, which report, memorialize, summarize, reflect, depict,
14  or in any way discuss any statements given by any witnesses to YOU, YOUR agents, or
15  YOUR employees in connection with any investigation into the INCIDENT.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 3

17  Defendant objects to this interrogatory on the grounds it is overly broad in scope
18  and time, burdensome, and is not reasonably calculated to lead to the discovery of admissible
19  evidence. Defendant further objects to this interrogatory on the grounds it seeks information
20  which is confidential, privileged and protected on multiple grounds, including but not
21  limited to the attorney client privilege as codified in State and Federal statutes, California
22  Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and their
23  corollaries in Federal statutory and decisional authority; the right to privacy afforded by both
24  the California and United States Constitutions; the Official Infoimation Privilege; the
25  Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and
26  the Peace Officer Personnel Files Privilege under California statutory and decisional law.
27  Without waving said objections, Defendant produces the following documents bates
28

1  stamped 000566.

2  REQUEST FOR PRODUCTION NO. 4:

3      Please produce duplicate originals of all audio recordings of statements, video

4  recordings of statements, and written transcripts of statements of all PERSONS, including

5  but not limited to DEPUTIES, who were interviewed by

6  YOU, YOUR agents, or YOUR employees in connection with any investigation into the

7  INCIDENT.

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 4

9      Defendant objects to this interrogatory on the grounds it is overly broad in scope and

10  time and is not reasonably calculated to lead to the discovery of admissible evidence.

11  Defendant further objects to this interrogatory on the grounds it seeks information which is

12  confidential, privileged and protected on multiple grounds, including but not limited to the

13  attorney client privilege as codified in State and Federal statutes, California Evidence Code

14  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

15  Federal statutory and decisional authority; the right to privacy afforded by both the

16  California and United States Constitutions; the Official Information Privilege; the Executive

17  Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace

18  Officer Personnel Files Privilege under California statutory and decisional law.

19      Additionally, this request seeks information, some of which would, if it

20  existed, be within confidential peace officer personnel records, which are protected from

21  disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et

22  seq. and by the Federal Official Information privilege. Without waiving said objections,

23  Defendant produces the following documents bastes stamped 000566.

24  REQUEST FOR PRODUCTION NO. 5:

25      Please produce all DOCUMENTS, including but not limited to audio

26  recordings, video recordings, photographs, dispatch radio transmissions,

27  MDT/MDC/MDS/CAD entries, incident reports, police reports, complaint reports,

28

4837-0524-1923.2

13

1   supplemental reports, memoranda, briefings, units' logs, and supervisory logs, which

2   report, reflect, describe, depict, detail, discuss or in any way refer or relate to any

3   contact between any Orange County Sheriff's Department DEPUTY or

4   INVESTIGATOR and any witnesses to the INCIDENT.

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 5

6       Defendant objects this request on the grounds it is vague and ambiguous as to the

7   term "contact." Defendant objects to this interrogatory on the grounds it is overly broad in

8   scope and time and is not reasonably calculated to lead to the discovery of admissible

9   evidence. Defendant further objects to this interrogatory on the grounds it seeks information

10  which is confidential, privileged and protected on multiple grounds, including but not

11  limited to the attorney client privilege as codified in State and Federal statutes, California

12  Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and

13  their corollaries in Federal statutory and decisional authority; the right to privacy afforded

14  by both the California and United States Constitutions; the Official Information Privilege;

15  the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege;

16  and the Peace Officer Personnel Files Privilege under California statutory and decisional

17  law.

18      Additionally, this request seeks information  some of which would, if it existed, be

19  within confidential peace officer personnel records, which are protected from disclosure by

20  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by

21  the Federal Official Information privilege. Without waiving said objections, Defendant

22  produces the following documents bastes stamped 000566.

23  REQUEST FOR PRODUCTION NO. 6:

24      Please produce all DOCUMENTS, including but not limited to incident reports,

25  police reports, sheriff's reports, complaint reports, supplemental reports, memoranda,

26  diagrams, briefing, and other documents of any kind whatsoever, which report, describe,

27  detail, discuss, or in any way refer or relate to the INCIDENT.

28

4837-0524-1923.2

14

RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Defendant objects to this interrogatory on the grounds it is overly broad in scope and time, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege. Without waiving said objections, Defendant produces the following documents bastes stamped 000566.

REQUEST FOR PRODUCTION NO. 8:

Please produce all DOCUMENTS, including but not limited to incident reports, police reports, sheriffs reports, complaint reports, supplemental reports, memoranda, diagrams, briefing, notes, emails, and other documents of any kind whatsoever, which report, describe, detail, discuss, or in any way refer or relate to the Orange County Sheriff's Department Case Number 16-077964.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Defendant objects to this interrogatory on the grounds it is overly broad in scope and time, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not

1  limited to the attorney client privilege as codified in State and Federal statutes, California

2  Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and their

3  corollaries in Federal statutory and decisional authority; the right to privacy afforded by both

4  the California and United States Constitutions; the Official Information Privilege; the

5  Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and

6  the Peace Officer Personnel Files Privilege under California statutory and decisional law.

7  Without waiving said objections, Defendant produces the following documents bates

8  stamped 000566 and 000703-000716.

9  <u>REQUEST FOR PRODUCTION NO. 17:</u>

10  Please produce all DOCUMENTS, identified in YOUR response to Special

11  Interrogatory No. 7.

12  (For reference, Special Interrogatory No. 7 asked to identify all documents that

13  refer or relate to Case Number 16-077964, the case number assigned to the criminal

14  investigation into the Incident which is the subject matter of this litigation.)

15  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>

16  Defendant objects to this interrogatory on the grounds it is overly broad in scope and

17  time, burdensome, and is not reasonably calculated to lead to the discovery of admissible

18  evidence. Defendant further objects to this interrogatory on the grounds it seeks information

19  which is confidential, privileged and protected on multiple grounds, including but not

20  limited to the attorney client privilege as codified in State and Federal statutes, California

21  Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and

22  their corollaries in Federal statutory and decisional authority; the right to privacy afforded

23  by both the California and United States Constitutions; the Official Information Privilege;

24  the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege;

25  and the Peace Officer Personnel Files Privilege under California statutory and decisional

26  law. Without waiving said objections, Defendant produces the following documents bastes

27  stamped 000566 and 000703-000716.

28

1   REQUEST FOR PRODUCTION NO. 21:

2       Please produce all DOCUMENTS, including but not limited to incident reports,

3   police reports, sheriffs reports, complaint reports, supplemental reports, memoranda,

4   diagrams, briefing, notes, emails, and other documents of any kind whatsoever, which

5   report, describe, detail, discuss, or in any way refer or relate to YOUR response to Special

6   Interrogatory No. 12. To the extent that Defendant contends that this request calls for

7   disclosure of confidential documents, Plaintiff will stipulate to a protective order.

8       (For reference, Special Interrogatory No. 12 asks for the County to identify each

9   and every instance in which an employee and the OCSD violated policy or procedure

10  regarding sexual activity while on duty.)

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 21

12      Defendant objects to this interrogatory on the grounds it is overly broad in scope

13  and time, burdensome, and is not reasonably calculated to lead to the discovery of

14  admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks

15  information which is confidential, privileged and protected on multiple grounds, including

16  but not limited to the attorney client privilege as codified in State and Federal statutes,

17  California Evidence Code § 1040, California Civil Code §47 and California Govt Code

18  §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy

19  afforded by both the California and United States Constitutions; the Official Information

20  Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis

21  Privilege; and the Peace Officer Personnel Files Privilege under California statutory and

22  decisional law.

23      Additionally, this request seeks information, some of which would, if it existed, be

24  within confidential peace officer personnel records, which are protected from disclosure by

25  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the

26  Federal Official Information privilege.

27  REQUEST FOR PRODUCTION NO. 28:

28

4837-0524-1923.2

17

1    Please produce all DOCUMENTS, including but not limited to incident reports,

2    police reports, sheriffs reports, complaint reports, supplemental reports, memoranda,

3    diagrams, briefing, notes, emails, and other documents of any kind whatsoever, which

4    report, describe, detail, discuss, or in any way refer or relate to YOUR response to Special

5    Interrogatory No. 19. To the extent that Defendant contends that this request calls for

6    disclosure of confidential documents, Plaintiff will stipulate to a protective order.

7    (For reference, Special Interrogatory No. 19 asks for the County to identify the

8    number of allegations or complaints of sexual misconduct by OCSD personnel in the last

9    five years.)

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 28

11   Defendant objects to this interrogatory on the grounds it is overly broad in scope

12   and time and is not reasonably calculated to lead to the discovery of admissible evidence.

13   Defendant further objects to this interrogatory on the grounds it seeks information which

14   is confidential, privileged and protected on multiple grounds, including but not limited to

15   the attorney client privilege as codified in State and Federal statutes, California Evidence

16   Code § 1040, California Civil Code §47 and California Govt Code §6254 and their

17   corollaries in Federal statutory and decisional authority; the right to privacy afforded by

18   both the California and United States Constitutions; the Official Information Privilege;

19   the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege;

20   and the Peace Officer Personnel Files Privilege under California statutory and decisional

21   law.

22   Additionally, this request seeks information, some of which would, if it existed, be

23   within confidential peace officer personnel records, which are protected from disclosure by

24   California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by

25   the Federal Official Information privilege.

26   REQUEST FOR PRODUCTION NO. 29:

27   Please produce all DOCUMENTS, including but not limited to incident reports,

28

1  police reports, sheriffs reports, complaint reports, supplemental reports, memoranda,

2  diagrams, briefing, notes, emails, and other documents of any kind whatsoever, which

3  report, describe, detail, discuss, or in any way refer or relate to YOUR response to Special

4  Interrogatory No. 20. To the extent that Defendant contends that this request calls for

5  disclosure of confidential documents, Plaintiff will stipulate to a protective order.

6      (For reference, Special Interrogatory No. 20 asks for the County to identify whether

7  an investigation was conducted into the complaint or allegation identified in the County's

8  response to Special Interrogatory No. 19, and to describe every component of the

9  investigation, including its outcome.)

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 29

11      Defendant objects to this interrogatory on the grounds it is overly broad in scope and

12  time and is not reasonably calculated to lead to the discovery of admissible evidence.

