# Exhibit E

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANA ALDEN FOX, SB# 119761
2    E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
3    E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
4    E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant COUNTY OF
ORANGE

8

9                  UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  ALEXA CURTIN,                          CASE NO. 8:16-cv-00591-SVW-PLA
                                           The Hon. Stephen V. Wilson
13            Plaintiff,
                                           **COUNTY OF ORANGE'S**
14      vs.                                **RESPONSE TO PLAINTIFF'S**
                                           **INTERROGATORIES, SET ONE**
15  COUNTY OF ORANGE; and DOES 1
    through 50,
16                                         Trial Date:    January 17, 2017
              Defendants.
17

18  PROPOUNDING PARTY:     Plaintiff, ALEXA CURTIN

19  RESPONDING PARTY:      Defendant, COUNTY OF ORANGE

20      SET NUMBER:        ONE

21      COMES   NOW   defendant   COUNTY   OF   ORANGE   (hereinafter

22  "Defendant"), in response to plaintiff ALEXA CURTIN's (hereinafter "Plaintiff")

23  Interrogatories, Set One (1) as follows:

24                  **PRELIMINARY STATEMENT**

25      These responses are made solely for the purpose of this action.  Defendant has

26  not completed its investigation of the facts relating to this matter and discovery is

27  continuing.   Accordingly, the following responses are based upon, and therefore

28  necessarily limited by, the records and information still in existence, presently

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | recollected and thus far discovered in the course of preparing these responses.

2 | Defendant reserves the right to produce at trial and make reference to any evidence,

3 | facts, documents or information not yet discovered, or the relevance of which has

4 | not yet been identified, by Defendant or its counsel.

5 | Except for the explicit facts stated in these responses, no incidental or implied

6 | omissions are intended by these responses.  The fact that Defendant has responded

7 | to part of all of a Interrogatory is not intended and shall not be construed to be a

8 | waiver by Defendant of all or any part of any objections to any Interrogatory by

9 | Defendant.

10 | **GENERAL OBJECTIONS**

11 | Defendant incorporates the following general objections into each response as

12 | though fully set forth therein.

13 | 1.     In responding to these interrogatories, Defendant does not admit to the

14 | truth or relevance of any matter alleged in Plaintiff's Original Complaint or referred

15 | to in the requests.  Discovery is still continuing, and Defendant has not completed its

16 | investigation or discovery relating to this case, and has not completed its preparation

17 | for trial.  The following responses are based upon, and therefore necessarily limited

18 | by, the records and information still in existence, presently recollected, and thus far

19 | discovered in the course of preparing these responses.  The responses are given

20 | without prejudice subject to subsequently discovered facts or evidence, or the

21 | presentation of facts or theories resulting from subsequently discovered facts or

22 | evidence, reevaluation of existing evidence, or evaluation of existing evidence in

23 | light of newly discovered evidence.

24 | 2.     In responding to Plaintiff's interrogatories, Defendant is not admitting

25 | the relevance or appropriateness of the interrogatories, but rather is merely agreeing

26 | to respond to such interrogatories based on the records and information still in

27 | existence, presently recollected, and thus far discovered in preparing these

28 | responses.  Defendant reserves the right to produce at trial, and make reference to in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                          2                          8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1 | any pretrial proceedings, any evidence, facts, documents, or information not yet

2 | discovered, or the relevance of which has not yet been identified, by Defendant or

3 | its counsel.

4 |       3.    Defendant objects generally to the interrogatories to the extent they

5 | seek information protected by the attorney client and/or work product privileges.

6 |       4.    Defendant objects to each interrogatory to the extent it seeks

7 | information only in the possession, custody, or control of Plaintiff, not yet discerned

8 | through discovery.  Accordingly, Defendant reserves the right to supplement, amend

9 | or modify its responses to the extent required by law to incorporate later discovered

10 | information, and to rely upon any and all such information at trial or otherwise.

