Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>***EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL, PRE-TRIAL CONFERENCE, AND ALL CORRESPONDING DATES; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: April 17, 2017<br>Trial Date: April 25, 2017<br>Trial Docs Due: March 27, 2017<br>Mot. *In Limine* Due: March 20, 2017 |

1

**EX PARTE APPLICATION FOR AN ORDER MODIFYING THE
COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

TO THIS HONORABLE COURT AND TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Alexa Curtin applies for an Order Modifying the Court's Scheduling Order to Continue the Trial date, Pre-Trial Conference Date, and corresponding dates for a period of 90 days. This Application is made pursuant to, and in compliance with, Local RULES 7-19 and 7-19.1, and is unopposed.

Notice was given to opposing counsel pursuant to Local Rules 7-19 and 7-19.1, as set forth in the Declaration of Jeremy Jass by electronic mail on March 14, 2017 to the following:

> Dana Alden Fox, Esq.
> Dawn M. Flores-Oster, Esq.
> Barry Hassenberg, Esq.
> **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
> 633 West 5th Street, Suite 4000
> Los Angeles, CA 90071
> Emails: Dana.Fox@lewisbrisbois.com
> Dawn.Flores-Oster@lewisbrisbois.com
> Barry.Hassenberg@lewisbrisbois.com
> **Attorneys for Defendant County of Orange**

Pursuant to Rule 16(b)(4) of the *Fed. Rules of Civ. Proc.* And Local Rule 7.19, Plaintiff brings this *Ex Parte* Application for an Order to Continue Trial and all other related dates. Several reasons support the good cause required for this request.

First, On March 13, 2017, Plaintiff's Motion to Compel further discovery was granted, in part, by Magistrate Judge Paul Abrams. Judge Abrams ordered the Defendant County of Orange to provide all responsive information and documents in its possession, custody, or control, and the required declaration by March 27, 2017. [Docket No. 52, at p.15.] Plaintiff will need additional time to review the information and documents to be produced by Defendant, and to conduct

2

**EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

1 additional investigation and discovery based on the information and documents
2 produced. Further, the parties currently have their Motions *In Limine* due on March
3 20, 2017, and Trial Documents due on March 27, 2017; and the information and
4 documents to be produced may affect the issues raised in Motions *In Limine* as
5 well as items and/or persons to be included in the Exhibit List and Witness List.
6       Second, Plaintiff has just learned that members of the Orange County
7 Sheriff's Department have recently conducted interviews of witnesses related to
8 this litigation, and that they intend to conduct additional interviews as part of their
9 criminal investigation. Plaintiff should be allowed the opportunity to access the
10 information and documents the Sheriff's investigators gleaned from their
11 interviews to prepare her case for trial and to bolster her claims.
12       Finally, Defendant Caropino has recently contacted Plaintiff's counsel to
13 relay that he is seeking counsel and will likely respond to Plaintiff's claims. It is
14 unlikely that Mr. Caropino's potential counsel will be in a position to begin trial by
15 April 25, 2017.
16       In accord with United States District Court Central District Local Rule 7-3,
17 the parties met and conferred on the issues raised by this Motion on March 13,
18 2017 via telephone. And on March 14, 2017, Plaintiff's counsel provided
19 Defendant County of Orange written notice of this *Ex Parte* via electronic mail.
20       The relief sought by this *Ex Parte* Application is necessary for the fair and
21 efficient prosecution of Plaintiff's case. Good cause for this Application to
22 Continue Trial and all other related dates exists.
23 //
24 //
25 //
26 //
27 //
28 //

3

**EX PARTE APPLICATION FOR AN ORDER MODIFYING THE
COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

**IN ACCORD WITH THIS COURT'S NEW CASE ORDER COUNSEL IS ADVISED OF THE FOLLOWING:**

"The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the *Ex Parte* was served. If counsel are not going to oppose the ex parte application, they must inform the clerk as (213) 894-2881. Counsel will be notified by the clerk of the Court's ruling." [Docket No. 7, at ¶5.]

This Application is based upon the good cause set forth in the Declaration of Jeremy Jass, the Second Amended Complaint in this action, the accompanying Memorandum of Points and Authorities, and all of the pleadings and exhibits on file herein.

Dated:  March 14, 2017                    Jass Law


                                          ___/s/ Jeremy Jass_____
                                          Jeremy Jass
                                          *Attorney for Plaintiff*,
                                          ALEXA CURTIN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      Procedural History**

On March 30, 2016, Plaintiff filed suit against County of Orange. On August 8, 2016, the Court set the matter for trial on January 17, 2017, and a Pre-trial Conference for January 9, 2017. [Docket No. 15, attached to the Declaration of Jeremy Jass as Ex. A.] On November 21, 2016, Plaintiff filed a Motion for Leave to Amend the Complaint to add Deputy Caropino as a Defendant. Thereafter, both counsel for Plaintiff and Defendant County of Orange filed Declarations requesting that the Court continue the trial. [Docket Nos 25 and 27, attached to the Declaration of Jeremy Jass as Ex. "B" and "C."] In its Order of December 14, 2016, the Court continued the trial date to April 11, 2017, and the Pre-Trial Conference for April 3, 2017. [Docket No. 28, attached to the Declaration of Jeremy Jass as Ex. "D."] On January 19, 2017, Defendant County of Orange filed an *Ex Parte* Application for an Order Modifying the Court's Scheduling Order as their expert would be out of the country for the then set trial date. [Docket No. 32.] In its Order of January 20, 2017, the Court granted Defendant County of Orange's *Ex Parte* Application and set this matter for trial on April 25, 2017, and a Pre-Trial Conference for April 17, 2017. [Docket No. 34, attached to the Declaration of Jeremy Jass as Ex. "E."]

