Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>       Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>       Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DECLARATION OF JEREMY JASS IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL, PRE-TRIAL CONFERENCE, AND ALL CORRESPONDING DATES; EXHIBITS**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: April 17, 2017<br>Trial Date: April 25, 2017<br>Trial Docs Due: March 27, 2017<br>Mot. *In Limine* Due: March 20, 2017 |

1

**DECLARATION OF JEREMY JASS IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

# DECLARATION OF JEREMY JASS

I, Jeremy Jass, declare as follows:

1.     I am a member in good standing with the California Bar and an attorney licensed to practice before the Courts in the State of California, as well as the United States District Court for the Central District of California. I am the attorney of record for the Plaintiff, Alexa Curtin, in the herein civil rights case.

2.     Based upon information and belief, I have personal knowledge of the facts set forth herein, and if called upon to do so, I could and would competently testify thereto. This declaration is offered by Plaintiff in support of the *Ex Parte* Application for an Order Modifying the Court's Scheduling Order to Continue Trial, Pre-Trial Conference, and all Corresponding Dates.

3.     Pursuant to Rule 16(b)(4) of the *Federal Rules of Civil Procedure* and Local Rule 7.19, Plaintiff brings this *Ex Parte* Application for an order modifying this Court's Scheduling Order of January 20, 2017 with regard to the Trial, Pre-Trial Conference, and corresponding dates.

4.     In accord with United States District Court Central District Local Rule 7-3, the parties met and conferred on the issues raised by this Application on March 13, 2017 via telephone. On March 14, 2017, Plaintiff's counsel sent counsel for the County of Orange written notice of this *Ex Parte* Application via electronic mail. The date of the intended filling of this *Ex Parte* Application, along with the nature of the relief sought, was expressed in the email. Counsel for Defendant, Mr. Barry Hassenberg, indicated he would not oppose this *Ex Parte* Application.

5.     The relief sought by this *Ex Parte* Application is necessary for the efficient prosecution of this case. It will allow Plaintiff the opportunity to review the compelled discovery responses and conduct the necessary investigation and discovery into those matters to prove up her case; and it will prevent the Defendant County of Orange from benefitting from using a stall tactic of refusing to produce discoverable information and documents.

2

**DECLARATION OF JEREMY JASS IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

6.      On March 30, 2016, Plaintiff filed suit against County of Orange. On August 8, 2016, the Court set the matter for trial on January 17, 2017, and a Pre-trial Conference for January 9, 2017. [Docket No. 15, a true and correct copy is attached as Ex. "A."]

7.      On November 21, 2016, Plaintiff filed a Motion for Leave to Amend the Complaint to add Deputy Caropino as a Defendant. Thereafter, both counsel for Plaintiff and Defendant County of Orange filed Declarations requesting that the Court continue the trial. [Docket Nos 25, a true and correct copy is attached as Ex. "B"; Docket Nos 27, a true and correct copy is attached as Ex. "C."]

8.      In its Order of December 14, 2016, the Court continued the trial date to April 11, 2017, and the Pre-Trial Conference for April 3, 2017. [Docket No. 28, a true and correct copy is attached as Ex. "D."]

9.      On January 19, 2017, Defendant County of Orange filed an *Ex Parte* Application for an Order Modifying the Court's Scheduling Order as their expert would be out of the country for the then set trial date. [Docket No. 32.]

10.     In its Order of January 20, 2017, the Court granted Defendant County of Orange's *Ex Parte* Application and set this matter for trial on April 25, 2017, and a Pre-Trial Conference for April 17, 2017. [Docket No. 34, a true and correct copy is attached as Ex. "E."]

11.     On October 6, 2016, Plaintiff served her Request for Production of Documents and Interrogatories upon Defendant County of Orange. Defendant County of Orange requested two extensions of time to serve responses to the discovery and Plaintiff graciously granted the request.

12.     Defendant served its discovery responses on December 12, 2016. Plaintiff sent Defendant County of Orange a meet and confer letter on December 16, 2016, regarding information and documents not produced. Defendant requested additional time to respond to Plaintiff's meet and confer letter, which Plaintiff granted.

3

**DECLARATION OF JEREMY JASS IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

13.    On January 13, 2017, Defendant County of Orange sent Plaintiff their written response to Plaintiff's meet and confer letter of December 16, 2016.

14.    On January 20, 2017, Defendant County of Orange sent Plaintiff their Privilege Log.

15.    On February 10, 2017, Plaintiff sent to Defendant County of Orange the Joint Stipulation re: Motion to Compel. On February 17, 2017, Defendant County of Orange sent to Plaintiff the Joint Stipulation re: Motion to Compel with their portion of the stipulation added.

16.    On February 21, 2017, the Joint Stipulation re: Motion to Compel was filed, and on March 13, 2017 Magistrate Judge Paul Abrams granted, in part, the Motion to Compel ordering additional documents and information to be produced by March 27, 2017. [Docket No. 52, a true and correct copy is attached as Ex. "F."]

17.    On March 14, 2017, Plaintiff's counsel sent, via electronic mail, written notice of this *Ex Parte* Application. A true and correct copy of that correspondence is attached as Ex. "G."

17.    As the Court can easily determine, the necessary and good cause to petition this Court on an *ex parte* basis, and to seek the requested relief is present under these extreme circumstances, in accord with the holding in *Mission Power Engineering Company v. Continental Casualty Company* (1995) 883 F.Supp. 488.

18.    Plaintiff is at an extreme disadvantage which it is respectfully suggested, requires this Court's immediate intervention.

19.    Accordingly, Plaintiff respectfully requests the Court grant her Application as it will allow her to properly prepare her case for trial, and it will prevent the Defendant from benefitting from discovery stall tactics. Granting this Application will also prevent the Plaintiff from suffering irreparable prejudice relative to proving up her case.

//

4

**DECLARATION OF JEREMY JASS IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct and that this Declaration was

3    executed on March 14, 2017, at Long Beach, California.

4

5

6

7                                        ___/s/ Jeremy Jass_____

                                         Jeremy Jass, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JEREMY JASS IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE COURT'S SCHEDULING ORDER TO CONTINUE TRIAL**

# Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:16-cv-00591-SVW-PLA | Date | August 8, 2016 |
|---|---|---|---|
| Title | Alexa Curtin v. County of Orange et al | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeremy D Jass | Barry Hassenberg |

**Proceedings:**      NEW CASE STATUS CONFERENCE

Status conference held.  The Court sets the following dates:

Pretrial Conference  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . January 9, 2017 at 3:00 p.m.
Jury Trial  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . January 17, 2017 at 9:00 a.m.

