Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALEXA CURTIN,

Plaintiff,

vs.

COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,

Defendants,

Case No.: 8:16-CV-00591-SVW-PLA

Assigned to Hon. Stephen V. Wilson

**APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT NICHOLAS LEE CAROPINO;**

Date: April 17, 2017
Time: 1:30 p.m.

TO DEFENDANT NICHOLAS LEE CAROPINO AND HIS ATTORNEY:

PLEASE TAKE NOTICE THAT on April 17, 2017 at 1:30 p.m. or as soon thereafter as this matter may be heard by the above-entitled Court, located at 350 W. 1st Street, Courtroom 10A, 10th Floor, Los Angeles, CA 90012, plaintiff will present its application for a default judgment against defendant Nicholas Lee Caropinio. The clerk has previously entered the default of said defendant on March 3, 2017.

At the time and place of hearing, plaintiff will present proof of the following matters:

1. Defendant Nicholas Lee Caropino is not a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940; and

2. Said defendant has not appeared in this action.

3. Notice of this application for default judgment by court was served on said defendant on March 17, 2017 by mail.

4. Plaintiff is entitled to judgment against said defendant on account of the claims pleaded in the complaint, to wit: $10,000,000.00

5. The amount of judgment sought is the sum of $10,000,000.00 as set forth in the attached declarations of Alexa Curtin and Jeremy Jass.

//

//

//

//

//

//

//

//

//

This Application is based on this Notice, the Memorandum of Points and Authorities, the attached declarations of Alexa Curtin and Jeremy Jass, and the pleadings, files and other matters that may be presented at the hearing.

Dated: March 17, 2017

Jass Law

*/s/ Jeremy Jass*

Jeremy Jass
*Attorney for Plaintiff*,
ALEXA CURTIN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Underlying Facts

In the early morning hours of June 27, 2017 sheriff's deputies, including Deputy Caropino, responded to a dispute between Ms. Curtin and her husband. After investigating, the deputies concluded no crime had occurred, and the couple should part ways for the night. Then, Deputy Caropino placed Ms. Curtin in his patrol car and drove her to her car.

Once there, he got her out of the patrol vehicle and further detained her. He searched her purse, vehicle, and contents of the vehicle including luggage and clothing. He asked Ms. Curtin why the panties he found were wet. He then told her that she was not free to leave and that if she did leave, "She would be in a lot of trouble," and that he was going to return.

Ms. Curtin followed Deputy Caropino's orders not to leave and waited in her car. After some time, Deputy Caropino returned and ordered Ms. Curtin to let him into her vehicle. He then said to Ms. Curtin, "Since you are still here, I am going to fuck the shit out of you." Deputy Caropino told Plaintiff, "Show me your pussy." Plaintiff was afraid and feared for her own safety, and she complied with all of Deputy Caropino's commands. Then Deputy Caropino groped Plaintiff's vagina and forcefully digitally penetrated her while commenting on her anatomy. Deputy Caropino then pulled his pants down and shoved Plaintiff's head down towards his genitals and forced her to orally copulate him despite her cries of pain.

Next, Deputy Caropino ordered Ms. Curtin to straddle him while he sat in the passenger seat of her vehicle. She was still in fear for her safety and knew that many in law enforcement carry guns, even when out of uniform, and complied with the Deputy Caropino's commands. While in this position, the Deputy Caropino forced sexual intercourse with Ms. Curtin.

Before leaving, Deputy Caropino then pulled up his pants, and asked Plaintiff for her cellular phone number so he could text her and to do this again. Still afraid, Plaintiff gave Deputy Caropino an incorrect phone number.

Plaintiff was violated, traumatized, emotionally drained, in shock, and fearing for her own safety. Specifically, Plaintiff feared that given the Deputy Caropino's position, he would find her and harm her again. Due to Deputy Caropino's atrocious actions, Plaintiff has suffered physical and emotional injuries. Plaintiff's injuries continue.

Ms. Curtin filed this action against Deputy Caropino and the County of Orange on or about March 30, 2016. Since that time, Plaintiff has become aware of two other victims of Deputy Caropino's, whose attacks occurred under factual circumstances very similar to her own.

**2. Deputy Caropino's *Modus Operandi***

Unfortunately for the community, Ms. Curtin was not the only person Deputy Caropino sexually assaulted. Very recently, a woman (hereinafter Jane Doe #1) contacted plaintiff's counsel to relay her own encounter with Deputy Caropino. Ms. Doe #1 explained that in June of 2013 Deputy Caropino sexually assaulted her in her vehicle while detaining her during a DUI investigation. Ms. Doe #1 complied with Deputy Caropino's commands out of fear of harm to her person and out of fear that he would abuse his position to wrongfully arrest her.

