1
2  Jeremy D. Jass, SBN 279466
   jeremy@jasslaw.com
3  JASS LAW
   4510 E. Pacific Coast Highway, Suite 400
4  Long Beach, CA 90804
   Telephone: (562) 340-6299
5  Facsimile: (562) 340-6422

6
7  Attorneys for Plaintiff
   ALEXA CURTIN

8
9               UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA

11

12  ALEXA CURTIN,                    Case No.: 8:16-CV-00591-SVW-PLA

13                                   Assigned to Hon. Stephen V. Wilson
14              Plaintiff,
                                     **PLAINTIFF ALEXA CURTIN'S**
15                                   **MOTION *IN LIMINE* NO. 1 TO**
16                                   **ADMIT EVIDENCE AND**
                                     **TESTIMONY RE DEFENDANT**
17          vs.                      **CAROPINO'S OTHER ALLEGED**
                                     **SEXUAL ASSAULTS**
18
19  COUNTY OF ORANGE; NICHOLAS       [Filed concurrently with [Proposed]
20  LEE CAROPINO, individually and as  Order]
    Deputy Sheriff for the County of Orange;
21  and DOES 1 through 50,           Action Filed: March 30, 2016
                                     Pre-Trial Conference: April 17, 2017
22                                   Trial Date: April 25, 2017
23                                   Trial Docs Due: March 27, 2017
             Defendants,             Mot. *In Limine* Due: March 20, 2017
24
25

26
27
28
                                     I

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY
RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-referenced Court, located at 350 W. 1st street, 10th floor, Los Angeles, CA 90012, Plaintiff Alex Curtin will, and hereby does, move *in limine* to admit evidence of other sexual assault complaints made against Defendant Nicholas Lee Caropino, while he served as an Orange County Sheriff's Deputy.

This Motion is made on the grounds that evidence of the other sexual assaults is relevant and admissible under Rule 415 of the Federal Rules of Evidence, as this is a civil case involving sexual assault, and the other sexual assaults are very similar to Defendant's assault of Ms. Curtin. The complaints were well-founded.

Congress has stated that such is relevant to show propensity and credibility, and it is presumptively admissible under Rule 403. The specific evidence to be admitted under Rule 415 includes (but is not limited to) the following:

- Testimony from Jane Doe #1
- Testimony from Jane Doe #2
- Testimony from OCSD Sheriff's Investigators Vogel and Christian about their investigations of the allegations made by Jane Doe #1 and Jane Doe #2; and
- Testimony from Defendant Nicholas Lee Caropino about the allegations made by Ms. Curtin, Jane Doe #1, and Jane Doe #2.

//
//
//
//
//
//

II

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

1    This Motion is based on the attached Memorandum of Points and

2    Authorities; any oral argument the Court may entertain in considering this Motion,

3    and all pleadings and papers on file.

4

5

6    Dated:  March 20, 2017                    Jass Law

7

8                                                    ___/s/ Jeremy Jass_____

9                                                    Jeremy Jass
                                                     *Attorney for Plaintiff,*

10                                                   ALEXA CURTIN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            III

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY**
**RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................... 1

II.   FACTS ......................................................................................................... 2

III.  ARGUMENT ............................................................................................... 5

    A.    Evidence of Caropino's Prior Acts Against Other Victims is Expressly Admissible Under Federal Rules of Evidence Rule 415 ............................ 5

    B.    Evidence of Deputy Caropino's Prior Acts Against Other Victims is Also Admissible Under Federal Rules of Evidence Rule 404(b) .................. 12

    C.    The Evidence of Prior Sexual Attacks is Further Relevant and Admissible as to the *Monell* Claim Against the County ................................. 14

    D.    Ms. Curtin Will Be Prejudiced If This Evidence Is Not Admitted............ 18

V.    CONCLUSION………………………………………………………....19

IV

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Kraft* 828 F.Supp.2d 1090 (N.D. Cal. 2011) ........................................... 14

*Blind-Doan v. Sanders*, 291 F.3d 1079 (9th Cir. 2002) ................................ 5, 7, 12

*Boyd v. City & County of San Francisco*, 576 F3d 938 (9th Cir. 2009) ............... 13

*City of St. Louis v. Praprontik,* 485 U.S. 112 (1988) ....................................... 16

*Cleveland v. KFC Nat'l Mgmt. Co.*, 948 F.Supp 62 (N.D. Ga. 1996) ...................... 8

*Dang v. Cross*, 422 F.3d 800 (9th Cir.2005) .......................................... 14

*Doe v. Glanzer,* 232 F.3d 1258 (9th Cir. 2000) ....................................... 6, 7, 11

*Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1267-68 (9th Cir. 2000) ... 2, 8

*Doe v. Smith*, 470 F.3d 331 (7th Cir. 2006) ........................................ 8

*Edwards v. Thomas*, 31 F. Supp. 2d 1069 (N.D. Ill. 1999) ................................ 14

*Frank v. County of Hudson*, 924 F.Supp. 620 (D.N.J.1996) ................................. 6

