Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF HER SEXUAL HISTORY**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: April 17, 2017<br>Trial Date: April 25, 2017 |

1

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF HER SEXUAL HISTORY OR APPEARANCE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-referenced Court, located at 350 W. 1st street, 10th floor, Los Angeles, CA 90012, Plaintiff Alex Curtin will, and hereby does, move *in limine* to exclude any evidence of her sexual behavior or sexual predisposition, including references to pornography.

This Motion is made pursuant to Rule 401 through 403, and 412, of the Federal Rules of Evidence on the grounds that such evidence is irrelevant and could only be offered to attack Ms. Curtin's character and turn the jury against her. That unfair prejudice substantially outweighs any probative value (if there is any).

This Motion is based on the attached Memorandum of Points and Authorities; any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file.

Dated:  March 20, 2017                     Jass Law


                                            ___/s/ Jeremy Jass_____
                                            Jeremy Jass
                                            *Attorney for Plaintiff*,
                                            ALEXA CURTIN

2

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF HER SEXUAL HISTORY OR APPEARANCE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a sexual assault case. Orange Count Sheriff's Deputy Nicholas Lee Caropino sexually assaulted Ms. Curtin. The defense seems to be asserting a defense of consent. There was never any prior sexual relationship between Ms. Curtin and Caropino. Any evidence offered by the defense related to Ms. Curtin's past sexual history and references to pornography is inappropriate and inadmissible. Such a character attack on Ms. Curtin would be extremely prejudicial to the jury.

## II. ARGUMENT

Rule 412 provides: "(a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceedings involving alleged sexual misconduct (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a).

Rule 412 applies "in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment." Rule 412, Adv. Com's Note re 1994 amendments. The intent of this rule "was to prevent indiscriminate cross-examination of rape victims about their past sexual experiences and to bar certain other evidence to similar effect." Paul F. Rothstein, *Fed. Rules of Evidence* (3d ed, 2013-14), pp. 241-42. It accommodates competing concerns – "the defendant's interest in presenting defensive evidence; the victim's interest in protecting his of her private life from intrusion in public; and society's sometimes conflicted interests in encouraging victim-witnesses to come forward and in assuring fair trials." *Id*. at 241.

The terms "other sexual behavior" and "sexual predisposition" are not defined in Rule 412. But they have been interpreted to include all sexual conduct or behavior other than that alleged in the instant case and anything that may have a sexual connotation for the jury (such as a victim's dress, occupation, or use of language).

1  *United States v. Yazzie*, 59 F.3d 807, 814 (9th Cir. 1995); *Sheffield v. Hilltop Sand
2  & Gravel Co.*, 895 F.Supp. 105, 108 (E.D. Va. 1995) (citing Advisory Committee's
3  Notes).
4     This is a sexual assault case. Thus, evidence about Ms. Curtin's unrelated
5  sexual behavior or predisposition falls within Rule 412 and should be excluded.
6  This includes references to sexual activities between Ms. Curtin and anyone other
7  than Defendant; references to Ms. Curtin's appearance; referencnes to Ms. Curtin's
8  participation in pornographic materials; and any other evidence or comments that
9  have a sexual connotation about Ms. Curtin. Such evidence has nothing to do with
10 the sexual assault that occurred in this case, and thus, is irrelevant. *See Wood v.
11 State of Alaska*, 957 F.2d 1544, 1551 (9th Cir. 1992) (noting that "a rape victim's
12 sexual history with others only goes to show a generalized attitude toward sex that
13 says little if anything about the victim's attitude toward sex with the defendant").
14    While there are some exceptions in Rule 412, but, they have been construed
15 narrowly. *United States v. Valenzuela*, 2008 WL 2824958, at *1-2 (C.D. Cal. July
16 21, 2008). Evidence that has a sexual connotation is highly prejudicial and could
17 trigger biases among the jury. That is especially true for references to Ms. Curtin
18 participating in pornography. Such evidence/references have nothing to do with the
19 sexual assault committed by Defendant and have no bearing on the parties'
20 credibility. This is exactly the type of evidence that Congress intended to exclude
21 in Rule 412.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

4

## III. CONCLUSION

For the foregoing reasons, the Motion should be granted.

Dated:  March 20, 2017		Jass Law


		/s/ Jeremy Jass
		Jeremy Jass
		*Attorney for Plaintiff*,
		ALEXA CURTIN

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF HER SEXUAL HISTORY OR APPEARANCE**