Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>             Plaintiff,<br><br>  vs.<br><br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>             Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE ANY EVIDENCE OF HER ARRESTS OR CONVICTIONS**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: April 17, 2017<br>Trial Date: April 25, 2017 |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-referenced Court, located at 350 W. 1st street, 10th floor, Los Angeles, CA 90012, Plaintiff Alex Curtin will, and hereby does, move *in limine* to exclude any evidence of any arrests or convictions.

This Motion is made pursuant to Rule 401 through 404 of the Federal Rules of Evidence on the grounds that evidence of Ms. Curtin's arrests and convictions are entirely irrelevant to the issues in this case, and can only be offered as impermissible evidence of Ms. Curtin's character. (See Fed. Rules of Evid., § 404) This evidence will unfairly prejudice Ms. Curtin, confuse the issues, mislead the jury, and unduly delay the proceedings. It is a classic example of the very evidence is specifically prohibited under Rule 404.

The evidence to be excluded includes, but is not limited to:

- Arrest report, Booking Report, and all other related evidence for March 28, 2010 Arrest.
- Arrest report, Booking Report, and all other related evidence for May 6, 2010 Arrest.
- Arrest report, Booking Report, and all other related evidence for July 14, 2013 Arrest.
- Arrest report, Booking Report, and all other related evidence for September 30, 2015 Arrest.
- Arrest report, Booking Report, and all other related evidence for May 14, 2016 Arrest.
- All reports, notes and evidence related to conviction for Orange County Case Number 16HM01189.
- All reports, notes and evidence related to conviction for Orange County Case Number 16HM06320.

This Motion is based on the attached Memorandum of Points and Authorities; any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file.

Dated:  March 20, 2017                    Jass Law


                                          ___/s/ Jeremy Jass_____
                                          Jeremy Jass
                                          *Attorney for Plaintiff,*
                                          ALEXA CURTIN

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF PLAINTIFF'S ARRESTS OR CONVICTIONS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Alexa was arrested several times in her life, with only two of these arrests resulting in charges and convictions in her adult life. Both convictions are for misdemeanors.

Such evidence does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. Ms. Curtin alleges that she was sexually assaulted by Orange County Sheriff's Deputy Nicholas Lee Caropino.

The evidence has no bearing on Ms. Curtin's credibility. "It has consistently been held that it is [impermissible] for a party to attempt to affect the credibility of a witness by showing that he has been accused of, charged with, or arrested for a crime of which he has not been found guilty." *United States v. Madden*, 482 F.2d 850, 852 (8th Cir. 1973) (*per curiam*). It is only being offered for one purpose: to destroy Ms. Curtin's character. That is prohibited by Rule 404.

Ms. Curtin will be unfairly prejudiced if this evidence is admitted. There is a stigma attached to arrests. Allowing evidence of Ms. Curtin's arrests and convictions could trigger biases among the jury. And it would confuse the issues, mislead the jury, and unduly delay the proceedings. Those risks substantially outweigh any probative value.

The Motion should be granted.

## II.   ARGUMENT

### A.   This Evidence is Irrelevant

Ms. Curtin was arrested several times, with only two misdemeanor convictions in her adult life. Evidence of these arrests and convictions are irrelevant.

This is a straightforward case. Ms. Curtin alleges that Defendant Caropino sexually assaulted her. Sexual assault is a *per se* violation of civil rights law that Ms. Curtin alleged.

4

Evidence of any arrests and convictions are irrelevant and should be excluded under Rule 401 and 401.

## B.    The Evidence Should Also Be Excluded Under Rule 403

Ms. Curtin will be unfairly prejudiced if the Court allows this evidence. Some "courts have held that a section 1983 plaintiff's prior arrests and incarcerations may be relevant to the issue of emotional distress damages resulting from the claimed deprivation of constitutional rights." *Monroe v. Griffin*, 2015 WL 5258115, at *2 (N.D. Cal. Sept. 9, 2015). But they are not admissible for liability purposes. And they must be "substantially similar to those at issue [in the case], and where the court conducts a prejudice analysis under Rule 403" that favors admission. *Id*.

The arrests and convictions of Ms. Curtin do not satisfy this standard. They do not involve allegations of sexual assault. They arrests were not made by Deputy Caropino. The arrests are not being used to show that Ms. Curtin had a history of making complaints against law enforcement officers; Ms. Curtin made one complaint in her life against a police officer (this one).

## III.  CONCLUSION

For the foregoing reasons, the Motion should be granted.


Dated:  March 20, 2017                Jass Law


                                      ___/s/ Jeremy Jass_____
                                      Jeremy Jass
                                      *Attorney for Plaintiff*,
                                      ALEXA CURTIN

5