Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S MOTION _IN LIMINE_ NO. 4 TO PRECLUDE DEFENDANTS FROM ARGUING PLAINTIFF SHOULD BE CONTRIBUTORILY AT FAULT FOR HER INJURIES**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: April 17, 2017<br>Trial Date: April 25, 2017 |

1

**PLAINTIFF ALEXA CURTIN'S MOTION _IN LIMINE_ NO. 4 PRECLUDING DEFENDANTS FROM ARGUING CONTRIBUTORY FAULT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 17, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-referenced Court, located at 350 W. 1st street, 10th floor, Los Angeles, CA 90012, Plaintiff Alexa Curtin will, and hereby does, move *in limine* to preclude Defendants from referencing or arguing to the Jury that Plaintiff Alexa Curtin consented to the tortious conduct committed by Nicholas Lee Caropino on June 27, 2014 and that Alexa Curtin should be contributorily at fault for her injuries.

This Motion is based on the attached Memorandum of Points and Authorities; any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file.

Dated:  March 20, 2017                           Jass Law


___*/s/ Jeremy Jass*_____
Jeremy Jass
*Attorney for Plaintiff,*
ALEXA CURTIN

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 4 PRECLUDING DEFENDANTS FROM ARGUING CONTRIBUTORY FAULT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Alexa Curtin claims that she was sexually assaulted by Defendant Nicholas Lee Caropino. In committing the acts alleged, Defendant Caropino acted with evil motive and intent, and with reckless and callous indifference to the federally protected rights of Ms. Curtin. As such, these acts are intentional torts and Plaintiff cannot be held comparatively at fault for any alleged negligence in causing the injuries suffered.

The Motion should be granted.

### II.   ARGUMENT

#### A.   THERE IS NO COMPARATIVE FAULT FOR §1983 ACTION

Although the United States Supreme Court has never directly ruled on the question, it is generally accepted that a cause of action under Section 1983 for use of excessive force in violation of the Fourth Amendment must be based on something more than mere negligence. This view is supported by the Supreme Court's view in *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law"), and by its statement in *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution").

Furthermore, in the Ninth Circuit, liability under Section 1983 requires proof "the acts or omissions of the defendant were intentional[.]" Manual of Model Civil Ruly Instructions (9th Cir.2004 ed.), Section 11.1, www.ce9.uscourts.gov. Thus, because comparative fault is inapplicable in the context of an intentional tort, *Morgan*, 137 Wash.2d at 896, 976 P.2d at 623, the Court concludes Defendants' affirmative defense of comparative fault is

3

inapplicable to Plaintiffs' Section 1983 claims. *Logan v. City of Pullman Police Dept.* (E.D. Wash., Apr. 14, 2006, No. CV-040214-FVS) 2006 WL 994759, at *2.

**B.** **Neither Deputy Caropino Nor the County of Orange can Shift their Financial Burden for the Intentional Conduct of Caropino by Claiming Plaintiff was Contributorily At Fault.**

It is well established that a victim of an intentional tort cannot be held comparatively at fault for any alleged negligence in causing the injuries suffered. *See Heiner v. Kmart Corp.*, 84 Cal.App.4th 335, 349 (2000) (an intentional tortfearos's liability is not subject to apportionment where the plaintiff's injuries resulted in part from the plaintiff's own contributory negligence.); *Thomas v. Duggins Const. Co., Inc.*, 139 Cal.App.4th 1105, 1112-13 ("and intentional actor cannot rely on someone else's negligence to shift responsibility for his or her own conduct.") In *Heiner*, the Court explained that the adoption of comparative fault principles did not diminish the intentional tortfeasor's liability and that "contributory negligence never has been considered a good defense to an intentional tort…and it would likewise appear contrary to sound policy to reduce a plaintiff's damages under comparative fault for his 'negligence' in encountering the defendant's deliberately inflicted harm" *Id.* at p. 349.

The rule is the same where an employer is vicariously liable for the intentional conduct of its employees. *Thomas* is instructive. *Thomas, supra*, 139 Cal.App.4th at 1112-13. The Plaintiffs in *Thomas* were injured when using a scissor lift purchased by their employer (Bentley). Plaintiffs filed an action against Duggins (the seller of the machine) for product liability and general negligence. Plaintiffs also named several Duggins employees as defendants and presented evidence that they intentionally misrepresented facts about the machine. The jury returned a special verdict which apportioned fault for the plaintiff's injuries in the following manner: 40 percent to the plaintiff's employer Bentley, 40 percent to Duggins, and 10 percent each to the two Duggins's employees that made

intentional misrepresentations in connection with the sale. *Id*. at p. 1108. The Court held that because the parties had stipulated that the Duggins' employees were at all times acting within the course and scope of their employment for Duggins, Duggins was vicariously liable for their intentional tortious conduct. *Id*. at 1113.

In rejecting Duggins' argument that the plaintiffs' noneconomic damages should have been apportioned between the defendants, the Court explained:

> Applying the foregoing principles, Duggins' vicarious liability for
> the intentional torts of one of its employees *is not subject to*
> *reduction under Proposition 51* based on the jury's finding that
> Bentley's negligence also contributed to the plaintiff's injuries. Thus,
> although Duggins' liability in negligence would have otherwise
> entitled it to an apportionment of plaintiff's noneconomic damages,
> its vicarious liability for intentional tort was not subject to such a
> reduction even though the jury concluded that Dhalliwal [Duggins'
> employee]'s intentional misconduct constituted only a 10 percent
> contributing factor to the plaintiff's injuries.

*Thomas*, at 1113 (emphasis added).

As *Thomas* stated, "At the time Proposition 51 was adopted, the law was well established that a tortfeasor who intentionally injured another was not entitled to contribution from any other tortfeasor. *Id*. at 1111. This rule applies to the negligence of the plaintiff or of third parties.  *Allen v. Sundean*, 137 Cal.App.3d 216, 226-227 (1982); *Godfrey v. Steinpress*, 128 Cal.App.3d 154, 176 (1982).

Since Deputy Caropino's tortious conduct was intentional, neither the City nor Caropino are permitted to shift their financial burden to an alleged negligent party (here Plaintiff). *See also Weidenfeller v. Star & Garter*, 1 Cal.App.4th 1, 7 (1991) (court refused to find that a purely negligent party could be liable for the entire judgment, despite the jury's apportionment of only some fault to the

negligent party simply because intentional conduct was at issue: court noted "Unlike *Godfrey* and *Allen* this is not a case where the intentional actor is attempting to shift its financial burden to a negligent party.")

**C.**   **Any Alleged Negligence by Plaintiff Could Not be Causally Connected to the Injuries She Suffered and Thus Any Claims of Contributory Negligence Fail**

To the extent Defendants argue that Plaintiff's purported negligence resulted in her being initially detained by Caropino, or refusing to disobey his command not to leave, such a position is unavailing. Even if there were any legal basis for detaining Plaintiff and ordering to stay in her vehicle on the night of the incident, Deputy Caropino's conduct during the incident was entirely inappropriate and unlawful. Plaintiff's injuries arose out of Caropino's tortious conduct. Whether or not Plaintiff committed a violation which gave rise to Caropino's detaining her, is not legally relevant to the liability at issue.

**III.**   **CONCLUSION**

For the foregoing reasons, the Motion should be granted.

Dated:  March 20, 2017                  Jass Law


                                        ___*/s/ Jeremy Jass*_____
                                        Jeremy Jass
                                        *Attorney for Plaintiff,*
                                        ALEXA CURTIN

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 4 PRECLUDING DEFENDANTS FROM ARGUING CONTRIBUTORY FAULT**