Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN, | Case No.: 8:16-CV-00591-SVW-PLA |
| Plaintiff, | Assigned to Hon. Stephen V. Wilson |
| | **PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1** |
| vs. | |
| COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50, | Date: April 17, 2017<br>Time: 3:00 p.m.<br>Crtrm: 6 |
| Defendants, | |

1

## I.   INTRODUCTION

In its Motion in Limine No. One, Defendant County of Orange seeks an order from this Court precluding any evidence at trial that was not disclosed in Plaintiff's Rule 26 Report.  Dkt. 59, at 6-7.  The County's motion attempting to limit the admissible evidence at trial fails to mention, however, that the County *has been ordered* to produce multiple documents concerning prior claims against Deputy Caropino, its investigation of Deputy Caropino and other such documents and information relevant to Plaintiff's claims against Caropino and the County on Monday, March 27, 2017.  It would be inappropriate to issue a blanket order precluding Plaintiff from introducing any such evidence, which the County has failed to previously disclose during discovery, prior to trial.  As explained below, the County's motion is premature and misplaced.

## II.   THE COUNTY OFFERS NO BASIS FOR AN ORDER EXCLUDING ALL EVIDNECE NOT PREVIOUSLY IDENTIFIED IN PLAINTIFF'S F.R.C.P. RULE 26 REPORT

After a lengthy rehash of federal rules 26 and 37, followed by a generic review of cases discussing the circumstances under which courts have allowed and/or excluded evidence which has not been previously disclosed pursuant to the applicable federal rules, the substance of the County's request can be found in the last two paragraphs of the motion. Dkt. 59, at 13. There, without actually identifying any evidence for this court to consider, the County asserts that Plaintiff will not be able to provide adequate justification to support the admission of thus far undisclosed evidence, and, in any event, the admission of such evidence would prejudice the County. On its face, the County's contention is baseless.

As explained by the Ninth Circuit in *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), "Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Nevertheless, "[t]wo

express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1)." (*Yeti by Molly, Ltd.*, 259 F.3d 1101, 1106.)

Here, because the County does not actually specify any evidence it is seeking to have this court exclude as a consequence of Plaintiff's failure to comply with Rule 26, it is impossible to state whether there is either substantial justification for the omission of this hypothetical evidence, or whether this hypothetical evidence is harmless. Indeed, as of the date of filing this opposition to the County's Motion in Limine No. One, aspects of discovery are ongoing. Specifically, Plaintiff is awaiting the production of discovery from the County as compelled by this Court's March 13, 2017 order. Dkt 52. Any evidence contained in these disclosures, or any evidence which Plaintiff may seek as a result of these disclosures, have not yet been incorporated into Plaintiff's Rule 26 disclosures. Given that the disclosure of this evidence has been delayed to this point because of the County's ardent efforts to resist disclosure, Plaintiff would be entirely justified in seeking to introduce this evidence.

As explained in *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400–01 (N.D. Ill. 1993): "This court has the power to exclude evidence in limine *only when evidence is clearly inadmissible on all potential grounds. Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. *See The Middleby Corp. v. Hussmann Corp., No.* 90 C 2744, 1993 WL 151290, at *1, 1993 U.S.Dist. LEXIS 6150, at *1–2 (N.D.Ill. May 5, 1993). See generally 21

Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure ¶¶ 5037, 5042 (1977 & Supp.1993)."

Here, it is simply inappropriate for any order to issue before trial which would foreclose the introduction of evidence not disclosed at this point in time pursuant to Rule 26 on the bare assertion by the County that the failure to disclose such unknown evidence is categorically unjustifiable, and harmful. *See Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400-01 (N.D. Ill. 1993)

Nevertheless, to the extent the County's Motion in Limine No. One can be understood to be an effort to have this court appropriately apply Rules 26 and 37, Plaintiff does not oppose that aspect of the County's request.

## III.   CONCLUSION

For the foregoing reasons, Defendant County of Orange's Motion in Limine No. One should be denied.

Dated:  March 27, 2017                         Jass Law


                                        ___/s/ Jeremy Jass_____
                                        Jeremy Jass
                                        *Attorney for Plaintiff,*
                                        ALEXA CURTIN

4

**PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1**