1   Jeremy D. Jass, SBN 279466
2   jeremy@jasslaw.com
    JASS LAW
3   4510 E. Pacific Coast Highway, Suite 400
    Long Beach, CA 90804
4   Telephone: (562) 340-6299
5   Facsimile: (562) 340-6422

6
    Attorneys for Plaintiff
7   ALEXA CURTIN

8
9           UNITED STATES DISTRICT COURT
10          CENTRAL DISTRICT OF CALIFORNIA
11

12  ALEXA CURTIN,                        Case No.: 8:16-CV-00591-SVW-PLA
13
                                         Assigned to Hon. Stephen V. Wilson
14              Plaintiff,
                                         **PLAINTIFF ALEXA CURTIN'S**
15                                       **OPPOSITION TO DEFENDANT'S**
16                                       **MOTION *IN LIMINE* NO. 3**
        vs.
17
18
19  COUNTY OF ORANGE; NICHOLAS           Date: April 17, 2017
20  LEE CAROPINO, individually and as    Time: 3:00 p.m.
    Deputy Sheriff for the County of Orange;   Crtrm: 6
21  and DOES 1 through 50,
22
23
                Defendants,
24
25
26
27
28
                                         1

# I.    INTRODUCTION

In the introduction to its Motion in Limine No. Three, the County requests an order addressing what appears to be three issues. First, the County asks for the exclusion of "any reference to a state-based 'knew or should have known' standard, as it has no application in a Section 1983 action." Dkt. 61, at 3. Second, the County contends that 'principles of comparative fault are equally inapplicable." Id. Finally, the County contends that "negligence principles may not be applied to determine liability in a Section 1983 action," and that "such evidence or argument would be rendered inadmissible." Id.  The County's motion should be denied.

Plaintiff has not alleged a claim for negligence against the County. Furthermore, and as highlighted in Plaintiff's motion in limine number four, Plaintiff agrees that principles of comparative fault do not apply.  While it is therefore undisputed that a negligence theory will not be argued against the County, the County cannot preclude any testimony or evidence concerning whether or not the County "knew" or "should have known" that Deputy Caropino had a propensity to engage in misconduct.  As explained below, such evidence is relevant to Plaintiff's *Monell* claim against the County.  While a finding of negligence alone may not support *Monell* liability against the County, the testimony concerning what the County knew or should have know may absolutely be relevant in the analysis of *Monell* liability.  The County even recognizes the relevance of such evidence in its motion in limine number two, wherein it seeks to exclude evidence of Caropino's prior sexual assaults based on a purported lack of notice.  See Dkt. 60.  The County fails to justify the wholesale exclusion of such "knew or should have known" evidence.

//

//

//

//

**PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3**

## II. THE COUNTY'S MOTION TO EXCLUDE ANY TESTIMONY THAT THE COUNTY "KNEW OR SHOULD HAVE KNOWN" ABOUT DEPUTY CAROPINO'S PROPENSITY FOR MISCONDUCT IS MISPLACED AND SHOULD BE DENIED

It is well established that Section 1983 liability, and consequent *Monell* liability, my not be based on mere negligence. *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011). However, that negligence alone may not support *Monell* liability does not mean that the issue of what the parties to this lawsuit "knew" or "should have known" at a given time is not relevant to section 1983 and *Monell* liability. On the contrary, what the County knew at a given moment, or what it should have known, may be of paramount importance to the issue of deliberate indifference. *See e.g. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, , 407 (1997) (explaining "If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability."). As such, any order precluding Plaintiff from stating, based on supporting evidence, that the County knew a fact, or should have known a fact, is inappropriate.

Moreover, the County's effort to exclude "evidence" of "negligence principals" is equally improper. The County acknowledges that it "cannot with any degree of specificity anticipate how this issue may arise during the course of a trial…." Dkt. 61, at 3. The evidence adduced at trial which is probative of Plaintiff's Section 1983 and *Monell* claims, e.g. the County's deliberate indifference to a given fact, could easily be characterized as probative of negligence principals. Excluding such evidence would effectively preclude Plaintiff from introducing essentially all evidence probative of the County's

3

wrongdoing. As such, any categorical order precluding the introduction of all evidence related to "negligence principals" is improper.

**III.    CONCLUSION**

For the foregoing reasons, Defendant County of Orange's Motion in Limine Number Three should be denied.


Dated:  March 27, 2017                              Jass Law


                                                    _____/s/ Jeremy Jass_____
                                                    Jeremy Jass
                                                    *Attorney for Plaintiff*,
                                                    ALEXA CURTIN

---

4