1  Jeremy D. Jass, SBN 279466
   jeremy@jasslaw.com
2  JASS LAW
3  4510 E. Pacific Coast Highway, Suite 400
   Long Beach, CA 90804
4  Telephone: (562) 340-6299
5  Facsimile: (562) 340-6422

6
   Attorneys for Plaintiff
7  ALEXA CURTIN

8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA

11

12  ALEXA CURTIN,                          Case No.: 8:16-CV-00591-SVW-PLA

13
                                           Assigned to Hon. Stephen V. Wilson
14            Plaintiff,
                                           **PLAINTIFF ALEXA CURTIN'S**
15                                         **OPPOSITION TO DEFENDANT'S**
                                           **MOTION *IN LIMINE* NO. 4**
16      vs.
17

18
                                           Date: April 17, 2017
19  COUNTY OF ORANGE; NICHOLAS             Time: 3:00 p.m.
20  LEE CAROPINO, individually and as      Crtrm: 6
    Deputy Sheriff for the County of Orange;
21  and DOES 1 through 50,

22

23
              Defendants,
24

25

26

27

28
                                     1

**PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4**

## I.   INTRODUCTION

In its Motion in Limine No. Four, Defendant County of Orange appears to be requesting that this Court issue an order excluding "Speculative assertions concerning why certain portions [of audio and video recordings memorializing the interactions between Deputy Caropino and Plaintiff] may not be audible…." Dkt. 62, at 3.  Notably, the County is not seeking to exclude evidence that the audio and video recordings were turned off during Deputy Caropino's detention and subsequent assault of Plaintiff.  Rather, according to its motion, the County seeks only to exclude "speculative assertions" about missing portions of the audio and video recordings.  However, and as explained below, while speculative evidence is of course inadmissible under the rules of evidence, Plaintiff may present evidence and argue *reasonable inferences* from such evidence concerning the absent video and audio recordings.  The County's attempt to craft a blanket exclusion concerning inferences to be drawn from the absence of the audio and video recordings is misplaced and inappropriate for a motion in limine.  To the extent the County believes that testimony or argument is speculative, an objection can be raised during trial.

## II.   THE COUNTY'S ATTEMPT TO PRECLUDE PLAINTIFF FROM ARGUING INFERENCES ARISING OUT OF THE MISSING TIME OR INAUDIBLE AUDIO WHICH CAPTURES THE INTERACTION BETWEEN PLAINTIFF AND DEPUTY CAROPINO IS MISPLACED

Plaintiff agrees that it is well established that generally *unsupported* speculative evidence is not admissible. Plaintiff further acknowledges that she is bound by the applicable evidentiary rules, and the evidence she produces at trial may be subject to the County's objections. Nevertheless, Plaintiff has a right to introduce properly propounded evidence as well as assert argument addressing the missing portions of the audio and video recordings, and any reasonable inferences that may made from that evidence.

2

1    Specifically, Plaintiff may elicit evidence concerning the missing portions of

2    the audio and video recordings arising out of her interaction with Deputy Caropino.

3    As admitted by the County in its motion, the audio and video recordings of the

4    interaction between Plaintiff and Deputy Caropino are not complete.[1]   Given an

5    adequate foundation, a percipient witness or expert witness may offer testimony

6    about the absence of a portion of a video or audio recording, see e.g. FRE 602,

7    702, testimony which is probative of a highly relevant factual matter. Moreover,

8    Plaintiff may exercise the wide latitude she has in making argument, and include

9    any reasonable inference arising from the evidence before the jury, including

10   reasonable explanations for the missing segments. *Bonner v. Normandy Park*, No.

11   C07-962RSM, 2009 WL 279070, at \*3 (W.D. Wash. Feb. 2, 2009) *citing U.S. v.*

12   *Sayetsitty,* 107 F.3d 1405, 1409 (9th Cir.1997) (citations omitted). The County, in

13   turn, will have the same opportunity to present to the jury evidence other than

14   unsupported speculation, and argument, addressing any missing portions of the

15   audio and video recordings. From this, the jury will resolve the factual issues

16   reasonably in dispute. Nothing the County cites to holds otherwise.

17          As explained in *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp.

18   1398, 1400-01 (N.D. Ill. 1993): "This court has the power to exclude evidence in

19   limine ***only when evidence is clearly inadmissible on all potential grounds. Cf.***

20   *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d

21   443 (1984) (federal district courts have authority to make in limine rulings

22   pursuant to their authority to manage trials). Unless evidence meets this high

23   standard, evidentiary rulings should be deferred until trial so that questions of

24

25

[1] Notably, there appears to be a similar issue with the audio and video recordings

26   concerning the stop and eventual sexual assault of Jane Doe #1.  According to Ms.

27   Doe #1, after she admitted she had been drinking to Deputy Caropino, he told her

28   that he had turned all of his recording devices off and then sexually assaulted her.

**PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4**

1  foundation, relevancy and potential prejudice may be resolved in proper context.

2  *See The Middleby Corp. v. Hussmann Corp., No.* 90 C 2744, 1993 WL 151290, at

3  *1, 1993 U.S.Dist. LEXIS 6150, at *1–2 (N.D.Ill. May 5, 1993). See generally 21

4  Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure ¶¶

5  5037, 5042 (1977 & Supp.1993)."

6         Here, the County does not actually identify any particular evidence it wants

7  excluded, let alone establish that this evidence is clearly inadmissible on all

8  potential grounds. Moreover, the County does not, because it cannot, establish that

9  any and all evidence attempting to explain missing portions of audio and video

10  recordings would categorically be unsupported speculation, and thus excluded. As

11  such, there is no basis for an order excluding any and all such evidence.

12  **III.    CONCLUSION**

13  For the foregoing reasons, Defendant County of Orange's Motion in Limine No.

14  Four should be denied.

15

16

17  Dated:  March 27, 2017                    Jass Law

18

19                                              ___/s/ Jeremy Jass_____

20                                              Jeremy Jass
                                                *Attorney for Plaintiff,*
21                                              ALEXA CURTIN

22

23

24

25

26

27

28

4