1  Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
2  JASS LAW
3  4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
4  Telephone: (562) 340-6299
5  Facsimile: (562) 340-6422

6
Attorneys for Plaintiff
7  ALEXA CURTIN

8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11
12  ALEXA CURTIN,                        Case No.: 8:16-CV-00591-SVW-PLA
13
                                        Assigned to Hon. Stephen V. Wilson
14              Plaintiff,
15                                       **PLAINTIFF ALEXA CURTIN'S
                                         REPLY TO DEFENDANT'S
16                                       OPPOSITION TO MOTION *IN
     vs.                                 LIMINE* NO. 3**
17
18
19  COUNTY OF ORANGE; NICHOLAS           Date: April 17, 2017
20  LEE CAROPINO, individually and as    Time: 3:00p.m.
    Deputy Sheriff for the County of Orange;   Room: 10A
21  and DOES 1 through 50,
22
23
                Defendants,
24
25
26
27
28                                       1

1  I.       INTRODUCTION

2       In opposition to Plaintiff's Motion *in Limine* No. 3, Defendant County of

3  Orange contends that evidence of Plaintiff's prior arrests is admissible to show

4  Plaintiff's claimed emotion distress. To reach this conclusion, the County makes

5  the blanket assertion that "[w]here, as here, a section 1983 plaintiff has had several

6  encounters with law enforcement officers, that information is relevant and

7  admissible on the question of the damages the plaintiff claims from the particular

8  encounter at issue." Dkt. No. 69, at 4.  However, the County offers no meaningful

9  analysis demonstrating that the prior claims are substantially similar in nature to

10 the instant matter so as to justify admission of such unquestionably prejudicial

11 evidence.

12 II.      THE COUNTY DOES NOT OFFER ANY COLORABLE

13          ARGUMENT SUPPORTING THE ADMISSIBLITY OF

14          PLAINTIFF'S PRIOR ARREST RECORD

15      As recognized by Plaintiff in her motion *in limine*, courts have recognized

16 that in certain circumstances prior arrests and incarcerations *may be* relevant to

17 emotional distress damages. However, contrary to the carte blanch admissibility

18 the County appears to be asserting, the admissibility of such evidence is restricted

19 and narrow because such evidence carries with it an obvious, high probability of

20 undue prejudice. As explained in *Monroe*:  "courts have also recognized that prior

21 arrests and incarcerations may only be admitted for the purpose of countering a

22 section 1983 plaintiff's emotional distress damages claim where they are

23 substantially similar to those at issue, and where the court conducts a prejudice

24 analysis under Rule 403." *Monroe v. Griffin*, No. 14-CV-00795-WHO, 2015 WL

25 5258115, at *2 (N.D. Cal. Sept. 9, 2015).

26      In its opposition, the County does not offer any explanation for why

27 Plaintiff's prior arrests bear any similarity whatsoever to the instant arrest and

28 sexual assault. The County does not do so because it cannot. Plaintiff's prior

1    arrests do not in any way involve anything near what occurred here; not one of

2    Plaintiff's prior encounters with law enforcement involved sexual assaults by the

3    arresting officers. Moreover, even assuming a prior arrest was in some way similar,

4    there is no basis for concluding that had Plaintiff been sexually assaulted by an

5    arresting officer in the past, this would somehow ameliorate the damages she

6    experienced as a consequence of the Caropino's sexual assault.

7         Nothing the County cites to holds otherwise. Indeed, the County's reliance

8    on *Peraza* is misplaced. As explained in *Torres v. City of Santa Clara*, No. 5:13-

9    CV-01475-PSG, 2014 WL 4145509 (N.D. Cal. Aug. 20, 2014):

10             In *Peraza,* "a case involving a Section 1983 claim

11             for excessive force used to arrest," the Ninth Circuit

12             "held that the trial judge did not abuse his discretion by

13             admitting evidence proffered by the defendant of the

14             plaintiff's 'subsequent encounters' with the police and

15             'difficulties in school,' when the jury was instructed to

16             limit its consideration of that evidence to the issue of

17             damages." But the court in *Peraza* (1) "did not explain

18             the significance of *subsequent* encounters, which are

19             anyhow not at issue here," (2) indicate "that either of [the

20             plaintiff's] previous arrests involved similar facts"

21             limiting the probative value of the arrest history and (3)

22             did not "so much as consider [ ] the risk of unfair

23             prejudice" to the defendant. In this case, Defendants have

24             not shown how Torres' prior encounters with the police—

25             stemming back more than fifteen years ago in some

26             cases—are probative of whether or not Torres' emotional

27             distress claim arising from this incident is exaggerated.

28             ***Absent additional facts that the prior encounters***

*involved similar facts or are otherwise probative to the*

*damages inquiry, the court is persuaded that, under*

*Rule 403, the unfair prejudice from this prior bad act*

*evidence is simply too great. It will not be admitted at*

*trial.*

*Id.*, at \*2 (emphasis added). Here, beyond failing to explain the actual probative relevance of Plaintiff's prior arrests and incarcerations, the County offers no meaningful explanation for why the obvious prejudice that these reports have will not entirely outweigh the non-existent probative value.

In short, the County does not offer any meaningful argument to support the admissibility of Plaintiff's prior arrest record because no such argument exists. Indeed, the County's opposing paper only serves to highlight what Plaintiff noted in the Motion *in Limine* No. 3, that evidence of Ms. Curtin's arrests is entirely irrelevant to the issues in this case, and will only be offered as impermissible evidence of to destroy Plaintiff's character

## III.    CONCLUSION

For foregoing reasons, Plaintiff's Motion *in Limine* No. 3 should be granted.

Dated:  April 3, 2017                    Jass Law


\_\_\_/s/ Jeremy Jass_____
Jeremy Jass
*Attorney for Plaintiff,*
ALEXA CURTIN

**PLAINTIFF ALEXA CURTIN'S REPLY TO
DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* NO. 3**