Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* NO. 4**<br><br>Date: April 17, 2017<br>Time: 3:00p.m.<br>Room: 10A |

1

## I. INTRODUCTION

In what Defendant County of Orange styles as an opposition to Plaintiff's Motion *in Limine* No. 4, but appears to be a non-opposition, the County concedes: "Defendant agrees comparative fault principles do not apply in a § 1983 action, and Defendant will not ask the jury to apportion fault and reduce Plaintiff's damages, if any, by the percentage of her fault." Dkt. 59, at 2, 5. This, in fact, is precisely what Plaintiff was requesting in her Motion in Limine No. 4. Moreover, of the arguments that the County does make, none actually refute the issues raised by Plaintiff in her Motion *in limine*. As such, Plaintiff's motion should be granted.

## II. ARGUMENT

The body of the County's opposition appears to be two semantical arguments which have no bearing on the instant evidentiary issue. The County begins by pointing out that "intent is not a necessary element of a § 1983 claim, [and that] Plaintiff's comparison of such claims to intentional torts is not appropriate." The scope of this motion was not intended to dispute the requisite elements of a Section 1983 claim. Rather, it was to secure an order prohibiting the County from attempting to introduce evidence which would assign comparative fault to Plaintiff. At the end of the day, Corapino violated Plaintiff's constitutional rights when he, acting as a deputy sheriff, sexually assaulted her. As the County concedes, evidence of conduct by Plaintiff leading up to the sexual assault cannot be used by the County to deflect any portion of the blame or liability on to Plaintiff.

Next, the County takes issue with the State of California authority that Plaintiff cites to in her Motion. Plaintiff cited these cases for the general propositions of law they contained. In any event, the County's critique of these cases does not bear on the substance of the issue in this Motion. As already noted, Plaintiff's motion was intended to secure an order prohibiting the County from attempting to advance an evidentiary theory that Plaintiff was comparatively at

2

**PLAINTIFF ALEXA CURTIN'S REPLY TO
DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* NO. 4**

fault. Because the County agrees that this is the law, that Plaintiff cited to California State authority has no bearing on the outcome of this Motion.

Finally, in the last paragraph of its opposition, the County addresses in passing Plaintiff's argument concerning causation, asserting that "Defendant respectfully submits Plaintiff's behavior preceding the incident is relevant and admissible in determining causation…." Plaintiff does not dispute that evidence of Plaintiff's behavior preceding Caropino's sexual assault of her could be relevant to the instant dispute. Nevertheless, whether or not Plaintiff committed a violation which gave rise to Caropino's detaining her, or whether it was reasonable for her to remain after she was ordered by Caropino to stay, among other things, is not legally relevant to the liability at issue here.

## III.   CONCLUSION

For foregoing reasons, Plaintiff's Motion *in Limine* No. 4 should be granted.

Dated:  April 3, 2017                              Jass Law

                                                   ___/s/ Jeremy Jass_____
                                                   Jeremy Jass
                                                   *Attorney for Plaintiff*,
                                                   ALEXA CURTIN