Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* NO. 1**<br><br>Date: April 17, 2017<br>Time: 3:00p.m.<br>Room: 10A |

1

## I. INTRODUCTION

According to Defendant County of Orange, evidence of the two prior instances of Caropino's prior sexual assaults "has absolutely no bearing on Plaintiff's claims against [the County]." Nothing could be further from the reality of the claims being asserted by Plaintiff, the facts underlying this case, or the law applicable to *Monell* and Section 1983 claims. As explained in Plaintiff's motion *in limine*, the evidence is relevant both to Plaintiff's 1983 claim against Caropino, as well as her *Monell* claim against the County. Throughout its opposition, the County confuses the justification for the admission of such evidence under the two independent bases. As framed, the County's arguments bounce between relevance to 1983 claim and *Monell* liability. But no matter how the County organizes its response, the evidence is relevant and should be admitted.

As largely ignored by the County, it appears that at least Caropino, and perhaps also the County, disputes Plaintiff's description of the sexual assault and rape she endured. The evidence concerning the assaults against Jane Doe # 1 and Jane Doe #2 support Plaintiff's version of events, dispel any notion of consensual conduct, and otherwise establishes Plaintiff's claim for Section 1983 liability against Caropino. With respect to the *Monell* claim, the evidence is relevant and admissible to demonstrate that the County had a *de facto* policy where officers interfered with and impeded misconduct investigations, or did not even meaningfully conduct internal investigations, thereby creating an environment where officers like Caropino could act with impunity. Although aware of his sexually deviant tendencies, the County did nothing to prevent Caropino from abusing his authority as an officer. The evidence of prior instances of Caropino's sexual abuse will confirm that the County had actual knowledge of misconduct by Caropino and failed to take reasonable steps to address the claim(s) against him and thus its conduct amounted to deliberate indifference to the constitutional rights of Plaintiff.

2

1       Notably, while the County repeatedly asserts that Plaintiff has no evidence supporting her *Monell* claim, the County fails to acknowledge that just in the last week (and pursuant to the Magistrate's order) the County produced numerous documents directly related to Plaintiff's *Monell* claim. While Plaintiff and her expert are still going through such documents, the documents paint a picture of police impropriety that permeated the County and resulted in the large-scale deprivation of citizens' constitutional rights. The documents detail numerous complaints concerning Caropino and other deputies for sexual misconduct. The relevance of the evidence concerning Jane Doe #1 and Jane Doe #2 in the *Monell* phase of liability will therefore only be bolstered by the recent disclosure of documents.

      For several reasons, the evidence is therefore relevant and admissible as to Plaintiff's claims against both Caropino and the County.

## II. ARGUMENT

### A. Evidence of Caropino's Prior Sexual Misconduct Is Relevant to Plaintiff's Section 1983 Claims.

      The County begins its argument by attempting to assert that the "observation made by the court in *McMahon v. Valenzuela*, 2015 U.S. Dist. LEXIS 159611, 12-13 (C.D. Cal. Nov. 25, 2015), should govern this court's decision…." Selectively excerpting a single line from the decision, the County attempts to portray this one sentence in *McMahon* as supportive of its argument that prior acts of sexual misconduct by Caropino are not admissible. However, no such support exists within *McMahon*. Indeed, to the extent the case overlaps with the instant matter, *McMahon*, whose facts closely parallel aspects of those in the instant matter, provides compelling guidance.

      In *McMahon v. Valenzuela*, No. 214CV02085CASAGRX, 2015 WL 7573620 (C.D. Cal. Nov. 25, 2015), the plaintiff brought claims against two Los Angeles Police Department officers who sexually assaulted the Plaintiff while they

were on duty. *Id.*, at *1. Important to the present matter, Plaintiff did not assert any *Monell* claims against Los Angeles, and thus the relevance of this case is limited to the Section 1983 claims. *Id.*, at *1 n 1.  In the portion of *McMahon* the County cites to, the District Court addressed a motion *in limine* filed by the Plaintiff seeking the admission of evidence and testimony regarding other alleged sexual assaults by the defendant police officers. In reviewing the applicable rules of evidence, the District Court noted that Federal Rule of Evidence 415 allows for the admission of evidence of prior sexual misconduct by the defendants but that there should be "some limits" on the admissibility of this evidence. The District's quote comes from this portion of *McMahon's* discussion. Nevertheless, while the District Court concluded that some evidence of the defendants' prior sexual misconduct came in the form of inadmissible hearsay, the prior victims of sexual assault by the police officers Plaintiff was seeking to have testify would be allowed to testify because such testimony was not hearsay, and was relevant to the plaintiff's section 1983 claims.  *Id.*, at *4.

The conclusion in *McMahon* is perfectly in line with the myriad other decisions discussed in Plaintiff's Motion *in Limine* No. 1 holding that prior sexual misconduct by a law enforcement officer is admissible under Federal Rule of Evidence 415 to show conformity therewith in a subsequent lawsuit. Dkt 63, at 12-19. Here, as in *McMahon*, Plaintiff seeks to have the prior victims of Officer Caropino testify about the sexual assaults he perpetrated against them while on duty or in his role as a sheriff's deputy. As to these witnesses and their testimony, the County provides no reason in evidence for the exclusion of this testimony other than "the District Attorney independently determined not to file charges against Caropino." Dkt 71, at 6. But this is not a legally cognizable argument; because a district attorney concluded that it could not prove beyond a reasonable doubt that Caropino raped Plaintiff has no bearing whatsoever on Plaintiff's civil Section 1983 and *Monell* claims.

4

Additionally, Defendant's efforts to "distinguish" the facts of this case from the facts surrounding the prior instances of sexual assault committed by Caropino is equally fruitless. For example, the County attempts to assert that "in the case of Accuser No. 1 she was under arrest at the time of the assault, but notably, there is no factual or legal support for the proposition Plaintiff was under arrest at the time of the incident…." Dkt. 71, at 10. This argument is entirely without merit. The county does not point to any case, nor is there one, which holds that a prior act of sexual misconduct by a law enforcement officer must be identical to the facts of the present matter for it to be admissible. Here, the evidence Plaintiff is seeking to introduce demonstrates that Caropino was able to use his position of power and authority as a law enforcement officer to violate their constitutional rights by sexually assaulting and abusing numerous women under strikingly similar circumstances to the instant matter.

### B. Evidence of Caropino's Prior Sexual Misconduct Is Also Relevant to Plaintiff's *Monell* Claim to Establish a De Facto Policy of Cover-Up and Impunity.

The County also attempts to take the position that evidence of Caropino's numerous prior sexual assaults is not admissible to establish *Monell* liability because "malice" is not a component of a *Monell* claim. Dkt 71, at 6, 11. In a bout of circular argument, the County appears to be arguing that Plaintiff should not be allowed to admit evidence that "[t]he County had a de facto policy where officers covered-up, interfered with, and impeded misconduct investigations, creating an environment where officers like Caropino could act with impunity." Dkt 63, at 9. Rather, the County asserts that "in order for evidence of alleged past sexual misconduct to be deemed admissible, plaintiff must first demonstrate the County was on notice of it." Such argument completely misunderstands the relevance of the evidence of Caropino's prior sexual misconduct, and appears to confuse the legal requirements of *Monell* and Section 1983 claims. Far from the County's

confused reasoning, the evidence of Caropino's past sexual misconduct *is* the evidence that the County was on notice, or had a policy in place permitting Caropino to act with impunity.

As explained in Plaintiff's Motion, Acquiescence in a custom or practice that routinely disregards the constitutional rights of citizens may itself be sufficient to establish a policy or practice sufficient for *Monell* liability. *See City of St. Louis v. Praprontik*, 485 U.S. 112, 130 (1988) (potential section 1983 liability "if a series of decisions by subordinate official manifested a 'custom or usage' of which the supervisor must have been aware") It is well established that a department's handling of a misconduct claim may be "highly probative" in proving the existence of a municipal policy or custom under Section 1983. *See Henry v. County of Shasta*, 132 F3d 512, 519 (9th Cir. 1997). A "[p]olicy or custom may be inferred if officials took no steps to reprimand or discharge the [officers involved], or if they otherwise failed to admit the [officers'] conduct was in error." *Id.*

As explained in the moving papers, the evidence concerning the prior sexual assault victims of Caropino who reported the attack to the County months prior to the attack against Plaintiff is relevant to the *Monell* claim because it shows a failure by the County to properly investigate in a timely fashion claims against its deputies.

Because this evidence is relevant to show that the county had a policy in place which permitted Caropino's conduct, the evidence is highly relevant, and very probative of the central factual issue of this case. As such, Plaintiff is not seeking a "blank check" to get in prior bad acts, nor is this evidence unduly prejudicial to the County.

//
//
//
//

6

**PLAINTIFF ALEXA CURTIN'S REPLY TO**
**DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* NO. 1**

### III. CONCLUSION

I. For foregoing reasons, Plaintiff's Motion *in Limine* No. 1 should be granted.

Dated: April 3, 2017          Jass Law

          ___/s/ Jeremy Jass_____
          Jeremy Jass
          *Attorney for Plaintiff*,
          ALEXA CURTIN

**PLAINTIFF ALEXA CURTIN'S REPLY TO
DEFENDANT'S OPPOSITION TO MOTION *IN LIMINE* NO. 1**