Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>                Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE ANY EVIDENCE OF HER FAMILY MEMBER'S PARTICIPATION IN REAL HOUSEWIVES OF ORANGE COUNTY**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

1

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF HER FAMILY MEMBER'S PARTICIPATION IN REAL HOUSEWIVES OF ORANGE COUNTY**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 24, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-referenced Court, located at 350 W. 1st street, 10th floor, Los Angeles, CA 90012, Plaintiff Alex Curtin will, and hereby does, move *in limine* to exclude any evidence of her or any of her family members' participation in the reality television series, *The Real Housewives: Orange County*, on *Bravo* network.

This Motion is made pursuant to Rule 401 through 404 of the Federal Rules of Evidence on the grounds that evidence of Ms. Curtin or any of her family members' participation in the show is entirely irrelevant to the issues in this case, and can only be offered as impermissible evidence of Ms. Curtin's character. (See Fed. Rules of Evid., § 404) This evidence will unfairly prejudice Ms. Curtin, confuse the issues, mislead the jury, and unduly delay the proceedings. It is a classic example of the very evidence is specifically prohibited under Rule 404.

This Motion is based on the attached Memorandum of Points and Authorities; any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file.

Dated: June 26, 2017        Jass Law

                                       ___*/s/ Jeremy Jass*___
                                       Jeremy Jass
                                       *Attorney for Plaintiff*,
                                       ALEXA CURTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Alexa's mother was a cast member of the Bravo Television Network series, *The Real Housewives of Orange County*. Alexa, as well as other members of her family, appeared on the show. Such evidence does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. Ms. Curtin alleges that she was sexually assaulted by Orange County Sheriff's Deputy Nicholas Lee Caropino. Nothing about these allegations has any connection whatsoever to Plaintiff's or her family members' appearances on *The Real Housewives of Orange County*. Indeed, far from having any bearing on any material fact at issue in this case, or even on Ms. Curtin's credibility, the only possible value it has is to attack Ms. Curtin's character. Such evidence and such a use is unequivocally prohibited by Federal Rule of Evidence 404.

Ms. Curtin will be unfairly prejudiced if this evidence is admitted. There is a stigma attached to the characters on the show, who are often portrayed in a bad light. Allowing evidence of Ms. Curtin or her family members' participation in the reality television series could trigger biases among the jury. It would also confuse the issues, mislead the jury, and unduly delay the proceedings. Those risks substantially outweigh any probative value.

## II.   ARGUMENT

### A.   This Evidence is Irrelevant

Ms. Curtin's mother is a regular cast member of the Bravo Television Network series, *The Real Housewives of Orange County*. Ms. Curtin and other members of her family have appeared several times in the show. Evidence of any of their participation in this television should is irrelevant to any of the issues in this case.

This is a straightforward case. Ms. Curtin alleges that Defendant County and Defendant Caropino violated her constitutional rights when Defendant Caropino

sexually assaulted her. Sexual assault is a *per se* violation of civil rights law that Ms. Curtin alleged.

Evidence of any participation in the television show is irrelevant and should be excluded under Rule 401 and 404. It would only be offered to destroy Ms. Curtin's character. Such evidence is explicitly precluded by Rule 404, which prohibits the introduction of evidence "of a person's character or character trait . . . for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a).

### B. The Evidence Should Also Be Excluded Under Rule 403

Ms. Curtin will be unfairly prejudiced if the Court allows this evidence. The circumstantial evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay. *See Michelin v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence . . . is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise, and undue prejudice.") Evidence of Ms. Curtin and her family members' participation in a television show are guaranteed to lead to all of the above.

Evidence that Ms. Curtin or her family members have appeared on a television show has nothing to do with the facts of the violation of her rights when she was sexual assaulted underlying this case. Instead, such would be impermissibly used to show Ms. Curtin's association with various personalities on the show or a particular celebrity lifestyle that is portrayed by cast members on the show. This is purely an emotional, rather than an evidentiary, appeal that is not permitted under Rule 403. Any evidence of association with the reality television show would distract the jury from the main issues of sexual assault in this case. Wasting trial time on these superficial litigation tactics risks the jury's inattention, interferes with their consideration of the material issues and evidence presented at trial, and provides an improper basis on which the jury may evaluate the Defendants and their conduct. As such, this evidence requires exclusion under Rule 403.

4

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF HER FAMILY MEMBER'S PARTICIPATION IN REAL HOUSEWIVES OF ORANGE COUNTY**

## III. CONCLUSION

For the foregoing reasons, the Motion should be granted.

Dated: June 26, 2017　　　　　　　　Jass Law


　　　　　　　　　　　　　　　　　___/s/ Jeremy Jass___
　　　　　　　　　　　　　　　　　Jeremy Jass
　　　　　　　　　　　　　　　　　*Attorney for Plaintiff,*
　　　　　　　　　　　　　　　　　ALEXA CURTIN

5

**PLAINTIFF ALEXA CURTIN'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF HER FAMILY MEMBER'S PARTICIPATION IN REAL HOUSEWIVES OF ORANGE COUNTY**