**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>             Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DEFENDANT'S OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1 TO ADMIT EVIDENCE AND TESTIMONY RE DEFENDANT CAROPINO'S OTHER ALLEGED SEXUAL ASSAULTS; DECLARATION OF BARRY HASSENBERG**<br><br>**DATE:          July 24, 2017**<br>**TIME:           3:00 p.m.**<br>**CRTROOM:      10A**<br><br>**Action Filed: March 30, 2016**<br>**Trial Date:    August 1. 2017** |

Defendant COUNTY OF ORANGE ("Defendant") hereby provides its

Opposition to Plaintiffs' *Amended* Motion *in Limine* No. 1 to Admit Evidence and

Testimony Re: Defendant Caropino's Other Alleged Sexual Assaults:

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | DATED:  July 3, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3 | By:   */s/ Barry Hassenberg*

4 | DANA ALDEN FOX

5 | BARRY HASSENBERG
DAWN M. FLORES-OSTER

6 | Attorneys for Defendant COUNTY OF
ORANGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.  INTRODUCTION ............................................................................................ 1

II.  THE EVIDENCE IS IRRELEVANT TO THE *MONELL* CLAIM AGAINST THE COUNTY ........................................................................ 2

III.  FED. R. EVID. 415 ESTABLISHES A PRESUMPTION, NOT A "BLANK CHECK" FOR ADMISSION OF PRIOR BAD ACTS .................. 7

IV.  THE 403 BALANCING TEST WEIGHS AGAINST ADMISSION ............. 8

V.  PLAINTIFF'S CITATION TO *BLIND-DOAN* AND *DOE V. GLANZER* SUPPORTS DEFENDANT'S POSITION, NOT PLAINTIFF'S ............................................................................................. 10

    A.  The Similarity of the Events Sought to be Introduced: ....................... 11

    B.  The Closeness of Time ......................................................................... 12

    C.  The Frequency of the Prior Acts ......................................................... 12

    D.  The Presence Or Lack Of Intervening Circumstances and The Necessity Of The Evidence ................................................................ 13

VI.  CAROPINO'S STATE OF MIND IS NOT RELEVANT TO THE SECTION 1983 CLAIM NOR DOES IT SUPPORT THE PROPOSITION CHARACTER EVIDENCE IS ADMISSIBLE .................. 13

VII.  PLAINTIFF MUST PROVE HER CLAIMS ARE VALID *AB INITIO* BEFORE SHE CAN CLAIM PREJUDICE IF CERTAIN EVIDENCE IS NOT ADMITTED AT THE TIME OF TRIAL ......................................... 15

VIII.  CONCLUSION ............................................................................................. 16

DECLARATION OF BARRY HASSENBERG ......................................................... 1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1

i

8:16-cv-01499 DOC (DFMx)

OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

# **TABLE OF AUTHORITIES**

## Federal Court Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662, 663 and passim (2009) ............................................ 16

*Blind-Doan v. Sanders*,
    291 F.3d 1079 (9th Cir. 2002) ................................................. 7, 10

*Boyd v. City & County of San Francisco*,
    576 F.3d 938 (9th Cir. 2009) ...................................................... 13

*Dang v. Cross*,
    422 F. 3rd 800 (9th Cir. 2005) .................................................... 15

*Edwards v. Thomas*,
    31 F. Supp. 2d 1069 (N.D. Ill. 1999) ........................................... 15

*Graham v. Connor*,
    490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) ............... 14

*Henry v. County of Shasta*,
    132 F.3d 512 (9th Cir. 1997) ......................................................... 9

*Huddleston v. United States*,
    485 U.S. 681 (1988) .............................................................. 2, 13

*Johnson v. Elk Lake School*,
    283 F. 3rd 138 (3rd Circ. 2002) .................................................... 7

*McGee v. California*,
    2017 U.S. Dist. LEXIS 30635 (E.D. Cal. Mar. 2, 2017) ................... 5

*McMahon v. Valenzuela*,
    2015 U.S. Dist. LEXIS 159611 (C.D. Cal. 2015) ......................... 2, 9

*Smith v. Wade*,
    461 U.S. 30 (1983) ............................................................. 14, 15

*United States v. Bradshaw*
     (9th Cir. 1982) ......................................................................... 9

*United States v. Cruz-Garcia*,
    344 F.3d 951 (9th Cir. Nev. 2003) ................................................ 7

*United States v. Curtin*,
    489 F.3d 935 (9th Cir. 2007) ...................................................... 13

*United States v. Enjady*,
    134 F.3d 1427 (10th Cir. 1998) .................................................... 8

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*United States v. Guardia,*
    135 F.3d 1326 (10th Cir. 1998) ................................................................. 8

*United States v. Hadley,*
    918 F.2d 848 (9th Cir. 1990) ................................................................... 13

*United States v. Joetzki,*
    952 F.2d 1090 (9th Cir. 1991) ................................................................... 9

*United States v. Larson,*
    112 F.3d 600 (2d Cir. 1997) ..................................................................... 8

*United States v. LeCompte,*
    131 F.3d 767 (8th Cir. 1997) ..................................................................... 8

*United States v. Mayans,*
    17 F.3d 1174 (9th Cir. 1994) ..................................................................... 7

*United States v. Meacham,*
    115 F.3d 1488 (10th Cir. 1997) ................................................................. 8

*United States v. Roberts,*
    185 F.3d 1125 (10th Cir. 1999) ............................................................... 14

*United States v. Shields,*
    2016 U.S. App. LEXIS 22923 (9th Cir. Cal. Dec. 21, 2016) ..................... 10

*United States v. Sioux,*
    362 F.3d 1241 (9th Cir. 2004) ............................................................... 3, 8

*United States v. Sumner,*
    119 F.3d 658 (8th Cir. 1997) ..................................................................... 8

*Young v. City of Visalia,*
    687 F. Supp. 2d 1141 (E.D. Cal. 2009) ..................................................... 5

Federal Statutory Authorities

18 USCS 659 ............................................................................................. 13

Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-
    322, 2135-38., 108 Stat. 1796 ................................................................. 8

State Statutory Authorities

Gov. Code § 818 ........................................................................................ 15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

2

## Federal Rules and Regulations

Fed. R. Evid. 401 and 402 ........................................................... 14

Fed. R. Evid. 403 ........................................................................... 8

Fed. R. Evid. 404 .................................................................... 8, 10

Fed. R. Evid. 404(b) .......................................................... 8, 13, 14

Fed. R. Evid. 413 ...................................................................... 7, 9

Fed. R. Evid. 415 ........................................................................... 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff seeks to introduce evidence defendant Nicholas Caropino ("Caropino") was allegedly involved in other sexual assaults (he was never charged with any crime), despite the fact such evidence has absolutely no bearing on Plaintiff's claims against Defendant. That the federal rules of evidence permits evidence of prior sexual assaults in some circumstances does not *a fortiori* mean they are admissible in the case at bar. All evidence must be deemed relevant in order to be admissible, and even relevant evidence must be excluded where its prejudicial impact outweighs its probative value. Moreover, admissibility of evidence of other sexual conduct must pass a four-prong test before it can be admitted, and in this case the evidence does not meet the required standard.

Plaintiff offers the testimony of three women and unidentified "other victims" to parade in front of the jury purportedly to demonstrate that plaintiff is more credible than Caropino, who has asserted the Fifth Amendment both at his deposition and in response to written discovery. Their highly inflammatory and unsubstantiated testimony about divergent events which require differing legal analyses is also purportedly offered to prove Caropino's state of mind, and opportunity, motive, plan and pattern, none of which are elements of plaintiff's claims against the County. Plaintiff also claims the previously undisclosed testimony of the three women, two of whom *did not report* Caropino's conduct to the County or any law enforcement agency, would somehow demonstrate the County had a *de facto* well-settled, widespread practice that allowed rogue officers to engage in "sexual misconduct against females." This outlandish claim, alone, evidences plaintiff's true intent; to smear Caropino, hoping some of the highly inflammatory, distasteful and prejudicial testimony will also "rub off" on the County. Allowing such tactics simply because a sexual assault is allegedly involved would ignore the restrictions the federal rules of evidence place on admission of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  evidence with such inherently and strongly prejudicial qualities. The evidence

2  should be excluded for a number of reasons as described below.

3  **II.   THE EVIDENCE IS IRRELEVANT TO THE *MONELL* CLAIM**

4  **AGAINST THE COUNTY**

5  Federal Rules of Evidence, Rule 415 provides, in relevant part:

6  Similar Acts in Civil Cases Involving Sexual Assault or Child
7  Molestation.

8  (a) Permitted Uses. In a civil case involving a claim for relief based on
9  a party's alleged sexual assault or child molestation, the court may
   admit evidence that the party committed any other sexual assault or
10 child molestation. The evidence may be considered as provided in
11 Rules 413 and 414.

12  (b) Disclosure to the Opponent. If a party intends to offer this
13 evidence, the party must disclose it to the party against whom it will be
   offered, including witnesses' statements or a summary of the expected
14 testimony. The party must do so at least 15 days before trial or at a later
15 time that the court allows for good cause.

16  The Court's admonitions in *McMahon v. Valenzuela*, 2015 U.S. Dist. LEXIS

17 159611, 12-13 (C.D. Cal. Nov. 25, 2015), should govern this Court's decision when

18 determining the admissibility of the alleged prior assault evidence. The Court

19 reasoned when addressing the admissibility of uncharged conduct as is the case

20 here, it is reasonable to impose limits: "Defendants argument rightly stems from the

21 reality that some limits, of course, need to be placed on [the admissibility of

22 uncharged conduct under Rule 415] in order to ensure that the plaintiff may not

23 'parade past the jury a litany of potentially prejudicial similar acts that have been

24 established or connected to the defendant only by unsubstantiated innuendo.'

25 *Johnson*, 283 F.3d at 152 (quoting *Huddleston v. United States*, 485 U.S. 681, 689,

26 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988))." This admonition is particularly apt here,

27 where the District Attorney independently determined not to file charges against

28 Caropino for the alleged acts of either Jane Doe No. 1 or the plaintiff.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                            2                    8:16-cv-01499 DOC (DFMx)
OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

1    While Rule 404(b)'s restriction on propensity evidence is superseded by

2    Rules 413, 414, and 415, these rules do so only "by establishing a presumption—but

3    not 'a blank check'—favoring the admission of propensity evidence at both civil and

4    criminal trials involving charges of sexual misconduct." *United States v. Sioux*, 362

5    F.3d 1241, 1244 (9th Cir. 2004) (citation omitted). Furthermore, and crucially, the

6    general rules of evidence continue to apply, including Rule 403's restriction on

7    evidence the probative value of which is substantially outweighed by the danger of

8    unfair prejudice to the party against whom the evidence is offered. *Glanzer,* 232

9    F.3d at 1268. "Indeed, given 'the inherent strength of the evidence that is covered by

10   [Rule 415],' the Ninth Circuit has admonished courts to pay 'careful attention to

11   both the significant probative value and the strong prejudicial qualities' of that

12   evidence. *Glanzer*, 232 F.3d at 1268 (citing *Guardia*, 135 F.3d at 1330). *McMahon*

13   *v. Valenzuela,* *10.

14   The first step in the Court's analysis is examining the relevance of the

15   evidence, with the recognition that limits are appropriate. Plaintiff argues the

16   evidence is relevant to the question of Caropino's alleged malice, but she does not

17   recognize the Court phased the trial such that the question of Caropino's liability,

18   and, if necessary, the adjudication of any punitive damages claim against him,

19   would be tried before the *Monell* claim (which will be tried only if Plaintiff is able

20   to prove a constitutional violation in the first instance). Consequently, any

21   suggestion the evidence is admissible to prove a *Monell* claim, which does *not*

22   require malice, is incorrect. The Court's attention is respectfully directed to the 9th

23   Circ. Model Rules relative to *Monell*, which identifies the elements of the claim:

24   In order to prevail on [his] [her] § 1983 claim against defendant [name

25   of local governing body] alleging liability based on an official policy,

26   practice, or custom, the plaintiff must prove each of the following

27   elements by a preponderance of the evidence:

28   1.     [Name of defendant's official or employee] acted under color of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1          3          8:16-cv-01499 DOC (DFMx)
OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

state law;

2.      the act[s] of [name of defendant's official or employee] deprived the plaintiff of [his] [her] particular rights under [the laws of the United States] [the United States Constitution] as explained in later instructions;

3.      [Name of defendant's official or employee] acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant [name of local governing body]; and

4.      the defendant [name of local governing body]'s official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the [name of defendant's official or employee]; that is, the [name of local governing body]'s official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. [[The parties have stipulated that] [I instruct you that] [name of defendant's official or employee] acted under color of state law.]

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant [name of local governing body], resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    procedure of the defendant [name of local governing body]. [A practice

2    or custom can be established by repeated constitutional violations that

3    were not properly investigated and for which the violator[s] [was]

4    [were] not disciplined, reprimanded or punished.]

5    If you find that the plaintiff has proved each of these elements, and if

6    you find that the plaintiff has proved all the elements [he] [she] is

7    required to prove under Instruction[s] [specify  the instruction[s] that

8    deal with the particular right[s]], your verdict should be for the plaintiff.

9    If, on the other hand, you find that the plaintiff has failed to prove any

10   one or more of these elements, your verdict should be for the defendant.

11   Plaintiff has failed to prove relevance to the County on a *Monell* claim,

12   the only claim asserted against it.

13   Plaintiff refers to a *de facto* policy where "officers covered-up, interfered with

14   and impeded misconduct investigations, creating an environment where officers like

15   Caropino could act with impunity." (Motion: 2:17-19). But Plaintiff has not

16   produced a *single* document or elicited *any* testimony that would support such this

17   unfounded theory. Plaintiff must first establish a policy before *Monell* liability can

18   attach, and she has not. "In order to state a claim under *Monell*, a party must (1)

19   identify the challenged policy or custom; (2) explain how the policy or custom is

20   deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4)

21   reflect how the policy or custom amounted to deliberate indifference, i.e. show how

22   the deficiency involved was obvious and the constitutional injury was likely to

23   occur. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009)."

24   *McGee v. California*, 2017 U.S. Dist. LEXIS 30635 (E.D. Cal. Mar. 2, 2017).

25   Plaintiff points to no real policy, spoken or unspoken, which led to her allegations.

26   Further, in order for evidence of alleged past sexual misconduct to be deemed

27   admissible to prove a policy or practice, plaintiff must first demonstrate the County

28   was on notice of it. Plaintiff proffers no evidence that the claims of Jane Doe #1 and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Jane Doe #3 or the unidentified "other victims" were ever made known to the

2    County. Thus far, other than a Tort Claim for Damages purportedly brought by Jane

3    Doe #2, who never pursued that claim (but that was nonetheless fully investigated

4    by the County), plaintiff failed to produce any evidence the other claims were

5    brought to the County's attention. Thus, the evidence is irrelevant to the question

6    whether the County knew or was on notice of the likelihood Caropino would, or had

7    a propensity to, sexually assault the plaintiff.  The irrelevance of the evidence at

8    issue in this Motion is plain. Plaintiff's argument that undisclosed claims of

9    Caropino's prior conduct somehow establishes a well-settled policy to cover up

10   those unknown claims is nonsensical. Plaintiff fails to demonstrate any connection

11   between the highly inflammatory testimony of accusers who have not come forward

12   until now and a "policy" to ignore or cover up those previously unknown claims.

13       Additionally, plaintiff in no manner addresses this Court's Order bifurcating

14   Deputy Caropino's individual liability under Section 1983 from that of the

15   municipality's. See, the Court's August 16, 2016 Minute Order [Docket No. 17]. As

16   a result, relevance is necessarily a more nuanced analysis, a fact plaintiff appears to

17   disregard or outright ignore.

18       Finally, Plaintiff relegates her relevance argument to the 15th page of her

19   analysis. She cites a number of cases which *generally* (but not specifically) support

20   the elements of a *Monell* claim without tying them to any facts in the case at bar,

21   and a few 9th Circuit Model Instructions which are not supportive of her position.

22   For example, Nos. 9.5 and 9.6 instruct the trier of fact on the acts of a final

23   policymaker and ratification, but Plaintiff has not named an employee defendant as

24   a final policy maker who ratified any conduct. Further, the Comment to 9.5 states it

25   is to be used only when "*Monell* liability is based on an expressly adopted official

26   policy or a widespread or longstanding practice or custom of the defendant that is

27   alleged either to be itself unlawful or to direct employees to act in an unlawful

28   manner." Plaintiff, on the other hand, alleges there was a *de facto* unwritten policy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                                                                8:16-cv-01499 DOC (DFMx)
                              6
                OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

1  which encouraged cover-ups.  As to 9.6, the Comment states the instruction is to be

2  used only when a final policymaker is a defendant which, as noted, is not the case

3  here.

4  Plaintiff also suggests prior assaults would be admissible, but she fails to

5  describe the element or elements of her claim against the County it would elucidate.

6  Plainly stated, Plaintiff does not even state how the other accusers' rights under the

7  Fourth Amendment were violated by Deputy Caropino, and so she can hardly prove

8  the existence of a policy or practice to support a *Monell* claim.

9  Plaintiff additionally argues there were "numerous" incidents of sexual

10  assault, and that the alleged "lack of appropriate discipline" is evidence of custom.

11  Again, Plaintiff point to no facts or evidence which support that claim.

12  **III.   FED. R. EVID. 415 ESTABLISHES A PRESUMPTION, NOT A**

13  **"BLANK CHECK" FOR ADMISSION OF PRIOR BAD ACTS**

14  While Plaintiff contends so long as the evidence sought to be admitted under

15  Fed. R. Evid. 413 is relevant (which Plaintiff cannot prove in the case at bar) it is

16  *ipso facto* admissible, and the Court is free to disregard the prohibitions identified in

17  Fed. Rules of Evid. 404. Such a position, however, is not consonant with decisional

18  authority.[1]

19  / / /

---

20

21  [1] Indeed, it is error not to do so. See, *United States v. Cruz-Garcia*, 344 F.3d 951,

22  958 (9th Cir. Nev. 2003), citing *Blind-Doan v. Sanders*, 291 F.3d 1079, 1083 (9th Cir. 2002): "(when a district court excluded evidence under Rules 404(b) and 415

23  but did not undertake the full analysis required, reversing and remanding with the caveat that, 'in the first instance, the balancing must be undertaken by the trial

24  court'); *United States v. Mayans*, 17 F.3d 1174, 1183-84 (9th Cir. 1994) (when a district court admitted evidence under Rule 404(b) but its analysis was infirm,

25  declining to 'decide whether, if the trial court had made the requisite inquiries under Rules 404(b) and 403, the prior acts evidence might still have been admissible' and

26  leaving 'the 404(b)/403 question for the district court to decide in the first instance on retrial')." (Concurring opinion, by Graber, C.J.). Thus, Plaintiff's citation to

27  *Johnson v. Elk Lake School*, 283 F. 3rd 138 (3rd Circ. 2002), should be disregarded by the Court.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                                   7                          8:16-cv-01499 DOC (DFMx)

OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

In *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004), the Court articulated the triumvirate of statutes, 413, 414, and 415, and identified they create a presumption, but not a "blank check" favoring admissibility:

> Prior to 1994, the admission of propensity evidence in sexual misconduct cases was severely restricted by Federal Rule of Evidence 404(b), which generally forbids the introduction of such evidence "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404. After years of turning back efforts to relax this longstanding bar, Congress passed Rules 413, 414, and 415 as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320935, 108 Stat. 1796, 2135-38. **Together, these three rules "supersede[] Rule 404(b)'s restriction,"** *United States v. Guardia*, **135 F.3d 1326, 1329 (10th Cir. 1998), by establishing a presumption--but not "a blank check"--favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct.** *LeMay*, 260 F.3d at 1022; *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998); *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997); *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997); *United States v. Sumner*, 119 F.3d 658, 661-62 (8th Cir. 1997); *United States v. Larson*, 112 F.3d 600, 604-05 (2d Cir. 1997). (Emphasis added).

Thus far, however, Plaintiff has not met the presumption. Indeed she has not even proven the relevance of the contested evidence she herself restricts to the question of malice, which again is not an element of a *Monell* claim.

## IV.    THE 403 BALANCING TEST WEIGHS AGAINST ADMISSION

Assuming the evidence is relevant, the prejudice to Defendant if the evidence is admitted would be immeasurable, particularly since there is no showing Defendant had notice of the other alleged assaults. Again, Fed. R. Evid. 403 is *not*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                                    8                          8:16-cv-01499 DOC (DFMx)
OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

1   disregarded when ruling on a request for admission under Fed. R. Evid. 413, and the

2   Court still undertakes the required analysis. That is, the trial judge must conduct the

3   necessary weighing of probative value against possible prejudice. *United States v.*

4   *Bradshaw* (9th Cir. 1982), 690 F2d 704, cert. denied 463 US 1210, 103 S Ct 3543

5   (1983); *Glanzer,* 135 F.3d at 1268. To reiterate, "given 'the inherent strength of the

6   evidence that is covered by [Rule 415],' the Ninth Circuit has admonished courts to

7   pay 'careful attention to both the significant probative value and the strong

8   prejudicial qualities' of that evidence. *Glanzer*, 232 F.3d at 1268 (citing Guardia,

9   135 F.3d at 1330)." *McMahon v. Valenzuela*, 2015 U.S. Dist. LEXIS 159611 (C.D.

10   Cal. 2015).

11       Hearing evidence of other accusers with no substantial similarity to the

12   material facts, and about which Defendant had no notice,[2] would place Defendant in

13   an untenable position. It would be compelled to establish the dissimilarities of each

14   of the three assaults, and its lack of notice of each, when there is no real benefit to

15   the trier of fact. Testimony regarding even one prior assault would sway the jury to

16   render a verdict based solely on emotion, and would likely cause it to fail to

17   adequately consider any defense Defendant might raise to the contrary. "Pursuant to

18   the Rule, '[t]he court may exclude relevant evidence if its probative value is

19   substantially outweighed by a danger of ... unfair prejudice, confusing the issues,

20   [or] misleading the jury.' Rule 403 is concerned with unfairly prejudicial evidence;

21   i.e., evidence that 'has an undue tendency to suggest a decision on an improper basis

22   such as emotion or character rather than evidence presented on the crime charged.'

23   *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991). There, the evidence

24   was directly relevant to the claim that defendants inaccurately portrayed their

_____

26   [2] As to the question of notice, Plaintiff appears to appreciate this is an essential fact
27   she must prove. See, for example, her citation to *Henry v. County of Shasta*, 132
    F.3d 512 (9th Cir. 1997), passim. See, also, pgs. 17 and 18 of Plaintiff's Motion.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                    9                    8:16-cv-01499 DOC (DFMx)

OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

1 financial histories, and it was not so inflammatory that the juror's minds would be

2 unduly clouded with emotion." See, *United States v. Shields*, 2016 U.S. App. LEXIS

3 22923 (9th Cir. Cal. Dec. 21, 2016). Introduction of this evidence would be

4 particularly repugnant and "cloud the jurors' minds with emotion" because it deals

5 with a highly evocative subject, while at the same time prior alleged offenses would

6 not further prosecution of the *Monell* claim.

7 **V.     PLAINTIFF'S CITATION TO *BLIND-DOAN* AND *DOE V. GLANZER***

8 **SUPPORTS DEFENDANT'S POSITION, NOT PLAINTIFF'S**

9 The court in *Blind-Doan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir. 2002),

10 articulated the test set forth in *Glanzer* as to the admissibility of evidence under Rule

11 415:

12 *Glanzer* began by recognizing that Rules 413, 414, and 415 were passed

13 to make an exception to Fed. R. Evid. 404, "which imposed a blanket

14 prohibition on propensity evidence." *Id.* at 1268. To be admitted under

15 Rule 415, the evidence must qualify as relevant under Rules 401 and

16 402, and the trial court must additionally determine under Rule 403 "if

17 its probative value is substantially outweighed by the danger of unfair

18 prejudice." *Id.* The court should consider the similarity of the prior acts

19 to the acts charged; the closeness in time of the prior acts to the acts

20 charged; the frequency of the prior acts; the presence or lack of

21 intervening circumstances; and the necessity of the evidence "beyond

22 the testimonies already offered at trial." *Id.* "In the light of the sensitive

23 nature of the evidence proffered it is important that the district court

24 fully evaluate the factors enumerated above, and others that might arise

25 on a case-by-case basis, and make a clear record concerning its decision

26 whether or not to admit such evidence." *Id.* at 1268-69.

27 Each are discussed, *seriatim*.

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### A.     <u>The Similarity of the Events Sought to be Introduced:</u>

Plaintiff has failed to prove the similarity of the other alleged events of sexual assault which pre-date the one at bar. Examining the Claim for Damages filed by the individual who defendant has referred to as "Jane Doe No. 2," nothing in that documents suggests Jane Doe No. 2 was raped. As to Jane Does #1 and #3, Plaintiff has failed to produce a single document or statement which supports the objectively identifiable similarity of the claims such that said evidence would have any benefit to the trier of fact when adjudicating the claim at bar. Indeed, despite Plaintiff's generalizations regarding the similarities of the other stories (Motion 2: 8-12, 12:14-25), each of the incidents involve divergent facts and circumstances, including whether the accusers were under arrest or not, the time of day and place of the alleged encounters, the accuser's prior contact with Caropino, whether Caropino was in uniform and/or on duty or not, whether the accusers were under the influence of alcohol or not, and many other facts.

In support of the requisite "similarity" argument, Plaintiff suggests all three women were intoxicated (Plaintiff has produced no evidence each of the accusers was intoxicated, and the Claim for Damages does not contain that allegation), were "young" and "vulnerable," (again, no evidence or offer of proof is provided) and the assaults occurred on their property (Plaintiff actually alleges she was assaulted in her vehicle: Second Amended Complaint, at ¶ 21) (Motion: 2:8-11). In the case of Jane Doe No. 3, there is no evidence Caropino was "on duty" at the time of the incident, and there is no objective proof Caropino was on duty at the time of Plaintiff's alleged assault--a critical distinction. Plaintiff also claims Caropino "intentionally" turned off his recording device on two occasions, but there is no evidence thus far presented by Plaintiff which even remotely suggests intent. Plaintiff also contends that in the case of Jane Doe No. 1 she was detained at the time of the assault, but notably, there is no factual or legal support for the proposition Plaintiff was detained at the time of the incident--important because an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  arrest would potentially trigger a violation of the Fourth Amendment, and a different

2  analysis would inform the adjudication of liability. Even if all of Plaintiff's

3  identified purported "similarities" were true (and they are not), the principal

4  similarity which must be established is that all three were sexually assaulted and the

5  County was on notice, but Plaintiff fails to prove that predicate fact.[3]

6      Plaintiff makes no effort to demonstrate any similarity in facts with respect to

7  the "other victims." Indeed, those incidents purportedly involve a vaguely described

8  "non-consensual encounter," an incident of "flirting," inappropriate texting, and

9  meeting for coffee. (Motion: 6:1-11.) None of these incidents bear even a passing

10  resemblance to Caropino's alleged conduct in this case.

11      **B.**    **The Closeness of Time**

12      While the Claim for Damages as to Jane Doe No. 1 indicated an event

13  (whether it is the arrest or the assault at her home is unclear) occurred on September

14  4, 2013, there is no information that has been produced as to dates associated with

15  Jane Doe No. 2's alleged assault, so this prong cannot be fully analyzed.

16      **C.**    **The Frequency of the Prior Acts**

17      Again, this prong cannot be analyzed because Plaintiff failed to establish Jane

18  Doe No. 2 was raped--the Claim for Damages simply indicates the two "had sex;"

19  absent is any proof the sex was non-consensual or that it was classified by Accuser

20  No. 1 as a rape or sexual assault.

21  ───────────────────

22  [3] Plaintiff also takes a position Defendant finds wholly offensive and certainly
   without any factual or evidentiary support. She claims "the defense strategy appears

23  to be to: deny Ms. Curtin's allegations, hold Deputy Caropino up as a model law
   enforcement officer, attack Ms. Curtin as a desperate drug-addicted liar, and use the

24  Fifth Amendment to shield the jury from hearing about any other complaints."
   (Motion, 12:27 to 13:2). Such suppositions are not based on any informed analysis

25  of Defendants' position through the litigation phase of this case, and are apparently
   based on nothing more than an unwarranted desire to present a catchy, but wholly

26  false, lede. To remind the Court, Defendant does not, nor has it ever, represented
   Mr. Caropino. More importantly, these accusations by Plaintiff would never support

27  a defense to a *Monell* claim, even if Defendant did take that position, which it has
   *never* done.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**D.** **The Presence Or Lack Of Intervening Circumstances and The Necessity Of The Evidence**

Plaintiff provides no evidence of the critical details associated with these factors so Defendant cannot appropriately expound on these two final factors. Further, no case law defines the term "lack of intervening circumstances." It is hard to imagine the necessity of the evidence when Plaintiff cannot even develop a cogent argument.

## VI. CAROPINO'S STATE OF MIND IS NOT RELEVANT TO THE SECTION 1983 CLAIM NOR DOES IT SUPPORT THE PROPOSITION CHARACTER EVIDENCE IS ADMISSIBLE

Plaintiff cites to *Huddleston v. United States*, 485 U.S. 681 (1988) to address the question of the admissibility of extrinsic evidence in accord with F.R.E. 404(b). But in *Huddleston*, a federal prosecution for possessing and selling stolen goods in violation of 18 USCS 659 and 2315, and were thus relevant to the question of motive, opportunity, or knowledge, not the case here. Plaintiff's citation to *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) is of limited relevance, since it does not discuss the interplay as between Rule 415 and Rule 404(b).

In *United States v. Hadley*, 918 F.2d 848 (9th Cir. 1990), another federal prosecution, again relied on the admissibility of prior bad act evidence to support motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). As the *Hadley* court observed, evidence is admissible under Rule 404(b) if: (1) sufficient proof exists for the jury to find that the defendant committed the prior act; (2) the prior act was not too remote in time; and (3) the prior act is introduced to prove a material issue in the case. If used to prove intent, the prior act must be similar to the offense charged. This analysis is wholly inapplicable here.

Plaintiff also cites to *Boyd v. City & County of San Francisco*, 576 F.3d 938 (9th Cir. 2009), but misinterprets its holding. At pages 944-945 of the decision, the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                                    13                  8:16-cv-01499 DOC (DFMx)
OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

1    Court undertook an analysis of the admissibility of the *decedent's* prior lawsuits

2    against officers to prove the defense of "suicide by cop" under Fed. R. Evid. 401

3    and 402, and did not suggest this entitled the decedent's family to "substantial

4    damages," but instead supported the fact the *decedent* was aware of the family might

5    receive such sums because of his experience in having previously filed lawsuits.

6    In *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999), a 10th Circuit

7    case, the Court decided the admissibility of evidence offered by seven employees of

8    the Choctaw Nation under Fed. R. Evid. 404(b) who intended to offer testimony

9    regarding alleged prior acts of sexual assault. Since it was a criminal matter, the

10   Court relied on the "common scheme" theory to introduce the evidence. In contrast,

11   there are two accusers in the case at bar, making the "common scheme" trope

12   unwieldy in this civil action. The *Roberts* decision therefore has little bearing on

13   case at bar.

14   In Plaintiff's discussion of punitive damages against Deputy Caropino,

15   Plaintiff relies on *Smith v. Wade*, 461 U.S. 30 (1983) to support the principles of

16   motive and intent. Plaintiff fails to consider that the Court on its own motion will

17   likely bifurcate the punitive damages aspect of the case from that of Caropino's

18   individual liability, making malice of little moment in the liability phases. More

19   specifically, while defendants disagree Plaintiff is able to assert a Fourth

20   Amendment claim in the first instance, malice is not an element of an excessive

21   force case, which is the argument on which Plaintiff appears to rely.

22   "In analyzing a § 1983 claim alleging excessive force during a seizure,

23   the court employs the Fourth Amendment's reasonableness standard.

24   *Graham v. Connor*, 490 U.S. 386, 394-95, 109 S. Ct. 1865, 104 L. Ed.

25   2d 443 (1989). To determine whether the force used to effectuate a

26   seizure was reasonable, the court balances 'the nature and quality of

27   the intrusion into the individual's Fourth Amendment interests against

28   the countervailing government interests at stake.' Id. at 396 (citations

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4810-4369-3899.1                    14                    8:16-cv-01499 DOC (DFMx)
OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 1

omitted). This analysis is necessarily fact-specific and requires consideration of the severity of the crime at issue, whether the suspect posed a threat to officers or others, and whether the suspect was actively resisting or fleeing. Id. The reasonableness of the officer's conduct is gauged by his perspective of the facts at the time of the incident, accounting for the fact that 'police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.' Id. at 397. **Nevertheless, the reasonableness inquiry remains an objective one, so that the officer's motivation or intent is not relevant.** Id."

*Gabales v. County of San Joaquin*, 2009 U.S. Dist. LEXIS 80754, 17-18 (E.D. Cal. Sept. 3, 2009) [emphasis added].

While Defendant does not necessarily disagree with the principal intent may be relevant to the question of malice, or, thus, with the holdings in *Smith v. Wade*, 461 U.S. 30 (1983) and *Dang v. Cross*, 422 F. 3rd 800 (9th Cir. 2005), Plaintiff has not sufficiently analyzed how the introduction of the evidence would impact the question of malice as to the County.[4]

Further, punitive damages cannot be assessed against a municipality. See, Gov. Code section 818.

## VII.   PLAINTIFF MUST PROVE HER CLAIMS ARE VALID *AB INITIO* BEFORE SHE CAN CLAIM PREJUDICE IF CERTAIN EVIDENCE IS NOT ADMITTED AT THE TIME OF TRIAL

From Defendant's perspective, Plaintiff has failed to adequately articulate a

---

[4] Plaintiff also cited to *Edwards v. Thomas*, 31 F. Supp. 2d 1069 (N.D. Ill. 1999), but the intent analysis under Section 404(b) involved assault and battery. See, *Edwards*, at p. 1074.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

claim under a *Monell* theory against the County. It does not appear to Defendant Plaintiff has corroborated particularized facts to anything other than general legal principles in the hopes something will "stick." It is therefore nearly impossible to analyze her prejudice argument, because it seems even she does not even know what theory she espouses against the County.

Once again, Plaintiff ignores this Court's Minute Order bifurcating individual from municipal liability, an analysis additionally integral to the prejudice argument. Plaintiff also fails to appreciate there are no vicarious liability principles applicable to the County,[5] and the prejudice which would redound to it as a result would be immeasurable, whether that evidence is admitted in either the First or Second Phases.

Plaintiff argument also appears to be based on the proposition Defendant will "call her a liar." (Motion: 19:19-20). From where this argument arises is a mystery to the defense, and to the extent the argument on prejudice is based on this fundamental misconstruction of facts, it must fail.

## VIII.  **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests the Court deny Plaintiffs' Motion *in Limine* No. 1 in its entirety.

---

[5] Defendants have addressed this issue in various other filed documents, but will generally point the Court and counsel to *Ashcroft v. Iqbal*, 556 U.S. 662, 663 and passim (2009).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    DATED: July 3, 2017                LEWIS BRISBOIS BISGAARD & SMITH LLP

2

3

4                                  By:    _/s/ Dawn M. Flores-Oster_
                                          Dana Alden Fox
5                                         Barry Hassenberg
                                          Dawn M. Flores-Oster
6                                         Attorneys for Defendant COUNTY OF
7                                         ORANGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF BARRY HASSENBERG</u>

I, Barry Hassenberg, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant, COUNTY OF ORANGE ("defendant.")   The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.      The evidence and argument at issue in this Motion is unduly prejudicial. If the jury were to consider the term rape when it need not be proven. The term itself is loaded, and unusually evocative. Indeed, proffer of the term at trial is likely to provoke an emotional response from the jury, and would prevent them from considering the actions were they are being asked to consider in the case at bar, which is whether the County promulgated an unconstitutional policy which was the moving force behind plaintiff's alleged assault.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on July 3, 2017, at Los Angeles, California.


　_/S/ Barry Hassenberg_____
BARRY HASSENBERG

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW