**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
 E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
 E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
 E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXA CURTIN,<br><br>       Plaintiff,<br><br>   vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>       Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DEFENDANT'S OPPOSITON TO PLAINTIFF'S *AMENDED* MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF HER SEXUAL HISTORY; DECLARATION OF BARRY HASSENBERG**<br><br>DATE:         July 24, 2017<br>TIME:         3:00 p.m.<br>CRTROOM:   10A Action Filed:<br><br>Action Filed: March 30, 2016<br>Trial Date:    August 1. 2017 |
|---|---|

Defendant COUNTY OF ORANGE ("Defendant") hereby provides its Opposition to Plaintiff's *Amended* Motion *in Limine* No. 2 to Exclude Any Evidence of Her Sexual History:

/ / /

/ / /

/ / /

/ / /

1  DATED: July 3, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

                                By:  /s/ Barry Hassenberg
                                    DANA ALDEN FOX
                                    BARRY HASSENBERG
                                    DAWN M. FLORES-OSTER
                                    Attorneys for Defendant COUNTY OF ORANGE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Amended Motion *in Limine* No. 2 seeks to exclude, pursuant to Federal Rules of Evidence, rules 401 through 403 and 412, "any evidence of her sexual behavior or sexual predisposition, including references to pornography." Plaintiff's motion is overly broad and unfounded and should be denied, particularly in view of her recently disclosed effort to be relieved of her Stipulation, and this Court's Order, in which she indicated she would claim nothing more than garden variety emotional distress and would not proffer expert testimony in support of such a claim.

## II. EVIDENCE OF PRIOR SEXUAL FANTASIES CONCERNING THE SAME CIRCUMSTANCES OF THE ALLEGED ASSAULT IN THE CASE AT BAR IS PROBATIVE ON THE ISSUE OF PLAINTIFF'S CONSENT TO THE SEXUAL CONDUCT OR WHETHER AN ASUALT OCCURRED IN THE FIRST INSTANCE

Rule 412 of the Federal Rules of Evidence prohibits use of the following evidence in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that any alleged victim engaged in other sexual behavior; and (2) evidence offered to prove any alleged victim's sexual predisposition. Fed.R.Evid. 412, subd. (a).

In civil cases, an exception applies. The exception allows the court to admit evidence "offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy." Fed.R. Evid., rule 412, subd. (b)(2).

The intent of the rule is to protect the alleged victim's right to privacy, and to prevent embarrassment and sexual stereotyping. Rule 412, Adv. Com's Note re: proposed 1994 amendments.

///



Plaintiff previously admitted to a desire to have sex with a police officer. This evidence is relevant and admissible in this case. Plaintiff and defendant Caropino offer two different versions of what occurred; plaintiff alleges a sexual assault while defendant Caropino alleges a consensual sexual encounter. At the time of the encounter, plaintiff knew defendant Caropino was a law enforcement officer. There are no other witnesses to the incident. The evidence of plaintiff's previous expression of her desire to have sex with a police officer is not offered for one of the purposes prohibited by FRE 412. It is not offered to prove her past sexual experiences. Rather, it is offered as probative on the issue of her consent to or welcoming of the sexual encounter at issue.

In *Wilson v. City of Des Moines,* 442 F.3d 637 (8th Cir. 2006), the victim's use of lewd, rude and unlady-like language at work was admitted over an FRE 412 objection. The evidence of the alleged victim's particular behavior in the workplace was viewed as probative of the welcomeness of her alleged workplace harasser's conduct. *Id.* at 643. Likewise, flirtatious behavior toward an accused harasser was deemed admissible to determine welcomeness of the alleged harassment in *Rodriguez-Hernandez v. Miranda-Velez,* 132 F.3d 848, 856 (1st Cir. 1998).

Admission of evidence of plaintiff's expressed desire to engage in sexual activity with a police officer is highly probative in this case, particularly where the primary issue is whether a sexual assault or a consensual act occurred and where there are no other witnesses, making credibility determinations particularly important. This evidence presents no danger of harm or unfair prejudice to plaintiff and should be admitted.

### III. **THE EVIDENCE OF PLAINTIFF'S STATED PREFERENCE FOR SEX WITH A COP IS RELEVANT UNDER FRE 401 AND SHOULD NOT BE EXCLUDED UNDER FRE 403**

Plaintiff's motion to exclude "any evidence of her sexual behavior or sexual predisposition, including references to pornography," is extraordinarily broad and

encompasses relevant evidence of high probative value. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed.Rules Evid. 401. The evidence of plaintiff's expressed desire to have sex with a police officer tends to make the fact the sexual encounter with defendant Caropino was consensual more probable; a fact that is essential to resolution of the claims made in this case.

Plaintiff has also made no showing the evidence should be excluded under Federal Rules of Evidence 403. The evidence is not offered as a "character attack" on plaintiff. It is limited in nature and poses no danger of misleading the jury. Plaintiff claims that "[e]vidence that has a sexual connotation is highly prejudicial," but this case is about a sexual encounter and centers on conflicting testimony about the consensual nature of that encounter. Thus, the mere fact the evidence has a "sexual connotation" does not make it "highly prejudicial." Indeed, all evidence introduced against a plaintiff might be said to be prejudicial if it tends to defeat the plaintiff's claims. But, such evidence may only be excluded if its prejudicial effect outweighs its probative value. Fed. R. Evid. 403; *United States v. LeMay,* 260 F.3d 1018, 1026 (9th Cir. 2001).

## IV. EVIDENCE REGARDING PLAINTIFF'S SEXUAL HISTORY MAY BE RELEVANT TO PLAINTIFF'S EMOTIONAL DISTRESS DAMAGES

Plaintiff seeks a broad exclusion of all evidence relating to her "sexual behavior or sexual predisposition." Plaintiff stipulated she would not seek damages for lost interest in sex, impaired ability to engage in sex, and/or to enjoy sexual activity, among other things. Should plaintiff nonetheless be permitted to seek damages for severe emotional distress or other damages related to her sexual health or enjoyment, evidence of plaintiff's participation in the adult entertainment industry is highly relevant to such damage claims. Thus, it would be error to grant the broad exclusion of all sexual history and sexual behavior evidence plaintiff now seeks.

More specifically, Plaintiff stipulated she would waive any and all claims for PTSD and severe emotional distress along with the loss of interest in sex, etc., and this Court's Order confirmed the Stipulation. See, Docket Nos. 21 and 36. Although Plaintiff voluntarily agreed her ability to engage in and enjoy sex was not diminished by the incident, she now, just a few weeks prior to trial, attempts to withdraw her agreement as set forth in the Stipulation and claims she has experienced PTSD and severe emotional distress, and that she apparently seeks to support that claim with expert testimony, a proposition which is also contrary to the Stipulation.[1] If successful, this would make her sexual behavior, both before and after the incident, highly relevant and admissible.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court deny Plaintiffs' Amended Motion *in Limine* No. 2 in its entirety.

DATED: July 3, 2017   LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Barry Hassenberg*
Dana Alden Fox
Barry Hassenberg
Dawn M. Flores-Oster
Attorneys for Defendant COUNTY OF ORANGE

---

[1] Defendant intends to vigorously oppose such an effort.

## DECLARATION OF BARRY HASSENBERG

I, Barry Hassenberg, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant, COUNTY OF ORANGE ("defendant.") The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. The evidence and argument at issue in this Motion is unduly prejudicial. If the jury were to consider the term rape when it need not be proven. The term itself is loaded, and unusually evocative. Indeed, proffer of the term at trial is likely to provoke an emotional response from the jury, and would prevent them from considering the actions were they are being asked to consider in the case at bar, which is whether the County promulgated an unconstitutional policy which was the moving force behind plaintiff's alleged assault.

3. As indicated, Plaintiff seeks relief from the Stipulation in which she limited her emotional distress to nothing more than garden variety emotional distress, and further agreed not to proffer expert testimony on the topic. She now seeks to be relived of that agreement. Plaintiff fails to particularize exactly what evidence she seeks to exclude, making opposition to this Motion nearly impossible. Further, since defendant does not yet know the outcome of the relief plaintiff seeks, defendant is further unable to determine how to oppose this Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4813-3696-7499.1

4. For those reasons, defendant respectfully requests this Court grant it the ability to more fully oppose this Motion as it becomes necessary.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on July 3, 2017, at Los Angeles, California.

      /S/ *Barry Hassenberg*
BARRY HASSENBERG