Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff, ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>             Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>             Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of Jeremy Jass and [Proposed] Order*]<br><br>**DATE:**   **July 31, 2017**<br>**TIME:**   **1:30 p.m.**<br>**DEPT.:**   **Courtroom 10A**<br><br>FSC:   July 24, 2017<br>Trial:   August 1, 2017 |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Alexa Curtin hereby applies for an Order Shortening Time for her Motion for Relief from Stipulation, which is set to be heard by this court on July 31, 2017. This Application is made and based upon the pleadings and papers on file herein, the Memorandum of Points and Authorities, and the Declaration of Jeremy Jass in support of this Application filed concurrently.

Pursuant to Local Rule 7-19, the contact information for Counsel for Defendant, County of Orange, is:

> Dana Alden Fox, Esq.
> Dana.Fox@lewisbrisbois.com
> Dawn M. Flores-Oster, Esq.
> Dawn.Flores-Oster@lewisbrisbois.com
> Barry Hassenberg, Esq.
> Barry.Hassenberg@lewisbrisbois.com
> **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
> 633 West 5th Street, Suite 4000
> Los Angeles, CA 90071
> Telephone: 213-250-1800
> Fax: 213-250-7900

The contact information for Deputy Caropino's Counsel is:

> Thomas R. Chapin, Esq.
> coronalaw@aol.com
> Law Office of Thomas R. Chapin
> 232 E. Grand Blvd., Suite 204
> Corona, CA 92882
> Telephone: 951-278-2919
> Fax: 951-278-2999

Dated: July 3, 2017                    JASS LAW

                                                       */s/ Jeremy D. Jass*
                                                     Jeremy D. Jass
                                                     *Attorney for Plaintiff,*
                                                     ALEXA CURTIN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

This case arises out of Defendant Deputy Caropino's brutal sexual assault and rape of Plaintiff, while acting under color of his authority.  As a result of this horrific event, Plaintiff now suffers from serious psychological injuries, including Post Traumatic Stress Disorder.  During her deposition, plaintiff shed light on the nature of the injuries that she experienced, explaining that "I don't like talking about it because I relive it and, like, I feel like the pain that I was in at that time and it was scared, and I'm scared that I'm going to run into him or he is going to find me, …" *See* Declaration of Jeremy D. Jass ["Jass Decl."], ¶ 2, Exhibit "A," (hereinafter "Plaintiff's Depo.,") at 20:4-13; see also 128:18-25.

As a result of her deposition, and a strong desire not to have to relive the experience of her rape by being subjected to yet more questioning concerning the harm she suffered, Plaintiff was reluctant to submit herself to a Federal Rule of Civil Procedure 35 Independent Medical Examination ("IME") regarding her psychological injuries.  Plaintiff stipulated to waive "extraordinary emotional distress damages" in order to avoid reliving her nightmare and having all aspects of her personal life dissected during her IME.  The stipulation was filed with the Court, and, thereafter, on February 10, 2017, the Court entered an Order on the Stipulation, finding that Plaintiff shall not seek damages for "post-traumatic stress disorder," as well as "unusually severe emotional distress," among other things not at issue in this motion. (Dkt. 36.)

Nevertheless, the circumstances of this case have significantly changed in the four months following the entry of this Court's order on the stipulation.  Pursuant to the Court's order compelling discovery, (Dkt 52), at the end of March and continuing through early June, Defendants finally produced significant discovery responsive to Plaintiff's discovery requests.  This discovery revealed the extent of the wrongdoing by the County and its role in condoning and indeed fostering an

3

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S
MOTION FOR RELIEF FROM STIPULATION

environment wherein Deputy Caropino was empowered to abuse his authority and rape Plaintiff. Moreover, this discovery also revealed that numerous other women had been victims of Deputy Caropino's sexual misconduct. Additionally, Deputy Caropino made a first appearance in this case, and began participating in discovery.

In the wake of these recent and significant developments, as well as with the association of additional counsel for Plaintiff, Plaintiff has come to the realization that she has the strength to stand up for the numerous victims of Deputy Caropino's sexual assaults and the County's complicity in this conduct, and is now willing to submit to an IME. Beginning on June 7, 2017, Plaintiff has repeatedly offered to the County to undergo an examination and advised the County that she would be seeking a change to the stipulation and order. The County has taken the position, however, that it will not conduct such discovery unless and until there is an order from this Court permitting Plaintiff to modify the stipulation in such a way.

As such, on July 3, 2017, Plaintiff filed her Motion for Relief from the Stipulation and Order so that she can pursue the full extent of the emotional distress damages she suffered as a result of the brutal rape by Deputy Caropino. Dkt. 117. Because the hearing on the Motion is currently set for July 31, 2017, less than one week before trial is set to begin on August 1, 2017, and in light of the County's position that it will not conduct the IME until the Court has reviewed this issue, Plaintiff now seeks an order from the Court shortening time to hear Plaintiff's Motion for Relief from Stipulation and Order. The relief sought is in an effort to address and minimize any prejudice the County may experience as a consequence of a change to the stipulation and order,

**II.    GOOD CAUSE EXISTS FOR GRANTING *EX PARTE* RELIEF**

Under Federal Rules of Civil Procedure, Rule 6, in general, a written notice and notice of a hearing on a motion must be served at least 14 days before the time specified for the hearing with the exception of when the motion may be heard ex parte, or when a court order—which a party may, for good cause, apply for ex

parte—sets a different time. Local Rule 7-19 permits Plaintiff to apply for *ex parte* relief, provided that the notice requirements are met, which Plaintiff has done here.

Good cause exists for an order shortening time to hear Plaintiff's Motion for Relief from the Stipulation Discovery and Admissibility of Plaintiff's Emotional Distress Damages that the parties filed on November 30, 2016 (Dkt 21), and upon which the Court issued an order on February 10, 2017. Specifically, the parties previously stipulated that Plaintiff waived her "extraordinary emotional distress damages" in order to avoid her reliving her nightmare and having all aspects of her personal life dissected during her independent medical examination.

As provided above, at the time Plaintiff entered into the stipulation she did not fully appreciate the horrifying scope and reprehensibility of Defendants County of Orange and Deputy Caropino's conduct. Since the stipulation was entered less than five months ago, the County was ordered to produce significant discovery revealing the extent of the wrongdoing by the County and its role in condoning and indeed fostering an environment wherein Deputy Caropino was empowered to abuse his authority and rape Plaintiff. The County only produced this evidence beginning in late March and through June. Additionally, Deputy Caropino made an appearance in this matter and began participating in discovery. In light of this newly revealed evidence, Deputy Caropino's participation in the lawsuit, and in light of the fact her actionable injury against these parties lies in the psychological harm she suffered, Plaintiff wants to have the opportunity to put on evidence of the entire psychological harm that she suffered.

Beginning on June 7, 2017, Plaintiff has repeatedly offered to the County to undergo an examination and advised the County that she would be seeking a change to the stipulation and order. However, the County has taken the position that it will not conduct such discovery unless and until there is an order from this Court permitting Plaintiff to modify the stipulation in such a way.

There is a significant risk that if the hearing on her Motion for Relief from

5

Stipulation is heard on July 31, 2017, only one day before trial, there would not be sufficient time for Plaintiff to submit to an IME, for the examining physician to review the findings and prepare a report, and for the parties to review the IME report and findings. Plaintiff has diligently and meaningfully fulfilled her discovery obligations and has not caused any delay in this matter.

Moreover, Defendants will suffer no prejudice with an earlier hearing date on the Motion. To the contrary, an order shortening time to hear the motion will provide Defendants enough time to locate an examiner, secure a date for the IME, and follow up with their expert subsequent to the IME. Indeed, Plaintiff has offered to accommodate a modified schedule in the exchange of expert reports and will do whatever else she can to lessen any alleged prejudice as deemed appropriate by the magistrate.

Because Plaintiff will be irreparably harmed and prejudiced if her Motion for Relief from Stipulation will not be heard at an earlier date, ex parte relief is appropriate.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant the *Ex Parte* Application for Order to Shorten Time For the Hearing on Plaintiff's Motion for Relief from Stipulation.

Dated:  July 3, 2017                             JASS LAW


                                                  __/s/ Jeremy D. Jass_____
                                                  Jeremy D. Jass
                                                  *Attorney for Plaintiff*,
                                                  ALEXA CURTIN

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION