Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email:  Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.:   (626) 535-9860
Fax:   (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.:   (424) 832-7677
Fax:   (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXA CURTIN,<br><br>                  Plaintiff,<br>   vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>                  Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE ANY OPINIONS OF JEFFREY NOBLE AND ROGER CLARK BASED ON POST-DEPOSITION REVIEW OF EVIDENCE**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6**

Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to Defendant's Motion *In Limine* No. 6 To Exclude Any Opinions Of Jeffrey Noble And Roger Clark Based On Postdeposition Review Of evidence.

DATED: July 3, 2017

**JASS LAW**

By: /s/ Jeremy D. Jass
Jeremy D. Jass, Esq.
Attorneys for Plaintiff
ALEXA CURTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant County of Orange ("County") seeks to exclude any testimony by Plaintiff's police practices experts Mr. Jeffrey Noble ("Noble") and Mr. Roger Clark ("Clark"), which are not in conformity with their reports or their deposition testimony.

**Defendant's motion should be <u>denied</u> on the following grounds:**

**(1)** Defendant has refused to produce all documents and information that are responsive to Plaintiff's Request for Production of Documents, Set No. 1 and Special Interrogatories, Set No. 1. This discovery is needed for Plaintiff to prove her claims under 42 U.S.C. § 1983 (individual) and 42 U.S.C. §1983 (municipal liability). Plaintiff is bringing a motion to compel and anticipates that the Court will order Defendant to produce responsive discovery.

**(2)** Logically, Mr. Noble and Mr. Clark cannot review discovery that has not yet been produced by Defendant. Therefore, any new opinions formed by Mr. Noble or Mr. Clark which are based on Defendant's belatedly produced discovery are admissible. New opinions based on Defendant's belatedly produced responses are reasonable and substantially justified and are not the result of any deliberate or malicious conduct on the part of Plaintiff.  FRCP Rule 37 (c)(1).

**(3)** Plaintiff will be unfairly prejudiced if the court excludes any new opinions formed by Mr. Noble or Mr. Clark which are based on discovery belatedly produced by Defendant.

## II.   BACKGROUND OF THE DISCOVERY DISPUTE

On or about October 6, 2016, Plaintiff propounded Request for Production of Documents, Set No. 1 and Interrogatories, Set No. 1. The discovery sought information and documents relating to the personnel file of Deputy Nicholas Lee Caropino, as well as internal affairs investigations and criminal investigations that would include sexual misconduct, sexual assaults, inappropriate sexual behavior

while on duty, unjustified searches and seizures, citizen complaints, and discipline imposed. After multiple extensions were granted to provide responses to the discovery, Plaintiff was forced to file a Joint Motion to Compel on February 21, 2017 (Dkt. No. 37). On March 13, 2017, this Court granted in part Plaintiff's Motion to Compel and ordered the County to produce discovery by March 27, 2017 (Dkt. No. 52). On March 27, 2017 the County produced some of the documents they were ordered to produce. On March 29, 2017, the County produced additional documents the Court ordered produced. On June 15, 2017, the County served Supplemental Responses to this first set of Discovery.

Through review of the compelled discovery, and from independent investigation that stemmed from information learned in reviewing the compelled discovery, Plaintiff has become aware of additional misconduct by Orange County Sheriff's Deputies and the Department itself that is relevant and critical to proving her claims, particularly *Monell* liability. Specifically, Plaintiff has found activity reports from the Office of Independent Review ("OIR") that references many instances of misconduct by the Orange County Sheriff's Department and their deputies from the period of April 2009 to March 2015.

In numerous OIR references it appears that deputies were not disciplined at all due to sham investigations that allowed the statute of limitations on discipline to run, and discipline for deputies as disproportionately low for the offenses committed particularly for offenses of dishonesty, deceit, failing to report misconduct, and lying. This additional discovery and evidence is essential in proving part of Plaintiff's *Monell* claim; that the OCSD fosters a culture of silence among deputies, where deputies are either not punished or under-punished for lying to protect themselves or for failing to report other problem deputies, and that when investigations into misconduct are conducted they essentially a sham investigation that is poorly conducted to protect the problem deputies and keep them in the field and exposing the public to continued constitutional violations.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6**

On May 12, 2017, Plaintiff propounded requests for production of documents to the County for documents related to the misconduct referenced in the OIR reports. On June 15, 2017, the County responded by failing to produce one single document, instead the County served 167 pages of the same objections they relied on in the first Motion to Compel.

The discovery is needed for Plaintiff to prove her claims under 42 U.S.C. § 1983 (individual) and 42 U.S.C. § 1983 (municipal liability). FRE 404(b), 415, 608(b); *See, e.g., Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989). Plaintiff has a good-faith belief that there is significant discovery on these issues.

Plaintiff has already agreed to a protective order in this matter. As the Court is aware trial is scheduled for trial August 1, with Pre-Trial Conference on July 24, 2017. Pursuant to Judge Wilson's Civil Trial Preparation Order, unresolved discovery disputes should be brought to the attention of his Court., (Dkt. No. 16). Plaintiff understands that there is a pressing need for resolution of these issues in light of the County's further refusal to provide a single document in response; and therefore anticipate notifying Judge Wilson of this discovery dispute should it not be resolved by July 11, 2017.

Plaintiff's police experts, Mr. Noble and Mr. Clark cannot review documents and information that have not yet been produced by the Defendant. Therefore, it is possible that their opinions may be amended or supplemented based on belatedly produced discovery by Defendant.

### III. ANY NEW OPINIONS FORMED BY MR. CLARK AND MR. NOBLE WHICH ARE BASED ON BELATEDLY PRODUCED DISCOVERY RESPONSES BY DEFENDANT ARE ADMISSIBLE

Defendant has refused to produce all documents and information that are responsive to Plaintiff's Request for Production of Documents, Set No. 1 and Special Interrogatories, Set No. 1. This discovery is needed for Plaintiff to prove

her claims under 42 U.S.C. § 1983 (individual) and 42 U.S.C. §1983 (municipal liability). Plaintiff is bringing a motion to compel and anticipates that the Court will order Defendant to produce responsive discovery.

Logically, Mr. Noble and Mr. Clark cannot review discovery that has not yet been produced by Defendant. Therefore, any new opinions formed by Mr. Noble or Mr. Clark which are based on Defendant's belatedly produced discovery, and which were not previously disclosed, are admissible. Such new opinions would be reasonable and substantially justified, and are not the result of any deliberate or malicious conduct on the part of Plaintiff.  FRCP Rule 37 (c)(1).

The Rutter Group Practice Guide on Federal Civil Procedure Before Trial (Calif. & 9th Cir. Editions) states that:

> "Factors relevant in determining whether the nondisclosure was "substantially justified" under FRCP 37(c)(1) should include: (1) whether the failure to disclose was willful or merely negligent; and (2) whether the nondisclosure resulted from factors beyond the control of the expert's proponent (e.g., *change of expert's opinion based on belatedly produced documents* or new developments in the expert's field)."

*D. Expert Witness Disclosure and Discovery,* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(II)-D

## IV. **PLAINTIFF WILL BE UNFAIRLY PREJUDICED IF THE COURT EXCLUDES ANY NEW OPINIONS FORMED BY MR. NOBLE OR MR. CLARK WHICH ARE BASED ON DISCOVERY BELATEDLY PRODUCED BY DEFENDANT**

Granting Defendant's motion would be tantamount to rewarding Defendant for stonewalling Plaintiff during discovery. The Court would be allowing Defendant to gain an unfair advantage at trial by allowing Defendant to withhold relevant evidence until the eve of trial, and then precluding Plaintiff's experts from providing any opinions based on that same belatedly produced discovery.

One of the fundamental purposes of discovery is to take the "game" element

out of trial preparation and "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Greyhound, Inc. v. Superior Court* (1961) 56 Cal.2d 355, 376.  The discovery statutes are designed to expedite the trial of civil matters by requiring counsel to quickly and thoroughly obtain the necessary evidence, quickly and effectively prepare for trial, and "set to rest" the issues not generally disputed. *Campain v. Safeway Stores, Inc.* (1972) 29 Cal.App.3d 362, 366.

This Court should deny Defendant's motion to prevent unfair prejudice to Plaintiff.

## V.   CONCLUSION

For the above reasons, Plaintiff requests that this Court deny Defendant's Motion *In Limine* No. 6.

DATED: July 3, 2017

**JASS LAW**

By:   /s/ Jeremy D. Jass
Jeremy D. Jass, Esq.
Attorneys for Plaintiff
ALEXA CURTIN