1  Jeremy D. Jass, Esq., SBN 279466
   **JASS LAW**
2  4510 E. Pacific Coast Hwy., Suite 400
3  Long Beach, CA 90804
   Tel: (562) 340.6299
4  Fax: (562) 340.6422
5  Email: Jeremy@jasslaw.com

6  Holly N. Boyer, Esq., SBN 221788
   **ESNER, CHANG & BOYER**
7  234 East Colorado Boulevard, Suite 975
8  Pasadena, CA 91101
   Tel.:  (626) 535-9860
9  Fax:   (626) 535-9859
10 Email: hboyer@ecbappeal.com

11 Daniel K. Balaban, Esq., SBN 243652
12 **BALABAN & SPIELBERGER, LLP**
   11999 San Vicente Boulevard, Suite 345
13 Los Angeles, CA 90049
14 Tel.:  (424) 832-7677
   Fax:   (424) 832-7702
15 Email: daniel@dbaslaw.com

16 Attorneys for
17 ALEXA CURTIN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXA CURTIN,<br><br>              Plaintiff,<br>    vs.<br><br>COUNTY OF ORANGE;<br>NICHOLAS LEE CAROPINO,<br>individually and as Deputy Sheriff<br>for the County of Orange; and DOES<br>1 through 50,<br><br>              Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE PORTIONS OF DEFENDANT NICHOLAS CAROPINO'S TERMINATION LETTER**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7**

Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to Defendant's Motion *In Limine* No. 7 To Exclude Portions Of Defendant Nicholas Caropino's Termination Letter.

DATED: July 3, 2017                             **JASS LAW**

                                        By:    /s/ Jeremy D. Jass
                                                          Jeremy D. Jass, Esq.
                                                          Attorneys for Plaintiff
                                                          ALEXA CURTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant County of Orange seeks to exclude portions of Defendant Caropino's Termination Letter. The County seeks to exclude such evidence on the bases that an admission of liability is irrelevant, is hearsay, and is prejudicial. The County's attempt to exclude such critical evidence falls short. As explained below, the statement that Caropino placed liability on the Department is relevant, is non-hearsay, and is not barred by FRE 403.

For several reasons, the County's motion should be denied.

## II. FACTUAL BACKGROUND AND EVIDENCE

February 28, 2014 an Arrestee filed a Government Claim against both Defendant Caropino and Defendant County of Orange for inappropriate sexual conduct and for violating her constitutional rights. June 28, 2014 Defendant Caropino raped plaintiff. It wasn't until August 18, 2015 that Defendant County of Orange finally terminated Caropino from his position as deputy sheriff. The termination was due in part to a finding by the County that, "[Caropino] placed liability on the Department due to [his] on-duty actions."

This statement is relevant as it tends to prove that the County ultimately concluded that it was liable for Caropino's actions in having inappropriate sexual contact with Arrestee. This is the crux of Plaintiff's *Monell* claim against the County, that is that the County had all the information to terminate or remove Caropino from the field as early as February 28, 2014, but due to its policies, practices and customs did not terminate or remove Caropino from the field until August 18, 2015 exposing Plaintiff and the public at large to Caropino's sexual perversions. These failures on the County's part reflect a deliberate indifference to the constitutional rights of Plaintiff and the citizens of Orange County.

Further, the statement is non-hearsay as a statement by opposing party, and its probative value is not outweighed by the danger of prejudicial effect,

confusion of the issues, misleading the jury, undue delay, waste of time, or presentation of cumulative evidence.

## III. THE LETTER IS RELEVANT

Evidence is relevant if: (a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FRE 401. (emphasis added).

As a result, relevancy is a fluid concept and typically presents a rather low barrier to admissibility. *Iacobucci v. Boulter* (1st Cir. 1999) 193 F3d 14, 20; *United States v. Leftenant*, supra, 341 F3d at 346 (need only be worth jury's consideration or have "plus value"); *Boyd v. City & County of San Francisco* (9th Cir. 2009) 576 F3d 938, 943 ("Evidence may be relevant even if it is redundant or cumulative, or if it relates to undisputed facts"); *Dortch v. Fowler* (6th Cir. 2009) 588 F3d 396, 400 ("standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence").

To impose liability on a government entity, a plaintiff must show that "the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 984 (9th Cir.2002) (quoting *Monell v. Dept. of Social Services of the City of N.Y.*, 436 U.S. 658, 694 (1978)). "Municipal liability under 1983 may be premised upon an officially promulgated policy, a single decision by an official with final decision making authority, a custom or persistent practice or a deliberately indifferent training or supervision." *Henderson v. City & Cnty. of San Francisco,* C05-234 VRW, 2006 WL 3507944 (N.D. Cal. Dec. 1, 2006); *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 984–85 (9th Cir.2002); see also 9th CIR. MODEL JURY INSTR. Nos. 9.4 [Monell claim based on "official policy" or widespread "practice and custom"], 9.5 [acts by final policymaker]; 9.6 [ratification by a final policymaker], 9.7 [failure to train or

1  supervise], 9.8 [failure to prevent violations of law].

2  The evidence in this case reveals an unwritten practice and policy within the County where deputies protect fellow deputies from investigation and consequences of their wrongdoing. The failures of the County to report misconduct by fellow officers and appropriately discipline officers that have committed misconduct resulted in a *de facto* policy permitting deputies to act with impunity in sexual misconduct against females. Further, the express policies of the County were woefully inadequate, failing to mandate reporting of misconduct, failing to promptly initiate internal investigations against deputies, failing to remove deputies from the field, and patently inept at preventing the very type of misconduct engaged in by Caropino.

The evidence of the County's ultimate statement of liability in terminating Caropino is admissible and relevant to support Plaintiff's *Monell* claim against the County. As will be explained by Plaintiff's police expert, the County was aware of Caropino's sexually deviant tendencies and yet failed to do anything in response for nearly a year and a half. The evidence reveals a well-settled, widespread practice or custom of protecting fellow deputies that engage in such misconduct and a complete failure by the County to appropriately discipline such deputies, or at the very least protect the public from such deputies by removing them from patrol.

The County, by admitting liability to the Arrestee, albeit late, for an incident eerily similar to that of Plaintiff establishes acknowledgment of the level of misconduct Caropino was engaged in and the ineptness of the County's polices protecting the public from such misconduct. For several reasons, the evidence is necessary and imperative at establishing the City's liability under *Monell*.

### IV. THE LETTER IS NON-HEARSAY

An out-of-court "statement … *offered against* an opposing party" may be admissible as non-hearsay. FRE 801(d)(2) (emphasis added). There is no requirement that the statement actually *admit* anything to be admissible by this rule.

The County's assertion that the statement in the letter is not an admission of liability, but merely a statement, is inapplicable. As stated above, the statement in the letter is relevant to Plaintiff's claims, and therefore is concerning an issue involved in the pendency of this action, is on a matter at issue in the case at bar, and is admissible.

## V. THE PROBATIVE VALUE OF THE STATEMENT OUTWEIGHS ANY PREJUDICIAL EFFECT

"The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403 (emphasis added). District courts have broad discretion in assessing admissibility under Rule 403. *Sprint/United Mgmt.Co. v. Mendelsohn* (2008) 552 US 379, 384. Relevant evidence may be excluded pursuant to FRE 403 *only* when its probative value is *substantially outweighed* by the risk of unfair prejudice (or one of the other specified risks). *Aycock v. R.J. Reynolds Tobacco Co.* (11th Cir. 2014) 769 F3d 1063, 1070-1072. Rule 403 creates a presumption of admissibility and balancing under Rule 403 should be struck in favor of admissibility. *United States v. Universal Rehabilitation Services (PA), Inc.* (3rd Cir. 2000) 205 F3d 657, 664–665; *Aycock v. R.J. Reynolds Tobacco Co.* (11th Cir. 2014) 769 F3d 1063, 1069. Consequently, when the probative value and the danger of prejudice, confusion, etc. are of relatively equal weight, the evidence should be admitted. See *Blancha v. Raymark Industries*(3rd Cir. 1992) 972 F2d 507, 516; see also *Udemba v. Nicoli* (1st Cir. 2001) 237 F3d 8, 15–16; *United States v. Lee* (7th Cir. 2009) 558 F3d 638, 647–648.

The County asks this Court to exclude the evidence as prejudicial. It is true that the Court has discretion to exclude evidence when the prejudicial impact of the evidence outweighs the probative value of it. *Old Chief v. U.S.*, 519 U.S. 172, 180–92, (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800–02,(1st Cir.

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7**

1995); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343,(3d Cir. 2002). In fact, Federal Rule of Evidence 403 specifically states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

However, under the relevant authority, evidence is not excludable merely because it is prejudicial; rather it should only be excluded when it is unfairly prejudicial. *U.S. v. Fulmer*, 108 F.3d 1486, 1500,(1st Cir. 1997) (all evidence offered by a party is intended to prejudice the other party, but evidence is only excludable when it creates a risk of unfair prejudice); *Daigle v. Maine Medical Center, Inc.*, 14 F.3d 684, 690–91,(1st Cir. 1994) ("All evidence is meant to be prejudicial; elsewise, the proponent would be unlikely to offer it. It is a necessary corollary of this conventional wisdom that evidence cannot be kept from the jury merely because it hurts a party's chances [citation omitted].

The element that triggers a need to exclude evidence under Rule 403 is not prejudice, but *unfair* prejudice." (Emphasis in opinion); *U.S. v. Williams*, 49 Fed. Appx. 420, 426 (4th Cir. 2002) (The appellate court noted that "exclusion of relevant evidence under Rule 403 is done sparingly as an 'extraordinary remedy'") (citations omitted) (unpublished decision); and *In re Air Crash Disaster*, 86 F.3d 498, 538,(6th Cir. 1996)("Rule 403 does not exclude evidence because it is strongly persuasive or compellingly relevant—the rule only applies when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account.").

In the present matter, Defendant's statement, while prejudicial to it, does not outweigh the probative value of its specific words to the consequential facts of the case, and should therefore not be excluded under Federal Rule of Evidence

403. The statement is relevant and highly probative as to the issues Plaintiff must prove, particularly her *Monell* claim; and any prejudice to Defendants will be minimal. Further, any confusion of the issues or timing problems in admitting the evidence will be minimal.

By contrast, Plaintiff will be unfairly prejudiced if the statement is not admitted. It is unfair to exclude admissions of liability, when the Plaintiff is burdened with proving just that, the Defendant's liability.

Since FRE 403 does not justify the preclusion of the requested evidence in this case, the evidence of Defendant's statement should not be excluded.

## VI.  CONCLUSION

For the above reasons, Plaintiff requests that this Court deny Defendant's Motion *In Limine* No. 7.

DATED: July 3, 2017  **JASS LAW**

By:  /s/ Jeremy D. Jass
Jeremy D. Jass, Esq.
Attorneys for Plaintiff
ALEXA CURTIN