Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email: Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.:   (626) 535-9860
Fax:   (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.:   (424) 832-7677
Fax:   (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                    Plaintiff,<br><br>       vs.<br><br>COUNTY OF ORANGE;<br>NICHOLAS LEE CAROPINO,<br>individually and as Deputy Sheriff<br>for the County of Orange; and DOES<br>1 through 50,<br><br>                    Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE ANY REFERENCE TO THE CRIMINAL MATTER OF THE PEOPLE OF THE STATE OF CALIFORNIA v. SCOTT DEKRAAI AND THE MATTER OF JOHN CHAMBERLAIN**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to Defendant's Motion *In Limine* No. 9 To Exclude Any Reference To The Criminal Matter Of The People Of The State Of California V. Scott Dekraai And The Matter Of John Chamberlain.


DATED: July 3, 2017                    **JASS LAW**

                                       By:    /s/ Jeremy D. Jass
                                              Jeremy D. Jass, Esq.
                                              Attorneys for Plaintiff
                                              ALEXA CURTIN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant County of Orange ("County") seeks to exclude any reference to (1) the criminal matter of *The People Of The State of California v. Scott Dekraai* and (2) the matter of John Chamberlain. Defendant claims these two matters are should be excluded because they are: (1) irrelevant; (2) impermissible character evidence; (3) hearsay; and (4) unduly prejudicial.

**Defendant's motion should be <u>denied</u> on the following grounds:**

**(1)** Brief reference to the findings made in the *Dekraii* matter and the Chamberlain Report should be permitted as the findings are relevant and tend to corroborate Plaintiff's allegation that the County has a well-settled, widespread practice or custom of protecting fellow deputies that engage in misconduct (a code of silence) and a complete failure by the County to appropriately discipline such deputies.

**(2)** The Chamberlain Report is also admissible under the public records hearsay exception of FRE Rule 803.

**(3)** Defendant's motion is speculative, overbroad, vague and ambiguous to the extent it seeks to exclude evidence of "other lawsuits, complaints, or the like." Therefore, the court should defer ruling on this portion of the motion until any objections, if any, are raised at trial to the introduction of *specific* evidence.

## II.   PLAINTIFF'S *MONELL* CLAIM

As part of her *Monell* claim, Plaintiff alleges that her injuries are a result of the County's well-settled, widespread practice or custom of protecting fellow deputies that engage in misconduct (a code of silence) and a complete failure by the County to appropriately discipline such deputies.

To impose liability on a government entity, a plaintiff must show that "the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose

1

1    edicts or acts may fairly be said to represent official policy.'"  *Ulrich v. City &*
2    *County of San Francisco*, 308 F.3d 968, 984 (9th Cir.2002) (quoting *Monell*, 436
3    U.S. at 694)).  "Municipal liability under 1983 may be premised upon an officially
4    promulgated policy, a single decision by an official with final decisionmaking
5    authority, a custom or persistent practice or a deliberately indifferent training or
6    supervision." *Henderson v. City & Cnty. of San Francisco*, C05-234 VRW, 2006
7    WL 3507944 (N.D. Cal. Dec. 1, 2006); *Ulrich v. City & County of San Francisco*,
8    308 F.3d 968, 984–85 (9th Cir.2002); see also 9th CIR. MODEL JURY INSTR.
9    Nos. 9.4 [*Monell* claim based on "official policy" or widespread "practice and
10   custom"], 9.5 [acts by final policymaker]; 9.6 [ratification by a final policymaker],
11   9.7 [failure to train or supervise].

12   The evidence in this case reveals an unwritten practice and policy within the
13   County where deputies protect fellow deputies from investigation and
14   consequences of their wrongdoing. The failures of the County to report misconduct
15   by fellow officers and appropriately discipline officers that have committed
16   misconduct resulted in a *de facto* policy permitting deputies to act with impunity
17   in sexual misconduct against females.  Further, the express policies of the County
18   were woefully inadequate, failing to mandate reporting of misconduct.

19   Acquiescence in a custom or practice that routinely disregards the
20   constitutional rights of citizens may *itself* be sufficient to establish a policy or
21   practice sufficient for *Monell* liability.  See *City of St. Louis v. Praprontik,* 485
22   U.S. 112, 130 (1988) (potential section 1983 liability "if a series of decisions by
23   subordinate official manifested a 'custom or usage' of which the supervisor must
24   have been aware"); *Oviatt by and through Waugh v. Pearce*, 954 F.2d 1470, 1477
25   (9th Cir. 1992) (policymaker's inaction in face of problem constituted policy for
26   purposes of section 1983 liability); see also *Grandstaff v. City of Borger*, 767 F.2d
27   161, 171 (5th Cir. 1985) (prior incidents of misconduct tend to prove a pattern or
28   custom and policymaker's accession to it).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9**

"The lack of appropriate discipline is evidence of custom." *Anthony, supra,* 898 F.Supp. at 1452; *Gillette v. Delmore,* 979 F.2d 1342, 1349 (9th Cir.1992), cert. denied, 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993).   A plaintiff may prove "the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." *Navarro*, at 714, citing *Gillette, supra,* 979 F.2d at 1348.  Once such a showing is made, a municipality may be liable for its custom "*irrespective of whether official policy-makers had actual knowledge of the practice at issue*."  *Navarro*, at 714-715, citing *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

It is established that a department's handling of a misconduct claim may be "highly probative" in proving the existence of a municipal policy or custom under Section 1983.  See *Henry v. County of Shasta*, 132 F3d 512, 519 (9th Cir. 1997). A "[p]olicy or custom may be *inferred* if officials took no steps to reprimand or discharge the [officers involved], or if they otherwise failed to admit the [officers'] conduct was in error." *Id.* (citing *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986)); see also *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991).

In *Henry,* the plaintiff's constitutional rights were violated after being stopped for a traffic violation.   The officers involved were not reprimanded and plaintiff also demonstrated that, after bringing suit, several other officers employed by the county similarly detained other traffic violators.  *Henry,* 132 F3d at 519. The Ninth Circuit concluded that when a municipality "turn[s] a blind eye to severe violations of inmates' constitutional rights-despite having received notice of such violations-a rational fact finder may properly infer the existence of a previous policy or custom of deliberate indifference." *Id.*, see also *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (holding that correctional department administrators may not take a "blind-eye" approach and that condoning unconstitutional acts by the failure to investigate or correct the repeated violations

constitutes a policy or custom under *Monell*.)

Plaintiff's police practice expert, Mr. Jeffrey Noble, was a police officer for 28 years and was a former Deputy Chief of Police with the Irvine Police Department. Mr. Noble is a highly experienced and respected expert in police practices and will testify that, amongst other things: (1) the failure of the Orange County Sherriff's Department's Internal Affairs to immediately investigate the prior allegations against Caropino and remove him from the field to protect the public was unreasonable and inconsistent with generally accepted police practices; (2) Deputy Caropino's sexual contact with Plaintiff was contrary to generally accepted police practices; (3) a reasonably police officer would know that they are acting under the color of their authority during all their contacts with Plaintiff under these circumstances, (4) the danger to Plaintiff that resulted in her being a victim of a sexual assault was created by the Orange County Sheriff's Department; (5) the Orange County Sheriff's department has a policy, practice and custom of failing to adequately address untruthful police officers; (6) that based on the reports from the Office of Independent Review, there are other cases where deputies may have been dishonest, engaged in the code of silence, or engaged in sexual misconduct and where their employment was not terminated.

Brief reference to the relevant findings in the *Dekraai* matter and the Chamberlain Report are relevant to Plaintiff's *Monell* claim against the County and should be permitted.

## III.   BRIEF REFERENCE TO THE RELEVANT FINDINGS IN THE SCOTT DEKRAAI MATTER SHOULD BE PERMITTED

Brief reference to the relevant findings made by the Court in the *Dekraii* matter should be permitted as the findings tend to corroborate Plaintiff's allegation that the County has a well-settled, widespread practice or custom of protecting fellow deputies that engage in misconduct (a code of silence) and a complete failure by the County to appropriately discipline such deputies.

The *Dekraii* matter confirms that Orange County Sheriff's Deputies were not only untruthful regarding an illegal informant operation (facilitated in part by a TRED record database), but that a deputy admitted in testimony that he was actually "trained" to deny the existence of the TRED records (to explain his prior "silence" on the issue). The County knew of the deputies' wrongful conduct and instead of terminating the deputies, they "trained" the deputies not to report their wrongdoing (to deny existence of the TRED records). Plaintiff only intends on briefly addressing this matter as further corroboration of her *Monell* claims.

## IV.   BRIEF REFERENCE TO THE RELEVANT FINDINGS IN THE CHAMBERLAIN REPORT SHOULD BE PERMITTED

In response to the death of John Chamberlain in 2006, the Orange County District Attorney's Office published a public investigative report ("Chamberlain Report"). Brief reference to the relevant findings made in the Chamberlain Report should be permitted because they are relevant to Plaintiff's *Monell* claims as they tend to corroborate Plaintiff's allegation that the County has a well-settled, widespread practice or custom of protecting fellow deputies that engage in misconduct (a code of silence).

The Chamberlain Report reveals that Orange County Sheriff's Department deputies rarely patrolled their assigned barracks, risking the safety and security of the barracks and inmates under their care. The report contains no evidence that any deputy ever reported this violation of policy or that any deputies were ever disciplined or terminated for such violation prior the death of John Chamberlain. As a result of the violation of policy (and the code of silence which prevented the violation from being corrected) inmates were able to beat Chamberlain to death, undetected, while deputies were watching TV. Plaintiff only intends on briefly addressing this matter as further corroboration of her *Monell* claims.

Furthermore, The Reports also come under the hearsay exception of FRE Rule 803:

"(8) Public records and reports.--Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

Moreover, each Report was authored by an Orange County employee. The so-called "Chamberlain Report" is in fact Orange County Office Of District Attorney. Investigative Report. From the 2007 Special Criminal Grand Jury Inquiry into the Death of John Derek Chamberlain, Tony Rackauckas, District Attorney, Orange County. California - April 2008.

## V.  DEFENDANT'S REQUEST TO EXCLUDE EVIDENCE OF "OTHER LAWSUITS, COMPLAINTS, OR THE LIKE" IS SPECULATIVE, VAGUE AND AMBIGUOUS AND SHOULD BE DENIED

Defendant's motion is speculative, overbroad, vague and ambiguous to the extent it seeks to exclude evidence of "other lawsuits, complaints, or the like." Defendant's motion does not indicate all the *specific* evidence it seeks to exclude. The purpose of a motion *in limine* is to preclude the presentation of *specific* evidence deemed to be inadmissible and prejudicial. *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 669. Absent identification of the specific "lawsuits, complaints or the like," that Defendant seeks to exclude, the court should defer ruling on this motion until and if any objections are raised at trial to the introduction of *specific* evidence.

## VI.  BRIEF REFERENCE TO THIS EVIDENCE WOULD NOT BE UNDULY PREJUDICIAL TO DEFENDANT, BUT THEIR EXCLUSION WOULD BE UNDULY PREJUDICIAL TO PLAINTIFF

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 9

Defendants will not be unfairly prejudiced if this evidence is admitted. All relevant evidence is prejudicial, particularly when it involves previous misconduct or untruthfulness. But Rule 403 "excludes only evidence where the prejudice is 'unfair' – that is based on something other than its persuasive weight." *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003). That is not the case here. Plaintiff will be *unfairly* prejudiced if the court grants Defendant's motion as she will be deprived of presenting key pieces of evidence to the jury pertaining to her claims against Defendants. Any undue prejudice to the Defendants can be avoided by this Court's limiting instruction to the jury, if such instruction ever becomes necessary.

## VII.   CONCLUSION

For the above reasons, Plaintiff requests that this Court deny Defendant's Motion *In Limine* No. 9.


DATED: July 3, 2017                    **JASS LAW**

                         By:   /s/ Jeremy D. Jass
                               Jeremy D. Jass, Esq.
                               Attorneys for Plaintiff
                               ALEXA CURTIN

---