Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email: Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.:  (626) 535-9860
Fax:  (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.:  (424) 832-7677
Fax:  (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN, <br><br> Plaintiff, <br> vs. <br><br> COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50, <br><br> Defendants. | Case No.: 8:16-CV-00591-SVW-PLA <br> The Hon. Stephen V. Wilson <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 10 TO EXCLUDE ANY SPECULATIVE ARGUMENT PLAINTIFF'S ALLEGED INCIDENT WOULD HAVE BEEN AVOIDED IF DEFENDANT NICHOLAS CAROPINO HAD IMMEDIATELY BEEN PLACED ON ADMINISTRATIVE LEAVE** <br><br> Pre-Trial Conference: July 24, 2017 <br> Trial Date: August 1, 2017 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10**

1  Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to Defendant's Motion *In Limine* No. 10 To Exclude Any Speculative Argument Plaintiff's Alleged Incident Would Have Been Avoided If Defendant Nicholas Caropino Had Immediately Been Placed on Administrative Leave.

DATED: July 3, 2017              **JASS LAW**

                          By:    /s/ Jeremy D. Jass
                                 Jeremy D. Jass, Esq.
                                 Attorneys for Plaintiff
                                 ALEXA CURTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Jane Doe #1 filed her government claim against the County and Nicholas Caropino on February 28, 2014, alleging Caropino sexually assaulted her while on duty. In essence, the same claim that Plaintiff brings now. Four months after Doe#1 filed her claim, Caropino raped Plaintiff. Caropino was not terminated until August 18, 2015.

In large part, Plaintiff's claim against the County is that the County had a policy, practice, or custom to ignore claims of misconduct against their deputies, inexplicably toll any investigation or administrative actions against said deputies, conduct sham investigations against deputies, and protect said deputies and leave them out in the field to further victimize members of the public. These policies, practices and customs were engaged in with a deliberate indifference to the constitutional rights of Plaintiff and the citizens of Orange County.

As part of proving her claim against the County, Plaintiff is required to prove causation and as such Plaintiff is entitled to show the jury that but for the County's policies, practices and customs she would not have been harmed by Caropino.

## II. PLAINTIFF'S INCIDENT WOULD HAVE BEEN AVOIDED IF DEFENDANT NICHOLAS CAROPINO HAD IMMEDIATELY BEEN PLACED ON ADMINISTRATIVE LEAVE

Indeed, it is disappointing to see the County engage in this victim blaming argument; claiming that if Plaintiff had her license; or if Plaintiff had been able to reach a friend or relative, the incident would not have occurred. Perhaps it is this lack of accountability that finds us embroiled in the litigation before the Court.

It is not speculative to say that had the County placed Caropino on leave immediately, Plaintiff would not have been raped. The County cloaked Caropino with authority, it gave him the tools to use force and restrict the freedom of member

of the public. The County is then put on notice that Caropino has committed a sexual assault against a member of the public, a claim which ultimately leads to Caropino's termination, albeit not for nearly a year and a half.

Plaintiff's expert will testify that the County's failure of the Internal Affairs to immediately investigate and allegations in the February 28, 2014 government claim and remove Caropino from the field to protect the public was unreasonable and inconsistent with generally accepted police practices. Plaintiff's expert will further testify that an employee should be placed on administrative leave when there is an allegation of misconduct that if sustained would result in the employee's termination and where there is some evidence that tends to corroborate the complainant's allegations. Finally, Plaintiff's expert will testify that had the County taken reasonable investigatory steps and obtained evidence that was in its possession, the county would have known in March 2014 that the allegations against Caropino were likely true, and he should have been taken out of the field then.

Logic and common sense dictate that had these reasonable steps been taken, Caropino would not have been working June 27, 2014, he would not have responded to Plaintiff's residence, he would not have met Plaintiff and he would not have had the opportunity to victimize her as he did. More than that, he would not have been cloaked by the County with the authority to detain, arrest, incarcerate, and use force against Plaintiff. Thus, the Count's failure to act appropriately and take Caropino out of patrol in March 2014 is the actual and proximate cause of Plaintiff's damages.

IV. **THE EXCLUSION OF THIS LOGICAL ARGUMENT WOULD BE UNDULY PREJUDICIAL TO PLAINTIFF**

Defendant's motion *in limine* to exclude any argument that plaintiff's incident would have been avoided had Caropino been placed on leave simply ignores the element of causation. Defendants will not be unfairly prejudiced if this evidence is admitted. All relevant evidence is prejudicial, particularly when it involves the failure to take a sexual predator off the streets and continuing to cloak

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10**

1  him with the authority and provide him the tools to carry out his assaults on the
2  community. Rule 403 "excludes only evidence where the prejudice is 'unfair' –
3  that is based on something other than its persuasive weight." *United States v.*
4  *Cruz-Garcia*, 344 f.3d 951, 956 (9th Cir. 2003). That is not the case here. Plaintiff
5  will be *unfairly* prejudiced if the court grants Defendant's motion as she will be
6  deprived of presenting key pieces of evidence to the jury pertaining to he claims
7  against Defendants. Any undue prejudice to the Defendants can be avoided by this
8  Court's limiting instruction to the jury, if such instruction ever becomes
9  necessary.

## VI.    CONCLUSION

For the above reasons, Plaintiff requests that this Court deny Defendant's Motion *In Limine* No. 10.

DATED: July 3, 2017                    **JASS LAW**

                                 By:    /s/ Jeremy D. Jass
                                        Jeremy D. Jass, Esq.
                                        Attorneys for Plaintiff
                                        ALEXA CURTIN

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 10**