Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email:  Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.:   (626) 535-9860
Fax:   (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.:   (424) 832-7677
Fax:   (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>  Plaintiff,<br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>  Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 11 TO EXCLUDE ANY REFERENCE TO INVESTIGATOR VIRGIL ASUNCION HAVING SOCIALIZED WITH NICHOLAS CAROPINO WHILE OFF-DUTY**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 11**

1  Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to
2  Defendant's Motion *In Limine* No. 11 To Exclude Any Reference to Investigator
3  Virgil Asuncion Having Socialized With Nicholas Caropino While Off-Duty.

4  DATED: July 3, 2017                **JASS LAW**

5                                      By:   /s/ Jeremy D. Jass
6                                            Jeremy D. Jass, Esq.
7                                            Attorneys for Plaintiff
                                              ALEXA CURTIN

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Sergeant Virgil Asuncion is the Internal Affairs investigator for the Caropino matter after the February 28, 2014 government claim was filed. That claim ultimately led to Caropino's termination in August of 2015.

At his deposition Asuncion testified that he had worked with Caropino at the Theo Lacy jail, and that at least a dozen times him and Caropino would grab a couple of beers after work. He testified that he called Caropino his friend and there was not protocol in the Orange County Sheriff's Department preventing Internal Affairs investigators from investigating allegations made against a friend of theirs.

This is important as it tends to show the lack of emphasis the County placed on such an important case, and it indicates a complete absence of concern for the constitutional rights of community members by having one of Caropino's buddies be the one investigating his misdeeds. Further, it establishes a bias on the part of Sergeant Asuncion that may have tainted the way he handled the investigation, and the way he testifies about the case.

## II.   THIS EVIDENCE IS RELEVANT AND ADMISSIBLE

A witness' bias or motive for testifying a certain way is always relevant. *Wilkerson v. Cain*, 233 F.3d 886, 890-92 (5th Cir. 2000). Indeed, "the partiality of a witness is subject to exploration at trial, and is *always relevant* as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

In the instant matter, Asuncion's testimony that Caropino was his friend that he worked with and would get beers with after work is relevant to discredit Asuncion and affect the weight of his testimony. More than that, it is this testimony that will further establish Plaintiff's *Monell* claim that Defendant County had a policy, practice or custom of failing to take allegations against deputies seriously, failing to

have fair, impartial and thorough investigations into those allegations, and failing to have ensure a neutral investigator handled the matter; and said policies, practices or customs were deliberately indifferent to Plaintiff's constitutional rights and ultimately led to her rape.

### IV. THE EXCLUSION OF THIS RELEVANT EVIDENCE WOULD BE UNDULY PREJUDICIAL TO PLAINTIFF

Defendant's motion *in limine* to exclude any reference to Virgil Asuncion having socialized with Nicholas Caropino simply ignores clearly established law. While a district court may impose reasonable limits on counsel's questioning into the potential bias of a witness to prevent "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that [would be] repetitive or only marginally relevant," *Olden v. Kentucky,* 488 U.S. 227, 232,(1988).; exposure of a witness' bias, motive or partiality is proper and always relevant. *Davis v. Alaska*, 415 U.S. 308, 316-317 (1974).

Defendants will not be unfairly prejudiced if this evidence is admitted. All relevant evidence is prejudicial, particularly when it involves the failure to take reasonable steps to ensure a neutral Internal Affairs investigator is handling the investigation of a deputy accused of rape. Rule 403 "excludes only evidence where the prejudice is 'unfair' – that is based on something other than its persuasive weight." *United States v. Cruz-Garcia*, 344 f.3d 951, 956 (9th Cir. 2003). That is not the case here. Plaintiff will be *unfairly* prejudiced if the court grants Defendant's motion as she will be deprived of presenting key pieces of evidence to the jury pertaining to the claims against Defendants. Any undue prejudice to the Defendants can be avoided by this Court's limiting instruction to the jury, if such instruction ever becomes necessary.

## VI. CONCLUSION

For the above reasons, Plaintiff requests that this Court deny Defendant's Motion *In Limine* No. 11.

DATED: July 3, 2017

**JASS LAW**

By:  /s/ Jeremy D. Jass
Jeremy D. Jass, Esq.
Attorneys for Plaintiff
ALEXA CURTIN