Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email: Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.: (626) 535-9860
Fax: (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.: (424) 832-7677
Fax: (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 12 TO EXCLUDE ANY REFERENCE TO RAPE**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 12**

1  Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to
2  Defendant's Motion *In Limine* No. 12 To Exclude Any Reference To Rape.
3
4  DATED: July 3, 2017                    **JASS LAW**
5
                                    By:   /s/ Jeremy D. Jass
6                                         Jeremy D. Jass, Esq.
7                                         Attorneys for Plaintiff
                                          ALEXA CURTIN
8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant County of Orange seeks to implement a rape victim's "Code of Silence" through its motion for a Court order preventing a rape victim from referring to her rape as a "rape." Citing no relevant authority, the County argues that Plaintiff should be forbidden by Court order from using the word "rape" to describe the conduct of her rapist (Caropino) "because that characterization of his conduct is both irrelevant and unnecessarily inflammatory and prejudicial." (Dkt. 108, 1:13-15). Defendant also seeks to prevent "any of Mr. Caropino's accusers" from using the word "rape" to describe what Mr. Caropino did to them as well. (Dkt. 108, 1:19-20).

Defendant's motion cannot be taken seriously, as a Plaintiff who alleges she was raped by a police officer has every right to use the word "rape" during trial. Defendant's motion must be denied in its entirety.

## II. MS. CURTIN WAS RAPED AND SHE CANNOT BE PRECLUDED FROM TELLING A JURY SHE WAS RAPED

In the early morning hours of June 27, 2017 sheriff's deputies, including Deputy Caropino, responded to dispute between Ms. Curtin and her husband. After investigating, the deputies concluded no crime had occurred, and the couple should part ways for the night. Then, Deputy Caropino placed Ms. Curtin in his patrol car and drover her to her car.

Once there, he got her out of the patrol vehicle and further detained her. He searched her purse, vehicle, and contents of the vehicle including luggage and clothing. He asked Ms. Curtin why the panties he found were wet. He then told her that she was not free to leave and that if she did leave, "She would be in a lot of trouble," and that he was going to return. Deputy Chapple (Caropino's partner) confirms that Ms. Curtin was told she could not drive her vehicle because she was under the influence and had a suspended license.

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 12**

1   Ms. Curtin followed Deputy Caropino's orders not to leave and waited in her car. After some time, Deputy Caropino returned and ordered Ms. Curtin to let him into her vehicle.  He then said to Ms. Curtin, "Since you are still here, I am going to fuck the shit out of you."  Deputy Caropino told Plaintiff, "Show me your pussy." Plaintiff was afraid and feared for her own safety, and she complied with all of Deputy Caropino's commands. Then Deputy Caropino groped Plaintiff's vagina and digitally penetrated her while commenting on her anatomy. Deputy Caropino then pulled his pants down and shoved Plaintiff's head down towards his genitals and forced her to orally copulate him despite her cries of pain.

Next, Deputy Caropino ordered Ms. Curtin to straddle him while he sat in the passenger seat of her vehicle. She was still in fear for her safety and knew that many in law enforcement carry guns, even when out of uniform, and complied with the Deputy Caropino's commands. While in this position, the Deputy Caropino forced sexual intercourse with Ms. Curtin. Before leaving, Deputy Caropino then pulled up his pants, and asked Plaintiff for her cellular phone number so he could text her and to do this again.  Still afraid, Plaintiff gave Deputy Caropino an incorrect phone number. Ms. Curtin was 21 years old at the time of the incident.

At least four other women were similarly victimized by Deputy Caropino during the year prior to the attack on Plaintiff, with one of the victims making a complaint against him with the County *months before* Caropino attacked Ms. Curtin. Mr. Caropino was eventually terminated by Defendant for his egregious misconduct.

### III. THE EXCLUSION OF THIS RELEVANT EVIDENCE WOULD BE UNFAIRLY PREJUDICIAL TO PLAINTIFF

Defendant's motion, which is at times unintelligible, argues that the term "rape" is irrelevant and unnecessarily inflammatory. Defendant's arguments consist of red herrings, logical leaps and attempts to splits hairs over semantics. For example, Defendant reasons that Plaintiff does not "have" to use the word "rape"

and points to the fact that Plaintiff's Complaint uses the word "sexual assault" instead of "rape." However, common-sense dictates that a "rape" is a form of "sexual assault" but that not all "sexual assaults" are "rapes."

Defendant claims the term "rape" should be precluded because Defendant denies that Plaintiff's Fourth and Fourteenth Amendment rights were violated. Defendant maintains that "plaintiff need not refer to Defendant Caropino's conduct as a 'rape' in order to prove a violation of her Fourth amendment rights." (Dkt. 108, 4:17-21). Defendant then contends that references to "rape" should be precluded because "rape" is not relevant to the question of damages.

None of these arguments preclude a rape victim from telling a jury she was "raped." To the extent Defendant disagrees with Plaintiff, Defendant will have a full and fair opportunity to cross-examine Plaintiff on this subject. There are certain kinds of prejudice which inhere naturally to the evidence, and which are not unfairly prejudicial as applied to a party merely because it damages their case. Plaintiff will testify that Caropino raped her. Defendant cannot avoid the damaging nature of this testimony by banning the term "rape," and attempting to do so will only confuse the jury. Defendants will not be unfairly prejudiced if this evidence is admitted. All relevant evidence is prejudicial, particularly when it involves rape. Rule 403 "excludes only evidence where the prejudice is 'unfair' – that is based on something other than its persuasive weight." *United States v. Cruz-Garcia*, 344 f.3d 951, 956 (9th Cir. 2003).

## CONCLUSION

For the above reasons, Plaintiff requests that this Court deny Defendant's Motion *In Limine* No. 12.

DATED: July 3, 2017

**JASS LAW**

By: /s/ Jeremy D. Jass
Jeremy D. Jass, Esq.
Attorneys for Plaintiff
ALEXA CURTIN