# EXHIBIT F

**From:** Daniel Balaban [mailto:daniel@dbaslaw.com]
**Sent:** Thursday, June 8, 2017 3:16 PM
**To:** Barry.Hassenberg@lewisbrisbois.com
**Cc:** Jeremy Jass (jeremy@jasslaw.com) <jeremy@jasslaw.com>; Holly Boyer <hboyer@ecbappeal.com>
**Subject:** Meet and Confer Re: Emotional Distress Stip and Order

Barry, as discussed yesterday we have had Ms. Curtin evaluated by a Neuropsychiatrist (Lester Zackler).  We plan to disclose Dr. Zackler and his report on June 30.  As I mentioned to you we believe his opinions would fall within the confines of the prior stipulation and order.  In summary, we believe he will opine that Ms. Curtin has suffered emotional distress and trauma from the sexual assault, not unusual from that of other rape victims.  However as I mentioned to you yesterday, in order to avoid any potential prejudice or even the appearance of prejudice, we are willing to immediately submit Ms. Curtin for a mental  exam with an expert of your choice. Additionally, as to this expert we are prepared to offer a staggered designation.  *i.e* allow you to offer your expert by way of a rebuttal disclosure on July 14.  That would give the County  5 weeks, to retain an expert, have Ms. Curtin examined and serve the rebuttal expert report.  Please let us know if this is acceptable.  If you do not agree we still intend to disclose  Dr. Zackler and out of an abundance of caution will move to Withdraw the Stipulation as it relates to "unusually severe emotional distress".   Best, Daniel

Daniel K. Balaban
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel:  424.832.7677
Fax:  424-832.7702

CONFIDENTIALITY NOTICE:

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message

**From:** Daniel Balaban [mailto:daniel@dbaslaw.com]
**Sent:** Tuesday, June 13, 2017 11:37 AM
**To:** Hassenberg, Barry <Barry.Hassenberg@lewisbrisbois.com>; Jeremy Jass (jeremy@jasslaw.com) <jeremy@jasslaw.com>
**Cc:** Flores-Oster, Dawn <Dawn.Flores-Oster@lewisbrisbois.com>; Holly Boyer <hboyer@ecbappeal.com>
**Subject:** RE: Curtin - Emotional Distress Damages

Barry, thanks for your note.  I went through the file based on your email and saw that your office deposed Dr. Yusim regarding the mental health and prescription drug issues you mention in your email.  The deposition of Dr. Yusim took place on December 2, 2016 – after the stipulation had been signed – and as such the county obviously understood that these issues were pending and relevant to the trial.

While it is unclear what further discovery you claim you need in this regard, as we previously noted, we would be happy to meet and confer with you on this to get you whatever information you need – including an IME of Plaintiff with Dr. Debra Cresswell, or another expert you select, and based on your schedule and availability.  To be clear we will be designating Dr. Zackler and may move to withdraw the "procedural" stipulation.  As such, I strongly suggest getting an IME on calendar  because as you point out, I think it is clear to all parties that the trial in this matter is approaching and will proceed on August 1.

Daniel K. Balaban
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel:  424.832.7677
Fax:  424-832.7702

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message

**From:** Hassenberg, Barry [mailto:Barry.Hassenberg@lewisbrisbois.com]
**Sent:** Monday, June 12, 2017 6:41 PM
**To:** Daniel Balaban; Jeremy Jass (jeremy@jasslaw.com)
**Cc:** Flores-Oster, Dawn; Hassenberg, Barry
**Subject:** Curtin - Emotional Distress Damages

Counsel,

In response to your email of today's date, we respond as follows.

On June 29, 2016, plaintiff filed a first amended complaint where she alleged severe emotional distress. See, paras. 25, 26 and 64.

On October 4, 2016, the deposition of plaintiff Alexa Curtin took place. In that deposition, plaintiff claimed she had been diagnosed with PTSD by Dr. Yusim, and that she believed she experienced "a lot of emotional damage," and that "men… are scum." She further indicated Dr. Yusim had prescribed her Xanax, and was considering administering an anti-depressant. See, Deposition of Alexa Curtin taken on October 4, 2016: 14:3-15; 19:6-11; 131:15-22; 141:20- 142:15.

On October 28, 2016, I directed the following email to Mr. Jass stating the following: "Jeremy – Alexa said in her deposition she was diagnosed with PTSD by Dr. Yusim, has been prescribed medication for it (although she has not taken it yet), and is awaiting authorization from her insurance company for a psychiatric exam. Under those circumstances, I'm not sure how you can say Ms. Curtin does not claim unusually severe emotional distress, nor has she sought treatment for that distress from a psychiatrist. [P] If we can stipulate to a waiver of all extraordinary emotional distress damages and agree not to retain an expert on this issue, perhaps the IME would not be necessary. [P] Let me know."

On November 1, 2016, defendants served a notice of mental examination with Dr. Debra Cresswell.

After an extensive meet and confer process, on November 30, 2016, the parties ultimately stipulated to the following:

1. Plaintiff waives and dismisses with prejudice any claim for loss of interest in sex, post-traumatic stress disorder, and the need for future mental healthcare, including but not limited to treatment from any psychiatrist, psychologist or other mental healthcare provider;
2. Plaintiff also waives and dismisses with prejudice any argument the allegations in the operative complaint caused bladder infections or other urological problems, or that the incident caused sex to be painful or impaired her ability to engage in sexual activity;
3. Plaintiff also waives and dismisses any claim for unusually severe emotional distress as distinguished from "garden-variety" emotional distress as that phrase is defined in *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D.Cal. 2003), *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), and *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D.Cal. 1995);
4. Plaintiff will not present any evidence, testimony or argument at trial, through her counsel or any witness, that she has lost interest in sex or suffered post-traumatic stress disorder, or that she may require mental healthcare treatment for injuries she purportedly sustained from the allegations in the operative complaint;
5. Plaintiff will not present any evidence, testimony or argument at trial, through her counsel or any witness, that she has experienced bladder infections or other urological disorders due to the allegations in the operative complaint, or that her ability to engage in sexual activity has been impaired in any way;
6. Plaintiff will not seek damages for loss of interest in sex, post-traumatic stress disorder, unusually severe emotional distress, the cost of future mental healthcare, bladder infections or other urological issues, painful sex or loss of ability to engage in and/or enjoy sexual activity; and
7. Plaintiff will not elicit any testimony at trial from any expert witness regarding emotional distress.

As a result of the Stipulation, the County took the examination by Dr. Creswell off-calendar, and refrained from conducting any additional discovery relative to her prior mental health conditions, including her prior drug use, panic attacks and reliance on anti-anxiety medication.

If I understand the argument correctly, you contend that whatever emotional distress Dr. Zackler opines is normally associated with a rape is admissible despite the clearly contrary intent of the Stipulation, and, in

particular, para. 7 of the Stipulation which reads: "Plaintiff will not elicit any testimony at trial from any expert witness regarding emotional distress."

In an effort to overcome the Stipulation, you intend to ask the Court to be relieved of it, despite the fact we are a few weeks away from filing trial documents and from trial.

Defendants do not agree with your assessment regarding the admissibility of Dr. Zackler's proposed testimony, and will vigorously oppose any effort by plaintiff to be relieved of the terms of the Stipulation.



**Barry Hassenberg**
**Partner**
Barry.Hassenberg@lewisbrisbois.com

**T: 213.580.3988  F: 213.250.7900**

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Jeremy Jass [mailto:jeremy@jasslaw.com]
**Sent:** Tuesday, June 20, 2017 6:14 PM
**To:** Hassenberg, Barry <Barry.Hassenberg@lewisbrisbois.com>; coronalaw@aol.com
**Cc:** 'daniel@dbaslaw.com' <daniel@dbaslaw.com>; Holly Boyer <hboyer@ecbappeal.com>; Shea Murphy <smurphy@ecbappeal.com>
**Subject:** Outstanding Discovery Issues

Counsel,

In light of the recent discovery responses – wherein *nothing* was produced in response to our numerous requests, as well as the upcoming trial date, we need to schedule a time for all counsel to meet and confer regarding the outstanding discovery issues.  Specifically, we need to meet and confer regarding (1) Deputy Caropino's failure to respond to any of the discovery propounded upon him (2) the County's recent responses to Plaintiff's second set of Requests for Production wherein the County failed to produce any new documents or information – and rather, the responses include the same boilerplate objections, references to the Court's May 14, 2017 Order compelling productions of documents, and references to documents previously produced and (3) the continuing dispute concerning the scope of the emotional distress damages viable at trial (while we have previously met and conferred on this issue, we are hoping to continue the discussion this week during our meet and confer).

Please get back to us with a date and time you are available this week (or perhaps easier to let us know when you are not available this week) - as quickly as possible so that we can meet and confer on these issues.

Because of the current time constraints and the delay in receiving any documents from the County, should we be unable to resolve this matter at the meet and confer, we intend to file out Joint Motion on these issues on Monday June 26, 2017.  As such, please prepare your portion of the motion with your authorities supporting your position now in the event the meet and confer is unsuccessful as we will need to incorporate your position in the motion that will be filed Monday June 26, 2017.

We look forward to your response.



**Jeremy D. Jass**
Attorney at Law
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
P: 562.340.6299
F: 562.340.6422
jeremy@jasslaw.com

CONFIDENTIALITY NOTICE: The information contained in this electronic message and any attachments to this message are privileged and confidential, and intended solely for the use of the individual or entity named above. This e-mail may contain confidential, private proprietary, or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of this communication is strictly PROHIBITED. If you have received this electronic message in error, please notify the sender and delete or destroy any copy of this message without reading it. Thank you.



Ryan D. Harvey<br>
633 West 5th Street, Suite 4000<br>
Los Angeles, California 90071<br>
Ryan.Harvey@lewisbrisbois.com<br>
Direct: 213.680.5119

June 22, 2017                                                           File No. 20893.189

**VIA ELECTRONIC MAIL ONLY**

Jeremy Jass, Esq.
4510 E. Pacific Coast Highway, Suite 400
Long Beach CA 90804
E-Mail: jeremy@jasslaw.com

      Re:    *Curtin v. County of Orange, et al.*
               USDC Case no. 16-cv-00591

Dear Mr. Jass:

      Barry Hassenberg forwarded me your June 20, 2017 e-mail requesting the parties meet-and-confer regarding three issues. As Mr. Hassenberg mentioned in his e-mail to you on June 21, 2017, we are available for a telephone conference at 1:30 p.m. on Friday, June 23, 2017. Assuming you and/or your co-counsel are available at that time, we have set up a conference call. The call-in number is 800-901-9721 and the passcode is 213-580-3988.

      Your June 20 e-mail includes a very brief discussion of the three issues you want to discuss during our conference. Following are my responses to the points you raise.

Issue 1 – Discovery Propounded to Nicholas Caropino

      This issue concerns discovery propounded to Defendant Caropino and not Defendant County of Orange (the "County"), so I presume you wish to discuss this issue with Mr. Caropino's counsel. To the extent this dispute may affect the County, however, I reserve the right to participate in the discussion. Please specify exactly which discovery requests Mr. Caropino has not answered and about which you are contemplating one or more discovery motions.

Issue 2 – Discovery Propounded to the County

      As stated above we are willing to meet-and-confer with you regarding this discovery dispute, although you have not specified exactly which discovery request(s) are at issue beyond stating the dispute concerns "Plaintiff's second set of Requests for Production…." That set of requests included 97 separate requests, but your e-mail does not state which ones are at issue or why. Initiating the meet-and-confer process requires much more specificity than this. The party seeking a discovery order must begin the meet-and-confer process by sending a letter which "shall

Jeremy Jass, Esq.
June 22, 2017
Page 2

identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought." L.R. 37-1. "[C]ounsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference." L.R. 37-1. Your e-mail requesting the conference does not comply with the foregoing requirements. It was served at 6:13 p.m. on a Tuesday night, and it asks that the conference be held within three (3) days. You have not complied with the foregoing requirements, yet you ask Mr. Hassenberg, contrary to the Local Rules, to draft the County's portion of a motion to compel which you expressly intend to file on June 26, 2017.

This is not the recognized or authorized method of presenting a discovery motion in this district, for several reasons. First, as stated above, the meet-and-confer process must be initiated in a specific way, which you have not complied with. Second, the meet-and-confer effort must precede the filing of the motion, but you demand the County provide its portion of the motion before we have even met-and-conferred. Third, your request for the County's portion of the motion violates the established procedure for drafting the motion. If the parties are unable to resolve the dispute *after* meeting-and-conferring, the moving party must "personally deliver, e-mail, or fax to counsel for the opposing party the moving party's portion of the joint stipulation, together with all declarations and exhibits to be offered in support of the moving party's position." L.R. 37-2.2. Counsel for the opposing party then has seven (7) days, unless the parties agree otherwise, to deliver the opposing party's portion of the joint stipulation. L.R. 37-2.2. Once counsel for the moving party receives the opposing party's portion, counsel for the moving party must add that material to the joint stipulation and send it to counsel for the opposing party, "who shall sign it (electronically or otherwise) and return it to counsel for the moving party no later than the end of the next business day…." L.R. 37-2.2. "The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." L.R. 37-4.

While we are willing to meet-and-confer with you and/or your co-counsel, I am not aware of any authority that would require me the County to prepare its portion of a joint stipulation for a discovery motion *before* we have met-and-conferred and where the moving party did not properly commence the meet-and-confer process and has not yet delivered her portion of the joint stipulation. If you are aware of any such authority please provide it to me. If you file a unilateral discovery motion with the Court on Monday, June 26, the County will oppose the substance of the motion and will request sanctions for your disregard of the foregoing rules.

Because your June 20 e-mail refers to Plaintiff's "numerous discovery requests" and unspecified "outstanding discovery issues," I will respond to your May 12, 2017 letter in which you accuse the County of "faili[ing] to include all of the responsive materials and information that was required" by the Court's March 13, 2017 Order [Dkt # 52 (the "Order")] on Plaintiff's motion regarding her First Set of Requests for Production. Your letter suggests two grounds on which the County purportedly has not complied with that Order. First, you claim additional documents regarding prior allegations against Orange County Sheriff's deputies should have been produced per the Order. Second, you assert the County has failed to provide a declaration attesting to the

Jeremy Jass, Esq.
June 22, 2017
Page 3

accuracy of the County's representation that no additional responsive documents exist. I disagree with both of your assertions for the reasons set forth below.

With regard to your first assertion, I refer you to the Order itself wherein the Court narrowed the scope of documents the County was to produce. Specifically, the Court determined Plaintiff's request for information about *any* complaints and investigations into sexual misconduct for *all* OCSD personnel was not proportional to the needs of the case. Order, 8:7-9. The Court further determined the information sought fails to limit the scope of the discovery to only incidents of misconduct involving peace officers and is not limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. Order, 8:9-12. The Court narrowed the scope of information sought to include complaints or allegations of sexual misconduct similar to the claim brought in the instant suit between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Order, 8:13-18. In compliance with that Order and within the parameters of the Court's narrowed scope, the County produced over 800 pages of documents. With regard to your assertion that documents pertaining to a prior allegation of a deputy grabbing an inmate by the testicles should have been produced, we again refer you to the Order and its narrowed scope. The particular allegation you reference did not occur within the last five years. Indeed, the deputy was interviewed regarding this allegation on April 1, 2011. See Bates no. 002589, paragraph 4. Accordingly, the County was not required to produce any documents regarding this allegation per the Order.  To the extent you believe additional documents exist which were not already produced and fall within the parameters of the Court's narrowed scope in its Order, please identify the date of the allegation, the deputy involved, and the specific allegation set forth by the complainant.

With regard to your second assertion that the County failed to provide a declaration attesting to the accuracy of its representation that no additional responsive documents exist, please note the Order specifically states the County is to provide a Declaration to Plaintiff if no additional responsive documents exist in response to Request for Production Nos. 3, 4, and 5. Order, 9:19-22. The County served supplemental responses and produced additional responsive documents to Request for Production Nos. 3, 4, and 5. Specifically, the County produced Bates nos. 000567-000702, 000717-000774, 000779-000794, and 002133-002150. Accordingly, the County was not required to provide a Declaration, since additional documents responsive to Request Nos. 3, 4, and 5 were produced. To the extent you believe the Court ordered the County to provide a Declaration regarding any other request, please provide the page and line number in the Order where the Court ordered the County to do so.

Issue 3 – Emotional Distress Damages

Your June 20 e-mail states "we have previously met and conferred on this issue" and you are "hoping to continue the discussion this week…." There is nothing further to discuss. Plaintiff wants to vacate a Stipulation she previously agreed to, which was reduced to an Order signed by the Court, and upon which the County relied. The County will not agree to any revision of that Stipulation or the resulting Order. Plaintiff may not renege on her agreement at this late date.

Jeremy Jass, Esq.
June 22, 2017
Page 4

### Conclusion

I will assume you and/or your co-counsel are available for a conference call at 1:30 p.m. on Friday, June 23, 2017, unless I hear otherwise.

    Very truly yours,

    */s/ Ryan D. Harvey*

    Ryan D. Harvey of
    LEWIS BRISBOIS BISGAARD & SMITH LLP

RDH:lm

cc:    Daniel K. Balaban, Esq. (via e-mail only)
        Thomas Chapin, Esq. (via e-mail only)
        Holly N. Boyer, Esq. (via e-mail only)
        Shea S. Murphy, Esq. (via e-mail only)

**From:** Jeremy Jass [mailto:jeremy@jasslaw.com]
**Sent:** Friday, June 23, 2017 8:30 PM
**To:** Hassenberg, Barry <Barry.Hassenberg@lewisbrisbois.com>; Flores-Oster, Dawn <Dawn.Flores-Oster@lewisbrisbois.com>; Harvey, Ryan <Ryan.Harvey@lewisbrisbois.com>; Summers, Kellian <Kellian.Summers@lewisbrisbois.com>; 'coronalaw@aol.com' <coronalaw@aol.com>; 'daniel@dbaslaw.com' <daniel@dbaslaw.com>; Holly Boyer <hboyer@ecbappeal.com>; Shea Murphy <smurphy@ecbappeal.com>
**Subject:** Curtin v. County of Orange, et al., Recap of Meet and Confer Today

Hello Counsel,

This letter follows up on the meet and confer conference call that was held this afternoon, Friday June 23, 2017. Per our conversation, you began by stating that you would be making Deputy Dwayne Chappel and Assistant Sheriff Kea available for deposition on this upcoming Tuesday, June 27, 2017. You also stated you would make Investigator Vogel available for deposition on Wednesday, June 28, 2017.

Thereafter, we discussed the discovery that Plaintiff propounded on the County on May 12, 2017, and the County's responses to that discovery. Specifically, we pointed out that the County failed to produce anything in response to Plaintiff's discovery requests, but, rather, asserted virtually identical objections to those the County asserted to Plaintiff's previous discovery. I pointed out that these objections had been addressed by both Magistrate Abrams, and that Judge Abrams had rejected these objections and had issued an order compelling discovery. As such, I told that you Plaintiff would not be agreeing to these objections, and would be seeking a motion to compel responses from the County.

You also took issue with what you asserted was our failure to give you "your ten days" after meet and confer. It was then clarified that the ten days applied to conducting the meet and confer, and that the rule is that you have up to 7 days to provide your portion of the Joint Motion after receiving ours. I asked that you provide us your portions by Monday so that we can file by that date. You indicated that you could not agree to anything until you saw our portion of the Motion, I informed you that our legal authorities are nearly identical to our previous Joint Motion to Compel, and that likely your portion of the motion could mirror your portion of the previous Joint Motion as many of the objections and arguments are identical. I agreed to send you a draft of our portion of the Joint Motion as soon as I could, and did send it to you this afternoon after the meet and confer.

We next discussed the additional Motions *in Limine* that the County would be filing. As we discussed, Plaintiff will not be agreeing to the additional Motions *in Limine* you outlined in your June 21, 2017

letter. Specifically, the MILs Nos. 5, 9, 11 and 13 all concern evidence relevant and necessary to demonstrate the *Monell* claim. As revealed in the expert report of Jeff Noble, Plaintiff's police practice expert, which Plaintiff produced to you as part of the mediation, the County's policy re IA investigations and its mishandling of IA investigations is precisely one of the theories of *Monell* being alleged. The evidence sought to be excluded by the County, including the "misconduct" and "IA investigations" of Deputy Caropino as well as Chapple, Eiben and Mathis is entirely unwarranted as such evidence proves *Monell* liability.

Likewise, Plaintiff will not agree to exclude any reference to "rape" – and instead refer to it as "unwarranted sexual contact" as requested in your MIL 12. The County cannot change the facts that happened in this case – and Plaintiff will not agree to mask the horrific ordeal she suffered simply because it may sound prejudicial to the County.

With respect to the County's MIL no. 10 to exclude "speculative argument plaintiff's injuries would have been avoided if Caropino had been placed on Administrative leave," the County's position that such evidence is "irrelevant" is perplexing to say the least. It is absolutely because of the County's inept and unlawful policies and practices concerning IA investigations that Caropino was permitted to continue his position as an officer and patrol the streets, that he was able to meet Plaintiff and use his authority as an officer to rape her. Such evidence demonstrates causation and is in no way "irrelevant" or "speculative."

Also misplaced is MIL No. 6 to exclude post deposition opinions of Noble and Clark. As you point out in your meet and confer, the depositions have not yet been taken and thus the motion is premature. Further, your refusal to produce any documents in response to Plaintiff's second set of request for production of documents, documents which concern the *Monell* theories, are necessary for the expert's review and testimony at trial. When those documents are produced, the experts are entitled to supplement their opinions based on the information revealed.

The MIL No. 8, concerning the motion to exclude testimony from Dr. Zackler, is also not something Plaintiff will be willing to agree to as it is our position that his testimony is relevant and necessary for trial and does not violate the court's order. As discussed in the meet and confer, Plaintiff will be presenting the issue of the stipulation and order re emotional distress before the magistrate. In the meantime, and as we have repeatedly told you, we will provide you with whatever information you need for trial in this regard – including an IME of Plaintiff with Dr. Debra Cresswell, or another expert you select, and based on your schedule and availability.

We next discussed the two additional motions *in limine* that Plaintiff was intending to file. I indicated that Plaintiff wants to exclude any references to the Housewives of Orange County television show, or her or her family's participation therein. Additionally, I indicated that Plaintiff wants to exclude any references to pre-incident videos in which she mentions or discusses any sexual fantasies, including sexual fantasies or sexual history involving police officers. To both of these, you responded by stating that you would "look into it." I respectfully understood this to mean that the County will not be agreeing to exclude such evidence.

We next discussed Plaintiff's desire to modify or withdraw the stipulation and the court order based

on that stipulation entered into on November 30, 2016 and you stated that the County would not agree to withdraw or modify either the stipulation or the order based on that stipulation. As counsel for Plaintiff has previously indicated to you, I again stated that Plaintiff is prepared to submit to an independent medical examination to be arranged at the County's earliest convenience. Nevertheless, you stated that you would be awaiting a ruling by the District Court. While I understand your position to be that you will not seek an independent medical examination until such a time as the District Court modifies or withdraws the stipulation and order based thereon, I would again urge you to conduct the IME at your earliest convenience, and we will accommodate your schedule.

Finally, I stated that Plaintiff was intending to file a motion for partial summary judgment on the issue that Caropino was acting under color of authority at the time of the rape and mistreatment of Plaintiff. You responded that that County did not believe that a motion could be brought at this time, and that it could not be set for hearing in such a way as to provide 28 days for the County to Respond.  I respectfully disagreed and explained that the proper notice period would be provided.  I understand your response to mean that you would not agree that there were no genuine questions of material fact that Caropino's actions towards Plaintiff on the night of June 27, 2014 were under the color of his authority as a sheriff's deputy of the Orange County Sherriff's department, but of course if you would like to continue to meet and confer on this issue please let us know.

Thank you to everyone who made themselves available to meet and confer on the issues above today.



**Jeremy D. Jass**
Attorney at Law
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
P: 562.340.6299
F: 562.340.6422
jeremy@jasslaw.com

CONFIDENTIALITY NOTICE: The information contained in this electronic message and any attachments to this message are privileged and confidential, and intended solely for the use of the individual or entity named above. This e-mail may contain confidential, private proprietary, or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of this communication is strictly PROHIBITED. If you have received this electronic message in error, please notify the sender and delete or destroy any copy of this message without reading it. Thank you.