1  Holly N. Boyer, SBN 221788
2      *hboyer@ecbappeal.com*
   Shea S. Murphy, SBN 255554
3      *smurphy@ecbappeal.com*
4  ESNER, CHANG & BOYER
   234 E. Colorado Blvd., Ste. 975
5  Pasadena, CA  91101
6  Telephone: (626) 535-9860
   Facsimile: (626) 535-9859
7
8  Attorneys for Plaintiff, ALEXA CURTIN
9

10              **UNITED STATES DISTRICT COURT**
11             **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13 ALEXA CURTIN, | Case No.: 8:16-CV-00591-SVW-PLA |
| 14 | |
| Plaintiff, | Assigned to Hon. Stephen V. Wilson |
| 15 | |
| 16 vs. | **PLAINTIFF ALEXA CURTIN'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |
| 17 | |
| 18 COUNTY OF ORANGE; NICHOLAS | |
| 19 LEE CAROPINO, individually and as | |
| Deputy Sheriff for the County of Orange; | [*Filed concurrently with Declaration of Holly N. Boyer; Redacted Version of Document Proposed to be Filed Under Seal; Unredacted Version of Document Proposed to be Filed Under Seal; and [Proposed] Order re: Application for Leave to File Under Seal*] |
| 20 and DOES 1 through 50, | |
| 21 | |
| 22 | |
| Defendants. | |
| 23 | |
| 24 | **DATE:      July 31, 2017** |
| | **TIME:      1:30 p.m.** |
| 25 | **DEPT.:     Courtroom 10A** |
| 26 | |
| | FSC:        July 24, 2017 |
| 27 | Trial:      August 1, 2017 |
| 28 | |

1

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

1  Pursuant to Local Rule 79-5, Plaintiff Alexa Curtin ("Plaintiff") submits her

2  Application to File Documents Under Seal [Appl. To File Under Seal ("Seal

3  App.")] in conjunction with her Motion for Summary Adjudication.   This

4  Application is based on the concurrently filed Declaration of Holly N. Boyer and

5  the redacted and unredacted documents proposed to be filed under seal.

6  **I.      INTRODUCTION**

7  Plaintiff seeks to file these documents under seal out of an abundance of

8  caution, i.e., in an effort to comply with the Stipulated Protective Order (Dkt 35),

9  only insofar as the documents and/or information designated as "confidential" by

10  Defendant County of Orange, produced in response to Plaintiff's initial written

11  discovery requests and following her Motion to Compel, are in fact confidential and

12  appropriate for sealing.  *See* Declaration of Holly N. Boyer ("Boyer Decl."), ¶¶ 2-

13  12.   As explained below, it is Plaintiff's contention that most of the documents

14  designated as confidential by the County are *not* in fact confidential, and rather may

15  be filed without being sealed.   Indeed, the County's blanket assertion of *all*

16  *documents* produced as being confidential reveals the inauthenticity of such a

17  designation.   Despite language in the protective order stating that the designating

18  party must "designate for protection only those parts of material, documents, items,

19  or oral or written communications that qualify so that other portions of the material,

20  documents, items, or communications for which protection is not warranted are not

21  swept unjustifiably within the ambit of this Order" (Dkt. 35, at 5), this is precisely

22  what the County had done.

23  With the exception of the identify of witnesses or other victims of Deputy

24  Caropino and other officers within the Orange County Sheriff's Department,

25  Plaintiff respectfully requests that the Court not permit the wholesale sealing of

26  these documents.   Only those documents revealing the names and identifies of

27  witnesses should be sealed, or redacted, for filing.

28  Plaintiff requests that should any procedural deficiencies or defects exist

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

1    concerning this application to file under seal and the application be rejected, that

2    the redacted version of her Motion for Partial Summary Judgment be considered

3    without reference to the redacted material and deemed filed as of today, July 3,

4    2017.  As explained in the Motion for Partial Summary Judgment, it is Plaintiff's

5    position that even setting aside the documents and evidence deemed confidential by

6    the County, the non-confidential evidence is sufficient to warrant partial summary

7    judgment.

8    **II.    LEGAL STANDARD FOR FILING DOCUMENTS UNDER SEAL**

9           While courts customarily allow the parties to establish ground rules for

10   designating material as confidential for discovery purposes, the Court does not cede

11   to them ultimate authority or responsibility over the sealing of documents.  The

12   public has a "general right to inspect and copy public records and documents,

13   including judicial records and documents" because it has an interest in "keep[ing]

14   a watchful eye on the workings of public agencies."  *Nixon v. Warner Commc'ns,*

15   *Inc.,* 435 U.S. 589, 597-598 (1978).  A "strong presumption of access to judicial

16   records applies fully to dispositive pleadings, including motions for summary

17   judgment and related attachments."  *Kamakana v. City and County of Honolulu*,

18   447 F.3d 1172, 1179 (9th Cir. 2006).  "Thus, 'compelling reasons' must be shown

19   to seal judicial records attached to a dispositive motion."  *Id.*

20          Under this standard, this Court "must weigh 'relevant factors,' base its

21   decision 'on a compelling reason,' and 'articulate the factual basis for its ruling,

22   without relying on hypothesis or conjecture.'"  *Pintos v. Pac. Creditors Ass'n*, 605

23   F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434

24   (9th Cir. 1995)).  "Relevant factors include the public interest in understanding the

25   judicial process and whether disclosure of the material could result in improper use

26   of the material for scandalous or libelous purposes or infringement upon trade

27   secrets."  *Id.* at 679 n.6 (internal quotations and citation omitted).  In contrast, non-

28   dispositive motions and related records may be sealed so long as the party wishing

1   to seal the documents can show "good cause."  *Id.* at 678.  This standard imposes a

2   lower burden on the party wishing to seal than does the "compelling reasons"

3   standard.  *Id.*

4         Here, Plaintiff seeks to comply with the Court-approved Stipulated Protective

5   Order and fulfill her discovery obligations, and therefore requests that certain

6   documents supporting her Motion for Summary Adjudication should be filed under

7   seal, but only insofar as the Court both deems those documents are covered by the

8   Stipulated Protective Order and finds that they are in fact confidential and suitable

9   for sealing.

10        The County has designated nearly every deposition of a County employee as

11  confidential.  Yet, these depositions do not warrant such blanket confidentiality.

12  Likewise, while some documents revealing the identity of witnesses or victims may

13  be entitled to be deemed confidential, or names redacted, the entire files should not

14  be so designated.  The mere fact that any of these documents may be stamped

15  "confidential" does not make it confidential.  At the time Plaintiff stipulated to the

16  Protective Order, Plaintiff was not aware of the documents Defendants would agree

17  to produce.   After such documents were in fact produced, it appears that

18  Defendants' designations of certain documents as "confidential" are overbroad; a

19  large percentage of the documents produced are not actually confidential.  Further,

20  no compelling reason exists to overcome the strong presumption of public access

21  to judicial records.

22        Because Plaintiff's Motion for Partial Summary Judgment is a dispositive

23  motion, a compelling reason for sealing the documents must be shown.  This is not

24  the case where disclosure of the Defendants' documents, such as the deposition

25  transcript or investigation reports from the Internal Affairs Department will result

26  in improper use of the material for scandalous purposes, or infringement upon trade

27  secrets. *See Pintos v. Pac. Creditors Ass'n*, *supra*, 605 F.3d at 679.  To the contrary,

28  disclosure of those documents actually serve a strong public interest in transparency

4

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

1 of government conduct.  As such, no compelling reason exists to have these

2 documents sealed.

3        In sum, the mere fact that some of the documents may be stamped

4 "confidential" does not make it confidential.  As such, the Court should not permit

5 the wholesale sealing of these documents and instead assess the merits of

6 Defendants' "confidential" designations.  Plaintiff believes that Defendants'

7 designations of the documents as "confidential," such as deposition transcripts, may

8 be overbroad.

9 **III.    MEET AND CONFER EFFORTS**

10        Counsel for Defendants in this matter have made clear their intent to employ

11 the broadest conceivable application of the protective order.  Despite the protective

12 order requiring the parties to be specific in their designations, and only designate

13 those items where there is a good faith privacy expectation, Defendant County has

14 sought to shift the burden of identifying which documents to designate as

15 confidential entirely on Plaintiff by wholesale designating every single document

16 they have produced as confidential.  Moreover, it has designated every single

17 deposition transcript since Caropino's deposition as entirely confidential.  As such,

18 based on Defendant County's position that every document should be subject to the

19 protective order, and marked confidential, Plaintiff is forced to comply with the

20 proactive order and seek that these documents be filed under seal.

21

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

## IV.   CONCLUSION

Plaintiff respectfully requests that the Court grant her Application to file Exhibits "C2," "F1-F16," "G," "G1-5," "H and H1-H14," "I and I1," as well as portions of Exhibits B and F insofar as the Court deems those documents "confidential" and covered by the Stipulated Protective Order.


Dated:  July 3, 2017                            ESNER, CHANG & BOYER


                                                  _/s/ Holly N. Boyer_____
                                                  Holly N. Boyer
                                                  *Attorney for Plaintiff*,
                                                  ALEXA CURTIN

6