Jeremy D. Jass, SBN 279466
jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

Dana Alden Fox (SBN 119761)
Dana.Fox@lewisbrisbois.com
Dawn M. Flores-Oster (SBN 155722)
Dawn.Flores-Oster@lewisbrisbois.com
Barry Hassenberg (SBN 71136)
Barry.Hassenberg@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

I

## JOINT STIPULATION RE: MOTION TO COMPEL

| | |
|---|---|
| ALEXA CURTIN,<br><br>               Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO; and DOES 1 through 50,<br><br>              Defendants, | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**NOTICE OF MOTION AND LOCAL RULE 37-1 JOINT STIPULATION RE: PLAINTIFF's MOTION TO COMPEL**<br><br>Date:<br>Time:<br>Crtrm.: 780<br><br>Action Filed: March 30, 2016<br>Pre-Trial Conference: July 24, 2017<br>Trail Date: August 1, 2017 |

II

**JOINT STIPULATION RE: MOTION TO COMPEL**

# TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................... 2

    A.  Plaintiff's Statement ..................................................................... 2

        1.  Underlying Facts ................................................................. 2

        2.  Deputy Caropino *Modus Operandi* ................................... 4

        3.  Discovery Dispute .............................................................. 5

    B.  Defendant's Statement .................................................................. 7

II.  DISCOVERY AT ISSUE ........................................................................... 8

    A.  Request for Production ................................................................. 8

III.  PLAINTIFF'S CONTENTIONS .............................................................. 276

    A.  Defendants' "General Objections" Are Improper ....................... 277

    B.  Defendants' Reliance on the Court's
        Previous Order is Misplaced ...................................................... 278

    C.  Defendants' Privilege Log Is Deficient ....................................... 279

    D.  Peace Officer Personnel Files Are Commonly Discoverable
        in 42  U.S.C § 1983 Actions ....................................................... 279

    E.  Official Information Privilege Is Inapplicable ............................. 281

    F.  The Self-Critical Analysis Privilege Is
        Inapplicable In This Jurisdiction ................................................ 283

    G.  The Privacy Objections Are Without Merit ................................. 285

    H.  The Attorney Client Privilege Is Inapplicable ............................ 286

III

**JOINT STIPULATION RE: MOTION TO COMPEL**

IV.     DEFENDANTS' CONTENTIONS ................................................................ 287

V.      MEET AND CONFER ................................................................................ 290

        A. Plaintiff ............................................................................................. 290

        B. Defendant .......................................................................................... 290

IV

**JOINT STIPULATION RE: MOTION TO COMPEL**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 25, 2017, or as soon thereafter as the matter may be heard before the Honorable Paul L. Abrams in Courtroom 780 of the above-referenced Court, located at 255 E. Temple Street, Los Angeles, CA 90012, Plaintiff Alexa Curtin will, and hereby does, move to the Court for an order compelling the Defendant County of Orange to permit inspection of documents and electronically stored information requested by Plaintiff on May 12, 2017.

This motion is based upon the attached Joint Stipulation Regarding Plaintiff's Motion for an Order Compelling Discovery, and attached exhibits, all pleadings, papers, and proceedings in this action, and such other matters as the Court deems proper.

This motion is made following the conference of counsel pursuant to L.R. 37-1, regarding issues relating to the motion, and prior communication between counsel.

Dated: July 3, 2017                          **Jass Law**


                                             /s/ Jeremy Jass
                                             _____
                                             Jeremy Jass, Esq.
                                             *Attorney for Plaintiff*,
                                             ALEXA CURTIN

1

**JOINT STIPULATION RE: MOTION TO COMPEL**

### JOINT STIPULATION

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37-2.1, Plaintiff and Defendants, through their respective counsel of record, submit the following Joint Stipulation Re: Plaintiff's Motion to Compel Disclosures in Response to Plaintiff's Request for Production of Documents, Set One.

**I.    INTRODUCTION**

    **A.    Plaintiff's Statement**

        1.    <u>Underlying Facts</u>

In June of 2014, Ms. Curtin was married to Michael Devecchio. At about that time they were experiencing some troubles in their marriage but were attempting to reconcile their differences. In the late hours of June 27, 2017/early morning hours of June 28, 2017 they were at Mr. Devecchio's home in Dana Point and they began to argue. The police were called and deputies from the Orange County Sheriff's Department ("OCSD") responded, including Deputy Caropino.

The deputies detained both Ms. Curtin and Mr. Devecchio and conducted an investigation. Ultimately, the deputies concluded that no crime had occurred, but that the couple should not spend the night together. Deputy Caropino placed Ms. Curtin in his patrol car so he could drive her to her vehicle, which was parked around the corner, some distance from the home. Deputy Caropino placed Ms. Curtin in the back seat of the patrol car and drove her to the location of her vehicle.

Once there, he got her out of the patrol vehicle and continued his detainment of her by searching her purse, vehicle, contents of the vehicle including luggage and clothing. He found some of Ms. Curtin's underwear in her vehicle and asked her why her panties were wet. He then told her that she was not free to leave and that if she did leave, "She would be in a lot of trouble," and that he was going to return.

2

**JOINT STIPULATION RE: MOTION TO COMPEL**

Ms. Curtin followed Deputy Caropino's orders not to leave and waited in her car. After some time, Deputy Caropino returned and ordered Ms. Curtin to let him into her vehicle. He then said to Ms. Curtin, "Since you are still here, I am going to fuck the shit out of you." Deputy Caropino stated to Plaintiff, "Show me your pussy." Plaintiff was afraid and feared for her own safety, and she complied with all of Deputy Caropino's commands. Then Deputy Caropino groped Plaintiff's vagina and digitally penetrated her while commenting on her anatomy. Deputy Caropino then pulled his pants down and shoved Plaintiff's head down towards his genitals and forced her to orally copulate him despite her pleas to stop because he was hurting her.

Next, Deputy Caropino ordered Plaintiff to straddle him while he sat in the passenger seat of Plaintiff's vehicle. Plaintiff was still in fear for her safety and knew that many in law enforcement carry guns, even when out of uniform, complied with the Deputy Caropino's commands. While in this position, the Deputy Caropino had nonconsensual sexual intercourse with Plaintiff. Deputy Caropino partially ejaculated inside of Plaintiff's vagina, and partially on the passenger seat of Plaintiff's vehicle.

Deputy Caropino then pulled up his pants, and asked Plaintiff for her cellular phone number so he could text her and to do this again. Still afraid, Plaintiff gave Deputy Caropino an incorrect phone number. Then the Deputy Caropino returned to his personal vehicle and left.

Plaintiff was violated, traumatized, emotionally drained, in shock, and fearing for her own safety. Specifically, Plaintiff feared that given the Deputy Caropino's position, he would find her and harm her again. Due to Deputy Caropino's atrocious actions, Plaintiff has suffered physical and emotional injuries. Plaintiff's injuries continue.

Ms. Curtin filed this action against Deputy Caropino and the County of Orange on or about March 30, 2016. Since that time, Plaintiff has become aware of

3

**JOINT STIPULATION RE: MOTION TO COMPEL**

two other victims of Deputy Caropino's, whose attacks occurred under factual circumstances very similar to her own.

### 2.   Deputy Caropino's *Modus Operandi*

Unfortunately for the community, Ms. Curtin was not the only person Deputy Caropino sexually assaulted. Very recently, a woman (hereinafter Jane Doe #1) contacted plaintiff's counsel to relay her own encounter with Deputy Caropino. Ms. Doe #1 explained that in June of 2013 Deputy Caropino sexually assaulted her in her vehicle while detaining her during a DUI investigation. Ms. Doe #1 complied with Deputy Caropino's commands out of fear of harm to her person and out of fear that he would abuse his position to wrongfully arrest her.

Ms. Doe #1 is prepared to testify that at about 1:00 a.m. in Dana Point, she was heading home from Fred's Mexican Café. On her way home she went through the drive through of Del Taco. While waiting at the window to pick up her food she saw a Sheriff's Deputy standing at the cash register looking at her. Ms. Doe #1 then got her food and parked in the parking lot to eat. Once she had finished eating she was pulled over by Deputy Caropino. When Deputy Caropino walked up to the car the first thing he said to Ms. Doe #1 was, "I saw that look you gave me," and asked her if she would ever date a cop. Ms. Doe #1 said, "No." Deputy Caropino then asked Ms. Denton if she had been drinking, she initially said no, but Deputy Caropino incessantly asked her again if she had been drinking. She felt Deputy Caropino was doing this to scare her, and she was in fact fearful of him. She then admitted that she had a couple of margaritas at Fred's Mexican Café. At that point, Deputy Caropino told her that he had turned all of his recording devices off, which further frightened Ms. Doe #1. Deputy Caropino then asked if Ms. Doe #1 was "wet" and that he wanted to feel her. He then reached in through the driver side window and forced his hand under her panties to fondle her genitals. Deputy Caropino then said, "I want to fuck you right now," and told Ms. Doe #1 to follow him. Still fearful that Deputy Caropino would harm her or take her to jail, she

4

**JOINT STIPULATION RE: MOTION TO COMPEL**

complied. She followed him to a parking lot, where he parked his squad car next to hers and directed her to get into the backseat of her car. He then proceeded to have non-consensual sexual intercourse with her in the backseat of her car. Before leaving, Deputy Caropino asked Ms. Doe #1 for her phone number and she gave it to him. A few days later he started sending her vulgar threatening text messages that Ms. Doe #1 did not reciprocate.

Through independent investigation, Plaintiff has found a prior government claim filed against Deputy Caropino by another victim of his. The identity of this victim (hereinafter Jane Doe #2) has yet to be ascertained, but we know that she filed a government claim against the County of Orange and Deputy Caropino in late February of 2014. (See a true and correct redacted copy of Government Claim dated February 27, 2014 attached as "Exhibit A.") In her claim, this young woman states that while she was under arrest and sitting in the back of a squad car, Deputy Caropino uncuffed her hands and forced her to touch his penis through his uniform. Deputy Caropino intimidated her, coerced her, and sexually assaulted her. He then called and text messaged her once she was released from custody and showed up at her home while on duty and in uniform to have non-consensual sex with her in violation of her 4th, 8th, and 14th amendment rights. She indicates that she suffered physical trauma, psychological trauma, fear, intimidation, pain and suffering. She also included in her claim Deputy Caropino's badge number and the report number of OCSD 13-173847.

It appears that the County received this claim on February 28, 2014, ***four months before Deputy Caropino raped Ms. Curtin, and failed to take any action to prevent Deputy Caropino from committing additional sexual assaults***.

3. <u>Discovery Dispute</u>

On or about October 6, 2016, Plaintiff propounded Request for Production of Documents, Set No. 1 and Interrogatories, Set No. 1.

5

**JOINT STIPULATION RE: MOTION TO COMPEL**

The discovery sought information and documents relating to the personnel file of Deputy Nicholas Lee Caropino, as well as internal affairs investigations and criminal investigations that would include sexual misconduct, sexual assaults, inappropriate sexual behavior while on duty, unjustified searches and seizures, citizen complaints, and discipline imposed. After multiple extensions were granted to provide responses to the discovery, Plaintiff was forced to file a Joint Motion to Compel on February 21, 2017 (Dkt. No. 37). On March 13, 2017, this Court granted in part Plaintiff's Motion to Compel and ordered the County to produce discovery by March 27, 2017 (Dkt. No. 52). On March 27, 2017 the County produced some of the documents they were ordered to produce. On March 29, 2017, the County produced additional documents the Court ordered produced. On June 15, 2017, the County served Supplemental Responses to this first set of Discovery.

Through review of the compelled discovery, and from independent investigation that stemmed from information learned in reviewing the compelled discovery, Plaintiff has become aware of additional misconduct by Orange County Sheriff's Deputies and the Department itself that is relevant and critical to proving her claims, particularly *Monell* liability. Specifically, Plaintiff has found activity reports from the Office of Independent Review ("OIR") that references many instances of misconduct by the Orange County Sheriff's Department and their deputies from the period of April 2009 to March 2015. In numerous OIR references it appears that deputies were not disciplined at all due to sham investigations that allowed the statute of limitations on discipline to run, and discipline for deputies as disproportionately low for the offenses committed particularly for offenses of dishonesty, deceit, failing to report misconduct, and lying. This additional discovery and evidence is essential in proving part of Plaintiff's *Monell* claim; that the OCSD fosters a culture of silence among deputies, where deputies are either not punished or under-punished for lying to

6

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  protect themselves or for failing to report other problem deputies, and that when

2  investigations into misconduct are conducted they essentially a sham investigation

3  that is poorly conducted to protect the problem deputies and keep them in the field

4  and exposing the public to continued constitutional violations.

5     On May 12, 2017, Plaintiff propounded requests for production of

6  documents to the County for documents related to the misconduct referenced in the

7  OIR reports. On June 15, 2017, the County responded by failing to produce one

8  single document, instead the County served 167 pages of the same objections they

9  relied on in the first Motion to Compel.

10    The discovery is needed for Plaintiff to prove her claims under 42 U.S.C. §

11  1983 (individual) and 42 U.S.C. § 1983 (municipal liability). F.R.E. 404(b), 415,

12  608(b); *See, e.g., Monell v. New York City Dept. of Social Services*, 436 U.S. 658

13  (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989). Plaintiff has a good-faith

14  belief that there is significant discovery on these issues. (See a true and correct

15  copy of OIR Activity Reports attached as "Exhibit A.")

16    Plaintiff has already agreed to a protective order in this matter. As the Court

17  is aware trial is scheduled for trial August 1, with Pre-Trial Conference on July 24,

18  2017. Pursuant to Judge Wilson's Civil Trial Preparation Order, unresolved

19  discovery disputes should be brought to the attention of his Court., (Dkt. No. 16).

20  Plaintiff understands that there is a pressing need for resolution of these issues in

21  light of the County's further refusal to provide a single document in response; and

22  therefore anticipate notifying Judge Wilson of this discovery dispute should it not

23  be resolved by July 11, 2017.

24    **B.    Defendants' Statement**

25    Plaintiff's statement is 6 pages long. L.R. 37-2.1 mandates that "no party's

26  introductory statement shall exceed three (3) pages in length."

27    In addition to the technical defects, the substance of Plaintiff's arguments is

28  also deficient. She omits to mention she previously propounded document requests

7

**JOINT STIPULATION RE: MOTION TO COMPEL**

seeking many of the same documents she now requests (again), and this Court analyzed her prior requests and severely limited the universe of documents that are discoverable in this matter. The requests at issue here are far outside that universe. Defendant County of Orange (the "County") produced the documents ordered by the Court, and Plaintiff's second set of document requests seek almost exactly the same documents the County already produced which this Court held were discoverable because they pertain to the parties' claims or defenses and they are proportional to the needs of the case.  Plaintiff's current requests grossly exceed those parameters and seek documents that are not discoverable. As set forth below, many of the requests are also objectionable on their face.

Plaintiff also did not make a good-faith effort to meet-and-confer on this discovery dispute. She simply sent an e-mail stating her desire to discuss "outstanding discovery issues.  Specifically, we need to meet and confer regarding … the County's recent responses to Plaintiff's second set of Requests for Production wherein the County failed to produce any new documents or information – and rather, the responses include the same boilerplate objections, references to the Court's May 14, 2017 Order compelling productions of documents, and references to documents previously produced…." Declaration of Barry Hassenberg ("Hassenberg Decl."), Exh. "A." Plaintiff did not identify the specific requests at issue, and she did not cite any authority supporting her position or discuss reasons why she believes further responses are warranted. The County was therefore given no notice of which specific requests in Plaintiff's second set of document demands (there were 97 separate requests) were at issue, and the County was given no notice what authorities Plaintiff would rely on.

## II. DISCOVERY AT ISSUE

Plaintiff contends the following are still at issue:

### A. Requests for Production

8

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  **REQUEST FOR PRODUCTION NO. 40:**

2      Produce the entire policy manual for the Orange County Sheriff's

3  Department that was in effect at the time of the incident, June 27, 204.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

5      Defendant objects to this request on the grounds it is overly broad in scope

6  and time. Defendant further objects to this request on the grounds it seeks

7  information which is irrelevant and not proportional to the needs of this case

8  pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

9  this request on the grounds it seeks information which is confidential, privileged

10 and protected on multiple grounds, including but not limited to the attorney work

11 product doctrine, attorney client privilege as codified in State and Federal statutes,

12 California Evidence Code §1040, California Civil Code §47 and California Govt

13 Code §6254 and their corollaries in Federal statutory and decisional authority; the

14 right to privacy afforded by both the California and United States Constitutions;

15 the Official Information Privilege; the Executive Privilege under Federal decisional

16 law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

17 Privilege under California statutory and decisional law.

18     Additionally, this request seeks information, some of which would, if it

19 existed, be within confidential peace officer personnel records, which are protected

20 from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

21 Code § 832.5, et seq. and by the Federal Official Information privilege.

22     Without waiving said objections, Defendant responds as follows: Defendant

23 already produced documents responsive to this Request. See documents bates

24 stamped 000235-000238, 000240-000251, 000260-000267, 000268 – 000278 and

25 002697 – 002700.

26 **DEFENDANT'S POSITION RE REQUEST NO. 40:**

27     In her first set of document requests Plaintiff asked for specific sections of

28 the Orange County Sheriff's Department ("OCSD") policy manual, and the County

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  produced the requested sections.

2  **REQUEST FOR PRODUCTION NO. 41:**

3      Produce the entire Orange County Sheriff's Department personnel file for

4  Nicholas Lee Caropino.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

6      Defendant objects to this request on the grounds it is overly broad in scope

7  and time. Defendant further objects to this request on the grounds it seeks

8  information which is irrelevant and not proportional to the needs of this case

9  pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

10  this request on the grounds it seeks information which is confidential, privileged

11  and protected on multiple grounds, including but not limited to the attorney work

12  product doctrine, attorney client privilege as codified in State and Federal statutes,

13  California Evidence Code §1040, California Civil Code §47 and California Govt

14  Code §6254 and their corollaries in Federal statutory and decisional authority; the

15  right to privacy afforded by both the California and United States Constitutions;

16  the Official Information Privilege; the Executive Privilege under Federal decisional

17  law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

18  Privilege under California statutory and decisional law.

19      Additionally, this request seeks information, some of which would, if it

20  existed, be within confidential peace officer personnel records, which are protected

21  from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

22  Code § 832.5, et seq. and by the Federal Official Information privilege.

23      Without waiving said objections, Defendant responds as follows: In

24  accordance with the Court's Order dated March 14, 2017, Defendant already

25  produced documents responsive to this Request. See documents bates stamped

26  000952 – 001465.

27  **DEFENDANT'S POSITION RE REQUEST NO. 41:**

28      In her first set of document requests (RFP # 34) Plaintiff asked for OCSD's

10

**JOINT STIPULATION RE: MOTION TO COMPEL**

complete personnel file for Nicholas Caropino and the "three deputies who responded with Deputy Caropino to the June 28, 2014, Dana Point call for service."[1] Order Re: Plaintiff's Motion to Compel dated March 13, 2017 (the "Order"). Dkt # 52, p. 11. This Court ruled the County should produce only selected documents from Caropino's personnel file, including "complaints made against Deputy Caropino of misconduct similar to the allegations in the instant lawsuit, and any ensuing investigations, reprimands, employee evaluations and administrative reviews," records showing "discipline for any incident similar to the incident at issue in this case, or regarding any other incidents involving sexual misconduct" and "training records for the five years preceding the incident…." Order [Dkt # 52], p. 14. As evidenced by the County's response to Plaintiff's request no. 41 above, the County produced over 500 pages. This Court already considered Plaintiff's request for Caropino's personnel file and limited the documents that must be produced therefrom, and the County already complied.

**REQUEST FOR PRODUCTION NO. 42:**

If you contend that YOU were, in any way limited, restricted, hampered or impeded in your ability or desire to sanction, suspend, terminate, punish, reprimand or otherwise hold NICHOLAS LEE CAROPNINO accountable for the acts alleged by Taylor Lamb in her Government Claim stamped received February 28, 2014, whether due to certain rules, regulations, contracts, procedures or otherwise, produce any and all DOCUMENTS that refer, relate to or otherwise evidence that contention.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "accountable," and overly broad in scope and time. Defendant further objects

---

[1] The three other deputies are Dwayne Chapple, Cameron Mathis, and Christopher Eiben.

**JOINT STIPULATION RE: MOTION TO COMPEL**

to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 42:**

This request is vague and ambiguous, and it is unclear what documents Plaintiff is requesting. Moreover this request ignores the fact that the County did in fact terminate Caropino's employment, as evidenced by the termination letter and other documents in Caropino's personnel file which the County previously produced to Plaintiff. This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case, because the issues to be determined at trial are whether Caropino violated Plaintiff's constitutional rights and, if so, whether an official policy or custom of the County was the "moving force" behind the violation and was "closely related to the ultimate injury." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1190 (9th Cir. 2006). The County's investigation of

**JOINT STIPULATION RE: MOTION TO COMPEL**

Caropino for an unrelated incident prior to the incident with Plaintiff has no bearing on the issues to be decided at trial.

This request reads like an interrogatory, asking the County if it is making a particular contention. Yet Plaintiff never asked this question in any of her interrogatories, and she has never defined what she means by asking the County if it was "limited, restricted, hampered or impeded…."

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS related to the January 13, 2013 interview of Nicholas Lee Caropino, including but not limited to audio recordings, video recordings, investigative notes, and transcripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "interview," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected

**JOINT STIPULATION RE: MOTION TO COMPEL**

from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already produced documents responsive to this Request in Defendant's Further Supplemental Response to Plaintiff's Request for Production, Set One, No. 33.

**DEFENDANT'S POSITION RE REQUEST NO. 43:**

In her first set of document requests (RFP # 33) Plaintiff asked for documents evidencing OCSD's investigations into complaints against Caropino for "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, the planting of evidence, false statements, or false testimony." This Court ruled the County should produce documents evidencing complaints, and investigations thereof, against Caropino "regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony…." Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's request no. 43 above, the County produced those documents. This Court already considered Plaintiff's request for complaints against Caropino and investigations thereof, and the County already complied. There are no additional documents responsive to this request.


**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS related to the February 19, 2015 interview of Nicholas Lee Caropino, including but not limited to audio recordings, video recordings, investigative notes, and transcripts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "interview," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not

14

**JOINT STIPULATION RE: MOTION TO COMPEL**

proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1).   Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already produced documents responsive to this Request in Defendant's Further Supplemental Response to Plaintiff's Request for Production, Set One, No. 33.

**DEFENDANT'S POSITION RE REQUEST NO. 44:**

In her first set of document requests (RFP # 33) Plaintiff asked for documents evidencing OCSD's investigations into complaints against Caropino for "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, the planting of evidence, false statements, or false testimony." This Court ruled the County should produce documents evidencing complaints, and investigations thereof, against Caropino "regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony…." Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's

15

**JOINT STIPULATION RE: MOTION TO COMPEL**

request no. 44 above, the County produced those documents. This Court already considered Plaintiff's request for complaints against Caropino and investigations thereof, and the County already complied. There are no additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:**

Produce the patrol unit video and audio system recording of the detention, arrest and transportation of Taylor Lamb on September 4, 2013 that was referenced and reviewed by Inv. A. Quilantan #5421 in his report number 14-160051.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already

16

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  produced documents responsive to this Request in Defendant's Further

2  Supplemental Response to Plaintiff's Request for Production, Set One, No. 33.

3  **DEFENDANT'S POSITION RE REQUEST NO. 45:**

4          In her first set of document requests (RFP # 33) Plaintiff asked for

5  documents evidencing OCSD's investigations into complaints against Caropino for

6  "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention,

7  false arrest, the planting of evidence, false statements, or false testimony." This

8  Court ruled the County should produce documents evidencing complaints, and

9  investigations thereof, against Caropino "regarding sexual misconduct, sexual

10  assault, dishonesty, unlawful detention, false statements, and false testimony…."

11  Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's

12  request no. 45 above, the County produced those documents. This Court already

13  considered Plaintiff's request for complaints against Caropino and investigations

14  thereof, and the County already complied. There are no additional documents

15  responsive to this request.

16

17  **REQUEST FOR PRODUCTION NO. 46:**

18          Produce the surveillance footage of the Intake and Release Center Parking lot

19  of early morning hours of September 4, 2013 that is referenced and reviewed by Inv.

20  A. Quilantan #5421 in his report number 14-160051.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

22          Defendant objects to this request on the grounds it seeks information which

23  is irrelevant and not proportional to the needs of this case pursuant to Federal Rule

24  of Civil Procedure 26(b)(1). Defendant further objects to this request on the

25  grounds it seeks information which is confidential, privileged and protected on

26  multiple grounds, including but not limited to the attorney work product doctrine,

27  attorney client privilege as codified in State and Federal statutes, California

28  Evidence Code §1040, California Civil Code §47 and California Govt Code §6254

**JOINT STIPULATION RE: MOTION TO COMPEL**

and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already produced documents responsive to this Request in Defendant's Further Supplemental Response to Plaintiff's Request for Production, Set One, No. 33.

**DEFENDANT'S POSITION RE REQUEST NO. 46:**

In her first set of document requests (RFP # 33) Plaintiff asked for documents evidencing OCSD's investigations into complaints against Caropino for "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, the planting of evidence, false statements, or false testimony." This Court ruled the County should produce documents evidencing complaints, and investigations thereof, against Caropino "regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony…." Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's request no. 46 above, the County produced those documents. This Court already considered Plaintiff's request for complaints against Caropino and investigations thereof, and the County already complied. There are no additional documents responsive to this request.

18

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 47:**

Produce the audio and/or video recording of the June 7, 2016 interview of Erica Flores that is referenced by Inv. Vogel #4335 in his report number 16077964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendant objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already produced documents responsive to this Request. See documents bates stamped 002712.

**DEFENDANT'S POSITION RE REQUEST NO. 47:**

In her first set of document requests (RFP # 33) Plaintiff asked for documents evidencing OCSD's investigations into complaints against Caropino for "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention,

19

**JOINT STIPULATION RE: MOTION TO COMPEL**

false arrest, the planting of evidence, false statements, or false testimony." This Court ruled the County should produce documents evidencing complaints, and investigations thereof, against Caropino "regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony…." Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's request no. 47 above, the County produced those documents. This Court already considered Plaintiff's request for complaints against Caropino and investigations thereof, and the County already complied. There are no additional documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence psychological, psychiatric or other mental health evaluations, testing or assessments performed on NICHOLAS LEE Caropino.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

20

**JOINT STIPULATION RE: MOTION TO COMPEL**

1     Additionally, this request seeks information, some of which would, if it

2   existed, be within confidential peace officer personnel records, which are protected

3   from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

4   Code § 832.5, et seq. and by the Federal Official Information privilege.

5   **DEFENDANT'S POSITION RE REQUEST NO. 48:**

6     Plaintiff previously asked for OCSD's complete personnel file for Caropino

7   (RFP # 34). Order [Dkt # 52], p. 11. This Court ruled the County should produce

8   only selected documents from Caropino's personnel file, including "complaints

9   made against Deputy Caropino of misconduct similar to the allegations in the

10   instant lawsuit, and any ensuing investigations, reprimands, employee evaluations

11   and administrative reviews," records showing "discipline for any incident similar

12   to the incident at issue in this case, or regarding any other incidents involving

13   sexual misconduct" and "training records for the five years preceding the

14   incident…." Order [Dkt # 52], p. 14. As evidenced by the County's response to

15   Plaintiff's request no. 41 above, the County produced over 500 pages. This Court

16   already considered Plaintiff's request for Caropino's personnel file and limited the

17   documents that must be produced therefrom, and the County already complied.

18

19   **REQUEST FOR PRODUCTION NO. 49:**

20     Any and all DOCUMENTS that refer, relate to or otherwise evidence

21   complaints made against NICHOLAS LEE CAROPINO by citizens, peers,

22   supervisors or others, from the date of his initial hire to the present, including all

23   internal e-mail, memorandum or other internal communications relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

25     Defendant objects to this request on the grounds it is vague and ambiguous

26   as to "complaints," and overly broad in scope and time. Defendant further objects

27   to this request on the grounds it seeks information which is irrelevant and not

28   proportional to the needs of this case pursuant to Federal Rule of Civil Procedure

21

---

**JOINT STIPULATION RE: MOTION TO COMPEL**

26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.   In accordance with the Court's Order, Defendant already produced documents responsive to this Request. See documents bates stamped 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 002704 – 002712.

**DEFENDANT'S POSITION RE REQUEST NO. 49:**

In her first set of document requests (RFP # 32 & 33) Plaintiff asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony, against Deputy Caropino…." Order [Dkt # 52], p. 11. This Court, however, ruled the County should produce only selected complaints against

22

**JOINT STIPULATION RE: MOTION TO COMPEL**

Caropino, finding "complaints regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statement, and false testimony are either relevant to plaintiff's claims or could be used to determine credibility. Accordingly, because such documents are relevant to plaintiff's claims in this action and proportional to the needs of the case, the Court grants the Motion to Compel regarding the production of citizen complaints against Deputy Caropino (RFP No. 33) regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony." Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's request no. 49 above, the County produced over 400 pages of records. The Court narrowed the scope of Plaintiff's request (plainly rejecting production of complaints involving use of force, false arrest, and planting of evidence), and it is nonsensical for Plaintiff to believe she can now widen the scope of discovery and propound a request for any and all complaints ever made against Caropino. This issue has already been presented to this Court, and the County has already complied with the parameters the Court set.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence any interactions between YOU, your agents, employees or representatives and Larissa Denton, including all investigative reports, audio and/or video recordings, telephone records, internal e-mail, memorandum or other internal communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "interactions," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks

23

**JOINT STIPULATION RE: MOTION TO COMPEL**

information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**DEFENDANT'S POSITION RE REQUEST NO. 50:**

**REQUEST FOR PRODUCTION NO. 51:**

Any and all DOCUMENTS which YOU contend would reflect poorly on PLAINTIFF's credibility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "poorly," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the

24

**JOINT STIPULATION RE: MOTION TO COMPEL**

Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**DEFENDANT'S POSITION RE REQUEST NO. 51:**

This request is vague, ambiguous and nonsensical. Pursuant to Fed. R. Civ. P. 26 the County produced documents supporting its defenses and which it intends to use at trial, other than solely for impeachment. Rule 26(a)(1)(A) and (a)(3) expressly state materials to be used solely for impeachment are not encompassed within the scope of the pretrial disclosures each party must make. Indeed, "impeachment evidence does not have to be revealed in pretrial disclosures." *Gribben v. UPS*, 528 F.3d 1166, 1172 (9th Cir. 2008). Such materials are also not discoverable. *United States v. Reyes*, 239 F.R.D. 591, 601 (N.D. Cal. 2006).


**REQUEST FOR PRODUCTION NO. 52:**

Any and all DOCUMENTS which YOU contend would reflect poorly on Taylor Lamb's credibility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "poorly," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege
2  under California statutory and decisional law.

3  **DEFENDANT'S POSITION RE REQUEST NO. 52:**

4      This request is vague, ambiguous and nonsensical. Pursuant to Fed. R. Civ.
5  P. 26 the County produced documents supporting its defenses and which it intends
6  to use at trial, other than solely for impeachment. Rule 26(a)(1)(A) and (a)(3)
7  expressly state materials to be used solely for impeachment are not encompassed
8  within the scope of the pretrial disclosures each party must make. Indeed,
9  "impeachment evidence does not have to be revealed in pretrial disclosures."
10 *Gribben v. UPS*, 528 F.3d 1166, 1172 (9th Cir. 2008). Such materials are also not
11 discoverable. *United States v. Reyes*, 239 F.R.D. 591, 601 (N.D. Cal. 2006).

12

13 **REQUEST FOR PRODUCTION NO. 53:**

14     Any and all DOCUMENTS which YOU contend would reflect poorly on
15 Jennifer Vanderveen's credibility.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17     Defendant objects to this request on the grounds it is vague and ambiguous
18 as to "poorly," and overly broad in scope and time. Defendant further objects to
19 this request on the grounds it seeks information which is irrelevant and not
20 proportional to the needs of this case pursuant to Federal Rule of Civil Procedure
21 26(b)(1). Defendant further objects to this request on the grounds it seeks
22 information which is confidential, privileged and protected on multiple grounds,
23 including but not limited to the attorney work product doctrine, attorney client
24 privilege as codified in State and Federal statutes, California Evidence Code
25 §1040, California Civil Code §47 and California Govt Code §6254 and their
26 corollaries in Federal statutory and decisional authority; the right to privacy
27 afforded by both the California and United States Constitutions; the Official
28 Information Privilege; the Executive Privilege under Federal decisional law; the

26

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege
2   under California statutory and decisional law.

3   **DEFENDANT'S POSITION RE REQUEST NO. 53:**

4       This request is vague, ambiguous and nonsensical. Pursuant to Fed. R. Civ.
5   P. 26 the County produced documents supporting its defenses and which it intends
6   to use at trial, other than solely for impeachment. Rule 26(a)(1)(A) and (a)(3)
7   expressly state materials to be used solely for impeachment are not encompassed
8   within the scope of the pretrial disclosures each party must make. Indeed,
9   "impeachment evidence does not have to be revealed in pretrial disclosures."
10  *Gribben v. UPS*, 528 F.3d 1166, 1172 (9th Cir. 2008). Such materials are also not
11  discoverable. *United States v. Reyes*, 239 F.R.D. 591, 601 (N.D. Cal. 2006).

12

13  **REQUEST FOR PRODUCTION NO. 54:**

14      Any and all DOCUMENTS which YOU contend would reflect poorly on
15  Elza Nikita's credibility.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

17      Defendant objects to this request on the grounds it is vague and ambiguous
18  as to "poorly," and overly broad in scope and time. Defendant further objects to
19  this request on the grounds it seeks information which is irrelevant and not
20  proportional to the needs of this case pursuant to Federal Rule of Civil Procedure
21  26(b)(1). Defendant further objects to this request on the grounds it seeks
22  information which is confidential, privileged and protected on multiple grounds,
23  including but not limited to the attorney work product doctrine, attorney client
24  privilege as codified in State and Federal statutes, California Evidence Code
25  §1040, California Civil Code §47 and California Govt Code §6254 and their
26  corollaries in Federal statutory and decisional authority; the right to privacy
27  afforded by both the California and United States Constitutions; the Official
28  Information Privilege; the Executive Privilege under Federal decisional law; the

27

**JOINT STIPULATION RE: MOTION TO COMPEL**

Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**DEFENDANT'S POSITION RE REQUEST NO. 54:**

This request is vague, ambiguous and nonsensical. Pursuant to Fed. R. Civ. P. 26 the County produced documents supporting its defenses and which it intends to use at trial, other than solely for impeachment. Rule 26(a)(1)(A) and (a)(3) expressly state materials to be used solely for impeachment are not encompassed within the scope of the pretrial disclosures each party must make. Indeed, "impeachment evidence does not have to be revealed in pretrial disclosures." *Gribben v. UPS*, 528 F.3d 1166, 1172 (9th Cir. 2008). Such materials are also not discoverable. *United States v. Reyes*, 239 F.R.D. 591, 601 (N.D. Cal. 2006).

**REQUEST FOR PRODUCTION NO. 55:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence any and all investigations into alleged on the job wrongdoings by NICHOLAS LEE CAROPINO from the date of his initial hire to the present, including all internal e-mail, memorandum or other internal communications relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "on the job wrongdoings," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy

28

**JOINT STIPULATION RE: MOTION TO COMPEL**

afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 55:**

In her first set of document requests (RFP # 33) Plaintiff asked for documents evidencing complaints against, and investigations of, Caropino for "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, the planting of evidence, false statements, or false testimony." This Court narrowed the scope of the request and found the County should produce documents only "regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony…." Order [Dkt # 52], p. 13. As evidenced by the County's response to Plaintiff's request no. 43 above, the County produced those documents. Plaintiff's RFP # 34 asked for Caropino's complete OCSD personnel file, which would also include complaints and investigations of misconduct (i.e. "on the job wrongdoings"). This Court narrowed the scope of the request and found the County should produce only "complaints made against Deputy Caropino of misconduct similar to the allegations in the instant lawsuit, and any ensuing investigations, reprimands, employee evaluations and administrative reviews," records showing "discipline for any incident similar to the incident at issue in this case, or regarding any other incidents involving sexual misconduct" and "training records for the five years preceding the incident…." Order [Dkt # 52], p. 14. As evidenced by the County's response to Plaintiff's request no. 59 below, the County produced over 500 pages. This Court already

29

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   considered Plaintiff's request for Caropino's alleged "on the job wrongdoings"

2   and limited the responsive documents that must be produced, and the County

3   already complied. It is nonsensical for Plaintiff to now expand the scope of

4   discovery and propound a request for documents showing all "on the job

5   wrongdoings" Caropino ever committed. This issue has already been presented to

6   this Court, and the County has already complied with the parameters the Court set.

7

8   **REQUEST FOR PRODUCTION NO. 56:**

9   Any and all DOCUMENTS that refer, relate to or otherwise evidence

10  studies, analyses or compilations, as well as the raw or underlying data related

11  thereto, regarding the demographic make-up of the traffic stops initiated by

12  NICHOLAS LEE CAROPINO any period of time that NICHOLAS LEE

13  CAROPINO was employed by YOU, including all internal e-mail, memorandum

14  or other internal communications relating thereto.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

16  Defendant objects to this request on the grounds it is vague and ambiguous

17  as to "demographic make up," and overly broad in scope and time. Defendant

18  further objects to this request on the grounds it seeks information which is

19  irrelevant and not proportional to the needs of this case pursuant to Federal Rule of

20  Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds

21  it seeks information which is confidential, privileged and protected on multiple

22  grounds, including but not limited to the attorney work product doctrine, attorney

23  client privilege as codified in State and Federal statutes, California Evidence Code

24  §1040, California Civil Code §47 and California Govt Code §6254 and their

25  corollaries in Federal statutory and decisional authority; the right to privacy

26  afforded by both the California and United States Constitutions; the Official

27  Information Privilege; the Executive Privilege under Federal decisional law; the

28  Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege

30

**JOINT STIPULATION RE: MOTION TO COMPEL**

1    under California statutory and decisional law.

2         Additionally, this request seeks information, some of which would, if it

3    existed, be within confidential peace officer personnel records, which are protected

4    from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

5    Code § 832.5, et seq. and by the Federal Official Information privilege.

6    **DEFENDANT'S POSITION RE REQUEST NO. 56:**

7         This request is not relevant to any party's claim or defense and it is not

8    proportional to the needs of the case. The incident did not arise out of a traffic stop,

9    and any responsive documents would have absolutely no tendency whatsoever to

10   prove or disprove a material fact of consequence to the determination of the

11   action.In addition, plaintiff has been provided with documents upon which she can

12   create her own analysis.

13

14   **REQUEST FOR PRODUCTION NO. 57:**

15        Any and all DOCUMENTS that refer, relate to or otherwise evidence

16   studies, analyses or compilations, as well as the raw or underlying data related

17   thereto, regarding the duration of unaccounted for time during NICHOLAS LEE

18   CAROPINO's on-duty patrol assignments, and in particular, during his stops of

19   female detainees, for any period of time that NICHOLAS LEE CAROPINO was

20   employed by YOU, including all internal e-mail, memorandum or other internal

21   communications relating thereto.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

23        Defendant objects to this request on the grounds it is vague and ambiguous

24   as to "duration of unaccounted for time" and overly broad in scope and time.

25   Defendant further objects to this request on the grounds it seeks information which

26   is irrelevant and not proportional to the needs of this case pursuant to Federal Rule

27   of Civil Procedure 26(b)(1). Defendant further objects to this request on the

28   grounds it seeks information which is confidential, privileged and protected on

31

**JOINT STIPULATION RE: MOTION TO COMPEL**

multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 57:**

This request is so vague and ambiguous so as to be irrelevant to any party's claim or defense and not proportional to the needs of the case. The incident did not arise out of a traffic stop, and there did not involve "unaccounted for time during NICHOLAS LEE CAROPINO's on-duty patrol assignments. Any responsive documents would have absolutely no tendency whatsoever to prove or disprove a material fact of consequence to the determination of the action.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence studies, analyses or compilations, as well as the raw or underlying data related thereto, regarding the duration of NICHOLAS LEE CAROPINO's traffic stops, and in particular, during his stops of female detainees, for any period of time that NICHOLAS LEE CAROPINO was employed by YOU, including all internal e-mail, memorandum or other internal communications relating thereto.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "duration" and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 58:**

This request is so vague and ambiguous so as to be irrelevant to any party's claim or defense and not proportional to the needs of the case. The incident did not arise out of a traffic stop, and thus "studies, analyses or compilations, as well as the raw or underlying data related thereto, regarding the duration of NICHOLAS LEE CAROPINO's traffic stops, and in particular, during his stops of female detainees, for any period of time that NICHOLAS LEE CAROPINO was employed by" the County would have absolutely no tendency whatsoever to prove or disprove a material fact of consequence to the determination of the action.

33

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 59:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence NICHOLAS LEE CAROPINO's awards, commendations, certificates, licenses, promotions, demotions, sanctions, punishments, reprimands or suspensions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already produced documents responsive to this Request. See documents bates stamped 000952 – 001465.

34

**JOINT STIPULATION RE: MOTION TO COMPEL**

**DEFENDANT'S POSITION RE REQUEST NO. 59**:

In her first set of document requests (RFP # 34) Plaintiff asked for OCSD's complete personnel file for Nicholas Caropino. This Court ruled the County should produce only selected documents from the personnel file, including "complaints made against Deputy Caropino of misconduct similar to the allegations in the instant lawsuit, and any ensuing investigations, reprimands, employee evaluations and administrative reviews," records showing "discipline for any incident similar to the incident at issue in this case, or regarding any other incidents involving sexual misconduct" and "training records for the five years preceding the incident…." Order Re: Plaintiff's Motion to Compel dated March 13, 2017 (the "Order"). Dkt # 52, p. 14. As evidenced by the County's response to Plaintiff's request no. 59 above, the County produced over 500 pages. This Court already considered Plaintiff's request for Caropino's personnel file and limited the documents that must be produced therefrom, and the County already complied.

**REQUEST FOR PRODUCTION NO. 60**:

Any and all DOCUMENTS that refer, relate to or otherwise evidence YOUR contract(s) with any and all unions representing any and all members of YOUR Sheriff's department from August 2005 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:

Defendant objects to this request on the grounds it is vague and ambiguous as to "contract(s)" and "unions," and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code

35

**JOINT STIPULATION RE: MOTION TO COMPEL**

§1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**DEFENDANT'S POSITION RE REQUEST NO. 60:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. Plaintiff offers no rationale why she believes OCSD agreements with any union representing law enforcement officers are relevant to the matters in dispute or the issues to be tried. Any such agreements have no bearing at all on the question whether Caropino violated Plaintiff's constitutional rights and, if so, whether an official County policy or custom was the moving force behind the violation.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence communications between YOU and any member or employee of the Orange County District Attorney's Office regarding NICHOLAS LEE CAROPINO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt

36

**JOINT STIPULATION RE: MOTION TO COMPEL**

Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 61:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. Plaintiff offers no rationale why she believes such communications are relevant to the matters in dispute or the issues to be tried. Any such communications have no bearing at all on the question whether Caropino violated Plaintiff's constitutional rights and, if so, whether an official County policy or custom was the moving force behind the violation. The County already produced the correspondence the District Attorney's office sent to the Sheriff's Department stating the DA's Office did not plan to file criminal charges against Caropino.


**REQUEST FOR PRODUCTION NO. 62:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence communications between YOU and any member or employee of the California State Attorney General's Office regarding NICHOLAS LEE CAROPINO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case

37

**JOINT STIPULATION RE: MOTION TO COMPEL**

pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 62:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. Plaintiff offers no rationale why she believes such communications are relevant to the matters in dispute or the issues to be tried. Any such communications have no bearing at all on the question whether Caropino violated Plaintiff's constitutional rights and, if so, whether an official County policy or custom was the moving force behind the violation.

**REQUEST FOR PRODUCTION NO. 63:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence communications between YOU and any member or employee of the U.S. Attorney General's Office regarding NICHOLAS LEE CAROPINO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks

38

**JOINT STIPULATION RE: MOTION TO COMPEL**

information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 63:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. Plaintiff offers no rationale why she believes such communications are relevant to the matters in dispute or the issues to be tried. Any such communications have no bearing at all on the question whether Caropino violated Plaintiff's constitutional rights and, if so, whether an official County policy or custom was the moving force behind the violation.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the names and current positions of NICHOLAS LEE CAROPINO's partners, supervisors and peers at the Theo Lacy Jail during the period of time NICHOLAS LEE CAROPINO was assigned as a Special Handling Deputy.

39

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 64:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. The names and current positions of Caropino's former partners, supervisors or peers have no relevance and no tendency to lead to admissible evidence.

While access to discovery was in the past described as a broad right, amendments to the rules have significantly narrowed it. Indeed, "the right of a party to obtain discovery is not unlimited. A discovery request must be 'relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence,'" *Epstein v. MCA*, 54 F.3d 1422, 1423

**JOINT STIPULATION RE: MOTION TO COMPEL**

(9th Cir. 1995). "Before it was amended in 2000, Rule 26(b) fixed the outer bounds of discovery in terms of the 'subject matter involved in the pending action.' The amended version of this provision, clearly intended to shrink the universe of presumptively accessible material, declares that matter sought through discovery must be 'relevant to the claim or defense of any party.'" *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 638 n.32 (N.D. Cal. 2004).

In addition to "shrinking the discovery universe," the rule changes also "limit the breadth of discovery that can occur absent court approval. Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967-68 (9th Cir. 2004) [quoting Fed. R. Civ. P. 26 advisory committee's notes].

Based on the foregoing, in order to justify this request Plaintiff must show the name and current position of every partner, supervisor or peer Caropino had, during the time period he was a Special Handling Deputy at the Theo Lacy Jail, somehow relates to a party's claim or defense at issue in this case.    Where,   as here, a discovery request encompasses a multitude of information, the propounding party bears the burden of proving every single piece of information that would be responsive to the request "would be considered relevant under Rule 26(b)(1) or would lead to admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012). Plaintiff has made no showing the name and current position of every single person who worked with Caropino as a Special Handling Deputy at the Theo Lacy Jail would be relevant to any party's claim or defense or would lead to admissible evidence. Overbroad discovery requests cannot be supported based on a naked supposition the requested information might yield pertinent evidence—such requests are the prototypical "fishing expedition."

**JOINT STIPULATION RE: MOTION TO COMPEL**

*Watkins v. Hireright, Inc.*, No. 13cv1432-MMA (BLM), 2014 U.S. Dist. LEXIS 185365, at *14-15 (S.D. Cal. Feb. 21, 2014). "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

These individuals are not parties and did not witness the incident, so their privacy interests are paramount. *Soto v. City of Concord*, 162 F.R.D. 603, 614-17 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993). The information sought is OCSD personnel files. "While [personnel] files are not absolutely privileged, the confidential nature of the employee personnel files suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation…." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

**REQUEST FOR PRODUCTION NO. 65:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the names and current positions of NICHOLAS LEE CAROPINO's partners, supervisors and peers in the South Patrol Area during the period of time NICHOLAS LEE CAROPINO was assigned to Patrol.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt

42

**JOINT STIPULATION RE: MOTION TO COMPEL**

Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 65:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. The names and current positions of Caropino's former partners, supervisors or peers have no relevance and no tendency to lead to admissible evidence.

While access to discovery was in the past described as a broad right, amendments to the rules have significantly narrowed it. Indeed, "the right of a party to obtain discovery is not unlimited. A discovery request must be 'relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.'" *Epstein v. MCA*, 54 F.3d 1422, 1423 (9th Cir. 1995). "Before it was amended in 2000, Rule 26(b) fixed the outer bounds of discovery in terms of the 'subject matter involved in the pending action.' The amended version of this provision, clearly intended to shrink the universe of presumptively accessible material, declares that matter sought through discovery must be 'relevant to the claim or defense of any party.'" *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 638 n.32 (N.D. Cal. 2004).

In addition to "shrinking the discovery universe," the rule changes also "limit the breadth of discovery that can occur absent court approval. Under Rule

43

**JOINT STIPULATION RE: MOTION TO COMPEL**

26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967-68 (9th Cir. 2004) [quoting Fed. R. Civ. P. 26 advisory committee's notes].

Based on the foregoing, in order to justify this request Plaintiff must show the name and current position of every partner, supervisor or peer Caropino had, during the time period he was assigned to Patrol, somehow relates to a party's claim or defense at issue in this case. Where, as here, a discovery request encompasses a multitude of information, the propounding party bears the burden of proving every single piece of information that would be responsive to the request "would be considered relevant under Rule 26(b)(1) or would lead to admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012). Plaintiff has made no showing the name and current position of every single person who worked with Caropino in the South Patrol Area when he was assigned to Patrol would be relevant to any party's claim or defense or would lead to admissible evidence. Overbroad discovery requests cannot be supported based on a naked supposition the requested information might yield pertinent evidence—such requests are the prototypical "fishing expedition." *Watkins v. Hireright, Inc.*, No. 13cv1432-MMA (BLM), 2014 U.S. Dist. LEXIS 185365, at *14-15 (S.D. Cal. Feb. 21, 2014). "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

These individuals are not parties and did not witness the incident, so their privacy interests are paramount. *Soto v. City of Concord*, 162 F.R.D. 603, 614-17 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993). The information sought is OCSD personnel files. "While [personnel] files are not absolutely privileged, the confidential nature of the employee personnel files

44

**JOINT STIPULATION RE: MOTION TO COMPEL**

suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation…." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

**REQUEST FOR PRODUCTION NO. 66:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the names and current positions of NICHOLAS LEE CAROPINO's partners, supervisors and peers at the Theo Lacy Jail during the period of time NICHOLAS LEE CAROPINO was stationed at that jail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 66:**

45

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  This request is not relevant to any party's claim or defense and it is not

2  proportional to the needs of the case. The names and current positions of

3  Caropino's former partners, supervisors or peers have no relevance and no

4  tendency to lead to admissible evidence.

5  While access to discovery was in the past described as a broad right,

6  amendments to the rules have significantly narrowed it. Indeed, "the right of a

7  party to obtain discovery is not unlimited. A discovery request must be 'relevant to

8  the subject matter involved in the pending action or reasonably calculated to lead

9  to the discovery of admissible evidence.'" *Epstein v. MCA*, 54 F.3d 1422, 1423

10  (9th Cir. 1995). "Before it was amended in 2000, Rule 26(b) fixed the outer bounds

11  of discovery in terms of the 'subject matter involved in the pending action.' The

12  amended version of this provision, clearly intended to shrink the universe of

13  presumptively accessible material, declares that matter sought through discovery

14  must be 'relevant to the claim or defense of any party.'" *Sharper Image Corp. v.*

15  *Honeywell Int'l Inc.*, 222 F.R.D. 621, 638 n.32 (N.D. Cal. 2004).

16  In addition to "shrinking the discovery universe," the rule changes also

17  "limit the breadth of discovery that can occur absent court approval. Under Rule

18  26(b)(1), for example, discovery must now relate more directly to a 'claim or

19  defense' than it did previously, and 'if there is an objection that discovery goes

20  beyond material relevant to the parties' claims or defenses, the court would

21  become involved.'" *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967-68

22  (9th Cir. 2004) [quoting Fed. R. Civ. P. 26 advisory committee's notes].

23  Based on the foregoing, in order to justify this request Plaintiff must show

24  the name and current position of every partner, supervisor or peer Caropino had,

25  during the time period he was assigned to the Theo Lacy Jail, somehow relates to a

26  party's claim or defense at issue in this case. Where, as here, a discovery request

27  encompasses a multitude of information, the propounding party bears the burden of

28

46

**JOINT STIPULATION RE: MOTION TO COMPEL**

proving every single piece of information that would be responsive to the request "would be considered relevant under Rule 26(b)(1) or would lead to admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012). Plaintiff has made no showing the name and current position of every single person who worked with Caropino at the Theo Lacy Jail would be relevant to any party's claim or defense or would lead to admissible evidence. Overbroad discovery requests cannot be supported based on a naked supposition the requested information might yield pertinent evidence—such requests are the prototypical "fishing expedition." *Watkins v. Hireright, Inc.*, No. 13cv1432-MMA (BLM), 2014 U.S. Dist. LEXIS 185365, at *14-15 (S.D. Cal. Feb. 21, 2014). "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

These individuals are not parties and did not witness the incident, so their privacy interests are paramount. *Soto v. City of Concord*, 162 F.R.D. 603, 614-17 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993). The information sought is OCSD personnel files. "While [personnel] files are not absolutely privileged, the confidential nature of the employee personnel files suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation…." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

**REQUEST FOR PRODUCTION NO. 67:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the names and current positions of NICHOLAS LEE CAROPINO's partners, supervisors and peers in the Southern Patrol Area during the period of time NICHOLAS LEE CAROPINO was stationed to that patrol area.

47

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 67:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. The names and current positions of Caropino's former partners, supervisors or peers have no relevance and no tendency to lead to admissible evidence.

While access to discovery was in the past described as a broad right, amendments to the rules have significantly narrowed it. Indeed, "the right of a party to obtain discovery is not unlimited. A discovery request must be 'relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.'" *Epstein v. MCA*, 54 F.3d 1422, 1423

**JOINT STIPULATION RE: MOTION TO COMPEL**

(9th Cir. 1995). "Before it was amended in 2000, Rule 26(b) fixed the outer bounds of discovery in terms of the 'subject matter involved in the pending action.' The amended version of this provision, clearly intended to shrink the universe of presumptively accessible material, declares that matter sought through discovery must be 'relevant to the claim or defense of any party.'" *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 638 n.32 (N.D. Cal. 2004).

In addition to "shrinking the discovery universe," the rule changes also "limit the breadth of discovery that can occur absent court approval. Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967-68 (9th Cir. 2004) [quoting Fed. R. Civ. P. 26 advisory committee's notes].

Based on the foregoing, in order to justify this request Plaintiff must show the name and current position of every partner, supervisor or peer Caropino had, during the time period he was assigned to the Southern Patrol Area, somehow relates to a party's claim or defense at issue in this case. Where, as here, a discovery request encompasses a multitude of information, the propounding party bears the burden of proving every single piece of information that would be responsive to the request "would be considered relevant under Rule 26(b)(1) or would lead to admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012). Plaintiff has made no showing the name and current position of every single person who worked with Caropino in the Southern Patrol Area would be relevant to any party's claim or defense or would lead to admissible evidence. Overbroad discovery requests cannot be supported based on a naked supposition the requested information might yield pertinent evidence—such requests are the prototypical "fishing expedition." *Watkins v. Hireright, Inc.*, No.

49

**JOINT STIPULATION RE: MOTION TO COMPEL**

13cv1432-MMA (BLM), 2014 U.S. Dist. LEXIS 185365, at *14-15 (S.D. Cal. Feb. 21, 2014). "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

These individuals are not parties and did not witness the incident, so their privacy interests are paramount. *Soto v. City of Concord*, 162 F.R.D. 603, 614-17 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230 (S.D. Cal. 1993). The information sought is OCSD personnel files. "While [personnel] files are not absolutely privileged, the confidential nature of the employee personnel files suggests that opening the files to the plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation…." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

**REQUEST FOR PRODUCTION NO. 68:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence complaints made against Orange County Sheriff Deputies by citizens, peers, supervisors, attorneys, judges, or others, which include, reference or otherwise involve dishonesty, false statements, false testimony, misleading statements, misrepresentations, deceitfulness, or omitting material information, for a period of ten years prior to the date of the incident to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "complaints" and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code

50

**JOINT STIPULATION RE: MOTION TO COMPEL**

§1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. In accordance with the Court's Order, Defendant already produced documents responsive to this Request. See documents bates stamped 002455 – 002624, 002625 – 002689, and 0022701 – 0022703.

**DEFENDANT'S POSITION RE REQUEST NO. 68:**

In her first set of document requests (RFP # 33) Plaintiff asked for complaints against Deputies Eiben, Chapple and/or Mathis regarding "sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, the planting of evidence, false statements, or false testimony." Order [Dkt # 52], p. 11. This Court cited pertinent authorities holding the privacy rights of deputies who are not parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court therefore balanced the privacy rights of these deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding

51

**JOINT STIPULATION RE: MOTION TO COMPEL**

dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**." Order [Dkt # 52], p. 13 [emphasis in original]. This Court already considered Plaintiff's request for complaints against non-party deputies and limited the responsive documents that must be produced to only those complaints within the five years preceding the incident. It is nonsensical for Plaintiff to now expand the scope of discovery and propound a request for documents showing all complaints against any deputy in the ten years preceding the incident. This issue has already been presented to this Court, and the County has already complied with the parameters the Court set.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence complaints made against Orange County Sheriff Deputies by citizens, peers, supervisors, attorneys, judges, or others, for failing to report use of force or deputy misconduct, including but not limited to, use of force, sexual misconduct, constitutional violations, dishonesty, false statement, false testimony, misleading statements, misrepresentations, deceitfulness, and omitting material information, for a period of ten years prior to the date of the incident to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "complaints" and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their

52

**JOINT STIPULATION RE: MOTION TO COMPEL**

corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced

**JOINT STIPULATION RE: MOTION TO COMPEL**

documents responsive to this Request. See documents bates stamped 0001466 –
002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624,
002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702,
00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 69:**

In her first set of document requests (RFP # 32 & 33) Plaintiff asked for "all
'citizen complaints' concerning sexual misconduct, sexual assault, use of force,
dishonesty, unlawful detention, false arrest, planting of evidence, false statements
or false testimony" against Deputies Caropino, Eiben, Chapple and/or Mathis.
Order [Dkt # 52], p. 11. This Court, however, ruled the County should produce
only selected complaints "regarding sexual misconduct, sexual assault, dishonesty,
unlawful detention, false statement, and false testimony…. Accordingly, because
such documents are relevant to plaintiff's claims in this action and proportional to
the needs of the case, the Court grants the Motion to Compel regarding the
production of citizen complaints against Deputy Caropino (RFP No. 33) regarding
sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements,
and false testimony." Order [Dkt # 52], p. 13. With respect to the non-party
deputies this Court cited pertinent authorities holding the privacy rights of deputies
who are not parties "are more substantial because they are not parties to this case."
Order [Dkt # 52], p. 15. The Court therefore balanced the privacy rights of these
deputies against Plaintiff's ability to obtain discovery proportional to the needs of
the case, and ruled the County should produce only "complaints regarding
dishonesty, false statement, and false testimony … **for the period of five years
prior to the date of the incident**." Order [Dkt # 52], p. 13 [emphasis in original].
This Court already considered Plaintiff's request for complaints against non-party
deputies and limited the responsive documents that must be produced to only those
complaints within the five years preceding the incident. The Court also narrowed
the scope of Plaintiff's request, plainly rejecting production of complaints

54

**JOINT STIPULATION RE: MOTION TO COMPEL**

involving use of force. It is nonsensical for Plaintiff to now expand the scope of discovery and propound a request for documents showing all complaints against any deputy in the ten years preceding the incident. This issue has already been presented to this Court, and the County has already complied with the parameters the Court set.

**REQUEST FOR PRODUCTION NO. 70:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence Orange County Sheriff's Deputies whose names have been placed on the Brady list by the Orange County District Attorney's Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

**DEFENDANT'S POSITION RE REQUEST NO. 70:**

This request is not relevant to any party's claim or defense and it is not proportional to the needs of the case. The names of every deputy placed on the Brady list by the District Attorney's office have no relevance and no tendency to

55

**JOINT STIPULATION RE: MOTION TO COMPEL**

lead to admissible evidence.

While access to discovery was in the past described as a broad right, amendments to the rules have significantly narrowed it. Indeed, "the right of a party to obtain discovery is not unlimited. A discovery request must be 'relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence.'" *Epstein v. MCA*, 54 F.3d 1422, 1423 (9th Cir. 1995). "Before it was amended in 2000, Rule 26(b) fixed the outer bounds of discovery in terms of the 'subject matter involved in the pending action.' The amended version of this provision, clearly intended to shrink the universe of presumptively accessible material, declares that matter sought through discovery must be 'relevant to the claim or defense of any party.'" *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 638 n.32 (N.D. Cal. 2004).

In addition to "shrinking the discovery universe," the rule changes also "limit the breadth of discovery that can occur absent court approval. Under Rule 26(b)(1), for example, discovery must now relate more directly to a 'claim or defense' than it did previously, and 'if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses, the court would become involved.'" *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967-68 (9th Cir. 2004) [quoting Fed. R. Civ. P. 26 advisory committee's notes].

Based on the foregoing, in order to justify this request Plaintiff must show the name of every single deputy whose name has ever been placed on a Brady list by the County District Attorney's office, at any time and without any time limitation, somehow relates to a party's claim or defense at issue in this case.

Where, as here, a discovery request encompasses a multitude of information, the propounding party bears the burden of proving every single document that would be responsive to the request "would be considered relevant under Rule 26(b)(1) or would lead to admissible evidence." *Mailhoit v. Home Depot U.S.A.,*

**JOINT STIPULATION RE: MOTION TO COMPEL**

*Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012). Plaintiff has made no showing the name and current position of every single deputy whose name has ever been placed on a Brady list by the District Attorney's office would be relevant to any party's claim or defense or would lead to admissible evidence. Overbroad discovery requests cannot be supported based on a naked supposition the requested information might yield pertinent evidence—such requests are the prototypical "fishing expedition." *Watkins v. Hireright, Inc.*, No. 13cv1432-MMA (BLM), 2014 U.S. Dist. LEXIS 185365, at *14-15 (S.D. Cal. Feb. 21, 2014). "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

**REQUEST FOR PRODUCTION NO. 71:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence complaints made against Orange County Sheriff Deputies by citizens, peers, supervisors, attorneys, judges, or others, where discipline was not imposed due to the statute of limitations for imposing discipline on peace officers had ran, for a period of ten years prior to the date of the incident to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Defendant objects to this request on the grounds it is vague and ambiguous as to "complaints," burdensome, and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their

**JOINT STIPULATION RE: MOTION TO COMPEL**

corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

**DEFENDANT'S POSITION RE REQUEST NO. 71:**

Plaintiff does not cite the "statute of limitations for imposing discipline on peace officers," making this request so vague and ambiguous as to be unintelligible. Moreover Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. The Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false

58

**JOINT STIPULATION RE: MOTION TO COMPEL**

arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-party deputies, and the Court limited the responsive documents that must be produced to only similar incidents. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set, by seeking any and all investigations of any deputy in the last ten years, regardless of the nature of the alleged misconduct. This is well outside the bounds on discovery this Court has recognized in this case.

**REQUEST FOR PRODUCTION NO. 72:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the allegation of felony child molestation by Orange County Sheriff's Department employee that is referenced in the Report on Office of Independent Review Oversight of OCSD by Stephen J. Connolly dated May 26, 2009, which is included on the disc served with these requests. In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said

**JOINT STIPULATION RE: MOTION TO COMPEL**

reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County

60

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 72:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by the Orange County Office of Independent Review ("OIR"), but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 73:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the Report on Office of

62

**JOINT STIPULATION RE: MOTION TO COMPEL**

Independent Review Oversight of OCSD by Stephen J. Connolly dated May 26, 2009, which is included on the disc served with these requests:

> *An officer from another jurisdiction was involved in an Orange County traffic collision which left the other driver with serious injuries. The officer's possible alcohol impairment quickly became an issue in the investigation, but responding officers from OCSD made questionable decisions at the scene in terms of preserving evidence of the suspect's condition. This included allowing a supervisor from the suspect's agency (who had heard about the accident and responded to the scene) to transport him to the hospital instead of having OCSD deputies maintain control. Given the perception issues that a "brother officer" was receiving preferential treatment, OIR recommended that charges of performance failures be sustained, and that discipline be imposed. This was different than the initial Department resolution, but the OIR recommendation was eventually adopted.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the

**JOINT STIPULATION RE: MOTION TO COMPEL**

right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 73:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual

65

**JOINT STIPULATION RE: MOTION TO COMPEL**

assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 74:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated July 7, 2009, which is included on the disc served with these requests:

*OIR has been tracking the progress of a significant case that received media attention in recent weeks. It concerned the alleged excessive force of a deputy who deployed a taser on a newly arrested suspect in the back of a radio car. The initial incident, which occurred in 2007, resulted in criminal charges against the deputy in connection with allegedly unlawful force. The trial occurred in the spring, and ended in a hung jury. The District Attorney's Office decided not to re file the case, and expressed its frustration over the testimony of key witnesses from the Sheriff's Department who had been involved in the original event.*

*The position of the District Attorney's Office was that the officers' testimony had changed over time in a way that blunted or eliminated its effectiveness as evidence against the defendant deputy. There were public references to the notorious "code of silence" among*

66

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  *law enforcement personnel, which theorizes that officers remain loyal to each other when*

2  *challenged, even at the expense of their individual integrity and their legal obligations.*

3  *Once the criminal case was completed, the Department turned its administrative*

4  *attention to various issues involving its personnel. There was an investigation involving the*

5  *original deputy, and the charges that he had violated the Department's force policy and*

6  *several related policies relating to reporting and false statements. Though he had not been*

7  *convicted at his criminal trial, the Department has a broader range of evidence to consider*

8  *(including the officer's lengthy interview with Internal Affairs) and a different standard of*

9  *proof (the lower "preponderance of the evidence," as opposed to "beyond a reasonable*

10  *doubt.') That investigation is complete. OIR will provide further information in a later report*

11  *once the outcome is finalized.*

12  *On a second front, the Department is investigating issues relating to the*

13  *initial involvement and subsequent statements of the witness officers. That case*

14  *is ongoing. The Department is taking seriously the District Attorney's*

15  *allegations, and has benefited from the cooperation of the D.A.'s Office in its*

16  *review. The facts — which revolve around nuanced differences between several*

17  *different statements over time by each officer — are complex. However, the*

18  *Department appears to recognize the importance of the issues at stake, and has*

19  *framed the investigation appropriately. Additional interviews with the involved*

20  *officers are expected to occur soon.*

21  In responding to this Request include all police and investigative reports,

22  criminal reports, internal affairs or administrative reports and investigations, all

23  audio and video recordings associated with said reports, and all DOCUMENTS

24  referring or relating to criminal charges and disciplinary action taken.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

26  Defendant objects to this request on the grounds it is burdensome and overly

27  broad in scope and time. Defendant further objects to this request on the grounds it

28  seeks information which is irrelevant and not proportional to the needs of this case

**JOINT STIPULATION RE: MOTION TO COMPEL**

pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the

68

**JOINT STIPULATION RE: MOTION TO COMPEL**

incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 74:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,

69

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  evaluations, reprimands, or administrative reviews" of these non-party deputies
2  (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of
3  these non-party deputies against Plaintiff's ability to obtain discovery proportional
4  to the needs of the case, and ruled the County should produce only "complaints
5  regarding dishonesty, false statement, and false testimony … **for the period of five**
6  **years prior to the date of the incident**," as well as "complaints relating to sexual
7  assault and any corresponding disciplinary actions, including but not limited to,
8  investigations, performance evaluations, reprimands, and administrative reviews,
9  **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all
10  emphasis in original]. The County complied with the Order.

11       This Court already considered Plaintiff's request for complaints against and
12  investigations of non-parties, and the Court limited the responsive documents that
13  must be produced. Plaintiff is now attempting to expand that scope and obtain
14  documents outside the parameters this Court already set. Moreover the incident
15  referenced in this request was discussed in a report prepared by OIR, but that
16  report does *not* list the names of any individual involved in the incident,  the case
17  number, or any specifics that would enable the County to locate requested records.

18

19  **REQUEST FOR PRODUCTION NO. 75:**

20       Any and all DOCUMENTS that refer, relate to or otherwise evidence the
21  incident referenced in the following excerpt from the OIR Monthly Activity Report
22  by Stephen J. Connolly dated July 7, 2009, which is included on the disc served
23  with these requests:

24       *A deputy resigned from the Department in the aftermath of an Internal*
25  *Affairs investigation that involved him and three other deputies. The first deputy*
26  *allegedly interfered with the criminal investigation of another agency into*
27  *misconduct by the other three, who were off-duty. The deputy then allegedly*
28  *compounded the problem through false statements in a subsequent contact with*

70

**JOINT STIPULATION RE: MOTION TO COMPEL**

*the investigating officer. As for the other three, their misconduct (which involved poaching allegations connected to a boating trip, and subsequent cooperation issues in their dealings with the other agency) resulted in substantial disciplinary sanctions.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

71

**JOINT STIPULATION RE: MOTION TO COMPEL**

allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 75:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case."

72

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response
2   to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated
3   "seek information not proportional to the needs of the case" and are "not limited to
4   incidents of 'sexual misconduct' similar to the claim brought in the instant suit."
5   Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of
6   "complaints or allegations of sexual misconduct between any deputy or other peace
7   officer, on the one hand, and any non-OCSD employee, on the other hand, in the
8   last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

9       Plaintiff also asked for "all 'citizen complaints' concerning sexual
10   misconduct, sexual assault, use of force, dishonesty, unlawful detention, false
11   arrest, planting of evidence, false statements or false testimony" against non-party
12   Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,
13   evaluations, reprimands, or administrative reviews" of these non-party deputies
14   (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of
15   these non-party deputies against Plaintiff's ability to obtain discovery proportional
16   to the needs of the case, and ruled the County should produce only "complaints
17   regarding dishonesty, false statement, and false testimony … **for the period of five**
18   **years prior to the date of the incident**," as well as "complaints relating to sexual
19   assault and any corresponding disciplinary actions, including but not limited to,
20   investigations, performance evaluations, reprimands, and administrative reviews,
21   **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all
22   emphasis in original]. The County complied with the Order.

23       This Court already considered Plaintiff's request for complaints against and
24   investigations of non-parties, and the Court limited the responsive documents that
25   must be produced. Plaintiff is now attempting to expand that scope and obtain
26   documents outside the parameters this Court already set. Moreover the incident
27   referenced in this request was discussed in a report prepared by OIR, but that
28   report does *not* list the names of any individual involved in the incident,  the case

**JOINT STIPULATION RE: MOTION TO COMPEL**

number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 76:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated July 7, 2009, which is included on the disc served with these requests:

*An investigator allegedly neglected dozens of criminal cases and misrepresented her efforts in order to cover for a lack of sufficient work. When challenged in the context of a very thorough investigation (for which OIR's investigations analyst offered significant input at the request of Internal Affairs), the officer failed to accept responsibility and made several assertions that clashed with the evidence. The investigation is complete and OIR has recommended termination; the final disposition is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the

74

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   right to privacy afforded by both the California and United States Constitutions;

2   the Official Information Privilege; the Executive Privilege under Federal decisional

3   law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

4   Privilege under California statutory and decisional law.

5   Additionally, this request seeks information, some of which would, if it

6   existed, be within confidential peace officer personnel records, which are protected

7   from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

8   Code § 832.5, et seq. and by the Federal Official Information privilege.

9   Without waiving said objections, Defendant responds as follows: Per the

10   Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

11   allegations or complaints of sexual misconduct Defendant is to identify is limited

12   to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

13   In accordance with the Court's Order and based on Plaintiff's claim brought in the

14   instant suit, Defendant will identify whether an investigation was conducted into

15   any allegations or complaints of "sexual misconduct" to include any allegation or

16   complaint of rape, or otherwise coerced sexual contact, between an Orange County

17   Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

18   and any non-OCSD employee, on the other hand, in the last five years. Further, per

19   the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,

20   Defendant was to produce citizen complaints against Deputy Christopher Eiben,

21   Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false

22   statements, and false testimony for the period of five years prior to the date of the

23   incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated

24   March 14, 2017, Defendant was to produce citizen complaints against Deputy

25   Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

26   unlawful detention, false statements, and false testimony.

27   In accordance with the Court's Order, Defendant already produced the

28   following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

75

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,

2  000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

3  002150, and 22701 – 22712.

4  **DEFENDANT'S POSITION RE REQUEST NO. 76:**

5       Plaintiff previously asked for documents showing "each instance in which

6  OCSD employees violated policy or procedure regarding sexual activity while on

7  duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD

8  personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD

9  personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights

10  of non-parties "are more substantial because they are not parties to this case."

11  Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response

12  to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated

13  "seek information not proportional to the needs of the case" and are "not limited to

14  incidents of 'sexual misconduct' similar to the claim brought in the instant suit."

15  Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of

16  "complaints or allegations of sexual misconduct between any deputy or other peace

17  officer, on the one hand, and any non-OCSD employee, on the other hand, in the

18  last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

19       Plaintiff also asked for "all 'citizen complaints' concerning sexual

20  misconduct, sexual assault, use of force, dishonesty, unlawful detention, false

21  arrest, planting of evidence, false statements or false testimony" against non-party

22  Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,

23  evaluations, reprimands, or administrative reviews" of these non-party deputies

24  (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of

25  these non-party deputies against Plaintiff's ability to obtain discovery proportional

26  to the needs of the case, and ruled the County should produce only "complaints

27  regarding dishonesty, false statement, and false testimony … **for the period of five**

28  **years prior to the date of the incident**," as well as "complaints relating to sexual

76

**JOINT STIPULATION RE: MOTION TO COMPEL**

assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 77:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated August 11, 2009, which is included on the disc served with these requests:

*A relative contacted OIR to express concern about an inmate in one of the county jails who had been involved in a significant force incident with deputies. She claimed that when she visited him several days after the incident, he still seemed dazed from repeated punches in the head that he had received. OIR ensured that her complaint was in the Department's system for review, and got some preliminary information about the incident and the force that had been involved. A few weeks later, as the investigative process was unfolding, a second outside complaint emerged that had several things in common with its predecessor — including the same deputy as the principal participant, a verbally belligerent inmate, a particular deputy who did not notes a supervisor but instead dealt with the inmate himself, and a significant use of force after the*

77

**JOINT STIPULATION RE: MOTION TO COMPEL**

*inmate allegedly made threatening movements. OIR contacted \*captain at the facility, and he immediately pulled the two cases for his own review. The next day, OIR met with the captain and the Custody Division chief to review videotape from the two force incidents. Based on significant concerns about the necessity for the force as well as the adherence to Department policy, the Department ordered the deputy to be relieved of duty and initiated a criminal investigation into possible assault under color of authority. That investigation is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

78

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   Code § 832.5, et seq. and by the Federal Official Information privilege.

2       Without waiving said objections, Defendant responds as follows: Per the

3   Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

4   allegations or complaints of sexual misconduct Defendant is to identify is limited

5   to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

6   In accordance with the Court's Order and based on Plaintiff's claim brought in the

7   instant suit, Defendant will identify whether an investigation was conducted into

8   any allegations or complaints of "sexual misconduct" to include any allegation or

9   complaint of rape, or otherwise coerced sexual contact, between an Orange County

10  Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

11  and any non-OCSD employee, on the other hand, in the last five years. Further, per

12  the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,

13  Defendant was to produce citizen complaints against Deputy Christopher Eiben,

14  Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false

15  statements, and false testimony for the period of five years prior to the date of the

16  incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated

17  March 14, 2017, Defendant was to produce citizen complaints against Deputy

18  Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

19  unlawful detention, false statements, and false testimony.

20      In accordance with the Court's Order, Defendant already produced the

21  following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

22  002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,

23  000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

24  002150, and 22701 – 22712.

25  **DEFENDANT'S POSITION RE REQUEST NO. 77:**

26      Plaintiff previously asked for documents showing "each instance in which

27  OCSD employees violated policy or procedure regarding sexual activity while on

28  duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD

79

---

**JOINT STIPULATION RE: MOTION TO COMPEL**

personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain

80

**JOINT STIPULATION RE: MOTION TO COMPEL**

documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 78:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated August 11, 2009, which is included on the disc served with these requests:

*A deputy and a supervisor clashed over how a particular domestic disturbance call should be handled. The supervisor believed that an erratic family member warranted hospitalization for an involuntary psychiatric evaluation; the deputy disagreed as to whether the legal grounds were satisfied, and considered the sergeant's instructions to be wrongful. Both came under scrutiny for their handling of the event, which involved serious potential issues of insubordination, improper supervision, and mishandling of the call itself The investigation was careful and thorough. It was eventually determined that both had fallen short of Department expectations in terms of their poor communication and inability to resolve their concerns in the field, to the detriment of the Department's performance. Both were due to receive low-level suspensions. However, by the time the final decision had been rendered, the statute of limitations had lapsed.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per

82

**JOINT STIPULATION RE: MOTION TO COMPEL**

the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 78:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 79:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated August 11, 2009, which is included on the disc served with these requests:

*An inmate alleged that, as he was being brought to jail after his arrest, the*

84

**JOINT STIPULATION RE: MOTION TO COMPEL**

*transporting deputy told him not to report an existing injury at triage so as not to extend the booking process and inconvenience the deputy, whose shift was ending. Force had been in issue in the both the underlying criminal charge (assault) and in the arrest, which had involved an altercation with deputies. It took several months for the deputy to be interviewed for the investigation, and several more for the final determination that he had violated policy in his handling and documentation of the inmate's condition. He was due to receive a moderate suspension, but the statute of limitations had lapsed by the time he was served with notice.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected

**JOINT STIPULATION RE: MOTION TO COMPEL**

from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 79:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on

86

**JOINT STIPULATION RE: MOTION TO COMPEL**

duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that

87

**JOINT STIPULATION RE: MOTION TO COMPEL**

must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 80:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated August 11, 2009, which is included on the disc served with these requests:

*A patrol deputy allegedly abused his authority by conducting repeated traffic stops on a female motorist for the purpose of cultivating an off-duty relationship with her. On the second stop, he allegedly touched the female inappropriately. As the facts of the allegation became known, thanks to a referral by another agency, OCSD worked with OIR in framing the initial investigation as a criminal case, and in pulling the deputy from the field pending the outcome. Though the District Attorney's Office eventually determined that it did not have a basis for proceeding with a criminal prosecution, based on inconclusive evidence, the OCSD administrative investigation established that the contacts were, at the very least, irregular and out of policy. OIR has recommended demotion and a return to the Custody Division, where the deputy can be more closely supervised. Final discipline is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

88

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per

89

**JOINT STIPULATION RE: MOTION TO COMPEL**

the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 80:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

90

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 81:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated August 11, 2009, which is included on the disc served with these requests:

*In a case referred by the District Attorney's Office, the truthfulness of an*

**JOINT STIPULATION RE: MOTION TO COMPEL**

*investigator's testimony at a preliminary hearing came into question. The issue concerned a statement captured on an OCSD patrol vehicle surveillance system at the termination of a vehicle pursuit. The investigator, agitated by the driver's attempt to flee, allegedly threatened to "make something up" if necessary in order to send him to jail. When confronted with the statement under questioning by a defense attorney, the investigator claimed that he did not recall having made it. The evidence was not determinative as to the possible perjury charge, but the Department recognized that the statement — though made in the heat of the moment and not compounded by any subsequent actions against the suspect — was a significant policy violation. Final discipline in the case is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

92

**JOINT STIPULATION RE: MOTION TO COMPEL**

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 81:**

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

94

**JOINT STIPULATION RE: MOTION TO COMPEL**

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 82:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated August 11, 2009, which is included on the disc served with these requests

*A handcuffed inmate, newly arrested, was intoxicated and belligerent in the booking area of the Central Jail Complex. He remained uncooperative, and eventually turned on a deputy in a way that prompted the deputy to take him to the ground. His continued resistance then prompted the response of other deputies, and it took several punches and other force to finally secure the inmate. Though the force was potentially justified, two facts complicated the review: first, the fact that the inmate had been handcuffed the entire time, and second, that the reviewing sergeant had done a cursory job of assessing the incident. Particularly inadequate was the interview of the inmate, which was both brief and lacking in objectivity. The incident eventually became the focus of a personnel investigation, which exonerated the deputies.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken, particularly

95

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   as to the reviewing sergeant.

2   / / /

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

4   Defendant objects to this request on the grounds it is burdensome and overly

5   broad in scope and time. Defendant further objects to this request on the grounds it

6   seeks information which is irrelevant and not proportional to the needs of this case

7   pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

8   this request on the grounds it seeks information which is confidential, privileged

9   and protected on multiple grounds, including but not limited to the attorney work

10  product doctrine, attorney client privilege as codified in State and Federal statutes,

11  California Evidence Code §1040, California Civil Code §47 and California Govt

12  Code §6254 and their corollaries in Federal statutory and decisional authority; the

13  right to privacy afforded by both the California and United States Constitutions;

14  the Official Information Privilege; the Executive Privilege under Federal decisional

15  law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16  Privilege under California statutory and decisional law.

17  Additionally, this request seeks information, some of which would, if it

18  existed, be within confidential peace officer personnel records, which are protected

19  from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

20  Code § 832.5, et seq. and by the Federal Official Information privilege.

21  Without waiving said objections, Defendant responds as follows: Per the

22  Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

23  allegations or complaints of sexual misconduct Defendant is to identify is limited

24  to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

25  In accordance with the Court's Order and based on Plaintiff's claim brought in the

26  instant suit, Defendant will identify whether an investigation was conducted into

27  any allegations or complaints of "sexual misconduct" to include any allegation or

28  complaint of rape, or otherwise coerced sexual contact, between an Orange County

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 82:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 83:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated September 15, 2009, which is included on the disc

98

**JOINT STIPULATION RE: MOTION TO COMPEL**

served with these requests:

A deputy approached an adult who was violating a city ordinance by riding his skateboard after dark The encounter did not get off to a smooth start; as he acknowledged in his subsequent complaint letter to the Department, the rider thought the ticket he received was "ridiculous," and he made his views known. Eventually the deputy decided to search the citizen, and ultimately took him to the ground and handcuffed him. (He was later released in the field without additional charges.) In his complaint, the citizen alleged that the force was unnecessary and retaliatory because of his verbal challenge. He also claimed minor injuries and property damage.

The deputy had not reported any force, nor had he documented any resistance from the complainant. In his interview for the complaint investigation, the deputy freely acknowledged having performed the takedown, but described it as an appropriate response to the rider's lack of cooperation. He also believed that formal documentation was not required under the reporting policy at the time of the incident.

The Department initially took the position that the primary misconduct charges should be "unfounded" based on the available evidence. OIR took a different view. While conceding that investigation had not established improper force, the totality of the facts clearly indicated that some written record of what had occurred was appropriate for several reasons. Given the contentious nature of the exchange, for example, a detailed report would have helped ensure accountability and insulate the Department.

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per

100

**JOINT STIPULATION RE: MOTION TO COMPEL**

the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 83:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

101

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 84:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated September 15, 2009, which is included on the disc served with these requests:

*While involved in contentious divorce proceedings, a deputy received a*

102

**JOINT STIPULATION RE: MOTION TO COMPEL**

*check that was made out to both him and his estranged wife. He signed her name as well as his, cashed the check, and kept the money, reasoning that her share was far less than what she already owed him in other contexts. When she learned of this, she complained to the authorities, and a criminal investigation ensued into possible forgery charges. Though the District Attorney's Office ultimately declined to file the case, citing the greater suitability of other venues for resolving the dispute, the Department looked at the matter administratively. The deputy admitted his responsibility but also offered explanations and technical defenses that bolstered his case. The Department initially took the position that the charges should be "not sustained" though it agreed that verbal counseling was appropriate. OIR agreed that the forgery charge was not established by the evidence and recognized the mitigating factors asserted by the Department. However, OIR did think that the deputy's unilateral decision to "take matters into his own hands" had reflected poorly on the Department and had needlessly opened the door to further antagonism with his wife. It recommended a sustained finding, with a low-level discipline. After a spirited exchange of ideas, the Assistant Sheriff in charge of the case accepted OIR's recommendation and changed the outcome.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work

**JOINT STIPULATION RE: MOTION TO COMPEL**

product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

104

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  unlawful detention, false statements, and false testimony.

2      In accordance with the Court's Order, Defendant already produced the

3  following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

4  002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,

5  000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

6  002150, and 22701 – 22712.

7  **DEFENDANT'S POSITION RE REQUEST NO. 84:**

8      Plaintiff previously asked for documents showing "each instance in which

9  OCSD employees violated policy or procedure regarding sexual activity while on

10 duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD

11 personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD

12 personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights

13 of non-parties "are more substantial because they are not parties to this case."

14 Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response

15 to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated

16 "seek information not proportional to the needs of the case" and are "not limited to

17 incidents of 'sexual misconduct' similar to the claim brought in the instant suit."

18 Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of

19 "complaints or allegations of sexual misconduct between any deputy or other peace

20 officer, on the one hand, and any non-OCSD employee, on the other hand, in the

21 last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

22     Plaintiff also asked for "all 'citizen complaints' concerning sexual

23 misconduct, sexual assault, use of force, dishonesty, unlawful detention, false

24 arrest, planting of evidence, false statements or false testimony" against non-party

25 Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,

26 evaluations, reprimands, or administrative reviews" of these non-party deputies

27 (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of

28 these non-party deputies against Plaintiff's ability to obtain discovery proportional

105

**JOINT STIPULATION RE: MOTION TO COMPEL**

to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 85:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Monthly Activity Report by Stephen J. Connolly dated October 20, 2009, which is included on the disc served with these requests:

*Several months ago, an outside agency notified Department executives about possible off-duty misconduct involving several o leers and vice-related offenses. The outside agency's own investigation did not substantiate its suspicions of criminal misconduct, but the Department still considered the issues worthy of administrative review.*

*One of the implicated officers retired from the Department before the Internal Affairs investigation began. A second chose to resign on the day that his interview was scheduled to occur. A third admitted in his interview that he had*

**JOINT STIPULATION RE: MOTION TO COMPEL**

*violated policy by engaging in inappropriate off-duty behavior; he received a significant suspension. The administrative charges against an additional officer were not sustained.*

*As witness statements and other evidence began to accumulate, an additional side issue emerged: the workplace culture at the assignment shared by several of the involved parties. At OIR's urging, the Department interviewed a supervisor to determine whether there was legitimacy to allegations that inappropriate jokes, conversations, and behaviors had been pervasive, and what if anything had been done to address the situation. That interview did suggest the need for additional managerial attention, which the Department is now providing, the supervisor himself retired shortly after his interview took place.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

107

**JOINT STIPULATION RE: MOTION TO COMPEL**

Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**DEFENDANT'S POSITION RE REQUEST NO. 85:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all

109

**JOINT STIPULATION RE: MOTION TO COMPEL**

emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 86:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt regarding the investigation of the John Chamberlain murder from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*The evidence showed that the one of the assigned deputies had spent the critical period watching television inside the guard station and sending personal text messages on a cell phone. Staff neglected the security checks that were required every 30 minutes. Though it is true that the inmates carried out the assault in a "blind spot" behind a half-wall in a corner of the housing unit, the failure to notice any of the relevant activity — including the congregation of inmates and the trips to sink areas for water to clean up the blood — is startling if not inconceivable from a due diligence perspective.*

*Other evidence portrayed the Theo Lacy Jail Facility more generally as a place where at least some of the officers had exploited a lack of vigorous supervision and lapsed into negligence, or worse. Testimony from the Special Grand Jury Investigation included allegations or acknowledgments that some deputies slept on duty, routinely watched television, or made personal use of computers and electronic game systems. Other testimony focused on improper*

110

**JOINT STIPULATION RE: MOTION TO COMPEL**

*tolerance and/or promotion of an "inmate hierarchy" system in which inmates assigned to the same living area would regulate their own behavior and enforce their own internal rules. To this day, OCISD personnel who were familiar with the Lacy Facility at the time in question insist that the scope of such misconduct was limited. That it did exist, however, and with significant pervasiveness, is established by the testimony. Importantly, it seems inarguable that its existence among some employees helped create the context for Chamberlain's murder to unfold as it did.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected

111

**JOINT STIPULATION RE: MOTION TO COMPEL**

from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 86:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on

112

**JOINT STIPULATION RE: MOTION TO COMPEL**

duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that

113

**JOINT STIPULATION RE: MOTION TO COMPEL**

must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set.

**REQUEST FOR PRODUCTION NO. 87:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt regarding the investigation of the John Chamberlain murder from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*Finally, the case and its aftermath created a significant rift between the Sheriff's Department and the District Attorney's Office — two entities that obviously have a long history of collaboration in carrying out the County's law enforcement mission. Within hours of the death, a heated dispute developed as to which agency would assume the lead role in conducting the investigation. Sheriff's Department personnel refused to cede the primary role to DA investigators, who in turned refused to participate as a mere "shadow" agency for OCSD Homicide detectives. This dynamic worsened in the ensuing months. Eventually, the District Attorney felt compelled to wrest control of the case from the Sheriff's Department by empanelling a Special Criminal Grand Jury. The cooperation — or lack thereof — of some Sheriff's Department personnel in the Grand Jury process became an additional source of contention.*

*The Special Criminal Grand Jury investigation did not lead to criminal public, however, it portrayed a Sheriff's Department with a need to address widespread issues of individual accountability and systemic reform. To its credit, OCSD came to grips with that need. It undertook a comprehensive administrative investigation, and implemented several changes to policy, practice, and training in response to the Chamberlain case.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all

114

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   audio and video recordings associated with said reports, and all DOCUMENTS

2   referring or relating to criminal charges and disciplinary action taken.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

4       Defendant objects to this request on the grounds it is burdensome and overly

5   broad in scope and time. Defendant further objects to this request on the grounds it

6   seeks information which is irrelevant and not proportional to the needs of this case

7   pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

8   this request on the grounds it seeks information which is confidential, privileged

9   and protected on multiple grounds, including but not limited to the attorney work

10  product doctrine, attorney client privilege as codified in State and Federal statutes,

11  California Evidence Code §1040, California Civil Code §47 and California Govt

12  Code §6254 and their corollaries in Federal statutory and decisional authority; the

13  right to privacy afforded by both the California and United States Constitutions;

14  the Official Information Privilege; the Executive Privilege under Federal decisional

15  law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16  Privilege under California statutory and decisional law.

17      Additionally, this request seeks information, some of which would, if it

18  existed, be within confidential peace officer personnel records, which are protected

19  from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

20  Code § 832.5, et seq. and by the Federal Official Information privilege.

21      Without waiving said objections, Defendant responds as follows: Per the

22  Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

23  allegations or complaints of sexual misconduct Defendant is to identify is limited

24  to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

25  In accordance with the Court's Order and based on Plaintiff's claim brought in the

26  instant suit, Defendant will identify whether an investigation was conducted into

27  any allegations or complaints of "sexual misconduct" to include any allegation or

28  complaint of rape, or otherwise coerced sexual contact, between an Orange County

115

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 87:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

116

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set.

**REQUEST FOR PRODUCTION NO. 88:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*Two younger deputies and a more experienced deputy were dealing with a recalcitrant inmate who did not wish to be moved to disciplinary isolation. In spite of the disruptive and uncooperative actions of the inmate, the deputies decided to*

117

**JOINT STIPULATION RE: MOTION TO COMPEL**

*enter the cell to remove him. A scuffle ensued, and the inmate eventually went for*
*medical review of scrapes and contusions. The deputies, however, did not initially*
*report using force; one deputy in fact directly claimed to a supervisor that no force*
*had been involved. OIR eventually concurred with the Department's decision to*
*discharge the most senior deputy, who had influenced the actions of the others and*
*been untruthful during the investigation process. However, OIR also recommended*
*discipline for the other participants — in spite of their understandable deference to*
*the other deputy — based on their independent obligations to follow Department*
*procedure. The Department concurred.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it

**JOINT STIPULATION RE: MOTION TO COMPEL**

existed, be within confidential peace officer personnel records, which are protected
from disclosure by California Evidence Code §§ 1043 through 1045 and Penal
Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the
Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the
allegations or complaints of sexual misconduct Defendant is to identify is limited
to incidents of "sexual misconduct" similar to the claim brought in the instant suit.
In accordance with the Court's Order and based on Plaintiff's claim brought in the
instant suit, Defendant will identify whether an investigation was conducted into
any allegations or complaints of "sexual misconduct" to include any allegation or
complaint of rape, or otherwise coerced sexual contact, between an Orange County
Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,
and any non-OCSD employee, on the other hand, in the last five years. Further, per
the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,
Defendant was to produce citizen complaints against Deputy Christopher Eiben,
Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false
statements, and false testimony for the period of five years prior to the date of the
incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated
March 14, 2017, Defendant was to produce citizen complaints against Deputy
Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,
unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the
following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –
002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,
000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –
002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 88:**

Plaintiff previously asked for documents showing "each instance in which

119

**JOINT STIPULATION RE: MOTION TO COMPEL**

OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and

120

**JOINT STIPULATION RE: MOTION TO COMPEL**

investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 89:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*An off-duty deputy wore his uniform and gun to a local airport for the sole purpose of getting past normal security procedures. He hoped to pick up a family member at the gate instead of a public area. He ended up getting past security due to other lapses by airport personnel. Though the investigation was straightforward, OIR took a more stringent view of the appropriate discipline than the Department's initial decision-maker. OIR cited the abuse of authority and the embarrassment to the Department, due to the problems the incident caused for involved airport employees. The Department concurred with OIR's assessment, final discipline is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case

121

**JOINT STIPULATION RE: MOTION TO COMPEL**

pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the

**JOINT STIPULATION RE: MOTION TO COMPEL**

incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 89:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,

123

## JOINT STIPULATION RE: MOTION TO COMPEL

evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 90:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*In reviewing different force investigations completed by jail personnel, OIR noticed instances in which the handling supervisor's subsequent interview of the involved inmate was problematic. The interviews gave the appearance of a lack of some of this reaction may have been understandable, it tended to undermine the effectiveness and legitimacy of the force review itself. Neutral fact-gathering is the*

124

**JOINT STIPULATION RE: MOTION TO COMPEL**

*starting point of a credible and effective review, and the inmate's statements*
*constitute significant evidence. 011? consulted with Custody executives, and a*
*training video on interviewing techniques is being prepared by the Department*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited

125

**JOINT STIPULATION RE: MOTION TO COMPEL**

to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 90:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response

126

**JOINT STIPULATION RE: MOTION TO COMPEL**

to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

127

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 91:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*A jail deputy kneed an inmate who was sitting in the chow hall area and told him to leave. This was supposedly in response to a rules violation by the inmate. However, the deputy did not write up the violation or report the incident to a supervisor. Though the inmate did not receive any injuries and the contact was minor, the incident violated policy due to unauthorized tactics and the poor choice to handle the matter informally and with physical force. OIR concurred with the findings and the significant discipline that resulted.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional

128

**JOINT STIPULATION RE: MOTION TO COMPEL**

law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 91:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews,

130

**JOINT STIPULATION RE: MOTION TO COMPEL**

**during the five years preceding the incident**.” Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 92:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Status Report 2009-2010 by Stephen J. Connolly, which is included on the disc served with these requests:

*A citizen went to a patrol station to make the Department aware of a minor collision that had occurred the previous evening and involved a deputy in a radio car. Though the two drivers had spoken the night before, the deputy had not reported the incident due to initial determination that there was no damage to either vehicle; now the other driver was claiming minor scratches. Though the first supervisor to review the case had determined the deputy was at fault — based in large part on the deputy's own subsequent report — the case nonetheless went to Internal Affairs for investigation of the reporting issue. In reviewing the PVS tape of the collision, OIR found discrepancies between the deputy's report and the depictions in the video as to what had occurred. OIR referred the case back to the station for further review of the traffic report, and recommended that the administrative case be sustained with minor discipline.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all

**JOINT STIPULATION RE: MOTION TO COMPEL**

1    audio and video recordings associated with said reports, and all DOCUMENTS

2    referring or relating to criminal charges and disciplinary action taken.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

4         Defendant objects to this request on the grounds it is burdensome and overly

5    broad in scope and time. Defendant further objects to this request on the grounds it

6    seeks information which is irrelevant and not proportional to the needs of this case

7    pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

8    this request on the grounds it seeks information which is confidential, privileged

9    and protected on multiple grounds, including but not limited to the attorney work

10   product doctrine, attorney client privilege as codified in State and Federal statutes,

11   California Evidence Code §1040, California Civil Code §47 and California Govt

12   Code §6254 and their corollaries in Federal statutory and decisional authority; the

13   right to privacy afforded by both the California and United States Constitutions;

14   the Official Information Privilege; the Executive Privilege under Federal decisional

15   law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16   Privilege under California statutory and decisional law.

17        Additionally, this request seeks information, some of which would, if it

18   existed, be within confidential peace officer personnel records, which are protected

19   from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

20   Code § 832.5, et seq. and by the Federal Official Information privilege.

21        Without waiving said objections, Defendant responds as follows: Per the

22   Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

23   allegations or complaints of sexual misconduct Defendant is to identify is limited

24   to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

25   In accordance with the Court's Order and based on Plaintiff's claim brought in the

26   instant suit, Defendant will identify whether an investigation was conducted into

27   any allegations or complaints of "sexual misconduct" to include any allegation or

28   complaint of rape, or otherwise coerced sexual contact, between an Orange County

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 92:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 93:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 4, 2011, which is included on the disc served

134

**JOINT STIPULATION RE: MOTION TO COMPEL**

with these requests:

*young female motorist complained to the Department after being detained by a male deputy for an extended period after a nighttime traffic stop. She was subjected to a pat down search that made her uncomfortable, especially in conjunction with a detailed and persistent line of questioning by the deputy. OIR was immediately notified of the complaint and consulted with Internal Affairs on its investigative approach. IA sent investigators to meet with the woman and her father, took a statement, and used that information to determine the involved deputy and pull the digital recording of the stop, which OIR reviewed the next day. Though the search itself was minimal and was allowed under Department policy and the circumstances of the stop, the deputy's tactics and the length of the detention are currently under a broader review*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional

**JOINT STIPULATION RE: MOTION TO COMPEL**

law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 93:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews,

137

**JOINT STIPULATION RE: MOTION TO COMPEL**

**during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 94:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 4, 2011, which is included on the disc served with these requests:

*A young female motorist complained to the Department after being detained by a male deputy for an extended period after a nighttime traffic stop. She was subjected to a pat down search that made her uncomfortable, especially in conjunction with a detailed and persistent line of questioning by the deputy. OIR was immediately notified of the complaint and consulted with Internal Affairs on its investigative approach. IA sent investigators to meet with the woman and her father, took a statement, and used that information to determine the involved deputy and pull the digital recording of the stop, which OIR reviewed the next day. Though the search itself was minimal and was allowed under Department policy and the circumstances of the stop, the deputy's tactics and the length of the detention are currently under a broader review.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all

138

**JOINT STIPULATION RE: MOTION TO COMPEL**

1    audio and video recordings associated with said reports, and all DOCUMENTS

2    referring or relating to criminal charges ajd disciplinary action taken.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

4         Defendant objects to this request on the grounds it is burdensome and overly

5    broad in scope and time. Defendant further objects to this request on the grounds it

6    seeks information which is irrelevant and not proportional to the needs of this case

7    pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

8    this request on the grounds it seeks information which is confidential, privileged

9    and protected on multiple grounds, including but not limited to the attorney work

10   product doctrine, attorney client privilege as codified in State and Federal statutes,

11   California Evidence Code §1040, California Civil Code §47 and California Govt

12   Code §6254 and their corollaries in Federal statutory and decisional authority; the

13   right to privacy afforded by both the California and United States Constitutions;

14   the Official Information Privilege; the Executive Privilege under Federal decisional

15   law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16   Privilege under California statutory and decisional law.

17        Additionally, this request seeks information, some of which would, if it

18   existed, be within confidential peace officer personnel records, which are protected

19   from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

20   Code § 832.5, et seq. and by the Federal Official Information privilege.

21        Without waiving said objections, Defendant responds as follows: Per the

22   Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

23   allegations or complaints of sexual misconduct Defendant is to identify is limited

24   to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

25   In accordance with the Court's Order and based on Plaintiff's claim brought in the

26   instant suit, Defendant will identify whether an investigation was conducted into

27   any allegations or complaints of "sexual misconduct" to include any allegation or

28   complaint of rape, or otherwise coerced sexual contact, between an Orange County

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 94:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

140

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 95:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 4, 2011, which is included on the disc served

141

**JOINT STIPULATION RE: MOTION TO COMPEL**

with these requests:

> *An off-duty deputy became involved in a domestic violence incident in an OCSD jurisdiction. While others were responding to the call for service, an additional deputy, who was friendly with the suspect from work, recognized the address during the radio dispatch and decided to involve himself with the call. He ended up finding the suspect deputy at a nearby location and taking an active role in ways that raised questions about his objectivity and his adherence to normal protocols. Though the criminal case was ultimately compromised, the responding deputy's judgment raised concerns. At the conclusion of the resulting administrative investigation, OIR 's recommendation for significant discipline was adopted by the Department.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

142

**JOINT STIPULATION RE: MOTION TO COMPEL**

Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**DEFENDANT'S POSITION RE REQUEST NO. 95:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all

144

**JOINT STIPULATION RE: MOTION TO COMPEL**

emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 96:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated December 15, 2011, which is included on the disc served with these requests:

*A female motorist was pulled over by a deputy for a traffic violation. In the course of writing her a citation, the deputy recognized her as a celebrity, and began to ask her about her career and her personal life. He also joked with her about telling his co-workers that he had given a ticket to someone famous. Later that day, while off-duty, the deputy went to the woman's home and sought to speak with her. She was not there, but he spoke with another resident and left a business card. Through her manager and then a lawyer, the woman eventually contacted the Department to express her concern about this off-duty outreach. The Department initiated an investigation into the actions of the deputy, who asserted that he had merely wanted to apologize for some of his comments during the traffic stop. While his explanation was credible and corroborated by other evidence, OIR has recommended significant discipline due to the poor judgment and the concerns that arise when law enforcement makes unauthorized use of private information. The final outcome is pending.*

**JOINT STIPULATION RE: MOTION TO COMPEL**

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into

146

**JOINT STIPULATION RE: MOTION TO COMPEL**

any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 96:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit."

**JOINT STIPULATION RE: MOTION TO COMPEL**

Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 97:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the

148

**JOINT STIPULATION RE: MOTION TO COMPEL**

incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated December 15, 2011, which is included on the disc served with these requests:

*A man complained that he had been roughly escorted from a courtroom without cause. The Department's initial review of the complaint resulted in a recommendation that the involved deputy receive a commendation based on his handling of a volatile and uncooperative citizen. OIR found this result puzzling, and asked the Department to revisit the allegations and interview additional potential witnesses to the encounter with an eye toward investigating the complainant's claims. The Department did conduct significant further review. While the complainant's claims were not ultimately substantiated, he contacted OIR to express his appreciation that the matter had been taken seriously.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional

149

**JOINT STIPULATION RE: MOTION TO COMPEL**

law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

150

**JOINT STIPULATION RE: MOTION TO COMPEL**

002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 97:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews,

151

**JOINT STIPULATION RE: MOTION TO COMPEL**

**during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 98:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated December 15, 2011, which is included on the disc served with these requests:

*An inmate received a minor head injury after being pulled from a holding cell and pushed against the wall. No force had been reported; when the inmate complained, the Department pulled surveillance video and was able to find the relevant encounter. The subsequent investigation turned in part on the deputy's claim that the he did not know the inmate had been injured, and did not believe his physical contact with the inmate (which he acknowledged and attempted to explain as a security issue) constituted reportable "force" within the Department's definition. Because of questionable tactics, a past history of misunderstanding regarding reporting expectations, and the force itself, OIR recommended that the allegations be sustained, with a suspension. The Department concurred.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS

152

**JOINT STIPULATION RE: MOTION TO COMPEL**

referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

153

**JOINT STIPULATION RE: MOTION TO COMPEL**

and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 98:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the

**JOINT STIPULATION RE: MOTION TO COMPEL**

last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 99:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated December 15, 2011, which is included on the disc served with these requests:

155

**JOINT STIPULATION RE: MOTION TO COMPEL**

*In a case that received significant media attention, a female jail deputy is alleged to have engaged in sexual misconduct with an inmate. The Department acted on information from the inmate himself and moved quickly to conduct a criminal investigation. Earlier this month, the deputy was arrested and relieved of duty behind the allegations. The Department is advancing its administrative process even as it works with the District Attorney's Office on a possible prosecution. Additionally, the Department is assessing the deputy's employment history, back to the time of her hiring, in an effort to determine whether potential "warning signs" were missed. This is an effort to make relevant adjustments in its practices going forward.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

156

**JOINT STIPULATION RE: MOTION TO COMPEL**

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 99:**

157

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

158

**JOINT STIPULATION RE: MOTION TO COMPEL**

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 100:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated December 15, 2011, which is included on the disc served with these requests:

*Multiple employees at one of the jails are alleged to have been derelict in the performance of their required safety checks during at least one overnight shift, and to have attempted to falsify thethe mandatory logs in an effort to cover for this misconduct. While it is encouraging that the Department became aware of this issue when another concerned employee came forward to a supervisor, the allegations are a reminder of the need for continued vigilance regarding safety check compliance. OIR worked with the Deipartment last year in clarifying ambiguous policy language and processing several separate Internal Affairs investigations, some of which resulted in discipline. Nonetheless, the new case illustrates the importance of continued emphasis in this area ambiguous policy language and processing several separate Internal Affairs investigations, some of which resulted in discipline. Nonetheless, the new case illustrates the importance of continued emphasis in this area.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all

**JOINT STIPULATION RE: MOTION TO COMPEL**

audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 100:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 101:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated August 9, 2012, which is included on the disc served

162

**JOINT STIPULATION RE: MOTION TO COMPEL**

with these requests:

   *Multiple deputies were found to have violated policy in their handling of an uncooperative inmate. Though the Department concurred with OIR's recommendations regarding low-level discipline for involved personnel (primarily for their failure to notify a supervisor prior to initiating an encounter with a recalcitrant inmate), a clerical mistake caused the completed case to languish for several weeks — past the point where discipline could legally be imposed under the Peace Officer Bill of Rights. This meant that proper accountability could not occur.*

   In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

   Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

   Additionally, this request seeks information, some of which would, if it

**JOINT STIPULATION RE: MOTION TO COMPEL**

existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 101:**

Plaintiff previously asked for documents showing "each instance in which

164

**JOINT STIPULATION RE: MOTION TO COMPEL**

OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and

165

**JOINT STIPULATION RE: MOTION TO COMPEL**

investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 102:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excgpt from the OIR Activity Report by Stephen J. Connolly dated August 9, 2012, which is included on the disc served with these requests:

*One noteworthy development this year is the rise of the cases in which failure to follow the Department's audio and video recording policy is one of the charges. This reflects a determination by Patrol Operations leadership to emphasize compliance with this requirement, and to move beyond earlier interventions that took a more patient and less punitive approach. (The most frequent issue is the deputies ' failure to turn on or leave on their microphone during citizen contacts.)*

*Though technical difficulties and unintentional oversights do occur with the equipment, the concern remains that some deputies have at times willfully ignored the policy in order to avoid scrutiny of their recorded remarks. So far, 19 new allegations have emerged in this calendar year, based on the collateral review of force incidents or citizen complaints that revealed gaps in relevant recordings. Five of these incidents have occurred in the last month.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS

166

**JOINT STIPULATION RE: MOTION TO COMPEL**

referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

167

**JOINT STIPULATION RE: MOTION TO COMPEL**

and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 102:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the

168

**JOINT STIPULATION RE: MOTION TO COMPEL**

last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony ... **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 103:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 30, 2012, which is included on the disc served with these requests:

**JOINT STIPULATION RE: MOTION TO COMPEL**

*In a case that originated as an inmate's complaint of unnecessary force, the Department conducted a criminal investigation into the actions of one of its deputies. Though the District Attorney's Office declined to prosecute, the subsequent administrative investigation led to the discharge of the deputy who had used force, failed to report it, and ultimately offered a justification for the force that was refuted by other evidence. A key factor in the sustaining of the allegation was the testimony of a witness deputy, who had originally said nothing but later cooperated with the investigation. That deputy received minor discipline for his initial failure to take appropriate action. More substantial was the discipline received by a second deputy who was in the corridor at the time of the incident, who denied having seen any misconduct and said he was looking in the other direction at the time of the force.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional

**JOINT STIPULATION RE: MOTION TO COMPEL**

law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 103:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews,

172

**JOINT STIPULATION RE: MOTION TO COMPEL**

**during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 104:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 30, 2012, which is included on the disc served with these requests:

*The Department conducted a criminal investigation into allegations of inappropriate contact, including sexual misconduct, by a deputy who regularly encountered prostitutes during his patrol responsibilities. While the criminal investigation did not corroborate the charges to the extent that the District Attorney had a basis to prosecute, the Department's Internal Affairs unit did an extremely thorough review of the deputy's PVS recordings. An investigator watched dozens of hours of video and identified multiple instances in which the deputy appeared to detain prostitutes for questioning, often parking in remote locations in order to have the conversations. This evidence directly contradicted several of the statements made by the deputy during the criminal investigation, and he did not have convincing explanations for the discrepancies when interviewed administratively. Although the most serious sexual allegations were not directly proven, the IA case established a pattern of troubling behavior and a lack of*

173

**JOINT STIPULATION RE: MOTION TO COMPEL**

*truthfulness by the officer.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the

174

**JOINT STIPULATION RE: MOTION TO COMPEL**

instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 104:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to

175

**JOINT STIPULATION RE: MOTION TO COMPEL**

incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

---

176

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 105:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 30, 2012, which is included on the disc served with these requests:

*In another jail case involving a minor, but seemingly unnecessary, use of force, OIR recommended a criminal review that did not lead to a prosecution. Nonetheless, the surveillance video raised questions about the necessity of the force, which was originally unreported. The subsequent administrative investigation led to recommendations of discipline for the involved deputy. as well as a witness deputy who failed to take appropriate action based on what he had seen.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional

177

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

2  Privilege under California statutory and decisional law.

3  Additionally, this request seeks information, some of which would, if it

4  existed, be within confidential peace officer personnel records, which are protected

5  from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

6  Code § 832.5, et seq. and by the Federal Official Information privilege.

7  Without waiving said objections, Defendant responds as follows: Per the

8  Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

9  allegations or complaints of sexual misconduct Defendant is to identify is limited

10  to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

11  In accordance with the Court's Order and based on Plaintiff's claim brought in the

12  instant suit, Defendant will identify whether an investigation was conducted into

13  any allegations or complaints of "sexual misconduct" to include any allegation or

14  complaint of rape, or otherwise coerced sexual contact, between an Orange County

15  Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

16  and any non-OCSD employee, on the other hand, in the last five years. Further, per

17  the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,

18  Defendant was to produce citizen complaints against Deputy Christopher Eiben,

19  Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false

20  statements, and false testimony for the period of five years prior to the date of the

21  incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated

22  March 14, 2017, Defendant was to produce citizen complaints against Deputy

23  Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

24  unlawful detention, false statements, and false testimony.

25  In accordance with the Court's Order, Defendant already produced the

26  following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

27  002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,

28  000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

178

**JOINT STIPULATION RE: MOTION TO COMPEL**

002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 105:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews,

179

**JOINT STIPULATION RE: MOTION TO COMPEL**

**during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 106:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 30, 2012, which is included on the disc served with these requests:

*A supervisor was removed from a field assignment after generating four separate administrative investigations within a year. Weeks into his new position in one of the jails, he allegedly mishandled a deputy's accidental discharge with a Taser by encouraging the deputy to create a memo that falsely accounted for the deployment, and then presenting that memo to the watch commander for the shift. The supervisor was placed on administrative leave, and the resulting investigation substantiated the allegations. OIR has recommended discharge, especially in conjunction with several other recent policy violations; the final decision is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per

**JOINT STIPULATION RE: MOTION TO COMPEL**

the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 106:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

## JOINT STIPULATION RE: MOTION TO COMPEL

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 107:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 25, 2013, which is included on the disc served with these requests:

*An investigation into a pattern of inappropriate on-duty contacts with*

183

**JOINT STIPULATION RE: MOTION TO COMPEL**

*prostitutes by a patrol deputy involved the review of dozens of recordings from that officer's car surveillance camera. That investigation is complete, and OIR has recommended discharge for the subject deputy. Additionally, however, one of the recorded incidents involved potential misconduct by a back-up deputy, who allegedly disregarded contraband he found in a search of a female detainee's possession and deferred to the other deputy's handling of the stop. That prompted a second investigation, which is now complete, and OIR has recommended a sustained" determination. The final outcome is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected

184

**JOINT STIPULATION RE: MOTION TO COMPEL**

from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 107:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on

185

**JOINT STIPULATION RE: MOTION TO COMPEL**

duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that

186

**JOINT STIPULATION RE: MOTION TO COMPEL**

must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 108:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incidents referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 25, 2013, which is included on the disc served with these requests:

*A female deputy recently left the Department after approximately one year o employment. As part of her "exit interview," she made several allegations about mistreatment by senior deputies at her work assignment, a pattern of hazing that she believed constituted a hostile work environment. The Department has initiated a personnel investigation and, in the interim, has re-assigned some of the named parties and taken a division-wide look at the potential issues of "culture" raised bj the allegations.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged

187

**JOINT STIPULATION RE: MOTION TO COMPEL**

and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy

188

**JOINT STIPULATION RE: MOTION TO COMPEL**

Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 108:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of

189

**JOINT STIPULATION RE: MOTION TO COMPEL**

these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 109:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 25, 2013, which is included on the disc served with these requests:

*While investigating a discrepancy between a patrol deputy's daily log and other accounts of his activity, supervisors reviewed PVS recordings from the deputy's car on the day in question. Among the issues that were discovered was the fact that, at one point at the beginning of his shift, the deputy apparently drove on the freeway at speeds exceeding 100 mph just to get to his assigned area. This conduct became part of the investigation. OIR has repeatedly encountered citizen complaints that relate to unsafe driving by the deputies, particularly with regard to*

190

**JOINT STIPULATION RE: MOTION TO COMPEL**

*speed. In conjunction with other aspects of the case, OIR has recommended formal discipline for the driving offense, and is encouraging the Department to supplement its recent "Safe Driving" initiative with a new emphasis on disciplinary consequences.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

**JOINT STIPULATION RE: MOTION TO COMPEL**

allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 109:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case."

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response
2  to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated
3  "seek information not proportional to the needs of the case" and are "not limited to
4  incidents of 'sexual misconduct' similar to the claim brought in the instant suit."
5  Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of
6  "complaints or allegations of sexual misconduct between any deputy or other peace
7  officer, on the one hand, and any non-OCSD employee, on the other hand, in the
8  last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

9  Plaintiff also asked for "all 'citizen complaints' concerning sexual
10 misconduct, sexual assault, use of force, dishonesty, unlawful detention, false
11 arrest, planting of evidence, false statements or false testimony" against non-party
12 Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,
13 evaluations, reprimands, or administrative reviews" of these non-party deputies
14 (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of
15 these non-party deputies against Plaintiff's ability to obtain discovery proportional
16 to the needs of the case, and ruled the County should produce only "complaints
17 regarding dishonesty, false statement, and false testimony … **for the period of five**
18 **years prior to the date of the incident**," as well as "complaints relating to sexual
19 assault and any corresponding disciplinary actions, including but not limited to,
20 investigations, performance evaluations, reprimands, and administrative reviews,
21 **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all
22 emphasis in original]. The County complied with the Order.

23 This Court already considered Plaintiff's request for complaints against and
24 investigations of non-parties, and the Court limited the responsive documents that
25 must be produced. Plaintiff is now attempting to expand that scope and obtain
26 documents outside the parameters this Court already set. Moreover the incident
27 referenced in this request was discussed in a report prepared by OIR, but that
28 report does *not* list the names of any individual involved in the incident,  the case

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   number, or any specifics that would enable the County to locate requested records.

2

3   **REQUEST FOR PRODUCTION NO. 110:**

4   Any and all DOCUMENTS that refer, relate to or otherwise evidence the

5   incident referenced in the following excerpt from the OIR Activity Report by

6   Stephen J. Connolly dated January 25, 2013, which is included on the disc served

7   with these requests:

8   *Last fall, an officer from another agency raised a concern about how he and*

9   *his partner had been treated at a Sheriff's Department facility. He alleged that,*

10  *after mildly objecting to loud and unprofessional banter that he overheard while*

11  *waiting to process an arrestee, he was subjected to hostility from multiple deputies*

12  *that exacerbated the problem and reflected an unsettling "This is our house"*

13  *mentality. Though one deputy eventually acknowledged making some of the initial*

14  *vulgar comments, others not only denied hearing or recalling what was said (or*

15  *otherwise engaging in unprofessional behavior), but also faulted the visiting*

16  *officer for his attitude. The Department's investigation included witness statements*

17  *and surveillance video that corroborated the complaining officer's claims. It also*

18  *called into question the veracity of several deputies who were subjects of the*

19  *investigation.*

20  In responding to this Request include all police and investigative reports,

21  criminal reports, internal affairs or administrative reports and investigations, all

22  audio and video recordings associated with said reports, and all DOCUMENTS

23  referring or relating to criminal charges and disciplinary action taken.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

25  Defendant objects to this request on the grounds it is burdensome and overly

26  broad in scope and time. Defendant further objects to this request on the grounds it

27  seeks information which is irrelevant and not proportional to the needs of this case

28  pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

194

**JOINT STIPULATION RE: MOTION TO COMPEL**

this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated

195

**JOINT STIPULATION RE: MOTION TO COMPEL**

March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 110:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies

196

**JOINT STIPULATION RE: MOTION TO COMPEL**

(RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 111:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 25, 2013, which is included on the disc served with these requests:

*An off-duty deputy was the subject of a complaint from the clerk at a pharmacy, who alleged that the deputy behaved strangely and belligerently when unhappy with the quality of service he was receiving. The clerk asserted he had identified himself as a deputy by showing his badge, and had made statements about his ability to pull her over when she left work. Some of the encounter was recorded by surveillance video, and another employee was witness to part of it as*

**JOINT STIPULATION RE: MOTION TO COMPEL**

*well. Based in part on a past history of disciplinary concerns with this employee, the Department placed him on administrative leave from duty and conducted an investigation into possible criminality. It has now determined that no criminal charges are applicable, but the administrative investigation continues with the deputy back at work.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the

198

**JOINT STIPULATION RE: MOTION TO COMPEL**

Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 111:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights

199

**JOINT STIPULATION RE: MOTION TO COMPEL**

of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that

200

**JOINT STIPULATION RE: MOTION TO COMPEL**

report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 112:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 25, 2013, which is included on the disc served with these requests:

*A deputy responded to a call for service from a homeowner regarding disposal of a gun that a relative with a criminal history had left behind. The deputy mishandled the call, taking only part of the weapon with him and failing to book even that piece into evidence. He then initially misrepresented his actions when confronted by a sergeant. Though the Department was eventually able to collect the remainder of the gun from the homeowner, and the deputy acknowledged his mistake and provided the additional piece, the Department nonetheless placed him on administrative leave and initiated an investigation into his conduct. That investigation is complete. Although the deputy accepted responsibility, several factors militated against leniency in the case. These included past history of misconduct, as well as the significance of his failing in judgment and the compounding of that by false statements to his sergeant.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case

**JOINT STIPULATION RE: MOTION TO COMPEL**

1    pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

2    this request on the grounds it seeks information which is confidential, privileged

3    and protected on multiple grounds, including but not limited to the attorney work

4    product doctrine, attorney client privilege as codified in State and Federal statutes,

5    California Evidence Code §1040, California Civil Code §47 and California Govt

6    Code §6254 and their corollaries in Federal statutory and decisional authority; the

7    right to privacy afforded by both the California and United States Constitutions;

8    the Official Information Privilege; the Executive Privilege under Federal decisional

9    law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

10   Privilege under California statutory and decisional law.

11        Additionally, this request seeks information, some of which would, if it

12   existed, be within confidential peace officer personnel records, which are protected

13   from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

14   Code § 832.5, et seq. and by the Federal Official Information privilege.

15        Without waiving said objections, Defendant responds as follows: Per the

16   Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

17   allegations or complaints of sexual misconduct Defendant is to identify is limited

18   to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

19   In accordance with the Court's Order and based on Plaintiff's claim brought in the

20   instant suit, Defendant will identify whether an investigation was conducted into

21   any allegations or complaints of "sexual misconduct" to include any allegation or

22   complaint of rape, or otherwise coerced sexual contact, between an Orange County

23   Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

24   and any non-OCSD employee, on the other hand, in the last five years. Further, per

25   the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,

26   Defendant was to produce citizen complaints against Deputy Christopher Eiben,

27   Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false

28   statements, and false testimony for the period of five years prior to the date of the

**JOINT STIPULATION RE: MOTION TO COMPEL**

incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 112:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,

**JOINT STIPULATION RE: MOTION TO COMPEL**

evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 113:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated September 20, 2013, which is included on the disc served with these requests:

*A jail deputy who was found to have developed an inappropriate relationship with an inmate and that inmate's girlfriend, and to have facilitated various favors for the inmate accordingly.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all

**JOINT STIPULATION RE: MOTION TO COMPEL**

1 | audio and video recordings associated with said reports, and all DOCUMENTS

2 | referring or relating to criminal charges and disciplinary action taken.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

4 |     Defendant objects to this request on the grounds it is burdensome and overly

5 | broad in scope and time. Defendant further objects to this request on the grounds it

6 | seeks information which is irrelevant and not proportional to the needs of this case

7 | pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

8 | this request on the grounds it seeks information which is confidential, privileged

9 | and protected on multiple grounds, including but not limited to the attorney work

10 | product doctrine, attorney client privilege as codified in State and Federal statutes,

11 | California Evidence Code §1040, California Civil Code §47 and California Govt

12 | Code §6254 and their corollaries in Federal statutory and decisional authority; the

13 | right to privacy afforded by both the California and United States Constitutions;

14 | the Official Information Privilege; the Executive Privilege under Federal decisional

15 | law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

16 | Privilege under California statutory and decisional law.

17 |     Additionally, this request seeks information, some of which would, if it

18 | existed, be within confidential peace officer personnel records, which are protected

19 | from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

20 | Code § 832.5, et seq. and by the Federal Official Information privilege.

21 |     Without waiving said objections, Defendant responds as follows: Per the

22 | Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

23 | allegations or complaints of sexual misconduct Defendant is to identify is limited

24 | to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

25 | In accordance with the Court's Order and based on Plaintiff's claim brought in the

26 | instant suit, Defendant will identify whether an investigation was conducted into

27 | any allegations or complaints of "sexual misconduct" to include any allegation or

28 | complaint of rape, or otherwise coerced sexual contact, between an Orange County

**JOINT STIPULATION RE: MOTION TO COMPEL**

Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 113:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 114:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated September 20, 2013, which is included on the disc

**JOINT STIPULATION RE: MOTION TO COMPEL**

served with these requests:

*Inappropriate sexual contact between a deputy and inmate.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

**JOINT STIPULATION RE: MOTION TO COMPEL**

In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 114:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated

**JOINT STIPULATION RE: MOTION TO COMPEL**

"seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

210

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 115:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated September 20, 2013, which is included on the disc served with these requests:

*An off-duty investigator was cited by the CHP for speeding on the freeway. After receiving the ticket, he allegedly attempted to retaliate by encouraging deputies at the Sheriff's Department booking facility to delay the processing of arrests from CHP officers. He received a significant suspension for both his driving (which was part of a pattern of behavior) and his unprofessional actions toward another agency.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

211

**JOINT STIPULATION RE: MOTION TO COMPEL**

Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**DEFENDANT'S POSITION RE REQUEST NO. 115:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all

213

**JOINT STIPULATION RE: MOTION TO COMPEL**

emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 116:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated September 20, 2013, which is included on the disc served with these requests:

*An on-duty deputy damaged his county vehicle by hitting a curb at approximately 50 miles per hour. He then failed to report the accident to his supervisor, instead simply bringing the car to his substation and reporting the damage (including flat tires) to an employee in the equipment room so it could be repaired.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

214

**JOINT STIPULATION RE: MOTION TO COMPEL**

this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated

215

**JOINT STIPULATION RE: MOTION TO COMPEL**

March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 116:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies

**JOINT STIPULATION RE: MOTION TO COMPEL**

(RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 117:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 31, 2014, which is included on the disc served with these requests:

*A female jail deputy allegedly became involved in an inappropriate personal relationship with a female inmate. In the midst of the subsequent investigation, which provided some corroboration in the form of witness statements and other evidence the female — who was in still in her probationary period as a first year officer — was released from employment.*

In responding to this Request include all police and investigative reports,

217

**JOINT STIPULATION RE: MOTION TO COMPEL**

criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or

218

**JOINT STIPULATION RE: MOTION TO COMPEL**

complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 117:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of

219

**JOINT STIPULATION RE: MOTION TO COMPEL**

"complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 118:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by

**JOINT STIPULATION RE: MOTION TO COMPEL**

Stephen J. Connolly dated January 31, 2014, which is included on the disc served with these requests:

*An off-duty deputy allegedly walked away from the scene after a single- car collision in which she was the driver. Meanwhile, an on-duty deputy heard about the accident — which occurred in another county — and took his patrol car to respond. He is alleged to have interfered with the investigation as it was being handled by an outside agency. Both the driver and the responder are on administrative leave pending the outcome of the criminal review.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected

221

**JOINT STIPULATION RE: MOTION TO COMPEL**

from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 118:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on

**JOINT STIPULATION RE: MOTION TO COMPEL**

duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that

223

**JOINT STIPULATION RE: MOTION TO COMPEL**

must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 119:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 31, 2014, which is included on the disc served with these requests:

*A male deputy allegedly developed a dating relationship with a female whom he met while she was serving time on a jail work crew. Though her sentence was complete, the relationship nonetheless violated the Department's Fraternization policy, which limits permissible contact with inmates and those who were recently incarcerated. Other related policy violations came to light in the context of the Internal Affairs investigation.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work

224

**JOINT STIPULATION RE: MOTION TO COMPEL**

product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

225

**JOINT STIPULATION RE: MOTION TO COMPEL**

1 unlawful detention, false statements, and false testimony.

2 In accordance with the Court's Order, Defendant already produced the

3 following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

4 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,

5 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

6 002150, and 22701 – 22712.

7 **DEFENDANT'S POSITION RE REQUEST NO. 119:**

8 Plaintiff previously asked for documents showing "each instance in which

9 OCSD employees violated policy or procedure regarding sexual activity while on

10 duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD

11 personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD

12 personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights

13 of non-parties "are more substantial because they are not parties to this case."

14 Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response

15 to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated

16 "seek information not proportional to the needs of the case" and are "not limited to

17 incidents of 'sexual misconduct' similar to the claim brought in the instant suit."

18 Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of

19 "complaints or allegations of sexual misconduct between any deputy or other peace

20 officer, on the one hand, and any non-OCSD employee, on the other hand, in the

21 last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

22 Plaintiff also asked for "all 'citizen complaints' concerning sexual

23 misconduct, sexual assault, use of force, dishonesty, unlawful detention, false

24 arrest, planting of evidence, false statements or false testimony" against non-party

25 Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,

26 evaluations, reprimands, or administrative reviews" of these non-party deputies

27 (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of

28 these non-party deputies against Plaintiff's ability to obtain discovery proportional

**JOINT STIPULATION RE: MOTION TO COMPEL**

to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 120:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated January 31, 2014, which is included on the disc served with these requests:

*A female arrestee complained about being searched inappropriately by a male deputy, while the deputy was accompanied by a female training officer and apparently followed approved techniques in conducting the search, the reviewing sergeant advised taking advantage of the mobile video technology and conducting similar searches "on camera" in the future for risk management purposes*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS

227

**JOINT STIPULATION RE: MOTION TO COMPEL**

referring or relating to criminal charges and disciplinary action taken

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

**JOINT STIPULATION RE: MOTION TO COMPEL**

and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 120:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the

**JOINT STIPULATION RE: MOTION TO COMPEL**

last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 121:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated May 21, 2014, which is included on the disc served with these requests:

**JOINT STIPULATION RE: MOTION TO COMPEL**

*A deputy's alleged untruthfulness to the Grand Jury during an investigation
from several years ago came to light in the context of another case in which he was
a potential witness. The Department received access to evidence, previously
sealed, that established the specific details of the statements and proved that the
misconduct had occurred.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the

231

**JOINT STIPULATION RE: MOTION TO COMPEL**

Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 121:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights

**JOINT STIPULATION RE: MOTION TO COMPEL**

of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that

233

**JOINT STIPULATION RE: MOTION TO COMPEL**

report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 122:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated May 21, 2014, which is included on the disc served with these requests:

*A supervisor's romantic relationship with another Department employee came to light because of allegations of misconduct that led to a criminal investigation. Though no charges were filed after a review by the District Attorney's Office, and while the original relationship had not violated Department policy4, certain actions and decisions by the supervisor while on-duty were determined to merit a disciplinary response.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the

234

**JOINT STIPULATION RE: MOTION TO COMPEL**

right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 122:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual

236

**JOINT STIPULATION RE: MOTION TO COMPEL**

assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 123:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated May 21, 2014, which is included on the disc served with these requests:

*Two deputies allegedly failed to provide a prosecutor with a report that clarified the circumstances of an arrest. Me suspect provided a text message that seemed to establish a motivation — that the deputies were intentionally undermining the case in order to cultivate the suspect as a confidential informant. The District Attorney's Office brought the matter to the Department's attention after dropping the charges in the interest of justice, and an investigation ensued. Though the deputies' explanations suggested poor judgment and decision-making, as opposed to willful misconduct, the actions of one in particular constituted a significant lapse in performance that warranted discipline as well as further training.*

In responding to this Request include all police and investigative reports,

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  criminal reports, internal affairs or administrative reports and investigations, all

2  audio and video recordings associated with said reports, and all DOCUMENTS

3  referring or relating to criminal charges and disciplinary action taken.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

5        Defendant objects to this request on the grounds it is burdensome and overly

6  broad in scope and time. Defendant further objects to this request on the grounds it

7  seeks information which is irrelevant and not proportional to the needs of this case

8  pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

9  this request on the grounds it seeks information which is confidential, privileged

10  and protected on multiple grounds, including but not limited to the attorney work

11  product doctrine, attorney client privilege as codified in State and Federal statutes,

12  California Evidence Code §1040, California Civil Code §47 and California Govt

13  Code §6254 and their corollaries in Federal statutory and decisional authority; the

14  right to privacy afforded by both the California and United States Constitutions;

15  the Official Information Privilege; the Executive Privilege under Federal decisional

16  law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

17  Privilege under California statutory and decisional law.

18        Additionally, this request seeks information, some of which would, if it

19  existed, be within confidential peace officer personnel records, which are protected

20  from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

21  Code § 832.5, et seq. and by the Federal Official Information privilege.

22        Without waiving said objections, Defendant responds as follows: Per the

23  Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

24  allegations or complaints of sexual misconduct Defendant is to identify is limited

25  to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

26  In accordance with the Court's Order and based on Plaintiff's claim brought in the

27  instant suit, Defendant will identify whether an investigation was conducted into

28  any allegations or complaints of "sexual misconduct" to include any allegation or

**JOINT STIPULATION RE: MOTION TO COMPEL**

complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 123:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of

239

**JOINT STIPULATION RE: MOTION TO COMPEL**

"complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 124:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by

240

**JOINT STIPULATION RE: MOTION TO COMPEL**

Stephen J. Connolly dated October 23, 2014, which is included on the disc served with these requests:

*In late 2013, the Department initiated an investigation into a male deputy's allegedly improper relationship with a female former inmate; the Department eventually established that the deputy had violated the fraternization policy and terminated his employment. At the time, the Department evaluated other claims involving female inmate workers, but implicated parties denied knowledge or participation. Those claims recently resurfaced when one of the former inmates was arrested by another agency, and provided incriminating evidence regarding these relationships. Two civilian jail employees resigned as a result of the investigation; OIR has recommended significant discipline for a deputy who has a lesser role in the matter, and the final outcome of that case is pending.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional

241

**JOINT STIPULATION RE: MOTION TO COMPEL**

law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 124:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews,

243

**JOINT STIPULATION RE: MOTION TO COMPEL**

**during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

## REQUEST FOR PRODUCTION NO. 125:

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 23, 2014, which is included on the disc served with these requests:

*A jail deputy is currently the subject of a criminal investigation based on an off-duty incident at a bar. He and his companions were involved in a physical confrontation with bar security after complaints about the deputy's interactions with a female customer. In a separate incident, another deputy is currently on administrative leave as the result of an off-duty bar incident in which he allegedly grabbed a female patron by the neck and lifted her off the ground.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it

244

**JOINT STIPULATION RE: MOTION TO COMPEL**

seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false

245

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  statements, and false testimony for the period of five years prior to the date of the

2  incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated

3  March 14, 2017, Defendant was to produce citizen complaints against Deputy

4  Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

5  unlawful detention, false statements, and false testimony.

6      In accordance with the Court's Order, Defendant already produced the

7  following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

8  002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,

9  000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –

10  002150, and 22701 – 22712.

11  **DEFENDANT'S POSITION RE REQUEST NO. 125:**

12      Plaintiff previously asked for documents showing "each instance in which

13  OCSD employees violated policy or procedure regarding sexual activity while on

14  duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD

15  personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD

16  personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights

17  of non-parties "are more substantial because they are not parties to this case."

18  Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response

19  to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated

20  "seek information not proportional to the needs of the case" and are "not limited to

21  incidents of 'sexual misconduct' similar to the claim brought in the instant suit."

22  Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of

23  "complaints or allegations of sexual misconduct between any deputy or other peace

24  officer, on the one hand, and any non-OCSD employee, on the other hand, in the

25  last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

26      Plaintiff also asked for "all 'citizen complaints' concerning sexual

27  misconduct, sexual assault, use of force, dishonesty, unlawful detention, false

28  arrest, planting of evidence, false statements or false testimony" against non-party

**JOINT STIPULATION RE: MOTION TO COMPEL**

Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 126:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 23, 2014, which is included on the disc served with these requests:

*A civilian employee, who worked in the jails and had been with the Department for several years, applied for a sworn position and went through the relevant background process. At that time, several discrepancies emerged between acknowledgements he was currently making and prior statements from earlier*

**JOINT STIPULATION RE: MOTION TO COMPEL**

*background-related interviews. Though some of the conduct at issue was questionable, more troubling was the lack of truthfulness revealed by the investigation.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited

248

**JOINT STIPULATION RE: MOTION TO COMPEL**

to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 126:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response

249

## JOINT STIPULATION RE: MOTION TO COMPEL

1  to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated
2  "seek information not proportional to the needs of the case" and are "not limited to
3  incidents of 'sexual misconduct' similar to the claim brought in the instant suit."
4  Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of
5  "complaints or allegations of sexual misconduct between any deputy or other peace
6  officer, on the one hand, and any non-OCSD employee, on the other hand, in the
7  last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

8      Plaintiff also asked for "all 'citizen complaints' concerning sexual
9  misconduct, sexual assault, use of force, dishonesty, unlawful detention, false
10 arrest, planting of evidence, false statements or false testimony" against non-party
11 Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,
12 evaluations, reprimands, or administrative reviews" of these non-party deputies
13 (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of
14 these non-party deputies against Plaintiff's ability to obtain discovery proportional
15 to the needs of the case, and ruled the County should produce only "complaints
16 regarding dishonesty, false statement, and false testimony … **for the period of five**
17 **years prior to the date of the incident**," as well as "complaints relating to sexual
18 assault and any corresponding disciplinary actions, including but not limited to,
19 investigations, performance evaluations, reprimands, and administrative reviews,
20 **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all
21 emphasis in original]. The County complied with the Order.

22     This Court already considered Plaintiff's request for complaints against and
23 investigations of non-parties, and the Court limited the responsive documents that
24 must be produced. Plaintiff is now attempting to expand that scope and obtain
25 documents outside the parameters this Court already set. Moreover the incident
26 referenced in this request was discussed in a report prepared by OIR, but that
27 report does *not* list the names of any individual involved in the incident,  the case
28 number, or any specifics that would enable the County to locate requested records.

250

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 127:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 23, 2014, which is included on the disc served with these requests:

*An inmate alleged that a deputy had injured his eye by pushing his head against the wall while admonishing him for inappropriate behavior in the chow hall. The inmate did in fact have a minor laceration on his face, and no force had been reported. The involved deputy denied causing any injury but acknowledged giving the inmate an unnecessary tap on the head prior to sending him on his way. Though the evidence was inconclusive as to the cause of the inmate's injury (and though his own statements were contradictory at times), the deputy's choice to touch the inmate at all was recognized as having been improper. He received low-level discipline as a result.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt

251

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   Code §6254 and their corollaries in Federal statutory and decisional authority; the
2   right to privacy afforded by both the California and United States Constitutions;
3   the Official Information Privilege; the Executive Privilege under Federal decisional
4   law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files
5   Privilege under California statutory and decisional law.

6          Additionally, this request seeks information, some of which would, if it
7   existed, be within confidential peace officer personnel records, which are protected
8   from disclosure by California Evidence Code §§ 1043 through 1045 and Penal
9   Code § 832.5, et seq. and by the Federal Official Information privilege.

10         Without waiving said objections, Defendant responds as follows: Per the
11  Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the
12  allegations or complaints of sexual misconduct Defendant is to identify is limited
13  to incidents of "sexual misconduct" similar to the claim brought in the instant suit.
14  In accordance with the Court's Order and based on Plaintiff's claim brought in the
15  instant suit, Defendant will identify whether an investigation was conducted into
16  any allegations or complaints of "sexual misconduct" to include any allegation or
17  complaint of rape, or otherwise coerced sexual contact, between an Orange County
18  Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,
19  and any non-OCSD employee, on the other hand, in the last five years. Further, per
20  the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,
21  Defendant was to produce citizen complaints against Deputy Christopher Eiben,
22  Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false
23  statements, and false testimony for the period of five years prior to the date of the
24  incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated
25  March 14, 2017, Defendant was to produce citizen complaints against Deputy
26  Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,
27  unlawful detention, false statements, and false testimony.

28         In accordance with the Court's Order, Defendant already produced the

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –
2  002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703,
3  000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 –
4  002150, and 22701 – 22712.

5  **DEFENDANT'S POSITION RE REQUEST NO. 127:**

6  Plaintiff previously asked for documents showing "each instance in which
7  OCSD employees violated policy or procedure regarding sexual activity while on
8  duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD
9  personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD
10  personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights
11  of non-parties "are more substantial because they are not parties to this case."
12  Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response
13  to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated
14  "seek information not proportional to the needs of the case" and are "not limited to
15  incidents of 'sexual misconduct' similar to the claim brought in the instant suit."
16  Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of
17  "complaints or allegations of sexual misconduct between any deputy or other peace
18  officer, on the one hand, and any non-OCSD employee, on the other hand, in the
19  last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

20  Plaintiff also asked for "all 'citizen complaints' concerning sexual
21  misconduct, sexual assault, use of force, dishonesty, unlawful detention, false
22  arrest, planting of evidence, false statements or false testimony" against non-party
23  Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations,
24  evaluations, reprimands, or administrative reviews" of these non-party deputies
25  (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of
26  these non-party deputies against Plaintiff's ability to obtain discovery proportional
27  to the needs of the case, and ruled the County should produce only "complaints
28  regarding dishonesty, false statement, and false testimony ... **for the period of five**

253

**JOINT STIPULATION RE: MOTION TO COMPEL**

**years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 128:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated October 23, 2014, which is included on the disc served with these requests:

*A woman contacted the Department to complain about a car stop during which a deputy had allegedly searched her inappropriately before allowing her to leave. Investigation revealed that the deputy had not logged the call, and his PVS camera did not record sound or the critical moments of the encounter (since the search took place outside the camera's view). Nor had he called for back-up. While these facts were problematic, the two parties (and the witness passenger in the complainant's car) did not have significantly different versions of events. In fact, the complainant amended her initial statements in ways that made the deputy's comments and instructions less questionable. In short, the evidence indicated that the officer had not mistreated the citizen, but also established several ways in*

254

**JOINT STIPULATION RE: MOTION TO COMPEL**

*which his protocols were ill-advised, from both an officer-safety and a risk-management perspective. He received minor discipline.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

**JOINT STIPULATION RE: MOTION TO COMPEL**

In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 128:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated

**JOINT STIPULATION RE: MOTION TO COMPEL**

"seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

257

**JOINT STIPULATION RE: MOTION TO COMPEL**

**REQUEST FOR PRODUCTION NO. 129:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated March 31, 2015, which is included on the disc served with these requests:

*A male patrol deputy arrested a female probationer on a drug charge. While her case was still pending, he engaged in lengthy series of inappropriate text messages with her, and met her once socially. The relationship came to the Department's attention through the Probation Department, which found the text messages after seizing the woman's phone in the context of a separate arrest. The Department put the deputy on administrative leave as it conducted its investigation. Although there was no indication that the deputy engaged in coercive behavior or that the relationship ever extended beyond flirtation, it obviously raised several concerns.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the

258

**JOINT STIPULATION RE: MOTION TO COMPEL**

1    right to privacy afforded by both the California and United States Constitutions;

2    the Official Information Privilege; the Executive Privilege under Federal decisional

3    law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

4    Privilege under California statutory and decisional law.

5        Additionally, this request seeks information, some of which would, if it

6    existed, be within confidential peace officer personnel records, which are protected

7    from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

8    Code § 832.5, et seq. and by the Federal Official Information privilege.

9        Without waiving said objections, Defendant responds as follows: Per the

10   Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the

11   allegations or complaints of sexual misconduct Defendant is to identify is limited

12   to incidents of "sexual misconduct" similar to the claim brought in the instant suit.

13   In accordance with the Court's Order and based on Plaintiff's claim brought in the

14   instant suit, Defendant will identify whether an investigation was conducted into

15   any allegations or complaints of "sexual misconduct" to include any allegation or

16   complaint of rape, or otherwise coerced sexual contact, between an Orange County

17   Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand,

18   and any non-OCSD employee, on the other hand, in the last five years. Further, per

19   the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017,

20   Defendant was to produce citizen complaints against Deputy Christopher Eiben,

21   Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false

22   statements, and false testimony for the period of five years prior to the date of the

23   incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated

24   March 14, 2017, Defendant was to produce citizen complaints against Deputy

25   Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty,

26   unlawful detention, false statements, and false testimony.

27       In accordance with the Court's Order, Defendant already produced the

28   following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 –

**JOINT STIPULATION RE: MOTION TO COMPEL**

002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 129:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual

260

**JOINT STIPULATION RE: MOTION TO COMPEL**

assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 130:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the OIR Activity Report by Stephen J. Connolly dated March 31, 2015, which is included on the disc served with these requests:

*An off-duty deputy "keyed" the vehicle of another person when he saw it parked outside the home of his ex-wife. Police became involved, but the deputy failed to notify the Sheriff's Department of the incident as required by policy. He acknowledged the act to authorities and was able to avoid criminal charges by reaching a civil compromise with the other party. Nonetheless, in part because of a prior incident that had resulted in significant discipline, OIR recommended a sustained" finding and a substantial suspension.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken.

261

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, the allegations or complaints of sexual misconduct Defendant is to identify is limited to incidents of "sexual misconduct" similar to the claim brought in the instant suit. In accordance with the Court's Order and based on Plaintiff's claim brought in the instant suit, Defendant will identify whether an investigation was conducted into any allegations or complaints of "sexual misconduct" to include any allegation or complaint of rape, or otherwise coerced sexual contact, between an Orange County Sheriff's Department ("OCSD") deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years. Further, per

262

**JOINT STIPULATION RE: MOTION TO COMPEL**

the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Still further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 0001466 – 002028, 2133 – 2417, 002420 – 002442, 002453 – 2454, 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

## DEFENDANT'S POSITION RE REQUEST NO. 130:

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident,  the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 131:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from Judge Thomas Goethals Order dated March 12, 2015 in Orange County Superior Court Criminal Case 12ZFO128, which is included on the disc served with these requests:

*...deputies Tunstall and Garcia have either intentionally lied or willfully*

264

**JOINT STIPULATION RE: MOTION TO COMPEL**

*withheld material evidence from this court during the course of their various testimonies.*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken, specifically whether Deputy Seth Tunstall had any discipline imposed on him for lying or willfully withholding information from the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant

265

**JOINT STIPULATION RE: MOTION TO COMPEL**

was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 131:**

This request seeks documents showing two non-party deputies (Tunstall and Garcia), who did *not* accompany former deputy Caropino and deputies Eiben, Mathis and Chapple when they responded to the domestic disturbance report, and who were *not* present when Caropino allegedly later returned and assaulted Plaintiff. Thus Deputies Tunstall and Garcia have no personal knowledge of the facts of this case, they are not potential witnesses, and they have no discoverable information to offer. That they allegedly concealed and/or withheld evidence during their testimony in an entirely unrelated case has no bearing on the issues Plaintiff raises here.

**REQUEST FOR PRODUCTION NO. 132:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from Judge Thomas Goethals Order dated March 12, 2015 in Orange County Superior Court Criminal Case 12ZFO128, which is included on the disc served with these requests:

*...deputies Tunstall and Garcia have either intentionally lied or willfully withheld material evidence from this court during the course of their various*

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  *testimonies.*

2     In responding to this Request include all police and investigative reports,

3  criminal reports, internal affairs or administrative reports and investigations, all

4  audio and video recordings associated with said reports, and all DOCUMENTS

5  referring or relating to criminal charges and disciplinary action taken, specifically

6  whether Deputy Ben Garcia had any discipline imposed on him for lying or

7  willfully withholding information from the Court.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

9     Defendant objects to this request on the grounds it is burdensome and overly

10 broad in scope and time. Defendant further objects to this request on the grounds it

11 seeks information which is irrelevant and not proportional to the needs of this case

12 pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to

13 this request on the grounds it seeks information which is confidential, privileged

14 and protected on multiple grounds, including but not limited to the attorney work

15 product doctrine, attorney client privilege as codified in State and Federal statutes,

16 California Evidence Code §1040, California Civil Code §47 and California Govt

17 Code §6254 and their corollaries in Federal statutory and decisional authority; the

18 right to privacy afforded by both the California and United States Constitutions;

19 the Official Information Privilege; the Executive Privilege under Federal decisional

20 law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files

21 Privilege under California statutory and decisional law.

22     Additionally, this request seeks information, some of which would, if it

23 existed, be within confidential peace officer personnel records, which are protected

24 from disclosure by California Evidence Code §§ 1043 through 1045 and Penal

25 Code § 832.5, et seq. and by the Federal Official Information privilege.

26     Without waiving said objections, Defendant responds as follows: Per the

27 Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant

28 was to produce citizen complaints against Deputy Christopher Eiben, Deputy

**JOINT STIPULATION RE: MOTION TO COMPEL**

Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 132:**

This request is identical to request no. 131. The County's position regarding that prior request also applies here.

**REQUEST FOR PRODUCTION NO. 133:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the California Fourth Appellate District Opinion (No. G051696) affirming Judge Thomas Goethals Order dated March 12, 2015 in Orange County Superior Court Criminal Case 12ZFO128, which is included on the disc served with these requests:

*Needless to say, there was overwhelming evidence supporting the trial court's conclusion Garcia and Tunstall intentionally lied or willfully withheld information at the first hearing...*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken, specifically whether Deputy Seth Tunstall had any discipline imposed on him for lying or willfully withholding information from the Court.

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the

269

**JOINT STIPULATION RE: MOTION TO COMPEL**

following documents bates stamped 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 133:**

Plaintiff again seeks information about two non-parties (deputies Tunstall and Garcia) who were not present for the domestic disturbance call or the incident and who are not potential witnesses. That they were found to have withheld information when testifying in an entirely unrelated case has no bearing on the issues Plaintiff raises here.

**REQUEST FOR PRODUCTION NO. 134:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence the incident referenced in the following excerpt from the California Fourth Appellate District Opinion (No. G051696) affirming Judge Thomas Goethals Order dated March 12, 2015 in Orange County Superior Court Criminal Case 12ZFO128, which is included on the disc served with these requests:

*Needless to say, there was overwhelming evidence supporting the trial court's conclusion Garcia and Tunstall intentionally lied or willfully withheld information at the first hearing...*

In responding to this Request include all police and investigative reports, criminal reports, internal affairs or administrative reports and investigations, all audio and video recordings associated with said reports, and all DOCUMENTS referring or relating to criminal charges and disciplinary action taken, specifically whether Deputy Ben Garcia had any discipline imposed on him for lying or willfully withholding information from the Court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case

**JOINT STIPULATION RE: MOTION TO COMPEL**

pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident.  Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 134:**

271

**JOINT STIPULATION RE: MOTION TO COMPEL**

Plaintiff again seeks information about two non-parties (deputies Tunstall and Garcia) who were not present for the domestic disturbance call or the incident and who are not potential witnesses. That they were found to have withheld information when testifying in an entirely unrelated case has no bearing on the issues Plaintiff raises here.

**REQUEST FOR PRODUCTION NO. 135:**

Any and all DOCUMENTS that refer, relate to or otherwise evidence any investigation regarding an Orange County Sheriffs Deputy which resulted in a finding that the Deputy was dishonest, untruthful, made false statements, gave false testimony, made misleading statements, made misrepresentations, was deceitful, or had omitted material information, for a period of ten years prior to the date of the incident to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

Defendant objects to this request on the grounds it is burdensome and overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected

272

**JOINT STIPULATION RE: MOTION TO COMPEL**

from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: Per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Christopher Eiben, Deputy Dwayne Chapple and Deputy Cameron Mathis regarding dishonesty, false statements, and false testimony for the period of five years prior to the date of the incident. Further, per the Court's Order on Plaintiff's Motion to Compel dated March 14, 2017, Defendant was to produce citizen complaints against Deputy Nicholas Caropino regarding sexual misconduct, sexual assault, dishonesty, unlawful detention, false statements, and false testimony.

In accordance with the Court's Order, Defendant already produced the following documents bates stamped 002455 – 002624, 002625 – 002689, 0022701 – 0022703, 000279 – 000351, 000567 – 000702, 00717 – 000774, 002151 – 002289, 002133 – 002150, and 22701 – 22712.

**DEFENDANT'S POSITION RE REQUEST NO. 135:**

Plaintiff previously asked for documents showing "each instance in which OCSD employees violated policy or procedure regarding sexual activity while on duty" (RFP # 21), "allegations and complaints of sexual misconduct by OCSD personnel" (RFP # 28), and investigations of "sexual misconduct by OCSD personnel" (RFP # 29). Order [Dkt # 52], p. 11. This Court noted the privacy rights of non-parties "are more substantial because they are not parties to this case." Order [Dkt # 52], p. 15. The Court denied Plaintiff's motion to compel a response to RFP # 21 and narrowed the scope of RFP # 28 & 29, which the Court stated "seek information not proportional to the needs of the case" and are "not limited to incidents of 'sexual misconduct' similar to the claim brought in the instant suit." Order [Dkt # 52], p. 8. Nevertheless, the Court ordered production only of "complaints or allegations of sexual misconduct between any deputy or other peace

273

**JOINT STIPULATION RE: MOTION TO COMPEL**

officer, on the one hand, and any non-OCSD employee, on the other hand, in the last five years." Order [Dkt # 52], p. 8. The County complied with the Order.

Plaintiff also asked for "all 'citizen complaints' concerning sexual misconduct, sexual assault, use of force, dishonesty, unlawful detention, false arrest, planting of evidence, false statements or false testimony" against non-party Deputies Eiben, Chapple and/or Mathis (RFP # 32), as well as "investigations, evaluations, reprimands, or administrative reviews" of these non-party deputies (RFP # 33). Order [Dkt # 52], pp. 11-12. The Court balanced the privacy rights of these non-party deputies against Plaintiff's ability to obtain discovery proportional to the needs of the case, and ruled the County should produce only "complaints regarding dishonesty, false statement, and false testimony … **for the period of five years prior to the date of the incident**," as well as "complaints relating to sexual assault and any corresponding disciplinary actions, including but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**." Order [Dkt # 52], p. 13 [all emphasis in original]. The County complied with the Order.

This Court already considered Plaintiff's request for complaints against and investigations of non-parties, and the Court limited the responsive documents that must be produced. Plaintiff is now attempting to expand that scope and obtain documents outside the parameters this Court already set. Moreover the incident referenced in this request was discussed in a report prepared by OIR, but that report does *not* list the names of any individual involved in the incident, the case number, or any specifics that would enable the County to locate requested records.

**REQUEST FOR PRODUCTION NO. 136:**

Produce the entire Orange County Sheriffs Department personnel file for Deputy Dwayne Chapple.

274

**JOINT STIPULATION RE: MOTION TO COMPEL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

Defendant objects to this request on the grounds it is overly broad in scope and time. Defendant further objects to this request on the grounds it seeks information which is irrelevant and not proportional to the needs of this case pursuant to Federal Rule of Civil Procedure 26(b)(1). Defendant further objects to this request on the grounds it seeks information which is confidential, privileged and protected on multiple grounds, including but not limited to the attorney work product doctrine, attorney client privilege as codified in State and Federal statutes, California Evidence Code §1040, California Civil Code §47 and California Govt Code §6254 and their corollaries in Federal statutory and decisional authority; the right to privacy afforded by both the California and United States Constitutions; the Official Information Privilege; the Executive Privilege under Federal decisional law; the Self-Critical Analysis Privilege; and the Peace Officer Personnel Files Privilege under California statutory and decisional law.

Additionally, this request seeks information, some of which would, if it existed, be within confidential peace officer personnel records, which are protected from disclosure by California Evidence Code §§ 1043 through 1045 and Penal Code § 832.5, et seq. and by the Federal Official Information privilege.

Without waiving said objections, Defendant responds as follows: In accordance with the Court's Order dated March 14, 2017, Defendant already produced documents responsive to this Request. See documents bates stamped 001282 – 001465.

**DEFENDANT'S POSITION RE REQUEST NO. 136:**

In her first set of document requests (RFP # 34 & 35) Plaintiff asked for OCSD's complete personnel files for "the three responding deputies," which includes Deputy Chapple. Order [Dkt # 52], p. 11. This Court ruled the County should produce only selected documents from the responding deputies' personnel files, including "citizen complaints regarding dishonesty, false statement, and false

**JOINT STIPULATION RE: MOTION TO COMPEL**

testimony … **for the period of five years prior to the date of the incident**,” “any documents in the personnel files … *relating to the incident at issue in this case*,” documents “relating to training records for the five years preceding the incident; and complaints relating to sexual assault and any corresponding disciplinary actions, including, but not limited to, investigations, performance evaluations, reprimands, and administrative reviews, **during the five years preceding the incident**.” Order [Dkt # 52], pp. 14-15 [all emphasis in original]. As evidenced by the County’s response to Plaintiff’s request no. 136 above, the County produced over 180 pages from Deputy Chapple’s personnel file. This Court already considered Plaintiff’s request for Deputy Chapple’s personnel file and limited the documents that must be produced therefrom, and the County already complied.

## III.   **PLAINTIFF’S CONTENTIONS**

Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter that is (1) “not privileged” and (2) “relevant to the matter involved in the pending action.” *Fed. R.Civ.P.* 26(b)(1). “The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” *Id.* A relevant matter is “any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.” *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Questions of evidentiary privilege that arise in the course of adjudicating federal rights are governed by principles of federal common law. *See United States v. Zolin*, 491 U.S. 554 (1989)(citing Rule 501 of the Federal Rules of Evidence). “The scope of an evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of federal law. [Citation.] State law may provide a useful reverent, but it is not controlling. The contention that the doctrine of governmental privilege precludes disclosure of personnel records, whether or not established in California

276

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   state courts, is not the law of this circuit." *Breed v. United States District Court,*

2   542 F.2d 1114, 1115 (9th Cir. 1976).

3       A.      **Defendants' "General Objections" Are Improper.**

4       It is well settled that all grounds for objections must be stated with

5   specificity. *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981). "When a party

6   withholds information otherwise discoverable by claiming that the information is

7   privileged or subject to protection as trial-preparation material, the party must: (i)

8   expressly make the claim; and (ii) describe the nature of the documents,

9   communications, or tangible things not produced or disclosed—an do so in a

10  manner that, without revealing information itself privileged or protected, will

11  enable the other parties to assess the claim." FRCP 26(b)(5)(A).

12      In *Eureka Financial Corp. v. Hartford Acc. and Indem. Co.*, 136 F.R.D. 179,

13  182 (E.D. Cal. 1991). The district court explained:

14          Whether a responding party states a general objection to an
            entire discovery document on the basis of privilege, or generally
15          assets a privilege objection within an individual discovery response,
            the resulting "blanket objection" is decidedly improper. This fact
16          should no longer be "news" to a resonding party. *Peat, Marwick,
            Mitchell & Co. v. West*, 748 F.2d 540, 541-42 (10th Cir.
17          1984)(holding that a blanket, non-specific attorney-client and work
            product privilege objection was insufficient and effected a waiver
18          of the privilege); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.
            1981)(blanket privilege objection is improper); *Kansas-Nebraska
19          Natural Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 23-24
            (D.Neb. 1983)(blanket objection based on privilege waives the
20          privilege); *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299,
            305 (S.D.N.Y. 1982)(party asserting a privilege objection must
21          specific the evidence to which the privilege applies).

26      Here, the same rote objections permeate the County's responses. Yet, aside

27  from the blanket objections, the "nature of the documents" is never described.

28  "Most of defendants' objections are too general to merit consideration and are

                                            277

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   therefore waived." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409

2   (C.D.Cal. 2005); *See, e.g., DL v. District of Columbia*, 251 F.R.D. 38, 43

3   (D.D.C.2008)(holding ineffective "general objections" even though the request

4   indicated that production was "subject to and without waiving" those objections,

5   because the objections were not presented "with sufficient specificity to enable this

6   court to evaluate their merits"); *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL

7   2325506, *6, 2006 U.S. Dist. LEXIS 57892, *20 (N.D. Ill.2006)(collecting cases

8   rejecting "reflexive invocation[s] of the same baseless, often abused litany that the

9   requested discovery is vague, ambiguous, overly broad, unduly burdensome or that

10  it is neither relevant nor reasonably calculated to lead to the discovery of

11  admissible evidence" (quotation omitted)); *St. Paul Reinsurance Co. Ltd. V.*

12  *Comm'l Fin. Corp.*, 198 F.R.D. 508, 512-13 (N.D. Iowa 2000)(collecting cases

13  holding that "boilerplate objections" asserted "without specificity how each request

14  for production is deficient" are routinely deemed improper objections to discovery

15  requests).

16      Therefore, as a threshold matter, Defendants' objections should be deemed

17  waived.

18      **B.      Defendants' Reliance on the Court's Previous Order is Misplaced.**

19      The County's assertion that it does not have to provide documents

20  responsive to these requests because it has already produced documents in

21  compliance with the Court's previous Order, albeit late, is illogical. The prior

22  Court Order did not contemplate the second set of requests because they were not

23  at issue yet. It was not until Plaintiff had received and reviewed the compelled

24  discovery, and conducted additional investigation, that the need for the second set

25  of discovery was realized. And it was through this process of review and follow up

26  investigation that Plaintiff learned of these numerous other instances of deputy

27  misconduct that she seeks additional discovery on. The documents sought are

28  critical to proving her *Monell* claim against that County that there is a policy,

278

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   practice, or custom in place that results in constitutional violations. Thus, the

2   County should be compelled to produce the requested documents.

3   **C.   Defendants' Privilege Log Is Deficient.**

4   Parties withholding documents as privileged should identify and describe the

5   documents in sufficient detail to enable the demanding party "to assess the

6   applicability of the privilege or protection." FRCP 26(b)(5). A privilege log

7   generally should lay out the following: (1) the general nature of the document

8   (without disclosing its contents); (2) the identity and position of its author; (3) the

9   date it was written; (4) the identity and position of all addresses and recipients; (5)

10  the document's present location; (6) the specific reason(s) it was withheld (which

11  privilege claimed, etc.). *See United States v. Construction ProductsResearch, Inc.*,

12  73 F.3d 464, 473 (2nd Cir. 1996).

13  Here, the County fails to provide any privilege log for the requested

14  documents. Additionally, the County invokes the same boilerplate

15  objections/privileges to justify withholding the documents.

16  The court has discretion to reject a claim of privilege where an insufficient

17  privilege log is provided. *United States v. Construction Products Research, Inc.*,

18  73 F.3d 464, 473 (2nd Cir. 1996); *see United States v. British American Tabacco*

19  *(Investments) Ltd.*, 387 F.3d 884, 890-91 (D.C. Circ. 2004); *Muro v. Target Corp.*,

20  243 F.R.D. 301, 310 (N.D. IL. 2007).

21  **D.   Peace Officer Personnel Files Are Commonly Discoverable in 42**

22  **U.S.C § 1983 Actions.**

23  In cases involving section 1983 claims, courts have repeatedly held that

24  police personnel files and documents and information from such files are relevant

25  and discoverable. "This court has held that personnel files are discoverable in

26  federal question cases, including Title VII action, despite claims of privilege."

27  *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 fn. 6 (9th Cir.

28  1987). "As California law plays no part in construing F.R.E. 401 and 402, there is

279

**JOINT STIPULATION RE: MOTION TO COMPEL**

1   no need to consider state law in determining privilege questions." *Miller v.*
2   *Pancucci*, 141 F.R.D. 292, 299 (C.D.Cal.1992). The burden of resisting discovery
3   is on the party-opposing discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418,
4   429 (9th Cir. 1975)(parties opposing discovery are required to carry a heavy burden
5   of showing why discovery should be denied).

6        "[T]he court in *Kelly v. City of San Jose*, 114 F.R.D. 653, 667-68
7   (N.D.Cal.1987), concluded that in the context of civil rights… cases against police
8   departments, plaintiffs may suffer great difficulties if courts impose demanding
9   relevancy standards on them. Because it is unlikely that such a plaintiff would
10   know the contents of confidential police files, the court suggests that it should be
11   'sufficient for a plaintiff to show how information of the kind that is likely in the
12   files could lead to admissible evidence.' *Id.* at 667-86." *Soto v. City of Concord*,
13   162 F.R.D. 603, 610 (1995); *see, e.g., Ceramic Corp. of America v. Inka Mar.*
14   *Corp.*, 163 F.R.D. 584, 589(C.D.Cal.1995)("In recent years, the courts have
15   routinely ordered the production of personnel files of third parties in employment
16   discrimination and police brutality cases."); *Jones v. DeRosa*, 238 F.R.D. 157
17   (D.N.J.2006)(finding information in defendant police officers' internal affairs and
18   personnel files was relevant and discoverable by an arrestee bringing a civil rights
19   suit.)

20        In *Miller v. Pancucci*, 141 F.R.D. 292 (C.D.Cal.1992), the district court
21   found that in civil rights actions, documents that pertained to personnel complaints
22   made against officers, training records for officers, psychiatric-psychological
23   records of officers, and internal investigation bureau files relating to the incident
24   were discoverable. "Such documents could arguably be used pursuant to F.R.E.
25   404(b), 407 or 608(b). Moreover, the requested documents, if they exist, may
26   prove the sort of policy necessary to prevail against Defendant City of San
27   Bernardino under analysis of *Monell v. New York City Dept. of Social Services*,
28   436 U.S. 658 (1978)." *Id.* at 296.

**JOINT STIPULATION RE: MOTION TO COMPEL**

1    Similarly, in *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412

2  (C.D.Cal 2005), the Court found:

3              Plaintiff's allegations against Bravo individually and LASD
       are extensive and allege systemic failures. Bravo's history with
4      LASD is an important element of plaintiff's case and such
       information is not available from other sources. *See, e.g., Taylor v.*
5      *Los Angeles Police Department,* 1999 WL 33101661 at *4
6      (C.D.Cal 1999)("Complaints against officers… may show, among
       other things, the character or proclivity of such officers toward
7      violent behavior or possible bias.") Such documents would also
8      help establish a pattern or practice of both Bravo and LASD in
       situations where professional conduct is called into question.
9      Further, such documents would bear upon LASD's notice of
10     Bravo's previous alleged misconduct and/or responses to such
       alleged misconduct. For example, complaints or discipline for
11     excessive force are relevant to plaintiff's allegation that Bravo
12     threatened him physically during a custodial interrogation. Finally,
       it is clear that, at a minimum, such documents are reasonably
13     calculated to lead to the discovery of admissible evidence.
14

15    Further, in *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007),

16  the district court held, "Plaintiffs are presumptively entitled to discovery of

17  documents on prior complaints and police histories of individual defendants

18  because it could yield relevant information." *Id.* at 96. Moreover, the disclosure

19  was mandated for both substantiated and unsubstantiated complaints. *Id.*

20  Additionally, "in camera review should not be routinely conducted because it

21  places a substantial burden on the Court and 'is no substitute to full disclosure to,

22  and review of disputed materials by, a litigant's counsel, who is best positioned to

23  know the party's strategy and assess the relevance *vel non* of the information

24  contained within the disputed materials.'" *Id.* at 96.

25    **E.    The Official Information Privilege Is Inapplicable**.

26    Federal common law recognizes a qualified privilege for official

27  information. *Kerr v. U.S. Dist. Ct. for the Northern Dist.*, 511 F.2d 192, 198 (9th

28  Cir. 1975). In determining what level of protection should be afforded by this

281

**JOINT STIPULATION RE: MOTION TO COMPEL**

privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighted against the interests of the governmental entity asserting the privilege. "In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Soto v. City of Concord*, 162 F.R.D. at 613.

*To assert the official information privilege, the applicable party must make a preliminary showing*. First, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." *Miller v. Pancucci, supra,* 141 F.R.D. at 300. Here, Defendants have failed to do so. Defendants simply repeat the same boilerplate objection for each applicable request without any specificity as to the documents allegedly privileged.

Second, Defendants have failed to provide a declaration in accord with *Kerr v. U.S. Dist. Ct. for the Northern Dist.* To claim the privilege, the invoking party must provide a declaration that contains all of the following:

> (1) [A]n affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or her lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made. *Kelly, supra,* 114 F.R.D. at 670.

Here, Defendants failed to provide such a declaration, and should not be permitted to hide behind this privilege.

282

**JOINT STIPULATION RE: MOTION TO COMPEL**

**F.     The Self-Critical Analysis Privilege Is Inapplicable In This
Jurisdiction.**

"Some district courts that have recognized this privilege have held that the self-critical analysis privilege should not be applied to police personnel files and records of internal affairs investigations in civil rights suits against police officers. *Kelly v. City of San Jose*, 114 F.R.D. at 664-66; *see also King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988)(endorsing use of *Kelly* approach to the official information privilege while rejecting use of the self critical analysis privilege in case of alleged police brutality)." *Soto v. City of Concord*, 162 F.R.D. at 611.

The *Kelly* Court held:

> There is even less reason to believe that the possibility of disclosure to civil rights plaintiffs will discourage citizens from filing complaints against police officers. It is not at all clear that people who feel aggrieved by actions of police officers would even think about the possibility that their complaints might be disclosed to another person who feels aggrieved by police officers. And if they did think about it they presumably would want their complaint to help someone who had suffered from a similar source. A citizen who complains about police misconduct simply is not in the same position as a confidential informant or a citizen who offers information that is potentially damaging to another citizen. The obvious reasons people in the latter categories have for wanting to protect their anonymity simply have no bearing on the behavior of citizens who file complaints against the police themselves. It follows that, in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants. *See, e.g., Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa. 1973). *Kelly, supra,* 114 F.R.D. at 665.

Regardless, if the *Frankenhauser* test were applied, then disclosure would still be mandated. In weighing these competing interest, the court developed the following ten-factor test:

283

**JOINT STIPULATION RE: MOTION TO COMPEL**

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2)the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. *Id.,* at 344; *see also Friedman v. Bache Halsey Stuart Shields, Inc.,* 738 F.2d 1336, 1342 (D.C.Cir. 1984); *Urseth v. City of Dayton*, 110 F.R.D. 245, 253 (S.D.Ohio 1986); *Elliot v. Webb*, 98 F.R.D. 293, 297 (D.Idaho 1983).

Here, the ten factor test significantly favors disclosure. There is no indication that disclosure of the information will discourage citizens from giving information. Rather, bring into light misdeeds the Sheriff's Department deputies serves a great benefit to the public. More importantly, factors (1) and (2) tend to apply to informants, which are not at issue here. In regards to factor (3), disclosure will actually encourage greater government self-evaluation. Plaintiff was sexually assaulted through no fault of her own. Defendants should explore ways to avoid such a grave violation in the future.

Similarly, civil rights lawsuits have a positive contribution by bringing to light governmental wrongdoing. "[T]he public always has a significant interest in seeing that legal strictures are properly enforced and thus, in a real sense, the public always derives a "benefit" when illegal private or public conduct is rectified." *Flannery v. California Highway Patrol*, 61 Cal.App.4th 629, 635 (1998). Purpose of §1983 is to deter state actors from using their badge of authority to

284

**JOINT STIPULATION RE: MOTION TO COMPEL**

deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See, e.g., McKnight v. Rees*, 88 F3d 417 (6th Cir. 1996).

Additionally, under factor (4), the information sought is factual data. Further, since the County of Orange has refused to prosecute Deputy Caropino, there are no criminal charges pending. It appears that all criminal and internal affairs investigations, and administrative actions against Deputy Caropino have been completed. Plaintiff is unaware of any other on-going investigations. Thus, factor (5) and (6) are inapplicable. In regards to factor (7), it appears that Deputy Caropino is no longer with the department.

Further, it cannot be disputed that Plaintiff's case is not frivolous and the applicable documents are needed for this litigation. No alternative exists for seeking the information.

Therefore, the Executive Privilege does not apply in this case.

### G.    The Privacy Objections Are Without Merit.

Defendants' generic assertion of privacy is without merit. Plaintiff does not seek the deputies' home addresses, telephone numbers, social security numbers, or medical records. Plaintiff simply seeks materials that this circuit and courts nationwide have recognized is proper in a 42 U.S.C. § 1983 civil rights case.

> Plaintiff's need for the requested personnel files and information is great. This Court recognizes that the information contained in police personnel files is unlikely to be available from any other source than Defendants' files. As established earlier, in civil rights cases against police departments, plaintiffs cannot usually obtain information of comparable quality from any other source. *Kelly,* 114 F.R.D. at 667. The court in *Kelly* has stressed the strong public interest in uncovering civil rights violations of the type at issue in this case. *Id.* at 660. These interests would be substantially harmed if access to the relevant portions of the requested personnel files were denied.
>
> In cases with similar factual situations as the case at bar, district courts in the Ninth Circuit have found that the privacy

285

**JOINT STIPULATION RE: MOTION TO COMPEL**

interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents. *Soto v. City of Concord, supra,* 162 F.R.D. at 617.

## H.     The Attorney Client Privilege Is Inapplicable.

Courts generally formulate the essential elements of the attorney-client privilege as follows:

- "When legal advice of any kind is sought

-from a professional legal advisor in his or her capacity as such,

-the communications relating to that purpose

-made in confidence

-by the client,

-are, at the client's instance, permanently protected from disclosure by the client or by the legal advisor, unless protection be waived."

*United States v. Martini,* 278 F.3d 988,999-1000 (9th Cir. 2002); *In re Richard Roe, Inc.*, 68 F.3d 38,39-40 (2nd Cir. 1995).

Here, Defendant County of Orange assets the attorney client privilege in nearly every response to their discovery. In no instance would the elements above be met as these discussions are not based on the seeking of legal advice by a client from a legal advisor in that capacity. These communications, rather, are a collaboration between law enforcement officials on the criminal and administrative investigations into misconduct of another official. Further, there is not evidence that the communications would have been made in confidence, nor that an attorney client relationship existed between the parties. Courts hold that communications made to a governmental attorney relating to criminal misconduct are not protected. "[T]o allow nay part of the federal government to use attorneys as a shield against the production of information relevant to a federal criminal investigation would represent a gross misuse of public assets." *In re Lindsey*, 158 F.3d 1263, 1274 (DC Cir. 1998)(brackets added; internal quotes omitted); *In re Grand Jury Subpoena*

286

**JOINT STIPULATION RE: MOTION TO COMPEL**

*Duces Tecum*, 112 F.3d 910, 921 (8th Cir. 1997)("An official who fears he or she
may have violated the criminal law and wishes to speak with an attorney in
confidence should speak with a private attorney, not a governmental attorney."; *In
re Witness Before Special Grand Jury 2000-2*, 288 F.3d 289, 293 (7th Cir. 2002)(no
privilege for state government lawyer's communications with state office holder
facing grand jury subpoena).

## IV.   DEFENDANTS' CONTENTIONS

The County's contentions, points and authorities, and arguments with
respect to each individual request at issue are set forth above. The County here
responds to the arguments raised in Plaintiff's Contentions.

### A.   Plaintiff Does Not State the "General Objections" She Believes are Improper

Plaintiff appears to have wholly cut-and-pasted her prior discovery motion,
which sought to compel further responses to her first set of document requests.
This motion, however, concerns her *second* set of requests for production, and the
objections the County raised in response to Plaintiff's second set are *not* identical
to those asserted in response to the first.

The County asserted specific objections to each objectionable request, and
the County does not seek any adjudication of the propriety of any "general
objections." Plaintiff's argument addressing "general objections" contributes
nothing to the dispute at hand, and it should be disregarded in its entirety.

### B.   The Court's Previous Order is Applicable Here

Plaintiff contends the Order can have no bearing on the instant dispute
because that Order was issued before Plaintiff propounded her second set of
requests for production. Plaintiff's short-sighted view of the Order
notwithstanding, the Order reflects this Court's reasoned and considered opinion
regarding the types of materials that are within the scope of permissible discovery

287

**JOINT STIPULATION RE: MOTION TO COMPEL**

because they appear relevant to a party's claim or defense and are proportional to the needs of the case. By issuing the Order, this Court clearly imposed parameters on the scope of materials that fall within Rule 26's limits. Although the Order ostensibly pertains only to Plaintiff's first set of document requests it actually informs all subsequent discovery because it dictates the type of documents that will, and will not, be deemed discoverable.

### C.   The County Did Not Withhold Any Documents Based on Privilege and Therefore Was Not Obligated to Serve a Privilege Log

As set forth above, Plaintiff's motion is a carbon-copy of her previous discovery motion. While questions of privilege were at issue in that prior motion they are not raised here. The County did not withhold any documents based on a claim of privilege, and thus there was no obligation on the County to prepare and serve a privilege log. This portion of Plaintiff's argument should be disregarded.

### D.   Discovery of Peace Officer Personnel Files

As discussed above, the Order set parameters on the specific materials from other deputies' personnel files that are discoverable in this action. The County has already produced the specified records from the personnel files of former Deputy Caropino and from the personnel files of Deputies Eiben, Mathis and Chapple.

Many of Plaintiff's requests in her second of document demands would require production of records from the personnel files of deputies other than the four discussed above. Based on the limitations this Court set in the Order regarding discovery from those four officers' personnel files, it is nonsensical for Plaintiff to think those same boundaries would not apply to her second set of requests for production. Several cases discussing the confidentiality of peace officer personnel records are discussed above and there is no need to reiterate them here. This Court is well aware of their holdings. As this Court did before, a balancing test must be performed in order to determine how severe an intrusion is warranted on privacy rights of these non-party deputies. The County already produced records falling

288

**JOINT STIPULATION RE: MOTION TO COMPEL**

within the parameters this Court set the last time, and Plaintiff offers no reason for expanding those limits. To the extent Plaintiff believes the restrictions this Court already ordered are unreasonable, then Plaintiff should have filed a motion for reconsideration of the Order rather than propounding new document requests that seek materials outside the scope this Court already deemed appropriate.

### E.   The County Withdraws its Assertion of the Official Information Privilege

This privilege was addressed in the Order on Plaintiff's first set of requests for production, where the Court acknowledged many of the records and files Plaintiff requested are considered official information but that this privilege is qualified and will not bar discovery if the benefits of disclosure outweigh the disadvantages. Therefore the County did not and does not rely on this privilege to withhold any documents sought in Plaintiff's second set of requests for production.

### F.   The County Withdraws its Assertion of the Self-Critical Analysis Privilege

This privilege was also discussed in the Order, where the Court ruled the self-critical analysis privilege has not been recognized in the Ninth Circuit. The County therefore did not and does not rely on this privilege to withhold any documents sought in the requests at issue.

### G.   The Privacy Objections Have Merit

In the foregoing section the County discusses each request at issue and why its scope is overbroad and outside the parameters this Court set. Many of the County's objections are based on privacy rights this Court expressly recognized and protected by narrowing the universe of documents Plaintiff is permitted to obtain from the personnel files of Caropino, Eiben, Mathis, Chapple and other current or former OCSD deputies. Plaintiff's contention the Order has no bearing on the current set of document requests is mistaken. This Court already went through the required analysis and concluded certain documents are discoverable

289

**JOINT STIPULATION RE: MOTION TO COMPEL**

and others remain protected by privacy rights. The County complied with the Order by producing those documents the Court held Plaintiff is entitled to obtain. There is no need to return to square one and disregard this Court's evaluation of privacy rights that have been recognized by numerous authorities. As set forth above, the Order informs all subsequent discovery because it sets the outer limits of what documents are and are not discoverable in this action.

## H. **The County Withdraws its Assertion of the Attorney-Client Privilege**

The County did not withhold any documents sought in Plaintiff's second set of requests for production in reliance on the attorney-client privilege.

## V. **MEET & CONFER**

### A. **Plaintiff**

On or about June 20, 2017, Plaintiff's counsel sent an email requesting to meet and confer on this matter. On or about, June 23, 2017, Defendants set up a meeting where counsel were able to discuss the issues raised in this motion, but were unfortunately unable to resolve these issues through the meet and confer process.

### B. **Defendant**

The County agrees the parties were unable to resolve the dispute, but the County disagrees there was sufficient meet-and-confer efforts by the Plaintiff. Contrary to L.R. 37-1, Plaintiff was required to draft a letter "identify each issue and/or discovery request in dispute, [] state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify[ing] the terms of the discovery order to be sought." Plaintiff instead sent a generic e-mail asking the County "to meet and confer regarding the outstanding discovery issues.  Specifically, we need to meet and confer regarding … the County's recent responses to Plaintiff's second set of Requests for Production

290

**JOINT STIPULATION RE: MOTION TO COMPEL**

1  wherein the County failed to produce any new documents or information – and

2  rather, the responses include the same boilerplate objections, references to the

3  Court's May 14, 2017 Order compelling productions of documents, and references

4  to documents previously produced…." Hassenberg Decl., Exh. "A." This e-mail

5  did not give the County notice of the specific issues or requests in dispute, and did

6  not contain any legal authority Plaintiff believes is dispositive of the issue. Plaintiff

7  never provided any such authority during the meet-and-confer process..

8

9  Dated: July 3, 2017                                    **Jass Law**

10

11                                                         /s/ Jeremy Jass

12                                                         _____

13                                                         Jeremy Jass, Esq.
                                                           *Attorney for Plaintiff*,

14                                                         ALEXA CURTIN

15

16  DATED: July 3, 2017              LEWIS BRISBOIS BISGAARD &
                                     SMITH LLP

17

18

19

20                                   By:        /s/ Barry Hassenberg
                                                _____
21                                              Barry Hassenberg
                                                Attorneys for Defendant COUNTY OF
22                                              ORANGE

23

24

25

26

27

28
                                     291

**JOINT STIPULATION RE: MOTION TO COMPEL**

## DECLARATION OF JEREMY JASS

I, Jeremy Jass, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California and I am an attorney of record for Alexa Curtin herein.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.     A true, correct and complete copy of the OIR Reports,  Judge's Goethals Order, the Appellate Decision, and the Grand Jury Report referenced in the Discovery Reqeusts are attached as Exhibit "A."


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 3, 2017, at Long Beach, California.


  /s/ Jeremy Jass
Jeremy Jass

292

**JOINT STIPULATION RE: MOTION TO COMPEL**

## <u>DECLARATION OF BARRY HASSENBERG</u>

I, Barry Hassenberg, declare as follows:

3.      I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for County of Orange (the "County") herein.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

4.      On June 20, 2017, at 6:13 p.m., I received an e-mail from Plaintiff's counsel Jeremy Jass, asking to "meet and confer regarding the outstanding discovery issues." A true, correct and complete copy of that e-mail is attached as Exhibit "B."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 3, 2017, at Los Angeles, California.

/s/ Barry Hassenberg
Barry Hassenberg

293

**JOINT STIPULATION RE: MOTION TO COMPEL**