**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>            Plaintiff,<br><br>      vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>            Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION; DECLARATION OF DAWN M. FLORES-OSTER**<br><br>Date:   July 31, 2017<br>Time:  1:30 p.m.<br><br>FPTC Date:   July 24, 2017<br>Trial Date:    August 1, 2017 |

Defendant County of Orange hereby opposes Plaintiff Alexa Curtin's Ex Parte Application for Order Shortening Time for Hearing on Plaintiff's Motion for Relief from Stipulation.

///
///
///
///

4813-9124-7179.1

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO SHORTEN TIME

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................... 2

II. PLAINTIFF IS NOT ENTITLED TO *EX PARTE* RELIEF. ................. 4

    A. Plaintiff Fails To Explain Why Her Motion Cannot Be Heard According To Regular Noticed Motion Procedures. ............................. 4

    B. Plaintiff Is Solely At Fault In Creating The Alleged Crisis She Claim Justifies *Ex Parte* Relief. ............................................................ 5

III. PLAINTIFF HAS NOT DEMONSTRATED "GOOD CAUSE" FOR THE RELIEF SOUGHT. ........................................................................ 7

IV. CONCLUSION. ..................................................................................... 11

# TABLE OF AUTHORITIES

## Federal Court Cases

*Fitzgerald v. Cassil,*
    216 F.R.D. 632 (N.D.Cal. 2003) ............................................................... 6

*Fritsch v. City of Chula Vista,*
    187 F.R.D. 614 (S.D. Cal. 1999) ............................................................... 6

*In re Intermagnetics Am., Inc.,*
    101 B.R. 191 (C.D. Cal. 1989) ........................................................... 2, 5, 7

*Mission Power Eng'g Co. v. Cont'l. Cas. Co.,*
    883 F. Supp. 488 (C.D. Cal. 1995) ..................................................... 2, 4, 5

*Turner v. Imperial Stores,*
    161 F.R.D. 89 (S.D.Cal. 1995) .................................................................. 6

## Federal Rules and Regulations

Fed. R. Civ. P. 37 ................................................................................................ 8

Fed. R. Civ. P. 60 ................................................................................................ 8

## State Rules and Regulations

Fed. R. Civ. Proc. 37 .......................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's *ex parte* application[1] to shorten time to be relieved of a Stipulation which was the subject of this Court's Order is precisely the type of motion that has caused "[e]x *parte* applications [to] reach[] epidemic proportions in the Central District."[2] *Ex parte* applications "are nearly always improper"[3] and "rarely justified[,]"[4] and plaintiff's Application is no exception. Although plaintiff complains of prejudice and irreversible harm, certain undeniable truths remain:

- Plaintiff is not "without fault in creating the [alleged] crisis that requires *ex parte* relief . . . ."[5] Plaintiff entered into a Stipulation on **December 5, 2016** [Docket No. 21], **seven months ago**, and this Court signed an Order acknowledging that Stipulation on **February 10, 2017, nearly five months ago** [Docket No. 36], where Plaintiff dismissed any and all emotional distress damages which were not garden variety, and further agreed not to proffer any expert testimony on plaintiff's mental health.
- There is no reason why plaintiff's motion "cannot be calendared in the usual manner."[6] Indeed, plaintiff's motion is already set to be heard before Magistrate Paul Abrams on July 25, 2017 (according to the Court's Docket; the Rule 37 Motion itself has no hearing date), one day before trial, although defendant contests the late filing of that Motion,

---

[1] Plaintiff filed and served her *ex parte* papers through the Court's electronic filing system at 6:47 p.m. on Monday, July 3, 2017, the day before a National holiday, Independence Day.
[2] *See Mission Power Eng'g Co. v. Cont'l. Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995); *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192 (C.D. Cal. 1989).
[3] *In re Intermagnetics Am., Inc.*, 101 B.R. at 192.
[4] *Mission Power Eng'g Co.*, 883 F. Supp. at 490
[5] *Id.* at 492.
[6] *Id.* at 492.

having been placed under undue pressure to provide a response within the time constraints mandated by Rule 37 of the Fed. R. Civ. Proc. [Docket No. 129.] Most confusingly, Plaintiff *also* filed a Motion for Relief set before this Court on July 31, 2017 [Docket No. 117.]

- Plaintiff will not suffer any irreparable prejudice if her motion is heard according to the regularly-noticed motion procedures, nor has she identified any such prejudice. Indeed, she claims it is *defendant* that will suffer. See, Application, 5:28-6:4.

- Plaintiff failed to demonstrate the requisite "good cause" for seeking a continuance. The exigency plaintiff claims justifies a continuance is a by-product of her lack of diligence. Moreover, as demonstrated below, plaintiff does not show the claimed discovery dispute would be resolved in her favor.

- Although Plaintiff claims she "did not fully appreciate the horrifying scope and reprehensibility of the County of Orange and Deputy Caropino's conduct," (see, Application, 5:10-12] [7] neither counsel's nor plaintiff's declaration are attached in support of the principle reason plaintiff claims she requires relief, making the application completely without evidentiary support.

In short, plaintiff filed an *ex parte* application that "is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'"[8] Plaintiff's *ex parte* application should be denied.

///

---

[7] Notably, in plaintiff's Rule 37 Motion filed with the Court, plaintiff's counsel concurrently indicated the reason for the delay was plaintiff was "feeling stronger." See, Docket No. 129, ¶11 of the Declaration of Barry Hassenberg- again, plaintiff's declaration was not provided.

[8] *Id.* at 492.

## II. PLAINTIFF IS NOT ENTITLED TO *EX PARTE* RELIEF.

It is well-settled that "[e]x parte motions are rarely justified"[9] and "are nearly always improper . . . ."[10] Parties seeking *ex parte* relief must demonstrate that (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures[,]" and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief . . . ."[11] Plaintiff's *ex parte* application is bereft of any explanation why her motion should be heard on an *ex parte* basis. As demonstrated below, plaintiff cannot satisfy either of the two requirements for *ex parte* relief.

### A. Plaintiff Fails To Explain Why Her Motion Cannot Be Heard According To Regular Noticed Motion Procedures.

*Ex parte* applications should be denied unless (1) "there is some genuine urgency such that 'immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition.' . . . (temporary restraining order)" or (2) "there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence," or (3) where a "'hybrid ex parte application[]' (*i.e.*, where the other side actually is served) may be necessary . . . [for] a routine order (*e.g.*, to file an overlong brief or to shorten the time within which a motion may be brought)."[12]

Plaintiff's *ex parte* application does not fall into any of these well-defined situations. This is not a case where the relief requested "cannot be calendared in the usual manner."[13] Indeed, plaintiff already has this matter calendared both before this Honorable Court and Magistrate Judge Paul Abrams, on July 25, 2017 and again on

---

[9] *Mission Power Eng'g Co.*, 883 F. Supp. at 490.
[10] *In re Intermagnetics Am., Inc.*, 101 B.R. at 192.
[11] *Mission Power Eng'g Co.*, 883 F. Supp. at 492.
[12] *In re Intermagnetics Am., Inc.*, 101 B.R. at 193-94.
[13] *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

4813-9124-7179.1

4

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

July 31, 2017, respectively. Nor has plaintiff made a case either that absent *ex parte* relief, "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition.' . . . ." or that "there is a danger that notice to an opposing party will result in that party's flight, destruction of evidence."

### B. Plaintiff Is Solely At Fault In Creating The Alleged Crisis She Claim Justifies *Ex Parte* Relief.

"'*Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have . . . ."[14] Thus, in cases where the claimed exigency is created by a discovery-related issue, the moving party must show "that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period."[15] Plaintiff utterly fails to make such a showing.

As stated above, plaintiff voluntarily entered into a Stipulation which confirmed the following:

"The parties hereto, by and through their respective counsel of record, hereby stipulate to the following:

1. Plaintiff waives and dismisses with prejudice any claim for loss of interest in sex, post-traumatic stress disorder, and the need for future mental healthcare, including but not limited to treatment from any psychiatrist, psychologist or other mental healthcare provider;

2. Plaintiff also waives and dismisses with prejudice any argument the allegations in the operative complaint caused bladder infections or other urological problems, or that the incident caused sex to be painful or impaired her ability to engage in sexual activity;

---

[14] *Mission Power Eng'g Co.*, 883 F. Supp. at 493 (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191 (C.D. Cal. 1989)).
[15] *Mission Power Eng'g Co.*, 883 F. Supp. at 493.

3.    Plaintiff also waives and dismisses any claim for unusually severe emotional distress as distinguished from "garden-variety" emotional distress as that phrase is defined in *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D.Cal. 2003), *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), and *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D.Cal. 1995);

4.    Plaintiff will not present any evidence, testimony or argument at trial, through her counsel or any witness, that she has lost interest in sex or suffered post-traumatic stress disorder, or that she may require mental healthcare treatment for injuries she purportedly sustained from the allegations in the operative complaint;

5.    Plaintiff will not present any evidence, testimony or argument at trial, through her counsel or any witness, that she has experienced bladder infections or other urological disorders due to the allegations in the operative complaint, or that her ability to engage in sexual activity has been impaired in any way;

6.    Plaintiff will not seek damages for loss of interest in sex, post-traumatic stress disorder, unusually severe emotional distress, the cost of future mental healthcare, bladder infections or other urological issues, painful sex or loss of ability to engage in and/or enjoy sexual activity; and

7.    Plaintiff will not elicit any testimony at trial from any expert witness regarding emotional distress." See, Docket No. 21.

The Stipulation became the Order of the Court five months ago, on February 10, 2017. See, Docket No. 36.

No real proof has been supplied as to why there has been a radical change in the manner by which the case was to proceed, or why, on the eve of trial, the nature and extent of the damages sought should be completely overturned.

In sum, it is clear plaintiff is not "without fault" in creating the "crisis" they now claim justifies the relief she seeks. Plaintiff "sat on her hands" for seven months, and the Application fails to adequately explain why plaintiff waited five months *after* the Court executed its Order to seek relief. To be frank, this time period was wasted away through inaction. The Court has no responsibility to "save the day" for plaintiff in such instances.[16] Plaintiff's *ex parte* application and requested extension should be denied.

### III. PLAINTIFF HAS NOT DEMONSTRATED "GOOD CAUSE" FOR THE RELIEF SOUGHT.

Even assuming plaintiff's motion satisfied the requirements for *ex parte* relief (it does not), plaintiff did not demonstrate "good cause" that justifies the relief sought, or which of the two Motions filed, the Rule 37 Motion [Docket No. 129, set to be heard on July 25, 2017] or the Motion seeking the same relief set before this Court on July 31, 2017 [Docket No. 117], should have a shortened hearing date.

First, for the reasons stated above, whatever discovery-related time crunch plaintiff claims exists is the by-product of her own conduct. Discovery disputes are common in litigation and are often, and should be, anticipated by the parties. This issue should have been brought before the Court well in advance, not simply a few weeks before trial.

Second, plaintiff has already set this motion before the Magistrate and this Court. The County has, and will respond consistent with its obligations under the FRCP.

Finally, plaintiff has not made a showing she will prevail on the discovery disputes she claims justify a continuance. To the contrary, as demonstrated below, a there is no good cause for a continuance, as more fully discussed, below.

///

---

[16] *In re Intermagnetics Am, Inc.*, 101 B.R. at 193.

Plaintiff's motion is deficient in numerous additional respects, not the least of which is her incorrect decision to file it as a purported discovery dispute under Fed. R. Civ. P. 37, despite the fact it was this Court, and not the magistrate who ordered the Stipulation at issue, and it is only this Court who can provide the relief she requests. As set forth below Plaintiff completely failed and refused to meet-and-confer before filing this motion, so L.R. 37 does not help her.

If she had made her request in the proper manner, she would have filed the Motion with the Court pursuant to Fed. R. Civ. P. 60, which requires proof of mistake, inadvertence, surprise or excusable neglect. No such showing has been remotely made in the Rule 37 proffer by Plaintiff. She seeks to be relieved of a stipulation and order for no reason other than she simply changed her mind.

Plaintiff does not attach any declaration providing the required evidence of mistake, inadvertence or excusable neglect. She claims she is now stronger, but she offers no explanation of when and how she acquired this newfound strength. Plaintiff also offers no explanation for waiting so long before bringing this motion, and she cites no case law that supports her position. In fact the cases Plaintiff cites support the County's position there are no grounds for relieving Plaintiff of a stipulation she knowingly and voluntarily entered.

Moreover, Plaintiff ignores the following facts and judicial admissions:

- Plaintiff's First Amended Complaint ("FAC"), filed June 29, 2016, alleges Plaintiff suffered "severe mental anguish" [Dkt # 9, ¶ 64];

- At Plaintiff's deposition on October 4, 2016, Plaintiff testified she was diagnosed with PTSD and prescribed anti-depressants as a result of the incident, and she was advised to see a psychiatrist or psychologist;

- In light of the foregoing, on November 1, 2015, Defendant County of Orange ("the County") noticed an independent medical examination ("IME") by a licensed psychologist;

///

- Both before and after the County noticed the IME, Plaintiff objected to discovery of her mental and/or emotional state on the grounds it was not in controversy;
- The County explained why the IME and further discovery was warranted in light of Plaintiff's FAC and her deposition testimony, and the County offered to withdraw the IME and refrain from the additional discovery if Plaintiff would agree not to elicit expert testimony regarding her emotional distress and to limit her emotional distress claim to nothing more than the "garden variety" type;
- Plaintiff agreed with the County's proposal, and she knowingly and voluntarily stipulated she would not elicit testimony from any expert regarding her emotional distress;
- Plaintiff also knowingly and voluntarily stipulated she would not pursue any claim for PTSD, unusually severe emotional distress, or any mental suffering other than "garden-variety emotional distress;"
- The County relied to its detriment on the stipulation by withdrawing the pending IME and by refraining from conducting further discovery on Plaintiff's claimed emotional distress;
- Over six months after the parties entered the stipulation, Plaintiff did a complete about-face and now wants to introduce expert testimony and seek recovery for PTSD and unusually severe emotional distress.

Plaintiff claims her motion is nothing more than a request to "modify the prior stipulation," and she claims the relief she seeks "would not alter the nature of the claims Plaintiff is pursuing." In truth, what she seeks would completely nullify and entirely vacate the stipulation and this Court's order and would re-introduce significant issues she clearly and unambiguously waived and dismissed. She explicitly said she would not elicit expert testimony and she would not pursue claims for PTSD and/or severe emotional distress, yet now she wants to do exactly the opposite, just a few weeks prior to trial. Although plaintiff endeavors to soft-

peddle it, Plaintiff's motion would drastically alter the nature of the claims she is pursuing, and cause the defendant to readjust its defense of the case. The fact it is now less than one month before trial, coupled with the fact the County relied on Plaintiff's agreement as memorialized in the stipulation and the resulting order from this Court by taking off its IME, by no longer retaining a mental health expert, and now having to undertake an IME, and prepare that expert for deposition and for trial, are sufficient to defeat Plaintiff's motion.

It is important to note Plaintiff will still be able to pursue damages for emotional distress and the other harm she claims to have suffered. Her position from the outset of this case has been that, although she allegedly experienced PTSD, her mental and emotional state is not in controversy and her damage claims do not merit an IME and/or other discovery into her emotional condition, likely to avoid any discussion about her previous employment in the pornographic industry. She made that much clear in her objections to the County's notice of IME and the other discovery the County contemplated. But now, less than 30 days before trial, Plaintiff completely changes her position and claims her emotional state is in controversy and the County is "entitled" to an IME and additional discovery on that subject.

Contrary to Plaintiff's assertion, the County has not "thoroughly conducted" discovery regarding Plaintiff's unusually severe emotional distress. The County would have obtained significantly more discovery had Plaintiff not waived and dismissed her claims for PTSD and severe emotional distress and agreed not to elicit expert testimony on any form of emotional distress. Plaintiff is not the arbiter of how much discovery is "thorough" or how much the County is entitled to. If Plaintiff's motion is granted, the County would be compelled to conduct more than just an IME. Her claim for PTSD and unusually severe emotional distress would effect a waiver of the therapist-patient privilege, so the County would be entitled to obtain records of all mental healthcare treatment Plaintiff has received and any other medical records bearing on her past, present or future mental condition. This would

necessitate a trial continuance which would require finding a date that is available on all counsel's calendars. The current trial date was agreed to after consideration of all parties' trial calendars, and Plaintiff has not suggested any alternate date. In fact, her proposal explicitly contemplates maintaining the current trial date and forcing the County to conduct an IME on short notice and have its expert prepare a report on short notice.

The County would also have the right to inquire into all sources of Plaintiff's claimed emotional distress, meaning other stressors in her life that could be causing and/or contributing to her claimed emotional distress. The County refrained from doing so in light of the stipulation and the order, and it would be erroneous and short-sighted to think an IME alone would cure the prejudice the County will experience if Plaintiff is permitted to re-introduce claims she plainly waived and dismissed.

## IV. CONCLUSION.

For the foregoing reasons, the County of Orange respectfully requests that plaintiff's *ex parte* Application be denied.

DATED: July 5, 2017            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Dawn M. Flores-Oster
Dawn M. Flores-Oster
Attorneys for Defendant COUNTY OF ORANGE

**DECLARATION**

## DECLARATION OF DAWN M. FLORES-OSTER

I, Dawn M. Flores-Oster, declare as follows:

1. I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for County of Orange (the "County") herein. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. Plaintiff's ex parte application was filed at 6:47 p.m. on July 3, 2017, the day before a National Holiday, Independence Day. [Docket No. 118.]

3. The procedural and factual history as set forth in this Application is true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 3, 2017, at Los Angeles, California.

                                           /s/ Dawn M. Flores-Oster
                                           Dawn M. Flores-Oster

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4813-9124-7179.1

1

OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME