**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>          Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**EX PARTE APPLICATION FOR AN ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAWN M. FLORES-OSTER; EXHIBITS**<br><br>**[Filed concurrently with [Proposed] Order]**<br><br>Trial Date:     August 1. 2017 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

EX PARTE APPLICATION ...................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 6

I.       INTRODUCTION ..................................................................................... 6

II.      DISCUSSION ............................................................................................ 7

         A.      There Is Good Cause to Strike Plaintiff's Partial Summary Judgment Motion. ....................................................................... 7

         B.      There Is Good Cause to Strike Plaintiff's Application for Leave to File Documents Under Seal. .................................. 10

         C.      Defendant Will Suffer Irreparable Harm if the Court Does not Grant the Requested Relief. ......................................... 11

III.     CONCLUSION ....................................................................................... 12

DECLARATION OF DAWN M. FLORES-OSTER ............................................ 13

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## *Cases*

4

*Mission Power Engineering Company v. Continental Casualty Company,*
       883 F.Supp.488 (1995)............................................................................12, 18

5

6

## *Rules and Regulations*

7

*Federal Rules of Civil Procedure*
       Rule 5.......................................................................................................8

8

9

*United Stated District Court, Central, Local Rules*

10

       Local Rule 5-3.1.2 ...........................................................................2, 6, 12

11

       Local Rule 6-1 ...............................................................................11, 14

12

       Local Rule 7-3 ......................................................................................2, 8

13

       Local Rule 7-19.1 ........................................................................1, 2, 13

14

       Local Rule 7-19 ......................................................................................2

15

       Local Rule 79-5 .........................................................................3, 7,8, 10

16

       Local Rule 79-5.2.2(b) ...........................................................3, 10, 16

17

       Local Rule 79-5.3 ...................................................................6, 7, 8, 10

18

19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

TO THIS HONORABLE COURT AND TO PLAINTIFF AND DEFENDANT AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant County of Orange ("Defendant"), applies for an order striking Plaintiff's partial summary judgment motion and Plaintiff's application for leave to file documents under seal. This application is made pursuant to, and in compliance with, Local Rules 7-19 and 7-19.1, and is opposed. (Declaration of Dawn M. Flores-Oster ("Flores-Oster Decl."); ¶¶ 2-3, Exh. A.)

Notice was given to opposing counsel pursuant to Local Rules 7-19 and 7-19.1, as set forth in the Declaration of Dawn M. Flores-Oster by electronic mail on July 5, 2017 to the following:

| | |
|---|---|
| Holly N. Boyer, Esq.<br>Esner, Chang & Boyer<br>234 E. Colorado Blvd., Suite 975<br>Pasadena, CA 91101<br>Tel: 626.535.9860;<br>Fax: 626.535.9859<br>Email:  hboyer@ecbappeal.com | ***Co-Counsel for Plaintiff***<br>***ALEXA CURTIN*** |
| Jeremy D. Jass, Esq.<br>JASS LAW<br>4510 E. Pacific Coast Hwy., Suite 4000<br>Long Beach, CA 90804<br>Tel: 562.340.6299; Fax: 562.340.6422<br>Email:  Jeremy@jasslaw.com | ***Co-Counsel for Plaintiff***<br>***ALEXA CURTIN*** |
| Daniel K. Balaban, Esq.<br>Balaban & Spielberger, LLP<br>11999 San Vicente Blvd., Ste. 345<br>Los Angeles, CA 90049<br>Tel: 424-832-7677; Fax: 424-832-7702<br>Email: Daniel@dbaslaw.com | ***Co-Counsel for Plaintiff***<br>***ALEXA CURTIN*** |
| Thomas R. Chapin, Esq.<br>Law Office of Thomas R. Chapin<br>232 E. Grand Blvd., Suite 204<br>Corona, CA 92882<br>Tel: 951-278-2919; Fax: 951-278-2999<br>Email:  coronalaw@aol.com | ***Attorneys for Defendant***<br>***Nicholas Caropino*** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                                                              8:16-cv-00591-SVW-PLA
EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1    Pursuant to Local Rule 7-19, Defendant brings this ex parte application for an

2    order striking Plaintiff's partial summary judgment motion and Plaintiff's

3    application for leave to file documents under seal. Several reasons support the good

4    cause required for this request.

5    First, Plaintiff did not give proper notice under Local Rule 6-1 for her partial

6    summary judgment motion. On the eve of trial, Plaintiff files a partial summary

7    judgment motion on July 3, 2017, at 9:37 p.m., the day before a national holiday.

8    Plaintiff notices the motion for hearing on July 31, 2017—the day before trial.

9    Pursuant to Local Rule 6-1, Defendant's opposition to Plaintiff's partial summary

10   judgment motion is due 21 days before the hearing date—Monday, July 10, 2017.

11   Plaintiff, however, filed and served only a redacted version of her partial summary

12   judgment motion and statement of uncontroverted facts and conclusions of law. At

13   approximately 5:00 p.m. on Wednesday, July 5, 2017, Plaintiff served Defendant

14   with unredacted versions, and this did not occur until after Defendant met and

15   conferred on this application and alerted Plaintiff's counsel to the error. Indeed,

16   Defendant could not meaningfully respond and oppose her motion without the

17   unredacted version of the motion or statement of uncontroverted facts and

18   conclusions of law. Defendant is entitled to a full and complete notice period to

19   adequately oppose the motion, and since that cannot be met, Defendant will request

20   that the Court strike it. (Flores-Oster Decl., ¶ 4.)

21   Second, pursuant to Local Rule 7-3, Plaintiff failed to meaningfully meet and

22   confer on her partial summary judgment motion. Pursuant to Local Rule 7-3,

23   counsel must first contact opposing counsel to discuss thoroughly, preferably in

24   person, the substance of any contemplated motion and any potential resolution. The

25   meet and confer must take place at least seven days prior to the filing of the motion.

26   Plaintiff simply mentioned the summary judgment motion without partaking in any

27   meaningful discussion of issues, decisional authority or facts upon which the motion

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2                                                      8:16-cv-00591-SVW-PLA
EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1  would be based. (Flores-Oster Decl., ¶ 5, Exh. B.)

2       Third, Plaintiff failed to meet and confer on their application for leave to file

3  documents under seal.[1] Pursuant to Local Rule 79-5—the procedures for applying

4  for leave to file documents under seal—a party cannot simply file documents "under

5  seal" unilaterally. Where the documents are subject to a protection, such as the case

6  here, the party must confer with the party that designated the documents as

7  confidential, no less than 3 days before filing the application for leave to file under

8  seal, to discuss whether redactions can eliminate or minimize the need to file under

9  seal. L.R. 79-5.2.2(b). Here, Plaintiff failed to meet and confer and produce the

10  documents she seeks to file under seal pursuant to Local Rule 79-5. Defendant is

11  aware that the Court granted Plaintiff's application, at Docket No. 137, but the order

12  issued less than 48 hours before defendant had an opportunity to oppose the motion,

13  and had no documents upon which to ascertain whether there was a need. Indeed, it

14  appears plaintiff may have had an ex parte communication with the Court given that

15  documents were filed with the Court, which were never provided to the defense in a

16  timely fashion, and certainly not before the Court ruled on Plaintiff's application for

17  leave to seal the documents or before the Court issued its Order.   Plaintiff never

18  produced or identified the documents Plaintiff sought to have sealed pursuant to the

19  meet and confer rules. As such, this Court should vacate its order and grant the

20  motion to strike the application. (Flores-Oster Decl., ¶ 7.)

21

22

23  _____

24  [1]   Defendant questions the need to seal documents in the first instance, because
Plaintiff's deposition where she speaks at length about the alleged assault was not
25  deemed confidential, the Stipulation in which she addresses numerous mental and
physical issues was filed with the Court, unsealed, [Docket No. 21] and the
26  questions asked at Mr. Caropino's deposition were graphic and detailed, and that
deposition was not deemed confidential.  Had plaintiff met and conferred on the
27  application as she was required to do, much of this could have been avoided.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

On July 5, 2017, the parties engaged in a telephonic meet and confer and admitted they failed to provide defendant with adequate notice on her summary adjudication motion. Plaintiff's counsel believed that if she provided the defense with "two additional days" within which to oppose the motion, they would "eat the time" on the reply brief. From Defendant's perspective, since it is *the Court's* time that is also impacted, since Defendant just received documents sought to be sealed, since the defense would still have been deprived of the full notice period to which they are entitled, and since Plaintiff has just filed an amended order asking this Court to seal additional documents, where she also did not meet and confer, this is a wholly insufficient fix. (Flores-Oster Decl., ¶ 5.)

Finally, Plaintiff's motion simply ignores critical pieces of evidence that will plainly create a triable issue of fact, and Defendant cannot help but conclude the motion was brought in bad faith and as an improper means of compelling settlement. (Flores-Oster Decl., ¶ 6.)

The relief sought by this ex parte application is necessary to give Defendant a proper notice under the Local Rules. Good cause exists for this application to strike Plaintiff's last-minute partial summary judgment motion and application for leave to file documents under seal.

**IN ACCORD WITH THIS COURT'S NEW CASE ORDER COUNSEL IS ADVISED OF THE FOLLOWING**:

"The requesting party shall notify the responding party that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding the day the *ex parte* was served.  If counsel are not going to oppose the ex parte application, they must inform the clerk at (213) 894-2881.  Counsel will be notified by the clerk of the Court's ruling." (Docket No. 7, at ¶5.)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1    This Application is based upon the good cause set forth in the Declaration of

2  Dawn M. Flores-Oster, the Complaint in this action, the accompanying

3  Memorandum of Points and Authorities, and all of the pleadings and exhibits on file

4  herein.

5

6  DATED: July 6, 2017              DANA ALDEN FOX

7                                   DAWN M. FLORES-OSTER
                                    BARRY HASSENBERG

8                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

9

10                                  By:  /S/ *Dawn M. Flores-Oster*

11                                       Dawn M. Flores-Oster
                                         Attorneys for Defendant COUNTY OF

12                                       ORANGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendant respectfully requests this Court to issue an order striking Plaintiff's partial summary judgment motion and Plaintiff's application for leave to file documents under seal. Plaintiff did not give Defendant give proper notice for its motion or application pursuant to Local Rule 6-1. This is because Plaintiff filed a redacted partial summary judgment motion, statement of uncontroverted facts and conclusions of law on July 3, 2017, without serving Defendant the same day with the unredacted version. Defendant also had not received Plaintiff's sealed declaration in support of her application for leave to file documents under seal as required by Local Rule 79-5.3. Two days later, at approximately 5:00 p.m. on July 5, 2017, Defendant received Plaintiff's unredacted versions of the motion and statement as well as the declaration in support of her application. Indeed, defendant did not receive the documents until counsel for the defense alerted plaintiff's counsel to the error.[2] Interestingly, there is no indication defendant Caropino ever received the unredacted documents. (*See* Docket No. 141.)

Extraordinary relief is required because Defendant now has less than five days to oppose Plaintiff's partial summary judgment motion, respond to a large number of allegedly uncontroverted facts and conclusions of law. Without redacted versions, it was impossible for Defendant to respond to Plaintiff's motion, statement of uncontroverted facts and conclusions of law. Defendant is entitled to a full and complete notice period to adequately oppose the motion, and since that time requirement cannot be met given that Plaintiff noticed the motion the day prior to trial, Defendant will request that the Court strike both the partial summary judgment

---

[2]   In point of fact, Plaintiff appears to have had an ex parte communication with this Court, since the Court was apparently provided with the documents sought to be sealed two days before defendant ever received them, which was plainly after they were due.

EX PARTE APPLICATION FOR AN ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   motion and the application.

2       Defendant is aware that the Court granted Plaintiff's application, at Docket

3   No. 137, but the Order issued less than 48 hours before Defendant had an

4   opportunity to oppose the motion. Plaintiff failed to meet and confer pursuant to

5   Local Rule 79-5 et. seq., and she did not even identify which documents Plaintiff

6   sought to have sealed. Moreover, Plaintiff is required to serve Defendant with the

7   sealed and/or unredacted documents. Pursuant to Local Rule 79-5.3, when a party

8   files a document under seal or through redactions, the party must serve opposing

9   counsel in accordance with Federal Rule of Civil Procedure 5. As such, the

10  documents must be accompanied either by a Proof of Service in the form required

11  by Local Rule 5-3.1.2 or by a declaration explaining why service is not required.

12  Plaintiff has only recently done so here—two days after filing the redacted and

13  sealed versions.

14  **II.    DISCUSSION**

15      **A.    There Is Good Cause to Strike Plaintiff's Partial Summary**

16          **Judgment Motion.**

17      Three reasons support the good cause requirement to strike Plaintiff's partial

18  summary judgment motion. First, Plaintiff did not give proper notice under Local

19  Rule 6-1 for her partial summary judgment motion. On the eve of trial, Plaintiff files

20  a partial summary judgment motion on July 3, 2017, at 9:37 p.m., the day before a

21  national holiday. Plaintiff notices the motion for hearing on July 31, 2017—*the day*

22  *before trial*. Pursuant to Local Rule 6-1, Defendant's opposition to Plaintiff's partial

23  summary judgment motion is due 21 days before the hearing date—Monday, July

24  10, 2017. Two days after noticing and filing the motion and only upon Defendant's

25  notification of same, Defendant received the unredacted versions of the motion and

26  statement. (Flores-Oster Decl., ¶ 4.)

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7

8:16-cv-00591-SVW-PLA

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1    Pursuant to Local Rule 79-5.3, Plaintiff was required to serve **unredacted**

2   versions of her summary judgment motion, statement of uncontroverted facts and

3   conclusions of law, and exhibits **on the same day**. Local Rule 79-5.3 states:

4       Filing a document under seal does not exempt the filer from the service
5       requirements imposed by federal statutes, rules, or regulations, or by
        the Local Rules of this Court. Because documents filed under seal
6       (even those filed electronically) are visible on CM/ECF or PACER
        only to Court personnel and the person who filed the document, a
7       person electronically filing a document under seal may not rely on the
        Court's CM/ECF System to effect service as provided in L.R. 5-3.2.1.
8       Service of such documents must be made in accordance with
        F.R.Civ.P. 5. At the time of filing, the documents must be accompanied
9       either by a Proof of Service in the form required by L.R. 5-3.1.2 or by a
        declaration explaining why service is not required.

10   Plaintiff, however, filed and served only a redacted version of her partial summary

11   judgment motion and statement of uncontroverted facts and conclusions of law. Two

12   days after noticing her summary judgment motion and filing her redacted version,

13   Plaintiff filed a proof of service indicating that she served unredacted versions of the

14   document. Defendant received the unredacted version at approximately 5:00 p.m. on

15   Wednesday, July 5, 2017.  (Flores-Oster Decl., ¶ 4.)

16    Indeed, Defendant could not meaningfully respond and oppose their motion

17   without the unredacted version of the motion or statement of uncontroverted facts

18   and conclusions of law. Defendant is entitled to a full and complete notice period to

19   adequately oppose the motion, and since that cannot be met, Defendant will request

20   that the Court strike it. (Flores-Oster Decl., ¶ 4.)

21    Second, pursuant to Local Rule 7-3, Plaintiff failed to meaningfully meet and

22   confer on her partial summary judgment motion. Pursuant to Local Rule 7-3,

23   counsel must first contact opposing counsel to discuss thoroughly, preferably in

24   person, the substance of any contemplated motion and any potential resolution. The

25   meet and confer must take place at least seven days prior to the filing of the motion.

26   (Flores-Oster Decl., ¶ 5.)

27

28

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

On Friday, June 23, 2017, the parties held a meet and confer conference call on a number of matters. In a follow up email, Plaintiff's counsel, Jeremy D. Jass, stated that Plaintiff intended to file a motion for partial summary judgment "on the issue that Caropino was acting under color of authority at the time of the rape and mistreatment of Plaintiff." Defendant's counsel raised the issue that the motion would be very untimely considering trial was nearly a month away. Further, Defendant's counsel indicated that there are numerous facts in dispute on the issue of whether Deputy Caropino was acting under color of authority. Plaintiff simply mentioned the summary judgment motion without partaking in any meaningful discussion of issues, decisional authority or facts upon which the motion would be based.   Plaintiff's counsel did not meet and confer in good faith or in any meaningful manner. Further, there was no indication any documents would be filed under seal, and there were no efforts made to meet and confer on that significant issue. (Flores-Oster Decl., ¶ 5, Exh. B.)

Third, Plaintiff's motion simply ignores critical pieces of evidence that will plainly create a triable issue of fact, and Defendant cannot help but conclude the motion was brought in bad faith and as an improper means of compelling settlement. For example, there is undisputed evidence that Mr. Caropino was not in uniform at the time the alleged assault occurred, and that he was in his personal vehicle. Indeed, Plaintiff has *judicially admitted* as much in her second amended complaint. See, Second Amended Complaint, at para. 20: "This time he was in his personal vehicle and out of uniform." This argument did not sway Plaintiff's counsel. In addition, in an audio excerpt bearing Bates No. 000777, provided to plaintiff on December 13, 2016, in response to Plaintiff's Demand for Production of Documents, Set One, Plaintiff can be heard asking the deputies to "come check in on her" because she would be sleeping in her vehicle, which discussion was held *before* the alleged assault. Finally, while Defendant Caropino has asserted the Fifth

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Amendment at his deposition and in his interrogatory responses, he filed a verified

2   answer to Plaintiff's second amended complaint in which he denied many of the

3   allegations related to the alleged assault.[3] These undisputed statements alone will be

4   sufficient to overcome the motion. Further, Defendant will oppose the statements

5   made by Plaintiff's expert, which purports to support the motion, creating yet

6   additional triable issues.  (Flores-Oster Decl., ¶ 6.)

7       **B.    <u>There Is Good Cause to Strike Plaintiff's Application for Leave to</u>**

8             **<u>File Documents Under Seal</u>.**

9        Good cause also exists to strike Plaintiff's application for leave to file

10  documents under seal. Plaintiff failed to meet and confer on their application for

11  leave to file documents under seal.  Pursuant to Local Rule 79-5—the procedures for

12  applying for leave to file documents under seal—a party cannot simply file

13  documents "under seal" unilaterally. Where the documents are subject to a

14  protection, such as the case here, the party must confer with the party that

15  designated the documents as confidential, no less than 3 days before filing the

16  application for leave to file under seal, to discuss whether redactions can eliminate

17  or minimize the need to file under seal. L.R. 79-5.2.2(b). Here, Plaintiff failed to

18  meet and confer and produce the documents she seeks to file under seal pursuant to

19  Local Rule 79-5. (Flores-Oster Decl., ¶ 7.)

20       Further, pursuant to Local Rule 79-5.3, Plaintiff was required to serve

21  **<u>unredacted</u>** versions of the sealed declaration in support of the application.

22

23  _____

24  [3] It is most curious that Plaintiff failed to provide any of the sealed documents to
    Defendant Caropino, who would, at least in theory, have an interest in opposing the

25  motion as much as Defendant County would. Defendant County surmises, however,
    Plaintiff believes she has the County between the proverbial "rock and a hard

26  place," assuming the County has no means to oppose the partial summary judgment
    motion since Defendant Caropino asserted the Fifth Amendment, perhaps neglecting

27  to consider his verified answer will serve to contest a great number of Plaintiff's
    purportedly "undisputed" facts.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Plaintiff, however, filed and served the declaration under seal through the Court's

2   CM/ECF System, which prevented Defendant's counsel from viewing the

3   document. Plaintiff did not include a proof of service as required by Local Rule 5-

4   3.1.2 or a declaration explaining why service was not required at the time these

5   documents were originally filed. Plaintiff filed a proof of service two days after

6   filing the documents. This is improper. (Flores-Oster Decl., ¶ 8.)

7        Defendant is aware that the Court granted Plaintiff's application, at Docket

8   No. 137, but the Order issued less than 48 hours before defendant had an

9   opportunity to oppose the motion. Moreover, Plaintiff failed to meet and confer on

10  the application, and never produced or identified the documents she sought to have

11  sealed as required by the Local Rule 79-5. (Flores-Oster Decl., ¶ 7.)

12      **C.**      **Defendant Will Suffer Irreparable Harm if the Court Does not**

13              **Grant the Requested Relief.**

14       Defendant respectfully requests the Court grant its application as it will

15  prevent the defense from suffering irreparable harm relative to the defense of the

16  case. Plaintiff filed her partial summary judgment motion at the very last minute,

17  less than one month before trial. Plaintiff's counsel admitted that she did not provide

18  proper notice as required by Local Rule 6-1 due to the failure to provide unredacted

19  and unsealed documents. (Flores-Oster Decl., ¶ 2.) Plaintiff has had months to

20  prepare and file her summary judgment motion. Indeed, the exhibits attached to in

21  support of her motion are all documents that she had many months ago or could

22  have obtained sooner. (Flores-Oster Decl., ¶ 10.)

23       Defendant's counsel is very busy preparing for trial, which is less than one

24  month away. All of the arguments raised in Plaintiff's motion can easily be brought

25  up at trial, where they can be properly addressed by the trier of fact. Defendant

26  should not be prejudiced by Plaintiff's lack of diligence in preparing for her

27  summary judgment. (Flores-Oster Decl., ¶¶ 10-11.)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

11                                    8:16-cv-00591-SVW-PLA
EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1   Defendant is at an extreme disadvantage which, it is respectfully suggested,

2   requires this Court's immediate intervention to strike this partial summary judgment

3   motion and application for leave to file the sealed documents. Indeed, there is good

4   cause to grant the application on an ex parte basis based on these unexpected

5   circumstances. *Mission Power Engineering Company v. Continental Casualty*

6   *Company*, 883 F.Supp.488 (1995). (Flores-Oster Decl., ¶¶ 11-12.)

7   **III.**   **CONCLUSION**

8   Based on foregoing reasons, Defendant respectfully requests the Court grant

9   its ex parte application to strike Plaintiff's partial summary judgment motion and

10   application for leave to file documents under seal.

11

12   DATED: July 6, 2017          DANA ALDEN FOX

13                               DAWN M. FLORES-OSTER
                                 BARRY HASSENBERG

14                               LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16                               By: /S/ *Dawn M. Flores-Oster*

17                                   Dawn M. Flores-Oster
                                     Attorneys for Defendant COUNTY OF

18                                   ORANGE

19

20

21

22

23

24

25

26

27

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

## DECLARATION OF DAWN M. FLORES-OSTER

I, Dawn M. Flores-Oster, declare as follows:

1.     I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants, COUNTY OF ORANGE herein. The facts set for the herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.     In accordance with United States District Court Central District Local Rule 7-19.1, Defendant provided notice via electronic mail and by telephone on July 5, 2017. Defendant expressed in the email the date of the intended filing of the ex parte application, along with the nature of the relief sought. Counsel for the Plaintiff, Ms. Holly N. Boyer, indicated that they will oppose this ex parte application. Attached as **Exhibit A** is an email dated July 5, 2017 from me to Plaintiff's counsel and Defendant Caropino's counsel, giving notice of the ex parte application.

3.     On July 5, 2017, the parties engaged in a telephonic meet and confer and admitted they failed to provide defendant with adequate notice. Plaintiff's counsel believed that if she provided the defense with "two additional days" within which to oppose the motion, they would "eat the time" on the reply brief. From Defendant's perspective, since it is *the Court's* time that is also impacted, since Defendant just received documents sought to be sealed, since the defense would still have been deprived of the full notice period to which they are entitled, and since Plaintiff has just filed an amended order asking this Court to seal additional documents, where she also did not meet and confer, this is a wholly insufficient fix. Plaintiff thereafter submitted a proposed stipulation and order, once again asking the County to accept the fact plaintiff improperly provided notice, and the County was not willing to do so stipulate.

8:16-cv-00591-SVW-PLA

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4.     On the eve of trial, Plaintiff files a partial summary judgment motion on July 3, 2017, at 9:37 p.m., the day before a national holiday. Plaintiff notices the motion for hearing on July 31, 2017—the day before trial. Pursuant to Local Rule 6-1, Defendant's opposition to Plaintiff's partial summary judgment motion is due 21 days before the hearing date—Monday, July 10, 2017. Plaintiff, however, filed and served only a redacted version of her partial summary judgment motion and statement of uncontroverted facts and conclusions of law. At approximately 5:00 p.m. on Wednesday, July 5, 2017, Plaintiff served Defendant with unredacted versions, and this did not occur until after Defendant met and conferred on this application and alerted Plaintiff's counsel to the error. Indeed, Defendant could not meaningfully respond and oppose her motion without the unredacted version of the motion or statement of uncontroverted facts and conclusions of law. Defendant is entitled to a full and complete notice period to adequately oppose the motion, and since that cannot be met, Defendant will request that the Court strike it.

5.     On Friday, June 23, 2017, the parties held a meet and confer conference call on a number of matters. In a follow up email, Plaintiff's counsel, Jeremy D. Jass, stated that Plaintiff intended to file a motion for partial summary judgment "on the issue that Caropino was acting under color of authority at the time of the rape and mistreatment of Plaintiff." Defendant's raised the issue that the motion would be very untimely considering trial was nearly a month away. Further, Defendant's counsel indicted that there is numerous facts in dispute on the issue of whether Deputy Caropino was acting under color of authority. Plaintiff simply mentioned the summary judgment motion without partaking in any meaningful discussion of issues, decisional authority or facts upon which the motion would be based. Plaintiff's counsel did not meet and confer in good faith or in any meaningful manner. Attached as **Exhibit B** is an email dated June 23, 2017 from Mr. Jass to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1  Defendant's counsel regarding the meet and confer of the summary judgement

2  motion.

3      6.    Plaintiff's motion simply ignores critical pieces of evidence that will

4  plainly create a triable issue of fact, and Defendant cannot help but conclude the

5  motion was brought in bad faith and as an improper means of compelling settlement.

6  For example, there is undisputed evidence that Mr. Caropino was not in uniform at

7  the time the alleged assault occurred, and that he was in his personal vehicle.

8  Indeed, Plaintiff has *judicially admitted* as much in her second amended complaint.

9  See, Second Amended Complaint, at para. 20: "This time he was in his personal

10  vehicle and out of uniform." This argument did not sway Plaintiff's counsel. In

11  addition, in an audio excerpt bearing Bates No. 000777, provided to plaintiff on

12  December 13, 2016, in response to Plaintiff's Demand for Production of

13  Documents, Set One. Plaintiff can be heard asking the deputies to "come check in

14  on her" because she would be sleeping in her vehicle, which discussion was held

15  *before* the alleged assault. Finally, while Defendant Caropino has asserted the Fifth

16  Amendment at his deposition and in his interrogatory responses, he filed a verified

17  answer to plaintiff's second amended complaint in which he denied many of the

18  allegations related to the alleged assault.[4] These undisputed statements alone will be

19  sufficient to overcome the motion. Further, Defendant will oppose the statements

20  made by Plaintiff's expert which purports to support the motion, creating yet

21  additional triable issues.

22

23  _____

[4] It is most curious that plaintiff failed to provide any of the sealed documents to
24  defendant Caropino, who would, at least in theory, have an interest in opposing the
Motion as much as the County would. The County surmises, however, plaintiff
25  believes she has the County between the proverbial "rock and a hard place,"
surmising the County has no means to oppose the Motion for Summary
26  Adjudication since defendant Caropino asserted the Fifth Amendment, perhaps
neglecting to consider his verified answer will serve to contest a great number of
27  plaintiff's purportedly "undisputed" facts.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7.      Plaintiff failed to meet and confer on their application for leave to file documents under seal. Pursuant to Local Rule 79-5—the procedures for applying for leave to file documents under seal—a party cannot simply file documents "under seal" unilaterally. Where the documents are subject to a protection, such as the case here, the party must confer with the party that designated the documents as confidential, no less than 3 days before filing the application for leave to file under seal, to discuss whether redactions can eliminate or minimize the need to file under seal. L.R. 79-5.2.2(b). Here, Plaintiff failed to meet and confer and produce the documents she seeks to file under seal pursuant to Local Rule 79-5. Defendant is aware that the Court granted Plaintiff's application, at Docket No. 137, but the order issued less than 48 hours before defendant had an opportunity to oppose the motion. Indeed, it appears plaintiff may have had an ex parte communication with the Court given that documents were filed with the Court, which were never provided to the defense in a timely fashion, and certainly not before the Court ruled on Plaintiff's application for leave to seal the documents or before the Court issued its Order. Plaintiff never produced or identified the documents Plaintiff sought to have sealed pursuant to the meet and confer rules.

8.      Plaintiff filed and served the declaration in support of her application under seal through the court's CM/ECF System, which prevented Defendant's counsel from viewing the document. Plaintiff only recently, at approximately 5:15 p.m. on July 5, 2017, included a proof of service as required by Local Rule 5-3.1.2 for the unredacted and sealed documents. Plaintiff did not, however, provide this proof of service or attach declaration explaining why service was not required at the time these documents were originally filed.

9.      The relief sought by this ex parte application is necessary for Defendant to have a full and complete notice period to adequately oppose Plaintiff's motion. Without the requested relief, Defendant will be deprived of the fair notice

16

8:16-cv-00591-SVW-PLA

EX PARTE APPLICATION FOR AN ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  requirements. Plaintiff has had months to prepare and file her summary judgment

2  motion. Indeed, the exhibits attached to in support of her motion are all documents

3  that she had many months ago or could have obtained sooner. Defendant's counsel

4  is already very busy preparing for trial and this last minute partial summary

5  judgment motion causes an upheaval with regard to trial preparation.

6       10.    Plaintiff has had months to prepare and file her summary judgment

7  motion. Indeed, the exhibits attached to in support of her motion are all documents

8  that she had many months ago or could have obtained sooner. Plaintiff attached the

9  following documents in support of her motion: (1) Declaration of L.D. signed

10  6/30/17; (2) Declaration of Jeffrey Noble; (3) Government Claim dated 02/27/17 (4)

11  Curtin Deposition dated 10/04/16; (5) Caropino Deposition dated  06/05/17 and

12  Audio/video clips of investigation notes produced by County re Caropino; (6)

13  Chapple Deposition dated 06/27/17 and Audio/Video clips of investigation notes

14  produced by County regarding Chapple; (7) Vogel Deposition dated 06/28/17 and

15  Audio/Video clips of investigation notes produced by County re Vogel; (8)

16  Asuncion Deposition dated 08/18/15 and termination letter produced by County.

17  Plaintiff knew of L.D.'s identity since November 2016 and could have retrieved the

18  information from L.D. sooner. Plaintiff knew of the existence of Vogel and Chapple

19  by, at the very latest, March 27, 2017, when the County produced relevant

20  documents. Plaintiff should have set Vogel's and Chapple's depositions sooner than

21  a month before trial. Further, the court granted Caropino's substitution of attorney

22  on April 12, 2017. However, Plaintiff waited until June 5, 2017, to set Caropino's

23  deposition.

24       11.    Defendant is at an extreme disadvantage which, it is respectfully

25  suggested, requires this Court's immediate intervention to strike this partial

26  summary judgment motion and application for leave to file the sealed documents.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8:16-cv-00591-SVW-PLA

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

1  All of the arguments raised in the motion can easily be brought up at trial, where
2  they can be properly addressed by the trier of fact.

3       12.   The necessary good cause to petition this Court on an ex parte basis,
4  and to seek the requested relief is present under these unexpected circumstances, in
5  accord with the holding in *Mission Power Engineering Company v. Continental*
6  *Casualty Company*, 883 F.Supp.488 (1995).

7       13.   Defendant respectfully requests the court grant its application as it will
8  prevent the defense from suffering irreparable prejudice relative to the defense of
9  the case.

10       I declare under penalty of perjury under the laws of the United States of
11  America that the foregoing is true and correct and that this Declaration was executed
12  on July 6, 2017, at Los Angeles, California.

13

14                     /s/ Dawn M. Flores-Oster
15                     Dawn M. Flores-Oster

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

8:16-cv-00591-SVW-PLA

EX PARTE APPLICATION FOR AN  ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT
MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL