# EXHIBIT "A"

**Flores-Oster, Dawn**

| | |
|---|---|
| From: | Flores-Oster, Dawn |
| Sent: | Wednesday, July 05, 2017 12:51 PM |
| To: | Jeremy Jass (jeremy@jasslaw.com); hboyer@ecbappeal.com; 'smurphy@ecbappeal.com'; coronalaw@aol.com; Email: (daniel@dbaslaw.com) |
| Cc: | Fox (LA), Dana; Hassenberg, Barry; Harvey, Ryan; Flores-Oster, Dawn |
| Subject: | Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal |

Kindly be advised the County of Orange will be filing an *ex parte* application seeking the following relief:

First, Plaintiff did not give proper notice under Local Rule 6-1 for her partial summary judgment motion. On the eve of trial, Plaintiff files a partial summary judgment motion on July 3, 2017, at 9:37 p.m., the day before a national holiday. Plaintiff notices the motion for hearing on July 31, 2017—the day before trial. Pursuant to Local Rule 6-1, Defendant's opposition to Plaintiff's partial summary judgment motion is due 21 days before the hearing date—Monday, July 10, 2017. Plaintiff, however, filed and served only a redacted version of her partial summary judgment motion, her separate statement and accompanying documents. As of the date of this application, Plaintiff has not served Defendant with an unredacted version. Indeed, Defendant cannot meaningfully respond and oppose their motion without the unredacted version of the motion. Defendant is entitled to a full and complete notice period to adequately oppose the Motion, and since that requirement cannot be met, Defendant will request that the Court strike the Motion.

Second, pursuant to Local Rule 7-3, Plaintiff failed to meaningfully meet and confer on her partial summary judgment motion.

Third, Plaintiff failed to meet and confer on their application for leave to file documents under seal. Pursuant to Local Rule 79-5—the procedures for applying for leave to file documents under seal—a party cannot simply file documents "under seal" unilaterally. Where the documents are subject to a protection, such as the case here, the party must confer with the party that designated the documents as confidential, no less than 3 days *before* filing the application for leave to file under seal, to discuss whether redactions can eliminate or minimize

1

20

the need to file under seal. L.R. 79-5.2.2(b). Here, Plaintiff failed to meet and confer and produce the documents she seeks to file under seal pursuant to Local Rule 79-5, and the time to do so has passed. Defendant has reviewed the Court's Order, but will nonetheless oppose the Application and explain the errors the Court may not have considered.

Finally, the Motion simply ignores critical pieces of evidence which will plainly create a triable issue of fact, and defendant cannot help but conclude the Motion was brought in bad faith.

We would request you immediately take your motion off-calendar in view of the deficiencies noted above. If you do not, the County will consider seeking sanctions for your failure to comply with Local Rules governing meet and confer, notice requirements, and the mandate that motions must be brought in good faith.

Defendant will likely file this Application today, but no later than tomorrow.

Thank you.



**Dawn M. Flores-Oster**
Partner
Dawn.Flores-Oster@lewisbrisbois.com

T: 213.680.5184  F: 213.250.7900

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071  |  LewisBrisbois.com

Representing clients from coast to coast. View our locations nationwide.

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.