**EXHIBIT "B"**

**Flores-Oster, Dawn**

| | |
|---|---|
| **From:** | Jeremy Jass <jeremy@jasslaw.com> |
| **Sent:** | Friday, June 23, 2017 8:30 PM |
| **To:** | Hassenberg, Barry; Flores-Oster, Dawn; Harvey, Ryan; Summers, Kellian; 'coronalaw@aol.com'; 'daniel@dbaslaw.com'; Holly Boyer; Shea Murphy |
| **Subject:** | Curtin v. County of Orange, et al., Recap of Meet and Confer Today |

Hello Counsel,

This letter follows up on the meet and confer conference call that was held this afternoon, Friday June 23, 2017. Per our conversation, you began by stating that you would be making Deputy Dwayne Chappel and Assistant Sheriff Kea available for deposition on this upcoming Tuesday, June 27, 2017. You also stated you would make Investigator Vogel available for deposition on Wednesday, June 28, 2017.

Thereafter, we discussed the discovery that Plaintiff propounded on the County on May 12, 2017, and the County's responses to that discovery. Specifically, we pointed out that the County failed to produce anything in response to Plaintiff's discovery requests, but, rather, asserted virtually identical objections to those the County asserted to Plaintiff's previous discovery. I pointed out that these objections had been addressed by both Magistrate Abrams, and that Judge Abrams had rejected these objections and had issued an order compelling discovery. As such, I told that you Plaintiff would not be agreeing to these objections, and would be seeking a motion to compel responses from the County.

You also took issue with what you asserted was our failure to give you "your ten days" after meet and confer. It was then clarified that the ten days applied to conducting the meet and confer, and that the rule is that you have up to 7 days to provide your portion of the Joint Motion after receiving ours. I asked that you provide us your portions by Monday so that we can file by that date. You indicated that you could not agree to anything until you saw our portion of the Motion, I informed you that our legal authorities are nearly identical to our previous Joint Motion to Compel, and that likely your portion of the motion could mirror your portion of the previous Joint Motion as many of the objections and arguments are identical. I agreed to send you a draft of our portion of the Joint Motion as soon as I could, and did send it to you this afternoon after the meet and confer.

We next discussed the additional Motions *in Limine* that the County would be filing. As we discussed, Plaintiff will not be agreeing to the additional Motions *in Limine* you outlined in your June 21, 2017 letter. Specifically, the MILs Nos. 5, 9, 11 and 13 all concern evidence relevant and necessary to demonstrate the *Monell* claim. As revealed in the expert report of Jeff Noble, Plaintiff's police practice expert, which Plaintiff produced to you as part of the mediation, the County's policy re IA investigations and its mishandling of IA investigations is precisely one of the theories of *Monell* being alleged. The evidence sought to be excluded by the County, including the "misconduct" and "IA investigations" of Deputy Caropino as well as Chapple, Elben and Mathis is entirely unwarranted as such evidence proves *Monell* liability.

Likewise, Plaintiff will not agree to exclude any reference to "rape" – and instead refer to it as "unwarranted sexual contact" as requested in your MIL 12. The County cannot change the facts that happened in this case – and Plaintiff will not agree to mask the horrific ordeal she suffered simply because it may sound prejudicial to the County.

With respect to the County's MIL no. 10 to exclude "speculative argument plaintiff's injuries would have been avoided if Caropino had been placed on Administrative leave," the County's position that such evidence is "irrelevant" is perplexing to say the least. It is absolutely because of the County's inept and unlawful policies and practices concerning IA Investigations that Caropino was permitted to continue his position as an officer and patrol the streets, that he was able to meet Plaintiff and use his authority as an officer to rape her. Such evidence demonstrates causation and is in no way "irrelevant" or "speculative."

1

Also misplaced is MIL No. 6 to exclude post deposition opinions of Noble and Clark. As you point out in your meet and confer, the depositions have not yet been taken and thus the motion is premature. Further, your refusal to produce any documents in response to Plaintiff's second set of request for production of documents, documents which concern the *Monell* theories, are necessary for the expert's review and testimony at trial. When those documents are produced, the experts are entitled to supplement their opinions based on the information revealed.

The MIL No. 8, concerning the motion to exclude testimony from Dr. Zackler, is also not something Plaintiff will be willing to agree to as it is our position that his testimony is relevant and necessary for trial and does not violate the court's order. As discussed in the meet and confer, Plaintiff will be presenting the issue of the stipulation and order re emotional distress before the magistrate. In the meantime, and as we have repeatedly told you, we will provide you with whatever information you need for trial in this regard – including an IME of Plaintiff with Dr. Debra Cresswell, or another expert you select, and based on your schedule and availability.

We next discussed the two additional motions *in limine* that Plaintiff was intending to file. I indicated that Plaintiff wants to exclude any references to the Housewives of Orange County television show, or her or her family's participation therein. Additionally, I indicated that Plaintiff wants to exclude any references to pre-incident videos in which she mentions or discusses any sexual fantasies, including sexual fantasies or sexual history involving police officers. To both of these, you responded by stating that you would "look into it." I respectfully understood this to mean that the County will not be agreeing to exclude such evidence.

We next discussed Plaintiff's desire to modify or withdraw the stipulation and the court order based on that stipulation entered into on November 30, 2016 and you stated that the County would not agree to withdraw or modify either the stipulation or the order based on that stipulation. As counsel for Plaintiff has previously indicated to you, I again stated that Plaintiff is prepared to submit to an independent medical examination to be arranged at the County's earliest convenience. Nevertheless, you stated that you would be awaiting a ruling by the District Court. While I understand your position to be that you will not seek an independent medical examination until such a time as the District Court modifies or withdraws the stipulation and order based thereon, I would again urge you to conduct the IME at your earliest convenience, and we will accommodate your schedule.

Finally, I stated that Plaintiff was intending to file a motion for partial summary judgment on the issue that Caropino was acting under color of authority at the time of the rape and mistreatment of Plaintiff. You responded that that County did not believe that a motion could be brought at this time, and that it could not be set for hearing in such a way as to provide 28 days for the County to Respond. I respectfully disagreed and explained that the proper notice period would be provided. I understand your response to mean that you would not agree that there were no genuine questions of material fact that Caropino's actions towards Plaintiff on the night of June 27, 2014 were under the color of his authority as a sheriff's deputy of the Orange County Sherriff's department, but of course if you would like to continue to meet and confer on this issue please let us know.

Thank you to everyone who made themselves available to meet and confer on the issues above today.



**Jeremy D. Jass**
Attorney at Law
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
P: 562.340.6299