**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>    Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**[PROPOSED] ORDER ON DEFENDANT'S APPLICATION FOR AN ORDER STRIKING PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>FPTC Date:    July 24, 2017<br>Trial Date:    August 1. 2017 |

## ORDER

The Court, after reviewing Defendant's Application for an Order Striking Plaintiff's Partial Summary Judgment Motion and Plaintiff's Application for Leave to File Documents Under Seal, HEREBY GRANTS Defendant's Application for an Order Striking Plaintiff's Partial Summary Judgment Motion and Plaintiff's Application for Leave to File Documents Under Seal and orders as follows:

/ / /

/ / /

4842-2299-7835.1

1. Plaintiff's Motion for Partial Summary Judgment is hereby stricken, and taken off-calendar, for the reasons set forth in the County of Orange's Application.

First, Plaintiff did not give proper notice under Local Rule 6-1 for her partial summary judgment motion. On the eve of trial, Plaintiff files a partial summary judgment motion on July 3, 2017, at 9:37 p.m., the day before a national holiday. Plaintiff notices the motion for hearing on July 31, 2017—the day before trial. Pursuant to Local Rule 6-1, Defendant's opposition to Plaintiff's partial summary judgment motion is due 21 days before the hearing date—Monday, July 10, 2017. Plaintiff, however, filed and served only a redacted version of her partial summary judgment motion and statement of uncontroverted facts and conclusions of law. At approximately 5:00 p.m. on Wednesday, July 5, 2017, Plaintiff served Defendant with unredacted versions, and this did not occur until after Defendant met and conferred on this application and alerted Plaintiff's counsel to the error. Indeed, Defendant could not meaningfully respond and oppose her motion without the unredacted version of the motion or statement of uncontroverted facts and conclusions of law. Defendant is entitled to a full and complete notice period to adequately oppose the motion, and since that cannot be met, the Court strikes it.

Second, pursuant to Local Rule 7-3, Plaintiff failed to meaningfully meet and confer on her partial summary judgment motion. Pursuant to Local Rule 7-3, counsel must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of any contemplated motion and any potential resolution. The meet and confer must take place at least seven days prior to the filing of the motion. Plaintiff simply mentioned the summary judgment motion without partaking in any meaningful discussion of issues, decisional authority or facts upon which the motion would be based.

Third, Plaintiff failed to meet and confer on their application for leave to file

1  documents under seal.[1] Pursuant to Local Rule 79-5—the procedures for applying
2  for leave to file documents under seal—a party cannot simply file documents "under
3  seal" unilaterally. Where the documents are subject to a protection, such as the case
4  here, the party must confer with the party that designated the documents as
5  confidential, no less than 3 days before filing the application for leave to file under
6  seal, to discuss whether redactions can eliminate or minimize the need to file under
7  seal. L.R. 79-5.2.2(b). Here, Plaintiff failed to meet and confer and produce the
8  documents she seeks to file under seal pursuant to Local Rule 79-5. The Court
9  granted Plaintiff's application, at Docket No. 137, but the order issued less than 48
10 hours before defendant had an opportunity to oppose the motion, and had no
11 documents upon which to ascertain whether there was a need. Indeed, it appears
12 plaintiff may have had an ex parte communication with the Court given that
13 documents were filed with the Court, which were never provided to the defense in a
14 timely fashion, and certainly not before the Court ruled on Plaintiff's application for
15 leave to seal the documents or before the Court issued its Order.  Plaintiff never
16 produced or identified the documents Plaintiff sought to have sealed pursuant to the
17 meet and confer rules. As such, this Court vacates its order and grants the motion to
18 strike the application.

---

[1]  Defendant questions the need to seal documents in the first instance, because Plaintiff's deposition where she speaks at length about the alleged assault was not deemed confidential, the Stipulation in which she addresses numerous mental and physical issues was filed with the Court, unsealed, [Docket No. 21] and the questions asked at Mr. Caropino's deposition were graphic and detailed, and that deposition was not deemed confidential.  Had plaintiff met and conferred on the application as she was required to do, much of this could have been avoided.



4842-2299-7835.1

3

[PROPOSED] ORDER ON DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER STRIKING
PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION

On July 5, 2017, the parties engaged in a telephonic meet and confer and admitted they failed to provide defendant with adequate notice on her summary adjudication motion. Plaintiff's counsel believed that if she provided the defense with "two additional days" within which to oppose the motion, they would "eat the time" on the reply brief. From Defendant's perspective, since it is *the Court's* time that is also impacted, since Defendant just received documents sought to be sealed, since the defense would still have been deprived of the full notice period to which they are entitled, and since Plaintiff has just filed an amended order asking this Court to seal additional documents, where she also did not meet and confer, this is a wholly insufficient fix.

2.  The Court denies Plaintiff's Application to Seal, for Plaintiff's failure to comply with Local Rules.

Pursuant to Local Rule 79-5.3, Plaintiff was required to serve **unredacted** versions of her summary judgment motion, statement of uncontroverted facts and conclusions of law, and exhibits **on the same day**. Local Rule 79-5.3 states:

> Filing a document under seal does not exempt the filer from the service requirements imposed by federal statutes, rules, or regulations, or by the Local Rules of this Court. Because documents filed under seal (even those filed electronically) are visible on CM/ECF or PACER only to Court personnel and the person who filed the document, a person electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in L.R. 5-3.2.1. Service of such documents must be made in accordance with F.R.Civ.P. 5. At the time of filing, the documents must be accompanied either by a Proof of Service in the form required by L.R. 5-3.1.2 or by a declaration explaining why service is not required.

Plaintiff, however, filed and served only a redacted version of her partial summary judgment motion and statement of uncontroverted facts and conclusions of law. Two days after noticing her summary judgment motion and filing her redacted version, Plaintiff filed a proof of service indicating that she served unredacted versions of the document. Defendant received the unredacted version at approximately 5:00 p.m. on Wednesday, July 5, 2017.

1      Indeed, Defendant could not meaningfully respond and oppose their motion
2 without the unredacted version of the motion or statement of uncontroverted facts
3 and conclusions of law. Defendant is entitled to a full and complete notice period to
4 adequately oppose the motion, and since that cannot be met, the Application is
5 granted.

8   IT IS ORDERED.

10   DATED:_____, 2017         _____
11                                                  HONORABLE STEPHEN V. WILSON
                                                   UNITED STATES DISTRICT COURT JUDGE