Holly N. Boyer, SBN 221788
  *hboyer@ecbappeal.com*
Shea S. Murphy, SBN 255554
  *smurphy@ecbappeal.com*
ESNER, CHANG & BOYER
234 E. Colorado Blvd., Ste. 975
Pasadena, CA  91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>                    Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION FOR AN ORDER STRIKING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>[*Filed concurrently with Declaration of Holly N. Boyer*]<br><br>FSC:         July 24, 2017<br>Trial:        August 1, 2017 |

1
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION**

Plaintiff Alex Curtin hereby opposes Defendant County of Orange's Ex Parte Application For An Order Striking Plaintiff's Partial Summary Judgment Motion and Plaintiff's Application For Leave To File Documents Under Seal [Dkt. 144].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE ALLEGED DEFICIENCIES WITH THE FILING OF THE UNREDACTED MOTION FOR PARTIAL SUMMARY JUDGMENT ARE MISPLACED AND DO NOT SUPPORT STRIKING THE MOTION IN ITS ENTIRETY

The County seeks *ex parte* relief to strike the entire Motion for Partial Summary Judgment and accompanying documents filed by Plaintiff for "three reasons;" (1) Plaintiff's failure to serve the County with the unredacted documents sought to be filed under seal in support of her Motion for Partial Summary Judgment on July 3, 2017; (2) Plaintiff's alleged failure to meaningfully meet and confer concerning the motion; and (3) because, according to the County, "Plaintiff's motion simply ignores critical pieces of evidence that will plainly create a triable issue of fact, and Defendant cannot help but conclude the motion was brought in bad faith and as an improper means of compelling settlement." Dkt. 144. As now explained, the County's request should be denied.

On July 3, 2017, Plaintiff filed a Motion for Partial Summary Judgment with supporting documents on the issues of whether Deputy Nicholas Caropino acted under the color of authority when he raped Plaintiff Alexa Curtin and violated her constitutional rights. Dkt. 134; see also Dkt. 131-132 [as detailed below, Plaintiff independently filed a separate redacted version of the motion, noting that should any issue exist with the filing of the documents under seal, the redacted version alone warrants partial summary judgment].

As the Court is aware, after resisting production of any documents in response to discovery, the County was ordered by Magistrate Judge Paul L. Abrams to produce documents responsive to Plaintiff's discovery requests. Dkt.

52. In response to the order, the County produced thousands of pages of documents, revealing an express policy where deputies were permitted to proposition women while on duty and where deputies charged with such serious misconduct as rape were not immediately placed on administrative leave – but, rather, permitted to continue to work patrol and thus placed in a position to exploit their power and authority as officers to further abuse women.  The documents also reveal unofficial, unwritten practices and policies within the County where deputies lied and covered up the truth to protect fellow deputies from investigation and consequences of their wrongdoing.  As will be revealed at trial, the numerous unlawful policies of the County are widespread and frankly, shocking, and set the stage for Deputy Caropino to sexually assault and rape countless women, including Plaintiff, with impunity.

With the production of such documents, Plaintiff was able to conduct further written discovery and notice the depositions of multiple County employees, whose roles in the deprivation of Plaintiff's constitutional rights, were revealed in the production of documents.[1]  These depositions just recently took place, and the testimony uncovered demonstrated that there can be no dispute that Deputy Caropino was acting under the color of authority at the time he raped Plaintiff and violated her constitutional rights.  As resolution of these issues would significantly narrow the scope of the trial in this case, set to begin on August 1, 2017, Plaintiff moved for partial summary judgment.

In light of the County's designation of every single document produced as "confidential," as well as nearly every deposition of a County sheriff deputy designated as "confidential," it was necessary for Plaintiff to file an Application to

---

[1] In response to Plaintiff's second set of discovery requests, arising out of the documents the County was ordered to produce, the County *again* refused to produce a single document in response.  A second motion to compel is pending before Magistrate Judge Paul L. Abrams on this issue.  Dkt. 136.

File Documents Under Seal with respect to the submission of such evidence in support of the motion for partial summary judgment. Dkt. 134. The Application, in addition to a large number of other trial documents, were filed on July 3, 2017.

Plaintiff timely noticed the motion for July 31, 2017. Dkt. 131, 134.

### A. The County Is Correct That Plaintiff Failed To Serve The *Unredacted* Documents Sought To Be Filed Under Seal On July 3, 2017; The *Unredacted* Documents Were Personally Served On July 5, 2017 And Plaintiff Offered To Extend The Time For Defendants' By Two Days.

On Wednesday, July 5, 2017, defense counsel sent an email to all counsel advising that they had not been served with the *unredacted* documents sought to be filed under seal by Plaintiff. See Boyer Decl., ¶ 7, Exh. 1. It was at this time that Plaintiff's counsel first became aware of the inadvertent failure to serve Defendants with the documents sought to be filed under seal. Boyer Decl., ¶ 7. Plaintiff's counsel immediately prepared the documents for service and arranged for personal service to the County, and overnight delivery to counsel for Nicholas Caropino, per agreement with his counsel. Id.

Thereafter, Counsel met and conferred telephonically that same day. Boyer Decl., ¶ 8. During the call, Plaintiff's counsel acknowledged that the documents sought to be filed under seal were inadvertently not served on July 3, 2017. Id. However, counsel for Plaintiff suggested that to alleviate any prejudice to the County caused by the failure to serve on July 3, 2017, Plaintiff would be willing to extend the date for Defendants' opposition by two days. Id. Plaintiff's counsel noted that the reply filing date would remain unchanged, and thus the two days would come from Plaintiff's time to prepare a reply. Id. Counsel for the County declined, stating that the proposal would not work given the alleged other deficiencies with the filing. Id.

Thereafter, at approximately 4:52 p.m. the day of the call, defense counsel

circulated an email stating: "Your 'offer' requires Court intervention, as neither plaintiff nor defendant are in a position to unilaterally alter the normal briefing schedules associated with Motions," and that "It seems to the defense that it is plaintiff that must seek the court's relief if she wishes to change the statutory requirements for the filing of motions, oppositions, and replies." Boyer Decl., Exh., ¶ 9.

In response, Plaintiff's counsel immediately prepared a stipulation concerning the proposed two-day continuance for the opposition in light of the failure to serve the unredacted documents. Boyer Decl., ¶ 10, Exh. 1. Plaintiff's counsel noted that upon receiving a signature from Defendants, Plaintiff's counsel would immediately file the stipulation and a proposed order with the Court. Boyer Decl., ¶ 10. Counsel for the County again declined. Boyer Decl., Exh. 11.

Plaintiff's counsel acknowledges the inadvertent failure to serve Defendants with the *unredacted* portions sought to be filed under seal on July 2, 2017. However, Plaintiff attempted to remedy any prejudice to the County resulting therefrom by extending the deadline for the opposition and shortening her time to file the reply. Setting aside the County's other procedural objections to the filing, it is unclear why such a proposal would not alleviate the prejudice caused by the failure to timely serve the unredacted documents.

The absence of prejudice is particularly apparent here given that the evidence sought to be filed under seal was identified in the redacted version of the document Plaintiff filed and served, Dkt. 134-4, and that all of this evidence was either produced by the County, or was deposition testimony for which the County was not only present but actually took the step of designating them confidential. Boyer Decl., ¶ 5. Indeed, this is not a situation where the County did not have the evidence subject to the application to file under seal. Rather, not only was all of the evidence in the County's possession, it was the County's confidential designation of the evidence it produced and the depositions that necessitated the

1 application to file under seal in the first place.

2     Lastly, Plaintiff notes that the County was properly served with a redacted version of the motion and supporting documents and evidence. As explained in the motion itself, the redacted version alone warrants partial summary judgment. See half of the asserted facts were based on non-confidential evidence and thus available to Defendants to begin reviewing and responding to.

    Thus, while Plaintiff acknowledges the failure to serve Defendants with the documents sought to be filed under seal, Plaintiff disputes that any prejudice caused thereby could not be alleviated such that the drastic remedy of striking the entire motion would be necessary.

### B. Plaintiff Met And Conferred Concerning The Filing Of The Motion For Partial Summary Judgment.

    The County's further position that good cause exists to strike the entire motion for partial summary judgment on the ground that Plaintiff did not "meaningfully" meet and confer regarding the substance of the Motion is likewise misplaced. During a telephonic conference call on Friday, June 23, 2017, the parties met and conferred regarding a range of issues. Boyer Decl., ¶ 12; see Dkt. 144-2 [the entire meet and confer exchange was memorialized by email to counsel for Defendant County sent on Friday June 23, 2017]. At that time, Plaintiff disclosed to Defendant that it was intending to file a motion for summary judgment on the issue that Defendant Caropino was acting under color of authority at the time he violated Plaintiff's constitutional rights by raping and sexually assaulting her. Id.

    As noted by the County in its Ex Parte Application, the County responded with its concerns as to the timing of the motion before trial and its belief that there are triable issues of fact whether Deputy Caropino was acting under the color of authority. Dkt. 144, at 12; see Boyer Decl., ¶ 12. Plaintiff's counsel highlighted the County's position in this regard in an email following the conference call, and

6
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION**

noted a willingness to continue to meet and confer on the issue of color of authority should the County be so inclined. See Dkt. 144-2, at 3; Boyer Decl., ¶ 12. The County's position that Plaintiff failed to "meaningfully" discuss decisional authority or facts upon which the motion would be based ignores the fact that just a few weeks earlier, Plaintiff provided the County with such facts and legal analysis as part of her mediation brief. Boyer Decl., ¶ 12. The County therefore was expressly aware of the legal authorities and facts upon which Plaintiff relied.

### C. The County's Contention Concerning The Supposed Lack Of Merit In The Motion For Partial Summary Judgment Does Not Support Good Cause For Ex Parte Relief To Strike The Motion In Its Entirety.

Finally, Defendant's accusation that Plaintiff's Motion for Partial Summary Judgment "ignores critical pieces of evidence that will plainly create a triable issue of fact, and Defendant cannot help but conclude the motion was brought in bad faith and as an improper means of compelling settlement" is mistaken and otherwise inappropriate. Dkt 144, at 12.

First, and as comprehensively explained in the Motion for Partial Summary Judgment, the mere fact that Deputy Caropino changed out of his uniform at the time he raped and sexually assaulted Plaintiff does not mean that he was not acting under color of authority. Rather, and again, as more fully explained in Motion, the only reason Deputy Caropino was able to rape and sexually assault Plaintiff is because of the power and authority he held as a sheriff's deputy.

Second, the accusation that Plaintiff filed the motion in "bad faith," as well as the other numerous accusations of improper conduct by Plaintiff and her counsel threaded throughout the County's application, is unfounded and entirely inappropriate. Indeed, while the County accuses Plaintiff bring the motion "in bad faith and as an improper means of compelling settlement," Dkt. 144, at 12, nothing

1 about Plaintiff's Motion for Partial Summary Judgment is in bad faith, or improper. As is evidence from just the redacted version of the motion Plaintiff filed, Dkt. 131, there is more than adequate evidence to provide not just a good faith basis for the motion, but an adequate legal foundation for the Court to enter summary judgment on the issues.

To the extent Defendants seek to argue otherwise, a formal opposition to Plaintiff's Motion for Partial Summary Judgment is the appropriate vehicle.

## II. FURTHERMORE, TO THE EXTENT ANY ALLEGED DEFICIENCY EXISTS CONCERNING THE *UNREDACTED* MOTION FOR PARTIAL SUMMARY JUDGMENT AND ACCOMPANYING DOCUMENTS, THE REDACTED VERSION IS PROPERLY BEFORE THE COURT AND ALONE WARRANTS PARTIAL SUMMARY JUDGMENT

The County's accusations of procedural deficiencies primarily concern the evidence submitted under seal and thus the *unredacted* motion for partial summary judgment and *unredacted* statement of uncontested facts and conclusions of law. While Plaintiff disputes these alleged deficiencies, and to the extent the accommodation offered by Plaintiff to permit the County an additional two days to oppose the motion does not cure any alleged deficiency, *even if* it is found that the deficiencies warrant striking the motion – it should only be of the *unredacted* motion and *unredacted* supporting papers.

Indeed, as noted at the outset of the Redacted Motion for Partial Summary Judgment, Dkt.131, at 6, "it is Plaintiff's position that even setting aside the documents and evidence deemed confidential by the County, the non-confidential evidence is sufficient to warrant partial summary judgment," and thus should any issues exist with the filing of the unredacted motion, "Plaintiff requests that the redacted version of her Motion for Partial Summary Judgment be considered without reference to the redacted material and deemed filed as of today, July 3, 2017." Dkt. 131, at 6. Plaintiff even filed the redacted versions *separately* from

8
**PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION**

Case 8:16-cv-00591-SVW-PLA   Document 148   Filed 07/07/17   Page 8 of 9   Page ID #:3598

those filed with the Application for Leave to File Under Seal, to preserve her position that the redacted motion on its own supports partial summary judgment. See Dkt. 131 [redacted MSJ], Dkt. 131-2 [redacted exhibits], Dkt. 132 [redacted separate statement].

The County offers *no argument* supporting a finding that good cause exists to strike the redacted motion, Dkt. 131, and redacted supporting papers, Dkt. 131-1, 131-2, 132.  In fact, the County does not even acknowledge the existence of the redacted motion and Plaintiff's stated position therein that in the event a fatal deficiency exists with the application to file under seal, the redacted motion may be considered as it independently supports partial summary judgment.

As there is *no issue* with the timeliness and service of the Redacted Motion, Dkt. 131, 131-2 and 132, and as Plaintiff properly met and conferred prior to filing the redacted motion, even assuming the Court strikes the unredacted motion and supporting papers, Plaintiff's redacted motion remains before the Court and warrants partial summary judgment on the issues identified.

### III. CONCLUSION

For the foregoing reasons, Defendant County of Orange's Ex Parte Application For An Order Striking Plaintiff's Partial Summary Judgment Motion And Plaintiff's Application For Leave To File Documents Under Seal, should be denied.  Alternatively, to the extent the Application is Granted and the unredacted version of the motion and supporting documents is stricken, the redacted version of the Motion (Dkt. 131, 132) should remain intact and set for hearing on July 31, 2017.

Dated: July 7, 2017                                    ESNER, CHANG & BOYER


 */s/ Holly N. Boyer*
Holly N. Boyer
*Attorney for Plaintiff*,
ALEXA CURTIN