Holly N. Boyer, SBN 221788
 *hboyer@ecbappeal.com*
Shea S. Murphy, SBN 255554
 *smurphy@ecbappeal.com*
ESNER, CHANG & BOYER
234 E. Colorado Blvd., Ste. 975
Pasadena, CA  91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                    Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>                    Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DECLARATION OF HOLLY N. BOYER IN SUPPORT OF PLAINTIFF ALEXA CURTIN'S OPPOSITION TO DEFENDANT COUNTY OR ORANGE'S EX PARTE APPLICATION**<br><br>[*Filed Concurrently herewith Opposition to Ex Parte Application re MSJ*]<br><br>FSC:           July 24, 2017<br>Trial:          August 1, 2017 |

# DECLARATION OF HOLLY N. BOYER

I, Holly N. Boyer, declare as follows:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am a partner with Esner, Chang & Boyer, attorneys of record for Plaintiff, Alexa Curtin, along with Jass Law and Balaban Spielberger LLP. The following is true of my own knowledge, and I am competent to testify thereto.

2. After resisting production of any documents in response to discovery, the County was ordered to produce documents responsive to Plaintiff's discovery requests. See Order, Dkt 52. In response to the order, the County produced thousands of documents, revealing express policies whereby deputies were permitted to proposition women while on duty and where deputies charged with such serious misconduct as rape were not immediately placed on administrative leave, but, rather, permitted to continue to work patrol and thus placed in a position to exploit their power and authority as officers to further abuse women. The documents also reveal unofficial, unwritten practices and policies within the County where deputies lied and covered up the truth to protect fellow deputies from investigation and consequences of their wrongdoing. With the production of such documents, Plaintiff was able to conduct further written discovery and notice the depositions of multiple County employees, whose roles in the deprivation of Plaintiff's constitutional rights, were revealed in the production of documents. These depositions just recently took place, and the testimony uncovered demonstrated that there can be no dispute that Deputy Caropino was acting under the color of authority at the time he raped Plaintiff and violated her constitutional rights. As resolution of these issues would significantly narrow the scope of the trial in this case, set to begin on August 1, 2017, Plaintiff moved for partial summary judgment.

3. On July 3, 2017, Plaintiff filed a Motion for Partial Summary Judgment with supporting documents on the issues of whether Deputy Nicholas

1  Caropino acted under the color of authority when he raped Plaintiff Alexa Curtin
2  and violated her constitutional rights.  Dkt.134.

3      4.    Plaintiff's Motion for Partial Summary Judgment was filed as a part of
4  a large number of Plaintiff's trial document filings occurring July 3, 2017,
5  amounting to some 20 distinct filings with additional supporting documents.

6      5.    In light of the County's designation of every single document
7  produced as "confidential," as well as nearly every deposition of a County sheriff
8  deputy designated as "confidential," it was necessary for Plaintiff to file an
9  Application to File Documents Under Seal with respect to the submission of such
10 evidence in support of the motion for partial summary judgment.  Dkt. 134.  The
11 documents submitted under seal were identified in my redacted declaration in
12 support of the motion, Dkt. 134-4, and all of the documents and evidence sought to
13 be filed under seal was either produced by the County, or was deposition testimony
14 for which the County was not only present at but actually took the step of
15 designating them confidential.

16     6.    The Application to File Documents Under Seal included an
17 accompanying unredacted Motion for Partial Summary Judgment as well as
18 unredacted Separate Statement.  Dkt. 134.  However, in an overabundance of cation,
19 Plaintiff filed a redacted version of the Motion for Partial Summary Judgment, and
20 redacted version of the Separate Statement which Plaintiff believes alone provides
21 a sufficient basis for an order granting partial summary judgment.  Dkt. 131, 132.

22     7.    On Wednesday, July 5, 2017, defense counsel for the County of
23 Orange sent an email to all counsel advising that they had not been served with the
24 *unredacted* documents sought to be filed under seal by Plaintiff.  Attached hereto
25 as Exhibit 1 is a true and correct copy of the email chain exchanged on July 5, 2017
26 between myself and counsel for the County.  It was at this time that I first became
27 aware of the inadvertent failure to serve Defendants with the documents sought to
28 be filed under seal.  I immediately prepared the documents for service and arranged

3

**DECLARATION OF HOLLY N. BOYER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION**

1 for personal service to the County. My co-counsel, Jeremy Jass, contacted counsel for Nicholas Caropino, who agreed that service via overnight delivery would be acceptable.

8. Later that same day, I, along with Jeremy Jass, met and conferred telephonically with counsel for the County. During the call, I acknowledged that the documents sought to be filed under seal were inadvertently not served on July 3, 2017. To alleviate any prejudice to the County caused by the failure to serve on the unredacted documents on July 3, 2017, I informed defense counsel that Plaintiff would be willing to extend the date for Defendants' opposition by two days. I noted that the reply filing date would remain unchanged, and thus the two days would come from Plaintiff's time to prepare a reply. Dawn Flores-Oster, counsel for the County, declined, stating that the proposal would not work given the alleged other deficiencies with the filing.

9. Thereafter, and again on July 5, 2017, at approximately 4:52 p.m., defense counsel circulated an email stating: "Your 'offer' requires Court intervention, as neither plaintiff nor defendant are in a position to unilaterally alter the normal briefing schedules associated with Motions," and that "It seems to the defense that it is plaintiff that must seek the court's relief if she wishes to change the statutory requirements for the filing of motions, oppositions, and replies." See Exhibit 1.

10. In response, I immediately prepared a stipulation concerning the proposed two-day continuance for the opposition in light of the failure to serve the unredacted documents. See Exhibit 1, with a true and correct copy of the proposed stipulation that I circulated attached. I stated in the email that upon receiving a signature from Defendants, I would immediately file the stipulation and proposed order with the Court.

11. Ms. Flores-Oster, counsel for the County, responded to my email stating that the County declined. See Exhibit 1.

4
**DECLARATION OF HOLLY N. BOYER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION**

12. Plaintiff's counsel, meaningfully met and conferred on the Motion for Partial Summary Judgment. As laid out in the exhibit attached to the County's Ex Parte Application (Dkt 144-2), during a telephonic conference call on Friday, June 23, 2017, the parties met and conferred regarding a range of issues. At that time, Plaintiff's counsel Jeremy Jass, and Shea Murphy with my office, disclosed to the County that it was intending to file a motion for summary judgment on the issue that Defendant Caropino was acting under color of authority at the time he violated Plaintiff's constitutional rights by raping and sexually assaulting her. The County responded with its concerns as to the timing of the motion before trial and its belief that there are triable issues of fact whether Deputy Caropino was acting under the color of authority. Dkt. 144, at 12. Plaintiff's counsel highlighted the County's position in this regard in an email following the conference call, and noted a willingness to continue to meet and confer on the issue of color of authority should the County be so inclined. See Dkt. 144-2, at 3.

13. The County's position that Plaintiff failed to "meaningfully" discuss decisional authority or facts upon which the motion would be based ignores the fact that just a few weeks earlier, Plaintiff provided the County with such facts and legal analysis as part of her mediation brief. The County therefore was expressly aware of the legal authorities and facts upon which Plaintiff relied.

14. Also, co-counsel for Plaintiff Daniel Balaban, spoke to counsel for the County, Dana Fox, weeks before the filing of the Motion on this issue and specifically advised him that Plaintiff would be pursuing a motion on this issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 7, 2017, at Pasadena, California.

                                                ___*/s/ Holly N. Boyer*_____
                                                Holly N. Boyer, Esq.

**DECLARATION OF HOLLY N. BOYER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT COUNTY OF ORANGE'S EX PARTE APPLICATION**

# EXHIBIT 1

**Holly Boyer**

---

**From:** Flores-Oster, Dawn <Dawn.Flores-Oster@lewisbrisbois.com>
**Sent:** Wednesday, July 5, 2017 5:53 PM
**To:** Holly Boyer; 'Jeremy Jass'; Shea Murphy; coronalaw@aol.com; Email: (daniel@dbaslaw.com); coronalaw@aol.com
**Cc:** Fox (LA), Dana; Hassenberg, Barry; Harvey, Ryan
**Subject:** RE: Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal

In the event my email was unclear, we are entitled to the full notice period, and we are, again, respectfully declining your offer. I also mentioned we will be filing an ex parte to strike your Motion not only because of your failure to provide us with the unredacted documents, but for a number of other reasons which I set forth in my email to you of earlier today.

You may report to the Court that your admitted failure deprived us of the full notice period, that we are entitled to same, and that your provision of a Stipulation and Order does not change the equation.

Thanks.

---

**From:** Holly Boyer [mailto:hboyer@ecbappeal.com]
**Sent:** Wednesday, July 05, 2017 5:47 PM
**To:** Flores-Oster, Dawn; 'Jeremy Jass'; Shea Murphy; coronalaw@aol.com; Email: (daniel@dbaslaw.com); coronalaw@aol.com
**Cc:** Fox (LA), Dana; Hassenberg, Barry; Harvey, Ryan
**Subject:** RE: Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal

Counsel,

I understand your position and to facilitate our offer to extend your deadline for two days – we have attached a stipulation and proposed order that we can file with the court upon your signature. I included the documents in word should you have any changes or edits. If agreeable, please finalize and return and we will file the stipulation and order.

Holly

---

**From:** Flores-Oster, Dawn [mailto:Dawn.Flores-Oster@lewisbrisbois.com]
**Sent:** Wednesday, July 5, 2017 4:52 PM
**To:** 'Jeremy Jass' <jeremy@jasslaw.com>; Holly Boyer <hboyer@ecbappeal.com>; Shea Murphy <smurphy@ecbappeal.com>; coronalaw@aol.com; Email: (daniel@dbaslaw.com) <daniel@dbaslaw.com>
**Cc:** Fox (LA), Dana <Dana.Fox@lewisbrisbois.com>; Hassenberg, Barry <Barry.Hassenberg@lewisbrisbois.com>; Harvey, Ryan <Ryan.Harvey@lewisbrisbois.com>
**Subject:** RE: Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal

Counsel,

1

Exhibit 1, Page 7

We have considered your "offer" to allow the defense two additional days within which to provide an opposition to plaintiff's motion for summary adjudication, and it is respectfully declined.

As you are aware, L.R. 6-1, Notice and Service of Motion, requires, in part: "The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice. **If served personally, or electronically, the notice of motion shall be served not later than twenty-eight (28) days before the Motion Day designated in the notice.**" (Emphasis added)

Your "offer" requires Court intervention, as neither plaintiff nor defendant are in a position to unilaterally alter the normal briefing schedules associated with Motions.

During the telephonic meet and confer of today's date, you acknowledged the error your offices made by failing to provide defendant with the full 28 day notice when it failed to provide defendant with an unredacted version of a number of documents.

It seems to the defense that it is plaintiff that must seek the court's relief if she wishes to change the statutory requirements for the filing of motions, oppositions, and replies.

Thank you.

**From:** Jeremy Jass [mailto:jeremy@jasslaw.com]
**Sent:** Wednesday, July 05, 2017 3:17 PM
**To:** Flores-Oster, Dawn; hboyer@ecbappeal.com; 'smurphy@ecbappeal.com'; coronalaw@aol.com; Email: (daniel@dbaslaw.com)
**Cc:** Fox (LA), Dana; Hassenberg, Barry; Harvey, Ryan
**Subject:** Re: Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal

Hi Dawn,

Holly and I are available now, if that still works for you.



**Jeremy D. Jass**
Attorney at Law
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
P: 562.340.6299
F: 562.340.6422
jeremy@jasslaw.com

CONFIDENTIALITY NOTICE: The information contained in this electronic message and any attachments to this message are privileged and confidential, and intended solely for the use of the individual or entity named above. This e-mail may contain confidential, private proprietary, or legally privileged information. No confidentiality or privilege is waived or lost by any mis-transmission. If the reader of this message is not the

intended recipient, you are hereby notified that any dissemination, distribution, copying, or unauthorized use of this communication is strictly PROHIBITED. If you have received this electronic message in error, please notify the sender and delete or destroy any copy of this message without reading it. Thank you.

**From:** "Flores-Oster, Dawn" <Dawn.Flores-Oster@lewisbrisbois.com>
**Date:** Wednesday, July 5, 2017 at 2:38 PM
**To:** "jeremy@jasslaw.com" <jeremy@jasslaw.com>, "hboyer@ecbappeal.com" <hboyer@ecbappeal.com>, "'smurphy@ecbappeal.com'" <smurphy@ecbappeal.com>, "coronalaw@aol.com" <coronalaw@aol.com>, "Email: (daniel@dbaslaw.com)" <daniel@dbaslaw.com>
**Cc:** "Fox (LA), Dana" <Dana.Fox@lewisbrisbois.com>, "Hassenberg, Barry" <Barry.Hassenberg@lewisbrisbois.com>, "Harvey, Ryan" <Ryan.Harvey@lewisbrisbois.com>
**Subject:** RE: Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal

Please advise when everyone is available for a conference call on this matter, since I am required to "orally" meet and confer with your offices.

I am available now.

Thank you.

**From:** Flores-Oster, Dawn
**Sent:** Wednesday, July 05, 2017 12:51 PM
**To:** Jeremy Jass (jeremy@jasslaw.com); hboyer@ecbappeal.com; 'smurphy@ecbappeal.com'; coronalaw@aol.com; Email: (daniel@dbaslaw.com)
**Cc:** Fox (LA), Dana; Hassenberg, Barry; Harvey, Ryan; Flores-Oster, Dawn
**Subject:** Meet and Confer and Notification on Defendant County of Orange's Ex Parte Application to Strike Plaintiff's Partial Summary Judgment Motion and Application for leave to file documents under seal

Kindly be advised the County of Orange will be filing an *ex parte* application seeking the following relief:

First, Plaintiff did not give proper notice under Local Rule 6-1 for her partial summary judgment motion. On the eve of trial, Plaintiff files a partial summary judgment motion on July 3, 2017, at 9:37 p.m., the day before a national holiday. Plaintiff notices the motion for hearing on July 31, 2017—the day before trial. Pursuant to Local Rule 6-1, Defendant's opposition to Plaintiff's partial summary judgment motion is due 21 days before the hearing date—Monday, July 10, 2017. Plaintiff, however, filed and served only a redacted version of her partial summary judgment motion, her separate statement and accompanying documents. As of the date of this application, Plaintiff has not served Defendant with an unredacted version. Indeed, Defendant cannot meaningfully respond and oppose their motion without the unredacted version of the motion. Defendant is entitled to a full and complete notice period to adequately oppose the

Motion, and since that requirement cannot be met, Defendant will request that the Court strike the Motion.

Second, pursuant to Local Rule 7-3, Plaintiff failed to meaningfully meet and confer on her partial summary judgment motion.

Third, Plaintiff failed to meet and confer on their application for leave to file documents under seal. Pursuant to Local Rule 79-5—the procedures for applying for leave to file documents under seal—a party cannot simply file documents "under seal" unilaterally. Where the documents are subject to a protection, such as the case here, the party must confer with the party that designated the documents as confidential, no less than 3 days *before* filing the application for leave to file under seal, to discuss whether redactions can eliminate or minimize the need to file under seal. L.R. 79-5.2.2(b). Here, Plaintiff failed to meet and confer and produce the documents she seeks to file under seal pursuant to Local Rule 79-5, and the time to do so has passed. Defendant has reviewed the Court's Order, but will nonetheless oppose the Application and explain the errors the Court may not have considered.

Finally, the Motion simply ignores critical pieces of evidence which will plainly create a triable issue of fact, and defendant cannot help but conclude the Motion was brought in bad faith.

We would request you immediately take your motion off-calendar in view of the deficiencies noted above. If you do not, the County will consider seeking sanctions for your failure to comply with Local Rules governing meet and confer, notice requirements, and the mandate that motions must be brought in good faith.

Defendant will likely file this Application today, but no later than tomorrow.

Thank you.



Dawn M. Flores-Oster
Partner
Dawn.Flores-Oster@lewisbrisbois.com

T: 213.680.5184  F: 213.250.7900

633 W. 5th Street, Suite 4000, Los Angeles, CA 90071 | LewisBrisbois.com

Representing clients from coast to coast. View our locations nationwide.

4

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not th intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

1 | Holly N. Boyer, SBN 221788
2 | *hboyer@ecbappeal.com*
3 | Shea S. Murphy, SBN 255554
  | *smurphy@ecbappeal.com*
4 | ESNER, CHANG & BOYER
5 | 234 E. Colorado Blvd., Ste. 975
  | Pasadena, CA  91101
6 | Telephone: (626) 535-9860
7 | Facsimile: (626) 535-9859

8 | Attorneys for Plaintiff
9 | ALEXA CURTIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXA CURTIN, | Case No.: 8:16-CV-00591-SVW-PLA |
|---|---|
| Plaintiff, | Assigned to Hon. Stephen V. Wilson |
| vs. | **STIPULATION RE DEFENDANTS' DEADLINE TO FILE OPPOSITION TO** *Unredacted* **MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50, | [*Filed concurrently with [Proposed] Order re: Application for Leave to File Under Seal*] |
| Defendants. | Trial:       August 1, 2017 |

1

STIPULATION RE DEFENDANTS' DEADLINE TO FILE OPPOSITION TO *Unredacted* MOTION FOR PARTIAL SUMMARY JUDGMENT

1     The parties hereto, by and through their respective counsel of record, and without waiving objections to the filing of Plaintiff's Unredacted Motion for Partial Summary Judgment, hereby stipulate to the following:

    1. Defendants Nicholas Caropino and County of Orange shall have until **July 12, 2017** to file their Opposition to Plaintiff's *Unredacted* Motion for Partial Summary Judgment (Dkt. 139-1), *Unredacted* Statement of Uncontroverted Facts and Conclusions of Law (Dkt. 139-2) and *Unredacted* Declaration of Holly N. Boyer and Exhibits (Dkt. 135, 135-1) – all of which were filed under seal with the Court. Plaintiff acknowledges that these documents were not served on Defendants on Monday, July 3, 2017. Rather service was effectuated on July 5, 2017. Dkt. 141. To accommodate any prejudice arising from the failure to serve the documents, on July 3, 2017, Plaintiff has agreed to extend the time for which Defendants must oppose the motion by *two days*. Thus, while pursuant to Local Rule 6-1, Defendants opposition would be due July 10, 2017, Plaintiff has agreed to extend the date to July 12, 2017. Plaintiff's Reply date will remain the same.

Dated: July 5, 2017                                       ESNER, CHANG & BOYER

                                                                _____
                                                                 Holly N. Boyer, Esq.
                                                                  Attorneys for Plaintiff
                                                                  ALEXA CURTIN

Dated: July __, 2017                             LEWIS BRISBOIS BISGAARD & SMITH, LLP

                                                                  _____
                                                                  Dana Alden Fox
                                                                  Barry Hassenberg

|     |     |     |
| --- | --- | --- |
|     |     | Dawn Flores-Oster<br>Attorneys for Defendant<br>COUNTY OF ORANGE |
| Dated: July __, 2017 |     | LEWIS BRISBOIS BISGAARD & SMITH, LLP |
|     |     | _____<br>Dana Alden Fox<br>Barry Hassenberg<br>Dawn Flores-Oster<br>Attorneys for Defendant<br>COUNTY OF ORANGE |
| Dated: July ____, 2017 |     | LAW OFFICES OF THOMAS R. CHAPIN |
|     |     | _____<br>Thomas R. Chapin, Esq.<br>Attorneys for Defendant<br>COUNTY OF ORANGE |

3
STIPULATION RE DEFENDANTS' DEADLINE TO FILE OPPOSITION TO *Unredacted* MOTION FOR PARTIAL SUMMARY JUDGMENT