**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
    E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
    E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
    E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF
ORANGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>              Plaintiff,<br><br>      vs.<br><br>COUNTY OF ORANGE; and DOES 1<br>through 50,<br><br>              Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DEFENDANT COUNTY OF ORANGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION; DECLARATION OF BARRY HASSENBERG: EXHIBITS**<br><br>**DATE:        July 31, 2017**<br>**TIME:        1:30 p.m.**<br>**CRTROOM: 10A**<br><br>FPTC Date:    July 24, 2017<br>Trial Date:    August 1. 2017 |

        Defendant  COUNTY OF ORANGE (the "County"), hereby provides its

memorandum of points and authorities in opposition to Plaintiff's motion for relief

from stipulation.

/ / /

/ / /

/ / /

/ / /

/ / /

4849-5772-1675.1

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ...................................................................................... 1

II.     FACTUAL BACKGROUND .................................................................... 4

III.    THE STIPULATION BARS EMOTIONAL DISTRESS TESTIMONY FROM ANY EXPERT ............................................................................ 6

IV.    THE ORDER BARS PLAINTIFF FROM SEEKING RECOVERY FOR ANY EMOTIONAL DISTRESS OTHER THAN GARDEN-VARIETY ................................................................................................. 7

V.     THE COUNTY RELIED ON THE STIPULATION AND ORDER TO ITS DETRIMENT .................................................................................... 8

VI.    PLAINTIFF'S AUTHORITIES ARE INAPPOSITE ............................... 9

VII.   CONCLUSION ....................................................................................... 15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF AUTHORITIES**

### Federal Court Cases

*Christiania Gen. Ins. Corp. v. N. Victor Pshp.*,
    1996 U.S. App. LEXIS 16569 (9th Cir. June 20, 1996) ................................. 9

*Common Cause S. Christian Leadership Conference of Greater Los Angeles v. Jones*,
    213 F. Supp. 2d 1110 (C.D. Cal. 2002) ....................................................... 9, 10

*FDIC v. St. Paul Fire & Marine Ins. Co.*,
    942 F.2d 1032 (6th Cir. 1991) ....................................................................... 10

*Fitzgerald v. Cassil*,
    216 F.R.D. 632 (N.D. Cal. 2003) ..................................................................... 5

*Fritsch v. City of Chula Vista*,
    187 F.R.D. 614 (S.D. Cal. 1999) ..................................................................... 5

*Gallagher v. Wells*,
    2012 U.S. Dist. LEXIS 109155 (E.D. Cal. Aug. 2, 2012) ............................. 7

*Juarez v. Autozone Stores, Inc.*,
    2011 U.S. Dist. LEXIS 75432 (S.D. Cal. July 12, 2011) ............................ 8, 9

*McMorgan & Co. v. First California Mortgage Co.*,
    931 F.Supp. 699 (N.D.Cal.1996) ................................................................... 10

*Mechmetals Corp. v. Telex Computer Products, Inc.*,
    709 F.2d 1287 (9th Cir. 1983) ....................................................................... 11

*Morrison v. Zangpo*,
    2008 WL 4449585 (N.D. Cal. 2008) ............................................ 11, 12, 13, 14

*Seymour v. Summa Vista Cinema, Inc.*,
    809 F.2d 1385 (9th Cir.1987), *amended by*, 817 F.2d 609 (9th Cir.1987) ... 10

*Sinicropi v. Milone*,
    915 F.2d 66 (2d Cir. 1990) .............................................................................. 9

*State Farm Fire & Cas. v. McDevitt*,
    2001 WL 637419 (N.D. Cal. 2001) ................................................... 11, 12, 14

*Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*,
    2015 WL 5675861 (N.D. Cal. 2015) ................................................. 11, 12, 13

*Turner v. Imperial Stores*,
    161 F.R.D. 89 (S.D. Cal. 1995) ..................................................................... 5, 8

*Zivkovic v. Southern California Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) .............................................................. 10, 11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

ii

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

<u>Federal Rules and Regulations</u>

Fed. R. Civ. P. 12(b)(1) .................................................................................11

Fed. R. Civ. P. 16..........................................................................................11

Fed. R. Civ. P. 35.....................................................................................4, 16

Fed. R. Civ. P. 60(b) .......................................................................................7

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

In November 2015 the parties signed a stipulation that Plaintiff would ***not*** elicit expert testimony regarding her emotional distress, that she would ***limit*** that claim to only garden-variety emotional distress, and that she would ***not*** pursue any claim for severe emotional distress or PTSD. Now, on the eve of trial and *over six months* after the parties signed and filed the stipulation, Plaintiff has changed her mind and wants to withdraw the stipulation and vacate the corresponding Order. Plaintiff's Motion, if granted, will change the entire backdrop of the case, will prejudice the defense, cause the defense to hire a mental health expert, and delay trial. There is no good cause for Plaintiff's requested relief, and no explanation is provided why she waited until the last minute to seek it.

Plaintiff fails to show evidence of mistake, inadvertence or excusable neglect that would justify the relief she seeks. She claims she is now stronger, but she offers no explanation of when and how she acquired this newfound strength. Plaintiff also offers no explanation for waiting so long before bringing this motion, and she cites no case law that supports her position. In fact the cases Plaintiff cites support the County's position there are no grounds for relieving Plaintiff of a stipulation she knowingly and voluntarily entered.

Moreover, Plaintiff ignores the following facts and judicial admissions:

- Plaintiff's First Amended Complaint ("FAC"), filed June 29, 2016, alleges Plaintiff suffered "severe mental anguish" [Dkt # 9, ¶ 64];
- At Plaintiff's deposition on October 4, 2016, Plaintiff testified she was diagnosed with PTSD and prescribed anti-depressants as a result of the incident, and she was advised to see a psychiatrist or psychologist;
- In light of the foregoing, on November 1, 2015, Defendant County of Orange ("the County") noticed an independent medical examination ("IME") by a licensed psychologist;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

1

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

- Both before and after the County noticed the IME, Plaintiff objected to discovery of her mental and/or emotional state on the grounds it was not in controversy;

- The County explained why the IME and further discovery was warranted in light of Plaintiff's FAC and her deposition testimony, and the County offered to withdraw the IME and refrain from the additional discovery if Plaintiff would agree not to elicit expert testimony regarding her emotional distress and to limit her emotional distress claim to nothing more than the "garden variety" type;

- Plaintiff agreed with the County's proposal, and she knowingly and voluntarily stipulated she would not elicit testimony from any expert regarding her emotional distress;

- Plaintiff also knowingly and voluntarily stipulated she would not pursue any claim for PTSD, unusually severe emotional distress, or any mental suffering other than "garden-variety emotional distress;"

- The County relied to its detriment on the stipulation by withdrawing the pending IME and by refraining from conducting further discovery on Plaintiff's claimed emotional distress;

- Over six months after the parties entered the stipulation, Plaintiff did a complete about-face and now wants to introduce expert testimony and seek recovery for PTSD and unusually severe emotional distress.

Plaintiff claims her motion is nothing more than a request to "modify the prior stipulation," and she claims the relief she seeks "would not alter the nature of the claims Plaintiff is pursuing." Motion, p. 4, ll. 14-16. In truth, what she seeks would completely nullify and entirely vacate the stipulation and this Court's order and would re-introduce significant issues she clearly and unambiguously waived and dismissed. She explicitly said she would not elicit expert testimony and she would not pursue claims for PTSD and/or severe emotional distress, yet now she wants to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

2

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

do exactly the opposite, just a few weeks prior to trial. Although Plaintiff endeavors to soft-peddle it, Plaintiff's motion would drastically alter the nature of the claims she is pursuing, and cause the County to readjust its defense of the case. The fact it is now less than one month before trial, coupled with the fact the County relied on Plaintiff's agreement as memorialized in the stipulation and the resulting order from this Court by taking off its IME, by no longer retaining a mental health expert, and now having to undertake an IME, and prepare that expert for deposition and for trial, are sufficient to defeat Plaintiff's motion.

It is important to note Plaintiff will still be able to pursue damages for emotional distress and the other harm she claims to have suffered. Her position from the outset of this case has been that, although she allegedly experienced PTSD, her mental and emotional state is not in controversy and her damage claims do not merit an IME and/or other discovery into her emotional condition, likely to avoid any discussion about her previous employment in the pornographic industry. She made that much clear in her objections to the County's notice of IME and the other discovery the County contemplated. But now, less than 30 days before trial, Plaintiff completely changes her position and claims her emotional state is in controversy and the County is "entitled" to an IME and additional discovery on that subject.

Contrary to Plaintiff's assertion, the County has not "thoroughly conducted" discovery regarding Plaintiff's unusually severe emotional distress. The County would have obtained significantly more discovery had Plaintiff not waived and dismissed her claims for PTSD and severe emotional distress and agreed not to elicit expert testimony on any form of emotional distress. Plaintiff is not the arbiter of how much discovery is "thorough" or how much the County is entitled to. If Plaintiff's motion is granted, the County would be compelled to conduct more than just an IME. Her claim for PTSD and unusually severe emotional distress would effect a waiver of the therapist-patient privilege, so the County would be entitled to obtain records of all mental healthcare treatment Plaintiff has received and any other

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

3

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1  medical records bearing on her past, present or future mental condition. This would
2  necessitate a trial continuance which would require finding a date that is available
3  on all counsel's calendars. The current trial date was agreed to after consideration of
4  all parties' trial calendars, and Plaintiff has not suggested any alternate date. In fact,
5  her proposal explicitly contemplates maintaining the current trial date and forcing
6  the County to conduct an IME and have its expert prepare a report on short notice.

7       The County would also have the right to inquire into all sources of Plaintiff's
8  claimed emotional distress, meaning other stressors in her life that could be causing
9  and/or contributing to her claimed emotional distress. The County refrained from
10 doing so in light of the stipulation and the order, and it would be erroneous and
11 short-sighted to think an IME alone would cure the prejudice the County will
12 experience if Plaintiff is permitted to re-introduce claims she plainly waived and
13 dismissed.

14 **II.    FACTUAL BACKGROUND**

15       On June 29, 2016, Plaintiff filed her First Amended Complaint ("FAC")
16 which alleged Plaintiff had been "violated, traumatized, emotionally drained, in
17 shock, and fearing for her own safety" as a result of the alleged incident, and that
18 she had "suffered physical and emotional injuries." Dkt # 9, ¶¶ 25-26. Plaintiff
19 further contended she had "suffered severe mental anguish...." Dkt #9, ¶ 64.

20       Plaintiff testified at her deposition on October 4, 2016, that her primary care
21 physician diagnosed her with PTSD, and he prescribed anti-depressants and
22 suggested Plaintiff see a psychiatrist or psychologist. The County informed Plaintiff
23 of its desire for an independent medical examination ("IME") of Plaintiff pursuant
24 to Fed. R. Civ. P. 35. Declaration of Barry Hassenberg ("Hassenberg Decl."), ¶ 3.
25 Plaintiff objected to the IME, so on October 28, 2016, the County sent an e-mail to
26 Plaintiff stating, in part, the IME should go forward because Plaintiff had testified
27 her primary care physician diagnosed her with PTSD and recommended she obtain
28 treatment from a mental health professional. Hassenberg Decl., ¶ 3-4.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

1    On November 1, 2016, the County noticed the IME with a licensed
2  psychologist. Hassenberg Decl., ¶ 4. Plaintiff again registered her opposition to the
3  IME and, after an extensive meet-and-confer process, the parties drafted a
4  Stipulation to Dismiss and Exclude Evidence of Certain Alleged Damages (the
5  "Stipulation") which was signed on November 30, 2016, and filed on December 5,
6  2016. Hassenberg Decl., Exh. "A" [Dkt # 21]. The Stipulation states, in pertinent
7  part, that Plaintiff "waives and dismisses any claim for unusually severe emotional
8  distress as distinguished from 'garden-variety' emotional distress as that phrase is
9  defined in *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003), *Fritsch v. City of
10  Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), and *Turner v. Imperial Stores*, 161
11  F.R.D. 89 (S.D. Cal. 1995)," and "Plaintiff will not elicit any testimony at trial from
12  any expert witness regarding emotional distress." Dkt # 21, ¶¶ 3, 7. Based on the
13  Stipulation, the County cancelled the IME and refrained from pursuing further
14  discovery regarding Plaintiff's claimed emotional distress. Hassenberg Decl., ¶ 7.
15  The County also filed a conditional non-opposition to Plaintiff's motion in limine
16  no. 2, stating the County did not oppose that motion so long as Plaintiff complied
17  with her agreement memorialized in the Stipulation and the Order.

18    On February 10, 2017, the Court entered its Order Dismissing Claims and
19  Excluding Evidence of Specific Issues or Damages (the "Order") in response to the
20  Stipulation. Hassenberg Decl., Exh. "B" [Dkt # 36]. The Order confirms that
21  Plaintiff will not present any evidence or make any argument at trial, either through
22  her counsel or any witness, that she has "suffered post-traumatic stress disorder, or
23  that she may require mental healthcare treatment for injuries she purportedly
24  sustained from the incident." Dkt # 36, ¶ 1. The Order also mandates that "Plaintiff
25  shall not seek damages for … post-traumatic stress disorder, unusually severe
26  emotional distress, [or] the cost of future mental healthcare…." Dkt # 36, ¶ 3.
27  / / /
28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   On June 12, 2017, in contravention of the Stipulation and Order, Plaintiff
2   stated she would elicit testimony from expert Lester Zackler, M.D., regarding her
3   claimed emotional distress. Hassenberg Decl., ¶ 9. The County responded by briefly
4   summarizing the foregoing history, and reiterating their express acknowledgment
5   that Plaintiff will not elicit testimony from any expert regarding her claimed
6   emotional distress and she will seek recovery for only "garden-variety emotional
7   distress." Hassenberg Decl., Exh. "C." The County objected to Plaintiff's attempt to
8   vacate the Stipulation and Order only "a few weeks away from filing trial
9   documents and from trial." Hassenberg Decl., Exh. "C."

10   The parties participated in a telephone conference on June 23, 2017, to
11   discuss, inter alia, Plaintiff's desire to completely nullify the Stipulation and Order.
12   Plaintiff stated she now felt "stronger" and was willing to appear for an independent
13   psychological examination and allow discovery of her mental and emotional state.
14   Hassenberg Decl., ¶ 11. This is the only purported justification Plaintiff has offered
15   for abruptly changing her position on this issue one month before trial begins.

16   **III.   THE STIPULATION BARS EMOTIONAL DISTRESS TESTIMONY**
17   **FROM ANY EXPERT**

18   Plaintiff plainly and voluntarily stipulated, and this Court ordered, that she
19   will not seek recovery for any type of mental anguish other than "garden-variety"
20   emotional distress, and Plaintiff further expressly agreed she would not elicit expert
21   testimony at trial on the subject of emotional distress. The Stipulation and Order are
22   clear, and Plaintiff's attempt to evade their restrictions must be rejected.

23   "Under federal law, stipulations and admissions in the pleadings are generally
24   binding on the parties and the Court. Not only are such admissions and stipulations
25   binding before the trial court, but they are binding on appeal as well. 'Judicial
26   admissions are formal admissions in the pleadings which have the effect of
27   withdrawing a fact from issue and dispensing wholly with the need for proof of the
28   fact. Factual assertions in pleadings and pretrial orders, unless amended, are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

6

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1  considered judicial admissions conclusively binding on the party who made them.'"

2  *Gallagher v. Wells*, 2012 U.S. Dist. LEXIS 109155, at *43-44 (E.D. Cal. Aug. 2,

3  2012). A party may be relieved from an Order for "mistake, inadvertence, surprise,

4  or excusable neglect…." Fed. R. Civ. P. 60(b). In this case, Plaintiff has not

5  identified any such ground. She simply changed her mind and now wants to present

6  evidence she previously stipulated (and this Court ordered) she would not raise.

7  **IV.    THE ORDER BARS PLAINTIFF FROM SEEKING RECOVERY FOR**

8  **ANY EMOTIONAL DISTRESS OTHER THAN GARDEN-VARIETY**

9  As discussed above, the Order explicitly states "Plaintiff shall not present any

10  evidence, testimony or argument at trial, either herself or though her counsel or any

11  of her witnesses, that she has lost interest in sex or suffered post-traumatic stress

12  disorder, or that she may require mental healthcare treatment for injuries she

13  purportedly sustained from the incident." Dkt #36, ¶ 1. The Order reiterates that

14  "Plaintiff shall not seek damages for … post-traumatic stress disorder, unusually

15  severe emotional distress, [or] the cost of future mental healthcare…." Dkt # 36, ¶ 3.

16  Moreover, the Order is expressly based on, and cites, the Stipulation by stating that

17  the Court has "read and considered the parties' stipulation to dismiss certain claims

18  and exclude evidence of specific issues and/or damages…." Dkt # 36, p. 1.

19  If Plaintiff desires to be relieved from this Order she must set forth one of the

20  enumerated grounds specified in Fed. R. Civ. P. 60(b). She has never cited any

21  mistake, inadvertence, surprise or excusable neglect that would justify vacating the

22  Order, and she has not shown fraud or any other good cause for vacating a

23  Stipulation and an Order she voluntarily agreed to in order to obviate discovery she

24  believed was excessive. The County, in reliance on Plaintiff's agreement, withdrew

25  that discovery and refrained from propounding further discovery regarding the

26  issues Plaintiff explicitly stipulated she would not raise at trial. Her attempt to now

27  raise those issues at trial must be rejected.

28  / / /

## V.   __THE COUNTY RELIED ON THE STIPULATION AND ORDER TO ITS DETRIMENT__

The County cancelled its IME of Plaintiff once she signed the Stipulation, and the County refrained from pursuing other discovery of Plaintiff's mental and/or emotional condition in reliance on Plaintiff's agreement to waive and dismiss any claim for mental suffering other than "garden-variety emotional distress" and to not call any expert at trial to testify about emotional distress. The County would be severely prejudiced if Plaintiff were permitted to nevertheless offer expert testimony on this subject after the County cancelled the Rule 35 examination in reliance on Plaintiff's representations.

A similar scenario was presented in *Juarez v. Autozone Stores, Inc.*, 2011 U.S. Dist. LEXIS 75432 (S.D. Cal. July 12, 2011), where the defendant sought an order permitting an independent psychiatric examination of the plaintiff regarding her claimed emotional distress. The plaintiff opposed the motion on several grounds, including the assertion that like the plaintiff in *Turner, supra*, she "is alleging only 'garden variety' emotional distress and has not put in controversy her mental health," and her "counsel is willing to stipulate that plaintiff will not be claiming severe emotional distress at trial…." *Id*. at *12-15 n.4. The plaintiff also stated that if she were ordered to appear for the examination she wanted "'leave to designate her own retained mental health expert.'" *Ibid*. Based on the plaintiff's representations regarding her claimed emotional distress the district court denied the defendant's motion to compel the psychiatric examination. Shortly before trial, however, the plaintiff served a supplemental expert designation stating she would elicit expert testimony from a psychiatrist regarding her emotional distress claim.

The defendant moved to strike the supplemental designation on the grounds it was diametrically opposed to the position the plaintiff had taken in her opposition to the defendant's motion for an independent psychiatric examination, and the district court agreed and struck the plaintiff's supplemental expert designation. The court

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

8

1   noted the plaintiff's supplemental designation was "not harmless." *Id*. at *16-17.

2   The court additionally pointed out the proffered testimony from her belated expert

3   "contradicts her former written and verbal agreements" that she would claim only

4   garden-variety emotional distress.

5   As *Juarez* recognized, the doctrine of estoppel bars Plaintiff from litigating

6   issues she stipulated she would waive, dismiss and/or not present at trial. *Christiania*

7   *Gen. Ins. Corp. v. N. Victor Pshp*., 1996 U.S. App. LEXIS 16569, at *6 (9th Cir.

8   June 20, 1996).

9   **VI.   <u>PLAINTIFF'S AUTHORITIES ARE INAPPOSITE</u>**

10   Plaintiff cites several cases for the proposition that a court may relieve a party

11   from the effect of a stipulation the party freely and voluntarily entered. However a

12   closer examination of those cases shows they either do not support Plaintiff's

13   position.

14   Plaintiff cites *Common Cause S. Christian Leadership Conference of Greater*

15   *Los Angeles v. Jones*, 213 F. Supp. 2d 1110 (C.D. Cal. 2002), for the proposition a

16   party may be relieved of a stipulation that would cause manifest injustice or if the

17   party inadvertently entered the stipulation. But application of this test does not aid

18   Plaintiff here, just as it did not help the plaintiff in *Common Cause*. In that case

19   several voter-rights organizations sued the California Secretary of State concerning

20   the use of punch-card ballots and numerous issues. Before trial the parties stipulated

21   the only issue remaining in dispute was whether it was feasible for the counties still

22   using punch-card systems to replace them with other equipment in time for the 2004

23   election. *Id*. at 1111-1112. The court ruled on that single issue and entered judgment

24   accordingly. The defendant moved for reconsideration and argued the court had

25   neglected to consider one additional issue, but the court denied the motion and

26   pointed out the parties had narrowed the issues by stipulation and had presented

27   only one issue for trial. "Accordingly, the Court enforced that stipulation and

28   confined the trial to that issue. See *Sinicropi v. Milone*, 915 F.2d 66, 68 (2d Cir.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

9

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1   1990) ('Courts generally enforce stipulations that narrow the issues in a case.');

2   *FDIC v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991)

3   ('Stipulations voluntarily entered by the parties are binding . . .')." *Id.* at 1112.

4        *Common Cause* cited several additional cases which also do not help

5   Plaintiff's position in the case at bar. The parties in *Seymour v. Summa Vista*

6   *Cinema, Inc.*, 809 F.2d 1385 (9th Cir.1987) *amended by* 817 F.2d 609 (9th

7   Cir.1987), stipulated the defendant would *not* offer certain evidence. After trial the

8   defendant complained about being unable to offer that evidence, but the appellate

9   court upheld the parties' stipulation and noted the defendant "might have been

10  entitled to relief had it demonstrated manifest injustice, as well as lack of prejudice

11  to the [opposing parties] and minimal inconvenience to the court." *Id.* at 1388. The

12  Ninth Circuit held the defendant had not met and could not meet this burden.

13       *McMorgan & Co. v. First California Mortgage Co.*, 931 F.Supp. 699

14  (N.D.Cal.1996), was a discovery dispute where defendant sought communications

15  between the plaintiff and a law firm that had represented both the plaintiff and the

16  defendant (prior to the litigation). The defendant argued the joint client exception to

17  the attorney-client privilege made the communications discoverable, and that the

18  parties had stipulated a joint client relationship with the firm had existed. However,

19  the court noted that the plaintiff had been unable to ascertain the law firm's true role

20  in the relationship when it entered the stipulation, and the plaintiff rescinded its

21  agreement to enter the stipulation before the defendant signed it. *Id.* at 703. The

22  court also held that, contrary to the contemplated stipulation, the parties actually had

23  not met the parameters for a joint client relationship. *Ibid.* Importantly the court also

24  held the defendant had not "shown reliance such that it will be prejudiced if the

25  stipulation is set aside." *Ibid.* In contrast to *McMorgan*, the County has shown both

26  reliance and prejudice in the case at bar.

27       Plaintiff's reference to *Zivkovic v. Southern California Edison Co.*, 302 F.3d

28  1080 (9th Cir. 2002), is confusing and unavailing because the court in that case

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    rejected the plaintiff's request to modify a scheduling order. The court noted that if

2    the party seeking to continue trial and pretrial dates has not been diligent, the

3    request for such continuance should be denied. *Id*. at 1087. The court did not discuss

4    or analyze the criteria for relieving a party of a stipulation and order. Regardless, as

5    shown above, the Stipulation in this case was entered over six months ago, and

6    Plaintiff offers no explanation or proof why she waited so long. *Zivkovic* is

7    unavailing to Plaintiff here, and in fact the rule recognized in that case—a party who

8    delays in bringing a request to modify an order must show diligence—would require

9    denial of Plaintiff's instant motion.

10          The next case Plaintiff cites, *Mechmetals Corp. v. Telex Computer Products,*

11   *Inc*., 709 F.2d 1287 (9th Cir. 1983), does not aid her cause at all, since it adjudicated

12   a Rule 16 dispute, and pertained to an inadvertent error. The complaint in

13   *Mechmetals* asserted both federal and state-law claims, but the court refused to

14   exercise pendent jurisdiction over the state-law claims and dismissed them pursuant

15   to Fed. R. Civ. P. 12(b)(1). When the court later issued its pretrial order pursuant to

16   Fed. R. Civ. P. 16, the order inadvertently listed the state-law issues among those to

17   be tried. At the trial, however, the district court refused to make any findings on

18   those issues. The defendant contended this was error by the district court because

19   under Rule 16 the pretrial order controls the course of the case and dictates the

20   issues to be addressed at trial. The court rejected this argument, pointing out Rule 16

21   permits even post-trial amendment of a Rule 16 pretrial order, and the defendant

22   suffered no prejudice because the plaintiff had already filed an action in state court

23   to litigate the state-law claims and issues that had been dismissed from the federal

24   suit. *Id*. at 1294.

25          Plaintiff also relies on *Tesoro Ref. & Mktg. Co. LLC v. Pac. Gas & Elec. Co*.,

26   2015 WL 5675861 (N.D. Cal. 2015), which in turn cited and/or quoted *Morrison v.*

27   *Zangpo*, 2008 WL 4449585 (N.D. Cal. 2008), and *State Farm Fire & Cas. v.*

28   *McDevitt*, 2001 WL 637419 (N.D. Cal. 2001). All three of these cases dealt with

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

11

1   very different factual scenarios than the one at issue in the case at bar. The plaintiff

2   in *Tesoro* included a request for punitive damages in its complaint, but the parties

3   stipulated that request would be stricken and the plaintiff could reassert it no later

4   than 75 days before the close of discovery. The plaintiff waited until several months

5   after the close of discovery, however, before moving to amend the complaint to

6   reassert the punitive damage claim. The plaintiff argued the defendant had produced

7   many documents after the 75-day period and that supported a punitive damage

8   claim, and that the plaintiff would be prejudiced if it were not able to seek

9   appropriate damages. The defendant opposed the motion on the grounds the plaintiff

10  belatedly realized its error in not pursuing a punitive claim.

11         The court rejected the plaintiff's request to reassert a claim for punitive

12  damages, citing *Zangpo* and *McDevitt* for the rule that a party may be relieved of a

13  stipulation only to prevent manifest injustice and for their summary of the four-

14  prong test for identifying manifest injustice. The *Tesoro* court acknowledged the

15  effect, on the plaintiff and on the other parties, of withdrawing the stipulation is that

16  the plaintiff could pursue punitive damages but the defendant would be prejudiced

17  because it had prepared for trial with the understanding that punitive damages were

18  not a possibility. With regard to the third prong of the test, intervening events, the

19  court noted the plaintiff had known all along punitive damages were a possible

20  remedy. Indeed it had expressly pled for such damages in its complaint, and agreed

21  to strike that request only to forestall the defendant's potential 12(b)(6) motion and a

22  possible motion for summary judgment. The court acknowledged that withdrawing

23  the punitive damage request was a tactical decision by the plaintiff's counsel, and

24  "an attorney's mere 'realization that he may have made a tactical error ... does not

25  render enforcement of the stipulation a manifest injustice.'" *Id*. at *32. The court

26  concluded the plaintiff clearly contemplated from the beginning of the suit that it

27  might discover evidence supporting a punitive damage claim, and that it had

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

12

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1  nevertheless decided to waive that claim and it did not comply with the specified

2  deadline for reasserting it. There was no manifest injustice shown.

3  The same rationale applies here. When Plaintiff amended her FAC to allege

4  she suffered PTSD and severe emotional distress, she must have contemplated the

5  County would propound discovery on those issues. Plaintiff could not have been

6  surprised when the County noticed the IME and signaled its intent to propound

7  additional discovery regarding Plaintiff's claim for significant emotional distress.

8  Yet Plaintiff objected the County's attempts to obtain this information, and she

9  willingly agreed to forego this discovery in exchange for her agreement not to call

10 any expert on the subject of her emotional distress and to limit this claim to only

11 garden-variety emotional distress. That she later obtained discovery she believes

12 supports her case does not change the fact she or her counsel made a tactical

13 decision and now wants to be relieved of it for no reason other than she changed her

14 mind. The second prong of the *Tesoro* test, the effect of withdrawing the stipulation

15 on the parties opposing withdrawal, is important here just as it was in *Tesoro*.

16 The defendant in *Tesoro* prepared for trial knowing punitive damages were

17 not a possibility. In the case at bar, the County prepared for trial knowing damages

18 for PTSD and/or unusually severe emotional distress were *not* an issue to be decided

19 by the trier of fact, and also knowing *there would be no expert testimony* on the

20 subject of emotional distress. Plaintiff contends it would be manifestly unjust not to

21 withdraw the Stipulation, but in truth manifest injustice would result to the defense

22 if Plaintiff's motion is granted and the Stipulation is vacated or modified.

23 *Zangpo* does not aid Plaintiff's argument because in that case the plaintiff's

24 request to be relieved from a stipulation was denied, and the court set stringent

25 standards for seeking such relief. The plaintiff in *Zangpo* agreed to submit to

26 binding contractual arbitration, but he later claimed this was a mistaken legal tactic

27 because he believed arbitration would be faster and cheaper than litigating in court.

28 The court acknowledged case law holding a party may be relieved of a stipulation

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

1    by showing mistake, inadvertence or excusable neglect, and the court also noted

2    some cases analogize stipulations to contracts and allow relief from a stipulation

3    only on the same grounds as are sufficient to show good cause to invalidate a

4    contract. *Zangpo*, 2008 U.S. Dist. LEXIS 82999, at *7-8. "Although the case law

5    does not provide much guidance as to what kind of a mistake is typically

6    recognized, courts have analogized a stipulation to a contract, and, under California

7    law, a unilateral mistake of fact is not a basis to rescind a contract unless the other

8    party had reason to know of the mistake or caused the mistake or unless the effect of

9    the mistake is such that enforcement of the contract would be unconscionable." *Ibid*.

10   [internal citations omitted].

11        As applied to the instant dispute, *Zangpo* compels an order denying Plaintiff's

12   motion to be relieved from the Stipulation and resulting Order. There was no

13   mistake of fact, at least not one known to or caused by the County. Plaintiff entered

14   the Stipulation and agreed to the Order because she did not want to appear for an

15   IME, waive the therapist-patient privilege, and open up discovery of her mental

16   health and her mental and emotional state. She never conditioned her willingness to

17   enter the Stipulation on the existence or non-existence of other sexual misconduct

18   complaints against Caropino. In fact, Plaintiff's FAC is replete with allegations of

19   persistent and repeated sexual abuses by deputies, so Plaintiff's lawsuit clearly

20   contemplates the existence of other alleged incidents.

21        *McDevitt* is wholly inapplicable here. The stipulation in that case was a

22   stipulated judgment and settlement reached between an insurer and an insured who

23   had misrepresented material facts on his insurance application. The insurer filed suit

24   to rescind the policy, and the third-party claimants who had made claims on that

25   policy objected. The court thus analyzed whether the claimants' rights restricted the

26   insurer's ability to rescind the policy. The *McDevitt* court listed the four-prong test

27   for permitting a party to withdraw a stipulation, but other than that *McDevitt* does

28   not aid Plaintiff's motion in the least.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1                                        14
OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1        The County respectfully submits that none of the authorities on which

2   Plaintiff relies justify the relief she seeks. She has not shown any mistake,

3   inadvertence or excusable neglect, and she has not shown a unilateral mistake was

4   caused by or known to the County. Further, she fails to acknowledge the effect

5   withdrawing the Stipulation would have on the County, which propounded

6   discovery on her emotional distress claim and was diligently preparing for trial

7   knowing that was one of the issues to be addressed. Plaintiff agreed to remove that

8   issue from the dispute, however, and the County relied to its detriment on Plaintiff's

9   representation that she would not elicit any expert testimony regarding emotional

10  distress, she would not mention PTSD or severe emotional distress, and she would

11  confine her claim to only garden-variety emotional distress. Her request to do all the

12  things she stipulated she would not do must be rejected.

## VII.  **CONCLUSION**

14       For the foregoing reasons, the County respectfully requests that this Court

15  deny Plaintiff's motion for relief from the Stipulation and Order.

17  DATED: July 7, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

20               By:     */s/ Dawn M. Flores-Oster*

21               Dawn M. Flores-Oster

22               Attorneys for Defendant COUNTY OF ORANGE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DECLARATION OF BARRY HASSENBERG

I, Barry Hassenberg, declare as follows:

1.      I am an attorney duly admitted to practice in all of the courts of the State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant COUNTY OF ORANGE herein.  The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2.      Plaintiff Alexa Curtin ("Plaintiff") was deposed in this case on October 4, 2016, and she testified her primary care physician diagnosed her with post-traumatic stress disorder ("PTSD"), and had prescribed anti-depressants and recommended Plaintiff see a psychiatrist or psychologist.

3.      After the deposition, I informed Plaintiff's counsel, Jeremy Jass, that I would notice an independent psychological examination of Plaintiff pursuant to Fed. R. Civ. P. 35, in light of Plaintiff's deposition testimony. Mr. Jass disagreed that such an examination was warranted in this case.

4.      Mr. Jass and I engaged in an extensive meet-and-confer on this issue throughout October 2016, but we were unable to reach any agreement. On November 1, 2016, I served notice of Plaintiff's independent psychological examination pursuant to Rule 35.

5.      I continued meeting-and-conferring with Mr. Jass on this subject, however, and I informed him that if Plaintiff would stipulate to waive and dismiss any claim for extraordinary emotional distress, and if she would further stipulate she will not elicit expert testimony regarding her claimed emotional distress, I would be willing to forego the Rule 35 examination.

6.      Mr. Jass agreed Plaintiff would waive and dismiss any and all claims for unusually severe emotional distress and would limit her claim to only "garden-variety emotional distress," and she would not call any expert to testify about her claimed emotional distress. Mr. Jass and I signed a Stipulation to Dismiss and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1

16

OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1  Exclude Evidence of Certain Alleged Damages (the "Stipulation") memorializing

2  this agreement, which was filed on December 5, 2016, as Dkt # 21. A true, correct

3  and complete copy of the Stipulation is attached as Exhibit "A."

4      7.      Based on the parties' agreement, I took the Rule 35 examination off-

5  calendar and refrained from pursuing further discovery about Plaintiff's mental

6  condition and/or her claimed emotional distress.

7      8.      On February 10, 2017, the Court signed an Order Dismissing Claims

8  and Excluding Evidence of Specific Issues or Damages (the "Order") based on and

9  incorporating the Stipulation, as Dkt # 36. A true, correct and complete copy of the

10  Order is attached as Exhibit "B."

11      9.      On June 12, 2017, I received an e-mail from Mr. Jass stating that,

12  contrary to the Stipulation and Order, he intended to elicit expert testimony from

13  one of Plaintiff's expert witnesses, Lester Zackler, M.D., regarding Plaintiff's

14  emotional distress claim.

15      10.      I responded via e-mail to Mr. Jass on June 12, 2017, reiterating the

16  terms of the Stipulation and Order and objecting to Plaintiff's attempt, this close to

17  trial, to renege on her agreement memorialized in the Stipulation and Order. A true

18  and correct copy of my e-mail is attached as Exhibit "C."

19      11.      On June 23, 2017, I had a telephone conference with Mr. Jass where we

20  discussed, among other items, Plaintiff's request to vacate the Stipulation and Order.

21  Mr. Jass stated Plaintiff now felt "stronger" and was willing to appear for an

22  independent psychological examination and allow discovery of her mental and

23  emotional state. However Mr. Jass never sent me any correspondence laying out the

24  factual and legal arguments he plans to make in the motion to be relieved of the

25  Stipulation or the legal authorities supporting relief.

26      12.      If Plaintiff is permitted to elicit expert testimony regarding her

27  emotional distress claim, it will severely prejudice the County since, in reliance on

28  the Stipulation and Order, my office cancelled the independent psychological

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-5772-1675.1
17
OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM STIPULATION

1  examination and refrained from conducting discovery regarding Plaintiff's
2  emotional distress claim.
3        I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct and that this declaration was executed
5  on July 7, 2017, at Los Angeles, California.

6

7                                    _/s/ Barry Hassenberg_____
8                                    Barry Hassenberg

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW