From: "Hassenberg, Barry" <Barry.Hassenberg@lewisbrisbois.com>
Date: June 12, 2017 at 6:41:25 PM PDT
To: "Daniel Balaban <daniel@dbaslaw.com> (daniel@dbaslaw.com)" <daniel@dbaslaw.com>, "Jeremy Jass (jeremy@jasslaw.com)" <jeremy@jasslaw.com>
Cc: "Flores-Oster, Dawn" <Dawn.Flores-Oster@lewisbrisbois.com>, "Hassenberg, Barry" <Barry.Hassenberg@lewisbrisbois.com>
Subject: Curtin - Emotional Distress Damages

Counsel,

In response to your email of today's date, we respond as follows.

On June 29, 2016, plaintiff filed a first amended complaint where she alleged severe emotional distress. See, paras. 25, 26 and 64.

On October 4, 2016, the deposition of plaintiff Alexa Curtin took place. In that deposition, plaintiff claimed she had been diagnosed with PTSD by Dr. Yusim, and that she believed she experienced "a lot of emotional damage," and that "men... are scum." She further indicated Dr. Yusim had prescribed her Xanax, and was considering administering an anti-depressant. See, Deposition of Alexa Curtin taken on October 4, 2016: 14:3-15; 19:6-11; 131:15-22; 141:20- 142:15.

1

Exhibit C - Page 24

On October 28, 2016, I directed the following email to Mr. Jass stating the following: "Jeremy – Alexa said in her deposition she was diagnosed with PTSD by Dr. Yusim, has been prescribed medication for it (although she has not taken it yet), and is awaiting authorization from her insurance company for a psychiatric exam. Under those circumstances, I'm not sure how you can say Ms. Curtin does not claim unusually severe emotional distress, nor has she sought treatment for that distress from a psychiatrist. [P] If we can stipulate to a waiver of all extraordinary emotional distress damages and agree not to retain an expert on this issue, perhaps the IME would not be necessary. [P] Let me know."

On November 1, 2016, defendants served a notice of mental examination with Dr. Debra Cresswell.

After an extensive meet and confer process, on November 30, 2016, the parties ultimately stipulated to the following:

1. Plaintiff waives and dismisses with prejudice any claim for loss of interest in sex, post-traumatic stress disorder, and the need for future mental healthcare, including but not limited to treatment from any psychiatrist, psychologist or other mental healthcare provider;
2. Plaintiff also waives and dismisses with prejudice any argument the allegations in the operative complaint caused bladder infections or other urological problems, or that the incident caused sex to be painful or impaired her ability to engage in sexual activity;
3. Plaintiff also waives and dismisses any claim for unusually severe emotional distress as distinguished from "garden-variety" emotional distress as that phrase is defined in *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D.Cal. 2003), *Fritsch v. City of Chula Vista*, 187 F.R.D. 614 (S.D. Cal. 1999), and *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D.Cal. 1995);
4. Plaintiff will not present any evidence, testimony or argument at trial, through her counsel or any witness, that she has lost interest in sex or suffered post-traumatic stress disorder, or that she may require mental healthcare treatment for injuries she purportedly sustained from the allegations in the operative complaint;
5. Plaintiff will not present any evidence, testimony or argument at trial, through her counsel or any witness, that she has experienced bladder infections or other urological disorders due to the allegations in the operative complaint, or that her ability to engage in sexual activity has been impaired in any way;
6. Plaintiff will not seek damages for loss of interest in sex, post-traumatic stress disorder, unusually severe emotional distress, the cost of future mental healthcare, bladder infections or other urological issues, painful sex or loss of ability to engage in and/or enjoy sexual activity; and
7. Plaintiff will not elicit any testimony at trial from any expert witness regarding emotional distress.

As a result of the Stipulation, the County took the examination by Dr. Creswell off-calendar, and refrained from conducting any additional discovery relative to

her prior mental health conditions, including her prior drug use, panic attacks and reliance on anti-anxiety medication.

If I understand the argument correctly, you contend that whatever emotional distress Dr. Zackler opines is normally associated with a rape is admissible despite the clearly contrary intent of the Stipulation, and, in particular, para. 7 of the Stipulation which reads: "Plaintiff will not elicit any testimony at trial from any expert witness regarding emotional distress."

In an effort to overcome the Stipulation, you intend to ask the Court to be relieved of it, despite the fact we are a few weeks away from filing trial documents and from trial.

Defendants do not agree with your assessment regarding the admissibility of Dr. Zackler's proposed testimony, and will vigorously oppose any effort by plaintiff to be relieved of the terms of the Stipulation.