1   Jeremy D. Jass, SBN 279466
2   jeremy@jasslaw.com
    JASS LAW
3   4510 E. Pacific Coast Highway, Suite 400
    Long Beach, CA 90804
4   Telephone: (562) 340-6299
5   Facsimile: (562) 340-6422

6
    Attorneys for Plaintiff
7   ALEXA CURTIN

8

9                    UNITED STATES DISTRICT COURT
10                   CENTRAL DISTRICT OF CALIFORNIA
11

12
    ALEXA CURTIN,                      Case No.: 8:16-CV-00591-SVW-PLA
13
14                                     Assigned to Hon. Stephen V. Wilson
                      Plaintiff,
15                                     **DISCOVERY MATTER**
16
17         vs.                         **PLAINTIFF ALEXA CURTIN'S
                                       SUPPLEMENTAL
18                                     MEMORANDUM IN SUPPORT
                                       OF JOINT STIPULATION TO
19                                     COMPEL PRODUCTION OF
20   COUNTY OF ORANGE; NICHOLAS        DOCUMENTS [L.R. 37-2.3]**
     LEE CAROPINO; and DOES 1 through
21   50,                               Date: July 25, 2017
22                                     Time: 10:00 a.m.
23                    Defendants,
24
25                                     Action Filed: March 30, 2016
                                       Pre-Trial Conference: July 24, 2017
26                                     Trail Date: August 1, 2017
27
28                                     1

    **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO
    COMPEL**

1         Pursuant to L.R. 37-2.3, Plaintiff Alexa Curtin ("Plaintiff"), hereby provides
2    her supplemental memorandum of points and authorities in support of her motion
3    to compel further responses to her second set of requests for production [Dkt.
4    #136].
5
6    Dated: July 10, 2017                  **Jass Law**
7
8                                            /s/ Jeremy Jass
9                                         _____
10                                         Jeremy Jass, Esq.
11                                         *Attorney for Plaintiff*,
12                                         ALEXA CURTIN
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Despite the County's many accusations, Plaintiff has at all times acted in good faith and attempted to informally resolve discovery disputes.  Plaintiff repeatedly granted the County extensions and made every effort to provide her authorities and arguments to the County as soon as possible. Further, Plaintiff relied on Defendant County of Orange's multiple assertions as to when required documents or approval would be arriving.  Yet, the County never produced any documents responsive to Plaintiff's requests.  Rather, the County levies unfounded personal attacks against Plaintiff's counsel and asserts that it owes no obligation to produce documents because this Court's previous order did not specifically cover these new requests.  Just weeks before trial, Defendant County of Orange continues to resist Plaintiff's efforts to obtain the documents and information she is entitled. Defendant County of Orange should not be permitted to use the local rules as a sword and a shield in this matter.

## II.     PLAINTIFF DID MEET AND CONFER IN GOOD FAITH

Defendant County of Orange mailed its anemic discovery responses on June 15, 2017. Plaintiff's counsel did not receive the 169 page document until June 19, 2017. Upon review of the responses, Plaintiff discovered the County refused to produce even one single document in its responses, rather relying on virtually the same page and a half list of objections to the requests. On June 20, 2017, Plaintiff sent an email to the County requesting to meet and confer as soon as possible on the discovery issue including the language:

> "In light of the recent discovery responses –
> wherein *nothing* was produced in response to our numerous requests,
> as well as the upcoming trial date, we need to schedule a time for all
> counsel to meet and confer regarding the outstanding discovery
> issues.  Specifically, we need to meet and confer regarding …(2) the

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

County's recent responses to Plaintiff's second set of Requests for Production wherein the County failed to produce any new documents or information – and rather, the responses include the same boilerplate objections, references to the Court's May 14, 2017 Order compelling productions of documents, and references to documents previously produced."

On June 23, 2017, the parties met and conferred where at least three partners of Defendant County's law firm participated, and we discussed the discovery issues at length. During this meet and confer Plaintiff was repeatedly told, with emotion, that the requested documents were "attorney client-privilege;" a claim they abandoned in their papers. Needless to say, the discovery issue was not resolved during the meet and confer and Plaintiff sent her portion of the Joint Stipulation on June 23, 2017.

On June 27, 2017, Defendant sent Plaintiff an email requesting exhibits referenced in the Joint Stipulation and assured Plaintiff it would send its portion by June 30, 2017. On June 27, 2017, Plaintiff sent the County the exhibits she intended to file with the Joint Stipulation. It should be noted that the exhibits were already sent to the County with the Request for Production of Documents back in May 2017.

It wasn't until 5:16 pm on July 3, 2017 that the County sent over its portion of the Joint Stipulation with exhibits and a declaration. At 6:32 p.m. Plaintiff sent over the final version of the document. The final version included a declaration of Plaintiff's counsel relating to the exhibits, that was nearly identical to the declaration provided by Defense counsel.

At 6:49 p.m. the County emailed Plaintiff indicating that it noticed the declaration that was not included before, and that the County was "still going through the document to look for other alterations from the "final" draft you sent

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

last week, so I will need some time to review it. I am not able to do it immediately, but will come back to this later tonight and let you know once I've finished reviewing it," indicating that approval to file would be coming later that evening.

At 9:53p.m., Plaintiff's counsel emailed the County indicating counsel was still in the office awaiting the County's reply; that the declaration was only added to include the exhibits that were previously sent to the County, that the declaration mirrored that of the County's declaration, and that there were no other substantive changes. No response from the County came.

After waiting until six minutes before midnight, Plaintiff's counsel sent an email to the County advising that he could not wait any longer, and would file before midnight. Plaintiff then filed the Joint Stipulation.

In light of the County's refusal to participate in meaningful discovery, its failure to provide one responsive document to the requests, and *twice* promising it would deliver by a certain deadline then failing to do so; Plaintiff acted in good faith in handling this matter.

### III.   THE COURT'S PREVIOUS ORDER IS APPLICABLE HERE

Defendant contends that because it already complied, partially, with the previous Order compelling discovery, it need not produce anything else. This Court has already carefully considered and reasoned that the documents plaintiff sought relating to other deputies misconduct was relevant to plaintiff's claims and discoverable. Defendant now seems to interpret that Order as saying only the documents previously produced are discoverable and nothing else. Since, receiving the compelled discovery from Defendant, in piecemeal, Plaintiff has found other instances of deputy misconduct in the OIR reports (attached as Exhibit A to the Joint Stipulation) that appear to be compelled in the Court's previous Order, but nothing was produced on those incidents. Further, Plaintiff has now become aware of systemic problems of dishonesty including issues with deceit, lying, failing to report misconduct, and participating in the code of silence within the County's

Sheriff's Department; all with insufficient discipline. These issues contributed to Plaintiff's injuries as this practice of not properly disciplining dishonesty created a culture where problem deputies were encouraged to lie knowing that best case scenario their lie was believed, and worst case scenario they are caught in a lie and would only receive a slap on the wrist.

These other areas of misconduct referenced in the OIR reports, Judge Goethals Order, and Appellate Decision (all attached as Exhibit A to Joint Stipulation) are all directly relevant to Plaintiff's claims, and are specifically critical to proving her *Monell* claim.

**IV.     CONCLUSION**

Defendant's abusive and obstructionist discovery tactics should not be rewarded, and Plaintiff's Motion to Compel Further Responses to her Requests for Production should be granted.


Dated: July 10, 2017                          **Jass Law**


                                              /s/ Jeremy Jass

                                              _____
                                              Jeremy Jass, Esq.
                                              *Attorney for Plaintiff*,
                                              ALEXA CURTIN


6

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**