Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email: Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.: (626) 535-9860
Fax: (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.: (424) 832-7677
Fax: (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>           Plaintiff,<br>  vs.<br><br>COUNTY OF ORANGE;<br>NICHOLAS LEE CAROPINO,<br>individually and as Deputy Sheriff<br>for the County of Orange; and DOES<br>1 through 50,<br><br>           Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 14 TO EXCLUDE TESTIMONY BY DEFENDANT CAROPINO AS TO THOSE QUESTIONS IN WHICH HE ASSERTED THE FIFTH AMENDMENT PRIVILEGE AT DEPOSITION AND IN WRITTEN DISCOVERY**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

Plaintiff Alexa Curtin ("Plaintiff") hereby provides her Opposition to Defendant's Motion *In Limine* No. 14 To Exclude Testimony By Defendant Caropino As To Those Questions In Which He Asserted The Fifth Amendment Privilege At Deposition And In Written Discovery.

DATED: July 10, 2017            **JASS LAW**

By:   /s/ Jeremy D. Jass
         Jeremy D. Jass, Esq.
         Attorneys for Plaintiff
         ALEXA CURTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant County of Orange ("County") seeks to seeks to exclude certain portions of testimony and of written discovery responses of defendant Nicholas Caropino ("Caropino") at trial (1) by and through his own testimony; or (2) proffered by any other party, by whatever methods or means.

To the extent the County's requests that Caropino should be ordered to plead the fifth in front of the jury to questions he has previously pled the fifth to during discovery, Plaintiff *does not oppose* such an Order at this time.

Although not entirely clear from the County's motion, Plaintiff *does oppose* the motion *if* the County also seeks to: (1) preclude Plaintiff from asking questions from Caropino at trial, to which Caropino previously pled the fifth in discovery; (2) preclude Plaintiff from bringing to the jury's attention that Caropino refused to respond to certain questions; or (3) preclude Plaintiff from arguing that an adverse inference can be drawn from Caropino's silence in response to certain questions.

Plaintiff's opposition to such a request, *if such a request is being made at all*, is based on the following grounds:

(1) Plaintiff is permitted under law to ask Caropino questions to which he may assert his 5th Amendment right to remain silent during trial in this *civil* matter. The Supreme Court of the United States has long and repeatedly held that "silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause." E.g. *Baxter v. Palmgiano* (1976) 425 U.S. 308, 318-19. Here plaintiff accuses Defendant Caropino of sexual assault and Caropino has chosen to remain silent in the face of specific questions surrounding this accusation—a jury is entitled to know this relevant fact.

(2) An adverse inference argument can properly be made to the jury and "…the Fifth Amendment does not forbid adverse inferences to parties in civil actions." *Baxter v. Palmgiano* (1976) 425 U.S. 308, 318.

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**

(3) The adverse inference sought in relation to questions not answered by Caropino pertain to the circumstances surrounding the sexual assault incident and are supported by independent evidence including (but not limited to): (1) the testimony of Plaintiff regarding Caropino's sexual assault of her; (2) the testimony of other victims Caropino has sexually assaulted; (3) Caropino's statements made during investigations into the sexual assaults and (4) the fact that Caropino's video and audio recording devices were shut off in the moments leading to, and during, the time of Caropino's sexual assaults (including during the sexual assault of Plaintiff).

(4) There is a substantial need for the evidence sought in the discovery questions to which Caropino asserted a 5th Amendment privilege to remain silent, and no less burdensome way to get it exists to obtain this information because, other than his sexual assault victims, Caropino is the only other known witness to the sexual assaults.

## II. **PLAINTIFF *DOES NOT* OPPOSE COUNTY'S MOTION TO THE EXTENT IT SEEKS TO ORDER CAROPINO TO PLEAD THE 5TH CONSISTENT WITH HIS DISCOVERY RESPONSES**

To the extent the County's requests that Caropino should be ordered to plead the fifth in front of the jury to questions he has previously pled the fifth to during discovery, Plaintiff *does not oppose* such an Order at this time.

## III. **PLAINTIFF *DOES* OPPOSE COUNTY'S MOTION TO THE EXTENT IT SEEKS TO PRECLUDE PLAINTIFF FROM ASKING THE UNDERLYING QUESTIONS OR BRINGING CAROPINO'S REFUSAL TO ANSWER TO THE JURY'S ATTENTION.**

The Supreme Court of the United States has long and repeatedly held that "silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause." E.*g. Baxter v. Palmgiano* (1976) 425 U.S. 308,318-19. "[T]he Fifth Amendment does not forbid adverse inferences to parties in civil actions." Id. at 318.

      Courts recognize the tension between the privilege against self-incrimination and the need to give evidence in support of one's cause. Consequently, courts facing this issue have discretion to fashion accommodations to protect the rights of all litigants, including the rights of a civil litigant who is deprived of discovery in the ordinary course and sequence of a case by an adversary's assertion of the privilege. *E.g. United States v. Certain Real Property and Premises Known As:4003-4005 5 th Ave. Brooklyn, NY* (2d Cir. 1995) 55 F. 3d 78, 82-83. The invocation of the privilege by a civil litigant is <u>not without cost</u>. *Id*. at 82

      Case law overwhelmingly supports an instruction permitting the jury to draw an adverse inference in this matter. For example, in *Nationwide Life Ins. Co. v Richards*, the Ninth Circuit Court of Appeals ruled that the *civil* trial court properly allowed an adverse inference to be drawn where a witness asserted her Fifth Amendment privilege at trial in response to questions about her role in a murder. *Nationwide Life Ins. Co. v Richards* (9th Cir. 2008) 541 F.3d 903. Furthermore, in *SEC v. Colello,* the Ninth Circuit upheld a *civil* trial court's grant of summary judgment against defendant because the district court properly relied on affirmative evidence and an adverse inference against defendant. *SEC v. Colello* (9th Cir. 1998) 139 F.3d 674, 678.

      This issue is not reasonably subject to debates as case law from other federal circuits also are in conformity with the Ninth Circuit. See, *U.S. S.E.C. v. Suman* (S.D.N.Y. 2010) 684 F.Supp.2d 378 (permitting adverse inference against defendant, particularly in the absence of criminal charges); *SEC v. Lyttle* (7th Cir. 2008) 538 F.3d 601, 603-04 (upholding grant of summary judgment and imposition of penalties based on evidence and adverse inference); *Brink's, Inc. v. City of New York* (2d Cir. 1983) 717 F.2d 700, 710 (adverse inference appropriate and not unfairly prejudicial); *U.S. ex rel. DRC, Inc. v. Custer Battles, LLC* (E.D. Va. 2006) 415 F. Supp. 2d 628, 633-635 (permitting adverse inference, in part, because of its highly probative value); *Penfield v. Venuti* (D. Conn. 1984) 589 F. Supp 250, 256-

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**

57 (upholding adverse inference where defendant asserted Fifth Amendment and then provided deposition testimony); see also *SEC v. Zimmerman* (N.D. Ga. 1993) 854 F.Supp. 896 (noting propriety of drawing adverse inference but not at issue in the matter since defendant not a defendant in both criminal and civil cases).

Therefore, while Caropino may assert his 5th Amendment privilege to remain silent in discovery and at trial, the invocation of the privilege by Caropino does not preclude Plaintiff from asking Caropino questions at trial, referring to the answers Caropino provided in discovery (including his decision to assert his privilege), or brining Caropino's silence to the jury's attention. *Baxter v. Palmgiano* (1976) 425 U.S. 308,318-19 .

**IV.  PLAINTIFF CAN ARGUE THAT AN ADVERSE INFERENCE MAY BE ATTRIBUTED TO CAROPINO'S SPECIFIC REFUSALS TO ANSWER QUESTIONS DURING DISCOVERY AND AT TRIAL**

In stark contrast to most states' laws, federal law can permit a jury to hear and draw negative inferences based on invocations of the Fifth Amendment privilege against self-incrimination in civil trials. *Baxter v. Palmigiano* (1976) 425 U.S. 308, 317.  Under federal law, an adverse inference can follow from a witness's exercise of his or her rights under the Fifth Amendment to the United States Constitution when two conditions are met.

First, the proponent of the inference must show that the inference sought is separately supported by independent evidence. *See, Baxter v. Palmigiano* (1976) 425 U.S. 308, 317; *Doe v. Glanzer* (9th Cir. 2000) 232 F.3d 1258, 1264; *Securities & Exchange Comm'n v. Colello* (9th Cir. 1998) 139 F.3d 674, 678 (stating that the determination of whether an adverse inference arising from an invocation of the Fifth Amendment constituted reversible error "turns on whether [the proponent of the inference] presented additional evidence.").

Second, the proponent must show that there is a substantial need for the evidence sought, and that no less burdensome way to get it exists. *See Nationwide*

4

*Life Ins. Co. v. Richards* 541 F.3d 903, 912 (9th Cir. 2008). "Substantial need" refers to whether the Fifth Amendment assertions covered questions that "went to the central question of the case." *Nationwide Life Ins. Co. v. Richards* (9th Cir. 2008) 541 F.3d at 912; *see also Serafino v. Hasbro, Inc.* (1st Cir. 1996) 82 F.3d 515, 519 (case dismissed because plaintiff's assertions covered topics that were critical to defendant's case).

Thus, if a matter to which a party asserts the Fifth Amendment is key to the matter, there is substantial need for the adverse inference. In this matter, for example, the adverse inference sought in relation to questions not answered by Caropino pertain to the circumstances surrounding the sexual assault incident and are supported by independent evidence including (but not limited to): (1) the testimony of Plaintiff regarding Caropino's sexual assault of her; (2) the testimony of other victims Caropino has sexually assaulted; (3) Caropino's statements made during investigations into the sexual assaults and (4) the fact that Caropino's video and audio recording devices were shut off in the moments leading to, and during, the time of Caropino's sexual assaults (including during the sexual assault of Plaintiff).

There is a substantial need for the evidence sought in the discovery questions to which Caropino asserted a 5th Amendment privilege to remain silent, and no less burdensome way to get it exists to obtain this information because, other than his sexual assault victims, Caropino is the only other known witness to the sexual assaults. Therefore, the jury is entitled to make an adverse inference from Caropino's silence to key questions based on his 5th Amendment privilege.

## V.   THE EXCLUSION OF THIS RELEVANT EVIDENCE WOULD BE UNFAIRLY PREJUDICIAL TO PLAINTIFF

In the seminal case in which the Supreme Court ruled that a negative inference is permitted in civil proceedings, it observed that "[s]ilence is often evidence of the most persuasive character." *Baxter v. Palmigiano* (1976) 425 U.S.

308, 319 (internal quotation marks omitted); see also *Brink's Inc. v. City of New York* (2d. Cir. 1983) 717 F.2d at 710 (adverse inference is probative and "not prejudicial in the sense of being inflammatory, even though it is prejudicial in the sense of giving support to a party's position, i.e., it is 'damning' ") ; *Penfield v. Venuti* (D. Conn. 1984) 589 F.Supp. 250, 257-258 (defendant's Fifth Amendment assertion, while prejudicial, "is hardly the equivalent of passing a bloody shirt among the jury or introducing a dying accusation of poisoning").

    The questions to which Caropino has asserted a 5th Amendment privilege involve facts that go to the heart of Plaintiff's claims and are highly relevant and probative under FRE 401 and 403. (E.g., see discovery attached as exhibits to Defendant's MIL No. 14). There are certain kinds of prejudice which inhere naturally to the evidence, and which are not unfairly prejudicial as applied to a party merely because it damages their case. Defendants will not be unfairly prejudiced if this evidence is admitted. All relevant evidence is prejudicial. Rule 403 "excludes only evidence where the prejudice is 'unfair' – that is based on something other than its persuasive weight." *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003).

//
//
//
//
//
//
//
//
//
//
//

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**

## CONCLUSION

Therefore, to the extent the County's requests that Caropino should be ordered to plead the fifth in front of the jury to questions he has previously pled the fifth to during discovery, Plaintiff *does not oppose* such an Order at this time.

Although not entirely clear from the County's motion, for the reasons set forth above, Plaintiff *does oppose* the motion *if* the County also seeks to: (1) preclude Plaintiff from asking questions from Caropino at trial, to which Caropino previously pled the fifth in discovery; (2) preclude Plaintiff from bringing to the jury's attention that Caropino refused to respond to certain questions; or (3) preclude Plaintiff from arguing that an adverse inference can be drawn from Caropino's silence in response to certain questions.

DATED: July 10, 2017             **JASS LAW**

                                 By:   /s/ Jeremy D. Jass
                                       Jeremy D. Jass, Esq.
                                       Attorneys for Plaintiff
                                       ALEXA CURTIN

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**