Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email:  Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.:  (626) 535-9860
Fax:   (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.:  (424) 832-7677
Fax:   (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN, <br><br> Plaintiff, <br> vs. <br><br> COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50, <br><br> Defendants. | Case No.: 8:16-CV-00591-SVW-PLA <br> Assigned to Hon. Stephen V. Wilson <br><br> **PLAINTIFF ALEXA CURTIN'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY EVIDENCE OF HER SEXUAL HISTORY** <br><br> Pre-Trial Conference: July 24, 2017 <br> Trial Date: August 1, 2017 |

**PLAINTIFF ALEXA CURTIN'S REPLY TO
DEFENDANT'S OPPOSITION TO *AMENDED* MOTION *IN LIMINE* NO. 2**

## PLAINTIFF'S REPLY

The evidence Plaintiff seeks to exclude, includes, but is not limited to, a pornographic entertainment video *pre-dating the subject assault* wherein, as a part of a scene, there is discussion of a purported experience discussed about sex with a police officer. This fictional, irrelevant and unfairly prejudicial evidence should be excluded at trial and includes:

1. Any references to sexual activities between Ms. Curtin and anyone other than Deputy Caropino.

2. References to Ms. Curtin's appearance, references to Ms. Curtin's participation in pornographic materials.

3. Any and all video recordings, audio recordings, or photographic images made in connection with any work Plaintiff performed within the adult entertainment industry, whether during a staged production, during a "casting call" or pre-production process, or in any other capacity or connection.

4. Any and all statements made by Plaintiff in connection with any work Plaintiff performed within the adult entertainment industry, whether during a staged production, during a "casting call" or pre-production process, or in any other capacity or connection.

5. Any other evidence or comments that have a sexual connotation about Ms. Curtin.

As described in Plaintiff's motion, any and all such evidence offered by the defense related to Ms. Curtin's past sexual history and references to pornography is entirely inappropriate, irrelevant and inadmissible—particularly in light of this Court's denial of Plaintiff's motion to set aside the November 30, 2016 Stipulation As to Discovery and Admissibility of Plaintiff's Emotional Distress Damages and this Court's related Order which provided that Plaintiff shall not seek damages for "post-traumatic stress disorder," as well as "unusually severe emotional distress," among other claims not at issue here. Dkt. 36.

Therefore, this irrelevant evidence is nothing more than a character attack on Ms. Curtin and would be unfairly prejudicial and any alleged probative value of such evidence (which there is none) would be outweighed by such extreme prejudice. Further, Plaintiff has requested from Defendants any such videos in their possession, but nothing has been produced to Plaintiff thus far.

## II. ARGUMENT

Rule 412 provides: "(a) Prohibited Uses. The following evidence is **not admissible in a civil or criminal proceedings** involving alleged sexual misconduct **(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition.**" Fed. R. Evid. 412(a). Rule 412 applies "**in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment**." Rule 412, Adv. Com's Note re 1994 amendments. The intent of this rule "**was to prevent indiscriminate cross-examination of rape victims about their past sexual experiences and to bar certain other evidence to similar effect**." Paul F. Rothstein, *Fed. Rules of Evidence* (3d ed, 2013-14), pp. 241-42. It accommodates competing concerns – "the defendant's interest in presenting defensive evidence; the victim's interest in protecting his of her private life from intrusion in public; and society's sometimes conflicted interests in encouraging victim-witnesses to come forward and in assuring fair trials." *Id*. at 241.

The terms "other sexual behavior" and "sexual predisposition" are not defined in Rule 412. But they have been interpreted to include all sexual conduct or behavior other than that alleged in the instant case and anything that may have a sexual connotation for the jury (such as a victim's dress, occupation, or use of language). *United States v. Yazzie*, 59 F.3d 807, 814 (9th Cir. 1995); *Sheffield v. Hilltop Sand & Gravel Co.*, 895 F.Supp. 105, 108 (E.D. Va. 1995) (citing Advisory Committee's Notes).

While there are some exceptions in Rule 412, but, they have been construed narrowly. *United States v. Valenzuela*, 2008 WL 2824958, at *1-2 (C.D. Cal. July 21, 2008). Evidence that has a sexual connotation is highly prejudicial and could trigger biases among the jury. That is especially true for references to Ms. Curtin participating in pornography. **Such evidence/references have nothing to do with the sexual assault committed by Defendant and have no bearing on the parties' credibili**t**y**. **This is exactly the type of evidence that Congress intended to exclude in Rule 412.**

The County argues that "[t]he evidence of plaintiff's expressed desire to have sex with a police officer tends to make the fact the sexual encounter with defendant Caropino was consensual more probable...." Dkt. 116 at 5. However, **the probative value of fictional sexual fantasies expressed as an adult actor in the adult entertainment industry is outweighed by the danger of unfair prejudice to Plaintiff who is a rape victim**. This evidence would amount to nothing more than an attempt to embarrass and sexually stereotype Plaintiff. Rule 412, Adv. Com's Note re: proposed 1994 amendments. It is very likely the jury would wrongfully conclude that Plaintiff was not raped simply because Plaintiff may have previously discussed a fictional fantasy as an adult actor.

This unfair prejudice is particularly true given that **Plaintiff is not Caropino's only sexual assault victim**. As this Court is aware vis-à-vis other motions in limine filed in this case, **Caropino has been accused of sexual assault by over three other women in less than a year preceding his sexual assault of Plaintiff. Caropino was terminated by the County for his behavior**.

### III.   CONCLUSION

For the foregoing reasons, the Motion should be granted.

DATED: July 10, 2017              **JASS LAW**

By:   /s/ Jeremy D. Jass
       Jeremy D. Jass, Esq.
       Attorneys for Plaintiff
       ALEXA CURTIN