Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email: Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.:   (626) 535-9860
Fax:   (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.:   (424) 832-7677
Fax:   (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                     Plaintiff,<br>      vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>                     Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF ALEXA CURTIN'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE ANY EVIDENCE OF HER FAMILY MEMBER'S PARTICIPATION IN REAL HOUSEWIVES OF ORANGE COUNTY**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

---

**PLAINTIFF ALEXA CURTIN'S REPLY TO**
**DEFENDANT'S OPPOSITION TO *AMENDED* MOTION *IN LIMINE* NO. 5**

**PLAINTIFF'S REPLY**

Defendant's Opposition *explicitly* states that it is a "conditional" opposition and that "**If plaintiff is successful in her bid to be relieved of the Stipulation** which has been an Order of this Court since February 2017, there may be certain statements or activities in the program which would be useful in elucidating plaintiff's psychological history and makeup which would ultimately become the subject of expert opinion." (Emphasis added). Dkt. 113 at 3.

Should the Court grant Plaintiff's motion to be relieved of the Stipulation, this Motion should be granted because any evidence of Plaintiff's participation in *The Real Housewives of Orange County* is improper character evidence, irrelevant, and unfairly prejudicial to Plaintiff. Should the Court deny Plaintiff's motion to be relieved of the Stipulation, Defendant's opposition to this motion is rendered moot.

## I.   THE EVIDENCE AT ISSUE

Alexa's mother was a cast member of the Bravo Television Network series, *The Real Housewives of Orange County*. Alexa, as well as other members of her family, appeared on the show. Such evidence does not have any tendency to make a fact of consequence more or less probable than it would be without the evidence. Ms. Curtin alleges that she was sexually assaulted by Orange County Sheriff's Deputy Nicholas Lee Caropino. Nothing about these allegations has any connection whatsoever to Plaintiff's or her family members' appearances on *The Real Housewives of Orange County*. Indeed, far from having any bearing on any material fact at issue in this case, or even on Ms. Curtin's credibility, the only possible value it has is to attack Ms. Curtin's character. Such evidence and such a use is unequivocally prohibited by Federal Rule of Evidence 404.

Ms. Curtin will be unfairly prejudiced if this evidence is admitted. There is a stigma attached to the characters on the show, who are often portrayed in a bad light. Allowing evidence of Ms. Curtin or her family members' participation in the reality television series could trigger biases among the jury. It would also confuse the issues, mislead the jury, and unduly delay the proceedings. Those risks

1

substantially outweigh any probative value. This is true even if Plaintiff had been successful in her bid to be relieved of the Stipulation.

## II.     THIS EVIDENCE IS IRRELEVANT

Ms. Curtin's mother is a regular cast member of the Bravo Television Network series, *The Real Housewives of Orange County*. Ms. Curtin and other members of her family have appeared several times in the show. Evidence of any of their participation in this television should is irrelevant to any of the issues in this case. This is a straightforward case. Ms. Curtin alleges that Defendant County and Defendant Caropino violated her constitutional rights when Defendant Caropino sexually assaulted her. Sexual assault is a *per se* violation of civil rights law that Ms. Curtin alleged.

Evidence of any participation in the television show is irrelevant and should be excluded under Rule 401 and 404. It would only be offered to destroy Ms. Curtin's character. Such evidence is explicitly precluded by Rule 404, which prohibits the introduction of evidence "of a person's character or character trait . . . for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). This is true even if Plaintiff had been successful in her bid to be relieved of the Stipulation.

## III.     THIS EVIDENCE IS UNFAIRLY PREJUDICIAL TO PLAINTIFF

Ms. Curtin will be unfairly prejudiced if the Court allows this evidence. The circumstantial evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay. *See Michelin v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence . . . is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise, and undue prejudice.") Evidence of Ms. Curtin and her family members' participation in a television show are guaranteed to lead to all of the above.

Evidence that Ms. Curtin or her family members have appeared on a television show has nothing to do with the facts of the violation of her rights when

2

she was sexual assaulted underlying this case.   Instead, such would be impermissibly used to show Ms. Curtin's association with various personalities on the show or a celebrity lifestyle that is portrayed by cast members on the show. This is purely an emotional, rather than an evidentiary, appeal that is not permitted under Rule 403.   Any evidence of association with the reality television show would distract the jury from the main issues of sexual assault in this case. Wasting trial time on these superficial litigation tactics risks the jury's inattention, interferes with their consideration of the material issues and evidence presented at trial, and provides an improper basis on which the jury may evaluate the Defendants and their conduct.   As such, this evidence requires exclusion under Rule 403.

The prejudicial effect of this evidence outweighs any probative value and would have to be excluded at trial. Therefore, Plaintiff's motion should be granted in its entirety.

## III.   CONCLUSION

For the foregoing reasons, the Motion should be granted.

DATED: July 10, 2017                            **JASS LAW**

By:   /s/ Jeremy D. Jass
Jeremy D. Jass, Esq.
Attorneys for Plaintiff
ALEXA CURTIN