1  Jeremy D. Jass, SBN 279466
2  jeremy@jasslaw.com
   JASS LAW
3  4510 E. Pacific Coast Highway, Suite 400
   Long Beach, CA 90804
4  Telephone: (562) 340-6299
5  Facsimile: (562) 340-6422

6
   Attorneys for Plaintiff
7  ALEXA CURTIN

8
9            UNITED STATES DISTRICT COURT
10           CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  ALEXA CURTIN, | Case No.: 8:16-CV-00591-SVW-PLA |
| 13 | |
| 14            Plaintiff, | Assigned to Hon. Stephen V. Wilson |
| 15 | **JOINT [PROPOSED] PRE-TRIAL** |
| 16 | **CONFERENCE ORDER** |
| 17     vs. | |
| 18 | Date: July 24, 2017 |
| 19  COUNTY OF ORANGE; NICHOLAS | Time: 3:00p.m. |
| 20  LEE CAROPINO, individually and as | Room: 10A |
|     Deputy Sheriff for the County of Orange; | |
| 21  and DOES 1 through 50, | |
| 22 | |
| 23            Defendants, | |
| 24 | |
| 25 | |

26
27
28

1

**JOINT [PROPOSED] PRE-TRIAL CONFERENCE ORDER**

4811-2092-9611.1

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and Local Rule 16, IT IS ORDERED:

1. **Parties**: The parties are Plaintiff Alexa Curtin, and Defendants County of Orange and Nicholas Lee Caropino. Each of these parties has been served and has appeared. All other parties named in the pleadings are now dismissed.

   The pleadings which raise the issues are the Second Amended Complaint For Damages filed on December 15, 2016, (ECF No. 29), the Answer to the Second Amended Complaint to be filed by Defendant County of Orange, and Defendant Caropino's Proposed Answer which was attached to his Motion to Set Aside Default (ECF No. 67).

2. **Jurisdiction**: Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over all the claims in dispute.

3. **Trial Length**: The trial is estimated by plaintiff to take ten (10) trial days. Defendant County estimates a three to five (3-5) day jury trial. Defendant Caropino estimates a one (1) day jury trial.

4. **Jury Trial**: The trial is to be a jury trial. On July 20, 2017, the parties will file and serve by email, fax, or personal delivery (a) proposed jury instructions as required by Local Rule 51-1 and (b) any special questions requested to be asked on voir dire.

5. **Admitted Facts**: The following facts are admitted and require no proof:
   **None.**

2

6. **<u>Stipulated Facts</u>**: The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

7. **<u>Claims and Defenses</u>**: The following are the claims and defenses to be presented at trial.  On July 3, 2017, Plaintiff Alexa Curtin and Defendant County of Orange filed and served Memorandums of Contentions of Fact and Law, which included a brief description of the claims and the key evidence in support and/or opposition to each claim. (ECF 115, 133.)

A. **<u>Plaintiff</u>**: Plaintiff plans to pursue the following violations of 42 U.S.C. § 1983 against Defendants Caropino and the County of Orange:

<u>CLAIM 1: Defendant Caropino violated Plaintiff Curtin's Fourth Amendment rights in violation of 42 U.S.C. § 1983</u>

1.      Deputy Caropino acted under color of law;
2.      Deputy Caropino's acts deprived Ms. Curtin of her rights to be free from excessive force and unreasonable seizures, and right to bodily integrity, under the Fourth Amendment;
3.      Ms. Curtin was harmed; and
4.      Deputy Caropino's actions caused Ms. Curtin's harm.

<u>CLAIM 2: Defendant Caropino violated Plaintiff Curtin's Fourteenth Amendment rights in violation of 42 U.S.C. § 1983</u>

1.      Deputy Caropino acted under color of law;
2.      Deputy Caropino's acts shock the conscience and deprived Ms. Curtin of her due process rights, and right to bodily integrity, under the Fourteenth Amendment;
3.      Ms. Curtin was harmed; and

3

**JOINT [PROPOSED] PRE-TRIAL CONFERENCE ORDER**

4.  Deputy Caropino's caused Ms. Curtin's harm.

CLAIM 3:  Defendant County of Orange violated Plaintiff Curtin's constitutional rights by an unlawful custom or practice in violation of 42 U.S.C. § 1983

1.  Deputy Caropino acted under color of law;
2.  Deputy Caropino's acts deprived Ms. Curtin of her rights under the United States Constitution;
3.  Deputy Caropino acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the County of Orange; and
4.  County of Orange's official policy or longstanding practice or custom caused the deprivation of plaintiff's rights by Deputy Caropino; OR

1.  A final policymaker for County of Orange acted under color of law;
2.  the acts of a final policymaker for the County of Orange deprived Ms. Curtin of her rights under the United States Constitution;
3.  A final policy maker for the County of Orange had final policymaking authority from defendant County of Orange concerning these acts;
4.  When a final policy maker for the County of Orange engaged in these acts/failed to act he or she was acting as final policymaker for defendant; and
5.  the acts/failure to act of a final policy maker for the County of Orange caused the deprivation of the plaintiff's rights; that is, the final policymaker's acts or failure to act is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury; OR

4

4811-2092-9611.1

1.  The acts of Deputy Caropino deprived the plaintiff of her particular rights under the United States Constitution;

2.  Deputy Caropino acted under color of state law;

3.  the training policies of defendant County of Orange were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

4.  the defendant County of Orange was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

5.  The failure of the defendant County of Orange to provide adequate training caused the deprivation of the plaintiff's rights by Deputy Caropino; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury; OR

1.  Deputy Caropino acted under color of law;

2.  Deputy Caropino's acts deprived Ms. Curtin of her rights under the United States Constitution;

3.  A final policy maker for the County of Orange acted under color of state law;

4.  A final policy maker for the County of Orange had final policymaking authority from defendant County of Orange concerning the acts of Deputy Caropino; and A final policy maker for the County of Orange ratified Deputy Caropino's acts, that is, A final policy maker knew of and specifically made a deliberate choice to approve Deputy Caropino's acts and the basis for it; OR

**JOINT [PROPOSED] PRE-TRIAL CONFERENCE ORDER**

4811-2092-9611.1

1. Defendants may also be held liable where they affirmatively placed Plaintiff in danger by acting with deliberate indifference to Plaintiff's interest in personal security under the fourth and fourteenth amendment. *Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000)

   **B. The County of Orange:**
   1. Disputes Nicholas Caropino acted under color of law;
   2. Disputes it is legally responsible for the actions, if any, of Nicholas Caropino;
   3. Disputes the plaintiff's Fourth and Fourteenth Amendment rights were violated;
   4. Disputes the County of Orange violated plaintiff's Constitutional rights by an unlawful custom and practice or by failure to train its deputies;
   5. Disputes plaintiff's pleadings raised issues regarding approval or ratification by a final policy maker for the County of Orange or identified such a final policy maker.

8. **Issues to be Tried**: In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, Plaintiff contends the following issues remain to be tried: Violation of 42 U.S.C. § 1983 (1) Whether Defendant Caropino violated Plaintiff Curtin's Fourth Amendment rights as generally described in Ninth Circuit Model Jury Instructions 9.2 , 9.22 , 9.23 , (2) Whether Defendant  Caropino violated Plaintiff Curtin's Fourteenth Amendment rights as generally described in Ninth Circuit Model Jury Instructions 9.2, 9.22, 9.23, and (3) Whether  Defendant County of Orange violated  Plaintiff Curtin's constitutional rights by an unlawful custom and

6

practice, as generally described in Ninth Circuit Model Jury Instructions 9.5, 9.6, 9.7, and 9.8.

Defendant disputes plaintiff's ability to proceed under Ninth Circuit Model Jury Instructions 9.2,, 9.22, 9.23,  9.6 and 9.7.

**9.** **Discovery Status**: Discovery is not complete. The depositions County Investigators and Person's Most Knowledgeable need to be set, and the depositions of expert witnesses are to be set.  The parties reserve the right to depose witnesses from recently produced documents and information pursuant to rulings on the pending discovery motions.

**10.** **Rule 26 Disclosures**: All disclosures under F.R.Civ.P. 26(a)(3) will have been made by July 24, 2017.  The joint exhibit list of the parties was filed on July 3, 2017, (ECF 119) under separate cover as required by Local Rule 16-6-1. Plaintiff reserves the right to raise foundational and substantive objections to those items on the exhibit list. Defendant County of Orange reserves the right to raise both foundational and substantive objections to the items on the exhibit list. The parties anticipate amending the exhibit list to include exhibits that may be ordered produced based on the outcome of the pending discovery motions.

**11.** **Witnesses**:  The witness list of the parties was filed under separate cover on July 3, 2017. (ECF 120). The parties anticipate amending the witness list to include witnesses identified based on the outcome of the pending discovery motions.

**JOINT [PROPOSED] PRE-TRIAL CONFERENCE ORDER**

4811-2092-9611.1

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by Local Rule 32-1:

1.   None at this time, However it may become necessary to present tthe testimony of witnesses who have been deposed and who are "unavailable" at trial by way of deposition. The parties will advise the Court should this become necessary.

**12. Pending Law and Motion Matters**:  The following law and motion matters and motions in limine, and no others, are pending or contemplated:

1.   Plaintiffs filed the following Motions to be heard at the Final Pre-Trial Conference:

 a. First Amended Motion In Limine No. 1 to Admit Evidence And Testimony Of Defendant Caropino's Other Alleged Sexual Misconduct. (ECF 103.)

 b. First Amended Motion And Motion In Limine No. 2 to Exclude Any Evidence Of Plaintiff Alexa Curtin's Sexual History. (ECF 104.)

 c. Motion In Limine No. 3 to Exclude Any Evidence Of Plaintiff Alexa Curtin's Arrests Or Convictions. (ECF 65.)

 d. Motion And Motion In Limine No. 4 to Preclude Defendants From Arguing Plaintiff Should Be Contributorily At Fault For Her Injuries. (ECF 66.)

 e. Motion and Motion In Limine No. 5 to Exclude Any Evidence of Plaintiff's Family Member's Participation in Real Housewives or Orange County. (ECF 105).

8

**JOINT [PROPOSED] PRE-TRIAL CONFERENCE ORDER**

f.  Plaintiff reserves the right to file a Motion In Limine seeking to exclude the testimony of Defendant County of Orange's Expert Robert Fonzi.

2.  Plaintiff has the following Discovery Motions pending to be heard by the Magistrate Judge Paul Abrams:

a.  Joint Stipulation Re: Discovery Dispute Plaintiff Motions to Compel Production of Documents. (ECF 136).

3.  Plaintiff has the following Motions to be heard on July 31, 2017:

a.  Motion for Partial Summary Judgment. (ECF 131).

4.  Defendant County of Orange filed the following Motions to be heard at the Final Pre-Trial Conference:

a.  Motion in Limine No. One to Exclude Exhibits Or Witnesses, Including Expert Witnesses Not Identified In Plaintiff's F.R.C.P. Rule 26 Report or Never Produced In Discovery

b.  Motion In Limine No. Two To Exclude Any Argument, Evidence Or Testimony Of Other Alleged Complainants Of Sexual Assault Due To The County's Lack Of Notice

c.  Motion In Limine No. Three To Exclude Argument, Evidence. Testimony, Or Reference To Negligence Principles Or Comparative Fault In The Context Of A Section 1983 Action

d.  Motion In Limine No. Four To Exclude Any Reference To Speculative Interpretation Of Missing Time Or Inaudible Audio Which Captures Interaction Between Plaintiff And Caropino

e.  Motion In Limine No. Five To Exclude Alleged Misconduct, Personnel Files And IA Investigations of Deputies Dwayne Chapple, Christopher Eiben, Cameron Mathis And Nicholas Caropino (Phase 1 And Phase 2)

9

f.  Motion In Limine No. Six To Exclude Any Opinions of Jeffrey Noble And Roger Clark Based On Post Deposition Review Of Evidence (Phase 1 And  Phase 2)

g.  Motion In Limine No. Seven To Exclude Portions of Defendant Nicholas Caropino's Termination Letter And Revised Motion In Limine No. 2 (Phase 1 And Phase 2)

h.  Motion In Limine No. Eight To Exclude Testimony of Dr. Zackler As Violative of The Parties' Stipulation (Phase 1 And Phase 2)

i.  Motion In Limine No. Nine To Exclude Any Reference To The Criminal Matter of The People of The State of California v. Scott Dekraai And The Matter Of John Chamberlain (Phase 1 And Phase 2)

j.  Motion In Limine No. Ten To Exclude Any Speculative Argument Plaintiff's  Alleged Incident Would Have Been Avoided If Caropino Had Immediately Been Placed On Administrative Leave (Phase 1 And Phase 2)

k.  Motion In Limine No. Eleven To Exclude Any Reference To Investigator Virgil Asuncion Having Socialized With Nicholas Caropino While Off-Duty

l.  Motion In Limine No. Twelve To Exclude Any Reference To Rape

m. Motion In Limine No. Thirteen To Exclude All Reports Prepared By The Office of Independent Review

n.  Motion In Limine No. Fourteen To Exclude Testimony By Defendant Caropino As To Those Questions In Which He Asserted The Fifth Amendment Privilege At Deposition And In Written Discovery

13.**Bifurcation**: The Court has bifurcated the *Monell* claim from the 1983 claim in it's Order dated August 8, 2016 (ECF 17).

10

**14.** **Conclusion**: The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated: _____, 2017          _____

                                        Hon. Stephen V. Wilson

                                        UNITED STATE DISTRICT JUDGE

11

Approved as to form and content on July 13, 2017.

Dated:  July 13, 2017                    Jass Law


                                         __*/s/ Jeremy D. Jass*_____
                                         Jeremy Jass
                                         *Attorney for Plaintiff*,
                                         ALEXA CURTIN



DATED: July 13, 2017                     DANA ALDEN FOX
                                         DAWN M. FLORES-OSTER
                                         BARRY HASSENBERG
                                         LEWIS BRISBOIS BISGAARD & SMITH LLP

                                         By:   __*/s/ Barry Hassenberg*_____
                                               Dana Alden Fox
                                               Barry Hassenberg
                                               Attorneys for Defendant COUNTY OF
                                               ORANGE

Dated:  July 13, 2017                    Law Office of Thomas Chapin


                                         __*/s/ Thomas Chapin*_____
                                         Thomas Chapin
                                         *Attorney for Defendant*,
                                         NICHOLAS LEE CAROPINO

**JOINT [PROPOSED] PRE-TRIAL CONFERENCE ORDER**

4811-2092-9611.1