**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>    Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DECLARATION OF ROBERT FONZI IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES**<br><br>*[Filed concurrently with Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment; Response to Separate Statement [Unredacted]; Response to Separate Statement [Redacted]; Request for Judicial Notice; Hand-Delivered Submission of CDs In Support of Defendant's Opposition; Objection to the Declaration of Jeffrey Noble; Objection to the Declaration of L.D.; Declaration of Barry Hassenberg in Support thereof]*<br><br>**Date:  July 31, 2017**<br>**Time:  1:30 p.m.**<br>**Dept.:  Courtroom 10A**<br><br>FPTC Date:  July 24, 2017<br>Trial Date:  August 1, 2017 |

4812-1398-2795.1

DECLARATION OF ROBERT FONZI

# DECLARATION OF ROBERT FONZI

I, Robert Fonzi, declare as follows:

1. I, Robert Fonzi, hereby declare as follows: My area of expertise is in the field of Police Practices and Procedures. As stated hereafter of my declaration, I have substantial special training, education, knowledge, and experience in this area. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. I am retired as Undersheriff from the San Bernardino County Sheriff's Department. As Undersheriff, I was responsible for all administrative and operational commands within the Sheriff's Department while directing day to day operations. In the absence of the Sheriff, I acted on his behalf at all internal and external meetings and events. Administrative duties included but were not limited to: directing, planning, coordinating, and managing all functions within the Sheriff's Department.

3. Additional responsibilities included: directing and supervising subordinate executive and command staff. Coordinated and commanded subordinate personnel in the management of administrative support services and criminal operations. Interpreted and anticipated implications of proposed legislative/regulatory changes regarding correctional facilities. Developed, directed and implemented policy and procedural changes resulting from legislative changes, procedures, or departmental philosophy. Attended and participated in statewide committees. Represented the Sheriff's Department in liaison with other law enforcement organizations, government agencies and community groups.

4. Prior to my position as Undersheriff, I was an Assistant Sheriff with the San Bernardino County Sheriff's Department. As the Assistant Sheriff, I was responsible for all support operations within the organization. Administrative duties included: directing, planning, coordinating, and managing all functions within a major area of assigned responsibility for the Sheriff's Department.

5. Prior to my position as Assistant Sheriff, I was a Deputy Chief with the San Bernardino County Sheriff's Department with responsibilities over several bureaus that included Administrative Services, Court Security, Training Division, Detentions and Corrections.

6. Prior to my promotion to Deputy Chief, I was the commanding officer for the Sheriff's Employee Resources Division, which provides a broad range of services for the Sheriff's Department. Under my command, this unit conducted background investigations, participated in state-wide recruiting, was responsible for the department's payroll and benefits, coordinated hiring through County Human Resources and provided services for department personnel through the Sheriff's Employee Assistance Team (SEAT).

7. In my assignment as commanding officer for the West Valley Detention Center prior to my Deputy Chief position, I was responsible for various issues involving personnel matters, disciplinary actions and policies and procedures in adherence with applicable state and federal laws.

8. I served as the Chief of Police for the City of Yucaipa (a contract city with the San Bernardino County Sheriff's Department). My responsibilities included station operations, personnel management, criminal investigations, use of force training, and management of support staff. As the Chief of Police, I served on a number of community projects, committees, and participated in city events.

9. I am a 32-year veteran with the San Bernardino County Sheriff's Department and the San Diego Police Department. I have several years of patrol experience in the Ontario, San Bernardino, and San Diego areas. My experience includes patrol operations, criminal investigations, internal affairs, civil liabilities, training, canine coordinator and corrections.

10. I am most recognized in the area of peace officer training. With over 19 years of experience, I have trained approximately 10,000 law enforcement officers from all over the country. My expertise is extensive in the use of force and police

procedures. I have testified as an expert witness in numerous civil and criminal trials in both state and federal court.

11. I have consulted with several hundred Law Enforcement agencies in matters related to police and jail procedures, training, use of force, officer involved shootings, and internal affairs investigations. Since 1991, I have been retained as an expert in over 2000 cases to review and evaluate the internal investigation, police procedures, jail management, and employment matters. I have worked with several Law Enforcement agencies in California, Arizona, Oregon, Nevada, and the State of Hawaii. I have work closely with United States Department of Justice, California Department of Justice, Office of Attorney General, Los Angeles City Attorney's Office, and the Los Angeles Office of County Counsel, just to name a few. I have been retained as both a defense and as plaintiff's expert.

12. I have testified in both Federal and State court as well as civil service hearings as an expert witness in over 300 cases. I have extensive experience in 42 U.S.C.§ 1983 and *Monell* matters that involve allegations of police misconduct and extensive review of police reports and internal affairs investigations. I have formed opinions that have supported a Law Enforcement agency and their officer(s)' actions and conduct as well as criticize the same for actions and/or conduct that was either excessive and/or not consistent with standard police practices and training.

13. When requested or required to do so, I have written over 500 expert reports that provided opinion and their basis. I have provided sworn depositions testimony over 300 times in federal and state matters.

14. In this case, I have prepared an Expert Report and can attest to its veracity. Attached hereto as Exhibit A is a true and correct copy of my Expert Report. At the time that Deputy Caropino was dispatched to a domestic violence incident involving Plaintiff Alexa Curtin on June 27, 2014, and at all times thereafter that he interacted with Plaintiff that night, there are disputed issues

whether Deputy Caropino was acting under color of authority as an Orange County Sheriff's Deputy.

15.  I have reviewed the Rule 26 Report of Jeffrey Noble, dated July 3, 2017.

16.  The fact that the alleged sexual assault occurred while Caropino was not wearing his uniform and while driving his personal vehicle supports the fact that he was NOT acting in his official capacity as a Deputy Sheriff for the County of Orange.

17.  There was a comment made in Mr. Noble's Report that states in part. *"these acts constituted a natural and continuous extension of the extensive preceding interactions he had with Plaintiff where he was clearly and unequivocally acting under the color of his authority. Given the entire interaction, a reasonable person would believe they were still acting as a law enforcement officer and had the authority of their office."* This statement is not only outrageous, and not intelligible, it appears to be a fabricated phrase that I have never heard of in my 33 years in the Law Enforcement profession. The statement appears to be biased and not supported by any evidence.

18.  Further, based on my review of the materials and the evidence provided thus far, it is my opinion, as determined by standard police practices, that there is no evidence to support a failure to provide adequate supervision, policies and/or procedures by the Orange County Sheriff's Department. On the contrary, my review of the listed materials has determined that the Orange County Sheriff's Department has numerous policies, procedures, and guidelines that supports their active investigations into allegations of misconduct by its members.

19.  Based on my review of the materials and the evidence provided thus far, it is my opinion the allegations alleging that the Orange County Sheriff's Department ignored and/or failed to provide adequate supervision, policies, procedures, and failed to investigate a situation involving misconduct is unfounded.

There has been no evidence to support a failure to provide adequate supervision, policies and/or procedures by the Orange County Sheriff's Department. On the contrary, my review of the listed materials has determined that the Orange County Sheriff's Department has numerous policies, procedures, and practices that supports investigations into allegations of misconduct.

20. There has been no evidence to support the allegation(s) that the conduct by former Deputy Caropino (involving Alexa Curtin) was a direct result of the policy, practice and/or custom of the Orange County Sheriff's Department. Additionally, there is no evidence to support that the Orange County Sheriff's Department provided inadequate supervision and failed to discipline its deputies who abuse their position and who commit heinous acts. The lack of evidence provided thus far renders the allegations as unfounded.

21. Based on my review of the materials and the evidence provided thus far, it is my opinion the allegations that the Orange County Sheriff's Department maintains and/or encourages a custom and practice to conduct marginal investigations that are intentionally designed to exonerate an employee, as opposed to discover true facts of an incident is unfounded. There has been no evidence supporting this allegation nor is it consistent with the extensive investigation that resulted in the termination of Deputy Caropino.

I declare under penalty of perjury under the laws of the United States, and the laws of the state of California, that the foregoing is true and correct.

Executed this 10th day of July, 2017, at Yucaipa, California.

Robert J. Fonzi

DECLARATION OF ROBERT FONZI