**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>　　　　Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**OBJCTIONS TO THE DECLARATION OF JEFFREY NOBLE FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES; [PROPOSED] ORDER**<br><br>*[Filed concurrently with Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment; Response to Separate Statement [Unredacted]; Response to Separate Statement [Redacted]; Request for Judicial Notice; Hand-Delivered Submission of CDs In Support of Defendant's Opposition; Objection to the Declaration of L.D.; Declarations of Barry Hassenberg and Robert Fonzi in Support thereof]*<br><br>**Date:　July 31, 2017**<br>**Time:　1:30 P.M.**<br>**Dept.:　Courtroom 10A**<br><br>FPTC Date:　July 24, 2017<br>Trial Date:　August 1. 2017 |

4843-4666-2731.1

OBJECTIONS TO THE DECLARATION OF JEFFREY NOBLE

Defendants COUNTY OF ORANGE ("defendant") hereby submits the following Objections to the Declaration of Jeffrey Noble filed in Opposition to Plaintiff's Motion for Partial Summary Judgment of Issues. Defendant cannot ascertain the overall significance of the Declaration or the manner in which it informs the Motion for Partial Summary Judgment because it is not referenced in the Separate Statement:

| PARA. NO. | OBJECTIONABLE MATERIAL | DEFENDANTS' OBJECTION |
|---|---|---|
| 12. | The fact that the sexual assault and rape occurred while Caropino was not wearing his uniform shirt and had driven his personal vehicle does not remove these actions from being under the color of his authority as a Sheriff's Deputy. Indeed, these acts constituted a natural and continuous extension of the extensive preceding interactions he had with Plaintiff where he was clearly and unequivocally acting under the color of his authority. Given the entire interaction, a reasonable person would believe they were still acting as a law enforcement officer and had the authority of their office.<br><br>*(Decl. of Jeffrey J. Noble in Support of Motion for Summary Adjudication)* | Objection. Irrelevant. There is no legal principle referred to as a "a natural and continuous extension of the extensive preceding interactions."<br><br>Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th |

| PARA. NO. | OBJECTIONABLE MATERIAL | DEFENDANTS' OBJECTION |
|---|---|---|
| | | Cir. 2004).<br><br>See, and compare, Declaration of Robert Fonzi, passim. |
| 13. | A law enforcement officer can never solicit a personal or sexual relationship with someone whom they did not know while they were on-duty and cloaked in the authority of their office, because such an act could not be considered welcome or consensual due to the inherent imbalance of power.<br><br>(Decl. of Jeffrey J. Noble in Support of Motion for Summary Adjudication) | Objection. Assumes facts not in evidence as to whether Deputy Caropino was "on duty and cloaked in the authority of [his] office."<br><br>Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).<br><br>See, and compare, Declaration of Robert |

| PARA. NO. | OBJECTIONABLE MATERIAL | DEFENDANTS' OBJECTION |
|---|---|---|
| | | Fonzi, passim. |
| 14. | This is especially true here, where Deputy Caropino also knew, by virtue of his position as a law enforcement agent, that Plaintiff was under the influence of drugs and/or alcohol, that she was the suspect in a criminal investigation that he had participated in, and that her driver's license had been suspended and was unable to leave.<br><br>(Decl. of Jeffrey J. Noble in Support of Motion for Summary Adjudication) | Objection. Vague and ambiguous as to the term "this is especially true here," since it is unclear to what Noble refers.<br><br>Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).<br><br>See, and compare, Declaration of Robert Fonzi, passim. |
| 16.(Sic) | Deputy Caropino's conduct during his interactions, including when he sexually assaulted and raped Plaintiff, violated Plaintiff's constitutional rights, including | Objection. Assumes facts not in evidence. Objection. Conclusion of law. |

| PARA. NO. | OBJECTIONABLE MATERIAL | DEFENDANTS' OBJECTION |
|---|---|---|
| | Plaintiff's right to be free from unreasonable searches and seizures under the fourth amendment, and her due process rights under the fourteenth amendment to bodily integrity and to be free from wonton infliction of physical harm.<br><br>(Decl. of Jeffrey J. Noble in Support of Motion for Summary Adjudication) | Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).<br><br>Objection. Unintelligible as to the term "wonton infliction of physical harm" or that the term has any application to a section 1983 action.<br><br>See, and compare, Declaration of Robert Fonzi, passim. |

| | | |
|---|---|---|
| 1 | DATED: July 17, 2017 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By:    */s/ Dawn M. Flores-Oster*
     Dawn M. Flores-Oster
     Attorneys for Defendant COUNTY OF ORANGE

# [**PROPOSED**] ORDER

The Court has reviewed the objections to the Declaration of Jeffrey Noble and hereby sustains or overrules them, as follows:

| PARA. NO. | OBJECTION | COURT'S RULINGS |
|---|---|---|
| 12. | Objection. Irrelevant. There is no legal principle referred to as a "a natural and continuous extension of the extensive preceding interactions." | Sustained: _____<br>Overruled:_____ |
| | Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). | Sustained: _____<br>Overruled:_____ |
| 13. | Objection. Assumes facts not in evidence as to whether Deputy Caropino was "on duty and cloaked in the authority of [his] office." | Sustained: _____<br>Overruled:_____ |

| | | | |
|---|---|---|---|
| | | Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). | Sustained: _____ Overruled: _____ |
| | 14. | Objection. Vague and ambiguous as to the term "this is especially true here," since it is unclear to what Noble refers. | Sustained: _____ Overruled: _____ |
| | | Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins.* | Sustained: _____ Overruled: _____ |

| | | | |
|---|---|---|---|
| | | *Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). | |
| | 16.(Sic) | Objection. Assumes facts not in evidence. | Sustained: _____ <br> Overruled:_____ |
| | | Objection. Conclusion of law. | Sustained: _____ <br> Overruled:_____ |
| | | Objection. Reasonableness is a question for the trier of fact after applying the appropriate principles of law. Further, "[u]nder Federal Rule of Evidence 704(a), '[a]n opinion is not objectionable just because it embraces an ultimate issue' in the case. However, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). | Sustained: _____ <br> Overruled:_____ |

| | Objection. Unintelligible as to the term "wonton infliction of physical harm" or that the term has any application to a section 1983 action. | Sustained: _____ <br> Overruled:_____ |
|---|---|---|

IT IS ORDERED.

DATED:_____, 2017    _____
                                          HONORABLE STEPHEN V. WILSON
                                          UNITED STATES DISTRICT COURT JUDGE