**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
   E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
   E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
   E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                  Plaintiff,<br><br>         vs.<br><br>COUNTY OF ORANGE; and DOES 1 through 50,<br><br>                  Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTRO-VERTED FACTS AND CON-CLUSIONS OF LAW AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF ISSUES**<br><br>*[Filed concurrently with Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment; Response to Separate Statement [Unredacted]; Request for Judicial Notice; Hand-Delivered Submission of CDs In Support of Defendant's Opposition; Objection to the Declaration of Jeffrey Noble; Objection to the Declaration of L.D.; Declarations of Barry Hassenberg and Robert Fonzi in Support thereof]*<br><br>**Date:   July 31, 2017<br>Time:   1:30 p.m.<br>Dept.:  Courtroom 10A**<br><br>FPTC Date:    July 24, 2017<br>Trial Date:    August 1. 2017 |

4847-1432-0715.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Defendant, COUNTY OF ORANGE ("defendant") hereby submits its

2   Opposition to Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law

3   filed in support of plaintiff's Motion for Partial Summary Judgment, as follows:

4   Defendant objects to Plaintiff's use of draft depositions. Plaintiff provides this

5   Court with an unauthenticated rough draft of the deposition.  In *Kelley v. Speciale*

6   *(In re Gregg)*, 2013 Bankr. LEXIS 3285, 9-10 (Bankr. M.D. Ga. July 2, 2013), the

7   Court addressed the newest iteration of FED. R. CIV.P. 56(c)(2), holding: "The

8   comments to the 2010 amendments make it clear that the drafters intended to make

9   summary judgment practice conform to procedure at trial. 'The objection functions

10  much as an objection at trial, adjusted for the pretrial setting. The burden is on the

11  proponent to show that the material is admissible as presented or to explain the

12  admissible form that is anticipated. There is no need to make a separate motion to

13  strike.' FED. R. CIV. P. 56 (2010 Advisory Committee comments). The revised

14  Rule therefore clearly contemplates that the proponent of evidence will have the

15  ability to address the opponent's objections, and the Rule allows the court to give the

16  proponent 'an opportunity to properly support or address the fact,' if the court finds

17  the objection meritorious. FED. R. CIV. P. 56(e)(1). Thus, the amendment replaces

18  a clear, bright-line rule ('all documents must be authenticated') with a multi-step

19  process by which a proponent may submit evidence, subject to objection by the

20  opponent and an opportunity for the proponent to either authenticate the document

21  or propose a method to doing so at trial." Plaintiff, as the proponent of the evidence,

22  failed to meet this burden. Further much of the proffered deposition testimony,

23  because it is a draft format, is nearly unintelligible and/or nonsensical.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| Pltf's Fact NO. | FACT | SUPPORTING EVIDENCE | DEF.'S RESPONSE |
|---|---|---|---|
| 1. | In the early morning hours of June 27, 2014 sheriff's deputies responded to dispute between Plaintiff Alexa Curtin and her husband.  Plaintiff was 21 years old at the time of the incident, and was married but living separately from her husband.  An argument arose concerning a text message, and Plaintiff testified that her husband was yelling and screaming at her, and she was screaming as he tried to stop her from leaving the house.  Plaintiff testified that her husband was very intoxicated at the time.  In response to a domestic dispute report, Deputy Nicholas Caropino, and his trainee, Deputy Chapple were dispatched | Exhibit E, Curtin Depo., 32:24-33:2; 41:4-8; 57:24-60:7; **REDACTED**. | **UNDISPUTED.** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | to the scene. | | |
| 2. | Deputy Caropino was first hired by Orange County Sheriff Department in 2005 as a deputy sheriff and was promoted in 2012 to work patrol. | Exhibit F, Caropino Depo., 8:8-12; 10:1-7 | **UNDISPUTED.** |
| 3. | Deputy Caropino was then promoted to a filed training officer, and was the training officer for Deputy Chapple. | Exhibit F, Caropino Depo., 17:13-18:6; 40:22-41:23. | **UNDISPUTED.** |
| 4. | **REDACTED** | | **REDACTED** |
| 5. | **REDACTED** | | **REDACTED** |
| 6. | Plaintiff testified that two Orange County Sheriff deputies, including Deputy Nicholas Caropino, arrived at the front door. | Exhibit E, Curtin Depo., 60:3-61:5. | **UNDISPUTED** that was plaintiff's testimony. |
| 7. | Plaintiff testified that Deputy Caropino was wearing a green uniform, with a belt and gun | Exhibit E. Curtin Depo., 64: 11-19; 65:3-66:1. | **UNDISPUTED** that was plaintiff's testimony. |
| 8. | While at the house with her husband, the deputies took Plaintiff and her | Exhibit E, Curtin Depo., 71:20-24. | **UNDISPUTED** that was plaintiff's testimony. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| | | husband outside to speak to them. | | |
| | 9. | The deputies separated Plaintiff and her husband, and Deputy Caropino spoke to Plaintiff and the other officer with Deputy Caropino spoke to her husband. | Exhibit E. Curtin Depo., 66:23-67:4; 71:20-72:2. | **UNDISPUTED** that was plaintiff's testimony. |
| | 10. | Plaintiff testified that she spoke with Deputy Caropino for about 20 minutes. | Exhibit E, Curtin Depo., 71:25-2; see also 67:15-25. | **UNDISPUTED** that was plaintiff's testimony. |
| | 11. | Deputy Caropino was asking Plaintiff for her version of what happened, as well as personnel information.  She told her that she had been staying at her grandmother's house near by and gave him the address. | Exhibit E, Curtin Depo., 72:3-73:10. | Objection. Vague and ambiguous as to the term "she told her," but otherwise, **UNDISPUTED.** |
| | 12. | After investigating, the deputies concluded no crime had occurred, and the couple should part ways for the night. Plaintiff testified that after talking to both her and her | Exhibit E, Curtin Depo., 73:11-24; 75:2-12; **REDACTED**. | **UNDISPUTED.** |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| | | husband, the deputies told Plaintiff's husband to remain inside the house and not to contact Plaintiff.  They also instructed Plaintiff not to go inside the house. | | |
| | 13. | At that point, Plaintiff explained that Deputy Caropino ordered Plaintiff to get in the back of his patrol car and he then shut the car door, and drove her to where she had parked her car – a couple blocks away from the house. | Exhibit E, Curtin Depo., 73:25-74:6. | **DISPUTED** as to plaintiff's contention Caropino ordered plaintiff into the squad car.<br><br>Nicholas Caropino denies ordering plaintiff into the back of his patrol vehicle, shutting the door, and driving her to her vehicle. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶16.*<br><br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam* |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | *Video of Alexa Curtin at 1:23:50-1:25:20.* See, also, Declaration of Robert Fonzi, *passim.* |
| 14. | The drive to Plaintiff's car lasted approximately five minutes. | Exhibit E, Curtin Depo., 77:14-18. | **UNDISPUTED** that was plaintiff's testimony. |
| 15. | **REDACTED** | | **REDACTED** |
| 16. | **REDACTED** | | **REDACTED** |
| 17. | **REDACTED** | | **REDACTED** |
| 18. | **REDACTED** | | **REDACTED** |
| 19. | **REDACTED** | | **REDACTED** |
| 20. | **REDACTED** | | **REDACTED** |
| 21. | When they arrived at plaintiff's car, Deputy Caropino instructed Plaintiff to get out of the car and lean against the hood of the patrol car, with her hands behind her back.  Plaintiff complied. | Exhibit E, Curtin Depo., 80:13-19. | **DISPUTED.** *See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.* See, also, Declaration |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | of Robert Fonzi, passim. |
| 22. | At that time, deputy Caropino instructed Plaintiff to give him her car keys. She complied. | Exhibit E, Curtin Depo., 81:24-82:6. | **DISPUTED.** *See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 23. | Deputy Caropino told Plaintiff that he would not let her leave until he saw her license and registration. Deputy Caropino told Plaintiff that he would not let her leave until he saw her license and registration. | Exhibit E, Curtin Depo. 80:20-83:17 | **DISPUTED.** Nicholas Caropino denies ordering plaintiff to remain in her vehicle at the location and telling plaintiff she was not free to leave. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶18.*<br><br>Plaintiff judicially admits she was not under arrest or |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | detained during the incident as "deputies concluded their investigation and determined no arrests would be made." *See Request for Judicial Notice, Ex. D, Second Amended Complaint for Damages, ¶15.*<br><br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 24. | While Plaintiff was standing next to her car as instructed by Deputy Caropino, Deputy Caropino searched Plaintiff's purse. She testified that he would not let her touch her purse at that time. | Exhibit E, Curtin Depo. 82:3-18 | **DISPUTED.** Objection. Plaintiff makes no claim under the Fourth Amendment there was an illegal search of her purse, and for that reason, it is irrelevant. |

4847-1432-0715.1

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | Nicholas Caropino denies searching plaintiff's purse. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶17.*<br><br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:24:10-18.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 25. | **REDACTED** | | **REDACTED** |
| 26. | **REDACTED** | | **REDACTED** |
| 27. | **REDACTED** | | **REDACTED** |
| 28. | Apparently not finding her license and registration in her purse, Deputy Caropino told Plaintiff that he needed to search | Exhibit E, Curtin Depo. 80:20-83:17 | **DISPUTED.** *See Hand-Delivered Submission of CDs, Ex. D, Dash Cam Video of Alexa Curtin* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | her car. | | *at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, *passim.* |
| 29. | Deputy Caropino then used Plaintiff's keys to unlock her car and opened her trunk, and searched her car.  At that time, Deputy Caropino continued to instruct Plaintiff to remain, with her hands behind her back against the hood of the ar. | | **DISPUTED.**<br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, *passim.* |
| 30. | Plaintiff testified that she could see Deputy Caropino search her car, including moving stuff around, opening her glove compartment as well as the trunk. | | **DISPUTED.**<br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, *passim.* |
| 31. | **REDACTED** | | **REDACTED** |
| 32. | **REDACTED** | | **REDACTED** |

11

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 33. | After searching her car, Deputy Caropino approached Plaintiff and said "'I couldn't find your license or registration but I did find some' — 'a pair of wet panties. Can you explain this to me?'" | Exhibit E, Curtin Depo., 84:23-85:4 | **DISPUTED.** Nicholas Caropino denies questioning plaintiff about her underwear. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶17.*<br><br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 34. | Plaintiff testified that she was shocked and confused, and told him that she did not know what he was talking about. | Exhibit E, Curtin Depo., 85:5-8. | **DISPUTED**.<br><br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.* |
| 35. | Deputy Caropino then | Exhibit E, Curtin | **DISPUTED.** |

| | | | |
|---|---|---|---|
| | gave Plaintiff the keys to her car and she got into her car. | Depo., 85:9-25; 89:21-90:3 | *See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 36. | When asked if Deputy Caropino ever found Plaintiff's driver's license and registration, she testified "no." | Exhibit E, Curtin Depo., 89:18-20 | **UNDISPUTED** that was plaintiff's testimony. |
| 37. | Deputy Caropino instructed Plaintiff not to leave. She testified that he told her "'Do not leave. If you leave, you're going to get into trouble. I could find you,' something along those lines. It was really threatening, and so I remained there." | Exhibit E, Curtin Depo. 89:2-9. | **DISPUTED.** Objection. The cited evidence does not support the alleged undisputed fact presented. Plaintiff fails to meet her burden under *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986) and Fed. R. Civ. P. 56(e).<br><br>The cited testimony, |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | | |
|---|---|---|---|---|
| 1 | | | | Exhibit E, Curtin Depo. 89:2-9, does not reference this purportedly undisputed fact and is therefore irrelevant. |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | Nicholas Caropino denies ordering plaintiff to remain in her vehicle at the location and telling plaintiff she was not free to leave.  *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶18.* |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | *See Hand-Delivered Submission of CDs, Ex.B, Interview of Alexa Curtin by Nubile's Entertainment.* |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | *See Hand-Delivered Submission of CDs,* |
| 28 | | | | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 1 | | | *Ex.C, Dash Cam Video of Alexa Curtin.* |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | *See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.* |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | See, also, Declaration of Robert Fonzi, passim. |
| 11 | | | |
| 12 | | | |
| 13 | 38. | Plaintiff explained that Deputy Caropino told her "'If you leave,  you're going to be in big trouble.'" ... "`I suggest you stay here, because when I get back here, I'm going to fuck the shit out of you.'" | Exhibit E, Curtin Depo., 85:9-25; 89:21-24; 90:4-21. | **DISPUTED.** Nicholas Caropino denies ordering plaintiff to remain in her vehicle at the location and telling plaintiff she was not free to leave.  *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶18.* |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | *See Hand-Delivered Submission of CDs,* |
| 28 | | | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | *Ex.B, Interview of Alexa Curtin by Nubile's Entertainment.* |
| | | | *See Hand-Delivered Submission of CDs, Ex.C, Dash Cam Video of Alexa Curtin.* |
| | | | *See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.* |
| | | | See, also, Declaration of Robert Fonzi, passim. |
| 39. | Plaintiff testified that "at that time I was just completely in shock. This man has a gun. My life is in danger ..." | Exhibit E, Curtin Depo., 85:20-86:3. | **DISPUTED.** Nicholas Caropino denies causing Plaintiff to fear for her life.  *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed* |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| 1 | | | | *3/17/17, ¶30.* |
| 2 | | | | |
| 3 | | | | Plaintiff's Second |
| 4 | | | | Amended Complaint |
| 5 | | | | alleges: |
| 6 | | | | "20. Approximately |
| 7 | | | | 20 minutes later, |
| 8 | | | | Deputy Caropino |
| 9 | | | | returned and pulled |
| 10 | | | | up behind Plaintiff's |
| 11 | | | | vehicle. This time he |
| 12 | | | | was in his personal |
| 13 | | | | vehicle, and out of |
| 14 | | | | uniform." See |
| 15 | | | | Request for Judicial |
| 16 | | | | Notice, Ex. B, |
| 17 | | | | Second Amended |
| 18 | | | | Complaint for |
| 19 | | | | Damages, ¶20. |
| 20 | | | | |
| 21 | | | | *See Hand-Delivered* |
| 22 | | | | *Submission of CDs,* |
| 23 | | | | *Ex.C, Dash Cam* |
| 24 | | | | *Video of Alexa* |
| 25 | | | | *Curtin.* |
| 26 | | | | |
| 27 | | | | See, also, Declaration |
| 28 | | | | of Robert Fonzi, |
| | | | | passim. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | |
|---|---|---|---|
| 40. | She further explained "I was raised to follow, you know, cop's orders and, you know — because they have a gun, you know? Like I felt really threatened by him, and I didn't know what to do. I was afraid for me life ..." | Exhibit E, Curtin Depo., 90:13-21. | **DISPUTED.** Objection. Plaintiff's subjective fear is irrelevant.<br><br>Nicholas Caropino denies causing Plaintiff to fear for her life. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶30.*<br><br>*See Hand-Delivered Submission of CDs, Ex.B, Interview of Alexa Curtin by Nubile's Entertainment.*<br><br>*See Hand-Delivered Submission of CDs, Ex.C, Dash Cam Video of Alexa Curtin.* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | See, also, Declaration of Robert Fonzi, passim. |
| 41. | Deputy Caropino did not tell Plaintiff how long it would be before he would be coming back. | Exhibit E, Curtin Depo., 90:22-24. | **DISPUTED.** Nicholas Caropino denies ordering plaintiff to remain in her vehicle at the location and telling plaintiff she was not free to leave.  *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶18.*<br><br>*See Hand-Delivered Submission of CDs, Ex. C, Dash Cam Video of Alexa Curtin.*<br><br>*See Hand-Delivered Submission of CDs, Ex.D, Dash Cam Video of Alexa Curtin at 1:23:50-1:25:20.* |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | See, also, Declaration of Robert Fonzi, passim. |
|---|---|---|---|
| 42. | Deputy Caropino then drove away. Plaintiff testified that at that time she called her parents, her sister, her grandmother — "basically everybody, but it was 2:00 a.m., so nobody was answering." | Exhibit E, Curtin Depo., 90:25-91:22. | **UNDISPUTED** that was plaintiff's testimony. |
| 43. | Plaintiff also texted family and friends to come get her. She testified that she was trying to reach someone to pick her help and get her out of the situation. | Exhibit E, Curtin Depo. 96:15-21; see also 93:12-14 | **UNDISPUTED.** |
| 44. | When asked why she did not call 911, Plaintiff explained that she was terrified that if she did, Deputy Caropino would do something to her. | Exhibit E, Curtin Depo., 93:15-23 | **DISPUTED.** Nicholas Caropino denies causing Plaintiff to fear for her life. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | *3/17/17, ¶30.* |
| | | | *See Hand-Delivered Submission of CDs, Ex.B, Interview of Alexa Curtin by Nubile's Entertainment.* |
| | | | *See Hand-Delivered Submission of CDs, Ex.C, Dash Cam Video of Alexa Curtin.* |
| | | | See, also, Declaration of Robert Fonzi, *passim.* |
| 45. | Plaintiff testified that while she was in her car, she was also nervous that Deputy Caropino had really never left and was watching her. | Exhibit E, Curtin Depo., 92:24-93:6, 13-18. | **DISPUTED.** Objection. The cited evidence does not support the alleged undisputed fact presented. Plaintiff fails to meet her burden under *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986) and Fed. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | R. Civ. P. 56(e). |
|---|---|---|---|
| | | | The cited testimony, Exhibit E, Curtin Depo., 92:24-93:6,13-18, does not reference this purportedly undisputed fact whatsoever and is therefore irrelevant.<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 46. | **REDACTED** | | **REDACTED** |
| 47. | **REDACTED** | | **REDACTED** |
| 48. | **REDACTED** | | **REDACTED** |
| 49. | **REDACTED** | | **REDACTED** |
| 50. | **REDACTED** | | **REDACTED** |
| 51. | **REDACTED** | | **REDACTED** |
| 52. | As Plaintiff was trying to | Exhibit E, Curtin | **DISPUTED.** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | reach someone to help her, she testified that there was a "bang, bang" with a flashlight on her car window. | Depo., 96:15-23. | Nicholas Caropino denies returning to plaintiff's vehicle approximately 20 minutes later. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 53. | Deputy Caropino returned to Plaintiff's car, banged on the window with his flashlight and shined the flashlight through her car window. | Exhibit E, Curtin Depo., 97:19-24; 98:20-23. | **DISPUTED.** Nicholas Caropino denies returning to plaintiff's vehicle approximately 20 minutes later. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 54. | Plaintiff estimated that it had been about 20 to 30 minutes since he had left. | Exhibit E, Curtin Depo., 99:6-10 | **DISPUTED.** Nicholas Caropino denies returning to plaintiff's vehicle approximately 20 minutes later. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 55. | Plaintiff estimated that at this time it was about 3 a.m. | Exhibit E, Curtin Depo., 99:3-5 | Objection. Vague and ambiguous as to the term "at this time," but otherwise, **UNDISPUTED**. |
| 56. | Plaintiff testified that Deputy Caropino was wearing a white, sleeveless undershirt and she could not recall what the pants looked like, but recalled that they were long pants and he was wearing a belt. | Exhibit E, Curtin Depo., 98:2-17. | **DISPUTED.** Nicholas Caropino denies returning to plaintiff's vehicle out of uniform and in his personal vehicle. *See Request for Judicial Notice, Ex. A, Verified Answer by* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | *Nicholas Caropino filed 3/17/17, ¶20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
|---|---|---|---|
| 57. | Plaintiff rolled down her window. | Exhibit E, Curtin Depo., 98:24-25 | **DISPUTED.** Nicholas Caropino denies returning to plaintiff's vehicle out of uniform and in his personal vehicle. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶20.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 58. | Deputy Caropino instructed her to "unlock the door" and told her "I'm going to fuck the shit out of you." | Exhibit E, Curtin Depo., 99:20-100:15. | **DISPUTED.** Nicholas Caropino denies entering plaintiff's vehicle and telling her "I am going to fuck the shit out of you." *See Request for Judicial* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | *Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶21.*<br><br>Plaintiff's Second Amended Complaint alleges:<br>"21. Deputy Caropino entered Plaintiffs vehicle and sat in the passenger seat. *See Request for Judicial Notice, Ex. B, Second Amended Complaint for Damages, ¶21.*<br><br>See, also, Declaration of Robert Fonzi, passim.* |
| 59. | Plaintiff was in the driver seat, and Deputy Caropino got into Plaintiffs car on the passenger side and sat down. | Exhibit E, Curtin Depo., 100:13-24 | **DISPUTED.**<br>Nicholas Caropino denies entering plaintiff's vehicle and sitting in the passenger seat. *See Request for Judicial Notice, Ex. A,* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| | | | | *Verified Answer by Nicholas Caropino filed 3/17/17, ¶21.*<br><br>Plaintiff's Second Amended Complaint alleges:<br>"21. Deputy Caropino entered Plaintiffs vehicle and sat in the passenger seat. *See Request for Judicial Notice, Ex. B, Second Amended Complaint for Damages, ¶21.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 60. | Plaintiff testified that she was wearing a skirt, and Deputy Caropino forcefully spread open her legs, flashed his flashlight on her vagina and said vulgar things to her about her vagina. Curtin Depo., 100:25- | | Exhibit E, Curtin Depo., 100:25-101:14 | **DISPUTED.** Nicholas Caropino denies groping plaintiff and saying anything about her vagina. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas* |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | 101:14 | | *Caropino filed 3/17/17, ¶22.*<br><br>See, also, Declaration of Robert Fonzi, *passim.* |
| 61. | Deputy Caropino then forcefully digitally penetrated Plaintiff and eventually put his entire fist inside her vagina, and penetrated her vagina with his fist. | Exhibit E, Curtin Depo., 100:25-101:14; 102:11-104:1. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶22.*<br><br>See, also, Declaration of Robert Fonzi, *passim.* |
| 62. | As it was occurring, Plaintiff cried in pain. | Exhibit E, Curtin Depo., 102:11-24; 104:2-15. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | *Caropino filed 3/17/17, ¶22.* |
| | | | See, also, Declaration of Robert Fonzi, passim. |
| 63. | After Deputy Caropino had penetrated Plaintiff with his fist, he ordered Plaintiff to give him oral sex. Deputy Caropino pulled down his pants, and Plaintiff complied with his orders and placed her head down. Deputy Caropino then pushed her head down and she could not breathe. | Exhibit E, Curtin Depo., 105:20-106:20. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶22.* <br><br> Nicholas Caropino denies forcing plaintiff to perform oral copulation. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.* <br><br> See, also, Declaration |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | of Robert Fonzi, passim. |
|---|---|---|---|
| 64. | Plaintiff testified that she literally could not breath, and repeatedly told him to stop and that he was chocking her. | Exhibit E, Curtin Depo., 105:23-106:20; 109:20-110:1. | **DISPUTED.** Nicholas Caropino denies forcing plaintiff to perform oral copulation and denies hurting her. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.* See, also, Declaration of Robert Fonzi, passim. |
| 65. | Plaintiff testified that she was in pain and that he then ordered her to 'get on top of me,'" and he forcefully put Plaintiff on top of him, straddling him until he ejaculated in her and on the seat of her car. | Exhibit E, Curtin Depo., 102:11-24; see also 101:5-102:1; 105:9-19. | **DISPUTED.** Nicholas Caropino denies ordering plaintiff to straddle him, and denies having nonconsensual sexual intercourse with plaintiff. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶24.* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | Nicholas Caropino denies ejaculating in plaintiff's vagina and on the seat of plaintiff's vehicle. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶25.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
|---|---|---|---|
| 66. | As Deputy Caropino was raping Plaintiff, with her straddled over him, he was saying "take this, bitch" and other brutal statements and name-calling. | Exhibit E, Curtin Depo., 110:5-10. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶22.*<br><br>Nicholas Caropino denies forcing plaintiff to perform oral copulation and |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| | | | | denies hurting her. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.*

Nicholas Caropino denies ordering plaintiff to straddle him, and denies having nonconsensual sexual intercourse with plaintiff. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶24.*

Nicholas Caropino denies ejaculating in plaintiff's vagina and on the seat of plaintiff's vehicle. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶25.* |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | *See Hand-Delivered Submission of CDs, Ex.B, Interview of Alexa Curtin by Nubile's Entertainment.*<br><br>*See Hand-Delivered Submission of CDs, Ex.C, Dash Cam Video of Alexa Curtin.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 67. | Plaintiff testified that she felt powerless during the rape. | Exhibit E, Curtin Depo., 101:5-14. | **DISPUTED.** Nicholas Caropino denies plaintiff was unarmed, defenseless and resisted.  *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶29.*<br><br>See, also, Declaration of Robert Fonzi, |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | | passim. |
| 68. | After he was finished raping her, Plaintiff testified that Deputy Caropino told her "maybe we should exchange numbers and do this again." Plaintiff testified that she gave him a fake number and he then drove away. | Exhibit E, Curtin Depo., 110:20-111:3. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶22.*<br><br>Nicholas Caropino denies forcing plaintiff to perform oral copulation and denies hurting her. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.*<br><br>Nicholas Caropino denies ordering plaintiff to straddle him, and denies having |

| | | | nonconsensual sexual intercourse with plaintiff. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶24.*<br><br>Nicholas Caropino denies ejaculating in plaintiff's vagina and on the seat of plaintiff's vehicle. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶25.*<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 69. | Plaintiff testified that the entire sexual assault and rape lasted approximately 20 to 30 minutes. | Exhibit E, Curtin Depo., 107:19-22; 108:11-14. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed* |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | | 3/17/17, ¶22. |
|---|---|---|---|---|
| | | | | Nicholas Caropino denies forcing plaintiff to perform oral copulation and denies hurting her. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.* |
| | | | | Nicholas Caropino denies ordering plaintiff to straddle him, and denies having nonconsensual sexual intercourse with plaintiff. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶24.* |
| | | | | Nicholas Caropino denies ejaculating in plaintiff's vagina and on the seat of |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | plaintiff's vehicle. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶25.* See, also, Declaration of Robert Fonzi, passim. |
|---|---|---|---|
| 70. | REDACTED | | **REDACTED** |
| 71. | When asked if he recalled responding to a domestic abuse call on June 27, 2014, and meeting Plaintiff during this call, Deputy Caropino asserted his Fifth Amendment right not to answer. Caropino Depo. , 27:10-25. | Exhibit F, Caropino Depo., 27:10-25. | **UNDISPUTED** that was Caropino's testimony, but disputed as to the legal significance of Caropino's assertion of the Fifth Amendment in this lawsuit. |
| 72. | When asked if he turned off his department microphone when he had discussions with Plaintiff of a sexual nature, Deputy Caropino asserted his Fifth Amendment right not to | Exhibit F, Caropino Depo., 28:17-22; 29:3-6. | **UNDISPUTED** that was Caropino's testimony, but disputed as to the legal significance of Caropino's assertion of the Fifth Amendment in this |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 1 | | answer. | lawsuit. |
| 2 | 73. | When asked if he had sex with Plaintiff Alexa Curtin, Deputy Caropino asserted his Fifth Amendment right not to answer. | Exhibit F, Caropino Depo., 32:8-11. | **DISPUTED.** Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶22.*<br><br>Nicholas Caropino denies forcing plaintiff to perform oral copulation and denies hurting her. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.*<br><br>Nicholas Caropino denies ordering plaintiff to straddle him, and denies having nonconsensual sexual |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4847-1432-0715.1

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | |
|---|---|---|---|
| | | | intercourse with plaintiff. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶24.*<br><br>Nicholas Caropino denies ejaculating in plaintiff's vagina and on the seat of plaintiff's vehicle. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶25.*<br><br>Disputed as to the legal significance of Caropino's assertion of the Fifth Amendment in this lawsuit.<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 74. | When asked if he was acting under the color of his authority at all times | Exhibit F, Caropino | **DISPUTED.** Nicholas Caropino denies acting in the |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| during his interactions with Plaintiff, including when he sexually assaulted and raped her, Deputy Caropino asserted his Fifth Amendment right not to answer. | Depo., 32:12-35:7. | course and scope of his employment for the County "at all times relevant." *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶9.*<br><br>Nicholas Caropino denies acting under the color of state law as a law enforcement deputy of the Orange County Sheriff's Department. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶31.*<br><br>Nicholas Caropino denies groping and digitally penetrating plaintiff. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶22.* |

40

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 1 | | | | Nicholas Caropino denies forcing plaintiff to perform oral copulation and denies hurting her. *See Request for Judicial Notice, Ex. A, Verified Answer by Nicholas Caropino filed 3/17/17, ¶23.* |

Nicholas Caropino denies ordering plaintiff to straddle him, and denies having nonconsensual sexual intercourse with plaintiff. *See Verified Answer by Nicholas Caropino filed 3/17/17, ¶24.*

Nicholas Caropino denies ejaculating in plaintiff's vagina and on the seat of plaintiff's vehicle. *See Verified Answer*

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | *by Nicholas Caropino filed 3/17/17, ¶25.* |
|---|---|---|---|
| | | | *See Hand-Delivered Submission of CDs, Ex.B, Interview of Alexa Curtin by Nubile's Entertainment.* |
| | | | *See Hand-Delivered Ex.C, Dash Cam Video of Alexa Curtin.* |
| | | | Disputed as to the legal significance of Caropino's assertion of the Fifth Amendment in this lawsuit. |
| | | | See, also, Declaration of Robert Fonzi, passim. |
| 75. | **REDACTED** | | **REDACTED** |
| 76. | **REDACTED** | | **REDACTED** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 77. | **REDACTED** | | **REDACTED** |
| 78. | **REDACTED** | | **REDACTED** |
| 79. | **REDACTED** | | **REDACTED** |
| 80. | **REDACTED** | | **REDACTED** |
| 81. | **REDACTED** | | **REDACTED** |
| 82. | **REDACTED** | | **REDACTED** |
| 83. | **REDACTED** | | **REDACTED** |
| 84. | **REDACTED** | | **REDACTED** |
| 85. | **REDACTED** | | **REDACTED** |
| 86. | **REDACTED** | | **REDACTED** |
| 87. | On February 27, 2014, four months prior to Deputy Caropino's sexual assault against Plaintiff, Jane Doe T.L. filed a claim with the County concerning an incident wherein Deputy | Exhibit D, T.L.Govt Claim. | **DISPUTED.** Objection. Hearsay. Objection. Calls for a legal conclusion. Objection. The cited evidence does not support the alleged |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | Caropino used his position as a deputy sheriff to sexually assault and rape Jane Doe T.L. | | undisputed fact presented. Plaintiff fails to meet her burden under *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986) and Fed. R. Civ. P. 56(e). The Claim for Damages does not indicate Caropino used his position as a deputy sheriff to sexually assault and rape T.L. See, also, Declaration of Robert Fonzi, passim. |
| 88. | The claim alleged that on September 4, 2013, Deputy Caropino arrested Jane Doe T.L. and while she was handcuffed in his patrol vehicle, he parked at the jail and forced her to touch his penis through | Exhibit D, .L. Govt Claim. | Objection. Hearsay. Otherwise, **UNDISPUTED**. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | his uniform, intimidated her and sexually harassed her. | | |
| 89. | The claim further alleged that after Jane Doe T.L. was released from jail and went home, Deputy Caropino called her cell phone and arrived at her residence, while on duty, and had sexual intercourse with her in violation of her rights. | Exhibit D, T.L. Govt Claim. | Objection. Hearsay. Objection. Calls for a legal conclusion. Otherwise, **UNDISPUTED**. |
| 90. | **REDACTED** | | **REDACTED** |
| 91. | **REDACTED** | | **REDACTED** |
| 92. | **REDACTED** | | **REDACTED** |
| 93. | **REDACTED** | | **REDACTED** |
| 94. | **REDACTED** | | **REDACTED** |
| 95. | **REDACTED** | | **REDACTED** |
| 96. | **REDACTED** | | **REDACTED** |
| 97. | **REDACTED** | | **REDACTED** |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 98. | REDACTED | | REDACTED |
|---|---|---|---|
| 99. | REDACTED | | REDACTED |
| 100. | REDACTED | | REDACTED |
| 101. | REDACTED | | REDACTED |
| 102. | REDACTED | | REDACTED |
| 103. | REDACTED | | REDACTED |
| 104. | REDACTED | | REDACTED |
| 105. | REDACTED | | REDACTED |
| 106. | A third victim, Jane Doe L.D., states in her declaration that in or about June 2013, L.D. was heading towards home from Fred's Mexican Café when she went through a Del Taco in Dana Point. | Exhibit B, L.D. Decl., ¶ 2. | **DISPUTED.** Objection. Irrelevant. There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | |
|---|---|---|---|
| | | | passim |
| 107. | While in the drive through L.D. could see a Sheriffs Deputy standing at the cash register looking at her. She paid for her food and pulled into the parking lot to eat it. | Exhibit B, L.D. Decl., ¶ 3-4. | **DISPUTED.** Objection. Irrelevant. There is no indication the County was on notice of this alleged event. See, Defendant's concurrently-filed objections. See, also, Declaration of Robert Fonzi, passim |
| 108. | After finishing her food, L.D. started her car and pulled out of the Del Taco parking lot to drive home. Shortly after she pulled out of the parking lot, L.D. was pulled over by Deputy Caropino. L.D. stated that this was the same deputy she saw looking at her from inside the Del Taco restaurant. | Exhibit B, L.D. Decl., ¶5 | **DISPUTED.** Objection. Irrelevant. There is no indication the County was on notice of this alleged event. See, Defendant's concurrently-filed objections. Defendant also assumes plaintiff means also to refer to |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | |
|---|---|---|---|
| | | | paragraph 6 of L.D.'s Declaration.<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 109. | L.D. stated that at the time of the driving a marked Sheriffs patrol vehicle and was in full green uniform including tool belt with police tools including firearm, handcuffs, pepper spray, taser, radio and other police tools. | Exhibit B, L.D. Decl., ¶6 | **DISPUTED.** Objection. Irrelevant. There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, passim |
| 110. | Deputy Caropino approached L.D.'s car and said, "I saw that look you gave me," and asked her if she would ever date a cop. L.D. said no, and his tone and questions changed. | Exhibit B, .D. Decl., ¶ 7. | **DISPUTED.** Objection. Hearsay. Objection. Calls for speculation. Objection. Vague and ambiguous as to the phrase: "His tone and questions changed." Objection. Irrelevant. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, passim. |
|---|---|---|---|
| 111. | Deputy Caropino then asked L.D. had been drinking and she initially replied that she had not. Deputy Caropino then pressed her incessantly. At that point, L.D. was scared of him, and of the fact he originally asked her if she would date a cop, and so she told him that she had margaritas at Fred's Mexican Café. | Exhibit B, L.D. Decl., ¶ 8. | **UNDISPUTED.** Objection. Hearsay. Objection. Calls for speculation. Objection. Unintelligible. Objection. Irrelevant as to L.D.'s fear. This is an alleged civil rights action, not a criminal action. Objection. Irrelevant. There is no indication the County was on notice of this alleged event. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | See, Defendant's concurrently-filed objections.

See, also, Declaration of Robert Fonzi, passim. |
|---|---|---|---|
| 112. | Deputy Caropino then told L.D. that he had turned off all of his recording devices, which further frightened and intimidated her. | Exhibit B, L.D. Decl., ¶ 9. | **DISPUTED.** Objection. Hearsay. Objection. Irrelevant as to L.D.'s fear or intimidation. This is an alleged civil rights action, not a criminal action. Objection. Irrelevant. There is no indication the County was on notice of this alleged event.

See, Defendant's concurrently-filed objections.

See, also, Declaration of Robert Fonzi, passim. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| 113. | Deputy Caropino then asked if L.D. was "wet" and said that he wanted to feel her. He then reached through the driver side window and forced his hand under her underwear and groped her genitals. | Exhibit B, L.D. Decl., ¶ 10. | **DISPUTED.** Objection. Hearsay. Objection. Irrelevant. There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, passim. |
|------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 114. | Deputy Caropino then said, "I want to fuck you right now," and he told L.D. to follow him. | Exhibit B, L.D. Decl., ¶ 11. | **DISPUTED.** Objection. Hearsay. Objection. Irrelevant. There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| 1 | | | passim. |
| 2 | 115. | L.D. stated in her declaration that she knew that she was pulled over by a Sheriffs Deputy and that she was not free to leave, and at no point did Caropino advise her that she was free to leave. L.D. was afraid that if she did not comply with Caropino's orders that he would use his position as a deputy sheriff to further detain her, arrest her, incarcerate her, and use force against her without legal justification. | Exhibit B, L.D. Decl., 1[ 12. | **DISPUTED.** Objection. Conclusion of law as to the term "order," and otherwise vague and ambiguous as to that term. Objection. Irrelevant. There is no indication the County was on notice of this alleged event. Objection. Irrelevant.

See, Defendant's concurrently-filed objections.

See, also, Declaration of Robert Fonzi, passim. |
| 116. | L.D. stated: "I decided to comply with Caropino's order to follow him rather than risk my personal safety or liberty. While driving behind him  I did think of running away, | Exhibit B, L.D. Decl., ¶ 13. | **DISPUTED.** Objection. Conclusion of law as to the term "order," and otherwise vague and ambiguous as to that term. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | but I thought he could use his police vehicle to pursue me and catch me anyway or that he could use his position as a deputy sheriff to track me down at home or at work and retaliate against me by arresting me, incarcerating me, or using force against me and hurting me." | | Objection. Irrelevant. There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br>See, also, Declaration of Robert Fonzi, passim. |
| 117. | Deputy Caropino raped L.D. As she stated in her declaration: "I followed Caropino to a parking lot, where he parked his squad car next to mine and directed me to get into the backseat of my car. While I was laying in the backseat of my car Caropino initiated non-consensual sexual intercourse." | Exhibit B, L.D. Decl., ¶ 14. | **DISPUTED.**<br>Objection. Hearsay.<br>Objection. Irrelevant. There is no indication the County was on notice of this alleged event.<br><br>See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 118. | At the end of the ordeal, Deputy Caropino asked | Exhibit B, L.D. Decl., ¶ | **DISPUTED.**<br>Objection. Hearsay. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | L.D. for her phone number. | 15. | Objection. Irrelevant. There is no indication the County was on notice of this alleged event.  See, Defendant's concurrently-filed objections.<br><br>See, also, Declaration of Robert Fonzi, passim. |
| 119. | When asked if met a woman named [L.D.], while acting as a deputy sheriff, and whether he turned off his recording device and made sexual comments to her, and then ordered her to a nearby parking structure where he had sex with her, Deputy Caropino asserted his Fifth Amendment right not to answer. | Exhibit F, Caropino Depo., 35:20-36:17. | **UNDISPUTED** that was Caropino's testimony. Disputed as to its legal significance in this lawsuit. |
| 120. | When asked if he recalled a woman named [J.V.], and whether he had sexual | Exhibit F, Caropino Depo., 24:19-25:12. | **UNDISPUTED** that was Caropino's testimony. Disputed |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | relations with her, while acting under the color of authority, Deputy Caropino asserted his Fifth Amendment right not to answer. | | as to its legal significance in this lawsuit. |
| 121. | **REDACTED.** | | **REDACTED** |
| 122. | **REDACTED.** | | **REDACTED** |
| 123. | **REDACTED.** | | **REDACTED** |
| 124. | **REDACTED.** | | **REDACTED** |
| 125. | **REDACTED.** | | **REDACTED** |
| 126. | **REDACTED.** | | **REDACTED** |
| 127 | **REDACTED.** | | **REDACTED** |
| 128. | **REDACTED.** | | **REDACTED** |
| 129. | When asked if he met a young girl named [E.N.] and whether or not he had sex with her while acting under the color of his authority, Deputy Caropino asserted his | Exhibit F, Caropino Depo., 19:11-17;20:16-24; 23:16-21. | **UNDISPUTED** that was Caropino's testimony. Disputed as to its legal significance in this lawsuit. |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | | | |
|---|---|---|---|
| | | Fifth Amendment right not to answer. | | |
| 130. | **REDACTED** | | **REDACTED** |
| 131. | **REDACTED** | | **REDACTED** |
| 132. | When asked if he recalled a woman named T.L., and whether he picked her up for a DUI, and while transporting her to jail, parked his patrol car for approximately 30 minutes in the jail parking lot and ordered her to touch his penis, while acting under the color of authority, Deputy Caropino asserted his Fifth Amendment right not to answer. | Exhibit F, Caropino Depo. , 22:3-21; 23:22-24:5. | **UNDISPUTED** that was Caropino's testimony. Disputed as to its legal significance in this lawsuit. |
| 133. | When asked if he recalled showing up to T.L.'s residence the day she was released from jail unannounced, and had sex with her at her house, Deputy Caropino asserted his Fifth Amendment right not to | Exhibit F, Caropino Depo. , 22:22-23:6. | **UNDISPUTED** that was Caropino's testimony. Disputed as to its legal significance in this lawsuit. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | | |
|---|---|---|---|
| | answer. | | |
| 134. | **REDACTED** | | **REDACTED** |
| 135. | **REDACTED** | | **REDACTED** |

## DISPUTED CONCLUSIONS OF LAW

1.      Plaintiff's Conclusion of Law that "the uncontroverted facts demonstrate that Deputy Nicholas Caropino was acting under the color of his authority at all times during his interactions with Plaintiff Alexa Curtin on the subject night of the incident" is disputed as more fully set forth in the County's Opposition Brief and accompanying documents.

2.      Plaintiff's Conclusion of Law that "the uncontroverted facts demonstrate that Deputy Nicholas Caropino's sexual assault and rape of Plaintiff Alexa Curtin violated her constitutional rights under the Fourth and/or Fourteenth Amendments" is disputed as more fully set forth in the County's Opposition Brief and accompanying documents.

DATED: _____

_____
HON. STEPHEN V. WILSON
United States District Court Judge

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-1432-0715.1                                    57
DEFENDANT'S RESPONSE TO PLAINTIFF'S *REDACTED* STATEMENT OF UNCONTROVERTED FACTS
AND CONCLUSIONS OF LAW