

NICHOLAS LEE CAROPINO, IN PRO PER
2339 THREE BAR LANE
NORCO, CA 92860
(714) 292-2839

*Defendant In Pro Per*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALEXA CURTIN,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>    Defendants | Case No. 8:16-CV-00591-SVW-PLA<br><br>**[Proposed] Answer**<br><br>Date:  April 17, 2017<br>Time:  1:30 PM<br>Room: 10A<br>Judge: Stephen V. Wilson<br>        350 W. 1st Street<br>        Los Angeles, CA 90012 |

1. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 1 as to jurisdiction only.

2. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 2.

3. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 3.

4. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 4.

-8-

5. Defendant Caropino admit the allegations stated in the Second Amended complaint, paragraph 5.

6. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 6, as to his employment only. He denies all allegations as he denies any and all wrongdoing.

7. Defendant Caropino is without the knowledge either to admit or deny the allegations stated in the Second Amended complaint, paragraph 7 and therefore deny on that ground.

8. Defendant Caropino is without the knowledge either to admit or deny the allegations stated in the Second Amended complaint, paragraph 8 and therefore deny on that ground.

9. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 9, as he denies any and all wrongdoing.

10. Defendant Caropino is without the knowledge either to admit or deny the allegations stated in the Second Amended complaint, paragraph 10 and therefore deny on that ground.

11. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 11, as he denies any and all wrongdoing.

12. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 12.

13. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 13.

14. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 14.

Exhibit A Page 00005

15. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 15.

16. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 16, as he denies any and all wrongdoing.

17. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 17, as he denies any and all wrongdoing.

18. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 18, as he denies any and all wrongdoing.

19. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 19, as he denies any and all wrongdoing.

20. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 20, as he denies any and all wrongdoing.

21. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 21, as he denies any and all wrongdoing.

22. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 22, as he denies any and all wrongdoing.

23. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 23, as he denies any and all wrongdoing.

24. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 24, as he denies any and all wrongdoing.

25. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 25, as he denies any and all wrongdoing.

26. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 26, as he denies any and all wrongdoing.

27. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 27, as he denies any and all wrongdoing.

28. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 28, as he denies any and all wrongdoing.

29. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 29, as he denies any and all wrongdoing.

30. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 30, as he denies any and all wrongdoing.

31. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 31, as he denies any and all wrongdoing.

32. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 32, as he denies any and all wrongdoing.

33. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 33, as he denies any and all wrongdoing.

34. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 34, as he denies any and all wrongdoing.

35. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 35, as he denies any and all wrongdoing.

36. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 36, as he denies any and all wrongdoing.

37. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 37, as he denies any and all wrongdoing.

38. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 38, as he denies any and all wrongdoing.

39. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 39, as he denies any and all wrongdoing.

40. Defendant Caropino admits the allegations stated in the Second Amended complaint, paragraph 40 as to jurisdiction only.

41. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 41, as he denies any and all wrongdoing.

42. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 42, as he denies any and all wrongdoing.

43. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 43, as he denies any and all wrongdoing.

44. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 44, as he denies any and all wrongdoing.

45. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 45, as he denies any and all wrongdoing.

46. Defendant Caropino admits the allegations that Plaintiff has the rights under the various laws and the U.S. Constitution as stated in paragraph 46.

47. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 47, as he denies any and all wrongdoing.

48. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 48, as he denies any and all wrongdoing.

49. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 49, as he denies any and all wrongdoing.

50. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 50, as he denies any and all wrongdoing.

51. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 51, as he denies any and all wrongdoing.

52. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 52, as he denies any and all wrongdoing.

53. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 53, as he denies any and all wrongdoing.

54. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 54, as he denies any and all wrongdoing.

55. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 55, as he denies any and all wrongdoing.

56. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 56, as he denies any and all wrongdoing.

57. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 57, as he denies any and all wrongdoing.

58. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 58, as he denies any and all wrongdoing.

59. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 59, as he denies any and all wrongdoing.

60. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 60, as he denies any and all wrongdoing.

61. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 61, as he denies any and all wrongdoing.

62. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 62, as he denies any and all wrongdoing.

63. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 63, as he denies any and all wrongdoing.

64. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 64, as he denies any and all wrongdoing.

65. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 65, as he denies any and all wrongdoing.

66. Defendant Caropino denies the allegations stated in the Second Amended complaint, paragraph 66, as he denies any and all wrongdoing.

67. Defendant Caropino file their general denial.

68. Defendant Caropino deny generally and specifically, each and every allegation of said complaint, both conjunctively and disjunctively and the whole thereof, and further denies that plaintiff and its assignors have been damaged in the sum alleged or in any other sum or at all.

69. For a further, separate and distinct defense, these answering Defendant Caropino alleges that plaintiff's complaint and each alleged cause of action therein fails to state facts sufficient to constitute a cause of action as to these answering defendant Caropino.

70. For a further, separate and distinct defense, these answering Cefendant Caropino alleges that at the times and places mentioned in the complaint, plaintiff and her assignors were careless, reckless and negligent in and about the matters and things alleged in the complaint, which said carelessness, recklessness and negligence concurred in point of time with the alleged negligence of Defendant Caropino, if any there may have been, and legally caused and/or contributed to whatever injury and/or damage plaintiff may have sustained, if any, and recovery by plaintiff, if any, should be proportionately reduced according to the percentage of fault of plaintiff.

71. For a further, separate and distinct defense, these answering Defendant Caropino alleges that at the times and places mentioned in the complaint, plaintiff and its assignors did commit willful misconduct in and about the matters and things alleged in the complaint, which said willful misconduct concurred in point of time with the alleged willful misconduct of defendant, if any there may have been, and legally caused and/or contributed to whatever injury and/or damage plaintiff may have sustained, if any.

72. For a further, separate and distinct defense, these answering Defendant Caropino alleges that in addition to the aforementioned negligence of plaintiff and its assignors, any injury and/or damage incurred by them was directly and legally caused and contributed to by the negligence and/or fault of third persons or parties.

73. For a further, separate and distinct defense, these answering Defendant Caropino is informed and believes and thereupon alleges that plaintiff and its assignors did, with full knowledge of the facts, dangers and consequences of this own actions or inaction, and of the actions or inaction of Defendant Caropino, expressly, impliedly and voluntarily accept the risk incident thereto.

74. For a further, separate and distinct defense, these answering Defendant Caropino is informed and believes and upon such information and belief alleges that at the times and places alleged in the complaint plaintiff was engaged in a joint and common enterprise with other persons or parties; that the negligence or fault of plaintiff and each such other person or party is imputed to the other; that plaintiff and each of the other persons or parties was careless,

reckless and negligent in and about the matters and things alleged in the complaint, which said carelessness, recklessness and negligence concurred in point of time with the alleged negligence of cross-defendant, if any there may have been, any legally caused and/or contributed to whatever injury and/or damage plaintiff may have sustained, if any.

75. For a further, separate and distinct defense, these answering Defendant Caropino alleges that Defendant Caropino is informed and believes and upon such information and belief alleges that plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the damages alleged to have been suffered, but plaintiff and its assignors have failed, neglected and refused, and continues to fail and refuse to exercise reasonable effort to mitigate the damages, if any.

76. For a further, separate and distinct defense, Defendant Caropino alleges that each alleged cause of action set forth in the complaint herein is barred by the applicable statute of limitations.

77. For a further, separate and distinct defense, these answering Defendant Caropino allegse that any liability of defendant for non-economic damages is several only and not joint; that defendant is liable, if at all, only for the amount of non-economic damages allocated to such defendant in direct proportion to defendant's percentage of fault.

78. For a further, separate and distinct defense, Defendant Caropino alleges that punitive damages are violative of the due process, equal protection and right of privacy provisions of the constitutions of the United States and California State Constitutions and that this Court, therefore, does not have subject matter jurisdiction to hear or determine the punitive damage claim.

79. For a further, separate and distinct defense, Defendant Caropino alleges that each and all of the claimed damages plaintiff stated in their complaint were self-induced and were products of their own unclean hand and laches.

80. For a further, separate and distinct defense, Defendant Caropino alleges that each and all of the claims stated in the complaint are barred by res judicata and collateral estoppels.

81. For a further, separate and distinct defense, Defendant Caropino alleges that each and all of the claims stated in the complaint are barred by plaintiff's consent.

Wherefore, this answering Defendant Caropino prays that plaintiff and its assignors take nothing by way of plaintiff's complaint against said defendant and that said defendant to recover his costs of suit, and for such other and further relief as to the Court seems proper.

DATED: March 16, 2017

                                                    Nicholas Lee Caropino, Declarant

-17-

Proof of Service (Cal.Civ.Code 1013a, 2015.5)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the State of California. I am over the age of 18 and not a party to the within action; my business address is 1505 N. San Fernando Blvd., A, Burbank, CA 91504.

On March 17, 2017, I served the foregoing document described as Plaintiff's Motion to set aside default and for continuance of trial on the other party in this action by serving a true copy thereof enclosed via email electronically as follows:

Jeremy Jass, Esq.
Jeremy@jasslaw.com
Counsel for Plaintiff

Dana Alden Fox, Esq.
Dana.fox@lewisbrisbois.com
Dawn M. Flores-Oster, Esq.
Dawn.Flores-Oster@lewisbrisbois.com
Barry Hassenberg, Esq.
Barry.Hassenberg@lewisbrisbois.com
Counsel for Defendant County of Orange

Also by personal service

Jeremy Jass, Esq.
4510 E. Pacific Coast Highway Ste. 400
Long Beach, CA 90804

Dana Alden Fox, Esq.
Dawn M. Flores-Oster, Esq.
Barry Hassenberg, Esq.
633 West 5th St. Ste. 4000
Los Angeles, CA 90071

Executed on March 17, 2017, at Burbank, CA

**I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.**

Name: John Fu, Esq.           JOHN FU, ESQ.
                                   (Signature)