**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXA CURTIN,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF ORANGE; DEPUTY EPSON, individually and as Deputy Sheriff for the Orange County Sheriff's Department; and DOES 1 through 50,<br><br>      Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br><br>**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>The Hon. Stephen V. Wilson<br><br>Trial Date:   August 1, 2017 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant COUNTY OF ORANGE ("COUNTY") hereby answers plaintiff ALEXA CURTIN'S Second Amended Complaint (hereinafter "SAC") and pleads as follows:

## JURISDICTION AND VENUE

1. In answer to paragraph 1 of plaintiff's SAC, defendant admits that plaintiff is invoking jurisdiction pursuant to 42 U.S.C. § 1983. Defendant denies each and every remaining allegation contained therein as it is unintelligible.

2. In answer to paragraph 2 of plaintiff's SAC, defendant admits each and every allegation, except for the residence of plaintiff as defendant does not have

sufficient knowledge or information to form a belief as to the truth of the allegation, and on that basis denies such allegation contained therein.

## PARTIES

3. In answer to paragraph 3 of plaintiff's SAC, defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4. In answer to paragraph 4 of plaintiff's SAC, defendant admits that the COUNTY was and is a duly organized public entity existing under the laws of the State of California. As to the remainder of plaintiff's allegations in said paragraph, such allegations are overbroad, vague, and ambiguous and thus defendant is unable to admit or deny the allegations and on that basis defendant denies each and every allegation in said paragraph.

5. In answer to paragraph 5 of plaintiff's SAC, defendant admits that the COUNTY's Sheriff's Department contracts with the City of Dana Point to provide police services.

6. In answer to paragraph 6 of plaintiff's SAC, defendant denies each and every allegation contained therein.

7. In answer to paragraph 7 of plaintiff's SAC, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

8. In answer to paragraph 8 of plaintiff's SAC, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

9. In answer to paragraph 9 of plaintiff's SAC, defendant denies each and every allegation contained therein.

10. In answer to paragraph 10 of plaintiff's SAC, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

11. In answer to paragraph 11 of plaintiff's SAC, defendant denies each and every allegation contained therein with respect to the allegations made against this answering defendant. As to each unknown defendant(s), defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph given that the unknown defendant(s) have not yet been identified, and on that basis this defendant denies each and every allegation contained therein.

12. In answer to paragraph 12 of plaintiff's SAC, defendant does not have sufficient knowledge or information as to where plaintiff was located in April 2014 to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. As for what occurred on June 27, 2014, defendant admits the allegations contained in paragraph 12.

13. In answer to paragraph 13 of plaintiff's SAC, defendant does not have sufficient knowledge or information as to what occurred in April 2014 to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. As for what occurred on June 27, 2014, defendant admits Deputies were called. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the other allegations contained in said paragraph and on that basis denies each and every other allegation contained therein.

///

14. In answer to paragraph 14 of plaintiff's SAC, defendant denies each and every allegation as to any actions taken by Deputies in April 2014. As for what occurred on June 27, 2014, defendant admits Deputies questioned plaintiff and her husband.

15. In answer to paragraph 15 of plaintiff's SAC, defendant denies each and every allegation as to any actions taken by Deputies in April 2014. As for what occurred on June 26, 2014, defendant admits Deputies determined no arrests would be made.

16. In answer to paragraph 16 of plaintiff's SAC, defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, as to what occurred in April 2014 and on that basis denies each and every allegation contained therein. As for what occurred on June 27, 2014, defendant denies each and every allegation contained in paragraph 16.

17. In answer to paragraphs 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 of plaintiff's SAC, defendant, on information and belief, denies the allegations contained in those paragraphs whether they relate to April 2014 on June 27and 28, 2014.

18. In response to paragraph 20, defendant admits when Caropino returned to plaintiff's car, he did so in his personal vehicle and out of uniform.

19. In answer to paragraph 31 of plaintiff's SAC, defendant denies each and every allegation contained therein.

20. In answer to paragraph 32 of plaintiff's SAC, defendant denies each and every allegation contained therein.

21. In answer to paragraph 33 of plaintiff's SAC, defendant denies each and every allegation contained therein.

22. In answer to paragraph 34 of plaintiff's SAC, defendant denies each and every allegation contained therein.

23. In answer to paragraph 35 of plaintiff's SAC, defendant denies each

1 and every allegation contained therein.

2     24. In answer to paragraph 36 of plaintiff's SAC, defendant denies each
3 and every allegation contained therein.

4     25. In answer to paragraph 37 of plaintiff's SAC, defendant denies each
5 and every allegation contained therein.

6     26. In answer to paragraph 38 of plaintiff's SAC, defendant denies each
7 and every allegation contained therein.

8     27. In answer to paragraph 39 of plaintiff's SAC, defendant denies each
9 and every allegation contained therein.

## INCORPORATION BY REFERENCE

11     28. In answer to paragraph 40 of plaintiff's SAC, defendant acknowledges
12 that plaintiff is repleading her prior allegations and defendant denies said allegations
13 to the extent previously denied.

## FIRST CAUSE OF ACTION

15     29. In answer to paragraphs 41-45 of plaintiff's SAC, defendant denies
16 Caropino was acting under color of law during his interactions with plaintiff. As to
17 the balance of the allegations contained in these paragraphs on information and
18 belief, defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

20     30. In answer to paragraph 46 of plaintiff's SAC, plaintiff's allegations are
21 overbroad, vague, and ambiguous and thus defendant is unable to admit or deny the
22 allegations and on that basis defendant denies each and every allegation in said
23 paragraph.

24 31. In answer to paragraphs 47 - 50 of plaintiff's SAC, defendant, on
25 information and belief, denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION
### (Erroneously identified as the Fourth Cause of Action in SAC)

28     32. In answer to paragraph 51 of plaintiff's SAC, defendant denies each

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1  and every allegation contained therein.

2      33.    In answer to paragraph 52 of plaintiff's SAC, defendant denies each
3  and every allegation contained therein.

4      34.    In answer to paragraph 53 of plaintiff's SAC, defendant denies each
5  and every allegation contained therein.

6      35.    In answer to paragraph 54 of plaintiff's SAC, defendant denies each
7  and every allegation contained therein.

8      36.    In answer to paragraph 55 of plaintiff's SAC, defendant denies each
9  and every allegation contained therein.

10      37.    In answer to paragraph 56 of plaintiff's SAC, defendant denies each
11  and every allegation contained therein.

12      38.    In answer to paragraph 57 of plaintiff's SAC, defendant denies each
13  and every allegation contained therein.

14      39.    In answer to paragraph 58 of plaintiff's SAC, defendant denies each
15  and every allegation contained therein.

16      40.    In answer to paragraph 59 of plaintiff's SAC, defendant denies each
17  and every allegation contained therein.

18      41.    In answer to paragraph 60 of plaintiff's SAC, defendant denies each
19  and every allegation contained therein.

20      42.    In answer to paragraph 61 of plaintiff's SAC, defendant denies each
21  and every allegation contained therein.

22      43.    In answer to paragraph 62 of plaintiff's SAC, defendant denies each
23  and every allegation contained therein.

24      44.    In answer to paragraph 63 of plaintiff's SAC, defendant denies each
25  and every allegation contained therein.

26      45.    In answer to paragraph 64 of plaintiff's SAC, defendant denies each
27  and every allegation contained therein.

28      46.    In answer to paragraph 64 of plaintiff's SAC, defendant denies each

and every allegation contained therein.

47. In answer to paragraph 65 of plaintiff's SAC, defendant denies each and every allegation contained therein.

48. In answer to paragraph 66 of plaintiff's SAC, defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

49. As a separate and distinct affirmative defense, defendant alleges that plaintiff's SAC fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

50. As a separate and distinct affirmative defense, defendant alleges that plaintiff's SAC fails to state a claim under 42 U.S.C. § 1983 for Fourth, and/or Fourteenth Amendment violations, and also fails to state a *Monell* claim under 42 U.S.C. § 1983, upon which relief can be granted against defendant.

### THIRD AFFIRMATIVE DEFENSE

51. As a separate and distinct affirmative defense, defendant alleges that plaintiff consented to the act or omissions complained of in plaintiff's SAC.

### FOURTH AFFIRMATIVE DEFENSE

52. As a separate and distinct affirmative defense, this defendant is entitled to qualified immunity since there is no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in defendant's position could have believed his conduct was lawful.

### FIFTH AFFIRMATIVE DEFENSE

53. As a separate and distinct affirmative defense, plaintiff's claims against defendant are barred because defendant has absolute immunity from the allegations set forth in plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

54. As a separate and distinct affirmative defense, plaintiff's claims against defendant are barred because defendant has sovereign immunity under the Eleventh Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

55. As a separate and distinct affirmative defense, defendant alleges that plaintiff's Complaint, and each claim contained therein, is barred on the ground that defendant was not the cause of any alleged damage, injury, or loss to plaintiff, if any.

## EIGHTH AFFIRMATIVE DEFENSE

56. As a separate and distinct affirmative defense, defendant alleges that plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* §§ 335.1 and 342.

## NINTH AFFIRMATIVE DEFENSE

57. As a separate and distinct affirmative defense, defendant alleges that plaintiff's alleged damages, if any, contained in the Complaint, were caused by persons and/or entities other than this answering defendant who failed to exercise ordinary care, caution, prudence, and were negligent, or acted wrongfully in their dealing with plaintiff, and that at all times, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of these answering defendant. Accordingly, any recovery against this answering defendant by plaintiff, if any, must be precluded and/or reduced in a proportionate amount to the fault on the part of such other persons and/or entities.

## TENTH AFFIRMATIVE DEFENSE

58. As a separate and distinct affirmative defense, defendant alleges that the conduct, if any, which is the subject of plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified. Further, all actions by

defendant were in good faith and reasonable.

### ELEVENTH AFFIRMATIVE DEFENSE

59. As a separate and distinct affirmative defense, defendant alleges that it is not liable for the failure to discharge a mandatory duty in that they exercised reasonable diligence in the discharge of all duties.

### TWELFTH AFFIRMATIVE DEFENSE

60. As a separate and distinct affirmative defense, defendant alleges that it is not liable in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

### THIRTEENTH AFFIRMATIVE DEFENSE

61. As a separate and distinct affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* §§ 818.2 or 821 for the adoption or failure to adopt or enforce any law.

### FOURTEENTH AFFIRMATIVE DEFENSE

62. As a separate and distinct affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* § 818.8.

### FIFTEENTH AFFIRMATIVE DEFENSE

63. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.2.

### SIXTEENTH AFFIRMATIVE DEFENSE

64. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.4 for the execution or enforcement of the law by public officers exercising due care.

### SEVENTEENTH AFFIRMATIVE DEFENSE

65. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.6.

### EIGHTEENTH AFFIRMATIVE DEFENSE

66. As a separate and distinct affirmative defense, defendant alleges that it is not liable by operation of California *Government Code* § 820.8, in that the injuries and damages, if any, were caused by the acts or omissions of other persons, and not answering defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

67. As a separate and distinct affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* § 822.2 for misrepresentations by employees.

### TWENTIETH AFFIRMATIVE DEFENSE

68. As a separate and distinct affirmative defense, defendant alleges that on or about the time, date, and place alleged in plaintiff's Complaint, the conduct of plaintiff and/or third persons was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of the injuries and damages allegedly suffered by plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

69. As a separate and distinct affirmative defense, defendant alleges that it is a subdivision of the State of California and state officials acting in their official capacity, and is therefore not liable for damages under title 42 U.S.C. § 1983.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

70. As a separate and distinct affirmative defense, defendant alleges that it is not liable for alleged violations by non-policymakers of civil or constitutional rights.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

71. As a separate and distinct affirmative defense, defendant alleges that all the causes of action set forth in plaintiff's Complaint are barred because plaintiff failed to take reasonable steps to mitigate her damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

72. As a separate and distinct affirmative defense, defendant is shielded from liability for civil damages insofar as the conduct in this case did not violate any statutory or constitutional right of which a reasonable person would have known.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

73. As a separate and affirmative defense, defendant alleges that it is not liable pursuant to statute by operation of California *Government Code* Title 1, Division 3.6, Part 2.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

74. As a separate and distinct affirmative defense, the public entity defendant is not legally responsible for the acts of employees not acting under color of law, color of authority, within the course and scope of their employment, and/or not acting in their capacity as Orange County Sheriff's Deputies.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

75. As a separate and distinct affirmative defense, the actions of this defendant in all respects were reasonable, proper and legal.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

76. As a separate and distinct affirmative defense, defendant's conduct did not cause the constitutional violations alleged in plaintiff's Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

77. As a separate and distinct affirmative defense, the conduct alleged in plaintiff's complaint did not violate an interest cognizable under 42 U.S.C. § 1983.

### THIRTIETH AFFIRMATIVE DEFENSE

78. As a separate and distinct affirmative defense, plaintiff's claims are barred against defendant because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom or practice.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

79. Neither a public employee nor a public entity is liable for any injury

caused by the act or omission of another person.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

80. As a separate and distinct affirmative defense, defendant alleges that plaintiff's SAC, and each and every claim contained therein, and any amendments thereto, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* Sections 335.1, 342 and *Government Code* Sections 911.2, 945.4, and 945.6, and 950.2.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

81. Other defenses may exist to plaintiff's Second Amended Complaint, and defendant does not waive, but rather reserves the right to assert said defenses.

WHEREFORE, answering defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of her SAC, and that judgment be entered in favor of defendant;

2. That answering defendant recover its costs of suit incurred herein, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems proper and just.

DATED: July 19, 2017    LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  */s/ Barry Hassenberg*
Barry Hassenberg
Attorneys for Defendant COUNTY OF ORANGE

## DEMAND FOR JURY TRIAL

Defendant COUNTY OF ORANGE respectfully demands a trial by jury on all claims in the within action as provided by *Federal Rules of Civil Procedure*, Rule 38(a) and (b).

DATED: July 19, 2017     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Barry Hassenberg*
Barry Hassenberg
Attorneys for Defendant COUNTY OF ORANGE