Jeremy D. Jass, SBN 279466
Jeremy@jasslaw.com
JASS LAW
4510 E. Pacific Coast Highway, Suite 400
Long Beach, CA 90804
Telephone: (562) 340-6299
Facsimile: (562) 340-6422

Attorneys for Plaintiff
ALEXA CURTIN

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
DAWN M. FLORES-OSTER, SB# 155722
  E-Mail: Dawn.Flores-Oster@lewisbrisbois.com
BARRY HASSENBERG, SB# 71136
  E-Mail: Barry.Hassenberg@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>            Plaintiff,<br><br>      vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO; and DOES 1 through 50,<br><br>            Defendants. | CASE NO. 8:16-cv-00591-SVW-PLA<br><br>The Hon. Stephen V. Wilson<br><br>**JOINT JURY INSTRUCTIONS**<br><br>Discovery Cut-Off:<br>Trial Date:      April 25, 2017<br>PreTrial Conf.: April 17, 2017 |

**SECTION 1 – AGREED UPON INSTRUCTIONS**

**INDEX OF INSTRUCTIONS**

**MODEL NINTH CIRCUIT INSTRUCTIONS (PHASE 2)**

| **Instruction Number** | **Title** | **Source** | **Page** |
|---|---|---|---|
| 1 | Causation | Model 9th Circ. 9.2, Comments | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# INDEX OF INSTRUCTIONS

## MODEL NINTH CIRCUIT INSTRUCTIONS (PHASE 2)

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| | Causation | Model 9th Circ. 9.2, Comments | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

**JURY INSTRUCTION NO. 1- CAUSATION**

A person deprives another of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."

3

1       <u>Source</u>: Model Ninth Circuit 9.2, Comments; *Preschooler II v. Clark Cnty.*

2  *Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir.2007) (quoting *Johnson v. Duffy*, 588

3  F.2d 740, 743 (9th Cir.1978)).

**SECTION   2   –   PLAINTIFF'S   PROPOSED   WITH   DEFENDANT'S OBJECTIONS**

**INDEX OF INSTRUCTIONS**
**MODEL NINTH CIRCUIT INSTRUCTIONS**

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| Phase 1 Instructions | | | |
| 1 | Section 1983 Claim – Introductory Instruction | Model 9th Cir. 9.1 | |
| 2 | Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof | Model 9th Cir. 9.3; *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) | |
| 3 | Under Color of State Law | *Naffe v. Frey* (9th Cir. 2015) 789 F.3d 1030, 1037; *Wyatt v. Cole*, 504 U.S. 158 (1992); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir.1991); see also Comments of CACI 3000. | |
| 4 | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Generally | Model 9th Cir. 9.20 | |

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 5 | Particular Rights – Fourteenth Amendment – Right to Bodily Integrity | *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Collins v. Harker Heights*, 503 U.S. 115 (1992); *Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001); *Martinez v. Cui*, 608 F.3d 54, 63 (1st Cir. 2010). | |
| 6 | Particular Rights – Fourth Amendment – Unreasonable Search – Generally | Model 9th Cir. 9.12 | |
| 7 | Particular Rights – Fourth Amendment – State Created Danger | *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989) | |
| Phase 2 Instructions | | | |
| 1 | Section 1983 Claim – Introductory Instruction | Model 9th Cir. 9.1 | |
| 2 | Section 1983 Claim Against Local Governing Body Defendants Based On Unlawful Official Policy, Practice, Or Custom – Elements and Burden of Proof | Model 9th Cir. 9.5 | |

6

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 3 | Section 1983 Claim Against Local Governing Body Defendants Based on Ratification – Elements and Burden of Proof | Model 9th Cir. 9.7 | |
| 4 | Section 1983 Claim Against Local Governing Body Defendants Based On A Policy That Fails To Prevent Violations Of Law Or A Policy Of Failure To Train – Elements and Burden of Proof | Model 9th Cir. 9.8 | |
| 5 | Section 1983 Claim Against Local Governing Body Defendants Based On A Policy That Fails To Prevent Violations Of Law Or A Policy Of Failure To Train – Elements and Burden of Proof | Model 9th Cir. 9.8; *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989) | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**PHASE 1 INSTRUCTIONS**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 1: SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiff Alexa Curtin brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

9

1

2          <u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

3   Jury Instructions, Instruction 9.1

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO JURY INSTRUCTION NO. 1

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.

Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

To the extent the Court finds it appropriate to give this instruction, the instruction as provided is acceptable to Defendant County.

11

**JURY INSTRUCTION NO. 2: SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOOF**

In order to prevail on her § 1983 claim against the Defendant Deputy Nicholas Caropino, Plaintiff Alexa Curtin must prove each of the following elements by a preponderance of the evidence:

1.    Defendant Deputy Nicholas Caropino acted under color of state law as explained in Instruction 3; and

2.    the acts of the Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of at least one of her particular rights under the United States Constitution, as explained Instruction 4, Instruction 5 or Instruction 6.

A defendant "deprives" another of a constitutional right if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do, that causes the violation of the constitutional right.

If you find Plaintiff Alexa Curtin has proved each of these elements, in that Plaintiff Alexa Curtin has proved Defendant Deputy Nicholas Caropino acted under color of state law, under Instruction 3, and has proved Defendant Deputy Nicholas Caropino has deprived Plaintiff Alexa Curtin of a constitutional right, under either Instruction 4, Instruction 5, or Instruction 6, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1         Source: **Modified** U.S. Court of Appeal for the Ninth Circuit, Manual of

2    Model Civil Jury Instructions, Instruction 9.3; *Preschooler II v. Clark Cnty. Sch. Bd.*

3    *of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d

4    740, 743 (9th Cir. 1978)).

## DEFENDANT COUNTY OF ORANGE'S ALTERNATIVE JURY INSTRUCTION NO. 2 – SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claim against the defendant Nicholas Caropino, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the act of the defendant deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction **[TO BE DETERMINED]**, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1
2

<u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 9.3.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 2**

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.

Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Without waiving Defendant County's positions on these issues, Defendant County suggests, if the Court finds it appropriate to give this instruction, that the Court provide the jury instruction in its native format as provided in Defendant County's Alternative Jury Instruction No. 2.

16

1            **JURY INSTRUCTION NO. 3: UNDER COLOR OF STATE LAW**

2            Plaintiff Alexa Curtin claims that Defendant Deputy Nicholas Caropino acted

3    under color of state law.  A state employee generally acts under color of law when a

4    state employee wrongs someone while acting in his official capacity or while

5    exercising his responsibilities pursuant to state law.  The purpose of Section 1983 is

6    to deter state actors from using the badge of their authority to deprive individuals of

7    their federally guaranteed rights.  It is firmly established that a defendant acts under

8    color of state law when he abuses the position given to him by the State.

9            Even where an officer is off duty, and even where his goals are private and

10   outside the scope of his authority, an officer's acts will be under the color of state

11   law where (1) the employee purports to or pretends to act under color of law, (2) his

12   pretense of acting in the performance of his duties had the purpose and effect of

13   influencing the behavior of others, and (3) the harm inflicted on plaintiff related in

14   some meaningful way either to the officer's governmental status or to the

15   performance of his duties.

16           Acts of sexual assault and rape may be performed under the color of state law

17   where an officer uses his government position to exert influence and physical

18   control over the plaintiff.

19           An officer need not be in uniform to be acting under the color of authority.

20   See *Anderson v. Warner*, 451 F.3d 1063, 1069-70 (9th Cir. 2006) [the Ninth Circuit

21   applied these requirements and held that a lieutenant employed by the county

22   sheriff's department was acting under color of state law even though he was off-

23   duty and not wearing a uniform because he invoked his law enforcement status as a

24   "cop" to keep bystanders from interfering with his assault on a motorist who rear-

25   ended his personal vehicle].

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Source: *Naffe v. Frey* (9th Cir. 2015) 789 F.3d 1030, 1037; *Wyatt v. Cole*, 504 U.S. 158 (1992); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir.1991); see also Comments of CACI 3000.

**DEFENDANT COUNTY OF ORANGE'S ALTERNATIVE JURY INSTRUCTION NO. 3 – UNDER COLOR OF STATE LAW**

A person acts under color of state law when the person is performing official duties under any state, county, or municipal law, ordinance or regulation.

19

1    <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 9.3, in part.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 3

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County also objects to the use of this instruction because the instruction is unintelligible and does not follow the recognized formula for presentation of jury instructions, rendering Plaintiff's citations, *Anderson v. Warner*, 451 F.3d 1063, 1069-70 (9th Cir. 2006), *Naffe v. Frey* (9th Cir. 2015) 789 F.3d 1030, 1037; *Wyatt v. Cole*, 504 U.S. 158 (1992); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir.1991), irrelevant.  Further, County also objects to the use of this instruction because Plaintiff's citation to CACI 3000 is inapplicable because it is based on *Graham v. Connor*, (1989) 490 U.S. 386, which pertains to the use of force not at issue in this case. In addition, there are Ninth Circuit Civil Model Instructions which can be used without reliance on CACI 3000.

Without waiving Defendant County's positions on these issues, Defendant County suggests, if the Court finds it appropriate to give this instruction, that the Court provide the jury instruction in its native format as provided as provided in Defendant County's Alternative Jury Instruction No. 3.

**JURY INSTRUCTION NO. 4: PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON - GENERALLY**

Plaintiff Alexa Curtin claims that Defendant Deputy Nicholas Caropino deprived her of her rights under the Fourth Amendment of the Constitution when he sexually assaulted and raped her. Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of her Fourth Amendment right, Plaintiff Alexa Curtin must prove the following additional elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino seized Plaintiff Alexa Curtin's person;
2. in seizing Plaintiff Alexa Curtin's person, Defendant Deputy Nicholas Caropino acted intentionally; and
3. the seizure was unreasonable.

A defendant "seizes" a plaintiff's person when he restrains that plaintiff's liberty through coercion, physical force or a show of authority. A plaintiff's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1. the number of officers present;
2. whether weapons were displayed;
3. whether the encounter occurred in a public or nonpublic setting;

4.  whether the officer's manner would imply that compliance would be
    compelled; and

5.  whether the officers advised the plaintiff that [he] [she] was free to leave.

1

<u>Source:</u> U.S. Court of Appeal for the Ninth Circuit, Manual of Model Civil

Jury Instructions, Instruction 9.20 **Modified.**

24

**DEFENDANT COUNTY OF ORANGE'S ALTERNATIVE JURY INSTRUCTION NO. 4: PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEIZURE OF PERSON - GENERALLY**

As previously explained, the plaintiff has the burden of proving that the act of the defendant Nicholas Caropino deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived her rights under the Fourth Amendment to the Constitution when he sexually assaulted her.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove the defendant deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Nicholas Caropino seized the plaintiff's person;

2. in seizing the plaintiff's person, Nicholas Caropino acted intentionally; and

3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty through coercion, physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1. the number of officers present;

2. whether weapons were displayed;

3. whether the encounter occurred in a public or nonpublic setting;

4. whether the officer's manner would imply that compliance would be compelled; and

5. whether the officers advised the plaintiff that she was free to leave.

1    A person acts "intentionally" when the person acts with a conscious objective
2  to engage in particular conduct. Therefore, the plaintiff must prove that the
3  defendant intended to sexually assault her. It is not enough to prove that the
4  defendant negligently or accidentally engaged in that action. But while the plaintiff
5  must prove that the defendant intended to act, the plaintiff need not prove that the
6  defendant intended to violate the plaintiff's Fourth Amendment rights.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 9.20.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF
ALEXA CURTIN'S JURY INSTRUCTION NO. 4**

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County objects to the use of the word "rape"; "sexual assault" is appropriate given what plaintiff is required to prove under this instruction.

Without waiving Defendant County's positions on these issues, Defendant County suggests, if the Court finds it appropriate to give this instruction, that the Court provide the jury instruction in its native format as provided in Defendant County's Alternative Jury Instruction No. 4.

**JURY INSTRUCTION NO. 5: PARTICULAR RIGHTS –**

**FOURTEENTH AMENDMENT – RIGHT TO BODILY INTEGRITY**

Plaintiff Alexa Curtin claims that Defendant Deputy Nicholas Caropino deprived her of her rights under the Fourteenth Amendment of the Constitution when he sexually assaulted and raped Plaintiff Alexa Curtin. Under the Fourteenth Amendment, a person has the right to bodily integrity.  In order to prove Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of her Fourteenth Amendment right, Plaintiff Alexa Curtin must prove the following additional elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino violated Plaintiff Alexa Curtin's right to bodily integrity;
2. That the behavior of Defendant Nicholas Caropino was so egregious and so outrageous, that it may fairly be said to shock the contemporary conscience.

1         <u>Source:</u> *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Collins v. Harker*

2   *Heights*, 503 U.S. 115 (1992); *Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001);

3               *Martinez v. Cui*, 608 F.3d 54, 63 (1st Cir. 2010).

**DEFENDANT COUNTY OF ORANGE'S ALTERNATIVE JURY INSTRUCTION NO. 5: PARTICULAR RIGHTS – FOURTEENTH AMENDMENT – RIGHT TO BODILY INTEGRITY**

Plaintiff Alexa Curtin claims that Defendant Nicholas Caropino deprived her of her rights under the Fourteenth Amendment of the Constitution when he sexually assaulted her. Under the Fourteenth Amendment, a person has the right to bodily integrity.  In order to prove Defendant Nicholas Caropino deprived Plaintiff Alexa Curtin of her Fourteenth Amendment right, Plaintiff Alexa Curtin must prove the following additional elements by a preponderance of the evidence:

1. Defendant Nicholas Caropino violated Plaintiff Alexa Curtin's right to bodily integrity;

2. That the behavior of Defendant Nicholas Caropino was so egregious and so outrageous, that it may fairly be said to shock the contemporary conscience.

1          <u>Source:</u> *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Collins v. Harker*

2     *Heights*, 503 U.S. 115 (1992); *Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001);

3     *Martinez v. Cui*, 608 F.3d 54, 63 (1st Cir. 2010).

**DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF
ALEXA CURTIN'S JURY INSTRUCTION NO. 5**

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County objects to the use of the word "rape"; "sexual assault" is appropriate given what plaintiff is required to prove under this instruction.

Further, Plaintiff's citation to *Cty. of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Collins v. Harker Heights*, 503 U.S. 115 (1992); *Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001); and *Martinez v. Cui*, 608 F.3d 54, 63 (1st Cir. 2010) are inapposite, both factually and legally. See, also, *Fontana v. Haskin*, 262 F.3d 871, 881-882 (9th Cir. Cal. Aug. 22, 2001):  "Fontana's claim, although a possible fit under the Fourteenth Amendment, is better seen as a Fourth Amendment claim because she had been seized by the police. n6 See *Reed v. Hoy*, 909 F.2d 324, 329 (9th Cir. 1990) ('Claims arising before or during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the substantive due process standard ….'). The 'Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth  Amendment's ban on cruel and unusual punishments … are the two primary sources of constitutional protection against physically abusive governmental conduct.' *Graham*, 490 U.S. at 394. 'If a constitutional claim is covered by a specific constitutional provision … the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' *County of Sacramento v. Lewis*, 523

U.S. 833, 843, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997)); accord Saucier v. Katz, 150 L. Ed. 2d 272, 283, 533 U.S. 194, 121 S. Ct. 2151 (June 18, 2001); Albright v. Oliver, 510 U.S. 266, 272, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994)." See, also, *Shields v. Tracy*, 2005 U.S. Dist. LEXIS 49157, 24-25 (E.D. Cal. June 21, 2005).

Without waiving Defendant County's positions on these issues, Defendant County suggests, if the Court finds it appropriate to give this instruction, that the Court provide the jury instruction provided in Defendant County's Alternative Jury Instruction No. 5.

**JURY INSTRUCTION NO. 6: PARTICULAR RIGHTS – FOURTH
AMENDMENT – UNREASONBALE SEARCH - GENERALLY**

In this case, Plaintiff Alexa Curtin claims Defendant Deputy Nicholas
Caropino deprived her of her rights under the Fourth Amendment to the Constitution
when he searched her purse and vehicle. Under the Fourth Amendment, a person has
the right to be free from an unreasonable search of her purse and her vehicle. In
order to prove Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin
of this Fourth Amendment right, Plaintiff Alexa Curtin must prove the following
additional elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino searched Plaintiff Alexa Curtin's
   purse and/or vehicle;
2. in conducting the search, Defendant Deputy Nicholas Caropino acted
   intentionally; and
3. the search was unreasonable.

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2     Jury Instructions, Instruction 9.12

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 6**

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County further objects to this use of this instruction because this is instruction has no application to this action as an unlawful search is not in controversy pursuant to the allegations of the Second Amended Complaint.

Defendant County offers no alternative instruction.

## JURY INSTRUCTION NO. 7: PARTICULAR RIGHTS – FOURTEENTH AMENDMENT- STATE CREATED DANGER

Plaintiff Alexa Curtin claims that Defendant Deputy Nicholas Caropino and/or Deputy Dwayne Chapple deprived her of her rights under the Fourteenth Amendment of the Constitution when they affirmatively placed Plaintiff in danger with a deliberate indifference to a known or obvious danger.  In order to prove Defendant Deputy Nicholas Caropino and/or Deputy Dwayne Chapple deprived Plaintiff Alexa Curtin of this Fourteenth Amendment right, Plaintiff Alexa Curtin must prove the following elements by a preponderance of the evidence:

1. Defendant Nicholas Caropino and/or Deputy Dwayne Chapple acted with deliberate indifference to Plaintiff Alexa Courtin's interest in personal security.

2. The actions of Defendant Deputy Nicholas Caropino and/or Deputy Dwayne Chapple made Plaintiff Alexa Curtin more vulnerable to being sexually assaulted and raped.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.

1    Source: *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 7

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County also objects to this use of this instruction because this is instruction has no application to this action as state created danger is not in controversy pursuant to the allegations of the Second Amended Complaint.  Further, Defendant County objects to the use of this instruction because it is duplicative of Plaintiff's proposed Jury Instruction No. 5.

Defendant County offers no alternative instruction.

# PHASE 2 INSTRUCTIONS

# JURY INSTRUCTION NO. 1: SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION

Plaintiff Alexa Curtin brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 9.1

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 1

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.

Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County also objects to the use of this instruction because this instruction is duplicative of Plaintiff's proposed Jury Instruction No. 1 as set forth in Phase I.

Defendant County offers no alternative instruction.

**JURY INSTRUCTION NO. 2: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON UNLAWFUL OFFICIAL POLICY, PRACTICE, OR CUSTOM – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against Defendant County of Orange alleging liability based on an official policy, practice, or custom, Plaintiff Alexa Curtin must prove each of the following elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino acted under color of state law;
2. the acts of Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of her particular rights under the United States Constitution;
3. Defendant Deputy Nicholas Caropino acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of Defendant County of Orange; and
4. Defendant County of Orange's official policy or widespread or longstanding practice or custom caused the deprivation of Plaintiff Alexa Curtin's rights by Defendant Deputy Nicholas Caropino; that is, Defendant County of Orange's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of Plaintiff Alexa Curtin's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that Defendant Deputy Nicholas Caropino acted under color of state law, and thus the first element requires no proof.

A defendant "deprives" another of a constitutional right if he does an

affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do, that causes the violation of the constitutional right. I instruct you that Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of her particular rights under the United States Constitution, and thus the second element requires no proof.

"Official policy" means a formal policy, such as a rule or regulation adopted by Defendant County of Orange, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of Defendant County of Orange. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded or punished.

In addition to Element 1 and Element 2, which I instructed you require no proof, if you find that the plaintiff has proved Element 3 and Element 4, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 9.5 **Modified.**

**DEFENDANT COUNTY OF ORANGE'S ALTERNATIVE JURY INSTRUCTION NO. 2: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON UNLAWFUL OFFICIAL POLICY, PRACTICE, OR CUSTOM – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against defendant County of Orange alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Nicholas Caropino acted under color of state law;

2. the acts of Nicholas Caropino deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions;

3. Nicholas Caropino acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant County of Orange; and

4. the defendant County of Orange's official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the Nicholas Caropino; that is, the County of Orange's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

"Official policy" means a formal policy, such as a rule or regulation adopted by the defendant County of Orange, resulting from a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

"Practice or custom" means any longstanding, widespread, or well-settled practice or custom that constitutes a standard operating procedure of the defendant County of Orange. A practice or custom can be established by repeated constitutional violations that were not properly investigated and for which the violator was not disciplined, reprimanded or punished.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction **[TO BE DETERMINED]** that deal with the particular right, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 9.5.

**DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF
ALEXA CURTIN'S JURY INSTRUCTION NO. 2**

Defendant County objects to the use of this instruction because Defendant
County does not concede there was a constitutional violation. Specifically,
Defendant County does not concede Defendant Nicholas Caropino was acting under
color of state law.  Further, Defendant County does not concede there was a
violation of the Fourth and/or Fourteenth Amendments of the United States
Constitution. Defendant County does not concede there was a seizure of the
plaintiff.

Without waiving Defendant County's positions on these issues, Defendant
County suggests, if the Court finds it appropriate to give this instruction, that the
Court provide the jury instruction in its native format as provided in Defendant
County's Alternative Jury Instruction No. 2.

## JURY INSTRUCTION NO. 3: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON RATIFICATION – ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claim against Defendant County of Orange alleging liability based on ratification by a final policymaker, Plaintiff Alexa Curtin must prove each of the following elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino acted under color of state law;
2. the acts of Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of her particular rights under the United States Constitution;
3. Assistant Sheriff Mark Billings or Commander Tim Moy acted under color of state law;
4. Assistant Sheriff Mark Billings or Commander Tim Moy had final policymaking authority from Defendant County of Orange concerning the acts of Defendant Deputy Nicholas Caropino; and
5. Assistant Sheriff Mark Billings or Commander Tim Moy ratified Defendant Deputy Nicholas Caropino's acts, that is, Assistant Sheriff Mark Billings or Commander Tim Moy knew of and specifically made a deliberate choice to approve Defendant Deputy Nicholas Caropino's acts and the basis for it.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that Defendant Deputy Nicholas Caropino acted under color of state law, and thus the first element requires no proof.

A defendant "deprives" another of a constitutional right if he does an affirmative act, participates in another's affirmative act, or omits to perform an act

1  which he is legally required to do, that causes the violation of the constitutional

2  right. I instruct you that Defendant Deputy Nicholas Caropino deprived Plaintiff

3  Alexa Curtin of her particular rights under the United States Constitution, and thus

4  the second element requires no proof.

5  In addition to Element 1 and Element 2, which I instructed you require no

6  proof, if you find that the plaintiff has proved Element 3, Element 4 and Element 5,

7  your verdict should be for the plaintiff. If, on the other hand, you find that the

8  plaintiff has failed to prove any one or more of these elements, your verdict should

9  be for the defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 9.7 **modified.**

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 3

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County also objects to this use of this instruction because it has no application to this action as plaintiff has no evidence to assert or support a ratification claim. Further, Sheriff Mark Billings and Commander Tim Moy have no application to this action.

Defendant County offers no alternative instruction.

## JURY INSTRUCTION NO. 4: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON A POLICY THAT FAILS TO PREVENT VIOLATIONS OF LAW OR A POLICY OF FAILURE TO TRAIN – ELEMENTS AND BURDEN OF PROOF

In order to prevail on her § 1983 claim against Defendant County of Orange alleging liability based on a policy that fails to prevent violations of law by its deputy sheriffs or of a failure to train its deputy sheriffs, Plaintiff Alexa Curtin must prove each of the following elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino acted under color of state law;

2. the acts of Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa Curtin of her particular rights under the United States Constitution;

3. the policies or training policies of Defendant County of Orange were not adequate to prevent violations of law by its deputy sheriffs or train its deputy sheriffs to handle the usual and recurring situations with which they must deal;

4. Defendant County of Orange was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees or known or obvious consequences of its failure to train its deputy sheriffs adequately; and

5. the failure of County of Orange to prevent violations of law by its deputy sheriffs or to provide adequate training caused the deprivation of Plaintiff Alexa Curtin's rights by Defendant Deputy Nicholas Caropino; that is, Defendant County of Orange's failure to prevent violations of law by its Deputy Sheriffs or to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

1

2        A person acts "under color of state law" when the person acts or purports to

3   act in the performance of official duties under any state, county, or municipal law,

4   ordinance or regulation. I instruct you that Defendant Deputy Nicholas Caropino

5   acted under color of state law, and thus the first element requires no proof.

6        A defendant "deprives" another of a constitutional right if he does an

7   affirmative act, participates in another's affirmative act, or omits to perform an act

8   which he is legally required to do, that causes the violation of the constitutional

9   right. I instruct you that Defendant Deputy Nicholas Caropino deprived Plaintiff

10  Alexa Curtin of her particular rights under the United States Constitution, and thus

11  the second element requires no proof.

12       A policy is a deliberate choice to follow a course of action made from among

13  various alternatives by the official or officials responsible for establishing final

14  policy with respect to the subject matter in question. A policy of inaction or

15  omission may be based on a failure to implement procedural safeguards to prevent

16  constitutional violations. To establish that there is a policy based on a failure to

17  preserve constitutional rights, a plaintiff must show, in addition to a constitutional

18  violation, that this policy amounts to deliberate indifference to Plaintiff Alexa

19  Curtin's constitutional rights, and that the policy caused the violation, in the sense

20  that the municipality could have prevented the violation with an appropriate policy.

21       "Deliberate indifference" is the conscious choice to disregard the

22  consequences of one's acts or omissions. The plaintiff may prove deliberate

23  indifference in this case by showing that Defendant County of Orange knew its

24  failure to implement adequate policies or its failure to train adequately made it

25  highly predictable that its Sheriff Deputies would engage in conduct that would

26  deprive persons such as Plaintiff Alexa Curtin her rights.

27

28

In addition to Element 1 and Element 2, which I instructed you require no proof, if you find that the plaintiff has proved Element 3, Element 4 and Element 5, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 9.8 **modified**

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 4

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County also objects to this use of this instruction because it has no application to this action as plaintiff has no evidence to assert or support a failure to prevent violations of law or a failure to train claim.

Defendant County offers no alternative instruction.

**JURY INSTRUCTION NO. 5: SECTION 1983 CLAIM AGAINST
LOCAL GOVERNING BODY DEFENDANTS BASED ON A POLICY THAT
FAILS TO PREVENT VIOLATIONS OF LAW OR A POLICY OF FAILURE
TO TRAIN – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against Defendant County of Orange
alleging liability based on a policy that fails to prevent violations of law by its
deputy sheriffs or of a failure to train its deputy sheriffs, Plaintiff Alexa Curtin must
prove each of the following elements by a preponderance of the evidence:

1. Defendant Deputy Nicholas Caropino and/or Deputy Dwayne Chapple acted
   with deliberate indifference to Plaintiff Alexa Curtin's interest in personal
   security.

2. Defendant Deputy Nicholas Caropino's and/or Deputy Dwayne Chapple's
   action made Plaintiff Alexa Curtin more vulnerable to being sexually
   assaulted and raped.

3. the policies or training policies of Defendant County of Orange were not
   adequate to train its deputy sheriffs to handle the usual and recurring
   situations with which they must deal;

4. Defendant County of Orange was deliberately indifferent to the substantial
   risk that its policies were inadequate to prevent known or obvious
   consequences of its failure to train its deputy sheriffs adequately; and

5. the failure of County of Orange to provide adequate training caused the
   deprivation of Plaintiff Alexa Curtin's rights by Deputy Dwayne Chapple;
   that is, Defendant County of Orange's failure to train is so closely related to
   the deprivation of the plaintiff's rights as to be the moving force that caused
   the ultimate injury.

"Deliberate indifference" is the conscious choice to disregard the
consequences of one's acts or omissions. I instruct you that Defendant Deputy

Nicholas Caropino and/or Deputy Dwayne Chapple acted with deliberate indifference, and thus the first element requires no proof.

I instruct you that Defendant Deputy Nicholas Caropino and/or Deputy Dwayne Chapple made Plaintiff Alexa Curtin more vulnerable to being sexually assaulted and raped, and thus the second element requires no proof.

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations. To establish that there is a policy based on a failure to preserve constitutional rights, a plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to Plaintiff Alexa Curtin's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy. "Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. The plaintiff may prove deliberate indifference in this case by showing that Defendant County of Orange knew its failure to implement adequate policies or its failure to train adequately made it highly predictable that its Sheriff Deputies would engage in conduct that would deprive persons such as Plaintiff Alexa Curtin her rights.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

In addition to Element 1 and Element 2, which I instructed you require no proof, if you find that the plaintiff has proved Element 3, Element 4 and Element 5, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the

1    defendant.

1        Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 9.8 **modified;** *Wood v. Ostrander*, 879 F.2d 583 (9th

3   Cir. 1989)

## DEFENDANT COUNTY OF ORANGE'S OBJECTION TO PLAINTIFF ALEXA CURTIN'S JURY INSTRUCTION NO. 5

Defendant County objects to the use of this instruction because Defendant County does not concede there was a constitutional violation. Specifically, Defendant County does not concede Defendant Nicholas Caropino was acting under color of state law.  Further, Defendant County does not concede there was a violation of the Fourth and/or Fourteenth Amendments of the United States Constitution. Defendant County does not concede there was a seizure of the plaintiff.

Defendant County also objects to this use of this instruction because this is instruction has no application to this action as plaintiff has no evidence to assert or support a failure to prevent violations of law or a failure to train claim. Further, Defendant County objects to the use of this instruction because it is a duplicative instruction of Plaintiff's proposed Jury Instruction No. 4, which appears to be based on Model Instruction 9.8.

Defendant County offers no alternative instruction.

1        <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2 Jury Instructions, Instruction 9.8 **modified;** *Wood v. Ostrander*, 879 F.2d 583 (9th

3 Cir. 1989)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECTION 3 – DEFENDANT'S PROPOSED JURY INSTRUCTIONS WITH PLAINTIFF'S OBJECTIONS**

Defendant County is aware of the portion of this Court's Civil Trial Preparation Order, Docket No. 16, which provides: "Counsel need only submit proposed substantive jury instructions, the Court propounds its own <u>general instructions</u> and essentially follows the format set out in the *Ninth Circuit Model Jury Instructions*."

Because of the amendments made to the Section 1, entitled: "Instructions on the Trial Process-Introductory Comment," Section 2: "Instructions on Types of Evidence, " and Section 3: "Instructions Concerning Deliberations," Defendant County believes it appropriate to err on the side of caution and consider the Model Instructions taken from these Sections to be substantive in nature.

**INDEX OF INSTRUCTIONS**
**MODEL NINTH CIRCUIT INSTRUCTIONS (PHASE I)**

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | Model 9th Cir. 1.2 | |
| 2 | Outline of Trial | Model 9th Cir. 1.21 | |
| 3 | Claims and Defenses | Model 9th Cir. 1.5 (As Modified) | |
| 4 | Burden of Proof-Preponderance of the Evidence | Model 9th Cir. 1.6 | |
| 5 | What is Evidence | Model 9th Cir. 1.9 | |
| 6 | What is Not Evidence | Model 9th Cir. 1.10 | |

67

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 7 | Direct and Circumstantial Evidence | Model 9th Cir. 1.12 (As Modified) | |
| 8 | Ruling on Objections | Model 9th Cir. 1.13 | |
| 9 | Credibility of Witnesses | Model 9th Cir. 1.14 | |
| 10 | Conduct of the Jury | Model 9th Cir. 1.15 | |
| 11 | No Transcript Available to Jury | Model 9th Cir. 1.17 | |
| 12 | Taking Notes | Model 9th Cir. 1.18 | |
| 13 | Bench Conferences and Recesses | Model 9th Cir. 1.20 | |
| 14 | Stipulations of Fact | Model 9th Cir. 2.2 | |
| 15 | Judicial Notice | Model 9th Cir. 2.3 | |
| 16 | Transcript of Recording in English | Model 9th Cir. 2.5 | |
| 17 | Impeachment Evidence - Witness | Model 9th Cir. 2.9 | |
| 18 | Expert Opinion | Model 9th Cir. 2.13 | |
| 19 | Charts and Summaries Not Received in Evidence | Model 9th Cir. 2.14 | |
| 20 | Charts and Summaries In Evidence | Model 9th Cir. 2.15 | |
| 21 | Special Instruction Defining "Under Color of State Law" | Pertinent Portions of Model 9th Cir. 9.3 | |

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 22 | Duty to Deliberate | Model 9th Cir. 3.1 | |
| 23 | Communication with Court | Model 9th Cir. 3.3 | |
| 24 | Return of Verdict | Model 9th Cir. 3.5 | |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**INDEX OF INSTRUCTIONS**
**MODEL NINTH CIRCUIT INSTRUCTIONS (PHASE I)**

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | Model 9th Cir. 1.2 | |
| | Outline of Trial | Model 9th Cir. 1.21 | |
| | Claims and Defenses | Model 9th Cir. 1.5 (As Modified) | |
| | Burden of Proof-Preponderance of the Evidence | Model 9th Cir. 1.6 | |
| | What is Evidence | Model 9th Cir. 1.9 | |
| | What is Not Evidence | Model 9th Cir. 1.10 | |
| | Direct and Circumstantial Evidence | Model 9th Cir. 1.12 (As Modified) | |
| | Ruling on Objections | Model 9th Cir. 1.13 | |
| | Credibility of Witnesses | Model 9th Cir. 1.14 | |
| | Conduct of the Jury | Model 9th Cir. 1.15 | |
| | No Transcript Available to Jury | Model 9th Cir. 1.17 | |
| | Taking Notes | Model 9th Cir. 1.18 | |
| | Bench Conferences and Recesses | Model 9th Cir. 1.20 | |
| | Stipulations of Fact | Model 9th Cir. 2.2 | |

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| | Judicial Notice | Model 9th Cir. 2.3 | |
| | Transcript of Recording in English | Model 9th Cir. 2.5 | |
| | Impeachment Evidence - Witness | Model 9th Cir. 2.9 | |
| | Expert Opinion | Model 9th Cir. 2.13 | |
| | Charts and Summaries Not Received in Evidence | Model 9th Cir. 2.14 | |
| | Charts and Summaries In Evidence | Model 9th Cir. 2.15 | |
| | Special Instruction Defining "Under Color of State Law" | Pertinent Portions of Model 9th Cir. 9.3 | |
| | Duty to Deliberate | Model 9th Cir. 3.1 | |
| | Communication with Court | Model 9th Cir. 3.3 | |
| | Return of Verdict | Model 9th Cir. 3.5 | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT JURY INSTRUCTIONS

## JURY INSTRUCTION NO. 1: DUTY OF JURY
## (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil
2    Jury Instructions, Instruction 1.2

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 1**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 2: OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

<u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.21

1  **PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY**
2  **OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 2**

3      It appears that this instruction proposed by Defendant County of Orange
4  concerns non-substantive matters. As these instructions are not substantive in nature,
5  and in deference to this Court's standing order requiring that the parties only submit
6  instructions on substantive matters, Plaintiff does not take a position as to
7  Defendant's proposed non-substantive instruction and defers to whatever process
8  this court employs regarding non-substantive instructions. Plaintiff can provide
9  proposed non-substantive instructions at the courts request.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 3: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff claims that Deputy Nicholas Caropino acted in violation of the Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments.  The Plaintiff has the burden of proving these claims.

Defendant the County of Orange and Defendant Nicholas Caropino deny these claims.

1

<u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2

Jury Instructions, Instruction 1.5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 3

3   This instruction misstates Plaintiff's claims. Plaintiff claims that Deputy

4   Nicholas Lee Caropino and/or Deputy Dwayne Chapple violated Plaintiff's

5   constitutional rights while acting under color of state authority.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 4: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1          <u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 1.6

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 4**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

83

**JURY INSTRUCTION NO. 5: WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.       the sworn testimony of any witness;

2.       the exhibits that are admitted into evidence;

3.       any facts to which the lawyers have agreed; and

4.       any facts that I have instructed you to accept as proved.

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2     Jury Instructions, Instruction 1.9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 5**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

## JURY INSTRUCTION NO. 6: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1          <u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 1.10

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 6**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

## JURY INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1        <u>Source:</u> U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2 Jury Instructions, Instruction 1.12

1   **PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY**

2   **OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 7**

3        It appears that this instruction proposed by Defendant County of Orange

4   concerns non-substantive matters. As these instructions are not substantive in nature,

5   and in deference to this Court's standing order requiring that the parties only submit

6   instructions on substantive matters, Plaintiff does not take a position as to

7   Defendant's proposed non-substantive instruction and defers to whatever process

8   this court employs regarding non-substantive instructions. Plaintiff can provide

9   proposed non-substantive instructions at the courts request.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 8: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1        <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 1.13

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 8**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES**

1

2      In deciding the facts in this case, you may have to decide which testimony to

3  believe and which testimony not to believe. You may believe everything a witness

4  says, or part of it, or none of it.

5      In considering the testimony of any witness, you may take into account:

6      (1)      the opportunity and ability of the witness to see or hear or know the

7  things testified to;

8      (2)      the witness's memory;

9      (3)      the witness's manner while testifying;

10      (4)      the witness's interest in the outcome of the case, if any;

11      (5)      the witness's bias or prejudice, if any;

12      (6)      whether other evidence contradicted the witness's testimony;

13      (7)      the reasonableness of the witness's testimony in light of all the

14  evidence; and

15      (8)      any other factors that bear on believability.

16      Sometimes a witness may say something that is not consistent with something

17  else he or she said. Sometimes different witnesses will give different versions of

18  what happened. People often forget things or make mistakes in what they remember.

19  Also, two people may see the same event but remember it differently. You may

20  consider these differences, but do not decide that testimony is untrue just because it

21  differs from other testimony.

22      However, if you decide that a witness has deliberately testified untruthfully

23  about something important, you may choose not to believe anything that witness

24  said. On the other hand, if you think the witness testified untruthfully about some

25  things but told the truth about others, you may accept the part you think is true and

26  ignore the rest.

27      The weight of the evidence as to a fact does not necessarily depend on the

28

1  number of witnesses who testify. What is important is how believable the witnesses

2  were, and how much weight you think their testimony deserves.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 1.14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 9**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 10: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court

JOINT JURY INSTRUCTIONS

1  immediately.

1    <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil
2    Jury Instructions, Instruction 1.15

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 10**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

## JURY INSTRUCTION NO. 11: NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2     Jury Instructions, Instruction 1.17

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO.11**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

1

## JURY INSTRUCTION NO. 12: TAKING NOTES

2        If you wish, you may take notes to help you remember the evidence. If you do

3   take notes, please keep them to yourself until you go to the jury room to decide the

4   case. Do not let notetaking distract you. When you leave, your notes should be left

5   in the jury room. No one will read your notes.

6        Whether or not you take notes, you should rely on your own memory of the

7   evidence. Notes are only to assist your memory. You should not be overly

8   influenced by your notes or those of other jurors.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.18

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 12**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 13: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 1.20

# PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 13

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

1

**JURY INSTRUCTION NO. 14: STIPULATIONS OF FACT**

2

The parties have agreed to certain facts to be placed in evidence as Exhibit A

3

that will be read to you. You must therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 2.2

1  **PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY**
2  **OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 14**

3       This instruction misstates the stipulation that was entered into by the parties.
4  The stipulation is not a factual one, rather it is a stipulation referencing evidence to
5  be presented. Thus, the instruction is improper.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 15: JUDICIAL NOTICE

The court has decided to accept as proved the fact that Defendant Nicholas Caropino denies having sexually assaulted the plaintiff, including engaging in sexual intercourse and oral copulation, and denies he was acting in the course and scope of his employment at the time of the alleged assault.

You must accept these facts as true.

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 2.3

1  **PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY**
2  **OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 15**

3      Plaintiff is unaware of the Court taking Judicial Notice of, or accepting as

4  proved any such facts. Further, Defendant Nicholas Lee Caropino has not denied

5  sexually assaulting plaintiff under the color of authority, when asked he asserted his

6  5th amendment right to remain silent which implies an admission. This instruction

7  misstates the facts and invents a Court ruling that is not in existence, and is therefore

8  improper.

**JURY INSTRUCTION NO. 16: TRANSCRIPT OF TAPE RECORDING IN ENGLISH**

You are about to hear and watch a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling. After the recording has been played, the transcript will be taken from you.

1        Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 2.5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 16**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

1

**JURY INSTRUCTION NO. 17: IMPEACHMENT EVIDENCE - WITNESS**

2

3

4

5

    The evidence that a witness, for example, has been convicted of a crime, or lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 2.9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 17**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

## JURY INSTRUCTION NO. 18: EXPERT OPINION

You are about to hear testimony from Jeffrey Noble and from Robert Fonzi who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

126

1       <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2  Jury Instructions, Instruction 2.13

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 18**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 19: CHARTS AND SUMMARIES NOT
RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1    <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 2.14

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 19**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 20: CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

132

1    <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 2.15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY
OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 20**

It appears that this instruction proposed by Defendant County of Orange
concerns non-substantive matters. As these instructions are not substantive in nature,
and in deference to this Court's standing order requiring that the parties only submit
instructions on substantive matters, Plaintiff does not take a position as to
Defendant's proposed non-substantive instruction and defers to whatever process
this court employs regarding non-substantive instructions. Plaintiff can provide
proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 21:**

A person acts under color of state law when the person is performing official duties under any state, county, or municipal law, ordinance or regulation.

1       <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2  Jury Instructions, Instruction 9.3, in part

# PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 21

Defendant County of Orange's instruction is an inadequate statement of the law in that it fails to provide any meaningful guidance to the jury regarding established legal standards applicable to the facts present in this case. The appropriate instruction is:

Plaintiff Alexa Curtin claims that Defendant Deputy Nicholas Caropino acted under color of state law.  A state employee generally acts under color of law when a state employee wrongs someone while acting in his official capacity or while exercising his responsibilities pursuant to state law.  The purpose of Section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights.  It is firmly established that a defendant acts under color of state law when he abuses the position given to him by the State.

Even where an officer is off duty, and even where his goals are private and outside the scope of his authority, an officer's acts will be under the color of state law where (1) the employee purports to or pretends to act under color of law, (2) his pretense of acting in the performance of his duties had the purpose and effect of influencing the behavior of others, and (3) the harm inflicted on plaintiff related in some meaningful way either to the officer's governmental status or to the performance of his duties.

Acts of sexual assault and rape may be performed under the color of state law where an officer uses his government position to exert influence and physical control over the plaintiff.

An officer need not be in uniform to be acting under the color of authority.

Source:  *Naffe v. Frey* (9th Cir. 2015) 789 F.3d 1030, 1037; *Wyatt v. Cole*, 504 U.S. 158 (1992); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *Dang Vang v. Vang Xiong X. Toyed*, 944 F.2d 476, 480 (9th Cir.1991); see also Comments of CACI 3000.

# JURY INSTRUCTION NO. 22: DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1        <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2  Jury Instructions, Instruction 3.1

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 22**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 23: COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 3.3

# PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 23

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

# JURY INSTRUCTION NO. 24: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 3.5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY**

**OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 24**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

# INDEX OF INSTRUCTIONS

## MODEL NINTH CIRCUIT INSTRUCTIONS (PHASE 2)

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| 1 | Expert Opinion | Model 9th Cir. 2.13 | |
| 2 | Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom - Elements and Burden of Proof (As modified) | Model 9th Circ. 9.5 | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

148

# INDEX OF INSTRUCTIONS

## MODEL NINTH CIRCUIT INSTRUCTIONS (PHASE 2)

| Instruction Number | Title | Source | Page |
|---|---|---|---|
| | Expert Opinion | Model 9th Cir. 2.13 | |
| | Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom - Elements and Burden of Proof (As modified) | Model 9th Circ. 9.5 | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## JURY INSTRUCTION NO. 1: EXPERT OPINION

2

3

4

You have heard testimony from Jeffrey Noble and from Robert Fonzi who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

5

6

7

8

Such opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          <u>Source</u>: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2   Jury Instructions, Instruction 2.13

**PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 1**

It appears that this instruction proposed by Defendant County of Orange concerns non-substantive matters. As these instructions are not substantive in nature, and in deference to this Court's standing order requiring that the parties only submit instructions on substantive matters, Plaintiff does not take a position as to Defendant's proposed non-substantive instruction and defers to whatever process this court employs regarding non-substantive instructions. Plaintiff can provide proposed non-substantive instructions at the courts request.

**JURY INSTRUCTION NO. 2: SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against defendant County of Orange alleging liability based on an official policy, practice, or custom, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Deputy Nicholas Caropino acted under color of state law;

2. the act of Nicholas Caropino deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions; and

3. Deputy Nicholas Caropino acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant County of Orange.

4. The defendant County of Orange's official policy or longstanding practice or custom caused the deprivation of the plaintiff's rights by Deputy Nicholas Caropino; that is, the County of Orange's official policy or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant [*name of local governing body*].

"Longstanding practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant County of Orange.

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under **[TO BE DETERMINED AT PHASE 1]**, your verdict should be for the plaintiff.

If, on the other hand, you find that the plaintiff has failed to prove any one or

1    more of these elements, your verdict should be for the defendant.

2              Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

3    Jury Instructions, Instruction 9.5.

**1**   **PLAINTIFF ALEXA CURTIN'S OBJECTION TO DEFENDANT COUNTY**
**2**   **OF ORANGE'S PROPOSED JURY INSTRUCTION NO. 2**

**3**   Defendant County of Orange's Instruction No. 2 misstates Ninth Circuit
**4**   Model Jury Instruction No. 9.5. Also, it fails to provide for the state of the case as it
**5**   will exist in phase two. Specifically, that a jury will already have established that
**6**   Deputy Caropino acted under coloer of state law, and that he deprived Plaintiff of a
**7**   constitutional right. The appropriate instruction is:

**8**   In order to prevail on her § 1983 claim against Defendant County of Orange
**9**   alleging liability based on an official policy, practice, or custom, Plaintiff Alexa
**10**   Curtin must prove each of the following elements by a preponderance of the
**11**   evidence:

**12**

**13**   5.  Defendant Deputy Nicholas Caropino acted under color of state law;
**14**   6.  the acts of Defendant Deputy Nicholas Caropino deprived Plaintiff Alexa
**15**       Curtin of her particular rights under the United States Constitution;
**16**   7.  Defendant Deputy Nicholas Caropino acted pursuant to an expressly
**17**       adopted official policy or a widespread or longstanding practice or custom
**18**       of Defendant County of Orange; and
**19**   8.  Defendant County of Orange's official policy or widespread or
**20**       longstanding practice or custom caused the deprivation of Plaintiff Alexa
**21**       Curtin's rights by Defendant Deputy Nicholas Caropino; that is, Defendant
**22**       County of Orange's official policy or widespread or longstanding practice
**23**       or custom is so closely related to the deprivation of Plaintiff Alexa
**24**       Curtin's rights as to be the moving force that caused the ultimate injury.

**25**   A person acts "under color of state law" when the person acts or purports to
**26**   act in the performance of official duties under any state, county, or municipal law,
**27**   ordinance or regulation. I instruct you that Defendant Deputy Nicholas Caropino

**28**

1    acted under color of state law, and thus the first element requires no proof.

2         A defendant "deprives" another of a constitutional right if he does an

3    affirmative act, participates in another's affirmative act, or omits to perform an act

4    which he is legally required to do, that causes the violation of the constitutional

5    right. I instruct you that Defendant Deputy Nicholas Caropino deprived Plaintiff

6    Alexa Curtin of her particular rights under the United States Constitution, and thus

7    the second element requires no proof.

8         "Official policy" means a formal policy, such as a rule or regulation adopted

9    by Defendant County of Orange, resulting from a deliberate choice to follow a

10   course of action made from among various alternatives by the official or officials

11   responsible for establishing final policy with respect to the subject matter in

12   question.

13        "Practice or custom" means any longstanding, widespread, or well-settled

14   practice or custom that constitutes a standard operating procedure of Defendant

15   County of Orange. A practice or custom can be established by repeated

16   constitutional violations that were not properly investigated and for which the

17   violators were not disciplined, reprimanded or punished.

18        In addition to Element 1 and Element 2, which I instructed you require no

19   proof, if you find that the plaintiff has proved Element 3 and Element 4, your verdict

20   should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed

21   to prove any one or more of these elements, your verdict should be for the

22   defendant.

23

24

25

26

27

28

1          Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil

2    Jury Instructions, Instruction 9.5 **modified**

DATED: July 20, 2017

JEREMY D. JASS
JASS LAW


By: ___/s/ Jeremy Jass___
　　　Jeremy D. Jass
　　　Attorney for Plaintiff, ALEXA CURTIN


DATED: July 20, 2017

DANA ALDEN FOX
DAWN M. FLORES-OSTER
BARRY HASSENBERG
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: ___/s/ Barry Hassenberg___
　　　Dana Alden Fox
　　　Attorneys for Defendant COUNTY OF
　　　ORANGE