Holly N. Boyer, SBN 221788
   *hboyer@ecbappeal.com*
Shea S. Murphy, SBN 255554
   *smurphy@ecbappeal.com*
ESNER, CHANG & BOYER
234 E. Colorado Blvd., Ste. 975
Pasadena, CA  91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>              Plaintiff,<br><br>        vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>              Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DECLARATION OF HOLLY N. BOYER IN SUPPORT OF PLAINTIFF'S REPLY TO THE COUNTY'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed Concurrently herewith Reply In Support of Plaintiff's Motion for Partial Summary Judgment*]<br><br>FSC:       July 24, 2017<br>Trial:       August 1, 2017 |

1

**DECLARATION OF HOLLY N. BOYER**

# DECLARATION OF HOLLY N. BOYER

I, Holly N. Boyer, declare as follows:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and am a partner with Esner, Chang & Boyer, attorneys of record for Plaintiff, Alexa Curtin, along with Jass Law and Balaban Spielberger. The following is true of my own knowledge, and I am competent to testify hereto.

2. On July 17, 2017, Defendants Response to Plaintiffs Unredacted Statement of Uncontroverted Facts and Conclusions of Law and Motion for Partial Summary Judgment of Issues re Memorandum in Opposition to Motion [Dkt 181] was filed under seal. Neither myself, nor my co-counsel, were served with the document nor able to access the document on Pacer. After having brought it to counsel's attention on July 21, 2017, counsel for Defendant County of Orange emailed the filed unredacted response. To date, it does not appear that the County has filed a proof of service as to the sealed document, Docket 181.

3. Attached as **Exhibit "1"** is the entire dash-cam video from the night of the incident produced by the County as Exhibit 000777-000778. While it is Plaintiff's position that there is no need to file the video under seal, because the County designated the video as confidential and pursuant to the parties' protective order, Plaintiff submits the video under seal.

4. Exhibit 1 reflects the entire dash-cam video produced by the County from the night of the incident. While the County submitted portions of the video in support of its Opposition to Plaintiff's Motion for Partial Summary Judgment (see Dkt. 174, Exhibits "C" and "D"), the entire video is necessary to place in context the portions cited by the County. Notably, while the County filed Exhibit C publicly and thus not under seal, it filed Exhibit D under seal. While it is unclear why one portion of the video would be sealed and not the other, I contacted counsel for the County, Ms. Dawn M. Flores-Oster, and asked whether the County would be agreeable to Plaintiff's filing of the entire dash-cam video not under seal. Ms.

1 Flores-Oster responded that the County would not agree.

2     5.    Using the time stamp at the bottom left of the video in Exhibit 1 (which begins at 0:00:00), the following time periods are relevant to the Reply filed by Plaintiff:

    a.    00:01:08 - 00:01:21. With Plaintiff in the back of the patrol car, Plaintiff's husband asks "What's Happening with my wife?" and "What's happening with Alexa?" and "Is she going to jail?" Deputy Caropino responded "I don't know yet."

    b.    00:10:29-00:10:46. Deputy Caropino states to Plaintiff, while she is in the back of the patrol car, "Just because you're in the back of a police car doesn't always mean you're going to jail. Where is your car parked at, huh?"

    c.    00:12:52-13:01. While driving Plaintiff to her vehicle, Deputy Caropino states to Plaintiff "Ok, so you're just going to sleep in your car tonight, is that what you're trying to tell me?" and she responds "yeah, until the morning."

    d.    00:26:49-00:27:59. Plaintiff confirms to Deputy Chapple and Caropino that they will come back and check on her. Deputy Caropino continues to ask Plaintiff for her license and states that it may be in her wallet in a suitcase in the car.

    e.    00:27:59. Deputy Caropino searches Plaintiff's suitcase.

    f.    00:45:08. Deputy Caropino and Chapple leave Plaintiff at her vehicle.

    g.    00:47:57. Deputies Chapple and Caropino arrive at Dana Point Sub Station. Deputy Caropino drops off Deputy Chapple.

    h.    00:48:18. Deputy Caropino leaves Dana Point Sub Station to return to Plaintiff.

DECLARATION OF HOLLY N. BOYER

|   |   |   |
|---|---|---|
| 1 | i. | 00:48:18 - 00:50:47.  Deputy Caropino races back to Plaintiff's location. |
| 2 | | |
| 3 | j. | 00:50:47 - 56:51.  Deputy Caropino's patrol car is parked at Plaintiff's location. |
| 4 | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 24, 2017, at Pasadena, California.

                                     */s/ Holly N. Boyer*
                                     Holly N. Boyer, Esq.

**DECLARATION OF HOLLY N. BOYER**

# EXHIBIT 1



**Exhibit 1**