Jeremy D. Jass, Esq., SBN 279466
**JASS LAW**
4510 E. Pacific Coast Hwy., Suite 400
Long Beach, CA 90804
Tel: (562) 340.6299
Fax: (562) 340.6422
Email: Jeremy@jasslaw.com

Holly N. Boyer, Esq., SBN 221788
**ESNER, CHANG & BOYER**
234 East Colorado Boulevard, Suite 975
Pasadena, CA 91101
Tel.: (626) 535-9860
Fax: (626) 535-9859
Email: hboyer@ecbappeal.com

Daniel K. Balaban, Esq., SBN 243652
**BALABAN & SPIELBERGER, LLP**
11999 San Vicente Boulevard, Suite 345
Los Angeles, CA 90049
Tel.: (424) 832-7677
Fax: (424) 832-7702
Email: daniel@dbaslaw.com

Attorneys for
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE;<br>NICHOLAS LEE CAROPINO,<br>individually and as Deputy Sheriff<br>for the County of Orange; and DOES<br>1 through 50,<br><br>　　　　Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br>The Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 6 FOR ORDER ALLOWING THE USE OF JURY QUESTIONNAIRE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY JASS**<br><br>Pre-Trial Conference: July 24, 2017<br>Trial Date: August 1, 2017 |

**PLAINTIFF'S MOTION IN LIMINE NO. 6 FOR ORDER ALLOWING THE USE OF JURY QUESTIONNAIRE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 31, 2017, or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-referenced Court, located at 350 W. 1st street, 10th floor, Los Angeles, CA 90012, Plaintiff Alex Curtin will, and hereby does, move the Court *in limine* to administer the proposed jury questionnaire attached hereto as Exhibit "A."

This Motion is made pursuant to Federal Rule of Civil Procedure 47(a), on the ground that justice will be served thereby.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities and Declaration of Jeremy Jass attached hereto, upon the papers and record on file herewith, and such oral and documentary evidence as may be presented at the hearing of this motion.

DATED: July 24, 2017					**JASS LAW**

						By:  /s/ Jeremy D. Jass
						    Jeremy D. Jass, Esq.
						    Attorneys for Plaintiff
						    ALEXA CURTIN

---

**PLAINTIFF'S MOTION IN LIMINE NO. 6 FOR ORDER ALLOWING THE USE OF JURY QUESTIONNAIRE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff requests the Court to administer the attached jury questionnaire for voir dire of jurors. The questionnaire will assist counsel in selecting jurors. It will limit dramatically oral questioning on important background information. It will save enormous amounts of time. It will help direct attention to potential cause issues. The parties, the Court, the panel and the process will be greatly served by the use of the proposed jury questionnaire.

## II. PLAINTIFF *DOES NOT* OPPOSE COUNTY'S MOTION TO THE EXTENT IT SEEKS TO ORDER CAROPINO TO PLEAD THE 5TH CONSISTENT WITH HIS DISCOVERY RESPONSES

Rule 47(a) of the Federal Rules of Civil Procedure states:

**Selection of Jurors**

(a) Examining Jurors.
The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.

Fed. R. Civ. P. 47(a)

The use of supplemental jury questionnaires proposed by counsel is within the "sound judicial discretion" of the district court. *United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000) (citing *United States v. Baldwin*, 607 F.2d 1295, 1297 (9th Cir. 1979). A trial judge has discretion to conduct part of the *voir dire* process exclusively based on written jury questionnaires, so long as it was consistent with established procedural rules. *United States v. Wecht*, 537 F.3d 222, 242-43 (3d Cir. 2008). In *Shively v. United States*, 299 F. 710, 714 (9th Cir. 1924), the action of the district court in requiring all general questions in examination of jurors to be addressed to the entire panel was held by the Court of Appeal to be within the

1

district court's discretion. Moreover, in cases such as this one, where few jurors will have knowledge of the case, *voir dire* consisting of general questions addressed to entire panel of jurors, followed by individual questions of jurors who responded favorably to initial inquiries, has been held adequate. *United States v. McDonald*, 576 F.2d 1350, 1355 (9th Cir. 1978).

Using the proposed questionnaire will also assist in exercising peremptory and cause challenges. In *Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981), the court acknowledged that jury selection "must be conducted in manner that allows parties to effectively and intelligently exercise their right to peremptory challenges and challenges for cause." (footnotes omitted). The *Darbin* court further observed:

> The voir dire examination plays a critical role in securing the right to an impartial jury in civil, as well as criminal, trials. The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice.
>
> The two types of challenges, in combination, are designed to achieve two important objectives: first, that when a jury is finally chosen it will perform its duties in a fair and unbiased manner; and second, that the parties and the public will have confidence in the impartiality and integrity of the jury.

664 F.2d at 1112-13. (footnotes omitted).

The proposed questionnaire will give each juror time to reflect in private on answers to key questions about attitudes relevant to issues in the case. It will eliminate the pressure of public discomfort caused by answering questions in an unfamiliar public setting.

//
//
//
//

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**

The Rutter Group publication, *Federal Civil Trials and Evidence,* §§ 5:98.1-5:98.4 (Rutter Group 2009), a well respected and widely used federal practice guide enumerates the benefits of a jury questionnaire. It stated in its 2009 edition:

> [5:98.1] Questionnaires protect jurors' privacy and jurors are therefore more willing to disclose embarrassing or sensitive information than they would be in open court.
>
> [5:98.2] Questionnaires give prospective jurors greater opportunity to reflect on the questions to determine if their prior experiences or opinions may in some way influence their evaluation of the case.
>
> [5:98.3] Questionnaires can reduce the amount of time for oral voir dire since further questioning is often limited to follow-up questions.
>
> [5:98.4] Questionnaires allow the parties to evaluate and compare jurors' answers, especially where the venire is called in early and ample time is provided to prepare follow-up questions.
>
> [5:98.4a] Questionnaires provide an opportunity for more reflective and meaningful challenges.

The use of the proposed jury questionnaire will reduce *voir dire* time. The Court will not have to ask repetitive background questions of each panel member. The panel members will all work on questions simultaneously. There will be no reason to use the "question" from the "board" because the information will be contained in the questionnaire. After it finishes completing the questionnaire, the panel can then be released after being instructed by the Court on a specific time to return. The copying and collating of questionnaires for the Court and counsel can be easily accomplished in a few hours.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**

The use of the proposed jury questionnaire will also conserve time and court costs. It will readily identify individuals who are themselves plaintiffs, or employed by defendants, to counsel and the Court. Use of questionnaire can then result in the immediate dismissal for cause of the prospective juror without that person contaminating the remaining venire persons with his or her personal views, or with misinformation.

### III. CONCLUSION

The proposed questionnaire should therefore be used.

DATED: July 25, 2017          **JASS LAW**

By:   /s/ Jeremy D. Jass
      Jeremy D. Jass, Esq.
      Attorneys for Plaintiff
      ALEXA CURTIN

# **DECLARATION OF JEREMY JASS**

I, Jeremy Jass, declare as follows:

1. I am a member in good standing with the California Bar and an attorney licensed to practice before the Courts in the State of California, as well as the United States District Court for the Central District of California. I am the attorney of record for the Plaintiff, Alexa Curtin, in the herein civil rights case.

2. Unless the context indicates otherwise, I have personal knowledge of the matters set forth hereinafter and, if called as a witness, I would competently testify thereto.

3. Plaintiff's counsel have prepared a proposed jury questionnaire for the Court's consideration for administration to prospective jurors, a copy of which is attached hereto as Exhibit "A." I believe its advantages are its relative brevity, its comprehensiveness, and easier legibility.

4. I believe it would be advantageous to administer the proposed questionnaire to the jurors. Doing so will save much time that would otherwise have to be spent orally examining jurors about basic factual matters. The proposed questionnaire will also serve the purpose of identifying potential issues for cause challenges.

5. Based on information and belief, Defendant County of Orange is agreeable to the use of questions 1, 2, 3, 4, 5, 6, 7, 8, 9, 17, and 18 in the Proposed Jury Questionnaire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 24, 2017, at Long Beach, California.

                                                                    */s/ Jeremy Jass*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**

  
Jeremy Jass, Esq.

6

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 14**