Holly N. Boyer, SBN 221788
   *hboyer@ecbappeal.com*
Shea S. Murphy, SBN 255554
   *smurphy@ecbappeal.com*
ESNER, CHANG & BOYER
234 E. Colorado Blvd., Ste. 975
Pasadena, CA  91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange; and DOES 1 through 50,<br><br>                    Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF ORANGE'S REQUEST FOR RECONSIDERATION OF BIFUCATION**<br><br>Trial:        August 2, 2017 |

1

**PLAINTIFF'S RESPONSE TO DEFENDANT COUNTY OF ORANGE'S
REQUEST FOR RECONSIDERATION OF BIFUCATION**

Plaintiff submits the following Response to Defendant County of Orange's "Request for Reconsideration of Court's Trial Phasing Order."

## I.   THE COUNTY'S UNTIMELY REQUEST TO MODIFY THE COURT'S ORDER RE THE PHASES OF TRIAL SHOULD BE DENIED

The County requests that this Court reconsider its ruling to bifurcate the 42 U.S.C., § 1983 against Deputy Caropino from the *Monell* claim against the County, and modify its order that the remaining element of damages as to this first cause of action be tried first on Wednesday, August 2, 2017.  According to the County, despite the fact that such claims have been bifurcated with the Section 1983 claim against Deputy Caropino first *for almost a year* (see Dkt. 17), and despite notice of the issues to be determined in Plaintiff's motion for partial summary judgment for at least five weeks, the County now claims that the order of trial is prejudicial.  There are several flaws with the County's position.

At the outset, the County fails to appreciate the numerous evidentiary issues which remain to be resolved concerning the scope of the *Monell* phase of trial.  Indeed, as explained by the Court, the order denying *sua sponte* motion for summary judgment on the issue of *Monell* liability will control the evidence that will be presented during this phase.  As such, the multiple motions in limine on this issue will need to be resolved prior to this phase of trial.  The resolution of these motions will necessarily dictate *what witnesses will be presented* and as such Plaintiff cannot meaningfully prepare for trial without knowing the scope of the evidence that will be admissible.

Furthermore, following the Court's order as of yesterday, July 31, 2017, Plaintiff began preparing for the damages phase of trial and has secured witnesses and evidence in this regard.  For Plaintiff to now reorganize her efforts to present the *Monell* theory of liability within 12 hours of when trial is set to begin, on a theory of *Monell* which as of the time of this filing has not yet been identified by

2

the Court, would cause extreme hardship to Plaintiff's witnesses and prejudice her ability to effectively present her case.

Lastly, the County's request is untimely, and may be denied exclusively for this reason. As noted above, this Court bifurcated Plaintiff's claims almost exactly one year ago. At no point following this order during the intervening twelve months did the County request the issue of damages be further bifurcated from the two issues liability phases. Additionally, the County has been aware of the possibility that this Court would enter summary judgment in Plaintiff's favor since notice of Plaintiff's intent to file her Motion for Summary Judgment was given over five weeks ago. Rather, the County waited until the literal day before the scheduled start of trial, in the wake of this Court's orders regarding Plaintiff's motion for summary judgment, to now request the bifurcation of trial. Such a request is untimely. *Diorio v. Cty. of Kern*, No. 1:11-CV-01569-SAB, 2013 WL 2458377, at *2 (E.D. Cal. June 6, 2013) (denying motion to bifurcate punitive damages brought on the first day of trial because it was untimely.)

In short, under the District Court's original order, the damages from the first phase of trial were set to be tried prior to the *Monell* phase of the trial. Nothing has changed. The same damages are set to be tried in the exact same order contemplated by this Court's August 8, 2016 order. That the County was not subject to prejudice under the Court's August 8, 2016 simply has not changed.

Plaintiff therefore respectfully requests that the County's request for reconsideration be denied.

Dated: August 1, 2017                    ___/s/ Holly N. Boyer_____
                                          Holly N. Boyer, Esq.

---

3