Holly N. Boyer, SBN 221788
 *hboyer@ecbappeal.com*
Shea S. Murphy, SBN 255554
 *smurphy@ecbappeal.com*
ESNER, CHANG & BOYER
234 E. Colorado Blvd., Ste. 975
Pasadena, CA  91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859

Attorneys for Plaintiff
ALEXA CURTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXA CURTIN,<br><br>             Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE; NICHOLAS LEE CAROPINO, individually and as Deputy Sheriff for the County of Orange,<br><br>             Defendants. | Case No.: 8:16-CV-00591-SVW-PLA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**PLAINTIFF'S TRIAL BRIEF RE EVIDENCE IN DAMAGES PHASE**<br><br><br>Trial:     August 2, 2017 |

1

**PLAINTIFF'S TRIAL BRIEFRE EVIDENCE IN DAMAGES PHASE**

Plaintiff Alexa Curtin presents the following trial brief regarding certain evidence in the damages phase of trial.

## I. Plaintiff is Absolutely Entitled to the Adverse Inference Arising From Deputy Caropino's Invocation of the Fifth Amendment at Trial as Against Defendants Caropino and the County

On August 3, 2017, the County argued that Plaintiff should not be allowed to present testimony from Deputy Caropino, including his previous deposition testimony invoking his Fifth Amendment right, at trial since according to the County such evidence would be *prejudicial* to the County. For several reasons, the County is mistaken. Most poignantly, the County cannot and should not be permitted to deprive Plaintiff of her right to present evidence of Deputy Caropino's invocation of his Fifth Amendment right to support an evidentiary inference that bolsters Plaintiff's testimony of the facts detailing the sexual assault and rape. As admitted by the County, the defense intends to discredit Plaintiff and demonstrate that the assault was not as bad as she will testify to. The inference from Deputy Caropino's invocation of the fifth amendment concerning his act of raping Plaintiff that the jury may draw—that Deputy Caropino committed the rape and sexual assault, and that these acts were vile, violent and profoundly damaging—counter's the County's efforts to discredit Plaintiff. This inference is appropriate both as to the Deputy Caropino and his employer the County. See *In Brink's, Inc. v. City of New York,* 717 F.2d 700 (2d Cir.1983) (Second Circuit held that in a civil action, adverse inference permissible against employer where employees asserted Fifth Amendment privilege); *RAD Services, Inc. v. Aetna Casualty and Surety Co.,* 808 F.2d 271 (3rd Cir.1986) (Third Circuit held that an employee's invocation of the privilege was admissible against his employer); *Cerro Gordo Charity v. Fireman's Fund American Life Insurance*, 819 F.2d 1471 (8th Cir.1987) (Eighth Circuit held that the Fifth Amendment invocation of a controlling member of a charity was

1  admissible against that charity, finding the witness stood in the same position as the
2  non-party ex-employees in *RAD Services* and *Brink's*).
3      Moreover, the County is the party who sought to have the Damages from the
4  first phase of trial consolidated with the damages from the second phase of trial,
5  and bifurcated off into a consolidated damages phase. Had the County prevailed on
6  the *Monell* claim, and the consolidated damages phase only involved damages
7  against Deputy Caropino, there is no doubt that an inference against Deputy
8  Caropino's invocation of the Fifth Amendment would be entirely admissible. The
9  County should not now be allowed to engineer a circumstance in which evidence
10 that is in fact admissible both as to Deputy Caropino and the County is excluded on
11 the unsupported contention that it is prejudicial to the County.
12     Finally, "[t]rial courts generally will not permit a party to invoke the privilege
13 against self-incrimination with respect to deposition questions and then later testify
14 about the same subject matter at trial. See *FTC v. Sharp*, 782 F.Supp. 1445, 1452
15 (D.Nev.1991). The Federal Rules of Civil Procedure "contemplate ... 'full and equal
16 discovery' ... so as to prevent surprise, prejudice and perjury" during trial. Id.
17 "[B]ecause the privilege may be initially invoked and later waived at a time when
18 an adverse party can no longer secure the benefits of discovery, the potential for
19 exploitation is apparent.' *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d
20 Cir.1994)." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008)
21     As discussed on August 3, rather than Call Deputy Caropino as a live witness,
22 to have him repeat his invocation of the Fifth Amendment and run the risk of him
23 changing his testimony, Plaintiff seeks to play the short, five minute video from
24 Deputy Caropino's deposition in which he provides the relevant responses.
25 ///
26 ///
27 ///
28

3

**PLAINTIFF'S TRIAL BRIEFRE EVIDENCE IN DAMAGES PHASE**

## II. Evidence of Plaintiff's Involvement in the Adult Film Industry Should Be Excluded In Its Entirety.

The County also argued it should be allowed to introduce testimony concerning Plaintiff's involvement in the adult film industry some two years before her encounter with Deputy Caropino. The County contends that Plaintiff told a friend of her's, after her involvement in the adult film industry but before the rape and sexual assault, that she was unhappy with her very brief involvement in the adult film industry, and that such evidence is probative of Plaintiff's damages. The County is wrong, as now explained such evidence is entirely speculative and to the extent it has any probative value it is completely outweighed by the extreme risk of harm and prejudice to Plaintiff by such salacious and scandalous evidence. As such, the evidence is absolutely not admissible under Federal Rule of Evidence 412.

The County's stated desire to introduce evidence concerning Plaintiff's participation in the adult film industry has no probative value whatsoever. Per the plain language of Rule 412, "evidence offered to prove that a victim engaged in other sexual behavior" and "evidence offered to prove a victim's sexual predisposition" are "***not admissible*** in a civil or criminal proceeding involving alleged sexual misconduct". Fed. R. Evid. 412(a) (emphasis added). As explained in the advisory committee notes to the rule, "[t]he reason for extending Rule 412 to civil cases is … obvious." Specifically, "[t]here is a strong social policy in not only punishing those who engage in sexual misconduct, ***but in also providing relief to the victim***." As such, the rule enshrines "[t]he need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and the wish to encourage victims to come forward when they have been sexually molested…." Fed. R. Evid. 412 advisory committee notes.

To this end, the provisions of Rule 412(a) have been expansively construed to apply to a very wide range of potential evidence. For example. "past sexual behavior" is understood to mean "all activities that involve actual physical conduct,

i.e. sexual intercourse or sexual contact. Fed R. Evid. 412 advisory notes, citing *United States v. Galloway*, 937 F.2d 542 (10th Cir. 1991) (use of contraceptives inadmissible since use implies sexual activity); *United States v. One Feather*, 702 F.2d 736 (8th Cir. 1983) (birth of an illegitimate child inadmissible); *State v. Carmichael*, 727 P.2d 918, 925 (Kan. 1986) (evidence of venereal disease inadmissible).

Here, the County's intent to adduce testimony concerning Plaintiff's participation in the adult film industry unquestionably falls squarely within Rule 412. As such, it is subject to Rule 412's strict prohibitions to the introduction of such evidence.

The only exception to the broad-based prohibitions contained in Rule 412 applicable to civil cases is set forth in subdivision (b)(2) of Rule 412: "the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value ***substantially outweighs the danger of harm to any victim and of unfair prejudice to any party***." In other words, Rule 412 establishes a balancing test which, even when satisfied, only provides a basis by which the court may, but is not obligated, to exercise discretion in admitting such evidence.

Importantly, as noted in the Rule's advisory notes, the balancing test established under Rule 412(b)(2) involves three features which set it apart from the analogous test employed under Rule 403. "First, it reverses that usual procedure spelled out in Rule 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence. Second, the standard expressed in subdivision (b)(2) is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence *substantially* outweigh the specified dangers. Finally, the Rule 412 test puts 'harm to the victim' on the scale in addition to prejudice to the parties."

1  Specifically, the County's intent to ask Plaintiff's childhood friend about a
2  conversation she had with Plaintiff regarding her participation in the adult industry,
3  which occurred before she was raped by Deputy Caropino, does not have any
4  probative value. And to the extent it does have any, it does not come anywhere near
5  substantially outweighing the danger of harm to Plaintiff or the unfair prejudice to
6  her.
7
8
9
10  Dated:  August 4, 2017                    ___/s/ Shea s. murphy_____
11                                            Shea S. Murphy, Esq.

**PLAINTIFF'S TRIAL BRIEFRE EVIDENCE IN DAMAGES PHASE**