UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REGARDING RENEWED MOTION FOR ATTORNEYS' FEES [324]

Pursuant to the Court's Order on January 31, 2018, Plaintiff files a second Motion for Attorney's Fees amending the hours and rates requested. As the prevailing party, Plaintiff Alexa Curtin is entitled to an award of attorneys' fees pursuant to § 1988. The Court partially GRANTS Plaintiff's Motion for Attorney's Fees but denies Plaintiff's request for a lodestar modifier.

   I.   **Local Rule 7-3**

The County claims that Plaintiff failed to properly meet and confer and thus the entire request for attorneys' fees should be denied. This is incorrect. Here, the Court ordered Plaintiff to file a Renewed Motion with specific instructions regarding the changes Plaintiff should make. Because the Court had prescribed how counsel should proceed, there was no need for a second meet-and-confer on the same motion. The original meet and confer for this motion was operative and complied with Local Rule 7-3.

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

    II.   **Exclusion of Kaufman's Expert Testimony**

    The County relies on the declaration of Robert Kaufman, a public entity defense attorney with some experience in civil rights actions, to argue that the adjusted second quartile hourly rate is not low enough. The Court has multiple concerns with this declaration.

    First, Local Rule 7-7 states that "declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)." Declarations should not consist of arguments. The declaration contains multiple arguments and opinions without clear factual basis.

    Rule 702 of the Federal Rules of Evidence provides, "A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods to the facts of the case." Rule 702 assigns to this Court the task of acting as a gatekeeper to assess whether expert testimony is admissible. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Kaufman's opinions are not based on personal knowledge and thus lack foundation; he is not qualified to opine on the reasonableness of attorney's fees; and his opinions are based on speculation and subjective belief, not on a reliable methodology as required under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

    When expert opinion is offered, the Court must determine if the opinion "is the product of reliable principles and methods," meaning whether the opinion is based on rigorous application of accepted principles and methods within the expert's field, rather than on "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589. Kaufman's declaration suffers from the same inadequacies as the Schratz Declaration the Court considered in the prior motion. Kaufman's declaration falls within the "subjective belief or unsupported speculation" which *Daubert* cautions against because he lacks the experiences, skills, and specialized knowledge to be considered an expert on the reasonableness of attorneys' fees, especially in cases like this. This Court noted that Schratz failed to cite a single case from the Central District of California that he used to determine his opinions here. Dkt. 323, p. 20. Kaufman also fails to cite a single Central District of California case in his calculation of fees. See Dkt. 323, pp. 12-18.

 

                                                                                                            Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

Kaufman offers no materials to support his "expert" opinion as to the appropriate second quartile hourly rate to be used in this action. Kaufman cites a 2009 "study" (without attaching it) allegedly demonstrating that attorneys fees for small firms is drastically lower than large firms. While such an analysis ignores the fact that most plaintiffs' firms are in fact small by model, the analysis is entirely unsupported by any submitted data or reliable methods employed by experts in the field. Kaufman's opinion lacks a showing of reliability or expertise and fail the *Daubert* test.

Kaufman also lacks experience with *Monell* cases. Just as this Court noted in regard to Schratz, Kaufman has no experience with cases of civil rights violations involving sexual assault or rape. *See* Dkt. 323, pp. 19-20. Kaufman also has no personal knowledge of the facts asserted in his declaration. In its January 31, 2018 Order, this Court noted that Schratz's opinions were not based on personal foundation and lack foundation because Schratz was not at the hearings and that Schratz made "broad sweeping generalizations about contingency fees as a whole, without providing any specific or factual support to show the contingency fee in the case at hand was problematic." Dkt. 323, p. 19. Similarly, here, Kaufman was not present at any hearings; he acknowledged that in his declaration. Dkt. 327-2, p. 10 ("I have no personal knowledge of which extreme was evidenced at the trial in this case.") Setting aside his inexperience with *Monell* claims, Kaufman has no personal knowledge about the efforts expended by Plaintiff's counsel here in trying her action.[1]

For all of those reasons, the Court does not consider Kaufman's declaration in its analysis.

### III.   Billing Calculation

In its January 31, 2018 Order, the Court ordered Plaintiff to file a renewed Motion for Attorneys' Fees reflecting the following changes: only allow time billed for one attorney to prepare and attend depositions, for the two most experienced attorneys to attend the July 31, 2017 Motion for Summary Judgment Hearing, for the two most experienced attorneys to attend mediation, for only Mr. Jass, Mr. Balaban, and Mr. Greene to attend trial, and to remove all billing from Mr. Murphy, Ms. Lotus, Ms.

---

[1] The Court notes that Kaufman's Declaration is full of personal commentary on each attorney that does not seem based in any personal knowledge and attacks each individual attorney's abilities without basis. At multiple points, Kaufman notes that he does not personally know Plaintiff's attorneys and does not practice in their area; however, he continues to comment on the quality of their lawyering.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

Jose, and Mr. Persoff. Plaintiff also correctly applied the Court's reasoning to the July 10, 2017 Status Conference and the July 24, 2017 Final Pre-Trial Conference. Plaintiff made changes accordingly. Plaintiff also complied with the Court's order to revise her attorneys' fees hourly rates to fall within the second quartile of Gerald G. Knapton's analysis. Dkt. 323. After adjusting the hours and rates in accord with the Court's Order, the lodestar calculation is $668,559.50.

The County disputes the lodestar figure, claiming that Plaintiff still engages in block-billing, that Plaintiff billed for unsuccessful efforts, and that Plaintiff billed for duplicative discovery. The Court already addressed these issues in the first motion for attorneys' fees. To the extent any of the motions filed with respect to the pretrial stipulation or the discovery disputes were not 100 percent successful, these motions played a critical role in the litigation or went to a central issue in dispute. As explained in *L.H. v. Schwarzenegger*, 645 F.Supp.2d 888, 897 (E.D. Cal. 2009), a "prevailing party may recover fees for aspects of the litigation for which it was unsuccessful. *Gates* [*v. Deukmejian*], 987 F.2d 1392, 1404 (9th Cir. 1992). As the Supreme Court observed, 'Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee.' *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933. Instead, the court should consider the reasonableness of seeking fees for failed motions in terms of how it reflects the results obtained by the prevailing party. *Blum*, 465 U.S. at 900, 104 S.Ct. 1541; *Gates*, 987 F.2d at 1404."

Furthermore, with regard to block-billing, the County fails to specifically identify the hours that should be deducted for block-billing. Regarding duplicative work, the Court did not ask the Plaintiff in its first order to remove what the County deems duplicative work. The Court will not entertain those arguments again at this stage.

    IV.    **Lodestar Enhancement (Multiplier)**

The elements courts must analyze when determining whether a multiplier is proper are well-established and are summarized in the Order. "A lodestar may be adjusted upwards from 1.0 based on: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitation imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and abilities of the attorneys; (10) the 'undesirability' of the case; (11) the

                                                                                                                                         :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

nature and length of the professional relationship with the client; and (12) awards in similar cases." Dkt 323, p. 21. None of these factors apply in the case at bar.

    a. **No Special Time or Labor Was Required**

This case did not require any excessive expenditure of time and/or labor beyond the norm. Plaintiff does not argue otherwise in her Renewed Motion, and the Court has already ruled this was a straightforward case and "[t]here was no extraordinary use of time or limitations imposed by the circumstances of this case. Other attorneys who work with similar civil rights claims could also have taken on this case without much other necessary expertise." *Id.* This Court also pointed out the procedural history of the litigation did not involve difficult discovery, complex motions, or other circumstances that would have increased the time or labor required of plaintiff's counsel. This case involved "relatively minimal discovery disputes, a single motion for summary judgment—which was renewed—and a trial that lasted less than a week." *Id.* at 23.

Plaintiff certainly has not produced "specific evidence" showing any extraordinary investment of time or labor that would elevate this case into the realm of "'rare' and 'exceptional' cases" that warrant application of a multiplier. *Del. Valley, supra,* 478 U.S. at 565-566.

    b. **This Case Did Not Present any Novel or Difficult Questions**

Plaintiff does not claim in her Renewed Motion that this case involved any novel or difficult issues. And this Court has already ruled the case did not. "The legal principles were not particularly complicated, novel, or difficult. While some *Monell* cases can be difficult, that was not one of those cases. Plaintiff had a clear policy at issue here, unlike many *Monell* cases where the Plaintiff must first deal with the difficult question of whether the alleged pattern or practice even amounts to a policy at all. Here, Plaintiff also had multiple witnesses from the County, such as Sgt. Asuncion, who testified about what exactly the policy prevented them from doing." Dkt. 323, p. 21.

    c. **No Special Skill Was Required to Perform Legal Services**

Because this case did not involve any novel or difficult issues or any exceptional time or labor, it stands to reason the case also did not require any special or extraordinary skill in order to perform the requisite legal services. "Other attorneys who work with similar civil rights claims could also have taken

                                                                                                                  :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

on this case without much other necessary expertise." Dkt 323, p. 22. "The Court does not see any evidence of critical maneuvering or insight by Plaintiff's counsel that would amount to rare and exceptional work." *Id*. None of plaintiff's attorneys submitted any evidence they have experience in section 1983 cases involving *Monell* claims or civil rights violations involving sexual assault or rape.

Plaintiff contends the Court may consider "the experience, reputation, and ability of the attorneys," and that "the team of attorneys representing Plaintiff Alexa Curtin consists of highly experienced lawyers who have devoted most of their careers to representing tort victims such as plaintiff." Dkt. 324, p. 7. The Court already ruled that Plaintiff's counsel did not need special experience, reputation or skill in this matter. Dkt 323, p. 21.

### d. Plaintiff Has Not Shown Any Evidence Her Attorneys Had to Forego Other Employment to Handle This Case

Plaintiff bears the burden of introducing "specific evidence" that a multiplier is warranted. Gates, supra, 987 F.2d at 1403. Plaintiff argues, without any support, that her attorneys "were required to devote much of their attention to this action in the weeks leading up to trial and during the trial," which purportedly "prevented them from being able to work on other matters." Dkt. 324, p. 10. "Plaintiffs' counsel fails to identify any opportunities they were precluded from accepting (by this action) and, therefore, no adjustment has been made for preclusion." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, No. CV 04-9396 CBM (JTLx), 2006 U.S. Dist. LEXIS 95610, at *26 (C.D. Cal. Dec. 12, 2006). None of the declarations from plaintiff's counsel meets the standard of showing "specific evidence" justifying a multiplier.

Plaintiff claims that her attorneys were required to dedicate much of their attention to this action in the weeks leading up to trial and during the trial and this also prevented them from being able to work on other matters. Under Plaintiff's argument, any case going to trial would require a lodestar multiplier, which is not supported by the caselaw.

### e. Plaintiff Provide no Evidence of the Customary Fee

Plaintiff offers no evidence whatsoever, much less specific evidence, of a customary multiplier. None of the declarations cite multipliers that have customarily been awarded in other cases, and other cases would inapposite here regardless since this case was not particularly complicated or novel.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

    **f. Whether the Fee is Fixed or Contingent is Irrelevant Here**

Plaintiff offers no evidence regarding this factor.

    **g. The Court Already Found No Time Limitations**

Plaintiff makes no attempt to claim or argue the fee should be enhanced due to any special time limitations. And she could not make such claim because the Court already found otherwise. "There was no extraordinary use of time or limitations imposed by the circumstances in this case." Dkt. 323, pp. 21-22.

    **h. Plaintiff Does Not Argue The Amount Involved Justifies a Multiplier, and This Factor Does Not Apply on These Facts**

This factor has been used to support a multiplier when the plaintiff recovers more than they sought at trial. *Harper v. City of L.A.*, No. SACV 03-959 CJC (PJWx), 2006 U.S. Dist. LEXIS 101235, at *12 (C.D. Cal. May 16, 2006). Plaintiff's counsel requested $40 million in closing argument but the jury's verdict was $2.25 million—less than 6% of what plaintiff sought. Nothing in either Plaintiff's initial fee motion or her Renewed Motion provides evidence the amount involved in this case warrants a multiplier or enhancement.

    **i. The Experience of Plaintiff's Counsel is Irrelevant in Light of the Court's Finding This Case was Not Novel, Difficult or Complex and that No Special Skill was Required of Counsel**

"Courts should only award multipliers for exceptional representation when the quality of representation exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience." *Perez v. Safety-Kleen Sys.*, No. C 05-5338 PJH, 2010 U.S. Dist. LEXIS 23612, at *28 (N.D. Cal. Mar. 15, 2010). When a plaintiff obtains a more favorable result than anticipated, it could be due to counsel's experience but it might also be attributable to "unexpectedly favorable rulings by the court, an unexpectedly sympathetic jury, or simple luck. Since none of these latter causes can justify an enhanced award, superior results are relevant only to the extent it can be shown that they are the result of superior attorney performance." *Perdue*, supra, 559 U.S. at 554. This

                                                                                                                                :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

Court has already determined other civil rights attorneys with the same experience as plaintiff's counsel "could also have taken on this case without much other necessary expertise." Dkt. 323, p. 22.

### j. The Desirability of This Case Does Not Warrant a Fee Enhancement

Plaintiff does not address this factor in her motion.

### k. Nature and Length of the Relationship Is Irrelevant here

This factor may justify a multiplier where attorneys, due to a lengthy professional relationship with a client, charge the client a lower fee than they would ordinarily charge a new client. *Bayless v. Irv Leopold Imps., Inc.*, 659 F. Supp. 942, 945 (D. Or. 1987). There is no evidence of that in the case at bar. In fact, the evidence shows that Plaintiff had no pre-existing relationship with any of her attorneys until she retained them for purposes of this action.

### l. No Evidence of Awards in Similar Case

Neither plaintiff's original fee motion nor her Renewed Motion contain any evidence that multipliers or enhancements were awarded in any similar case. Plaintiff cites *Moore v. Brunner*, 2010 WL 317017 (S.D.Ohio 2010), which was brought by minor political parties seeking an injunction ordering the Ohio secretary of state to put the parties' candidates on the ballot for the impending general election. This Court has already pointed out similar cases would necessarily "involve *Monell* claims or civil rights violations involving sexual assault or rape." Dkt. 323, pp. 19-20.

### m. Other Factors

Plaintiff notes that courts may consider factors not accounted for by the lodestar calculation in enhancing or reducing the award. *Perdue v. Kenny A. ex rel. Winn*, 559 US 542, 554-555 (2010). The Plaintiff claims the impact of the verdict on the community is one such factor. Plaintiff provides evidence from news articles that other women "across the state have found the courage" to report sexual assaults. There is no actual evidence of that outside of the article.

Accordingly, the Court denies Plaintiff's request for a multiplier.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:16-cv-00591-SVW-PLA | Date | April 13, 2018 |
|---|---|---|---|
| Title | *Alexa Curtin v. County of Orange, et al.* | | |

### V.   CONCLUSION

The Court DENIES Plaintiff's request for a lodestar multiplier. The Court GRANTS the remainder of Plaintiff's motion and awards Plaintiff attorneys' fees of $668,559.50.

Initials of Preparer    PMC