13  Defendant further objects to this interrogatory on the grounds it seeks information which is

14  confidential, privileged and protected on multiple grounds, including but not limited to the

15  attorney client privilege as codified in State and Federal statutes, California Evidence Code

16  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

17  Federal statutory and decisional authority; the right to privacy afforded by both the

18  California and Privilege under Federal decisional law; the Self-Critical Analysis Privilege;

19  and the Peace Officer Personnel Files Privilege under California statutory and decisional

20  law.

21  REQUEST FOR PRODUCTION NO. 32:

22      Please produce all DOCUMENTS which report, reflect, describe, detail, discuss, or

23  in any way refer or relate to any citizen complaints against Orange County Sheriff's

24  Department DEPUTIES identified in YOUR response to Special Interrogatory No. 2

25  concerning the sexual misconduct, sexual assault, use of force, dishonesty, unlawful

26  detention, false arrest, the planting of evidence, false statements, or false testimony. To the

27  extent that Defendant contends that this request calls for disclosure of confidential

28

4837-0524-1923.2

19

1   documents, Plaintiff will stipulate to a protective order.

2       (For reference, Special Interrogatory No. 2 asks for the County to identify all OCSD

3   personnel that responded to calls for service to 34021 El Encanto Avenue, Dana Point, CA

4   92629, on or about June 28, 2014.)

5   RESPONSE TO REQUEST FOR PRODUCTION NO. 32

6       Defendant objects to this interrogatory on the grounds it is vague and ambiguous as

7   to "citizen complaints," overly broad in scope and time and is not reasonably calculated to

8   lead to the discovery of admissible evidence. Defendant further objects to this interrogatory

9   on the grounds it seeks information which is confidential, privileged and protected on

10  multiple grounds, including but not limited to the attorney client privilege as codified in

11  State and Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

12  California Govt Code §6254 and their corollaries in Federal statutory and decisional

13  authority; the right to privacy afforded by both the California and United States

14  Constitutions; the Official Information Privilege; the Executive Privilege under Federal

15  decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16  Privilege under California statutory and decisional law.

17      Additionally, this request seeks information, some of which would, if it existed, be

18  within confidential peace officer personnel records, which are protected from disclosure by

19  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the

20  Federal Official Information privilege.

21  REQUEST FOR PRODUCTION NO. 33:

22      Please produce all DOCUMENTS which report, reflect, describe, detail, discuss, or

23  in any way refer or relate to any citizen complaints against Orange County Sheriff's

24  Department DEPUTIES identified in YOUR response to Special Interrogatory No. 10

25  concerning the sexual misconduct, sexual assault, use of force, dishonesty, unlawful

26  detention, false arrest, the planting of evidence, false statements, or false testimony. To the

27  extent that Defendant contends that this request calls for disclosure of confidential

28

1   documents, Plaintiff will stipulate to a protective order.

2       (For reference, Special Interrogatory No. 10 asks for the County to identify all

3   suspects or persons of interest in Case No. 16-077964, the case number assigned to the

4   criminal investigation into the Incident which is the subject matter of this litigation.)

5   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33</u>

6       Defendant objects to this interrogatory on the grounds it is vague and ambiguous as

7   to "citizen complaints," overly broad in scope and time and is not reasonably calculated to

8   lead to the discovery of admissible evidence. Defendant further objects to this interrogatory

9   on the grounds it seeks information which is confidential, privileged and protected on

10   multiple grounds, including but not limited to the attorney client privilege as codified in

11   State and Federal statutes, California Evidence Code § 1040, California Civil Code §47 and

12   California Govt Code §6254 and their corollaries in Federal statutory and decisional

13   authority; the right to privacy afforded by both the California and United States

14   Constitutions; the Official Information Privilege; the Executive Privilege under Federal

15   decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16   Privilege under California statutory and decisional law.

17       Additionally, this request seeks information, some of which would, if it existed, be

18   within confidential peace officer personnel records, which are protected from disclosure by

19   California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the

20   Federal Official Information privilege.

21   <u>REQUEST FOR PRODUCTION NO. 34:</u>

22       Please produce all DOCUMENTS that constitute the personnel file of Orange

23   County Sheriff's Department DEPUTIES identified in YOUR response to Special

24   Interrogatory No. 2, including but not limited to all disciplinary records, from the

25   commencement of those identified DEPUTIES' employment with the COUNTY and/or

26   the Orange County Sheriff's Department to the present. To the extent that Defendant

27   contends that this request calls for disclosure of confidential documents, Plaintiff will

28

1  stipulate to a protective order.

2      (For reference, Special Interrogatory No. 2 asks for the County to identify all OCSD

3  personnel that responded to calls for service to 34021 El Encanto Avenue, Dana Point, CA

4  92629, on or about June 28, 2014.)

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 34

6      Defendant objects to this interrogatory on the grounds it is overly broad in scope and

7  time and is not reasonably calculated to lead to the discovery of admissible evidence.

8  Defendant further objects to this interrogatory on the grounds it seeks information which is

9  confidential, privileged and protected on multiple grounds, including but not limited to the

10  attorney client privilege as codified in State and Federal statutes, California Evidence Code

11  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

12  Federal statutory and decisional authority; the right to privacy afforded by both the

13  California and United States Constitutions; the Official Information Privilege; the Executive

14      Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the

15  Peace Officer Personnel Files Privilege under California statutory and decisional law.

16      Additionally, this request seeks information, some of which would, if it existed, be

17  within confidential peace officer personnel records, which are protected from disclosure by

18  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the

19  Federal Official Information privilege.

20  REQUEST FOR PRODUCTION NO. 35:

21      Please produce all DOCUMENTS that constitute the personnel file of Orange

22  County Sheriff's Department DEPUTIES identified in YOUR response to Special

23  Interrogatory No. 10, including but not limited to all disciplinary records, from the

24  commencement of those identified DEPUTIES' employment with the COUNTY and/or

25  the Orange County Sheriff's Department to the present. To the extent that Defendant

26  contends that this request calls for disclosure of confidential documents, Plaintiff will

27  stipulate to a protective order.

28

1   (For reference, Special Interrogatory No. 10 asks for the County to identify all
2   suspects or persons of interest in Case No. 16-077964, the case number assigned to the
3   criminal investigation into the Incident which is the subject matter of this litigation.)
4   RESPONSE TO REQUEST FOR PRODUCTION NO. 35

5   Defendant objects to this interrogatory on the grounds it is overly broad in scope and
6   time and is not reasonably calculated to lead to the discovery of admissible evidence.
7   Defendant further objects to this interrogatory on the grounds it seeks information which is
8   confidential, privileged and protected on multiple grounds, including but not limited to the
9   attorney client privilege as codified in State and Federal statutes, California Evidence Code
10  § 1040, California Civil Code decisional authority; the right to privacy afforded by both the
11  California and United States Constitutions; the Official Information Privilege; the Executive
12  Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace
13  Officer Personnel Files Privilege under California statutory and decisional law.

14  Additionally, this request seeks information, some of which would, if it existed, be
15  within confidential peace officer personnel records, which are protected from disclosure by
16  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the
17  Federal Official Information privilege.

18  REQUEST FOR PRODUCTION NO. 36:

19  Please produce all DOCUMENTS, including but not limited to writings, notes,
20  reports, video recordings, audio recordings, and other documents of any kind, which
21  describe, detail, discuss, acknowledge, or in any way refer or relate to any investigation(s),
22  evaluation(s), reprimand(s), or administrative review(s) of Orange County Sheriff's
23  Department DEPUTIES identified in YOUR response to Special Interrogatory No. 2 in
24  relation to the INCIDENT. To the extent that Defendant contends that this request calls for
25  disclosure of confidential documents, Plaintiff will stipulate to a protective order.

26  (For reference, Special Interrogatory No. 2 asks for the County to identify all OCSD
27  personnel that responded to calls for service to 34021 El Encanto Avenue, Dana Point, CA
28

1  92629, on or about June 28, 2014.)

2  RESPONSE TO REQUEST FOR PRODUCTION NO. 36

3      Defendant objects to this interrogatory on the grounds it is overly broad in scope and

4  time and is not reasonably calculated to lead to the discovery of admissible evidence.

5  Defendant further objects to this interrogatory on the grounds it seeks information which is

6  confidential, privileged and protected on multiple grounds, including but not limited to the

7  attorney client privilege as codified in State and Federal statutes, California Evidence Code

8  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

9  Federal statutory and decisional authority; the right to privacy afforded by both the

10  California and United States Constitutions; the Official Information Privilege; the Executive

11  Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace

12  Officer Personnel Files Privilege under California statutory and decisional law.

13      Additionally, this request seeks information, some of which would, if it existed, be

14  within confidential peace officer personnel records, which are protected from disclosure by

15  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by

16  the Federal Official Information privilege.

17  REQUEST FOR PRODUCTION NO. 37:

18      Please produce all DOCUMENTS, including but not limited to writings, notes,

19  reports, video recordings, audio recordings, and other documents of any kind, which

20  describe, detail, discuss, acknowledge, or in any way refer or relate to any investigation(s),

21  evaluation(s), reprimand(s), or administrative review(s) of Orange County Sheriff's

22  Department DEPUTIES identified in YOUR response to Special Interrogatory No. 10 in

23  relation to the INCIDENT. To the extent that Defendant contends that this request calls for

24  disclosure of confidential documents, Plaintiff will stipulate to a protective order.

25      (For reference, Special Interrogatory No. 10 asks for the County to identify all

26  suspects or persons of interest in Case No. 16-077964, the case number assigned to the

27  criminal investigation into the Incident which is the subject matter of this litigation.)

28

4837-0524-1923.2

24

JOINT STIPULATION RE MOTION TO COMPEL

RESPONSE TO REQUEST FOR PRODUCTION NO. 37

Defendant objects to this interrogatory on the grounds it is overly broad in scope and time and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege. Without waiving said objections, Defendant produces the following documents bates stamped 000566.

REQUEST FOR PRODUCTION NO. 38:

Please produce all DOCUMENTS, including but not limited to writings, notes, reports, video recordings, audio recordings, and other documents of any kind, which describe, detail, discuss, acknowledge, or in any way refer or relate to any investigation(s), evaluation(s), reprimand(s), or administrative review(s) of Orange County Sheriff's Department DEPUTIES identified in YOUR response to Special Interrogatory No. 2 arising out of any allegation that identified DEPUTIES engaged in the sexual misconduct, sexual advances, or sexual harassment against persons other than PLAINTIFF for the five year period of time preceding the INCIDENT. To the extent that Defendant contends that this request calls for disclosure of confidential documents, Plaintiff will stipulate to a protective order.

1    (For reference, Special Interrogatory No. 2 asks for the County to identify all OCSD

2    personnel that responded to calls for service to 34021 El Encanto Avenue, Dana Point, CA

3    92629, on or about June 28, 2014.)

4    RESPONSE TO REQUEST FOR PRODUCTION NO. 38

5    Defendant objects to this interrogatory on the grounds it is overly broad in scope and

6    time and is not reasonably calculated to lead to the discovery of admissible evidence.

7    Defendant further objects to this interrogatory on the grounds it seeks information which is

8    confidential, privileged and protected on multiple grounds, including but not limited to the

9    attorney client privilege as codified in State and Federal statutes, California Evidence Code

10    § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

11    Federal statutory and decisional authority; the right to privacy afforded by both the

12    California and United States Constitutions; the Official Information Privilege; the Executive

13    Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace

14    Officer Personnel Files Privilege under California statutory and decisional law.

15    Additionally, this request seeks information, some of which would, if it existed, be

16    within confidential peace officer personnel records, which are protected from disclosure by

17    California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the

18    Federal Official Information privilege.

19    REQUEST FOR PRODUCTION NO. 39:

20    Please produce all DOCUMENTS, including but not limited to writings, notes, reports,

21    video recordings, audio recordings, and other documents of any kind, which describe, detail,

22    discuss, acknowledge, or in any way refer or relate to any investigation(s), evaluation(s),

23    reprimand(s), or administrative review(s) of Orange County Sheriff's Department

24    DEPUTIES identified in YOUR response to Special Interrogatory No. 10 arising out of any

25    allegation that identified DEPUTIES engaged in the sexual misconduct, sexual advances,

26    or sexual harassment against persons other than PLAINTIFF for the five year period of time

27    preceding the INCIDENT. To the extent that Defendant contends that this request calls for

28

4837-0524-1923.2

1  disclosure of confidential documents, Plaintiff will stipulate to a protective order.

2  (For reference, Special Interrogatory No. 10 asks for the County to identify all

3  suspects or persons of interest in Case No. 16-077964, the case number assigned to the

4  criminal investigation into the Incident which is the subject matter of this litigation.)

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 39

6  Defendant objects to this interrogatory on the grounds it is overly broad in scope and

7  time and is not reasonably calculated to lead to the discovery of admissible evidence.

8  Defendant further objects to this interrogatory on the grounds it seeks information which is

9  confidential, privileged and protected on multiple grounds, including but not limited to the

10  attorney client privilege as codified in State and Federal statutes, California Evidence Code

11  § 1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in

12  Federal statutory and decisional authority; the right to privacy afforded by both the

13  California and United States Constitutions; the Official Information Privilege; the Executive

14  Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace

15  Officer Personnel Files Privilege under California statutory and decisional law.

16  Additionally, this request seeks information, some of which would, if it existed, be

17  within confidential peace officer personnel records, which are protected from disclosure by

18  California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the

19  Federal Official Information privilege.

20  **III.   PLAINTIFF'S CONTENTIONS**

21  Under the Federal Rules of Civil Procedure, the parties may obtain discovery

22  regarding any matter that is (1) "not privileged" and (2) "relevant to the matter involved

23  in the pending action." *Fed. R.Civ.P.* 26(b)(1). "The information sought need not be

24  admissible at the trial if the information sought appears reasonably calculated to lead to

25  the discovery of admissible evidence." *Id.*  A relevant matter is "any matter that bears on,

26  or that reasonably could lead to other matters that could bear on, any issue that is or may

27  be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

28

27

1  Questions of evidentiary privilege that arise in the course of adjudicating federal

2  rights are governed by principles of federal common law.  *See United States v. Zolin,* 491

3  U.S. 554 (1989)(citing Rule 501 of the Federal Rules of Evidence). "The scope of an

4  evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of federal law.

5  [Citation.] State law may provide a useful reverent, but it is not controlling.  The contention

6  that the doctrine of governmental privilege precludes disclosure of personnel records,

7  whether or not established in California state courts, is not the law of this circuit." *Breed v.*

8  *United States District Court,* 542 F.2d 1114, 1115 (9th Cir. 1976).

9  **A.    Defendants' "General Objections" Are Improper And Their**

10 **Privilege Log Does Not Conform To The FRCP.**

11 It is well settled that all grounds for objections must be stated with specificity.

12 *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981). "When a party withholds

13 information otherwise discoverable by claiming that the information is privileged or

14 subject to protection as trial-preparation material, the party must: (i) expressly make the

15 claim; and (ii) describe the nature of the documents, communications, or tangible things

16 not produced or disclosed—an do so in a manner that, without revealing information itself

17 privileged or protected, will enable the other parties to assess the claim."   FRCP

18 26(b)(5)(A).

19 In *Eureka Financial Corp. v. Hartford Acc. and Indem. Co.,* 136 F.R.D.179,

20 182 (E.D. Cal. 1991). The district court explained:

21 Whether a responding party states a general objection to an entire

22 discovery document on the basis of privilege, or generally assets a privilege

23 objection within an individual discovery response, the resulting "blanket

24 objection" is decidedly improper. This fact should no longer be "news" to a

25 responding party. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540,

26 541-42 (10th Cir. 1984)(holding that a blanket, non-specific attorney-client

27 and work product privilege objection was insufficient and effected a waiver

28

4837-0524-1923.2

28

JOINT STIPULATION RE MOTION TO COMPEL

1    of the privilege); *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.

2    1981)(blanket privilege objection is improper); *Kansas-Nebraska Natural*

3    *Gas Co. v. Marathon Oil Co.,* 109 F.R.D. 12, 23-24 (D.Neb. 1983)(blanket

4    objection based on privilege waives the privilege); *In re Shopping Carts*

5    *Antitrust Litigation,* 95 F.R.D. 299, 305 (S.D.N.Y. 1982)(party asserting a

6    privilege objection must specific the evidence to which the privilege

7    applies).

8        Here, the same rote objections permeate the County's responses. Yet, aside from the

9    blanket objections, the "nature of the documents" is never described.  "Most of defendants'

10   objections are too general to merit consideration and are therefore waived." *Ramirez v.*

11   *County of Los Angeles,* 231 F.R.D. 407, 409 (C.D.Cal. 2005); *See, e.g., DL v. District of*

12   *Columbia,* 251 F.R.D. 38, 43 (D.D.C.2008)(holding ineffective "general objections" even

13   though the request indicated that production was "subject to and without waiving" those

14   objections, because the objections were not presented "with sufficient specificity to enable

15   this court to evaluate their merits"); *Burkybile v. Mitsubishi Motors Corp.,* 2006 WL

16   2325506, *6, 2006 U.S. Dist. LEXIS 57892, *20 (N.D. I11.2006)(collecting cases rejecting

17   "reflexive invocation[s] of the same baseless, often abused litany that the requested

18   discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither

19   relevant nor reasonably calculated to lead to the discovery of admissible evidence"

20   (quotation omitted)); *St Paul Reinsurance Co. Ltd. V. Comm'l Fin. Corp.,* 198 F.R.D. 508,

21   512-13 (N.D. Iowa 2000)(collecting cases holding that "boilerplate objections" asserted

22   "without specificity how each request for production is deficient" are routinely deemed

23   improper objections to discovery requests).

24       Therefore, as a threshold matter, Defendants' objections should be deemed waived.

25       **B.**    **Defendants' Privilege Log Is Deficient.**

26       Parties withholding documents as privileged should identify and describe the

27   documents in sufficient detail to enable the demanding party "to assess the applicability of

28

the privilege or protection." FRCP 26(b)(5).  A privilege log generally should lay out the following: (1) the general nature of the document (without disclosing its contents); (2) the identity and position of its author; (3) the date it was written; (4) the identity and position of all addresses and recipients; (5) the document's present location; (6) the specific reason(s) it was withheld (which privilege claimed, etc.).  *See United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2nd Cir. 1996).

Here, the County's privilege log fails to address the identity and position of all addresses and recipients, the identity of all authors, the identity and position of all addresses and recipients, and document's present location.  Additionally, the County invokes the same boilerplate objections/privileges to justify withholding the documents. (See Defendant County of Orange Privilege Log, attached hereto as "Exhibit F.")

Therefore, the privilege log should be dismissed out of hand. The court has discretion to reject a claim of privilege where an insufficient privilege log is provided. *United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2nd Cir. 1996); *see United States v. British American Tobacco (Investments) Ltd.,* 387 F.3d 884, 890-91 (D.C. Circ. 2004); *Muro v. Target Corp.,* 243 F.R.D. 301, 310 (N.D. IL. 2007).

1. Peace Officer Personnel Files Are Commonly Discoverable in 42 U.S.C § 1983 Actions.

In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents and information from such files are relevant and discoverable.  "This court has held that personnel files are discoverable in federal question cases, including Title VII action, despite claims of privilege." *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1519 fn. 6 (9th Cir. 1987). "As California law plays no part in construing F.R.E. 401 and 402, there is no need to consider state law in determining privilege questions." *Miller v. Pancucci,* 141 F.R.D. 292, 299 (C.D.Ca1.1992). The burden of resisting discovery is on the party-opposing discovery. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (parties opposing discovery are required to carry a heavy

1   burden of showing why discovery should be denied).

2   "[T]he court in *Kelly v. City of San Jose,* 114 F.R.D. 653, 667-68 (N.D.Ca1.1987),

3   concluded that in the context of civil rights... cases against police departments, plaintiffs may

4   suffer great difficulties if courts impose demanding relevancy standards on them. Because it

5   is unlikely that such a plaintiff would know the contents of confidential police files, the court

6   suggests that it should be `sufficient for a plaintiff to show how information of the kind that

7   is likely in the files could lead to admissible evidence.' *Id.* at 667-86." *Soto v. City of

8   Concord,* 162 F.R.D. 603, 610 (1995); *see, e.g., Ceramic Corp. of America v. Inka Mar.

9   Corp.,* 163 F.R.D. 584, 589(C.D.Ca1.1995) ("In recent years, the courts have routinely

10  ordered the production of personnel files of third parties in employment discrimination and

11  police brutality cases."); *Jones v. DeRosa,* 238 F.R.D. 157 (D.N.J.2006)(finding information

12  in defendant police officers' internal affairs and personnel files was relevant and discoverable

13  by an arrestee bringing a civil rights suit.)

14  In *Miller v. Pancucci,* 141 F.R.D. 292 (C.D. Ca1.1992), the district court found that

15  in civil rights actions, documents that pertained to personnel complaints made against

16  officers, training records for officers, psychiatric-psychological records of officers, and

17  internal investigation bureau files relating to the incident were discoverable. "Such

18  documents could arguably be used pursuant to F.R.E. 404(b), 407 or 608(b). Moreover, the

19  requested documents, if they exist, may prove the sort of policy necessary to prevail against

20  Defendant City of San Bernardino under analysis of *Monell* [sic]*l v. New York City Dept of

21  Social Services,* 436 U.S. 658 (1978)." *Id.* at 296.

22  Similarly, in *Ramirez v. County of Los Angeles,* 231 F.R.D. 407, 412 (C.D.Cal 2005),

23  the Court found:

24      Plaintiff's allegations against Bravo individually and LASD are

25      extensive and allege systemic failures. Bravo's history with LASD is an

26      important element of plaintiff's case and such information is not available

27      from other sources. *See, e.g., Taylor v. Los Angeles Police Department,*

28

4837-0524-1923.2

31

1       1999 WL 33101661 at *4 (C.D.Cal 1999)("Complaints against officers...

2      may show, among other things, the character or proclivity of such officers

3      toward violent behavior or possible bias.") Such documents would also help

4      establish a pattern or practice of both Bravo and LASD in situations where

5      professional conduct is called into question. Further, such documents would

6      bear upon LASD's notice of Bravo's previous alleged misconduct and/or

7      responses to such alleged misconduct. For example, complaints or

8      discipline for excessive force are relevant to plaintiff's allegation that Bravo

9      threatened him physically during a custodial interrogation. Finally, it is

10     clear that, at a minimum, such documents are reasonably calculated to lead

11     to the discovery of admissible evidence.

12

13     Further, in *Gibbs v. City of New York,* 243 F.R.D. 95, 96 (S.D.N.Y. 2007), the

14 district court held, "Plaintiffs are presumptively entitled to discovery of documents on prior

15 complaints and police histories of individual defendants because it could yield relevant

16 information." *Id.* at 96. Moreover, the disclosure was mandated for both substantiated and

17 unsubstantiated complaints. *Id.* Additionally, "in camera review should not be routinely

18 conducted because it places a substantial burden on the Court and 'is no substitute to full

19 disclosure to, and review of disputed materials by, a litigant's counsel, who is best

20 positioned to know the party's strategy and assess the relevance *vel non* of the information

21 contained within the disputed materials.'" *Id.* at 96.

22           **i.**     **The Official Information Privilege Is Inapplicable**.

23     Federal common law recognizes a qualified privilege for official information.

24 *Kerr v. U.S. Dist. Ct. for the Northern Dist.,* 511 F.2d 192, 198 (9th Cir. 1975). In

25 determining what level of protection should be afforded by this privilege, courts conduct

26 a case by case balancing analysis, in which the interests of the party seeking discovery

27 are weighted against the interests of the governmental entity asserting the privilege. "In

28

1   the context of civil rights suits against police departments, this balancing approach should

2   be moderately pre-weighted in favor of disclosure." *Soto v. City of Concord,* 162 F.R.D.

3   at 613.

4       *To assert the official information privilege, the applicable party must make a*

5   *preliminary showing.* First, "[t]he asserting party, as in any case where a privilege is claimed,

6   must sufficiently identify the documents so as to afford the requesting party an opportunity

7   to challenge the assertion of privilege." *Miller v. Pancucci, supra,* 141 F.R.D. at 300. Here,

8   Defendants have failed to do so. Defendants simply repeat the same boilerplate objection

9   for each applicable request without any specificity as to the documents allegedly privileged.

10      Second, Defendants have failed to provide a declaration in accord with *Kerr v. U.S.*

11  *Dist. Ct. for the Northern Dist.* To claim the privilege, the invoking party

12  must provide a declaration that contains all of the following:

13      (1) [A]n affirmation that the agency generated or collected the material in

14      issue and has in fact maintained its confidentiality (if the agency has shared

15      some or all of the material with other governmental agencies it must disclose

16      their identity and describe the circumstances surrounding the disclosure,

17      including steps taken to assure preservation of the confidentiality of the

18      material), (2) a statement that the official has personally reviewed the

19      material in question, (3) a specific identification of the governmental or

20      privacy interests that would be threatened by disclosure of the material to

21      plaintiff and/or her lawyer, (4) a description of how disclosure subject to a

22      carefully crafted protective order would create a substantial risk of harm to

23      significant governmental or privacy interest, (5) and a projection of how

24      much harm would be done to the threatened interests if the disclosure were

25      made. *Kelly, supra,* 114 F.R.D. at 670.

26

27

28

1   Here, Defendants failed to provide such a declaration, and should not be
2   permitted to hide behind this privilege.

3   ii.       **The Self-Critical Analysis Privilege Is Inapplicable In This**
4   **Jurisdiction.**

5   "Some district courts that have recognized this privilege have held that the self-
6   critical analysis privilege should not be applied to police personnel files and records of
7   internal affairs investigations in civil rights suits against police officers. *Kelly v. City of San*
8   *Jose,* 114 F.R.D. at 664-66; *see also King v. Conde,* 121 F.R.D. 180 (E.D.N.Y.
9   1988)(endorsing use of *Kelly* approach to the official information privilege while rejecting
10  use of the self critical analysis privilege in case of alleged police brutality)." *Soto v. City of*
11  *Concord,* 162 F.R.D. at 611.

12  The *Kelly* Court held:

13  There is even less reason to believe that the possibility of disclosure to civil
14  rights plaintiffs will discourage citizens from filing complaints against
15  police officers. It is not at all clear that people who feel aggrieved by actions
16  of police officers would even think about the possibility that their complaints
17  might be disclosed to another person who feels aggrieved by police officers.
18  And if they did think about it they presumably would want their complaint
19  to help someone who had suffered from a similar source. A citizen who
20  complains about police misconduct simply is not in the same position as a
21  confidential informant or a citizen who offers information that is potentially
22  damaging to another citizen. The obvious reasons people in the latter
23  categories have for wanting to protect their anonymity simply have no
24  bearing on the behavior of citizens who file complaints against the police
25  themselves. It follows that, in the absence of special circumstances proved
26  by law enforcement defendants, courts should ascribe little weight to a
27  police department's purported interest in preserving the anonymity of citizen

28

complainants. *See, e.g., Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D.Pa. 1973). *Kelly, supra,* 114 F.R.D. at 665.

Regardless, if the *Frankenhauser* test were applied, then disclosure would still be mandated. In weighing these competing interest, the court developed the following ten-factor test:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. *Id.,* at 344; *see also Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1342 (D.C.Cir. 1984); *Urseth v. City of Dayton,* 110 F.R.D. 245, 253 (S.D.Ohio 1986); *Elliot v. Webb,* 98 F.R.D. 293, 297 (D.Idaho 1983).

Here, the ten factor test significantly favors disclosure. There is no indication that disclosure of the information will discourage citizens from giving information. Rather, bring

into light misdeeds the Sheriff's Department deputies serves a great benefit to the public. More importantly, factors (1) and (2) tend to apply to informants, which are not at issue here. In regards to factor (3), disclosure will actually encourage greater government self-evaluation.  Plaintiff was sexually assaulted through no fault of her own. Defendants should explore ways to avoid such a grave violation in the future.

Similarly, civil rights lawsuits have a positive contribution by bringing to light governmental wrongdoing. "[T]he public always has a significant interest in seeing that legal strictures are properly enforced and thus, in a real sense, the public always derives a "benefit" when illegal private or public conduct is rectified." *Flannery v. California Highway Patrol,* 61 Cal.App.4th 629, 635 (1998). Purpose of §1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See, e.g., McKnight v. Rees,* 88 F3d 417 (6th Cir. 1996).

Additionally, under factor (4), the information sought is factual data. Further, since the County of Orange has refused to prosecute Deputy Caropino, there are no criminal charges pending.   It appears that all criminal and internal affairs investigations, and administrative actions against Deputy Caropino have been completed. Plaintiff is unaware of any other on-going investigations. Thus, factor (5) and (6) are inapplicable. In regards to factor (7), it appears that Deputy Caropino is no longer with the department.

Further, it cannot be disputed that Plaintiff's case is not frivolous and the applicable documents are needed for this litigation.  No alternative exists for seeking the information.

Therefore, the Executive Privilege does not apply in this case.

### iii.    The Privacy Objections Are Without Merit.

Defendants' generic assertion of privacy is without merit. Plaintiff does not seek the deputies' home addresses, telephone numbers, social security numbers, or medical records. Plaintiff simply seeks materials that this circuit and courts nationwide have recognized is

1   proper in a 42 U.S.C. § 1983 civil rights case.

2           Plaintiff's need for the requested personnel files and

3   information is great. This Court recognizes that the

4   information contained in police personnel files is unlikely

5   to be available from any other source than Defendants'

6   files.  As established earlier, in civil rights cases against

7   police departments, plaintiffs cannot usually obtain

8   information of comparable quality from any other source.

9   *Kelly,* 114 F.R.D. at 667.  The court in *Kelly* has stressed

10   the strong public interest in uncovering civil rights

11   violations of the type at issue in this case. *Id.* at 660.

12   These interests would be substantially harmed if access to

13   the relevant portions of the requested personnel files were

14   denied.

15           In cases with similar factual situations as the case at

16   bar, district courts in the Ninth Circuit have found that the

17   privacy interests police officers have in their personnel

18   files do not outweigh the civil rights plaintiff's need for the

19   documents.

20   *Soto v. City of Concord, supra,* 162 F.R.D. at 617.

21       **iv.**    **The Attorney Client Privilege Is Inapplicable.**

22   Courts generally formulate the essential elements of the attorney-client

23   privilege as follows:

24       –    "When legal advice of any kind is sought

25       –    from a professional legal advisor in his or her capacity as such,

26       –    the communications relating to that purpose

27       –    made in confidence

28

1          –     by the client,

2          –     are, at the client's instance, permanently protected from disclosure

3      by the client or by the legal advisor, unless protection be waived." *United*

4      *States v. Martini,* 278 F.3d 988,999-1000 (9th Cir. 2002); *In re Richard*

5      *Roe, Inc.,* 68 F.3d 38,39-40 (2nd Cir. 1995).

6          Here, Defendant County of Orange asserts the attorney client privilege in nearly

7  every response to their discovery.  In no instance would the elements above be met as these

8  discussions are not based on the seeking of legal advice by a client from a legal advisor in

9  that capacity. These communications, rather, are a collaboration between law enforcement

10 officials on the criminal and administrative investigations into misconduct of another

11 official.  Further, there is not evidence that the communications would have been made in

12 confidence, nor that an attorney client relationship existed between the parties. Courts hold

13 that communications made to a governmental attorney relating to criminal misconduct are

14 not protected. "[T]o allow any part of the federal government to use attorneys as a shield

15 against the production of information relevant to a federal criminal investigation would

16 represent a gross misuse of public assets." *In re Lindsey,* 158 F.3d 1263, 1274 (DC Cir.

17 1998)(brackets added; internal quotes omitted); *In re Grand Jury Subpoena Duces Tecum,*

18 112 F.3d 910, 921 (8th Cir. 1997)("An official who fears he or she may have violated the

19 criminal law and wishes to speak with an attorney in confidence should speak with a private

20 attorney, not a governmental attorney."; *In re Witness Before Special Grand Jury 2000-2,*

21 288  F.3d  289,  293  (7th  Cir.  2002)(no  privilege  for  state  government  lawyer's

22 communications with state office holder facing grand jury subpoena).

23 **IV.   DEFENDANTS' CONTENTIONS**

24      **a.   State Law Privileges Apply in Federal Question Cases**

25      The plaintiff has improperly interpreted the bases for the objections and the case law

26 cited by Defendant in its discovery responses, as well as the County's position with respect

27 to foundational issues of state law privilege.

28

The question here is not whether state law trumps, or is *controlling* in this matter or on matters where a "federal question" is at issue.  Rather, the enduring rule of law, as explicitly recognized by the Ninth Circuit Court, concerns the applicability of state law privileges in federal question cases.  As a general rule, privileges in such cases are resolved by federal law, but federal courts nonetheless consult state statutes that *do not contradict* federal authorities, since "[s]tate law may provide a useful referent…."  *Breed v. United States Dist. Court*, 542 F.2d 1114, 1115 (9th Cir. 1976).  Federal courts recognize a constitutionally-based right of privacy that trumps discovery requests. *Breed*, supra, 542 F.2d at 1116.

"Although federal courts are not required to apply state privileges law to federal question cases, federal courts may do so in the interest of comity… In determining whether to apply a state privilege, a federal court should first analyze whether application of the state law would be inconsistent with federal law. If the state law is not inconsistent, the federal court should attempt to apply the state privilege in harmony with federal privileges law." *Burrows v. Redbud Cmty. Hosp. Dist.*, 187 F.R.D. 606, 608-09 (N.D. Cal. 1998).

> "None of this means, however, that federal courts should
> wholly ignore state laws, or rights recognized by state
> governments, when analyzing privilege issues in civil
> rights cases. As a matter of comity, federal courts should
> attempt to ascertain what interests inspire relevant state
> doctrine and should take into account the views of state
> authorities about the importance of those interests. When it
> is clear that a desire to ward off civil rights plaintiffs
> played no role in the formulation of state privilege rules it
> would be irrational for a federal court to assume that it
> could learn nothing from state or local views about the
> severity of the problems that could be created if certain

1  kinds of information were available to civil litigants.

2  Likewise, **federal courts generally should give some**

3  **weight to privacy rights that are protected by state**

4  **constitutions or state statutes**."

5  *Kelly v. San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) [*emphasis added*].

6  **b.    Privilege and Privacy Rights re Peace Officer Personnel Records**

7  The central dispute plaintiff raises in this Joint Statement concerns the discoverability

8  of an employee's personnel records, i.e. peace officer personnel files.   Peace officer

9  personnel files are privileged under several California statutes, including but not limited to

10  Evidence Code sections 1043 through 1045, and Penal Code section 832.5, et seq. California

11  Evidence Code section 1043(b)(3) provides that discovery of confidential peace officer

12  personnel records may be obtained only on a showing of good cause, requiring the party

13  seeking the records to set forth the "materiality thereof to the subject matter involved in the

14  pending litigation." California Constitution, Article I, § 1 provides a right a privacy which

15  includes personnel files of employees.

16  Federal law also recognizes a significant privacy interest in personnel files of

17  employees. *BRV, Inc. v. Superior Court*, 143 Cal.App.4th 742, 755-756 (2006)

18  [summarizing California and federal law].  Under federal law, courts "must weigh potential

19  benefits of disclosure against potential disadvantages; if the latter is greater, the official

20  information privilege may bar discovery.  Such balancing should be conducted on a case by

21  case basis, determining what weight each relevant consideration deserves in the fact-specific

22  situation that is before the Court." *Miller v. Pancucci,* 141 F.R.D. 292, 299-300 (C.D.

23  Cal.1992).

24  Federal courts have specifically applied state law privileges to peace officer personnel

25  records in federal cases:

26  "California Government Code section 6254(c) and (f) bar

27  disclosure of personnel files, the disclosure of which

28

1    would constitute an unwarranted invasion of personal

2    privacy, and records of complaints to or investigations

3    conducted by a local police agency. [¶] Federal courts

4    ordinarily recognize a constitutionally based right of

5    privacy can be raised in response to a discovery request. In

6    California, the right to privacy is set forth in Article I,

7    Section I of the California Constitution. It is not an

8    absolute right but a right subject to invasion depending on

9    the circumstances. [¶] The custodian of private

10   information may not waive the privacy rights of persons

11   who are constitutionally guaranteed their protection. [¶]

12   The entirety of the officers' file, and everything related to

13   the officers, are irrelevant to the Monell issues…. A

14   limited area of inquiry of only this information would

15   protect the privacy of other personnel information."

16   *Willis v. Mullins,* 2006 U.S. Dist. LEXIS 35627, 13-15 (E.D. Cal. Feb. 8, 2006).

17   As with personnel files, the privacy rights in other law enforcement files are not

18   inconsequential. *Kelly, supra*, 114 F.R.D. at 660; *Denver Policemen's Protective Ass'n. v.*

19   *Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981); *Martinez v. City of Stockton*, 132 F.R.D.

20   677, 681 (E.D. Cal. 1990). Law enforcement files are afforded greater protection than other

21   records due to privacy rights.

22   For example, a specific privacy based privilege for law enforcement is found in the

23   exceptions to disclosure under the Freedom of Information Act. 5 U.S.C. § 552(b)(7). The

24   purposes of that privilege are, *inter alia*, to prevent disclosure of law enforcement techniques

25   and procedures, to preserve the confidentiality of sources, to protect witness and law

26   enforcement personnel, and to safeguard the privacy of individuals involved in an

27   investigation. *In re Department of Investigation*, 856 F.2d 481, 483 (2d Cir. N.Y. 1988).

28

1    Plaintiff's citation to *Garrett v. San Francisco*, 818 F.2d 1515, 1516 (9th Cir. 1987)

2    for the proposition that personnel files are discoverable, is distinguishable on the facts.  (*See*

3    *Plaintiff's III(B)(1)*).  The Court's discussion in *Garrett* does not suggest that federal courts

4    may disregard state law privileges, and the cases cited therein conclusively demonstrate the

5    Ninth Circuit's preference for enforcing state law privileges which are not inconsistent with

6    federal law.  The privacy rights asserted in the County's responses are protected by both

7    federal and state law.

8    *Garrett* is inapposite for the additional reason that it concerned an employment

9    discrimination case.  In *Garrett,* the plaintiff firefighter sought personnel records of 16

10   firefighters to establish that black firefighters and white firefighters received different

11   disciplinary sanctions for same or similar offenses—i.e., disparate treatment. The District

12   Court denied the plaintiff's motion to compel as being moot, and the Ninth Circuit reversed

13   the trial court's ruling, but there was no substantive finding that state law privileges can or

14   should be ignored.  In fact, the appellate court did not address the merits of the plaintiff's

15   discovery motion or discuss why the personnel files were discoverable. Rather, the Ninth

16   Circuit recognized that the plaintiff's discovery motion sought the type of evidence that is

17   typically relevant to a disparate treatment case, and thus, it was error for the trial court to

18   grant summary judgment for the defendants without first addressing the merits of the

19   plaintiff's discovery motion.

20

21   Plaintiff's reference to *Blankenship v. Hearst Corp.,* 519 F.2d 418 (9th Cir.

22   1975), is nonsensical in the context of this dispute. *Blankenship* did not involve

23   interrogatories or production of employment records. In fact, the dispute did not

24   involve production of any documents at all. The question in that case was whether

25   the court could issue a protective order precluding the deposition of an apex officer

26   (the publisher of a newspaper) in an antitrust case alleging price-fixing. The

27   defendants argued the publisher's knowledge would be repetitive of information the

28

42

1   plaintiff had already obtained from other sources, but the plaintiff countered that the

2   publisher occupied an important position in the company and was likely to have

3   unique knowledge about the alleged price-fixing. Plaintiff offers no explanation how

4   *Blankenship* aids her quest for unrestrained access to documents and information

5   about non-parties who did not witness the incident and had no involvement with it.

6        Curiously, and without any explanation, Plaintiff cites *Ceramic Corp. of Am.*

7   *v. Inka Mar. Corp.*, 163 F.R.D. 584 (C.D. Cal. 1995). That case was vastly different

8   from this one, and the line Plaintiff cites from the opinion was made without any

9   supporting evidence. *Inka Mar* was a business dispute between several investors in a

10  maritime venture. The plaintiffs designated an expert witness and the defendants

11  subpoenaed his former employer to obtain information about his employment and

12  qualifications as an expert witness. The expert moved to quash the subpoena and

13  sought a protective order precluding production of his employment records. The

14  court made the statement you quote, that "[i]In recent years, the courts have

15  routinely ordered the production of personnel files of third parties in employment

16  discrimination and police brutality cases." *Id*. at 589. However, the court followed

17  that statement by citing only *employment discrimination* cases where personnel files

18  were discoverable. The court did not cite a single "police brutality" case where such

19  documents were found discoverable. The court resolved the dispute before it by

20  granting the motion to quash in part, and ordering that only records bearing on the

21  expert's "reprimands or disciplinary proceedings against him" or similar

22  employment records during a four-year period of his employment. *Id*. at 589-590.

23  Certainly *Inka Mar* does **not** stand for the proposition that personnel files of anyone

24  other than the designated expert would be discoverable, and that case did **not** permit

25  broad access to the expert's employment records beyond the specified categories.

26  *Inka Mar* stands for nothing other than the proposition that where an expert is

27  designated in a complex maritime action, a small sampling of that expert's

28

1  employment records are discoverable if they bear on his qualifications to opine on

2  the maritime issues. *Inka Mar* did not hold and does not suggest anything else is

3  routinely discoverable in any other context.

4      The plaintiff in *Jones v. Derosa*, 238 F.R.D. 157 (D.N.J. 2006), was a

5  passenger in a vehicle and he contended the driver violated no traffic laws but the

6  defendant police officers stopped the vehicle solely because the plaintiff and the

7  driver were both black. The plaintiff further claimed the defendant officers detained

8  and questioned them without any probable cause, and the officers found drugs in the

9  car only after searching the vehicle without consent or probable cause. The plaintiff

10  spent five months in jail awaiting trial on the drug charges, but all charges against

11  him were suddenly dropped. In the resulting civil rights lawsuit the plaintiff

12  subpoenaed internal affairs reports from the police department, but the subpoena

13  sought not only the defendant officers' files but also internal affairs reports for other

14  officers who were not parties and who were not present at or involved in the traffic

15  stop. The court rejected the plaintiff's attempt to obtain records of non-party

16  officers. *Id.* at 166.

17      *Jones* is distinguishable in several respects. First, the plaintiff in *Jones* was

18  actually arrested and spent five months in jail before being released when the drug

19  charges were simply dismissed without any explanation. The plaintiff was falsely

20  arrested and deprived of liberty for five months. Second, he contended the officer

21  defendants' actions were racially motivated. He claimed the defendants had "pulled

22  alongside the vehicle and stared at both occupants" for no reason and then tailed the

23  vehicle for two miles before pulling the vehicle over for no reason (the defendant

24  officer claimed the vehicle swerved partially into the lane to the right). In light of

25  the allegations of racial bias, the Court's Order in *Jones* to produce all internal

26  affairs investigations of the defendant officers appeared warranted. Like the

27  disparate treatment claim alleged in *Garrett, supra*, the only evidence bearing on the

28

1   prejudice issue was the race of others who had complained against the defendant

2   officers. It bears noting that *Jones* allowed production only of files pertaining to the

3   defendants, and the court explicitly rejected the plaintiff's request for files of non-

4   party officers who were not present at the scene of the incident.

5       *Ramirez v. Cty. of L.A.*, 231 F.R.D. 407 (C.D. Cal. 2005), is a perfect example

6   of the principle that the scope of discovery will vary depending on the

7   circumstances of the case. The plaintiff in *Ramirez* was a special education teacher

8   who was arrested for kidnapping and attempted rape of a teenage girl. Due to the

9   arrest and the resulting criminal prosecution the plaintiff spent ten months in jail and

10   lost his teaching job, and he was subject to public ridicule and humiliation. He was

11   acquitted in the criminal case, however, and the court went so far as to make a

12   finding of factual innocence. In the subsequent civil rights action the plaintiff

13   alleged the defendant deputy who arrested the plaintiff had concealed and

14   misrepresented information in order to obtain the search and arrest warrants, had

15   withheld exculpatory information, gave the prosecutor false and misleading

16   information, and intimidated the plaintiff with threats of physical harm during a

17   custodial interrogation. The plaintiff alleged the defendant deputy had been

18   improperly trained due to constitutionally defective policies and procedures of the

19   sheriff's department.

20       At issue in *Ramirez* were inspection demands propounded to the sheriff's

21   department seeking: citizen complaints and resulting discipline against the

22   defendant deputy for improper conduct; departmental complaints against the

23   defendant deputy for improper conduct as well as consequent discipline; and

24   disciplinary action taken against the defendant deputy arising out of the underlying

25   criminal prosecution of the plaintiff.  Contrast the situation in *Ramirez* with the

26   instant case. Plaintiff was neither arrested nor prosecuted. She did not lose her job,

27   she was not incarcerated or interrogated, and she did not suffer any public ridicule,

28

humiliation or embarrassment as a result of the incident. No evidence against her was falsified, and no exculpatory evidence was concealed. Thus, although the broad request for any and all complaints against the defendant deputy in *Ramirez* was justified by the vastly different allegations in that case, Plaintiff's similarly broad request for all investigations of misconduct cannot be justified in this case. The parties' claims and defenses do not warrant such wholesale invasion of the privacy rights of individuals who are not defendants in this matter and who are not alleged to have infringed Plaintiff's rights. Such discovery is not proportional to the needs of this case or to the importance of the information in resolving the issues. Also note the plaintiff in *Ramirez* did not seek records of any deputy other than the defendant who investigated and arrested the plaintiff and who provided false and/or misleading information to the prosecutor.

Plaintiff's reliance on *Gibbs v. City of N.Y.*, 243 F.R.D. 95 (S.D.N.Y. 2007), is misplaced because that case involved facts similar to *Ramirez, supra*. Although the opinion in *Gibbs* was only a memorandum opinion, thus devoid of a detailed explication of the facts, the plaintiff in that section 1983 case alleged "false arrest, unlawful retaliation, excessive force, assault, battery, fabricated evidence, and malicious prosecution." *Id*. at 95. This suggests the plaintiff in *Gibbs* was falsely arrested (by use of excessive force) and prosecuted, and he plainly contended the defendant officers fabricated evidence and otherwise prosecuted him without reasonable cause to believe he was guilty of the charged offense(s). It would appear the charge(s) against the plaintiff were dropped or the plaintiff was found not guilty, since "[o]ne element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) [dismissing malicious prosecution action because plaintiff had been convicted]. Thus *Gibbs* was factually dissimilar from the case at bar. And it is again notable that, as with many of the other authorities

1  Plaintiff cites, the plaintiff in *Gibbs* sought prior complaints against only the

2  defendant officers who arrested him, and only if those complaints alleged similar

3  misconduct: "Plaintiff has requested production of all Civilian Complaint Review

4  Board (CCRB) records, Internal Affairs Bureau (IAB) records, and internal NYPD

5  disciplinary records concerning the two individual defendant police officers that

6  involve allegations of false arrest, false imprisonment, retaliation, malicious

7  prosecution, abuse of authority, excessive force, assault, battery, fabrication of

8  evidence, false swearing, false testimony, and dishonesty." *Id*. at 95. Because

9  Plaintiff's interrogatories at issue seek information about non-parties, the *Gibbs*

10  decision does not further Plaintiff's argument.

11      Moreover *Gibbs*, as did *Ramirez* and *Miller*, above, also held prior complaints

12  against the defendant officers must be factually similar to the pending dispute in

13  order to be discoverable. "[I]f the allegations before the CCRB are wholly unrelated

14  to the actions alleged in the complaint, their relevance is too tenuous to allow

15  discovery." *Id*. at 96. Indeed, the court's final order was that the "defendants are

16  directed to produce to the plaintiff all CCRB, IAB, and NYPD disciplinary records

17  dealing with the individual defendants that involve allegations *similar in nature* to

18  the actions alleged in the complaint," subject to an appropriate protective order.

19  *Ibid*. [emphasis added]. Again this order differs significantly from the order Plaintiff

20  seeks in this case. She seeks information about any and all allegations of

21  misconduct, even they are wholly dissimilar to Plaintiff's allegations. Second, she

22  seeks information not just about Defendant Caropino but about any employee (not

23  just deputies) of the Orange County Sheriff's Department. Neither *Gibbs* nor any of

24  Plaintiff's other authorities support such broad, sweeping discovery about

25  individuals were not present at, or in any way involved in, the incident.

26      **c.    Special Interrogatories in Dispute**

27      The central issue for each Special Interrogatory in dispute (Nos. 9, 12, 14, 16, 18, 19,

28

47

20, 21, 22 and 23) is whether plaintiff has a right to unfettered access of an employee's personnel files, based upon the simplistic argument that peace officer files are relevant and discoverable, despite claims of privilege. (*See Plaintiff's Section III(B)(1)*)

In this instance, the County maintains its objections to each of the interrogatories in dispute are proper.

### i.   <u>Special Interrogatory No. 9</u>

Special Interrogatory No. 9 requests the County "identify" each person interviewed by the Orange County Sheriff's Department personnel as part of the investigation for Case No. 16-077964.

This overbroad request disregards the privacy rights of individuals and third parties whose identities would be compromised from this disclosure. The request appears to be a fishing expedition to identify each and every individual who were contacted as part of the OCSD investigation. However, plaintiff provides no factual or legal basis as to why the identity of all persons interviewed might be reasonably calculated to lead to the discovery of admissible evidence. Simply stating that the records might be relevant and discoverable is insufficient to justify the discovery. Plaintiff cites to no federal authority compelling disclosure under this broad-based category.

For example, third party individuals who have complained about sexual assault are given significant privacy protections that could be infringed by this request. Numerous authorities recognize the importance of protecting sexual assault victims. *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F. 3d 869, 872 (7th Cir. 1997) ["fictitious names are allowed when necessary to protect the privacy of … rape victims, and other particularly vulnerable parties or witnesses"]. "[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). The Supreme Court has even acknowledged that "rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy." *Michigan v. Lucas*,

500 U.S. 145, 150 (1991).  Where, as here, there is "no overriding penalogical interest," the privacy of sexual assault victims are given paramount protection. *Block v. Ribar*, 156 F. 3d 673, 686 (6th Cir. 1998); Fed. R. Evid. 412.

In sum, the disclosure of witness identities invades each witness' privacy rights for the reasons stated above.  Plaintiff provides no state or federal law to compel the disclosure of identities of all persons/witnesses who were interviewed by OCSD.  The request is simply too broad, and is representative of a complete disregard for the privacy rights of third parties and public citizens at large.

### ii. Special Interrogatory Nos. 12, 14, 16, 18, 19, 20, 21, 22 and 23

Each of these interrogatories seeks information about OCSD policies relating to "sexual activity" and instances in which an OCSD employee violated said policies.[2]

As noted in Footnote 1 (below), each request is overbroad in scope and time.  None of these categories of interrogatories properly define what is encompassed in, or would be considered, "sexual activity", "on duty", "detained persons", "recently detained persons"

---

[2] No. 12 requests the County "identify" each instance of an OCSD employee who violated policy re sexual activity while on duty.

No. 14 requests the County "identify" each instance of an OCSD employee who violated policy re sexual activity with detained persons.

No. 16 requests the County "identify" each instance of an OCSD employee who violated policy re sexual activity with recently detained persons.

No. 18 requests the County "identify" each instance of an OCSD employee who violated policy re off-duty sexual activity with persons recently detained while on-duty.

No. 19 requests the County "identify" the number of allegations/complaints of misconduct by OCSD employee in the last 5 years.

No. 20 requests the County "identify" whether investigations were conducted of the misconduct stated in No. 19, and the description of each investigation.

No. 21 requests the County "identify" any changes made to OCSD policies or procedures relating to the investigations stated in No. 20.

No. 22 requests the County "identify" each instance of an OCSD employee who violated the policy changes stated in No. 21.

No. 23 requests the County "identify" changes made to OCSD policies and procedures following the sexual misconduct relating to Deputy Jennifer Tamara McClain.

1    and the like.  Each interrogatory (and its progeny) is hopelessly vague, overly broad, and

2    compound, thus rendering each request impossible to answer.

3        For example, Special Interrogatory no. 12 seeks the identity of each and every OCSD

4    *employee* (not just deputies or peace officers) who purportedly violated the policy identified

5    in response to Special interrogatory no. 11, which asks for any OCSD "policy relating or

6    referring to sexual activity while on duty."  Additionally, interrogatory no. 12 also is not

7    limited to any particular time frame, thus making it overly broad in time and scope.

8        Each of the succeeding interrogatories at issue suffer from the same vagueness and

9    ambiguity, rendering each incoherent and impossible to respond. Interrogatory no. 14 is

10   similarly deficient because it asks the identities of OCSD employees who violated any policy

11   pertaining to "sexual activity with detained persons."  Interrogatory nos. 16 and 18 are

12   virtually identical (No. 16 seeks the same information regarding "sexual activity with

13   recently detained persons," while no. 18 applies to "off-duty sexual activity with persons

14   recently detained while on-duty.").

15       Although interrogatory no. 19 limits the time to "allegations or complaints of sexual

16   misconduct" to "the last five years," this query is still objectionable because it does not

17   define "sexual misconduct" and it encompasses all "ORANGE COUNTY SHERIFF's

18   DEPARTMENT personnel…." The term "personnel" is not defined, leaving the County to

19   guess which individuals may or may not be included in this category. The problems inherent

20   in interrogatory no. 19 also infect interrogatory nos. 20, 21 and 22, since they all pertain to

21   investigations of "allegations or complaints of sexual misconduct by ORANGE COUNTY

22   SHERIFF's DEPARTMENT personnel in the last five years."

23       Each of these interrogatories are objectionable and cannot reasonably lead to the

24   discovery of admissible evidence.  As an example, disclosing the identity of every

25   "employee" that might be responsive to Interrogatory no. 12 would indeed violate the

26   privacy of individuals/non-parties who purportedly engaged in some ambiguous, undefined

27   "sexual activity while on duty".  Yet, notwithstanding such disclosure, the information

28

1    *would not* tend to make the Plaintiff's claims against Nicholas Caropino and the County of

2    Orange on *Monell* liability any more probable.

3       Establishing *Monell* liability requires a "pattern of similar constitutional

4    violations…." *Connick v. Thompson*, 563 U.S. 51, 62, 131 S. Ct. 1350, 1360 (2011); *Castro*

5    *v. Cnty. of L.A.*, 797 F.3d 654, 671 (9th Cir. 2015). These interrogatories broadly seek

6    evidence of any and all instances of undefined "sexual activity," which is not sufficient to

7    establish liability under *Monell*. "At the very least there must be an affirmative link between

8    the policy and the particular violation alleged." *Oklahoma v. Tuttle*, 471 U.S. 808, 823

9    (1995). Inquiring into violations of any and all "sexual activity" policies is too broad.

10      As another example, Interrogatory no. 23 seeks evidence of revisions to OCSD's

11    policies regarding "sexual misconduct," which itself constitutes non-admissible subsequent

12    remedial measures. Interrogatory nos. 21 and 22 also suffer from the same deficiencies.

13    While Fed. R. Civ. P. 26(b)(1) permits discovery of a matter even if it is not itself admissible,

14    the discovery must be reasonably calculated to lead to admissible evidence that is relevant

15    to a party's claim or defense and proportional to the needs of the case. The "policies"

16    regarding detained persons are also irrelevant because Plaintiff was not detained in the

17    instant action. There are simply no grounds for invading the privacy rights of OCSD

18    personnel who may have violated some inapplicable and undefined policies at some point

19    in time in OCSD's history.

20      In sum, these interrogatories are simply too broad, invade the privacy of each and

21    every individual who have been employed by OCSD over a great expanse of time, and the

22    information being sought is of no evidentiary value other than to serve as a fishing expedition

23    for the plaintiff.

24      **d.**    **County's Privilege Log is Proper and in Compliance with the**

25          **Fed. R. Civ. Proc.**

26      The essence of plaintiff's argument is that County's Privilege Log should be outright

27    "dismissed" because County asserts blanket objections and does not sufficiently identify the

28

1  withheld documents in detail.  Neither argument properly describes County's Privilege Log,

2  which is in compliance with Fed. R. Civ. P. 26(b)(5).

3  County's Privilege Log includes each category of information which is described in

4  sufficient detail so that the demanding party is able to "assess the applicability of the

5  privilege or protection".  Fed. R. Civ. P. 26(b)(5).  Contrary to plaintiff's argument, the

6  Privilege Log contains: (1) the general nature of the document; (2) the identity and position

7  of its author; (3) the date it was written; (4) the identity and position of recipients; and the

8  (5) specific reason it was withheld.

9  Plaintiff finds fault with the "boilerplate" objections contained in County's Privilege

10  Log.  However, each objection is proper and appropriately identifies the privilege claimed,

11  and the legal basis for the objection.  Plaintiff's disagreement with the position taken by

12  County should not render the Privilege Log deficient.  Additionally, plaintiff provides no

13  relevant case authority for requesting that the privilege log be "dismissed out of hand".

14  Finally, plaintiff contends that County failed to include a category giving description

15  of the document's present location.  This is an absurd position and does not give credence

16  to plaintiff's argument that County's Privilege Log is deficient and should be "dismissed".

17  Pursuant to Fed. R. Civ. P. 34(a)(1), inspection demands can seek only documents in the

18  responding party's "possession, custody or control".  Thus documents the County withheld

19  and described in the Privilege Log are within the County's "possession, custody or control."

20  Plaintiff's argument that County failed to identify the present location of the subject

21  documents is ludicrous and illogical.  The fact that plaintiff raises this as a basis to attack

22  County's Privilege Log speaks volumes as to the lack of genuineness of plaintiff's position.

23  Notwithstanding the absurdity of plaintiff's position, County is agreeable to

24  supplementing its Privilege Log to include the category of information identifying the

25  "location" of the documents.

26  **e.    Request for Production in Dispute**

27  Plaintiff fails to address each category of document demand in dispute (Demand Nos.

28

1   3, 4, 5, 6, 8, 17, 21, 28, 29, 32, 33, 34, 35, 36, 37, 38, 39) and why plaintiff is entitled to the
2   production.

3   Plaintiff's cites numerous authorities that do not support a broad-based production of
4   employee/personnel records of individuals who bear no relation to the lawsuit, nor, under
5   *Monell,* to the particular constitutional violation at issue.  Indeed, a review of the categories
6   of demands below demonstrates that plaintiff seeks information well beyond the scope of
7   the constitutional violation at issue, and seeks information of private citizens, OCSD
8   personnel, and of deputies who have no relation to the subject lawsuit.

9   The personnel files of non-party deputies are private and strictly protected by multiple
10  federal and state privileges; plaintiff provides no case authority to support the production of
11  employee files of non-party employees who bear no relation to the subject dispute.

12  "Federal common law recognizes a qualified privilege for official
13  information. Government personnel files are considered official information.
14  To determine whether the information sought is privileged, courts must weigh
15  the potential benefits of disclosure against the potential disadvantages. If the
16  latter is greater, the privilege bars discovery. [¶] The relevance of [a]
17  discovery request for employment data is undisputed. Most of the relevant
18  information, however, could have been developed by interrogatories…. While
19  [personnel] files are not absolutely privileged, the confidential nature of the
20  employee personnel files suggests that opening the files to the plaintiffs for a
21  general search could reach well beyond the legitimate inquiries necessary to
22  this litigation…."

23  *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990) [upholding
24  order denying production of personnel files; "[f]ocused discovery could have been
25  employed"]. The *Sanchez* balancing test "is appropriate when the disclosure of law
26  enforcement files in a civil action is at issue." *Doubleday v. Ruh,* 149 F.R.D. 601, 609 (E.D.
27  Cal. 1993). Plaintiff's position fails to address the basis for inquiry into documents the Ninth
28

1   Circuit has expressly recognized as being "confidential" and protected by the Official

2   Information privilege.

3        Courts have adopted the "Colorado test" for determining whether information

4   contained in police officer personnel files is "of such a highly personal or sensitive nature

5   that it falls within the zone of confidentiality." *Flanagan v. Munger*, 890 F.2d 1557, 1570

6   (10th Cir. 1989).  Under this test the court must consider (1) if the party asserting the right

7   has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest,

8   and (3) if disclosure can be made in the least intrusive manner.  *Denver Policemen's*

9   *Protective Asso., supra,* 660 F.2d at 435 [citing *Martinelli v. District Court in and for the*

10  *City and County of Denver*, 199 Colo. 163, 612 P.2d 1083, 1091 (1980)]. The court "must

11  weigh potential benefits of disclosure against potential disadvantages; if the latter is greater,

12  the official information privilege may bar discovery. Such balancing should be conducted

13  on a case by case basis, determining what weight each relevant consideration deserves in the

14  fact-specific situation that is before the Court." *Miller, supra,* 141 F.R.D. at 299-300.

15       As recognized in *Lichtenstein,* 660 F.2d 432, 435 (10th Cir. 1981) and *Sanchez v.*

16  *City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990) [upholding order denying

17  production of personnel files], relevant information can be obtained by interrogatories or

18  other more focused and less intrusive discovery methods than producing personnel files of

19  deputies who were not involved in the incident and who are not parties to this action.  That

20  the other deputies are not parties magnifies the protection given to their personnel files.

21  Where, as here, a request seeks personnel files of officers who are not parties, their privacy

22  interests are given paramount concern.  *Soto v. City of Concord,* 162 F.R.D. 603, 614-15

23  (N.D. Cal. 1995).

24       While a portion of the defendants' records may have some relevance, the personnel

25  files of ***non-party officers*** who were present at the scene are more protected. "It is the

26  privacy rights of these officers that concern the court." *Hampton v. City of San Diego,* 147

27  F.R.D. 227, 230 (S.D. Cal. 1993). *Soto* also acknowledged this same concern "for the

28

1  privacy of those non-party officers involved at the scene of the incident." *Soto, supra,* 162

2  F.R.D. at 617.  An overly broad and invasive document request will always be rejected in

3  favor of focused discovery in such instances, and the authorities you cite do not justify your

4  requests.

5            **i.**     **Request for Production Nos. 3, 4**

6        Request no. 3 seeks "all DOCUMENTS … which report, memorialize, summarize,

7  reflect, depict or in any way discuss any statements given by any witnesses" in connection

8  with the INCIDENT, and request no. 4 seeks "audio recordings" of such statements.

9  Additionally, the objections asserted in Defendant's responses are proper. These demands

10  are indeed "vague and ambiguous."  Notwithstanding, and in response to both requests, the

11  County produced Bates no. 000566 (which Plaintiff purportedly attaches as Exhibit "F" to

12  the Joint Statement).

13        Plaintiff now seeks documents that go well beyond the scope of these requests as she

14  seeks the entire "criminal investigation" file, despite the fact the requests herein plainly and

15  specifically seek only "audio recordings" and documents that refer to "witness"

16  "statements." A plain reading of the requests do not support any basis to expand the requests

17  to include the entire criminal investigation file; no such requests have been made.

18            **ii.**     **Request for Production Nos. 5**

19        This request seeks all documents evidencing "any contact" between "any Orange

20  County Sheriff's Department DEPUTY or INVESTIGATOR and any witness to the

21  INCIDENT."  The materials sought here only pertain to those relating to "contact" between

22  deputies/investigators and witnesses to the incident.  Again, Plaintiff is not entitled to the

23  entire personnel files of any deputy or investigator.

24        Plaintiff's citation to *Garrett, supra,* for the generalized proposition that "peace

25  officer personnel files are commonly discoverable in 42 USC §1983 claims" has no

26  application to this category of request.  Furthermore, there are no known "witnesses" to the

27  "INCIDENT", thus plaintiff's request for documents evidencing any "contact" with

28

"witnesses" simply do not exist.

### iii.   <u>Request for Production Nos. 6, 8, 17</u>

The sum of request nos. 6 and 8 seeks documents relating to the incident (no. 6) and to OCSD Case no. 16-077964 (no. 8).  Request no. 17 seeks documents identified in the County's response to interrogatory no. 7 (which asks for identification of writings which refer to OCSD Case no. 16-077964).  The objections asserted by County are proper.  The County may assert privacy rights recognized by both federal and state courts, and it is allowable to cite state court cases.  Citing state cases does not lessen the applicability of privacy objections and, as set forth above (Section (IV(a), (b)), the relevant state-law privacy concerns are consistent with federal privacy protections, and will be recognized here. *Stone v. Vasquez,* No. 1:05-CV-1377-JAT. (E.D. Cal. Sep. 3, 2009) [federal courts, while not bound to follow the state law privileges, should give weight to the privacy rights protected by state constitutions and statutes].

Federal courts recognize a constitutionally-based right of privacy that can be asserted in response to discovery requests, and those privacy rights are given serious weight when disclosure of law enforcement files is at issue. *Breed, supra,* 542 F.2d at 1116; *Kelly, supra,* 114 F.R.D. at 660; *Denver Policemen's Protective Ass'n, supra,* 660 F.2d at 435; *Martinez, supra,* 132 F.R.D. at 681.  *Garrett, supra,* as cited by the plaintiff does not aid her position in the case at bar as *Garrett* is factually distinguishable.

Plaintiff's desire for private and highly sensitive information about Deputy Caropino, third parties, and witnesses, exceeds the scope of permissible discovery in this action.

### iv.   <u>Request for Production Nos. 21, 28, 29</u>

Each of these requests are utterly confusing, compound (as they refer to one or more interrogatories), thus making each request vague, ambiguous and unintelligible as the responding party is required to make sense of 2-3 special interrogatories, read in conjunction with the particular demand, to decipher what is being requested.

The demands here do not appropriately limit the request to what is pertinent to this

1  lawsuit—that is seeking only past misconduct attributable to *Caropino*—however, each

2  demand is overbroad in scope and time, and seeks every instance in which *any OCSD*

3  *employee or other "personnel"* violated any policy relating or referring to "sexual activity

4  while on duty" (No. 21),  "sexual misconduct in the last five years" (No. 28), and seeks a

5  description of "investigations" relating to "sexual misconduct in the last five years" (No.

6  29).

7  Requiring County to respond to each of these demands would require it to cull a

8  burdensome amount of private personnel records of ***all OCSD employee/personnel*** over an

9  ***unlimited period of time*** (only nos. 28 and 29 contains a 5-year limitation) for private

10  information of each OCSD employees (not just uniformed deputies) to determine if a

11  vaguely described policy was violated.  To enforce the County's compliance with these

12  demands is simply engendering an exercise in futility, as the highly sensitive, private

13  information that is sought here bears no relation or relevance to the lawsuit at issue.

14  Plaintiff provides no explanation in her Joint Statement *why or how* the discovery

15  of *all OCSD employee/personnel* (not limited to any particular peace officer) files is

16  reasonably calculated to lead to the discovery of admissible evidence.

17  **v.      Request for Production Nos. 32, 33**

18  Request no. 32 seeks documents relating to any "citizen complaints" against any of

19  the responding deputies to the June 28, 2014 El Encanto call for service.  This request is a

20  fishing expedition for information relating to other deputies who bear no relation to this case.

21  First, the three Responding Deputies (other than Caropino) are not alleged to have

22  committed any wrongdoing, and were not involved in the purported sexual assault of Ms.

23  Curtin.

24  There is no basis to produce their personnel file, nor is there any basis to permit

25  plaintiff's fishing expedition as a means to determine if these unrelated deputies engaged in

26  any "use of force, dishonesty, unlawful detention, false arrest, the planting of evidence, false

27  statement, or false testimony." Plaintiff makes no such allegations in the Complaint as to the

28

1  three deputies, and there is no basis to disclose their personnel records under these fact

2  allegations.  As noted above, *Monell* requires "similar constitutional violations" of which

3  there are none here as to the three deputies.

4  Request no. 33 fails for the same reason.  The demand seeks documents relating to

5  any "citizen complaints" against OCSD deputies who were "suspects or persons of interest

6  in Case Number 16-077964."  Again, because Plaintiff has alleged it was solely Deputy

7  Caropino who allegedly committed the assault, there is legal basis for seeking the production

8  of personal employee files of unrelated deputies. The request exceeds the bounds of

9  permissible discovery by seeking complaints against third party deputies for unrelated

10 misconduct, including "use of force, dishonesty, unlawful detention, false arrest, the planting

11 of evidence, false statements, or false testimony."

12        **vi.   Request for Production Nos. 34, 35, 36, 37, 38,and 39**

13        The remaining request nos. 34, 35, 36, 37, 38 and 39 are overbroad and unnecessarily

14 impinge on the privacy of OCSD personnel by seeking the "personnel file" of the

15 Responding Deputies as well as all deputies who were "suspects or persons of interest in

16 Case Number 16-077964."

17        Plaintiff fails to employ less intrusive means of discovery (as discussed in *Sanchez,*

18 *supra*), and paints with a broad brush when utilizing a no-holds bar approach to her

19 discovery demands.  The law is clear, plaintiff is not entitled to haphazardly seek information

20 of any and all OCSD personnel records, simply to establish some smoking gun theory as to

21 a particular deputy's commission of an alleged assault.

22 **V.    MEET & CONFER**

23        **A.    Plaintiff**

24        On or about December 15, 2016, Plaintiff's counsel sent a written meet and confer

25 letter in advance of a conference of counsel. This letter spelled out the legal basis for the

26 discovery. On or about, January 12, 2017, Defendants responded to the letter by sending

27 their own letter outlining their own position and asserting that no further discovery

28

1   responses would be provided. Pursuant to Local Rule 37-2.1, a true and correct copy of

2   Initial Case Order, dated 3/31/2016, and Order Continuing Trial, dated 12/14/2016 are

3   attached as "Exhibit G."

4       **B.    Defendant**

5       Defendant County herein attaches its 12-page response meet and confer letter,

6   dated January 13, 2017, which sets forth in detail the factual and legal basis to support

7   of County's responses and objections to the subject disputed discovery (Special

8   Interrogatories and Demand for Documents).

9       With respect to the Privilege Log, Defendant County is also agreeable to

10  provide a supplemental Privilege Log to include information as to the location of the

11  withheld documents.  As to other categories in the Privilege Log, the information

12  provided is thorough and sufficiently apprises the demanding party of the descriptive

13  nature of documents, authorship, and the relevant objection as to the documents

14  withheld.

15  //

16  //

17  //

18  //

19  //

20  Dated: February 17, 2017                              **Jass Law**

21

22

23

24

25  _____

26  Jeremy Jass, Esq.
    *Attorney for Plaintiff*,
    ALEXA CURTIN

27

28

59

1

2    DATED: February 21, 2017

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DANA ALDEN FOX
DAWN M. FLORES-OSTER
BARRY HASSENBERG
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    _/S/_____
        Dana Alden Fox
        Attorneys for Defendant COUNTY OF
        ORANGE