11 |       5.    Defendant objects to each interrogatory to the extent it seeks

12 | information which is not in Defendant's possession, custody, or control.

13 |       6.    Any documents identified or produced in response to these

14 | interrogatories are subject to all applicable objections as to their authenticity,

15 | relevance, materiality, propriety, and admissibility, and to any and all objections on

16 | any ground that would require the exclusion of any document or portion thereof if

17 | such document were attempted to be offered in evidence, including, but not limited

18 | to, claims of privilege.  All such objections are expressly reserved and may be

19 | interposed at or before trial.

20 |       7.    No incidental or implied admissions are intended by the responses

21 | herein, or by the identification or production of particular documents in response to

22 | the requests.  The fact that Defendant has objected to any specific interrogatory does

23 | not indicate that information responsive to that request actually exists or ever

24 | existed.  Likewise, the fact that Defendant has identified or produced a particular

25 | document in response to a specific interrogatory does not indicate that Defendant

26 | admits such document contains information called for by the interrogatory.

27 | Defendant may identify or produce documents that it merely believes may be

28 | responsive to a particular interrogatory, and it reserves the right to subsequently

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   assert that such documents do not contain the information called for by any
2   particular interrogatory.

3   **RESPONSE TO INTERROGATORIES**

4   **INTERROGATORY NO. 1:**

5         "Identify" all ORANGE COUNTY SHERIFF's DEPARTMENT's calls for
6   service to 34021 El Encanto Avenue, Dana Point, CA 92629, during the year 2014.

7   **RESPONSE TO INTERROGATORY NO. 1:**

8         Defendant objects to this interrogatory on the grounds it is vague, ambiguous,
9   and overbroad as to scope and time.  Defendant further objects to this interrogatory
10   on the grounds the term "calls for service" is vague, ambiguous, and uncertain.
11   Defendant further objects to this interrogatory on the grounds it seeks information
12   which is confidential, privileged and protected on multiple grounds, including but
13   not limited to the attorney client privilege as codified in State and Federal statutes,
14   California Evidence Code §1040, California Civil Code §47 and California Govt
15   Code §6254 and their corollaries in Federal statutory and decisional authority; the
16   right to privacy afforded by both the California and United States Constitutions; the
17   Official Information Privilege; the Executive Privilege under Federal decisional law;
18   the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege
19   under California statutory and decisional law.

20         Without waiving and subject to the aforementioned objections, Defendant
21   responds as follows: One call for service on 06/14/2014, Call #: 14-110386,
22   Complaint Type: 415 – Disturbance.

23   **INTERROGATORY NO. 2:**

24         "Identify" all ORANGE COUNTY SHERIFF's DEPARTMENT personnel
25   that responded to calls for service to 34021 El Encanto Avenue, Dana Point, CA
26   92629, on or about June 28, 2014.

27   **RESPONSE TO INTERROGATORY NO. 2:**

28         Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                     4                 8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1 | and overbroad as to scope and time.  Defendant further objects to this interrogatory
2 | on the grounds the term "calls for service" is vague, ambiguous, and uncertain.
3 | Defendant further objects to this interrogatory on the grounds it seeks information
4 | which is confidential, privileged and protected on multiple grounds, including but
5 | not limited to the attorney client privilege as codified in State and Federal statutes,
6 | California Evidence Code §1040, California Civil Code §47 and California Govt
7 | Code §6254 and their corollaries in Federal statutory and decisional authority; the
8 | right to privacy afforded by both the California and United States Constitutions; the
9 | Official Information Privilege; the Executive Privilege under Federal decisional law;
10 | the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege
11 | under California statutory and decisional law.

12 |      Without waiving and subject to the aforementioned objections, Defendant
13 | responds as follows: Nicholas Caropino, Dwayne Chapple, Christopher Eiben, and
14 | Cameron Mathis.

15 | **INTERROGATORY NO. 3:**

16 |      For each person identified in "Your" response to Interrogatory No. 2 above,
17 | "Identify" whether that individual has ever had any complaints or allegations of
18 | sexual misconduct. To the extent that Defendant contends that this request calls for
19 | disclosure of confidential documents, Plaintiff will stipulate to a protective order.

20 | **RESPONSE TO INTERROGATORY NO. 3:**

21 |      Defendant objects to this interrogatory on the grounds it is vague, ambiguous,
22 | and overbroad as to scope and time.  Defendant further objects to this interrogatory
23 | on the grounds the term "sexual misconduct" is vague, ambiguous, and uncertain.
24 | Defendant further objects to this interrogatory on the grounds it seeks information
25 | which is confidential, privileged and protected on multiple grounds, including but
26 | not limited to the attorney client privilege as codified in State and Federal statutes,
27 | California Evidence Code §1040, California Civil Code §47 and California Govt
28 | Code §6254 and their corollaries in Federal statutory and decisional authority; the

27

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  right to privacy afforded by both the California and United States Constitutions; the

2  Official Information Privilege; the Executive Privilege under Federal decisional law;

3  the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege

4  under California statutory and decisional law.

5       Without waiving and subject to the aforementioned objections, Defendant

6  responds as follows: Yes with regard to Nicholas Caropino.

7  **INTERROGATORY NO. 4:**

8       For each allegation or complaint identified in "Your" response to

9  Interrogatory No. 3 above, "Identify" whether an investigation was conducted into

10  the complaint or allegation and "Describe" each and every component of the

11  investigation, including its outcome. To the extent that Defendant contends that this

12  request calls for disclosure of confidential documents, Plaintiff will stipulate to a

13  protective order.

14  **RESPONSE TO INTERROGATORY NO. 4:**

15       Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

16  and overbroad as to scope and time.  Defendant further objects to this interrogatory

17  on the grounds it seeks information which is confidential, privileged and protected

18  on multiple grounds, including but not limited to the attorney client privilege as

19  codified in State and Federal statutes, California Evidence Code §1040, California

20  Civil Code §47 and California Govt Code §6254 and their corollaries in Federal

21  statutory and decisional authority; the right to privacy afforded by both the

22  California and United States Constitutions; the Official Information Privilege; the

23  Executive Privilege under Federal decisional law; the Self-Critical Analysis

24  Privilege; and the Peace Officer Personnel Files Privilege under California statutory

25  and decisional law.

26       Without waiving and subject to the aforementioned objections, Defendant

27  responds as follows: With regard to Nicholas Caropino, a criminal investigation was

28  conducted and Caropino was not prosecuted.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                          6                          8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1 | **INTERROGATORY NO. 5:**

2 |     "Identify" all "Documents" in "Your" possession that refer or relate to Call

3 | Number 14-120557.

4 | **RESPONSE TO INTERROGATORY NO. 5:**

5 |     Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

6 | and overbroad as to scope and time. Defendant further objects to this interrogatory

7 | on the grounds it seeks information which is confidential, privileged and protected

8 | on multiple grounds, including but not limited to the attorney client privilege as

9 | codified in State and Federal statutes, California Evidence Code §1040, California

10 | Civil Code §47 and California Govt Code §6254 and their corollaries in Federal

11 | statutory and decisional authority; the right to privacy afforded by both the

12 | California and United States Constitutions; the Official Information Privilege; the

13 | Executive Privilege under Federal decisional law; the Self-Critical Analysis

14 | Privilege; and the Peace Officer Personnel Files Privilege under California statutory

15 | and decisional law.

16 |     Without waiving and subject to the aforementioned objections, Defendant

17 | responds as follows: See attached documents bates stamped 000218 to 000234 and

18 | 000703 to 000716.

19 | **INTERROGATORY NO. 6:**

20 |     "Identify" all "Documents" in "Your" possession that refer or relate to

21 | Plaintiff Alexa Curtin.

22 | **RESPONSE TO INTERROGATORY NO. 6:**

23 |     Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

24 | and overbroad as to scope and time. Defendant further objects to this interrogatory

25 | on the grounds it seeks information which is confidential, privileged and protected

26 | on multiple grounds, including but not limited to the attorney client privilege as

27 | codified in State and Federal statutes, California Evidence Code §1040, California

28 | Civil Code §47 and California Govt Code §6254 and their corollaries in Federal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1            7            8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1 statutory and decisional authority; the right to privacy afforded by both the
2 California and United States Constitutions; the Official Information Privilege; the
3 Executive Privilege under Federal decisional law; the Self-Critical Analysis
4 Privilege; and the Peace Officer Personnel Files Privilege under California statutory
5 and decisional law.

6 　　　Without waiving and subject to the aforementioned objections, Defendant
7 responds as follows: See attached documents bates stamped 000025 to 000117;
8 000130 to 000234; 000421 to 000436; 000444 to 000463; 000477 to 000484;
9 000486; 000488 to 000489; 000492; 000494 to 000566; and 000703 to 000716.

10 **INTERROGATORY NO. 7:**

11 　　　"Identify" all "Documents," including but not limited to police reports,
12 supplemental reports, lab reports, forensics, testing results, notes, emails, and
13 memorandum in "Your" possession that refer or relate to Case Number 16-077964.

14 **RESPONSE TO INTERROGATORY NO. 7:**

15 　　　Defendant objects to this interrogatory on the grounds it is vague, ambiguous,
16 and overbroad as to scope and time.  Defendant further objects to this interrogatory
17 on the grounds it seeks information which is confidential, privileged and protected
18 on multiple grounds, including but not limited to the attorney client privilege as
19 codified in State and Federal statutes, California Evidence Code §1040, California
20 Civil Code §47 and California Govt Code §6254 and their corollaries in Federal
21 statutory and decisional authority; the right to privacy afforded by both the
22 California and United States Constitutions; the Official Information Privilege; the
23 Executive Privilege under Federal decisional law; the Self-Critical Analysis
24 Privilege; and the Peace Officer Personnel Files Privilege under California statutory
25 and decisional law.

26 　　　Without waiving and subject to the aforementioned objections, Defendant
27 responds as follows: See attached documents bates stamped 000566 and 000703 to
28 000716.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                        8                          8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

**INTERROGATORY NO. 8:**

"Identify" all ORANGE COUNTY SHERIFF's DEPARTMENT personnel that investigated or worked in any way on Case Number 16-077964.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Without waiving and subject to the aforementioned objections, Defendant responds as follows: Inv. Jaime Vogel, Inv. J. Christian, Inv. J. Montano, Inv. E. Hatch, Inv. F. Martinez, Inv. J. Mauga, Inv. W. Kim, Inv. D. Holloway, Inv. C. Alday, Inv. J. Ackerman, Sgt. H. McCulloch, and Forensic Scientist Jennifer Jarret.

**INTERROGATORY NO. 9:**

"Identify" each person interviewed by ORANGE COUNTY SHERIFF's DEAPARTMENT (sic) personnel as part of the investigation for Case Number 16-077964.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**INTERROGATORY NO. 10:**

"Identify" any and all suspects or persons of interest in Case Number 16-077964. To the extent that Defendant contends that this request calls for disclosure of confidential documents, Plaintiff will stipulate to a protective order.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Without waiving and subject to the aforementioned objections, Defendant responds as follows: Nicholas Caropino.

**INTERROGATORY NO. 11:**

"Identify" any ORANGE COUNTY SHERIFF's DEPARTMENT policy relating or referring to sexual activity while on duty.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds the term "sexual activity" is vague, ambiguous, and uncertain. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Without waiving and subject to the aforementioned objections, Defendant responds as follows: Policy 1018 and Policy 1001. See attached documents bates stamped 000235 to 000238; 000240 to 000251 and 000260 to 000267.

**INTERROGATORY NO. 12:**

For each policy identified in "Your" response to Interrogatory No. 11 above, "Identify" each and every instance in which an employee of the ORANGE COUNTY SHERIFF's DEPARTMENT violated said policy or procedure. To the extent that Defendant contends that this request calls for disclosure of confidential documents, Plaintiff will stipulate to a protective order.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory on the grounds it is vague, ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1

11

8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1  Civil Code §47 and California Govt Code §6254 and their corollaries in Federal
2  statutory and decisional authority; the right to privacy afforded by both the
3  California and United States Constitutions; the Official Information Privilege; the
4  Executive Privilege under Federal decisional law; the Self-Critical Analysis
5  Privilege; and the Peace Officer Personnel Files Privilege under California statutory
6  and decisional law.

7  **INTERROGATORY NO. 13:**

8      "Identify" any ORANGE COUNTY SHERIFF DEPARTMENT policy
9  relating or referring to sexual activity with detained persons.

10  **RESPONSE TO INTERROGATORY NO. 13:**

11      Defendant objects to this interrogatory on the grounds it is vague, ambiguous,
12  and overbroad as to scope and time.  Defendant further objects to this interrogatory
13  on the grounds the terms "sexual activity" and "detained persons" is vague,
14  ambiguous, and uncertain. Defendant further objects to this interrogatory on the
15  grounds it seeks information which is confidential, privileged and protected on
16  multiple grounds, including but not limited to the attorney client privilege as
17  codified in State and Federal statutes, California Evidence Code §1040, California
18  Civil Code §47 and California Govt Code §6254 and their corollaries in Federal
19  statutory and decisional authority; the right to privacy afforded by both the
20  California and United States Constitutions; the Official Information Privilege; the
21  Executive Privilege under Federal decisional law; the Self-Critical Analysis
22  Privilege; and the Peace Officer Personnel Files Privilege under California statutory
23  and decisional law.

24      Without waiving and subject to the aforementioned objections, Defendant
25  responds as follows: Policy 1018 and Policy 1001. See attached documents bates
26  stamped 000235 to 000238; 000240 to 000251 and 000260 to 000267.

27  **INTERROGATORY NO. 14:**

28      For each policy identified in "Your" response to Interrogatory No. 13 above,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                    12                          8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1 │ "Identify" each and every instance in which an employee of the ORANGE

2 │ COUNTY SHERIFF's DEPARTMENT violated said policy or procedure. To the

3 │ extent that Defendant contends that this request calls for disclosure of confidential

4 │ documents, Plaintiff will stipulate to a protective order.

5 │ **RESPONSE TO INTERROGATORY NO. 14:**

6 │ Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

7 │ and overbroad as to scope and time.  Defendant further objects to this interrogatory

8 │ on the grounds it seeks information which is confidential, privileged and protected

9 │ on multiple grounds, including but not limited to the attorney client privilege as

10 │ codified in State and Federal statutes, California Evidence Code §1040, California

11 │ Civil Code §47 and California Govt Code §6254 and their corollaries in Federal

12 │ statutory and decisional authority; the right to privacy afforded by both the

13 │ California and United States Constitutions; the Official Information Privilege; the

14 │ Executive Privilege under Federal decisional law; the Self-Critical Analysis

15 │ Privilege; and the Peace Officer Personnel Files Privilege under California statutory

16 │ and decisional law.

17 │ **INTERROGATORY NO. 15:**

18 │ "Identify" any ORANGE COUNTY SHERIFF's DEPARTMENT policy

19 │ relating or referring to sexual activity with recently detained persons.

20 │ **RESPONSE TO INTERROGATORY NO. 15:**

21 │ Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

22 │ and overbroad as to scope and time.  Defendant further objects to this interrogatory

23 │ on the grounds the terms "sexual activity" and "recently detained persons" is vague,

24 │ ambiguous, and uncertain. Defendant further objects to this interrogatory on the

25 │ grounds it seeks information which is confidential, privileged and protected on

26 │ multiple grounds, including but not limited to the attorney client privilege as

27 │ codified in State and Federal statutes, California Evidence Code §1040, California

28 │ Civil Code §47 and California Govt Code §6254 and their corollaries in Federal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                          13                    8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1  statutory and decisional authority; the right to privacy afforded by both the
2  California and United States Constitutions; the Official Information Privilege; the
3  Executive Privilege under Federal decisional law; the Self-Critical Analysis
4  Privilege; and the Peace Officer Personnel Files Privilege under California statutory
5  and decisional law.

6       Without waiving and subject to the aforementioned objections, Defendant
7  responds as follows: Policy 1018 and Policy 1001. See attached documents bates
8  stamped 000235 to 000238; 000240 to 000251 and 000260 to 000267.

9  **INTERROGATORY NO. 16:**

10       For each policy identified in "Your" response to Interrogatory No. 15 above,
11  "Identify" each and every instance in which an employee of the ORANGE
12  COUNTY SHERIFF's DEPARTMENT violated said policy or procedure. To the
13  extent that Defendant contends that this request calls for disclosure of confidential
14  documents, Plaintiff will stipulate to a protective order.

15  **RESPONSE TO INTERROGATORY NO. 16:**

16       Defendant objects to this interrogatory on the grounds it is vague, ambiguous,
17  and overbroad as to scope and time.  Defendant further objects to this interrogatory
18  on the grounds it seeks information which is confidential, privileged and protected
19  on multiple grounds, including but not limited to the attorney client privilege as
20  codified in State and Federal statutes, California Evidence Code §1040, California
21  Civil Code §47 and California Govt Code §6254 and their corollaries in Federal
22  statutory and decisional authority; the right to privacy afforded by both the
23  California and United States Constitutions; the Official Information Privilege; the
24  Executive Privilege under Federal decisional law; the Self-Critical Analysis
25  Privilege; and the Peace Officer Personnel Files Privilege under California statutory
26  and decisional law.

27  **INTERROGATORY NO. 17:**

28       "Identify" any ORANGE COUNTY SHERIFF's DEPARTMENT policy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1

14

8:16-cv-00591-SVW-PLA

COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1  relating or referring to off-duty sexual activity with persons recently detained while

2  on-duty.

3  **RESPONSE TO INTERROGATORY NO. 17:**

4      Defendant objects to this interrogatory on the grounds it is vague, ambiguous,

5  unintelligible, and overbroad as to scope and time.  Defendant further objects to this

6  interrogatory on the grounds the terms "off-duty sexual activity" and "persons

7  recently detained" is vague, ambiguous, and uncertain. Defendant further objects to

8  this interrogatory on the grounds it seeks information which is confidential,

9  privileged and protected on multiple grounds, including but not limited to the

10  attorney client privilege as codified in State and Federal statutes, California

11  Evidence Code §1040, California Civil Code §47 and California Govt Code §6254

12  and their corollaries in Federal statutory and decisional authority; the right to

13  privacy afforded by both the California and United States Constitutions; the Official

14  Information Privilege; the Executive Privilege under Federal decisional law; the

15  Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege

16  under California statutory and decisional law.

17      Without waiving and subject to the aforementioned objections, Defendant

18  responds as follows: Policy 1018 and Policy 1001. See attached documents bates

19  stamped 000235 to 000238; 000240 to 000251 and 000260 to 000267.

20  **INTERROGATORY NO. 18:**

21      For each policy identified in "Your" response to Interrogatory No. 17 above,

22  "Identify" each and every instance in which an employee of the ORANGE

23  COUNTY SHERIFF's DEPARTMENT violated said policy or procedure. To the

24  extent that Defendant contends that this request calls for disclosure of confidential

25  documents, Plaintiff will stipulate to a protective order.

26  **RESPONSE TO INTERROGATORY NO. 18:**

27      Defendant objects to this interrogatory on the grounds it is vague ambiguous,

28  and overbroad as to scope and time.  Defendant further objects to this interrogatory

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1

15

8:16-cv-00591-SVW-PLA

COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

1  on the grounds it seeks information which is confidential, privileged and protected
2  on multiple grounds, including but not limited to the attorney client privilege as
3  codified in State and Federal statutes, California Evidence Code §1040, California
4  Civil Code §47 and California Govt Code §6254 and their corollaries in Federal
5  statutory and decisional authority; the right to privacy afforded by both the
6  California and United States Constitutions; the Official Information Privilege; the
7  Executive Privilege under Federal decisional law; the Self-Critical Analysis
8  Privilege; and the Peace Officer Personnel Files Privilege under California statutory
9  and decisional law.

10 **INTERROGATORY NO. 19:**

11      "Identify" the number of allegations or complaints of sexual misconduct by
12 ORANGE COUNTY SHERIFF's DEPARTMENT personnel in the last five years.
13 To the extent that Defendant contends that this request calls for disclosure of
14 confidential documents, Plaintiff will stipulate to a protective order.

15 **RESPONSE TO INTERROGATORY NO. 19:**

16      Defendant objects to this interrogatory on the grounds it is vague ambiguous,
17 and overbroad as to scope and time.  Defendant further objects to this interrogatory
18 on the grounds the term "sexual misconduct" is vague, ambiguous, and uncertain.
19 Defendant further objects to this interrogatory on the grounds it seeks information
20 which is confidential, privileged and protected on multiple grounds, including but
21 not limited to the attorney client privilege as codified in State and Federal statutes,
22 California Evidence Code §1040, California Civil Code §47 and California Govt
23 Code §6254 and their corollaries in Federal statutory and decisional authority; the
24 right to privacy afforded by both the California and United States Constitutions; the
25 Official Information Privilege; the Executive Privilege under Federal decisional law;
26 the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege
27 under California statutory and decisional law.

28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**INTERROGATORY NO. 20:**

For each allegation or complaint identified in "Your" response to Interrogatory No.19 above, "Identify" whether an investigation was conducted into the complaint or allegation and "Describe" each and every component of the investigation, including its outcome. To the extent that Defendant contends that this request calls for disclosure of confidential documents, Plaintiff will stipulate to a protective order.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to this interrogatory on the grounds it is vague ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**INTERROGATORY NO. 21:**

For each investigation identified in "Your" response to Interrogatory No. 20 above, "Identify" any changes made to ORANGE COUNTY SHERIFF's DEPARTMENT policies or procedures to ensure the prevention of future similar misconduct.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendant objects to this interrogatory on the grounds it is vague ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds it calls for subsequent remedial measures. Defendant further objects

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to this interrogatory on the grounds it seeks information which is confidential,
2  privileged and protected on multiple grounds, including but not limited to the
3  attorney client privilege as codified in State and Federal statutes, California
4  Evidence Code §1040, California Civil Code §47 and California Govt Code §6254
5  and their corollaries in Federal statutory and decisional authority; the right to
6  privacy afforded by both the California and United States Constitutions; the Official
7  Information Privilege; the Executive Privilege under Federal decisional law; the
8  Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege
9  under California statutory and decisional law.

10  **INTERROGATORY NO. 22:**

11         For each change in ORANGE COUNTY SHERIFF's DEPARTMENT
12  policies and procedures identified in "Your" response to Interrogatory No. 21 above,
13  "Identify" each and every instance in which an employee of the ORANGE
14  COUNTY SHERIFF's DEPARTMENT violated said policy or procedure in the last
15  five years. To the extent that Defendant contends that this request calls for
16  disclosure of confidential documents, Plaintiff will stipulate to a protective order.

17  **RESPONSE TO INTERROGATORY NO. 22:**

18         Defendant objects to this interrogatory on the grounds it is vague ambiguous,
19  and overbroad as to scope and time. Defendant further objects to this interrogatory
20  on the grounds it seeks information which is confidential, privileged and protected
21  on multiple grounds, including but not limited to the attorney client privilege as
22  codified in State and Federal statutes, California Evidence Code §1040, California
23  Civil Code §47 and California Govt Code §6254 and their corollaries in Federal
24  statutory and decisional authority; the right to privacy afforded by both the
25  California and United States Constitutions; the Official Information Privilege; the
26  Executive Privilege under Federal decisional law; the Self-Critical Analysis
27  Privilege; and the Peace Officer Personnel Files Privilege under California statutory
28  and decisional law.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**INTERROGATORY NO. 23:**

"Identify" any changes made the ORANGE COUNTY SHERIFF's DEPARTMENT made to its policies or procedures to ensure the prevention of future misconduct, following the Department's discovery of the sexual misconduct of Deputy Jennifer Tamara McClain.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendant objects to this interrogatory on the grounds it is vague ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds the term "sexual misconduct" is vague, ambiguous, and uncertain. Defendant further objects to this interrogatory on the grounds it calls for subsequent remedial measures. Defendant further objects to this interrogatory on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**INTERROGATORY NO. 24:**

"Identify" any ORANGE COUNTY SHERIFF's DEPARTMENT policy or procedure for handling complaints or allegations of sexual misconduct against ORANGE COUNTY SHERIFF's DEPARTMENT personnel.

**RESPONSE TO INTERROGATORY NO. 24:**

Defendant objects to this interrogatory on the grounds it is vague ambiguous, and overbroad as to scope and time. Defendant further objects to this interrogatory on the grounds the term "sexual misconduct" is vague, ambiguous, and uncertain. Defendant further objects to this interrogatory on the grounds it seeks information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  which is confidential, privileged and protected on multiple grounds, including but

2  not limited to the attorney client privilege as codified in State and Federal statutes,

3  California Evidence Code §1040, California Civil Code §47 and California Govt

4  Code §6254 and their corollaries in Federal statutory and decisional authority; the

5  right to privacy afforded by both the California and United States Constitutions; the

6  Official Information Privilege; the Executive Privilege under Federal decisional law;

7  the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege

8  under California statutory and decisional law.

9  Without waiving and subject to the aforementioned objections, Defendant responds

10  as follows: Policy 1018, Policy 1001 and Policy 1020. See attached documents bates

11  stamped 000235 to 000238; 000240 to 000251 and 000260 to 000267.

12

13

14  DATED: December 12, 2016          LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16

17                                    By:

18                                        Dana Alden Fox
                                          Dawn M. Flores-Oster
19                                        Barry Hassenberg
                                          Attorneys for Defendant COUNTY OF
20                                        ORANGE

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## VERIFICATION

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3
I have read the foregoing COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE and know its contents.

4

5
☐   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

6

7
☒   I am an Assistant Liability Claims Manager of CEO Risk Management for the County of Orange, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

8

9
☒   I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

10

11
☐   The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

12
☐   I am one of the attorneys for _____, a party to this action.  Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

13

14

15
I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

16

17
Executed on December 12, 2016, at Santa Ana, California.

18

19
_____                    _____
20
Renee J. Risinger                                          Signature

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                                                    8:16-cv-00591-SVW-PLA

# CALIFORNIA STATE COURT PROOF OF SERVICE

Alexa Curtin v. County of Orange; Deputy Epson - Case No. USDC No.: 8:16-cv-00591-SVW-PLA

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On December 12, 2016, I served the following document(s):  COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Jeremy D. Jass, Esq.
JASS LAW
4510 E. Pacific Coast Hwy., Suite 4000
Long Beach, CA 90804
Tel: 562.340.6299; Fax: 562.340.6422
Email:  Jeremy@jasslaw.com
*Attorneys for Plaintiff ALEXA CURTIN*

The documents were served by the following means:

☒     (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

        ☒     Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 12, 2016, at Los Angeles, California.

_____
Nancy Yue

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-4655-3147.1                                                          8:16-cv-00591-SVW-PLA
COUNTY OF ORANGE'S RESPONSE TO PLAINTIFF'S INTERROGATORIES, SET ONE