On October 6, 2016, Plaintiff served her Request for Production of Documents and Interrogatories upon Defendant County of Orange. Defendant County of Orange requested two extensions of time to serve responses to the discovery and Plaintiff graciously granted the request. Defendant served its discovery responses on December 12, 2016. Plaintiff sent Defendant County of Orange a meet and confer letter on December 16, 2016, regarding information and documents not produced. Defendant requested additional time to respond to Plaintiff's meet and confer letter, which Plaintiff granted. On January 13, 2017, Defendant County of Orange sent Plaintiff their written response to Plaintiff's meet

and confer letter of December 16, 2016. On January 20, 2017, Defendant County of Orange sent Plaintiff their Privilege Log. On February 10, 2017, Plaintiff sent to Defendant County of Orange the Joint Stipulation re: Motion to Compel. On February 17, 2017, Defendant County of Orange sent to Plaintiff the Joint Stipulation re: Motion to Compel with their portion of the stipulation added. On February 21, 2017, the Joint Stipulation re: Motion to Compel was filed, and on March 13, 2017 Magistrate Judge Paul Abrams granted, in part, the Motion to Compel ordering additional documents and information to be produced by March 27, 2017. [Docket No. 52, attached to the Declaration of Jeremy Jass as Ex. "F."]

### B. Brief Statement of Relief Requested

Plaintiff respectfully requests this Court to Continue the current trial date of April 25, 2017, along with all other corresponding dates. Defense counsel for Defendant County of Orange has indicated that they do not intend to oppose the relief sought in this *Ex Parte* Application.

## II. DISCUSSION

### A. F.R.C.P. Rule 16 Allows the Court to Modify the Scheduling Order on a Showing of Good Cause

Rule 16 provides this Court with the authority to modify its Scheduling Order. *Federal Rules of Civil Procedure* 16(b)(4). Specifically, Rule 16 provides that a schedule may be modified by a showing of good cause and with the judge's consent. *Id*. Plaintiff respectfully submits its Application to Modify the Scheduling Order to continue the Trial, Pre-Trial Conference, and corresponding dates. As indicated, Magistrate Judge Paul Abrams just granted, in part, Plaintiff's Motion to Compel and ordered Defendant County of Orange to provide responses by March 27, 2017. The due date for the compelled discovery comes after both Motions *In Limine* and Trial documents are due. Plaintiff will need additional time to review the compelled discovery in order to conduct further investigation and possible discovery and depose unknown witnesses that are revealed in the compelled

discovery. The compelled response will contain new information and witness identities, which will necessarily need to be included in the Exhibit List and Witness List. Plaintiff should be given an opportunity to fully review and investigate this new information, and depose new witnesses. Further, Plaintiff's expert will need to review the compelled discovery and subsequent investigative and discovery materials to determine if his opinions will be affected and/or supplemented. Plaintiff should not be prejudiced by Defendant County of Orange's stall tactics in refusing to provide full discovery responses on the original due date. If Plaintiff's Application is not granted it will adversely impact her prosecution of this case.

In addition to the compelled discovery responses, Plaintiff discovered that just this week, investigators with the Orange County Sheriff's Department have, and will continue to, conduct interviews of new witnesses with information relevant to this matter as part of their continued criminal investigation. Just as Plaintiff should have an opportunity to review and investigate information in the compelled responses, Plaintiff should have an opportunity to review and investigate the information and documents that relate to these most recent interviews, as well as depose these new witnesses.

Moreover, Defendant Caropino has recently contacted Plaintiff's counsel to relay that he is seeking counsel and will likely respond to Plaintiff's claims. It is unlikely that Mr. Caropino's potential counsel will be in a position to begin trial by April 25, 2017.

**B.      Plaintiff submits it will suffer irreparable prejudice if the requested relief is not granted**

Plaintiff respectfully requests the Court grant its Application as it will prevent the Plaintiff from suffering irreparable prejudice relative to the prosecution of the case, and the Defendant County of Orange should not be rewarded for

stalling in providing discoverable information to Plaintiff and forcing her to bring a Motion to Compel.

### III. CONCLUSION

A modification of the Scheduling Order of January 20, 2017, will ensure a just and efficient resolution of Plaintiff's claims and Defendant's defenses. In short, an order granting this Application will allow the Plaintiff the necessary time to review this new information and documents to be produced by Defendant, and properly prepare her case for trial. The extension requested will not result in any prejudice to Defendant, and Defendant should not be permitted to benefit from their own discovery stall tactics. Accordingly, Plaintiff respectfully requests the Court grant its Application Modifying the Scheduling Order in the manner described.

Dated: March 14, 2017                    Jass Law


                                         ___/s/ Jeremy Jass_____
                                         Jeremy Jass
                                         *Attorney for Plaintiff,*
                                         ALEXA CURTIN