The Court bifurcates the Monell claim from the 1983 claim.

|  | : | 16 |
|---|---|---|
| Initials of Preparer | | PMC |

# Exhibit B

Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>                    Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**JOINT STIPULATION TO CONTINUE BIFURCATED TRIAL**<br><br>Date: December 19, 2016<br>Time: 1:30 p.m.<br>Crtrm.: 6<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: January 9, 2017<br>Trail Date: January 19, 2017 |

1

**JOINT STIPULATION TO CONTINUE TRIAL**

4832-1716-9213.1

TO THE HONORABLE JUDGE STEPHEN V. WILSON:

Plaintiff, through her counsel of record, and Defendants, through its counsel of record, jointly request a continuance of the trial date and all applicable discovery disclosure/cutoff dates and case management dates. This Stipulation is made with reference to the following facts:

1. This Court bifurcated the trial in this case in its Minute Order dated August 8, 2016 [Docket No. 17].

2. The trial for this matter is currently set for **January 17, 2017 at 9:00 a.m.**

2. There is outstanding discovery on this case. Defendant County of Orange has yet to provide written discovery responses to Plaintiff, and Defendant's counsel is still receiving discovery materials from Defendant County of Orange. Defendant anticipates getting response to Plaintiff on Monday December 12, 2016, but Plaintiff is willing to continue this date if the Court grants the requested relief Plaintiff anticipates the need to take depositions of individuals identified in Defendant's discovery responses.

3. Plaintiff has just, on her own, identified the Deputy that attacked her. She has filed a Motion for Leave to Amend her Complaint to include Deputy Nicolas Lee Caropino in her Complaint. That Motion is set for December 19,2016[Docket No. 18]. Should the motion be granted, Defendant Deputy Nicholas Lee Caropino will likely not have sufficient time to prepare and be ready for trial on January 17, 2017.

5. Plaintiff has just learned of two new witnesses whose testimony may be crucial to the case, pursuant to Federal Rule of Evidence 415.

6. The parties agree that a continuance is necessary to finalize the pleadings, complete discovery, and to allow counsel sufficient time to properly prepare for trial, despite their diligence.

2

**JOINT STIPULATION TO CONTINUE TRIAL**

4832-1716-9213.1

7.    Counsel have met and conferred concerning a new trial date. Counsel jointly request that the current trial date be continued to August 2, 2017.

8.    Counsel also requests that the Court continue any other scheduling dates consistent with the new trial date.

9.    There have been no other continuances requested or granted in this matter.

Dated:  December 8, 2016          Jass Law


                                  ___/s/ Jeremy Jass_____
                                  Jeremy Jass
                                  *Attorney for Plaintiff*,
                                  ALEXA CURTIN

Dated:  December 8, 2016          LEWIS BRISBOIS BISGAARD & SMITH, LLP


                                  ___/s/ Barry Hassenberg_____
                                  Dana Alden Fox
                                  Barry Hassenberg
                                  Dawn Flores-Oster
                                  *Attorneys for Defendants*,
                                  COUNTY OF ORANGE

3

**JOINT STIPULATION TO CONTINUE TRIAL**

Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>        Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DECLARATION OF JEREMY D. JASS IN SUPPORT OF THE PARTIES JOINT STIPULATION TO CONTINUE TRIAL** |

1

**DECLARATION OF JEREMY D. JASS IN SUPPORT OF THE PARTIES JOINT STIPULATION TO CONTINUE TRIAL**

The undersigned Jeremy D. Jass says:

1. I am an attorney at law duly admitted to practice in the State of California and counsel for Plaintiff Alexa Curtin. The following is true of my own knowledge and I am competent to testify hereto.

2. I have spoken to counsel for Defendant County of Orange, Barry Hassneberg, and both him and I agree that we need a continuance of trial in this case.

3. Plaintiff has complied with its Rule 26 Disclosure obligations, and provided responses to Defendant's written discovery requests. Plaintiff has made herself available to have her deposition taken.

4. Defendant County of Orange did not serve its Rule 26 Initial Disclosures until September 22, 2016; and in it merely stated that it had no documents or witnesses to disclose.

5. Plaintiff has served written discovery on the matter, but was informed that due to the County of Orange's concurrent criminal and internal affairs investigations they couldn't respond to the discovery because it may jeopardize those investigations.

6. Based on that representation Plaintiff agreed not to compromise the criminal and/or internal affairs investigation and accept discovery after the due date. It was Plaintiff's understanding that Defendant would provide discovery responses no later than December 9, 2016.

7. Plaintiff has been informed by defense counsel that he does not yet have all the materials from his client and that more discovery materials are coming in. It appears that discovery responses from Defendant may not be coming until December 12, 2016.

8. Further, based on discussions with opposing counsel, Defendant intends to withhold certain files from its discovery responses, and Plaintiff anticipates the need to file a Motion to Compel further responses.

**DECLARATION OF JEREMY D. JASS IN SUPPORT OF THE PARTIES JOINT STIPULATION TO CONTINUE TRIAL**

8.    Independently, Plaintiff has recently identified, through her own investigation, the identity of her attacker as that of Deputy Nicholas Lee Caropino. As such, she has recently moved the Court for leave to file an Amended Complaint to name her attacker as Defendant. That motion is now pending.

9.    Based on discussions with defense counsel, it is my understanding that Defendant County of Orange does not oppose the Motion for Leave to Amend.

10.    Based on discussions with defense counsel, Barry Hassenberg, it is my understanding that his office will not be representing Deputy Nicholas Lee Caropino in the event he is brought into the case.

10.    Should the Court grant the motion and allow Plaintiff to amend her Complaint to name Deputy Nicholas Lee Caropino as Defendant, Deputy Caropino will have separate counsel. Should that occur, it is highly unlikely that Deputy Caropino's counsel will be prepared to start trial on January 17, 2017.

11.    Further, Plaintiff just became aware of two additional witnesses whose testimony, pursuant to Federal Rules of Evidence 415, may be critical to the matter at hand. One of these witnesses is not yet identified, and it will take additional time to identify and investigate the information.

I declare under penalty of perjury under the laws of the United States that he foregoing is true and correct.

Executed this 8th day of December 2016, at Long Beach, California.

_____
Jeremy Jass, Esq.

3

**DECLARATION OF JEREMY D. JASS IN SUPPORT OF THE PARTIES JOINT STIPULATION TO CONTINUE TRIAL**

# Exhibit C

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>　　　　　Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DECLARATION OF BARRY HASSENBERG RE: TRIAL CONTINUANCE**<br><br>Trial Date:　　January 17, 2017 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

I, Barry Hassenberg, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant, COUNTY OF ORANGE.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.     On August 8, 2016, this Court bifurcated the allegations of officer liability proffered by Plaintiff Alexa Curtin pursuant to 42 U.S.C. § 1983 from those claims against Defendant County of Orange made pursuant to *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978) [Docket No.17]. The Court also set the section 1983 claim for trial on January 17, 2017.

3.     During the course of the litigation, Plaintiff's counsel, Mr. Jeremy Jass, advised me and the Court neither he nor Plaintiff was aware of the identity of the individual Plaintiff claims assaulted her. It was not until the week prior to the Thanksgiving holiday that Mr. Jass informed me he became aware of the identity of that individual.

4.     On October 6, 2016, Plaintiff served, by mail, a set of Demand for Production of Documents, containing 37 Demands, and a set of Special Interrogatories, containing 24 interrogatories. The responses were due on November 10, 2016.

5.     I had consistently represented to Mr. Jass my client, Defendant County of Orange, was aware the District Attorney's offices were conducting a criminal investigation relating to Plaintiff's allegations. Because of the timing, nature and volume of the discovery, I requested that Mr. Jass provide my client with an extension of time within which to respond up to and including December, 9, 2016. Mr. Jass graciously agreed to do so. Subsequent to that request, given the breadth of the requested documents, I requested additional time to respond to the discovery. Mr. Jass indicated that if I signed the Stipulation to continue trial, he would grant

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    me one extra day to respond.

2         6.    On November 21, 2016, Plaintiff filed a Motion for Leave to Amend,

3    set to be heard on December 18, 2016. [Docket No. 18]. Defendant County of

4    Orange did not oppose the Motion.

5         7.    Despite Defendant's diligence in proceeding with discovery in a timely

6    manner,[1] I agree with Mr. Jass good cause for a trial continuance exists. The good

7    cause for a trial continuance in discussed in the paragraphs that follow.

8         8.    Thus far, Defendants have deposed the Plaintiff, Alexa Curtin on

9    October 4, 2016, her mother, Lynn Curtin (Ms. Curtin is divorced from Mr. Frank

10   Curtin, plaintiff's father) on November 30, 2016, Plaintiff friend, Jennie Derrico, on

11   November 11, 2016, Plaintiff's estranged husband, Michael Devecchio on December

12   1, 2016, and Plaintiff's friend Catherine Fevery on December 30, 2016. Ms. Fevery's

13   deposition was originally scheduled for December 7, 2016, and again on December

14   8, 2016 but was continued because Ms. Fevery was "snowed in." I also took the

15   deposition of Jeffrey Yusim, M.D., on December 2, 2016. Dr. Yusim was Plaintiff's

16   general practitioner. In addition, I caused to be subpoenaed Plaintiff's medical

17   records.

18        9.    On or around November 4, 2016, Defendant hired an investigator to

19   locate various witnesses and to serve them with deposition subpoenas. Their

20   investigation commenced immediately thereafter. The investigator's research

21   included in-person and Internet searches of various databases including a public

22   records search, which included visits to various civil and criminal courthouses,

23   personal visits to last known addresses, canvassing of neighbors, apartment

24

25        [1] On August 9, 2016, the Court issued a Civil Trial Preparation Order, Docket

26   No. 16. The Court's Order did not identify a discovery cut-off date.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   managers, prior and current employers, and telephonic contact when possible: (1)

2   Defendant intends to depose Plaintiff's father, Frank Curtin. Mr. Curtin's testimony

3   is necessary to the defense of the case because it is likely Plaintiff related her

4   version of events to her father. Defendant will thereby be in a position to weigh

5   Plaintiff's credibility. Despite diligent efforts by Defendant's investigator to locate

6   Mr. Curtin, Defendant has been unable to serve him with a subpoena; (2) Plaintiff's

7   former boyfriend, Mitchell Brick must be deposed. His deposition was set for

8   December 15, 2016. Again, Defendant has been unable to locate his whereabouts

9   despite the best efforts of Defendant's investigator. Mr. Brick will likely testify

10  concerning Plaintiff's mental state and his belief concerning her credibility. Again,

11  his testimony will directly impact the defense of the case given the nature of the

12  allegations set forth in the operative Complaint; (3) Defendant's process server has

13  made six separate attempts to serve Plaintiff's friend, Nicole Halby, whose

14  deposition was originally set for December 7, 2016. The process server believes Ms.

15  Halby is evading service; (4) Plaintiff's ex-boyfriend, Morgan Brick. Mr. Brick has

16  not responded to any attempted contacts by Defendant's investigator; (5) Defendant

17  also intends to depose Loren Mc Reynolds, Plaintiff's former boyfriend, Zack Asouz

18  another former boyfriend, Alonzo Vasquez, a friend, Joel Cooper, another former

19  boyfriend, Raquelle Curtin, Plaintiff's sister and Alex Peterson, her brother-in-law.

20  Each of these witnesses is believed to have relevant information concerning

21  Plaintiff's rendition of the event at issue, provide an assessment of her credibility,

22  and of her overall mental state.

23          10.     On December 9, 2016, Defendant's counsel received, via facsimile, 6

24  notices of deposition of County of Orange Persons Most Knowledgeable (F.R.C.P.

25  30(b)(6)). The categories include: (1) the policies and procedures of the Orange

26  County Sheriff's Department on the training of its employees on the intake,

27  investigation, and general handling of sex cases; including but not limited to

28  academy training, field training, supplemental training and required courses or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4846-8694-7389.1
4
DECLARATION OF BARRY HASSENBERG RE: TRIAL CONTINUANCE

1  classes; (2) the policies and procedures of the Orange County Sheriff's Department

2  on searching, handcuffing, transporting, and general handling of detainees, arrestees,

3  persons in custody, and field contacts of the opposite sex; the steps taken to ensure

4  said policies are complied with; and the repercussion for violating said polices; (3)

5  changes or amendments to the policies and procedures or to actions of the Orange

6  County Sheriff's Department after the discovery of the sexual misconduct of

7  Deputies Jennifer Tamara McClain and Scott Allan Cole; (4) all investigations,

8  inspections and inquiries into each and every claim, allegation, or complaint of

9  misconduct by Deputy Nicholas Lee Caropino; the conclusions of each

10  investigation, inspection and inquiry; and any corrective action taken by the Orange

11  County Sheriff's Department; (5) all investigations, inspections, and inquiries into

12  each and every claim, allegation, or complaint of misconduct by Deputy Jennifer

13  Tamara McClain; the conclusions of each investigation, inspection and inquiry; and

14  any corrective action taken by the Orange County Sheriff's Department; and (6) all

15  investigations, inspections, and inquiries into each and every claim, allegation, or

16  complaint of misconduct by Deputy Scott Allan Cole; the conclusions of each

17  investigation, inspection and inquiry; and any corrective action taken by the Orange

18  County Sheriff's Department.

19      11.    Given the proximity and number of depositions set within the next few

20  weeks before the scheduled trial date, and the need to select and to prepare each

21  witness, it is unlikely these 6 depositions about which defense counsel had no prior

22  knowledge will proceed on the selected dates.

23      12.    In addition, it is Defendant's intention to bring a Motion for Summary

24  Judgment pursuant to F.R.C.P. Rule 56. Defendant maintains it has a viable

25  argument that none of its policies or procedures was a cause, or "moving force" of

26  the injuries Plaintiff contends she sustained. In order to proffer a meaningful and

27  comprehensive Motion, Defendants must complete the aforementioned discovery.

28  / / /



1    13.    Finally, trial counsel in this case, A.B.O.T.A member Dana Alden Fox,

2  is next available to try this action on August 2, 2017.  Defendant estimates a 5-7 day

3  Jury trial.

4    I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct and that this declaration was executed

6  on December 9, 2016, at Los Angeles, California.

7

8

9                                                    */s/ Barry Hassenberg*
                                                    Barry Hassenberg
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4846-8694-7389.1

DECLARATION OF BARRY HASSENBERG RE: TRIAL CONTINUANCE

# Exhibit D

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00591-SVW-PLA | Date | December 14, 2016 |
|---|---|---|---|
| Title | *Alexa Curtin v. Count of Orange, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     IN CHAMBERS ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND CONTINUING TRIAL [18]

Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for December 19, 2016 at 1:30 p.m. is VACATED and OFF CALENDAR.

Plaintiff filed an unopposed motion for leave to file a Second Amended Complaint. Good cause having been shown, the Court GRANTS the motion and will file the attachment, dkt. 18-1, as the Second Amended Complaint.

The Court also considered the parties' stipulation to continue trial. Dkts. 25, 27. The Court does not find that a seven-month continuance is necessary, and instead continues trial (and all corresponding Pretrial Deadlines) as follows:

The trial will be held on April 11, 2017, at 9:00 a.m.

The final pretrial conferences will be April 3, 2017, at 3:00 p.m.

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | |
| | | PMC | |

# Exhibit E

FILED
CLERK, U.S. DISTRICT COURT

Jan 20, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>        Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>~~[PROPOSED]~~<br>ORDER GRANTING *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER<br><br><br>Trial Date:    April 11, 2017 |

Having read and considered all papers submitted in support of and, if any, in opposition to Defendant's ex parte application to modify the Scheduling Order, and good cause appearing therefor, Defendant's e*x parte* application is GRANTED, and the Court modifies its Scheduling Order in the following respects:

///

///

///

///

///

///

4830-7855-2384.1

8:16-cv-00591-SVW-PLA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Event: | Previous Date: | New Date: |
|---|---|---|
| Pre-Trial Status Conference | April 3, 2017 | April 17, 2017 at 3:00 p.m. |
| Jury Trial | April 11, 2017 | April 25, 2017 at 9:0 a.m. |

IT IS SO ORDERED

DATED: <u>January 20, 2017</u>

Hon. Stephen V. Wilson
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED]
ORDER GRANTING EX PARTE APPLICATION TO MODIFY SCHEDULING ORDER

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# Exhibit F

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALEXA CURTIN, | No. SA CV 16-591-SVW (PLAx) |
| Plaintiff, | |
| v. | **ORDER RE: PLAINTIFF'S MOTION TO COMPEL** |
| COUNTY OF ORANGE, et al., | |
| Defendants. | |

## I.

## BACKGROUND

According to plaintiff's Second Amended Complaint ("SAC") alleging civil rights violations under 42 U.S.C. § 1983, in April 2014, she and her then-husband got into a verbal argument at their home in Dana Point, California, and Orange County Sheriff's deputies were called to respond. Plaintiff and her husband were detained while the deputies conducted an investigation. The deputies determined that, while no arrests would be made, plaintiff should not stay the night at the home. Deputy Caropino ordered plaintiff into his vehicle and drove her to her vehicle, which was parked nearby. Deputy Caropino searched plaintiff's purse and vehicle, and ordered plaintiff to remain there until he returned or she would be in "a lot of trouble." Approximately twenty minutes later, the deputy returned, alone, in his personal vehicle and out of uniform, and proceeded to

sexually assault plaintiff inside her vehicle. (SAC ¶¶ 12-27). Plaintiff alleges that the foregoing conduct and violation of her constitutional rights were the result of the policy, practice and custom of the Orange County Sheriff's Department to inadequately supervise and discipline law enforcement officers. (SAC ¶ 33). Plaintiff further alleges that it is the policy, practice, and custom for deputies working for the County of Orange to not intervene to prevent civil rights violations, to not arrest the deputies engaging in illegal activity, and to not report the illegal activity. (SAC ¶ 35).

On February 21, 2017, plaintiff filed a Motion to Compel ("Motion") defendant County of Orange to provide responses and to produce documents in response to plaintiff's first set of Requests for Production of Documents and Things ("RFP" numbers 3-6, 8, 17, 21, 28, 29, 32-39), and first set of Interrogatories (numbers 9, 12, 14, 16, 18-23). According to plaintiff, the discovery seeks information and documents relating to the personnel file of Deputy Caropino, as well as internal affairs investigations and criminal investigations regarding sexual misconduct, sexual assaults, inappropriate sexual behavior while on duty, unjustified searches and seizures, citizen complaints, and discipline imposed, which plaintiff asserts is necessary to prove her complaints of individual and municipal liability pursuant to 42 U.S.C. § 1983 and Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1] Plaintiff further alleges in the Motion that after filing this action on March 30, 2016, she has become aware of two other victims of Deputy Caropino, whose attacks occurred under factual circumstances very similar to her own. (JS at 3-6).[2]

---

[1] In order to prevail on a Monell claim, plaintiff must show that the constitutional injury that occurred was so prevalent as to constitute either a custom or policy of the entity defendant. Monell, 436 U.S. at 694 (plaintiff may hold a local government entity responsible under § 1983 for a constitutional injury only if he can show that his injury resulted from a policy, practice, or custom made by the entity's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy"); see also Delia v. City of Rialto, 621 F.3d 1069, 1081-82 (9th Cir. 2010) (as amended) (plaintiff must show that the alleged "constitutional violation result[ed] from: (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker") (quotations and citation omitted).

[2] Neither party filed a supplemental memorandum in connection with the Motion, and the
(continued...)

## II.

## DISCUSSION

Preliminarily, the Court will examine the issues in this Motion using the general standard set forth in Federal Rule of Civil Procedure 26 ("Rule 26") (as amended December 1, 2015). Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Discovery need not be admissible in evidence to be discoverable. Id. However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Finally, the Court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (as amended December 1, 2015) (emphasis added); see also Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (a court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

It is well-established that for a federal civil rights case, federal law controls the issues of privilege and privacy rights. See Kerr v. U.S. Dist. Court for Northern Dist. Of California, 511 F.2d

---

[2](...continued)
Court previously determined that no hearing was needed.

192, 197 (9th Cir. 1975). As a matter of comity, however, the federal court "should attempt to ascertain what interests inspire relevant state doctrine [regarding privilege and privacy issues] and should take into account the views of state authorities about the importance of those interests." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987). The ultimate determination regarding the weight to be given to the state interest resides with the federal court. Id.

It is also well-established that an entity that withholds discovery materials based on a privilege must provide sufficient information (i.e., a privilege log) to enable the requesting party to evaluate the applicability of the privilege or other protection. Fed. R. Civ. P. 26(b)(5); see Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). Failure to provide sufficient information may constitute a waiver of the privilege. See Eureka Financial Corp. v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182-83 (E.D. Cal. 1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (attorney-client privilege waived when defendant did not make a timely and sufficient showing that the documents were protected by privilege). Asserting a "blanket objection" to document requests will be found to be insufficient and improper. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (blanket privilege objection is improper); see Clarke, 974 F.2d at 129 (blanket assertions of privilege are "extremely disfavored"). In particular, the attorney-client privilege applies only when "(1) legal advice is sought (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are made in confidence (5) by the client." Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995). Additionally, Rule 26(b)(3) of the Federal Rules of Civil Procedure may "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney . . . concerning the litigation." The work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Furthermore, "[t]o be entitled to the protection of the work product rule, the

1    material must have been generated in preparation for litigation.  The prospect of future litigation

2    is insufficient." Whitman v. United States, 108 F.R.D. 5, 9 (D.N.H. 1985).

3           Here, defendant has produced a privilege log in response to the discovery requests, and

4    the Court has reviewed the parties' contentions regarding the log's sufficiency, in particular

5    plaintiff's argument that the privilege log fails to address the identity and position of all authors and

6    recipients and each document's present location.  (JS at 30).  To the extent the Court herein

7    orders production of any documents listed on the privilege log, plaintiff's arguments about the log's

8    insufficiency are rendered moot.  To the extent there are documents on the privilege log that are

9    *not* being produced as a result of this Order, defendant is **ordered** to supplement the privilege log

10   with information regarding the identity and title of all authors, the identity and title of all recipients,

11   and the present location of each document.  Furthermore, although in the privilege log defendant

12   asserts the attorney-client privilege and work product doctrine as reasons for withholding certain

13   documents (see, e.g., Exhibit F at 17-19), defendant has not made any showing that counsel was

14   contacted for the purpose of providing legal advice, or that any documents were generated in

15   preparation of litigation.[3]  Accordingly, for any documents currently listed in the privilege log that

16   defendant indicates are protected by the attorney-client privilege and/or the work product doctrine

17   and that are not ordered produced, defendant is further **ordered** to supplement the privilege log

18   to provide more detailed information that clearly establishes that the privilege or doctrine applies.

19          The Court now turns to the specific discovery requests at issue.  As set forth in more detail

20   below,  the Court finds that certain discovery seeks information that is properly within the range

21   of relevant material, and plaintiff's Motion to Compel is **granted in part** and **denied in part**.

22

23

24

25

26          [3]    For example, for a document  titled "OCSD Internal Criminal Investigation dated
     11/25/2014," the privilege log indicates that this document was given to Capt. Stu Greenberg from
27   Lt. Dave Sawyer. (Exhibit F at 17).  There is no showing that this document involves confidential
     communications from defendant's counsel, or that this document was made in preparation of
28   litigation.

**REQUESTS AT ISSUE**

Interrogatory No. 9

Interrogatory No. 9 requests the County to identify each person interviewed by OCSD personnel as part of the investigation of Case No. 16-077964 (the case number assigned to the criminal investigation into the incident which is the subject matter of this litigation).

In the Joint Stipulation, defendant argues that Interrogatory No. 9 is overbroad and infringes upon privacy rights of individuals and third parties, appears to be a "fishing expedition" to identify each and every individual who was contacted as part of the OCSD investigation, and is not reasonably calculated to lead to the discovery of admissible evidence.[4]  (JS at 48).

The Court agrees that plaintiff's request to have defendant identify every person interviewed as part of the investigation for Case No. 16-077964 is overly broad.  Defendant has already identified, in response to Interrogatory No. 8, each OCSD employee who investigated or worked on Case No. 16-077964, which totaled 12 individuals.  Plaintiff has entirely failed to articulate how the information sought in this interrogatory -- i.e., a list of each person interviewed by the 12 OCSD employees who worked on investigation, regardless of whether each interview yielded relevant information or was ultimately included in the investigation file -- is proportional to the needs of the case.  In any event, as set forth infra, plaintiff is entitled to receive the documents

---

[4]    The "not reasonably calculated" objection is based on the *former*, more liberal standard under Rule 26 that discovery was allowed if it was "reasonably calculated to lead to the discovery of admissible evidence."  See Gilead Scis., Inc. v. Merck & Co., Inc., 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence.  In fact, the old language to that effect is gone.  Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case."); Advisory Committee Note to Rule 26(b)(1) (stating that "[t]he former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted.  The phrase has been used by some, incorrectly, to define the scope of discovery.  As the Committee Note to the 2000 amendments observed, use of the 'reasonably calculated' phrase to define the scope of discovery 'might swallow any other limitation on the scope of discovery.' . . . The 'reasonably calculated' phrase has continued to create problems . . . and is removed by these amendments.").

comprising the investigation for Case No. 16-077964 (see discussion regarding RFP Nos. 6, 8, and 17). Accordingly, the Motion to Compel is **denied** with respect to Interrogatory No. 9.

Interrogatory Nos. 12, 14, 16, and 18

In the Interrogatories, plaintiff asked the County to identify OCSD policy relating or referring to "sexual activity while on duty" (Interrogatory No. 11), "sexual activity with detained persons" (Interrogatory No. 13), "sexual activity with recently detained persons" (Interrogatory No. 15), and "off-duty sexual activity with persons recently detained while on-duty" (Interrogatory No. 17). In response, defendant identified two policies: Policy No. 1018 and Policy No. 1001. In Interrogatory Nos. 12, 14, 16, and 18, which are at issue here, plaintiff seeks to compel information regarding "each and every instance" in which an OCSD employee violated the foregoing policies.

Defendant argues that Interrogatory Nos. 12, 14, 16, and 18 are vague, overbroad in time and scope, and compound. (JS at 50). The Court agrees that the interrogatories are deficient in that they request information regarding all OCSD employees, and fail to limit the request to only deputies and other peace officers. Moreover, the interrogatories do not specify a time frame. As such, the information sought is not proportional to the needs of the case. Moreover, as for the two policies identified by defendant -- Policy No. 1018 and Policy No. 1001 -- the parties have not provided the Court with a copy of these policies, so the Court is unable to ascertain the nature of the two policies in order to determine whether any discovery regarding employee violations of such policies is appropriate in this action. Accordingly, the Motion to Compel is **denied without prejudice** with respect to Interrogatory Nos. 12, 14, 16, and 18.

Interrogatory Nos. 19-22

In Interrogatory No. 19, plaintiff asks defendant to identify the number of allegations or complaints of sexual misconduct by OCSD personnel in the last five years. In turn, Interrogatory No. 20 asks defendant to identify whether an investigation was conducted into the complaint or allegation, and to describe any investigation that occurred. Interrogatory Nos. 21 and 22 ask defendant to identify, with respect to each investigation, any changes made to OCSD policies or

procedures to ensure the prevention of future similar misconduct, and whether any OCSD employee violated the changed policies or procedures.

Defendant argues that these interrogatories are not reasonably calculated to lead to the discovery of admissible evidence, and that responsive information would violate the privacy of individuals/non-parties who purportedly engaged in undefined "sexual activity while on duty." (JS at 50-51).

The Court determines that the interrogatories as propounded seek information not proportional to the needs of the case as the interrogatories request information about any complaints and investigations into sexual misconduct for all OCSD personnel. The interrogatories fail to limit the scope of the discovery sought to only incidents of misconduct involving peace officers. Moreover, the information sought is not limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. However, narrowing the scope of these interrogatories may well reveal relevant information. Accordingly, with respect to Interrogatory No. 19, the Court **grants in part** the Motion to Compel to the extent that defendant must identify the number of complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Consistent with this limited scope of Interrogatory No. 19, the Motion to Compel is also **granted** with respect to Interrogatories Nos. 20, 21, and 22.

Interrogatory No. 23

Interrogatory No. 23 asks defendant to identify any changes the OCSD made to its policies or procedures to ensure the prevention of future misconduct, following the Department's discovery of the sexual misconduct of Deputy Jennifer Tamara McClain on or about February 9, 2012.

Even without being provided any information regarding the circumstances of the alleged sexual misconduct by Deputy McClain, it is evident that plaintiff is seeking information regarding whether any changes to policies or procedures were made as a result of this particular incident, which apparently took place more than two years *before* plaintiff's alleged sexual assault by Deputy Caropino. However, the Court is not aware from the language of this Interrogatory or from

the parties' contentions in the Joint Stipulation whether "the sexual misconduct of Deputy Jennifer Tamara McClain" involves a deputy or peace officer, on the one hand, and any non-OCSD employee, on the other hand. Accordingly, only to the extent this incident of sexual misconduct does involve such a scenario (i.e., an incident of sexual misconduct involving a deputy or other peace officer and any non-OCSD employee), the Court finds that responsive information may be relevant to plaintiff's Monell claim, and **grants** the Motion to Compel.

RFP Nos. 3-5

RFP No. 3 seeks all documents that report, memorialize, summarize, reflect or depict any statements given by any witnesses in connection with the incident (i.e., plaintiff's alleged sexual assault by Deputy Caropino), and RFP No. 4 seeks audio recordings of such statements. RFP No. 5 seeks all documents reflecting any contact between any OCSD deputy or investigator and any witness to the incident.

Defendant's discovery responses reflect that one document was produced in response to these three requests: Bates No. 000566. (Exhibit D at 5-8). The Court was not provided a copy of this document and therefore is not able to ascertain its contents. In any event, defendant further asserts that there are no additional responsive documents as there are no known witnesses to the incident. (JS at 55-56). Given defendant's representation that no additional responsive documents exist, the Motion is **denied** with respect to RFP Nos. 3, 4, and 5. However, **defendant shall provide plaintiffs with a declaration, signed under penalty of perjury by a County official responsible for the oversight of County litigation matters, attesting to the accuracy of defendant's representation that no additional responsive documents exist.**

/

/

/

<u>RFP Nos. 6, 8, and 17</u>

RFP Nos. 6 and 8 seek all documents relating to plaintiff's alleged sexual assault by Deputy Caropino and all documents relating to OCSD Case No. 16-077964. RFP No. 17 seeks documents identified in Interrogatory No. 7 (asking for identification of writings that refer to OCSD Case No. 16-077964). In addition to numerous objections, defendant produced the following documents in response to RFP Nos. 6, 7, and 17: Bates Nos. 000566, 000703-000716. (Exhibit D at 8-10).

Although defendant argues that RFP Nos. 6, 8, and 17 infringe on the privacy rights of Deputy Caropino, third parties, and witnesses (JS at 56), the Court finds that the requested information is relevant to plaintiff's claims in the pending action, and further finds that plaintiff's need for the discovery outweighs any alleged privacy interest of defendants or third parties whose information may be produced. <u>See</u> <u>Unger v. Cohen</u>, 125 F.R.D. 67, 70-71 (S.D.N.Y. 1989); <u>Tyner v. City of Jackson</u>, 105 F.R.D. 564, 565-66 (S.D. Miss. 1985) ("A basic function of federal courts is to facilitate the ascertainment of truth in resolving disputes. . . . [I]nvestigative reports regarding other similar incidents involving any of the individual police officers are also either relevant or will lead to the discovery of admissible evidence."); <u>Ragge v. MCA/Universal Studios</u>, 165 F.R.D. 601, 604-05 (C.D. Cal. 1995) (the right to privacy is not absolute, but is "subject to invasion depending upon the circumstances"). Moreover, the Court finds that the protective order previously issued in this case strikes the appropriate balance between the need for the information and the privacy interests of defendant or third parties. Defendant's objections based on privacy concerns are **overruled**.

Additionally, internal investigation files are presumptively discoverable where plaintiff makes a proper showing of relevance.[5] Here, plaintiff's request for documents concerning the internal investigation of the incident described in the Second Amended Complaint is relevant and not

---

[5] <u>See also</u> <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 n.3 (N.D. Cal. 1995) ("the policies underlying civil rights laws, public confidence in the court system, and in doing individual justice outweigh[] both the police department's desire for secrecy and privacy rights of officers or citizen complainants") (<u>citing</u> <u>Kelly</u>, 114 F.R.D. at 661).

overbroad.  See Soto, 162 F.R.D. at 611 ("Plaintiff's request for the internal affairs documents concerning the investigation of the specific incident described in the complaint is relevant and is not overbroad.  Information contained in these documents [may, for example,] include complaints of excessive force, the names of officers involved, witnesses identified, as well as findings and conclusions.  Such evidence is relevant. . . .").

For these reasons, the Motion to Compel is **granted** with respect to RFP Nos. 6, 8, and 17.


RFP Nos. 21, 28, and 29

RFP Nos. 21, 28, and 29 seek, respectively, all documents:  relating to response to Interrogatory No. 12 (asking defendant to identify each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty); relating to response to Interrogatory No. 19 (asking defendant to identify the number of allegations and complaints of sexual misconduct by OCSD personnel in the last five years); and relating to response to Interrogatory No. 20 (asking defendant to identify whether an investigation was conducted into the complaints or allegations of sexual misconduct by OCSD personnel in the last five years as identified in response to Interrogatory No. 19).

For the reasons set forth in the Court's discussion of Interrogatory No. 12, the Motion to Compel is **denied without prejudice** with respect to RFP No. 21.

For RFP Nos. 28 and 29, the Court **grants** the Motion to Compel consistent with the limited scope of Interrogatory Nos. 19 and 20, as set forth supra.


RFP Nos. 32-39

RFP Nos. 32 and 33 seek documents relating to any "citizen complaints" concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony, against Deputy Caropino as well as the three deputies who responded with Deputy Caropino to the June 28, 2014, Dana Point call for service.

RFP Nos. 34 and 35 seek the personnel files, including disciplinary records, of Deputy Caropino and the three responding deputies.  RFP Nos. 36 and 37 seek all documents and

recordings referring or relating to investigations, evaluations, reprimands, or administrative reviews of Deputy Caropino and the three responding deputies. RFP Nos. 38 and 39 seek all documents and recordings that refer or relate to any investigations, evaluations, reprimands, or administrative reviews of Deputy Caropino and the three responding deputies arising out of any allegation that the deputies engaged in sexual misconduct, sexual advances, or sexual harassment against any person other than plaintiff for the five year period of time preceding the incident.

First, to the extent defendant objects to producing any documents contained in personnel files based on the official information privilege, this objection is **overruled**. While federal common law recognizes that a privilege for official information exists, and that government personnel files are official information, the privilege is only qualified. Kerr, 511 F.2d at 198. In order to determine if a privilege exists that would bar discovery, a court "must weigh potential benefits of disclosure against potential disadvantages; . . . [s]uch balancing should be considered on a case by case basis, determining what weight each relevant consideration deserves in the fact-specific situation that is before the Court." Miller v. Pancucci, 141 F.R.D. 292, 299-300 (C.D. Cal. 1992) (emphases added); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). The court in Miller noted that the balancing test has been "moderately pre-weighted in favor of disclosure." Miller, 141 F.R.D. at 300 (citing Kelly, 114 F.R.D. at 662).

Before the balancing test is even conducted, however, certain requirements must be met. Among other things, the party asserting the official information privilege must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of the privilege. Id. In addition, the opposing party must also submit a declaration from the head of the department with control over the issue containing, in part, "a specific identification of the governmental or privacy interests that would be threatened by disclosure." Id. (quoting Kelly, 114 F.R.D. at 670). If the threshold burden of showing why production is not warranted has not been met, the "privilege will be overruled in its entirety and complete disclosure will be ordered." Id. at 301. Here, defendant has not submitted such a declaration. Thus, the Court cannot conclude either (1) that harm would result from the disclosure of the requested documents, or (2) that disclosure pursuant to a protective order would harm a "significant government interest," and how

1  much harm would be done "to those interests by disclosure in this particular case." Id. (citing

2  Kelly, 114 F.R.D. at 670) (emphasis added).[6]

3  Regarding citizen complaints against Deputy Caropino, the Court determines that

4  complaints regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false

5  statements, and false testimony are either relevant to plaintiff's claims or could be used to

6  determine credibility.  See Ramirez v. Cnty. of L.A., 231 F.R.D. 407, 411 (C.D. Cal. 2005)

7  (overruling sheriff department's privacy objections and granting motion to compel disclosure of

8  documents related to citizen complaints).  Accordingly, because such documents are relevant to

9  plaintiff's claims in this action and proportional to the needs of the case, the Court **grants** the

10  Motion to Compel regarding the production of citizen complaints against Deputy Caropino (RFP

11  No. 33) regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false

12  statements, and false testimony.

13  As for citizen complaints directed at the other three responding deputies, defendant asserts

14  that there is no basis to produce the requested documents as plaintiff makes no allegations

15  against them in her lawsuit. (JS at 57-58).  Although the three responding deputies are not named

16  defendants, and are not specifically alleged with wrongdoing, the Court finds that limited discovery

17  is appropriate regarding the issue of citizen complaints.  Taking into consideration the privacy

18  rights of the three responding deputies, the Court finds that plaintiff's need for certain of the

19  requested information outweighs any invasion of the non-defendant officers' privacy rights, as

20  citizen complaints regarding dishonesty, false statements, and false testimony could be used to

21  determine credibility, and could have bearing on plaintiff's Monell claim.  Accordingly, the Court

22  **grants** the Motion to Compel (RFP No. 32) regarding citizen complaints regarding dishonesty,

23  false statements, and false testimony against the three responding deputies **for the period of five**

24  **years prior to the date of the incident.**

25

26  [6]   To the extent defendant also relies on the "self-critical analysis" privilege, such reliance is

27  misplaced as this privilege has not been recognized by the Ninth Circuit.  Union Pac. R. Co. v.

Mower, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000).

28

The remaining requests for production, RFP Nos. 34-39, seek the personnel files of Deputy Caropino and the three responding deputies, including disciplinary records and documents regarding any investigations, evaluations, reprimands, and administrative reviews.  First, the Court notes that complaints made against Deputy Caropino of misconduct similar to the allegations in the instant lawsuit, and any ensuing investigations, reprimands, employee evaluations and administrative reviews, are discoverable as such documents are clearly relevant to plaintiff's claims and proportional to the needs of the case.  Likewise, regarding disciplinary records of Deputy Caropino, the Court finds that any documents reflecting discipline for any incident similar to the incident at issue in this case, or regarding any other incidents involving sexual misconduct, must be produced.  Also, documents in Deputy Caropino's personnel file relating to training records for the five years preceding the incident must be produced, as such documents are relevant to plaintiff's <u>Monell</u> claim.

Regarding the personnel files of the three responding deputies, the Court finds the <u>Soto</u> opinion instructive:

> [D]istrict courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents.  The court in <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677, 683 (E.D. Cal.1990), balancing the privacy interests of the individual police officers versus the need for discovery under state law, allowed the discovery of personnel records subject to a protective order.  The court in <u>Hampton v. City of San Diego</u> declined to apply state-codified privacy laws, but did conduct a general balancing test to determine the privacy interests of the officers in that case.  147 F.R.D. 227, 230 (S.D. Cal.1993).  The court also balanced the need for the requested personnel files against the privacy rights of individual police officers, *expressing concern only for the privacy of those non-party officers involved at the scene* of the incident.[7]  <u>Id.</u>  Finally, the court in <u>Miller</u> ordered discovery of personnel files despite the defendants' assertion of the right of privacy. 141 F.R.D. at 301 (C.D. Cal. 1992).  Thus, the existing case law suggests that the privacy interests of police officers have not outweighed the civil rights plaintiff's need to discover the *officer-defendants'* personnel files.

---

[7]    The court in <u>Hampton</u> determined that because of its concerns regarding the privacy rights of the non-party officers at the scene of the incident, the court would review the disputed files *in camera*. <u>Hampton</u>, 147 F.R.D. at 230.  It does not appear, however, that there was a protective order issued at the time of the court's decision in <u>Hampton</u>.  <u>See id.</u> at 229-30 (stating that a privilege log could have been produced pursuant to a stipulated protective order and declining to conduct an in camera review until after a protective order had been entered).

Soto, 162 F.R.D. at 617 (emphases added) (footnote omitted).  Thus, the privacy interests of the three responding officers are more substantial because they are not parties to this case. Notwithstanding this fact, the Court finds that plaintiff's need for the requested information here outweighs any invasion of the non-defendant officers' privacy rights, as these documents are relevant to plaintiff's claim for failure to supervise and are not otherwise available to plaintiff.  Thus, defendant must produce any documents in the personnel files of the three responding officers *relating to the incident at issue in this case.*  See also Tennison v. City & Cnty. of S.F., 2005 WL 89008, at *1 (N.D. Cal. Jan. 12, 2005).  Additionally, the following must be produced: documents in these non-defendant officers' personnel files relating to training records for the five years preceding the incident; and complaints relating to sexual assault and any corresponding disciplinary actions, including, but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**.

With respect to documents from personnel files, each document produced shall be redacted to remove personal information such as social security numbers, home addresses, family members, or information relating to compensation and benefits, and may be produced pursuant to the protective order previously issued in this matter.

### III.

### CONCLUSION

Based on the foregoing, **IT IS ORDERED THAT**:

1.    Plaintiffs' Motion to Compel is **granted in part** to the extent described above.

2.    Defendant is ordered to provide all responsive information and documents in its possession, custody, or control, and the required declaration, **no later than March 27, 2017.**  To the extent defendant produces any document or other information that is designated confidential in nature, such document or information may be produced pursuant to the protective order currently in place.  Additionally, to the extent there are documents listed on the privilege log previously provided by defendant that are <u>not</u> being produced as a result of this Order, defendant is ordered to supplement the privilege log with information regarding the identity and title of all

authors, the identity and title of all recipients, and the present location of each such document. To the extent defendant asserts the attorney-client privilege and/or work-product doctrine as a basis for withholding any document, defendant shall further supplement the privilege log to provide more detailed information establishing that the privilege or doctrine applies.

**IT IS SO ORDERED.**

DATED: March 13, 2017

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

# Exhibit G



JASS|LAW

---

4510 E. Pacific Coast Highway, Ste. 400, Long Beach, CA 90804
T: 562.340.6299|F: 562.340.6422

March 14, 2017

**VIA E-MAIL**

Dana Alden Fox, Esq.
Dawn M. Flores-Oster, Esq.
Barry Hassenberg, Esq.
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
633 West 5th Street, Suite 4000
Los Angeles, CA 90071
Emails: Dana.Fox@lewisbrisbois.com
Dawn.Flores-Oster@lewisbrisbois.com
Barry.Hassenberg@lewisbrisbois.com

Re:   *Alexa Curtin v. County or Orange, et al.*
       Case No.: 8;16-cv-00591-SVW-PLA

Dear Mr. Counsel:

Please allow this letter to provide notice that Plaintiff Alexa Curtin will move the Court and electronically file her *Ex Parte* Application for an Order Modifying the Court's Scheduling Order of January 20, 2017 regarding the April 25, 2017 trial date and the April 17, 2017 Pre-Trial Conference Date, as well as the corresponding deadline dates.

The Court's New Case Order filed on March 30, 2016 (Docket No. 7), instructs the parties as follows:

"The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the ex parte was served. If counsel are not going to oppose the ex parte application, they must inform the clerk at (213) 894-2881. Counsel will be notified by the clerk of the Court's ruling."

Page 2 of 2
Alexa Curtin v. County of Orange
March 14, 2017

    The *Ex Parte* Application and the accompanying order will be filed through the CM-ECF system today. Please let me know whether you intend to oppose Plaintiff's *Ex Parte* request, and if you have any preferred dates to be included in the request, and I will include that information in the *Ex Parte* Application.

    Thank you.

Very truly yours,

Jeremy D. Jass