Ms. Doe #1 is prepared to testify that at about 1:00 a.m. in Dana Point, she was heading home from Fred's Mexican Café. On her way home she went through the drive through of Del Taco and could see a Sheriff's Deputy standing at the cash register looking at her. After eating her food, Ms. Doe #1 was pulled over leaving Del Taco. Deputy Caropino walked up to her car and said, "I saw that look you gave me," and asked her if she would ever date a cop. Ms. Doe #1 said, "No." Deputy Caropino then asked Ms. Doe #1 if she had been drinking, she initially said no, but Deputy

Caropino incessantly asked her again if she had been drinking. She felt Deputy Caropino was doing this to scare her, and she was in fact fearful of him. She then admitted that she had a couple of margaritas at Fred's Mexican Café. At that point, Deputy Caropino told her that he had turned all of his recording devices off, which further frightened Ms. Doe #1. Deputy Caropino then asked if Ms. Doe #1 was "wet" and that he wanted to feel her. He then reached in through the driver side window and forced his hand under her panties to fondle her genitals. Deputy Caropino then said, "I want to fuck you right now," and told Ms. Doe #1 to follow him. Still fearful that Deputy Caropino would harm her or take her to jail, she complied. She followed him to a parking lot, where he parked his squad car next to hers and directed her to get into the backseat of her car. He then engaged in non-consensual sexual intercourse with her in the backseat of her car. Before leaving, Deputy Caropino asked Ms. Doe #1 for her phone number and she gave it to him. A few days later he started sending her vulgar threatening text messages that Ms. Doe #1 did not reciprocate.

Plaintiff has found a prior government claim filed against Deputy Caropino by another victim of his, identified hereinafter as Jane Doe #2. Jane Doe #2 filed a government claim against the County of Orange and Deputy Caropino in late February of 2014. In her claim, she states that while she was under arrest and sitting in the back of a squad car, Deputy Caropino uncuffed her hands and forced her to touch his penis through his uniform. Deputy Caropino intimidated her, coerced her, and sexually assaulted her. He then called and text messaged her once she was released from custody and showed up at her home while on duty and in uniform to have non-consensual sex with her. She indicates that she suffered physical trauma, psychological trauma, fear, intimidation, pain and suffering.

**C. Procedural Facts**

On March 30, 2016, Plaintiff filed a Complaint for violation of her Fourth and Fourteenth Amendment Rights under 42 U.S.C. § 1983. On June 29, 2016 Plaintiff filed a First Amended Complaint. On December 12, 2016, Plaintiff's

Second Amended Complaint was filed, naming Defendant Nicholas Lee Caropino as Plaintiff's attacker. Plaintiff served Defendant Caropino with the Complaint on December 29, 2016 by leaving the Complaint with Caropino's mother and co-occupant, Kay Franklin, at his home address and sending the Complaint via U.S. Mail. [Docket No. 49]. Thus far, Defendant Caropino has failed to respond or appear. On March 3, 2017, the Clerk entered default against Defendant Caropino. [Docket No. 51].

## II. ARGUMENT

The Court should grant Plaintiff's request for default judgment against Defendant Caropino for violating her United States Constitutional Rights under color of state law, 42 U.S.C §1983.

On application for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the Complaint's factual allegations, but the plaintiff must prove allegations regarding the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geedes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Plaintiff Succeeds in Her 42 U.S.C. § 1983 Claims

1. *Fourth and Fourteenth Amendment Violations*

To succeed on her §1983 claim for violations of her Fourth and Fourteenth Amendment rights, Plaintiff must prove: (1) Deputy Caropino acted under color of law; (2) Deputy Caropino's acts deprived Ms. Curtin of her rights to be free from excessive force and unreasonable seizures, and right to bodily integrity, under the Fourth Amendment; and Deputy Caropino's acts shock the conscience and deprived Ms. Curtin of her due process rights, and right to bodily integrity, under the Fourteenth Amendment ;(3) Ms. Curtin was harmed; and (4) Deputy Caropino's actions caused Ms. Curtin's harm. Ninth Circuit Model Jury Instructions 9.2, 9.22, 9.23.

In her Second Amended Complaint Plaintiff properly pled that at all relevant times to her claims Caropino was an Orange County Sheriff's Deputy, that he acted under color of state law, and within the course and scope of his employment. [Second Amended Complaint (hereinafter "SAC") ¶6]. That while working as a Sheriff's Deputy, he investigated a possible domestic violence call involving Plaintiff and her then boyfriend. [SAC ¶13-15]. After this investigation, Defendant Caropino ordered Plaintiff into his patrol car, where he drove her to her car and continued to detain her and search her vehicle and belongings. [SAC ¶16-17]. Caropino then began asking Plaintiff about undergarments he found [SAC ¶17]. Caropino then ordered Plaintiff to remain where she was in her vehicle and that he was coming back and if she left she would be in a lot of trouble. [SAC ¶18]. Plaintiff complied with Caropino's orders and stayed in her vehicle, and a short time later Caropino returned, entered Plaintiffs vehicle and sexually assaulted her. [SAC ¶19-25]. Plaintiff further alleged that she suffered harm by Caropino's atrocious actions. [SAC ¶27-30]. Plaintiff properly pled that Caropino's conduct constituted an unreasonable seizure in violation of her Fourth and Fourteenth Amendments to the United States Constitution. [SAC ¶39]. And that he acted intentionally and maliciously deprived Plaintiff of her rights, with conscious and deliberate indifference to Plaintiff's rights. [SAC ¶41, 49].

Deputy Caropino's acted under color of authority, in his capacity as a Sheriff's Deputy, and in the course and scope of his employment in his actions of forcing Ms. Curtin to perform sexual acts with him against her will. *Mary M. v. City of Los* Angeles, 54 Cal.3d 202, 221 (1991) (holding that a police officer who commits a sexual assault by taking advantage of, and misusing his official authority acted in the course and scope of his employment.) So, his actions constitute and unreasonable seizure and violate Ms. Curtin's due process rights and right to bodily integrity and are actionable under 42 U.S.C. § 1983. *Fontana v.*

*Haskin*, 262 F.3d 871, 880-82 (9th Cir. 2001) (holding that sexual assault by police officer violates federal civil rights laws.

2. *Plaintiff is entitled to her Actual and Punitive Damages*

Defendant Caropino abused his position of authority, and acting under color of state law, to sexually assault Plaintiff, causing her to suffer humiliation, embarrassment, pain and suffering, emotional distress, and permanent damage to her emotional well being. (Curtin Decl. ¶¶ 9-14 ). Defendant Caropino's intentional and wrongful conduct has burdened Plaintiff with living with her injuries, and re-living the horrible attack that she survived. (Curtin Decl. ¶ 13). Moreover, 42 U.S.C. § 1983 allows for the recovery of compensatory and punitive damages.

Uncapped emotional distress damages are recoverable under 42 U.S.C. § 1983. *Hafer v. Melo,*502 U.S. 21, 31 (1991). Emotional distress damages are available even where the Plaintiff has not sought medical treatment. "Medical testimony, although relevant, is not necessary…[T]he plaintiff's own testimony may be sufficient to establish humiliation or mental distress." *Williams v. TWA*, 660 F.2d 1267 (8th Cir. 1981). General damages for pain and suffering and loss of dignity are available in action under § 1983. *Aichele v. City of Los Angeles*, 314 F.R.D. 478 (C.D. Cal. 2013). Punitive damages may be awarded in an action under § 1983 when defendant's conduct is shown to be motivated by evil motive or intent, or when it involves the reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Plaintiff suffered personal injury in the form of her physical pain and suffering as well has her mental anguish and emotional well being because of Defendant Caropino's sexual assault of her. Not only did Defendant Caropino intend to sexually assault Plaintiff, he also acted in recklessly with callous indifference to Plaintiff's federally protected rights to be free from unreasonable searches and seizures and her due process rights and right to bodily integrity.

Plaintiff will feel the effects of Defendant's conduct for many years to come. Accordingly, Plaintiff requests that the Court award damages in the amount of $2,000,000 for the forced digital penetration, $2,000,000for the forced oral copulation, and $2,000,000 for the forced intercourse; as well as another $4,000,000 in punitive damages as 66% of the compensatory damages, for a total of $10,000,000 before attorney's fees and costs.

3. *Plaintiff is entitled to Attorneys' Fees*

A plaintiff is entitled to recover her attorneys' fees under 42 U.S.C §1988, as this statute permits an award of attorneys' fees to a plaintiff who prevails on a claim of 42 U.S.C. §1983. Local Rule 55-3 fixes attorneys fees on default judgment. As such Plaintiff is entitled to recover $203,600 in attorneys fees.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**III. CONCLUSION**

Plaintiff prays for the following relief:

1. That Plaintiff receives and recovers from Defendant Caropino all damages sustained;

2. That Plaintiff receives and recovers from Defendant Caropino compensatory damages in the amount of $2,000,000 for the forced digital penetration, $2,000,000 for the forced oral copulation, and $2,000,000 for the forced intercourse; for a total of $6,000,000.

3. That Plaintiff receives and recovers from Defendant Caropino punitive damages of $4,000,000 as 66% of her compensatory damages.

4. That Plaintiff be awarded pre- and post-judgment interest to the extent allowed by law; and

5. That Plaintiff be awarded attorneys fees pursuant to 42 U.S.C §1988, and as set by Local Rule 55-3 in the amount of $203,600.

6. That Plaintiff be awarded such and other further relief to which she may be justly entitled and the Court may order.

Dated: March 17, 2017 Jass Law

*/s/ Jeremy Jass*
Jeremy Jass
*Attorney for Plaintiff*,
ALEXA CURTIN

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Jass Law and that on this 17th day of March, 2017,I caused the documents entitled:

- APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT NICHOLAS LEE CAROPINO
- DECLARATION OF PLAINTIFF ALEXA CURTIN IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT NICHOLAS LEE CAROPINO
- DECLARATION OF JEREMY JASS IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT NICHOLAS LEE CAROPINO

to be served as follows:

[ X ] by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Defendant's knowns addresses; and/or

[ ] pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ] to be hand delivered;

[ ] by the Court's CM/ECF system.

_ __*/s/ Jeremy Jass*__________________

Jeremy Jass