*Gillette v. Delmore,* 979 F.2d 1342 (9th Cir.1992) ..................................... 17

*Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001) ....................................... 18

*Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) ............................ 17

*Henderson v. City & Cnty. of San Francisco*, C05-234 VRW, 2006 WL 3507944
  (N.D. Cal. Dec. 1, 2006) ........................................................ 15

*Henry v. County of Shasta*, 132 F3d 512 (9th Cir. 1997) ............................. 17, 18

*Huddleston v. United States,* 485 U.S. 681 (1988) .................................... 12

*Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138 (3d Cir. 2002) ....................... 10, 11

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) ............................ 17

*Leer v. Murphy*, 844 F.2d 628 (9th Cir.1988) ......................................... 15

*McRorie v. Shimoda*, 795 F.2d 780 (9th Cir. 1986) .................................... 17

*Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978) ....... 15

*Old Chief v. United States*, 519 U.S. 172 (1997) ...................................... 6

*Oviatt by and through Waugh v. Pearce*, 954 F.2d 1470 (9th Cir. 1992) .............. 16

*Sanchez v. Brokop*, 398 F. Supp. 2d 1177 (D.N.M. 2005) ............................. 9, 14

*Seeley v. Chase*, 443 F.3d 1290 (10th Cir. 2006) ................................................. 7, 9

*Shaw v. State of California Dept of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir.1986)........................................................................................................ 15

*Smith v. Wade*, 461 U.S. 30 (1983)....................................................................... 14

*Taylor v. Superior Court*, 24 Cal.3d 890 (1979)................................................... 14

*Thompson v. City of Los Angeles*, 885 F.3d 1439 (9th Cir. 1989)......................... 17

*U.S. v. Curtin,* 489 F.3d 935 (9th Cir. 2007) ....................................................... 12

*Ulrich v. City & County of San Francisco*, 308 F.3d 968 (9th Cir.2002)......... 15, 16

*United State v. Rogers*, 587 F.3d 816 (7th Cir. 2007) ............................................ 8

*United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629 (9th Cir. 2012) ........... 12

*United States v. Barnason*, 852 F.Supp.2d, 367 (S.D.N.Y. 2012) .......................... 8

*United States v. Cherer,* 513 F.3d 1150 (9th Cir. 2008)........................................ 12

*United States v. Cruz-Garcia*, 344 F.3d 951 (9th Cir. 2003) ................................ 18

*United States v. Guardia,* 135 F.3d 1326 (10th Cir.1998)...................................... 6

*United States v. Hadley*, 918 F.2d 848 (9th Cir.1990)........................................... 13

*United States v. McGuire*, 627 F.3d 622 (7th Cir. 2010)....................................... 18

*United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)..................................... 13

*United States v. Sioux*, 362 F.3d 1241(9th Cir. 2004) ............................................. 7

*Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128 (1998)................................... 14

**Statutes**

42 U.S.C. § 1983.............................................................................................. 7, 15

Cal. Civ.Code § 3294 .......................................................................................... 14

**Rules**

Fed. Rule of  Evid. 414 ....................................................................................... 5, 9

Fed. Rule of Evid.  413 .................................................................................... 5, 6, 9

Fed. Rule of Evid. 401 ...................................................................................... 6, 8

Fed. Rule of Evid. 402 ...................................................................................... 6, 8

VI

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

Fed. Rule of Evid. 403 ............................................................................ 2, 6, 11

Fed. Rule of Evid. 404 ............................................................................ 7, 12, 13

Fed. Rule of Evid. 415 ............................................................................ passim

VII

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In mid 2014, Defendant Nicholas Lee Caropino sexually assaulted Alexa Curtin. Caropino forcefully digitally penetrated Ms. Curtin, forced her to perform oral sex on him, and forced sexual intercourse.  At all times, Caropino acted under color of authority, as an Orange County Sheriff's Deputy.

At least two other women were similarly victimized by Deputy Caropino during the year prior to the attack on Plaintiff, with one of the victims making a complaint against him with the County *months before* Caropino attacked Ms. Curtin. Evidence of the prior attacks is admissible under FRE 415 and as such evidence is germane and relevant to the issue of *Monell* liability against the County. These instances, and any other instances of prior similar sexual attacks by Deputy Caropino should be admissible at trial.

Rule 415 was enacted to prevent perpetrators from getting away with atrocious crimes like rape and sexual assault. Congress recognized that evidence of a defendant's other sexual misconduct is highly probative and that it is unfair to the victim to exclude such evidence in a sexual assault case. This case is the exact situation Rule 415 was designed for: a sexual assault case with no third party witnesses and no DNA evidence, where the defendant denies assaulting the victim. It is a credibility contest that would be difficult to prove if propensity evidence did not come in. This is particularly true here because juries tend to find law enforcement officers credible.

Rule 415 supersedes Rule 404 and its prohibition on character evidence. Under Rule 415, "the *presumption is in favor of admission*. The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects." Floor Statement of the Principal House Sponsor, Representative Susan Molinari, Concerning the Prior

Crimes Evidence Rules for Sexual Assault and Child Molestation Cases (Cong. Rec. H8991-92, Aug. 21, 1994)("Molinair St."); *accord Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1267-68 (9th Cir. 2000).

A defendant's other acts of sexual misconduct are admissible if: (1) the case involves sexual assault, (2) the acts alleged in the case are similar to the other acts offered under Rule 415, and (3) the Rule 403 balancing weighs in favor of admitting the evidence. The complaints by Jane Doe #1 and Jane Doe #2 satisfy that test. All three of the incidents involve sexual assault. All three of the victims are young vulnerable women who were under the influence of alcohol at the time, all three of the assaults took place on the victim's property. Caropino asked for the phone numbers of all three victims. And, in two of the incidents Caropino intentionally turned of his recording devices. Caropino admits to these sexual acts, but maintains that they were all three consensual. This evidence corroborates Ms. Curtin's story and impeaches Caropino's story.

The evidence is further relevant to Plaintiff's *Monell* claim against the County.  The County had a *de facto* policy where officers covered-up, interfered with, and impeded misconduct investigations, creating an environment where officers like Caropino could act with impunity.  Although aware of his sexually deviant tendencies, the County did nothing to prevent Caropino from abusing his authority as an officer.  The evidence of prior instances of Caropino's sexual abuse will confirm that the County had actual knowledge of misconduct by Caropino and failed to take reasonable steps to address the claim(s) against him and thus its conduct amounted to deliberate indifference to the constitutional rights of Plaintiff.

For several reasons, the evidence of prior similar sexual attacks by Caropino should be admissible at trial.

## II.   **FACTS**

**Ms. Curtin.** In the early morning hours of June 27, 2017 sheriff's deputies, including Deputy Caropino, responded to dispute between Ms. Curtin and her husband.

After investigating, the deputies concluded no crime had occurred, and the couple should part ways for the night. Then, Deputy Caropino placed Ms. Curtin in his patrol car and drover her to her car.

Once there, he got her out of the patrol vehicle and further detained her. He searched her purse, vehicle, and contents of the vehicle including luggage and clothing. He asked Ms. Curtin why the panties he found were wet. He then told her that she was not free to leave and that if she did leave, "She would be in a lot of trouble," and that he was going to return.

Ms. Curtin followed Deputy Caropino's orders not to leave and waited in her car. After some time, Deputy Caropino returned and ordered Ms. Curtin to let him into her vehicle.  He then said to Ms. Curtin, "Since you are still here, I am going to fuck the shit out of you."  Deputy Caropino told Plaintiff, "Show me your pussy." Plaintiff was afraid and feared for her own safety, and she complied with all of Deputy Caropino's commands. Then Deputy Caropino groped Plaintiff's vagina and digitally penetrated her while commenting on her anatomy. Deputy Caropino then pulled his pants down and shoved Plaintiff's head down towards his genitals and forced her to orally copulate him despite her cries of pain.

Next, Deputy Caropino ordered Ms. Curtin to straddle him while he sat in the passenger seat of her vehicle. She was still in fear for her safety and knew that many in law enforcement carry guns, even when out of uniform, and complied with the Deputy Caropino's commands. While in this position, the Deputy Caropino forced sexual intercourse with Ms. Curtin.

Before leaving, Deputy Caropino then pulled up his pants, and asked Plaintiff for her cellular phone number so he could text her and to do this again.  Still afraid, Plaintiff gave Deputy Caropino an incorrect phone number. Ms. Curtin was 21 years old at the time of the incident.

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

**Jane Doe #1**. In June of 2013 Deputy Caropino sexually assaulted Ms. Doe #1 in her vehicle while detaining her during a DUI investigation. Ms. Doe #1 complied with Deputy Caropino's commands out of fear of harm to her person and out of fear that he would abuse his position to wrongfully arrest her.

Ms. Doe #1 is prepared to testify that at about 1:00 a.m. in Dana Point, she was heading home from Fred's Mexican Café. On her way home she went through the drive through of Del Taco and could see a Sheriff's Deputy standing at the cash register looking at her. After eating her food, Ms. Doe #1 was pulled over leaving Del Taco. Deputy Caropino walked up to her car and said, "I saw that look you gave me," and asked her if she would ever date a cop. Ms. Doe #1 said, "No." Deputy Caropino then asked Ms. Doe #1 if she had been drinking, she initially said no, but Deputy Caropino incessantly asked her again if she had been drinking. She felt Deputy Caropino was doing this to scare her, and she was in fact fearful of him. She then admitted that she had a couple of margaritas at Fred's Mexican Café. At that point, Deputy Caropino told her that he had turned all of his recording devices off, which further frightened Ms. Doe #1. Deputy Caropino then asked if Ms. Doe #1 was "wet" and that he wanted to feel her. He then reached in through the driver side window and forced his hand under her underwear to fondle her genitals. Deputy Caropino then said, "I want to fuck you right now," and told Ms. Doe #1 to follow him. Still fearful that Deputy Caropino would harm her or take her to jail, she complied. She followed him to a parking lot, where he parked his squad car next to hers and directed her to get into the backseat of her car. He then engaged in non-consensual sexual intercourse with her in the backseat of her car. Before leaving, Deputy Caropino asked Ms. Doe #1 for her phone number and she gave it to him. A few days later he started sending her vulgar threatening text messages that Ms. Doe #1 did not reciprocate. Ms. Doe #1 was 21 years old at the time of the incident.

**Jane Doe #2.** Ms. Doe #2 filed a government claim against the County of Orange and Deputy Caropino in late February of 2014. In her claim, Ms. Doe #2

states that while she was under arrest and sitting in the back of a squad car, Deputy Caropino uncuffed her hands and forced her to touch his penis through his uniform. Deputy Caropino intimidated her, coerced her, and sexually assaulted her.  He then called and text messaged her once she was released from custody and showed up at her home while on duty and in uniform to have nonconsensual sex with her. Ms. Doe #2  was 18 years old at the time of the incident.

**Defendant Caropino**. It appears that Defendant Caropino does not dispute that these sexual encounters took place, but alleged they were all consensual.

## III.  <u>ARGUMENT</u>

**A.  Evidence of Caropino's Prior Acts Against Other Victims is Expressly Admissible Under Federal Rules of Evidence Rule 415.**

The Federal Rules of Evidence specifically provide that evidence of other offenses of sexual assault may be admissible in a civil case predicated on a claim of sexual assault.  Fed. Rules of Evid. Rule 415(a); *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir. 2002).  Pursuant to Rule 415, "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party *committed any other sexual assault* or child molestation. The evidence may be considered as provided in Rules 413 and 414."  Fed. Rules of Evid. Rule 415(a).

The Ninth Circuit's decision in *Blind-Doan* is illustrative of why evidence of Deputy Caropino's prior sexual assaults and abuse of other women is admissible here. There, a detainee sued a police officer after he sexually assaulted her.  While booked in jail, the officer had escorted the plaintiff back to her cell and according to the victim he told her he was going to "teach her a lesson" and inserted his police baton into her vagina. *Blind-Doan*, 291 F.3d at 1081. The officer denied the assault occurred. At trial, the victim listed seventeen witnesses who would testify as to relevant prior sexual assaults by the officer.  Included among such testimony was

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**

testimony from one victim who alleged that "'prior to being booked at the Taft jail, Officer Sanders took her into a small room at the jail and tried to get her to have sex with him in exchange for letting her go free." *Id*. at 1082.  The district court granted the defendant's motion in limine to exclude all such evidence.  *Id*. at 1081. The Ninth Circuit reversed.

In its discussion of Rule 415, the Court cited its earlier decision in *Doe v. Glanzer,* 232 F.3d 1258, 1268 (9th Cir. 2000) where it was held:

> To determine whether Fed.R.Evid. 415 applies to evidence that a party is seeking to introduce at trial, courts adopt a three-step inquiry. See *Frank v. County of Hudson*, 924 F.Supp. 620, 625–26 (D.N.J.1996). First, the defendant must be accused of an offense of sexual assault or child molestation; second, the evidence being proffered must relate to the commission of another offense of sexual assault or child molestation; and last, the evidence has to be relevant. See *United States v. Guardia,* 135 F.3d 1326, 1328, 1332 (10th Cir.1998) (discussing Fed.R.Evid. 413's relation to Fed.R.Evid. 403).

*Doe v. Glanzer,* 232 F.3d at 1268; *Blind-Doan*, supra, at 1081.

In *Doe v. Glanzer*, the Ninth Circuit explained: "With respect to this last prong, it is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant and in conformity with the standards set out in Fed.R.Evid. 401 & 402."  *Doe v. Glazner*, at 168 citing Fed.R.Evid. 401 (stating that evidence is relevant if it has a tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Fed.R.Evid. 402 (stating that only relevant evidence is admissible at trial); *Old Chief v. United States*, 519 U.S. 172, 181 (1997).

In *Seeley v. Chase*, 443 F.3d 1290 (10th Cir. 2006), the Tenth Circuit held that even an attempted prior sexual assault may be admissible under Rule 415.  In that case, the plaintiff alleged a violations of her civil rights under 42 U.S.C. § 1983, and for assault, battery, false arrest, and false imprisonment under the New Mexico Tort Claims Act after she was sexually assaulted by an officer.  The district court permitted testimony from four other alleged victims and evidence of a criminal indictment (concerning several victims of sexual abuse by the officer) in the plaintiff's civil trial against the officer.  *Id*. at 1292.   The Tenth Circuit rejected the officer's claim that the testimony from the other witnesses could not be admitted since the prior acts did not expressly involve a sexual touching.  Noting that the "[t]estimony of the other four women allegedly assaulted by Chase is *chilling,*" the Court held that testimony that the officer stopped a motorist twice, handcuffed her, asked if she would have sex with him, and rubbed her breasts, and testimony that on another occasion he took a juvenile to his car, pulled her pants and underwear down, and shined a flashlight on her genitals, was sufficient to establish that officer took a *substantial step* toward sexually assaulting the victims, warranting admission of that testimony, as evidence of other acts of sexual assault under Rule 415, even though the officer was not alleged to have touched the two witnesses' genitals.  *Id*. at 1296-1297

Here, the evidence of Deputy Caropino's prior sexual assaults falls within the ambit of admissible evidence under Rule 415.

While Defendant will argue that this evidence must be analyzed under Rule 404, Rule 415 "was passed to make an exception to Fed. R. Evid. 404(b)" and its ban on propensity evidence. *Glanzei,* 232 F.3d at 1268; *see also United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004)(holding that Rules 413 through 415 "supersede Rule 404(b)'s restriction"); *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082-83 (9th Cir. 2002) (reversing magistrate judge's exclusion of defendant's other sexual assaults because judge did not

7

apply Rule 415); *Doe v. Smith*, 470 F.3d 331, 347-48 (7th Cir. 2006) (reversing exclusion of defendant's other sexual misconduct in civil rights case).

Rule 415 applies if "the defendant [is] accused of an offense of sexual assault or child molestation; second, the evidence being proffered [ ] relate[s] to the commission of another offense of sexual assault or child molestation; and last, the evidence [is] relevant" *Glanzer*, 232 F.3d at 1268. The evidence should be admitted unless its probative value is substantially outweighed by the risk of unfair prejudice to the defendants. *Id.*

Evidence of the prior sexual assaults (both known and unknown) qualifies here. Defendant is accused of sexually assaulting Ms. Curtin. The evidence relates to Defendant sexually assaulting other women. The evidence is relevant to show Defendant's propensity to sexually assault women and  to buttress Ms. Curtin's credibility (and impeach Defendant).

In a sexual assault case, it "is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant and in conformity with the standards set out in Fed. R. Evid. 401 & 402." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000); *see also United State v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2007)("Congress has said that…it is not improper to draw the inference that the defendant committed this sexual offense because he has the propensity to do so.").

In addition to propensity, such evidence is also relevant to credibility.  Here, Defendant denies that he sexually assaulted Plaintiff and asserts that the act was at all times consensual. Credibility is therefore at issue.  "Courts have previously held that evidence of prior sex crimes can be admitted to bolster or undermine witnesses credibility." *United States v. Barnason*, 852 F.Supp.2d, 367, 374-75 (S.D.N.Y. 2012)(citing cases); *see also Cleveland v. KFC Nat'l Mgmt. Co.*, 948 F.Supp 62, 64-65 (N.D. Ga. 1996)(noting that Rules 412 through 415 "were specifically adopted to prevent such a lopsided swearing contest of plausibility and credibility").

8

Thus, the evidence here is exactly the kind of case that Rule 415 was designed for. There are no third party witnesses. There is no DNA evidence. The Defendant says it was consensual. It is a credibility contest between the victim and her attacker. Congress recognized that and emphasized that "knowledge that the defendant has committed rapes on other occasions is frequently critical in assessing the relative plausibility of these claims and accurately deciding cases that would otherwise become unresolvable swearing matches." Molinari St. (Cong. Rec. H8991-92, Aug. 21, 1994). That is particularly true when the defendant is a law enforcement officer, people who the jury may otherwise see as inherently credible.

Pursuant to Rule 413, evidence of prior sexual assault "may be considered on *any matter* to which it is relevant." Fed. R. Evid. 413 (emphasis added); *see also* Fed. R. Evid. 415, subd. (a) ("The evidence may be considered as provided in Rules 413 and 414."); *Seeley v. Chase*, supra, 443 F.3d at 1295 (Tenth Circuit noted that "Rule 413 and Rule 415 are 'companion' rules"); *Sanchez v. Brokop*, 398 F. Supp. 2d 1177, 1183-84 (D.N.M. 2005).

In *Sanchez*, the plaintiff brought a civil action on behalf of her minor daughter, against a former substitute teacher alleging his molestation of the minor daughter violated her due process and equal protection rights under Section 1983.  Following a jury trial, where a verdict was returned in favor of plaintiff, awarding $1.2 million in compensatory damages and $2 million in punitive damages, the court denied the defendant's post-trial motions arguing that evidence of his prior molestations should not have been admitted.  *Sanchez*, 398 F.Supp. 2d at 1183-1184. The defendant argued that the evidence of prior conduct was *irrelevant* under Rule 415 because he had admitted liability prior to trial.  *Ibid*.

Rejecting this argument, the Court noted: "Evidence offered under Rule 415 is not admissible for *the sole purpose* of proving liability." *Id*. at 1183 and fn. 1 (emphasis added).   After noting that Rule 414 permits evidence of the defendant's

commission of a prior offense to be considered "'*for its bearing on any matter to which it is relevant*'" (emphasis in original), the court explained:

> The trial in this case dealt *exclusively with a determination of the damages suffered by Plaintiff, as liability had been admitted.* Plaintiff sought both compensatory and *punitive damages.* … *The prior commission of acts of sexual molestation of minors was relevant within the meaning of Rule 414 as it tended to show evidence of malice,* willfulness, or reckless indifference on the part of Defendant.  The issue of prior acts of child molestation was therefore *highly relevant to the issue of punitive damages* and was properly admitted.

*Id*. at pp. 1183-1184 (emphasis added).

Thus, such evidence is admissible under Rule 415.  In *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002), the Third Circuit explored the legislative background and intent of Rule 415 and noted that it was created to "establish exceptions to the general prohibition on character evidence in cases involving sexual assault and child molestation."  *Johnson*, at 152.  As explained in *Johnson*, Rule 415 is not expressly limited to convictions but includes uncharged sexual offenses.  *Id.* at 151-152.  Reviewing the legislative history and national case law on the admissibility of evidence under Rules 413-415, *Johnson* explained that the similarity of the prior acts is critical to the balancing necessary under Rule 403 and noted that "a number of courts and commentators have concluded that Rule 403 should be applied to Rules 413–15 with a thumb on the scale in favor of admissibility."  *Id.* at 155.

> It makes sense when the past act sought to be introduced under Rules 413–15 is demonstrated with specificity, [Citation], and is sufficiently similar to the type of sexual assault allegedly committed by the defendant.  [Citation] In these archetypal cases, where the propensity inference that can be drawn from the past act evidence is greatest, *Congress surely intended for the probative value of the evidence to outweigh its prejudicial effect*, and, conversely, did not want Rule 403

factors such as undue delay, waste of time, confusion of the issues, etc., to justify exclusion

*Id*. at 156 (emphasis added).  The Court continued that "[i]n other cases, however, where the past act is not substantially similar to the act for which the defendant is being tried, and/or where the past act cannot be demonstrated with sufficient specificity, the propensity inference provided by the past act is weaker, and no presumption in favor of admissibility is warranted."  *Id*.

Thus, Rule 403 balancing further supports admitting the evidence.

*Glanzer* held that courts should consider several factors when doing the Rule 403 balancing, including: (1) "the similarity of the prior acts to the acts charged" in the case; (2) "the closeness in time of the prior acts to the acts charged"; (3) "the frequency of the prior acts"; (4) "the presence of lack of intervening circumstances"; and (5) "the necessity of that evidence beyond the testimonies already offered at trial…" 232 F.3d at 1268-69.

Those factors weigh in favor of admitting the other sexual assault complaints. The similarity of the acts is especially compelling. For example:

- All three attacks stemmed from a detainment or arrest of the victims by Defendant Caropino.
- All three of the victims were young, vulnerable females that were under the influence of alcohol.
- All of the attacks occurred on or in the property of the victims.
- In all three of the attacks Defendant Caropino asked for or obtained the victim's telephone number.
- All of the attacks occurred in the late hours of the night or early morning.
- During all of the attacks Defendant Caropino intentionally turned off his recording devices.

The evidence is reliable.

The defense strategy appears to be to: deny Ms. Curtin's allegations, hold Deputy Caropino up as a model law enforcement officer, attack Ms. Curtin as a desperate, drug-

11

addicted liar, and use the Fifth Amendment to shield the jury from hearing about any other complaints. The Court should not reward such tactics. *See, e.g., United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 641 (9th Cir. 2012) (refusing to let Fifth Amendment privilege be used as a sword and a shield in federal litigation).

**B.     Evidence of Deputy Caropino's Prior Acts Against Other Victims is Also Admissible Under Federal Rules of Evidence Rule 404(b).**

Separate from Rule 415 of the Federal Rules of Evidence is Rule 404(b), which provides that evidence of crimes, wrongs or other acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).  The Ninth Circuit has held that evidence may be admitted pursuant to Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act evidence is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the other act is similar to the offense charged." *United States v. Cherer,* 513 F.3d 1150, 1157 (9th Cir. 2008).

The importance of admitting 404(b) evidence was described in *Huddleston v. United States,* 485 U.S. 681, 685 (1988): "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *See U.S. v. Curtin,* 489 F.3d 935,944 (9th Cir. 2007) ("Rule 404(b) is a rule of inclusion – not exclusion).

Again, *Blind-Doan* is instructive.  There, the Ninth Circuit noted that whether or not the officer had the opportunity to commit the assault was placed into issue by testimony from the defendant officer that he believed he could be seen by the dispatch area when he was in the victim's cell.  *Blind-Doan, supra*, at 1083.  In closing argument, defense counsel argued that the plaintiff's allegations of assault were outlandish given that other officers had plain view of the cell and reported no assault.

*Ibid.*  The Ninth Circuit explained that the district court's blanket ruling excluding all prior assaults by the defendant officer was in error as such testimony could be used to demonstrate opportunity.  Specifically, the evidence included testimony from a prior victim – who stated that while waiting to sign a citation at the jail, the defendant officer harassed the victim, escalating at one point into physical violence.  The assault was all done in the presence of another officer.  *Id.* at 1083.  The Ninth Circuit explained: "This evidence tended to render less probable his defense that the presence of a police witness meant he had no opportunity to assault [the plaintiff]." *Ibid.*

The evidence regarding other victims of Deputy Caropino is necessary to prove Plaintiff's remaining claims against Caropino, including establishing the necessary intent, opportunity, motive, plan and pattern of his conduct.  To counter Defendants' anticipated argument that this was simply a one-time incident, Plaintiff must be able to present evidence that the abuse she suffered was part of a *pattern* of sexual abuse by Deputy Caropino while employed with the County.  See *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir.1990) (approving use of evidence that in prior acts defendant performed similar acts of sexual gratification on victims); *Boyd v. City & County of San Francisco* (9th Cir. 2009) 576 F3d 938, 944 (evidence of past lawsuits against police relevant to show attempt to commit "suicide by cop" and knowledge that his family could receive substantial damages from such a suit); *United States v. Roberts*, 185 F.3d 1125, 1140-43 (10th Cir. 1999) (evidence that an accused committed similar prior sexual abuse on other victims has been held admissible to demonstrate a *common scheme* or plan under Rule 404(b)).

The evidence is further relevant under Rule 404(b) to support Plaintiff's claim for punitive damages.  "To recover punitive damages against an individual officer in a § 1983 case, a plaintiff must show that the officers' conduct is 'motivated by *evil motive* or intent' or 'involves reckless or callous indifference to the federally protected rights of others.' *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632

13

(1983); accord *Dubner,* 266 F.3d at 969. The Ninth Circuit has further explained that '[t]he standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases,' which extends to 'malicious, wanton, or oppressive acts or omissions.' *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir.2005) (citing *Wade*, 461 U.S. at 49, 103 S.Ct. 1625)." *Adams v. Kraft* (N.D. Cal. 2011) 828 F.Supp.2d 1090, 1117-18.

Here, and as echoed above, the evidence sought to be excluded is relevant to the issue of motive and intent – a necessary predicate to the imposition of punitive damages.  See *Sanchez v. Brokop*, 398 F. Supp. 2d 1177, 1183-84 (D.N.M. 2005) (prior acts against others admissible to demonstrate element of malice in claim for punitive damages); *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1162 (1998) (evidence of defendant employee's conduct towards other employees was relevant in demonstrating *liability* for punitive damages) [1]; *Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1074 (N.D. Ill. 1999) (an officer's intent to do harm is at issue in a Section 1983 action alleging punitive damages and thus Rule 404(b) evidence concerning evil intent or malicious motive admissible).

**C.    The Evidence of Prior Sexual Attacks is Further Relevant and Admissible as to the *Monell* Claim Against the County.**

---

[1] The standard for awarding punitive damages under California law is similar to federal law. Under California law, punitive damages may be appropriate "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ.Code § 3294.  "Malice may be shown where the defendant exhibits 'the motive and willingness to vex, harass, annoy, or injure,' [citation], or a 'conscious disregard of the rights and safety of others,' [citation]." *Taylor v. Superior Court*, 24 Cal.3d 890, 894 (1979).

14

Section 1983 requires a claimant to prove that a person acting under color of state law committed an act that deprived her of some right, privilege, or immunity protected by the Constitution or federal law.  *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir.1988). Counties and their law enforcement departments are "persons" within the meaning of the statute.  *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Shaw v. State of California Dept of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir.1986).  A person deprives another of a federal right within the meaning of § 1983 if "he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation."  *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)).  Municipalities cannot be held vicariously liable under section 1983 for the actions of their employees. *Monell v. Dept. of Social Services of the City of N.Y.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id*. at 694.

To impose liability on a government entity, a plaintiff must show that "the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir.2002) (quoting *Monell*, 436 U.S. at 694)).  "Municipal liability under 1983 may be premised upon an officially promulgated policy, a single decision by an official with final decisionmaking authority, a custom or persistent practice or a deliberately indifferent training or supervision."  *Henderson v. City & Cnty. of San Francisco*, C05-234 VRW, 2006 WL 3507944 (N.D. Cal. Dec. 1, 2006), *Ulrich v. City & County of San Francisco*,

15

308 F.3d 968, 984–85 (9th Cir.2002); see also 9th CIR. MODEL JURY INSTR. Nos. 9.4 [*Monell* claim based on "official policy" or widespread "practice and custom"], 9.5 [acts by final policymaker]; 9.6 [ratification by a final policymaker], 9.7 [failure to train or supervise].

The evidence in this case reveals an unwritten practice and policy within the County where deputies protect fellow deputies from investigation and consequences of their wrongdoing.  The failures of the County to report misconduct by fellow officers and appropriately discipline officers that have committed misconduct resulted in a *de facto* policy permitting deputies to act with impunity in sexual misconduct against females.  Further, the express policies of the County were woefully inadequate, failing to mandate reporting of misconduct and patently inept at preventing the very type of misconduct engaged in by Caropino.

The evidence of prior similar sexual attacks by Caropino is admissible and relevant to support Plaintiff's *Monell* claim against the County. As will be explained by Plaintiff's police expert, the County was aware of Caropino's sexually deviant tendencies and yet failed to do anything in response.  The evidence reveals a well-settled, widespread practice or custom of protecting fellow deputies that engage in such misconduct and a complete failure by the County to appropriately discipline such deputies.

Acquiescence in a custom or practice that routinely disregards the constitutional rights of citizens may *itself* be sufficient to establish a policy or practice sufficient for *Monell* liability.  See *City of St. Louis v. Praprontik,* 485 U.S. 112, 130 (1988) (potential section 1983 liability "if a series of decisions by subordinate official manifested a 'custom or usage' of which the supervisor must have been aware"); *Oviatt by and through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (policymaker's inaction in face of problem constituted policy for purposes of section 1983 liability); see also *Grandstaff v. City of Borger*, 767 F.2d

16

161, 171 (5th Cir. 1985) (prior incidents of misconduct tend to prove a pattern or custom and policymaker's accession to it).

Despite the supposed existence of a formal policy against officer misconduct, the evidence reveals *numerous incidents* of sexual misconduct by officers which went unpunished.  "The lack of appropriate discipline is evidence of custom." *Anthony, supra,* 898 F.Supp. at 1452; *Gillette v. Delmore,* 979 F.2d 1342, 1349 (9th Cir.1992), cert. denied, 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993).  A plaintiff may prove "the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." *Navarro*, at 714, citing *Gillette, supra,* 979 F.2d at 1348.  Once such a showing is made, a municipality may be liable for its custom "*irrespective of whether official policy-makers had actual knowledge of the practice at issue*." *Navarro*, at 714-715, citing *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

The evidence concerning the prior sexual assault victim of Caropino who reported the attack to the County months prior to the attack against Plaintiff is particularly relevant to the *Monell* claim. It is established that a department's handling of a misconduct claim may be "highly probative" in proving the existence of a municipal policy or custom under Section 1983.  See *Henry v. County of Shasta*, 132 F3d 512, 519 (9th Cir. 1997).  A "[p]olicy or custom may be *inferred* if officials took no steps to reprimand or discharge the [officers involved], or if they otherwise failed to admit the [officers'] conduct was in error." *Id*. (citing *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986)); see also *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991).  In *Henry,* the plaintiff's constitutional rights were violated after being stopped for a traffic violation.   The officers involved were not reprimanded and plaintiff also demonstrated that, after bringing suit, several other officers employed by the county similarly detained other traffic

17

violators. *Henry,* 132 F3d at 519. The Ninth Circuit concluded that when a municipality "turn[s] a blind eye to severe violations of inmates' constitutional rights-despite having received notice of such violations-a rational fact finder may properly infer the existence of a previous policy or custom of deliberate indifference." *Id.*, see also *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (holding that correctional department administrators may not take a "blind-eye" approach and that condoning unconstitutional acts by the failure to investigate or correct the repeated violations constitutes a policy or custom under *Monell*.)

Thus, for several reasons evidence of prior sexual attacks and incidents by Deputy Caropino is relevant to Plaintiff's *Monell* claim and should thus be admissible at trial.

### D.    Ms. Curtin Will Be Prejudiced If This Evidence Is Not Admitted

Finally, Defendants will not be unfairly prejudiced if this evidence is admitted. All relevant evidence is prejudicial, particularly when it involves sexual misconduct. But Rule 403 "excludes only evidence where the prejudice is 'unfair' – that is based on something other than its persuasive weight." *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003). That is not the case here.

Furthermore, Defendant opened the door to this evidence by calling Ms. Curtin a liar. For example, *United States v. McGuire*, 627 F.3d 622 (7th Cir. 2010), a Jesuit priest (McGuire) was convicted of molesting a 13 year old boy. At trial, the district court admitted testimony from four other boys who also claimed that McGuire had molested them. The Seventh Circuit affirmed. It held that the evidence was admissible under Rules 404, 413, and 414 and that the evidence "was material because the defense was that Dominick [the victim] was a liar." *Id.* at 627. The court also noted that "this testimony was invited by the brutal cross-examination of Dominick by the defendant's lawyer and by the argument that Dominick's failure to tell anyone about what the defendant was doing to him until 2005, long after the sexual molestation had ceased…, indicated fabrication." *Id.*

18

The same true here. Defendant is a law enforcement officer. In many people's eyes, he is inherently credible. If Defendant is going to attack Ms. Curtin as a liar, then the jury should know that several other women accused the officer of similar crimes.

## IV.  **CONCLUSION**

Ms. Curtin respectfully requests that the Court grant the Motion and admit evidence of the Jane Doe #1 and Jane Doe #2 complaints, as well as any other prior sexual victim claims not yet disclosed by the County or discovered by Plaintiff.


Dated:  March 20, 2017                           Jass Law


                                                  */s/ Jeremy Jass*
                                                  Jeremy Jass
                                                  *Attorney for Plaintiff,*
                                                  ALEXA CURTIN

---

19

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIOMNY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS**